John J. Nelson (SBN 317598)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
401 W. Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941
Email: jnelson@milberg.com

*Additional Counsel on Signature Page*

*Attorneys for Plaintiff in C.M. Action*

Alan M. Mansfield (SBN: 125998)
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400
San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048
Email: amansfield@whatleykallas.com

*Additional Counsel on Signature Page*

*Attorneys for Plaintiff In Doe Action*

Daniel O. Herrera (*pro hac vice anticipated*)
CAFFERTY CLOBES
MERIWETHER & SPRENGEL LLP
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
Email: DHerrera@caffertyclobes.com

*Additional Counsel on Signature Page*

*Attorneys for Plaintiff in the R.S. Action*

STEPHEN R. BASSER (121590)
BARRACK, RODOS & BACINE
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Phone: (619) 230–0800
Fax: (619) 230–1874
Email: sbasser@barrack.com

*Additional Counsel on Signature Page*

*Attorneys for Plaintiffs in the V.K. Action*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To:

All Cases/

**Master File No. 3:23-cv-01033-RS**

**C.M. PLAINTIFFS OPPOSITION TO PLAINTIFFS JANE DOE I AND JANE DOE II'S ADMINISTRATIVE MOTION TO STRIKE DOCUMENTS FILED AT DKT. 53 THROUGH 53-4 (PLAINTIFFS' SECOND AMENDED MOTION TO APPOINT PLAINTIFFS' LEADERSHIP STRUCTURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF)**

## I. INTRODUCTION

Plaintiffs John Doe I and John Doe II (the "Doe I Plaintiffs") have filed a motion improperly styled as an "administrative motion" that is not an administrative motion at all, as it seeks a drastic and draconian remedy that would not benefit the class they claim they want to represent – to strike a competing leadership application because it contained a formatting error and was filed ninety-four minutes late.[1] As discussed herein, the motion is unnecessary, a waste of the Court's and the parties' resources, and amounts to nothing more than a game of "gotcha," so the Doe I Plaintiffs can gain some self-perceived strategic advantage in the leadership dispute before the Court.[2].

Even if their Motion were styled properly, the inadvertent technical and procedural errors identified by Doe I Plaintiffs do not warrant the relief requested. C.M. Plaintiffs' filing of a slightly overlength brief was based on a simple text formatting error – due to incorrect spacing, the Application included only 23 lines of text per page rather than the 28 permitted by the Northern District of California's Local Rules. When reformatted, C.M. Plaintiffs' filing meets the Court's page limitations with no text changes whatsoever and still complies with the Local Rules. Counsel for the C.M. Plaintiffs explained this error to Doe I Plaintiffs' Counsel before the Motion was filed, implored the Doe I Plaintiffs not to burden the Court with unnecessary motion practice that would only waste resources and would not benefit the class whatsoever, and even offered to refile the reformatted Application with no text changes to assuage Doe I Plaintiffs' concern. This offer was ignored.[3] The second ground for the Motion to Strike is that the Application was filed at 6:34 p.m., ninety-four minutes late. While an unfortunate mistake, this inadvertent late filing has caused no prejudice to the Doe I Plaintiffs or to any other party in this action. During the meet and confer process with the Doe I Plaintiffs, Counsel for the C.M. Action explained the events leading up to the late filing and, significantly, that no changes were made to the Application by any attorney after 3:31 p.m. Thus, there was no bad faith or prejudice, as no competing application was reviewed prior to the filing of the Application, and no tactical advantage was sought or gained by the ninety-four-

[1] Specifically, the Doe I Plaintiffs seek to strike the application filed by Plaintiffs C.M., Jane Doe, V.K., T.R., J.S., and R.S. (Dkt. 53) and documents filed in support of that motion (Dkt. 53-1 through 53-4) (hereinafter referred to as "Application.")

[3] *See* Declaration of John J. Nelson ("Nelson Decl.") filed in Support of this Opposition, ¶¶ 9-11.

minute filing delay.[4]

As the Court stated in *Westron v. Zoom Video Commc'ns, Inc*., No. 22-CV-03147-YGR, 2023 WL 3149262, at *1 (N.D. Cal. Feb. 15, 2023), "Parties are counseled not to over-litigate, especially in districts which are in judicial emergencies and where the motion does not significantly promote resolution of the action," and, "given their disfavored status, courts often require a show of prejudice by the moving party before granting a motion to strike." *Id*. (citing Charles Wright & Arthur Miller, Federal Practice & Procedure § 1381 (listing cases).) Yet utterly lacking from the Doe I Plaintiffs' Motion to Strike is even a basic showing of how Doe I Plaintiffs were impacted in any way by a brief that was formatted incorrectly (but still within the amount of text allotted to each party and that they now do not oppose filing) and inadvertently filed late. Indeed, Doe I Plaintiffs' Motion does not even complain of prejudice; rather, it merely identifies technical errors. Because the Court's Order does not allow for written responses or oral argument unless they are deemed necessary by the Court, the Doe I Plaintiffs have not been deprived of any time to respond to the C.M. Plaintiffs' Application.

The Doe I Plaintiffs are engaging in a transparent attempt to capitalize on a non-prejudicial timing error and have refused to withdraw their "overlength" objection to the Application despite the fact that the Application is not overlength, despite Counsel for C.M. Plaintiffs' attempts to cooperatively meet and confer to avoid what is obviously unnecessary motion practice, and despite the fact that same counsel is not opposing an application (filed concurrently herewith) to file the reformatted brief, which would have addressed one of the two bases for their own motion had they accepted the earlier before rushing to the courthouse. As their purported grounds are not the proper basis for a motion to strike, let alone an administrative motion, their Motion should be denied.

## II. <u>ARGUMENT</u>

The issue presented is not the proper subject of an administrative motion. *See* Local Rule 7-11 (describing appropriate types of administrative relief, such as motions to exceed page limits or file documents under seal). Doe I Plaintiffs have not raised some ministerial issue such as a page length extension, but rather seek to strike a competing leadership application as part of the Court's

[4] *See* Nelson Decl. ¶¶ 2-4.

determination of who will represent the putative class on an interim basis pursuant to Fed. R. Civ. Proc. 23(g). Critically two judges in this District have previously held that "A motion to strike is not appropriately filed and decided as an administrative motion." *United States of America v. $209,815 in United States Currency*, No. 3:14-cv-00780-SC, * 1 (N.D. Cal. August 6, 2014) (Denying motion to strike styled as administrative motion under L.R. 7-11); *Tessera, Inc. v Toshiba Corp.*, No. 15-cv-02543-BLF, *2 (N.D. Cal. August, 8, 2016) (same).

More substantively, motions to strike are disfavored because, as here, they are often used contrary to their intended purpose of "secur[ing] the just, speedy, and inexpensive determination" of proceedings. *Gold Club-SF, LLC v. Platinum SJ Enter.*, No. 13-CV-03797-WHO, 2013 WL 6248475, at *3 (N.D. Cal. Dec. 3, 2013).(quoting Fed. R. Civ. P. 1). With regard to C.M. Plaintiffs' Application being overlength, as described above and in the Declaration of John J. Nelson, the final version of the Application had a change in formatting, such that only 23 lines of text appeared on each page rather than the 28 lines per page allowed by L.R. 3-4(c)(2). *Id.* ¶ 9. After Doe I Plaintiffs raised their concern during a meet and confer discussion at 10 a.m. on June 6, 2023, that the Application was overlength, the C.M. Plaintiffs examined the Application and confirmed that, when reformatted (while still in compliance with L.R. 3-4(c)(2)), the brief with all of its original text was within the ten-page limit set by the Court. *Id.* ¶¶ 9-10. A copy of that reformatted brief is attached to the Nelson Decl. as Ex. 1.

At 1:29 p.m., Plaintiffs for C.M. emailed Doe I Plaintiffs a redlined copy of the reformatted Application, explaining the issue was merely a formatting error, that the brief was within the Court's parameters, and that C.M. Plaintiffs did not use any more text than that allotted to Doe I Plaintiffs. The C.M. Plaintiffs did not gain any advantage from submitting papers formatted differently than the 28 lines allowed by the Local Rules. *Id.* ¶¶ 9-11. The C.M. Plaintiffs asked if their refiling of the reformatted brief would address Doe I Plaintiffs' concerns and relieve the Court of the burden of intervening in this dispute. *Id.* However, rather than work to address this non-substantive formatting issue, the Doe I Plaintiffs provided no response and instead filed the "administrative" motion forty-seven minutes later, and now do not oppose the filing of the reformatted brief. *Id.* ¶ 11. Doe I Plaintiffs do not and cannot identify any way in which they have been injured (or require

relief) as a result of the formatting issue.

C.M. Plaintiffs' late filing of the Application also did not cause Doe I Plaintiffs any prejudice and was not the result of bad faith nor an attempt to gain an advantage or intentionally disregard an Order of the Court. On May 30, 2023, counsel for Plaintiff C.M. finalized and approved the Application. *See Id*. ¶ 2. At 3:31 p.m. PT, the Application was sent to staff for filing. *Id*. The only revisions made thereafter were to conform the tables to the appropriate page numbers and to convert the brief to PDF format. *Id*. ¶ 3. Counsel for C.M. did not revise the Application after 3:31 p.m. and did not review Doe I Plaintiffs' leadership application papers prior to filing. Id. ¶ 3-4. However, because the assigned paralegal was unable to immediately attend to the filing, the Application was filed ninety-four minutes after the 5:00 p.m deadline set by the Court. *Id*. ¶ 5. All of this was conveyed to the Doe I Plaintiffs prior to their filing of this motion, yet this explanation was ignored. *Id*. ¶ 8.

C.M. Plaintiffs' inadvertently delayed filing was the result of harmless error that has caused no prejudice to Doe I Plaintiffs. In a related context, Fed. R. Civ. P. 6(b) allows the Court, on a showing of good cause, to extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect."[5] Excusable neglect is a broad concept and should be applied permissively, as it is "a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391–92 (1993). The Supreme Court has designated four factors for determining when a late filing may constitute "excusable neglect," including: "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id.*; *see also* C. Wright, A. Miller, M. Kane, *Federal Practice and Procedure* § 1165 (2d ed.1986) (application for enlargement of time "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.").

---

[5] To the extent the Court believes it cannot rule on the timeliness issue in the absence of an affirmative motion filed by C.M. Plaintiffs under Rule 6(b), C.M. Plaintiffs are prepared to file such a motion if deemed necessary by the Court.

Each of the four factors for finding neglect "excusable" weighs in favor of not striking C.M. Plaintiffs' Application for being filed ninety-four minutes late. As noted above, there is no prejudice to Doe I Plaintiffs or any other applicant.[6] No responses to the leadership applications are permitted and the Court has not set a hearing on the leadership applications. Doe I Plaintiffs waited nearly a week before even raising the issue with counsel for C.M. Plaintiffs and failed to identify any prejudice when asked during the parties' meet and confer. Nelson Decl. ¶ 8. In addition, the ninety-four-minute delay is much shorter than delays that other courts have excused in refusing to strike late-filed papers. *See, e.g., Ortiz v. Walmart, Inc.*, No. 20-CV-02219-GPC(AGS), 2021 WL 2939815, at *2 (S.D. Cal. July 13, 2021) (denying motion to strike amended complaint filed one month late).[7] The delay in filing was caused by inadvertence and C.M. Plaintiffs acted in good faith. *See Bee, Denning, Inc. v. Cap. All. Grp.*, 310 F.R.D. 614, 622 (S.D. Cal. 2015) (denying a motion to strike a revised pleading submitted after the deadline because it did not constitute bad faith and did not impact the substance of Defendants' response).

## III. CONCLUSION

C.M. Plaintiffs request the Court deny the drastic remedy sought by Doe I Plaintiffs in their Administrative Motion to Strike.

Dated: June 8, 2023

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLC

By: */s/ John J. Nelson*

John J. Nelson (SBN 317598)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC
401 W. Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941
Fax: (865) 522-0049

[6] Indeed, counsel for Plaintiff L.M. confirmed she has no objection to the Application filed by the C.M. Plaintiffs on the grounds that it was formatted incorrectly or filed after the deadline. In other words, 5 out of 6 cases in this consolidated action take no issue with the filing. The lone case which is still raising the timing issue is the Doe I Plaintiffs. Nelson Decl. ¶ 15.

[7] The lone unpublished case to which Doe I Plaintiffs cite in support of their Motion does not supply a basis to grant the drastic relief sought. See Nelson Decl. Ex. 2 pp. 3-4, Ex. 3 pp. 4-5. That opinion relied on the non-moving party's failure to meet and confer prior to moving for summary judgment, which the moving party then sought to strike as untimely. The motion to strike was granted without prejudice and the non-moving party was subsequently granted leave to enlarge the deadlines and refile its motion. *Id*.

Email: jnelson@milberg.com

Gary. M. Klinger (PHV Application granted)
Glen L. Abramson (PHV Application granted)
Alexandra M. Honeycutt (PHV Application forthcoming)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com
gabramson@milberg.com
ahoneycutt@milberg.com

***Attorneys for Plaintiff in the C.M. Action***

Alan M. Mansfield (SBN 125998)
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor, PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Dr., Ste. 400
San Diego, CA, 92127
Phone: (619) 308-5034
Fax: (888) 341-5048
amansfield@whatleykallas.com

April M. Strauss (SBN 163327)
APRIL M. STRAUSS, APC
2500 Hospital Drive, Bldg 3
Mountain View, CA 94040
Phone: (650) 281-7081
Email: astrauss@sfaclp.com

William J. Doyle (SBN 188069)
Chris W. Cantrell (SBN 209874)
DOYLE APC
550 West B St, 4th Floor
San Diego, CA 92101
Phone: (800) 736-9085
(619) 736-0000
Email: bill@doyleapc.com
chris@doyleapc.com

***Attorneys for Plaintiff in the Doe I Action***

STEPHEN R. BASSER
SAMUEL M. WARD
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101
sbasser@barrack.com
sward@barrack.com
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

Andrew J. Heo*
BARRACK, RODOS & BACINE
2001 Market Street, Ste. 3300
Philadelphia, PA 19103
Telephone.: (215) 963-0600
Facsimile: (215) 963-0838
aheo@barrack.com

John G. Emerson*
EMERSON FIRM, PLLC
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Facsimile: (501) 286-4659

***Attorneys for Plaintiff in the V.K. Action***

Daniel O. Herrera (*pro hac vice anticipated*)
CAFFERTY CLOBES
MERIWETHER & SPRENGEL LLP
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
Email: DHerrera@caffertyclobes.com

***Attorneys for Plaintiff in the R.S. Action***