QUYEN L. TA (SBN 229956)
qta@kslaw.com
**KING & SPALDING LLP**
50 California Street
Suite 3300
San Francisco, CA 94111
Telephone:     +1 (415) 318-1200
Facsimile:      +1 (415) 318-1300

LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
jhammer@kslaw.com
JAMES A. UNGER (SBN 325115)
junger@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone:     +1 (213) 443-4355
Facsimile:      +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**<br><br>This Document Relates To:<br><br>All Cases/ | Case No. 3:23-cv-01033-RS<br><br>**DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT (FRCP 12(b)(1) & 12(b)(6))**<br><br>[Filed concurrently with Motion to Stay Plaintiffs' Consolidated Class Action Complaint]<br><br>Date:  May 9, 2024<br>Time: 1:30 p.m.<br>Courtroom: 3 - 17th Floor<br>Judge:  Hon. Richard J. Seeborg |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND ...............................................................................................................2

    A. BETTERHELP AND ITS ALLEGED MARKETING PRACTICES....................2

    B. PLAINTIFFS ................................................................................................................3

    C. THE FTC CONSENT ORDER AND PLAINTIFFS' COMPLAINT ....................3

III. LEGAL STANDARD .......................................................................................................4

IV. ARGUMENT .....................................................................................................................4

    A. PLAINTIFFS HAVE FAILED TO ESTABLISH STANDING.............................4

        1. Plaintiffs Lack Standing to Seek Injunctive and Declaratory Relief ................4

        2. Plaintiffs Lack Statutory Standing for the UCL, FAL, and CLRA Claims
        (Counts IX, X, and XV) .........................................................................................5

    B. PLAINTIFFS' CLAIMS FAIL FOR ADDITIONAL REASONS .........................7

        1. Plaintiffs' Common Law Privacy Claims Fail (Count II and XI)......................7

        2. Plaintiffs Fail to State a Claim Under the CMIA (Count XII)...........................9

            a. BetterHelp Is Not a "Provider of Healthcare".......................................9

            b. BetterHelp Did Not Disclose "Medical Information" ..........................10

            c. No Person Viewed Plaintiffs' "Medical Information".........................11

        3. Plaintiffs Fail to State a Claim Under the CIPA (Count VIII)........................11

        4. Plaintiffs Fail to State a Claim Under the ECPA (Count VII).........................14

        5. Plaintiffs Fail to State a Claim Under the CCPA (Count XIII) .......................15

        6. Plaintiffs Fail to State a Claim Under the CDAFA (Count XIV)....................16

        7. Plaintiffs' Breach of Confidence Claim Fails (Count V)..................................18

        8. Plaintiffs' UCL Claim Fails (Count IV) ...........................................................19

            a. Plaintiffs Fail to Allege They Lack an Adequate Remedy at Law .......19

            b. Plaintiffs Fail to Allege Any Unlawful or Unfair Conduct..................19

            c. Plaintiffs Cannot Seek Any Relief Under the UCL .............................20

1

d.  The UCL Cannot Be Applied Extraterritorially....................................20

9.  Plaintiffs' False Advertising Claim Fails (Count IX) .......................................21

10.  Plaintiffs' CLRA Claim Fails (Count X) ........................................................22

11. Plaintiffs Fail to State a Claim for Negligence (Count I) ...............................23

12.  Plaintiffs' Claims for Breach of Contract and Implied Contract Fail (Counts III and IV) .............................................................................................................24

13.  Plaintiffs Fail to State a Claim for Unjust Enrichment (Count XIII)...............25

V.     CONCLUSION...........................................................................................................25

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Adler v. Community.com, Inc.*,
5
    No. 2:21-CV-02416-SB-JPR, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) .........................13

6

*Allen v. Novant Health, Inc.*,
    No. 1:22-CV-697, 2023 WL 5486240 (M.D.N.C. Aug. 24, 2023)...........................................8
7

*In re Apple Processor Litig.*,
8
    No. 18-CV-00147-EJD, 2022 WL 2064975 (N.D. Cal. June 8, 2022)....................................25

9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................................4
10

*Aton Ctr., Inc. v. United Healthcare Ins. Co.*,
11
    311 Cal. Rptr. 3d 564 (Cal. Ct. App. 2023)..........................................................................24

12

*Avila v. Countrywide Home Loans*,
13
    No. 10-CV-05485-LHK, 2010 WL 5071714 (N.D. Cal. Dec. 7, 2010) ................................20

14

*Backhaut v. Apple, Inc.*,
15
    74 F. Supp. 3d 1033 (N.D. Cal. 2014) ..................................................................................19

16

*Balzer v. Wal-Mart Stores, Inc.*,
    No. CV 14-9779-JFW, 2015 WL 13828418 (C.D. Cal. Feb. 25, 2015)................................21
17

*Barbour v. John Muir Health*,
18
    No. C22-01693, 2023 WL 2618967 (Cal. Super. Ct. Jan. 5, 2023)..................................11, 13

19

*Bass v. Facebook, Inc.*,
20
    394 F. Supp. 3d 1024 (N.D. Cal. 2019) ..................................................................................6

21

*Bautista v. Valero Mktg. & Supply Co.*,
    No. 15-CV-05557-RS, 2018 WL 11356583 (N.D. Cal. Dec. 4, 2018)................................4, 5
22

*Bautista v. Valero Mktg. & Supply Co.*,
23
    No. 15-CV-05557-RS, 2019 WL 13170998 (N.D. Cal. Feb. 6, 2019) ....................................5

24

*Berkla v. Corel Corp.*,
    302 F.3d 909 (9th Cir. 2002) ................................................................................................18
25

*Bower v. AT&T Mobility, LLC*,
26
    127 Cal. Rptr. 3d 569 (Cal. Ct. App. 2011) ............................................................................7

27

*Byars v. Goodyear Tire & Rubber Co.*,
28
    654 F. Supp. 3d 1020 (C.D. Cal. 2023) ................................................................................12

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

*Cahill v. Liberty Mut. Ins. Co.*,
80 F.3d 336 (9th Cir. 1996) ....................................................................................................2

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
973 P.2d 527 (Cal. 1999) ......................................................................................................20

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010) ................................................................................................4

*Colgan v. Leatherman Tool Grp., Inc.*,
38 Cal. Rptr. 3d 36 (Cal. Ct. App. 2006) ..............................................................................20

*Cottle v. Plaid Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) ...................................................................................17

*Cousin v. Sharp Healthcare*,
No. 22-CV-2040-MMA (DDL), 2023 WL 4484441 (S.D. Cal. July 12, 2023) ....................13

*Crowley v. CyberSource Corp.*,
166 F. Supp. 2d 1263 (N.D. Cal. 2001) .................................................................................14

*Custom Packaging Supply, Inc. v. Phillips*,
No. 2:15-CV-04584-ODW-AGR, 2015 WL 8334793 (C.D. Cal. Dec. 7, 2015) ...................16

*Day v. GEICO Cas. Co.*,
580 F. Supp. 3d 830 (N.D. Cal. 2022) ...................................................................................25

*Debono v. Cerebral Inc.*,
No. 22-CV-03378-AGT, 2023 WL 300141 (N.D. Cal. Jan. 18, 2023) .............................21, 22

*Dent v. Nat'l Football League*,
902 F.3d 1109 (9th Cir. 2018) ..............................................................................................24

*Diamond Multimedia Sys., Inc. v. Super. Ct.*,
968 P.2d 539 (Cal. 1999) ......................................................................................................14

*Doe v. Meta Platforms, Inc.*,
No. 22-CV-03580-WHO, 2023 WL 5837443 (N.D. Cal. Sept. 7, 2023) ..............................24

*Eisenhower Med. Ctr. v. Super. Ct.*,
172 Cal. Rptr. 3d 165 (Cal. Ct. App. 2014) ..........................................................................11

*Erhart v. BofI Holding, Inc.*,
269 F. Supp. 3d 1059 (S.D. Cal. 2017) ..................................................................................10

*Evan F. v. Hughson United Methodist Church*,
10 Cal. Rptr. 2d 748 (Cal. Ct. App. 1992) ............................................................................23

*In re Facebook Internet Tracking Litig.*,
140 F. Supp. 3d 922 (N.D. Cal. 2015) .....................................................................................6

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

*In re Facebook Priv. Litig.*,
 791 F. Supp. 2d 705 (N.D. Cal. 2011) ..............................................................17, 18

*In re Facebook, Inc. Internet Tracking Litig.*,
 956 F.3d 589 (9th Cir. 2020) .........................................................................................7

*Faris v. Engberg*,
 158 Cal. Rptr. 704 (Cal. Ct. App. 1979) ................................................................18, 19

*Flores-Mendez v. Zoosk, Inc.*,
 No. C 20-04929 WHA, 2021 WL 4553772 (N.D. Cal. Oct. 5, 2021) ......................6

*Freeman v. ABC Legal Servs., Inc.*,
 877 F. Supp. 2d 919 (N.D. Cal. 2012) ........................................................................20

*Friedman v. DirecTV*,
 262 F. Supp. 3d 1000 (C.D. Cal. 2015) ......................................................................18

*Garcia v. Build.com, Inc.*,
 No. 22-CV-01985-DMS-KSC, 2023 WL 4535531 (S.D. Cal. July 13, 2023) ........13

*Gardiner v. Walmart, Inc.*,
 No. 20-CV-04618-JSW, 2021 WL 2520103 (N.D. Cal. Mar. 5, 2021)..............6, 7, 23, 24

*Gershfeld v. Teamviewer US, Inc.*,
 No. SACV 21-00058-CJC(ADSx), 2021 WL 3046775......................................................16

*In re Google Android Consumer Priv. Litig.*,
 No. 11-MD-02264 JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ..............23

*In re Google Inc. Gmail Litig.*,
 2014 WL 1102660 (N.D. Cal. Mar. 18, 2014).............................................................15

*In re Google, Inc. Priv. Pol'y Litig.*,
 No. 5:12-CV-001382-PSG, 2015 WL 4317479 (N.D. Cal. July 15, 2015).............8

*Graham v. Noom, Inc.*,
 533 F. Supp. 3d 823 (N.D. Cal. 2021) ........................................................................12

*Greystone Homes, Inc. v. Midtec, Inc.*,
 86 Cal. Rptr. 3d 196 (Cal. Ct. App. 2008)..................................................................24

*Gustafson v. BAC Home Loans Servicing, LP*,
 294 F.R.D. 529 (C.D. Cal. 2013) .................................................................................14

*Hammerling v. Google LLC*,
 615 F. Supp. 3d. 1069 (N.D. Cal. 2022) .......................................................................9

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

*Hayden v. Retail Equation, Inc.*,
    No. 8:20-CV-01203-DOC-DFM, 2022 WL 18397355 (C.D. Cal. Nov. 28,
    2022) ...............................................................................................................................14

*Hayden v. Retail Equation Inc.*,
    No. SACV 20-01203-DOC-DFM, 2023 WL 2629885 (C.D. Cal. Mar. 2, 2023) ..................19

*Hazel v. Prudential Fin., Inc.*,
    No. 22-CV-07465-CRB, 2023 WL 3933073 (N.D. Cal. June 9, 2023)....................................6

*Hernandez v. Hillsides, Inc.*,
    211 P.3d 1063 (Cal. 2009) ......................................................................................................7

*Hill v. Nat'l Collegiate Athletic Ass'n*,
    7 865 P.2d 633 (Cal. 1994) .....................................................................................................7

*hiQ Labs, Inc. v. LinkedIn Corp.*,
    31 F.4th 1180 (9th Cir. 2022) ...............................................................................................16

*Hodge v. Super. Ct.*,
    51 Cal. Rptr. 3d 519 (Cal. Ct. App. 2006) ...........................................................................19

*Hodsdon v. Mars, Inc.*,
    891 F.3d 857 (9th Cir. 2018) ................................................................................................20

*Hyunh v. Quora, Inc.*,
    No. 18-CV-07597-BLF, 2019 WL 11502875 (N.D. Cal. Dec. 19, 2019) ..............................18

*I.C. v. Zynga, Inc.*,
    600 F. Supp. 3d 1034 (N.D. Cal. 2022) ..................................................................................5

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ...........................................................................9, 23

*In re iPhone Application Litig.*,
    No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)....................6, 17, 23

*Javier v. Assurance IQ, LLC*,
    2022 WL 1744107 (9th Cir. May 31, 2022) .........................................................................12

*Johnson v. Honeywell Int'l Inc.*,
    101 Cal. Rptr. 3d 726 (Cal. Ct. App. 2009) .........................................................................24

*Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys., Inc.*,
    315 F. App'x 603 (9th Cir. 2008) .........................................................................................23

*Konop v. Hawaiian Airlines, Inc.*,
    302 F.3d 868 (9th Cir. 2002) ................................................................................................15

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

*Kurowski v. Rush Sys. for Health*,
659 F. Supp. 3d 931 (N.D. Ill. 2023) ....................................................8

*Kwikset Corp. v. Super. Ct.*,
246 P.3d 877 (Cal. 2011) ...........................................................19, 21

*LeBrun v. CBS Television Studios, Inc.*,
283 Cal. Rptr. 3d 260 (Cal. Ct. App. 2021) .................................25

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F. Supp. 3d 1072 (C.D. Cal. 2023) ........................................12

*Licea v. Old Navy, LLC*,
669 F. Supp. 3d 941 (C.D. Cal. 2023) ..........................................12

*Licea v. Vitacost.com, Inc.*,
No. 22-CV-1854-RSH-WVG, 2023 WL 5086893 (S.D. Cal. July 24, 2023) .......................12

*Lit'l Pepper Gourmet, Inc. v. Airgas USA, LLC*,
2019 WL 6218780 (S.D. Cal. Nov. 21, 2019) ...............................21

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ..........................................9

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021) .........................................11

*McCoy v. Alphabet, Inc.*,
No. 20-CV-05427-SVK, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021) ..................16

*McKinnon v. Dollar Thrifty Auto. Grp., Inc.*,
No. 12-4457 SC, 2013 WL 791457 (N.D. Cal. Mar. 4, 2013) .................22

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) ..........................................13

*Meta Platforms, Inc. v. BrandTotal Ltd.*,
605 F. Supp. 3d 1218 (N.D. Cal. 2022) ........................................16

*Meyer v. Sprint Spectrum L.P.*,
200 P.3d 295 (Cal. 2000) ..............................................................6

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
No. CV 1202943, 2013 WL 12114762 (C.D. Cal. Oct. 8, 2013) ...........24

*Moore v. Rodriguez*,
No. 20-CV-01481-BAS-BGS, 2021 WL 2222590 (S.D. Cal. June 2, 2021) ............8

*Myers v. Philip Morris Cos., Inc.*,
50 P.3d 751 (Cal. 2002) ................................................................9

vii

*Nguyen v. Stephens Inst.*,
    529 F. Supp. 3d 1047 (N.D. Cal. 2021) ...................................................................25

*Norwest Mortg., Inc. v. Super. Ct.*,
    85 Cal. Rptr. 2d 18 (Cal. Ct. App. 1999) ................................................................21

*NovelPoster v. Javitch Canfield Grp.*,
    140 F. Supp. 3d 938 (N.D. Cal. 2014) ....................................................................17

*Oddei v. ScanSTAT Techs., LLC*,
    No. 22-55035, 2022 WL 17538747 (9th Cir. Dec. 8, 2022)....................................10

*Otashe Golden, M.D. v. Sound Inpatient Physicians Med. Grp., Inc.*,
    No. 14-CV-00497-TLN-EFB, 2015 WL 8539034 (E.D. Cal. Dec. 10, 2015) .......22

*Ott v. Alfa-Laval Agri, Inc.*,
    37 Cal. Rptr. 2d 790 (Cal. Ct. App. 1995) ..............................................................24

*People v. Perez*,
    113 P.3d 100 (Cal. 2005) .........................................................................................13

*Reid v. Johnson & Johnson*,
    780 F.3d 952 (9th Cir. 2015) .....................................................................................6

*Rogers v. Ulrich*,
    125 Cal. Rptr. 306 (Cal. Ct. App. 1975) .................................................................12

*Rutherford Holdings, LLC v. Plaza Del Rey*,
    166 Cal. Rptr. 3d 864 (Cal. Ct. App. 2014) ............................................................25

*Sanders v. Am. Broad. Cos., Inc.*,
    978 P.2d 67 (Cal. 1999) .............................................................................................8

*Savage v. Glendale Union High Sch.*,
    343 F.3d 1036 (9th Cir. 2003) ...................................................................................4

*Scripps Health v. Marin*,
    85 Cal. Rptr. 2d 86 (Cal. Ct. App. 1999) ................................................................21

*Shulman v. Grp. W Prods., Inc.*,
    955 P.2d 469 (Cal. 1998) ...........................................................................................8

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) .............................................................................19, 25

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    903 F. Supp. 2d 942 (S.D. Cal. 2012).................................................................22, 23

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    996 F. Supp. 2d 942 (S.D. Cal. 2014).......................................................................23

*S. Bay Chevrolet v. General Motors Acceptance Corp.*,
　　85 Cal. Rptr. 2d 301 (Cal. Ct. App. 1999)............................................................20

*Stoops v. Abbassi*,
　　122 Cal. Rptr. 2d 747 (Cal. Ct. App. 2002)..........................................................23

*Sussman v. Am. Broad. Cos., Inc.*,
　　186 F.3d 1200 (9th Cir. 1999) ...............................................................................15

*Sutter Health v. Super. Ct.*,
　　174 Cal. Rptr. 3d 653 (Cal. Ct. App. 2014)......................................................9, 11

*Tavernetti v. Super. Ct.*,
　　583 P.2d 737 (Cal. 1978) .......................................................................................11

*Tele-Count Eng'rs, Inc. v. Pac. Tel. & Tel. Co.*,
　　214 Cal. Rptr. 276 (Cal. Ct. App. 1985) ...............................................................18

*Teton Glob. Invs. LLC v. LC Inv. 2010*,
　　No. 20-CV-01756-AJB-MSB, 2021 WL 5861565 (S.D. Cal. Aug. 11, 2021).......20

*Ting v. AT&T*,
　　319 F.3d 1126 (9th Cir. 2003) ...............................................................................22

*In re Tobacco Cases II*,
　　192 Cal. Rptr. 3d 881 (Cal. Ct. App. 2015) ..........................................................20

*United States v. Nosal*,
　　676 F.3d 854 (9th Cir. 2012) .................................................................................16

*Valenzuela v. Keurig Green Mountain, Inc.*,
　　No. 22-CV-09042-JSC, 2023 WL 3708181 (N.D. Cal. May 24, 2023) ................12

*Vaughn v. Bay Env't Mgmt., Inc.*,
　　567 F.3d 1021 (9th Cir. 2009) .................................................................................6

*In re Vizio, Inc., Consumer Priv. Litig.*,
　　238 F. Supp. 3d 1204 (C.D. Cal. 2017) ...................................................................8

*Warden v. Kahn*,
　　160 Cal. Rptr. 471 (Cal. Ct. App. 1979) ...............................................................12

*Wilder v. CBS Corp.*,
　　No. 2:12-CV-8961-SVW-RZ, 2016 WL 693070 (C.D. Cal. Feb. 13, 2016)..........19

*Wilens v. TD Waterhouse Grp., Inc.*,
　　15 Cal. Rptr. 3d 271 (Cal. Ct. App. 2003) ............................................................22

*Williams v. Apple, Inc.*,
　　449 F. Supp. 3d 892 (N.D. Cal. 2020) ................................................................4, 5

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

*Wilson v. Frito-Lay N. Am., Inc.*,
  961 F. Supp. 2d 1134 (N.D. Cal. 2013) ...........................................................21

*In re Yahoo Mail Litig.*,
  308 F.R.D. 577 (N.D. Cal. 2015).......................................................................14

*In re Yahoo Mail Litig.*,
  7 F. Supp. 3d 1016 (N.D. Cal. 2014) ................................................................14

*Yari v. Producers Guild of Am., Inc.*,
  73 Cal. Rptr. 3d 803 (Cal. Ct. App. 2008)........................................................25

*Yothers v. JFC Int'l, Inc.*,
  No. 20-CV-01657-RS, 2020 WL 5015262 (N.D. Cal. May 14, 2020)....................4

**Statutes**

18 U.S.C. § 2511 ...........................................................................................14, 15

2022 Cal. Legis. Serv. Ch. 690 (A.B. 2089) ...........................................................9

Cal. Bus. & Prof. Code § 17200 ...........................................................................19

Cal. Civ. Code § 3 ..................................................................................................9

Cal. Civ. Code § 56.05 ..........................................................................................10

Cal. Civ. Code § 56.06 .......................................................................................9, 10

Cal. Civ. Code § 56.10 ..........................................................................................10

Cal. Civ. Code § 56.13 ..........................................................................................10

Cal. Civ. Code § 56.101 .........................................................................................9

Cal. Civ. Code § 1621 ...........................................................................................25

Cal. Civ. Code § 1761 ...........................................................................................23

Cal. Civ. Code § 1770 ...........................................................................................22

Cal. Civ. Code § 1782 ...........................................................................................22

Cal. Civ. Code § 1798.150..................................................................................15, 16

Cal. Evid. Code § 669 ...........................................................................................24

Cal. Penal Code § 502 ...............................................................................16, 17, 18

Cal. Penal Code § 630 ...........................................................................................14

Cal. Penal Code § 631(a) ........................................................................................................11, 12, 13

**Other Authorities**

California Constitution...........................................................................................................7, 9

Fed. R. Civ. P. 12.......................................................................................................................1

Fed. R. Civ. P. 68.......................................................................................................................3

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on May 9, 2024 at 1:30 p.m., in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California,  94102, in Courtroom 3 – 17th Floor, Defendant BetterHelp, Inc. ("BetterHelp") will and hereby does move the Court to dismiss the above-captioned action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  This Motion to Dismiss (the "Motion") is based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and records on file in this Action, and any oral argument as may be presented at or before the time of adjudication of this Motion.

## STATEMENT OF RELIEF SOUGHT

BetterHelp seeks an order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissing with prejudice Plaintiffs' Consolidated Class Action Complaint (the "Complaint") for lack of standing and failure to state a claim upon which relief can be granted.

## STATEMENT OF ISSUES TO BE DECIDED

1.     Whether Plaintiffs have established Article III or statutory standing.

2.     Whether Plaintiffs have stated any claim upon which relief may be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

BetterHelp was founded in 2013 to remove the traditional barriers to therapy and make counseling more accessible by making available professional, affordable, and personalized therapy in a convenient online format.  Through BetterHelp's platform, a network of over 30,000 licensed therapists has helped and continues to help numerous individuals take ownership of their mental wellness and work toward their personal goals.

Plaintiffs allege that BetterHelp, like nearly all companies that use websites or mobile applications, used third-party tracking technologies to operationalize and market its services. BetterHelp's use of these technologies to collect a limited amount of anonymized data from its users was disclosed in BetterHelp's privacy policy and was in no way unlawful or harmful.  Yet in an attempt to find *any* basis to hold BetterHelp liable for its use of these ubiquitous technologies,

1  Plaintiffs filed a grab-bag complaint that asserts fifteen causes of action.

2  Plaintiffs' scattershot approach fails to state a single claim for relief.  As an initial matter,

3  Plaintiffs lack standing to bring a number of claims or obtain injunctive or declaratory relief because

4  they fail to allege that they (i) continue to use BetterHelp's services, or (ii) suffered any concrete

5  economic injury as a result of BetterHelp's alleged conduct.  Plaintiffs also assert a host of statutory

6  claims—including statutes that apply to data breaches, computer hacking, and wiretapping—that

7  plainly do not apply to BetterHelp's alleged use of third-party technologies and thus must be

8  dismissed.  And as to Plaintiffs' remaining common law and breach of contract causes of action,

9  Plaintiffs fail to allege all of the necessary elements to state a claim for relief.  For these fundamental

10  reasons and as set out further below, BetterHelp respectfully requests that the Court dismiss the

11  complaint in its entirety.

12  **II.    BACKGROUND**

13        **A.    BETTERHELP AND ITS ALLEGED MARKETING PRACTICES[1]**

14  BetterHelp is an online platform that connects individuals with qualified mental health

15  professionals to receive virtual counseling and therapy services.  *See* Consolidated Class Action

16  Compl. ("Compl.") ¶¶ 37–43.  BetterHelp's platform empowers individuals to schedule and meet

17  with therapists virtually, on their own time and in their own space, rather than having to travel to

18  an office and meet in-person, making therapy more accessible, convenient, and affordable.  *Id.* ¶ 37.

19  Plaintiffs allege that BetterHelp uses third party services to operationalize and market its

20  services.  Compl. ¶¶ 65–97.  The services include the use of third-party technologies such as

21  cookies and web beacons—or "pixels"—that share limited, anonymous website activity with those

22  third parties to optimize BetterHelp's consumer outreach.  *See generally*, *id.* ¶¶ 62–97 (describing

23  BetterHelp's marketing practices).  By optimizing its digital marketing, BetterHelp is able to

24  market its services to those consumers most interested in viewing BetterHelp's advertising and

25  utilizing its platform, resulting in the provision of mental health therapy and counseling to

26  thousands of individuals.  *Id.*  BetterHelp expressly discloses both its use of third-party "cookies

---

[1]  For purposes of this Motion only, BetterHelp accepts the well-pleaded allegations in the Complaint.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

and web beacons" in its Privacy Policies, and that certain anonymous information is shared through these technologies with third parties. *Id.* ¶¶ 57–60 n.17–22.

## B.   PLAINTIFFS

Plaintiffs are eight individuals from California, Michigan, South Carolina, and Texas who claim to have created accounts with BetterHelp between 2017 and 2021 (the "Applicable Time Period").[2] *See* Compl. ¶¶ 24–31. Plaintiffs allege that they provided BetterHelp with their "Private Information" when they created an account and started using its services. *Id.*; *see also id.* ¶ 1. Plaintiffs allege that they started receiving targeted advertisements relating to mental health treatment and counseling after creating their accounts, and that they have suffered "emotional distress" since learning that BetterHelp allegedly shared some of their Private Information. *Id.* But Plaintiffs do not allege any specific information or data elements that they believe BetterHelp shared, or how this purported sharing contributed to their emotional distress. *See id.*

## C.   THE FTC CONSENT ORDER AND PLAINTIFFS' COMPLAINT

On March 2, 2023, the FTC approved a Consent Order with BetterHelp relating to BetterHelp's alleged practices.[3] ECF No. 76-2 ("Consent Order"). The Consent Order does not include findings of facts or conclusions of law, and BetterHelp did not admit to any of the allegations included therein. As part of the Consent Order, BetterHelp agreed to pay $7.8 million to the FTC to use for redress to "Customers," defined as individual consumers who "between August 1, 2017, and December 31, 2020, signed up for and paid for the use of" any BetterHelp service. Consent Order at 8–9 (Definitions); *id.* at §§ XI (Monetary Relief), XIII (Independent Redress Administrator). The Consent Order also provides for injunctive relief regarding BetterHelp's use and disclosure of consumer information. *Id.* at §§ I–II, III.A–B, III.F, IV.B, VI.E.

Shortly following the publication of the FTC Consent Order, on March 7, 2023, Plaintiff C.M. filed this lawsuit against BetterHelp, bringing claims based on the same conduct alleged in

---

[2] On March 5, 2024, one of these Plaintiffs—Jane Doe I—accepted BetterHelp's Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. Once judgment is entered as to Doe I, there will be only seven Plaintiffs pursuing claims against BetterHelp.

[3] As set out in the concurrently-filed Motion to Stay, the Court should stay this action and permit the FTC's redress process to be completed. If the Court grants the Motion to Stay, it need not decide this Motion at this time, conserving judicial and party resources.

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

the FTC Complaint.  ECF No. 1.  On May 23, 2023, the Court entered an order consolidating this case with five other similar lawsuits filed against BetterHelp.  ECF No. 18.  Plaintiffs filed their Consolidated Class Action Complaint on September 6, 2023, again largely parroting the FTC's allegations.  Plaintiffs assert fifteen causes of action under various statutes and common law causes of action on behalf of a putative nationwide class of all persons, as well as a subclass of California residents, who signed up for or used BetterHelp's services and whose Private Information was allegedly disclosed to an unauthorized third party.  Compl. ¶¶ 141–42.  As set out further below, each cause of action is subject to dismissal for lack of standing or failure to state a claim (or both).

### III.    LEGAL STANDARD

A complaint must be dismissed under Rule 12(b)(1) if a plaintiff failed to bear his burden to allege on the face of the complaint facts sufficient to establish subject matter jurisdiction.  *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

A complaint must be dismissed under Rule 12(b)(6) unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  While the Court must accept specific allegations as true, it is not required to credit legal assertions, "[t]hreadbare recitals of the elements," "conclusory statements," "unwarranted deductions of fact, or unreasonable inferences."  *Id.*

### IV.    ARGUMENT

#### A.    PLAINTIFFS HAVE FAILED TO ESTABLISH STANDING

##### 1.    Plaintiffs Lack Standing to Seek Injunctive and Declaratory Relief

Plaintiffs lack standing to pursue injunctive and declaratory relief because they fail to show "a sufficient likelihood that [they] will again be wronged in a similar way" by BetterHelp absent injunctive relief.  *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 906 (N.D. Cal. 2020) (quotation omitted).  "A plaintiff must have standing for each remedy sought," *Yothers v. JFC Int'l, Inc.*, No. 20-CV-01657-RS, 2020 WL 5015262, at *5 (N.D. Cal. May 14, 2020), and plaintiffs seeking injunctive relief must show that "the threat of future injury is 'actual and imminent, not conjectural or hypothetical.'"  *Bautista v. Valero Mktg. & Supply Co.*, No. 15-CV-05557-RS, 2018 WL

11356583, at *8 (N.D. Cal. Dec. 4, 2018). Mere allegations of possible future injury are insufficient. *Williams*, 449 F. Supp. 3d at 906. And "[i]n the class action context, a named plaintiff must show she is personally subject to a likelihood of future injury." *Bautista*, 2018 WL 11356583, at *8 (quotation omitted).

Nowhere do Plaintiffs allege that BetterHelp will disclose again in the *future* any information that was allegedly collected and disclosed in the past. *See, e.g.*, Compl. ¶¶ 89–97 (referring only to past alleged disclosures), ¶ 316 (generically alleging that "wrongful conduct will continue to cause irreparable injury"). Nor do Plaintiffs allege that they continue to use BetterHelp's services, such that disclosure of *newly* collected information is a "real and immediate threat." *Williams*, 449 F. Supp. 3d at 906–07 (denying injunction where plaintiffs "do not allege that they are currently paying for iCloud storage or that they actually intend or plan to purchase iCloud storage again in the future" and finding inadequate a general allegation that plaintiffs would continue to be harmed absent an injunction). On the same basis, Plaintiffs lack standing to seek declaratory relief. *See I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1055 n.17 (N.D. Cal. 2022) (Plaintiffs who "lack standing to pursue injunctive relief . . . also lack standing to pursue declaratory relief."); *Bautista v. Valero Mktg. & Supply Co.*, No. 15-CV-05557-RS, 2019 WL 13170998, at *1 (N.D. Cal. Feb. 6, 2019) (same).

As a consequence, Counts XI and XV, which seek only injunctive and declaratory relief, are subject to dismissal in their entirety, and Plaintiffs cannot obtain injunctive or declaratory relief in connection with any other claims.

### 2. Plaintiffs Lack Statutory Standing for the UCL, FAL, and CLRA Claims (Counts IX, X, and XV)

"To establish standing to bring a claim under these statutes [the Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumers Legal Remedy Act ("CLRA")], plaintiffs must meet an *economic* injury-in-fact requirement . . . ." *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (emphasis added). Statutory standing is analyzed under the Rule 12(b)(6) standard. *See Vaughn v. Bay Env't Mgmt., Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009). Plaintiffs claim that BetterHelp improperly disclosed their private information to third parties, *e.g.*,

Compl. ¶ 1, but do not plausibly allege how this purported disclosure caused them any concrete economic injury in connection with their UCL, FAL, and CLRA claims.  *See* Compl. ¶¶ 24–31.

The mere alleged disclosure of Plaintiffs' information does not confer standing.  *Gardiner v. Walmart, Inc.*, No. 20-CV-04618-JSW,   2021 WL 2520103, at *8 (N.D. Cal. Mar. 5, 2021) ("[C]ourts have widely held that 'personal information' does not constitute money or property under the UCL."); *see In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *14 (N.D. Cal. Sept. 20, 2011) ("[A] plaintiff's 'personal information' does not constitute money or property under the UCL.").  "[T]o merely say the information was taken and therefore it has lost value" does not confer statutory standing where an economic injury is required.  *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1040 (N.D. Cal. 2019) (addressing UCL claim); *In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 930 (N.D. Cal. 2015) ("generalized assertions of economic harm based solely on the alleged value of personal information" do not confer standing).

Plaintiffs also allege generally that "Private Information is a valuable Property Right," Compl. ¶¶ 129–35, but do not allege that they would or could ever sell their information for money, much less allege how their ability to do so has been impaired by BetterHelp.  *See Flores-Mendez v. Zoosk, Inc.*, No. C 20-04929 WHA, 2021 WL 4553772, at *2 (N.D. Cal. Oct. 5, 2021) (no statutory standing where "plaintiffs have provided market valuation for the personal information but have not specified how the data breach impaired *their* ability to participate in the market for that information"); *Hazel v. Prudential Fin., Inc.*, No. 22-CV-07465-CRB, 2023 WL 3933073, at *6 (N.D. Cal. June 9, 2023) (dismissing UCL claim and holding that "just because Plaintiffs' data is valuable in the abstract, and because [a party allegedly intercepting that data] might have made money from it, does not mean that Plaintiffs have 'lost money or property' as a result"); *Meyer v. Sprint Spectrum L.P.*, 200 P.3d 295, 301 (Cal. 2000) (plaintiffs must allege "tangible increased cost or burden to the consumer" to establish standing under CLRA).

Finally, although certain Plaintiffs allege they paid for BetterHelp's services, Compl. ¶¶ 24–31, they do not plausibly allege a "benefit of the bargain" theory because they claim only that their payments included some unspecified amount attributable to BetterHelp securing and not

disclosing their information.[4]  *See, e.g.*, Compl. ¶¶ 370–71; *Gardiner*, 2021 WL 2520103, at *6 (N.D. Cal. Mar. 5, 2021) (dismissing UCL claim for lack of standing because "Plaintiff's allegations do not establish that the cost of the goods he purchased . . . included some amount attributable to data security as required to support his benefit of the bargain theory").  Similarly, Plaintiffs fail to allege that they could have obtained comparable services at a lower price elsewhere.  *See, e.g.*, Compl. ¶ 297 (alleging Plaintiffs would have paid less for BetterHelp's services had they not relied on misrepresentations); *Bower v. AT&T Mobility, LLC*, 127 Cal. Rptr. 3d 569, 579 (Cal. Ct. App. 2011) (dismissing CLRA claim because plaintiffs failed to allege they could have obtained comparable services "at a lower price from another source").

## B.   PLAINTIFFS' CLAIMS FAIL FOR ADDITIONAL REASONS

### 1.   Plaintiffs' Common Law Privacy Claims Fail (Count II and XI)

Plaintiffs' claims for invasion of privacy (Count II) and violation of the California Constitution (Count XI) (brought on behalf of the four California Plaintiffs) fail for multiple independent reasons.  "The right to privacy in the California Constitution sets standards similar to the common law tort of intrusion."  *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1073 (Cal. 2009). Because of this similarity, "courts consider the claims together and ask whether: (1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive."  *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589,  601 (9th Cir. 2020).  "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right."  *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 865 P.2d 633, 655 (Cal. 1994).

As to California Plaintiffs' claim under the California Constitution, they lack standing to seek injunctive relief for the reasons discussed above and, to the extent they seek damages, *see* Compl. ¶ 316, "California's 'constitutional provision protecting the right of privacy . . . supports a cause of action for an injunction,' but does not confer on a litigant a private right of action for damages."  *Moore v. Rodriguez*, No. 20-CV-01481-BAS-BGS, 2021 WL 2222590, at *20 (S.D.

---

[4] Plaintiff L.M. allegedly used a promotional coupon rather than her own funds for BetterHelp's services, and therefore cannot allege a "benefit of the bargain" argument.  Compl. ¶ 27.

1    Cal. June 2, 2021).

2        As to both privacy claims, they fail because there was no alleged "intrusion" by

3    BetterHelp—rather, Plaintiffs *voluntarily* provided BetterHelp with their information.  "Intrusion"

4    means an "unconsented-to physical intrusion . . . as well as unwarranted sensory intrusions such as

5    eavesdropping, wiretapping, and visual or photographic spying."  *Shulman v. Grp. W Prods., Inc.*,

6    955 P.2d 469, 489 (Cal. 1998).   To the contrary, Plaintiffs purposely shared information with

7    BetterHelp.  *See, e.g.*, Compl. ¶ 24–31.  BetterHelp received information that Plaintiffs provided to

8    it—there was no "eavesdropping . . . [or] prying into [their] private records."  *In re Vizio, Inc.,*

9    *Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1215–16 (C.D. Cal. 2017); *see also In re Google, Inc.*

10   *Priv. Pol'y Litig.*, No. 5:12-CV-001382-PSG, 2015 WL 4317479, at *6 n.71 (N.D. Cal. July 15,

11   2015) (dismissing invasion of privacy claim based on "allegedly improper sharing" of information

12   that plaintiffs "freely shared with Google in the first place").

13       Plaintiffs allege that BetterHelp *disclosed* their information to third parties, but disclosure

14   does not support a claim for invasion of privacy.  *See Sanders v. Am. Broad. Cos., Inc.*, 978 P.2d

15   67, 71 (Cal. 1999) ("[P]laintiff must show the defendant penetrated some zone of physical or

16   sensory privacy.").   Nor does installing third party technologies support a claim for invasion of

17   privacy.  In *Kurowski v. Rush System for Health*, for example, the court dismissed the intrusion

18   upon seclusion claim against a healthcare system that allegedly embedded the Meta Pixel on its

19   website because the plaintiff intended the healthcare system to receive her communications.  659

20   F. Supp. 3d 931, 943 (N.D. Ill. 2023).   "The actual intrusion upon patients' seclusion, via

21   interception of their communications, [was] carried out by third parties," not the healthcare system.

22   *Id.* at 944.  And in *Allen v. Novant Health, Inc.*, the court dismissed an intrusion upon seclusion

23   claim in a case involving the Meta Pixel because "the plaintiffs acknowledge[d] in the complaint

24   that they voluntarily provided their information directly to Novant."  No. 1:22-CV-697, 2023 WL

25   5486240, at *2 (M.D.N.C. Aug. 24, 2023).

26       Finally, Plaintiffs fail to plead any "highly offensive" or "egregious" conduct that is

27   required to state a claim for invasion of privacy.  *Hammerling v. Google LLC*, 615 F. Supp. 3d.

28   1069, 1090 (N.D. Cal. 2022).   "The California Constitution and the common law set a high bar for

an invasion of privacy claim," and courts routinely find as a matter of law that disclosure of personal information is *not* "highly offensive."  *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012); *Hammerling*, 615 F. Supp. 3d. at 1078 (disclosure of app usage data allegedly revealing plaintiffs' "religious and political affiliations, their activity level, their sexual preferences and proclivities, and other habits and preferences" not highly offensive); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (disclosures of personal data without consent not an egregious breach of social norms).

## 2.    Plaintiffs Fail to State a Claim Under the CMIA (Count XII)

The Confidentiality of Medical Information Act ("CMIA") prohibits the unauthorized disclosure and negligent maintenance or preservation of medical information by a provider of healthcare.  Cal. Civ. Code § 56.101.  This claim fails because (1) BetterHelp is not a "provider of healthcare"; (2) BetterHelp did not disclose Plaintiffs "medical information"; and (3) no third party improperly viewed their "medical information."  *Sutter Health v. Super. Ct.*, 174 Cal. Rptr. 3d 653, 661 (Cal. Ct. App. 2014).

### a.    BetterHelp Is Not a "Provider of Healthcare"

Plaintiffs allege that BetterHelp is a "provider of healthcare" because it offers a "mental health digital service," Compl. ¶ 320 (citing Cal. Civ. Code § 56.06(d)), but that term was added to the CMIA as of January 1, 2023.  *See* CA LEGIS 690 (2022), 2022 Cal. Legis. Serv. Ch. 690 (A.B. 2089) (West) (passed Sep. 29, 2022; effective date Jan. 1, 2023); *see also* Cal. Civ. Code. 56.05(k) (providing definition of mental health digital service).  "No part of [the code] is retroactive, unless expressly so declared."  Cal. Civ. Code § 3.  The new law is silent on retroactivity and thus may only be applied prospectively.  *Myers v. Philip Morris Cos., Inc.*, 50 P.3d 751, 759 (Cal. 2002). Even if BetterHelp is now a "mental health digital service" under the CMIA, this new term did not apply during the period that Plaintiffs allegedly used BetterHelp.

Nor is BetterHelp a "provider of healthcare" under Civil Code §§ 56.06(a) or 56.06(b), because BetterHelp is not, and is not alleged to be, "organized for the purpose of maintaining medical information," § 56.06(a), and does not "offer[] software or hardware to consumers . . . that is designed to maintain medical information." Cal. Civ. Code § 56.06(b).  To the contrary,

9

BetterHelp's purpose is to provide a platform that facilitates online counseling and therapy services between users and a network of licensed therapists, Compl. ¶ 3, not to maintain medical information. *See Oddei v. ScanSTAT Techs., LLC*, No. 22-55035, 2022 WL 17538747, at *1 (9th Cir. Dec. 8, 2022) (defendant was not a "provider of healthcare" under the CMIA because plaintiff failed to plausibly allege that defendant "was organized for the purpose of maintaining medical information" or provided software or hardware designed to maintain medical information).

Finally, BetterHelp is not a "recipient of medical information" under Section 56.13, *see* Compl. ¶ 321, as Plaintiffs do not allege that BetterHelp received any medical information "pursuant to an authorization" under the CMIA or from a provider of health care for one of the enumerated purposes under Section 56.10(c).[5]  *See* Cal. Civ. Code § 56.13.

### b.     BetterHelp Did Not Disclose "Medical Information"

Plaintiffs do not sufficiently allege that BetterHelp disclosed their "medical information," defined as "any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care . . . regarding a patient's medical history, mental health application information,[6] mental or physical condition, or treatment."  Cal. Civ. Code § 56.05(j).

As an initial matter, Plaintiffs do not allege that BetterHelp disclosed any "medical information" in its possession or derived from a patient file it maintained.  Rather, Plaintiffs allege that because BetterHelp used certain web analytics tools, information Plaintiffs provided to BetterHelp was simultaneously sent to third parties.  Compl. ¶¶ 78–88.  Plaintiffs' CMIA claim thus fails under the plain language of the statute because they do not allege that any information "in possession of or derived from [BetterHelp]" was disclosed to any third party.  *See Erhart v. BofI Holding, Inc.*, 269 F. Supp. 3d 1059, 1078 (S.D. Cal. 2017) (dismissing CMIA claim).

In addition, names, email addresses, IP addresses, payment information, or the mere fact that Plaintiffs visited BetterHelp's website, Compl. ¶¶ 5–6, are not "medical information" under

---

[5] Plaintiffs also cite § 56.05(d), *see* Compl. ¶ 321, but Plaintiffs do not allege (nor could they) that BetterHelp is a "Contractor" under the CMIA.

[6] AB 2089 amended Cal. Civ. Code § 56.05(j) (re-lettered to 56.05(i)) to add "mental health application information" to the definition of medical information but, for the same reasons as explained above, this term does not apply retroactively to the information at issue here.

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

the CMIA as a matter of law.  *See Eisenhower Med. Ctr. v. Super. Ct.*, 172 Cal. Rptr. 3d 165, 169 (Cal. Ct. App. 2014) ("the mere fact that a person may have been a patient at the hospital at some time is not sufficient" under the CMIA).

### c.    *No Person Viewed Plaintiffs' "Medical Information"*

Plaintiffs also fail to allege that any "unauthorized person" at a third party "has viewed" their "medical information." *Sutter Health*, 174 Cal. Rptr. 3d at 657.  The "mere possession of the medical information or records by an unauthorized person [is] insufficient to establish breach of confidentiality [under CMIA] if the unauthorized person has not viewed the information or records." *Id*.  Plaintiffs allege that third parties "aggregate[]," "categorize[]," and "analyze[]" Plaintiffs' information for their benefit, *e.g.*, Compl. ¶¶ 8, 97, 131, but not that any person actually *views* the data.  Plaintiff's CMIA claim thus must be dismissed for this additional reason. *See Barbour v. John Muir Health*, No. C22-01693, 2023 WL 2618967, at *7 (Cal. Super. Ct. Jan. 5, 2023) (dismissing CMIA claim involving Meta Pixel where allegations showed only that "information may be collected, analyzed, and used by a third party for its own benefit . . . without any **human** actually laying eyes on it") (emphasis added).

### 3.    Plaintiffs Fail to State a Claim Under the CIPA (Count VIII)

Section 631 of the California Invasion of Privacy Act ("CIPA") makes actionable "three distinct" "patterns of conduct: [1] intentional wiretapping, [2] willfully attempting to learn the contents or meaning of a communication in transit over a wire, and [3] attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Tavernetti v. Super. Ct.*, 583 P.2d 737, 741 (Cal. 1978).  It also imposes liability upon "anyone 'who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the' . . . three bases for liability." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (quoting Cal. Penal Code § 631(a)).  Plaintiffs fail to state a claim that BetterHelp aided and abetted[7] third parties in committing the first type of conduct

---

[7] Plaintiffs do not allege BetterHelp's direct liability, nor could they, because parties to a conversation—here, Plaintiffs and BetterHelp—cannot eavesdrop on their own conversations. *Warden v. Kahn*, 160 Cal. Rptr. 471, 475 (Cal. Ct. App. 1979) (distinguishing "eavesdropping by a third party" from "recording by a participant to a conversation"); *Rogers v. Ulrich*, 125 Cal. Rptr.

above—intentional wiretapping—in violation of CIPA.  *See* Compl. ¶¶ 255–66.

*First*, CIPA's first clause applies only to "'telegraph or telephone' technologies," not internet communications.  *See Valenzuela v. Keurig Green Mountain, Inc.*, No. 22-CV-09042-JSC, 2023 WL 3707181, at *2 (N.D. Cal. May 24, 2023) (quoting Section 631(a)); *see also Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1079 (C.D. Cal. 2023) ("Courts have consistently interpreted this clause as applying only to communications over telephones and not through the internet.") (collecting cases).[8]  The alleged conduct involves the use of the internet, Compl. ¶¶ 4–5, and thus CIPA does not apply.

*Second*, BetterHelp cannot be held liable for the alleged conduct of the third parties even if they were acting as BetterHelp's vendors for purposes of collecting and analyzing user data.  *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021) (vendor was not a third party where it "provide[d] a tool . . . that allow[ed] [the defendant] to record and analyze its own data in aid of [its] business"); *Licea v. Vitacost.com, Inc.*, No. 22-CV-1854-RSH-WVG, 2023 WL 5086893, at *4 (S.D. Cal. July 24, 2023) (dismissing CIPA aiding and abetting claim where defendant engaged third party's services for defendant's purposes).  Plaintiffs allege that BetterHelp "embedded pixel software and other tracking tools throughout its platform" in order to "improve its marketing and advertising and to increase Defendant's subscribers, revenues, and profits."  Compl. ¶¶ 87, 96.  In other words, BetterHelp allegedly used the third parties' tools for its own benefit in aid of its business, which "points to [BetterHelp's] own conduct, not the conduct of a third party."  *Garcia v. Build.com, Inc.*, No. 22-CV-01985-DMS-KSC, 2023 WL 4535531, at *5 (S.D. Cal. July 13, 2023) (dismissing CIPA aiding and abetting claim where "allegation that [d]efendant 'has covertly embedded software code . . . into its website that automatically intercepts, records, and creates transcripts of all conversation using the website chat feature' . . . suggests that

---

306, 309 (Cal. Ct. App. 1975) ("It is never a secret to one party to a conversation that the other party is listening to the conversation . . . .").

[8] While two courts have concluded otherwise, they misapplied Ninth Circuit law.  *Byars v. Goodyear Tire & Rubber Co.*, 654 F. Supp. 3d 1020 (C.D. Cal. 2023); *Licea v. Old Navy, LLC*, 669 F. Supp. 3d 941, 945 (C.D. Cal. 2023).  *Byars* and *Old Navy* both cited to *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022), which stated in unpublished dicta that "Section 631(a) applies to Internet communications," but did not specify whether this applied to intentional wiretapping, as opposed to other prohibited conduct.  *Id.*

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

[d]efendant employs a third-party software service as a tool to record its own data.").

*Third,* to the extent Plaintiffs allege that third parties used Plaintiffs' data for their own purposes, Plaintiffs do not allege that BetterHelp knowingly facilitated the third parties' conduct. *See People v. Perez*, 113 P.3d 100, 104 (Cal. 2005) (aider and abettor must have "knowledge of the direct perpetrator's unlawful intent and an intent to assist in achieving those unlawful ends").

*Fourth*, by its plain terms, Section 631 applies to the *interception* of a "communication while the same is in transit." Cal. Penal Code § 631(a). Plaintiffs offer the conclusory assertion that pixel software "acts much like a traditional wiretap," Compl. ¶ 82, but acknowledge that the pixel software operates not by *intercepting* communications between a user and BetterHelp's website, but by "wait[ing] for the user to communicate information via a GET Request, [and] duplicat[ing] that GET Request on dispatch and direct[ing] it to a third-party server." *Id.* Section 631 thus does not apply because any purported disclosure of Plaintiffs' information was not intercepted while "in transit" to BetterHelp. *See Barbour*, 2023 WL 2618967, at *5 (dismissing CIPA claim against healthcare provider because "the duplication and sending of Facebook's secret code happens after the request reaches its destination [the hospital's server]," and thus "Plaintiffs have not alleged Defendant's 'interception' while 'in transit'"); *Adler v. Community.com, Inc.*, No. 2:21-CV-02416-SB-JPR, 2021 WL 4805435, at *3–4 (C.D. Cal. Aug. 2, 2021) (dismissing CIPA claims for failing to allege defendant "capture[s] text messages in transit or intercept[s] them").[9]

*Fifth*, CIPA does not apply extraterritorially and thus must be dismissed as to the non-California Plaintiffs—C.M., S.C., Jane Doe I, and L.M.—because they are not residents of, and their alleged injuries did not occur in, California. California law has a strong presumption against applying statutes extraterritorially, *Diamond Multimedia Sys., Inc. v. Super. Ct.*, 968 P.2d 539, 554 (Cal. 1999); *see also Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529, 540 (C.D. Cal. 2013) ("California's interest in applying its laws to residents of foreign states is 'attenuated.'"), and as to CIPA the "California legislature specifically stated that its intent was to 'protect the right of

---

[9] Some courts have disagreed on the "in transit" point. *See, e.g.*, *Cousin v. Sharp Healthcare*, No. 22-CV-2040-MMA (DDL), 2023 WL 4484441, at *10 (S.D. Cal. July 12, 2023); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 798–90 (N.D. Cal. 2022). These cases do not control the outcome here, where Plaintiffs explicitly allege that their information was shared with Meta through a separate, "duplicate" communication. Compl. ¶ 82.

privacy of the people of this state.'" *In re Yahoo Mail Litig.*, 308 F.R.D. 577, 604 (N.D. Cal. 2015) (quoting Cal. Penal Code § 630).   Courts apply this presumption when the injury and the defendant's conduct did not take place in California.   *Hayden v. Retail Equation, Inc.*, No. 8:20-CV-01203-DOC-DFM, 2022 WL 18397355, at *2 (C.D. Cal. Nov. 28, 2022).

The Complaint alleges that each Plaintiff suffered injury in his or her home state.   Each Plaintiff visited BetterHelp's website and filled out the questionnaire from their respective state, so their browser allegedly transmitted information to third parties from that state.   Compl. ¶¶ 24–31, 63–65.   Plaintiffs' nebulous allegations that BetterHelp or third parties likely maintained servers in California, Compl. ¶ 151, are insufficient to establish California as the situs of their injuries.   *See Yahoo Mail Litig.*, 308 F.R.D. at 603–04 ("[T]he actual interception and scanning of emails occurs in data centers located throughout the country and the physical location of the sender or receiver does not necessarily determine whether an email will be intercepted in one state or another.").   Plaintiffs' allegations fail to overcome the presumption against extraterritoriality, and their (failed) CIPA claim must be confined to the California subclass.

### 4.   Plaintiffs Fail to State a Claim Under the ECPA (Count VII)

Plaintiffs fail to state a claim under the Electronic Communications Privacy Act ("ECPA")—which prohibits the intentional "interception" of electronic communications, 18 U.S.C. § 2511(1)(a)—by installing tracking technologies on its website.   Compl. ¶¶ 229–53.   BetterHelp cannot be held liable because the ECPA is a one-party consent law and BetterHelp is a party to the communications.   *See Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1269 (N.D. Cal. 2001) ("[Defendant] acted as no more than the second party to a communication.   This is not an interception as defined by the Wiretap Act."); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1026 (N.D. Cal. 2014) ("[T]he consent of one party is a complete defense to a Wiretap Act claim."); 18 U.S.C. § 2511(2)(d).   Plaintiffs assert that BetterHelp is not entitled to the ECPA's "party exception," *see* Compl. ¶ 241, but Plaintiffs have not alleged a "criminal or tortious act" that would vitiate the exception, as Plaintiffs allege that BetterHelp added the tracking technologies to "increase its revenues and profits."   Compl. ¶ 96; *see In re Google Inc. Gmail Litig.*, 2014 WL 1102660, at *18 n.13 (N.D. Cal. Mar. 18, 2014) (no tort or crime exception where defendant's

purpose is "to make money").  In addition, any such alleged act must be independent of the interception itself.  *See Sussman v. Am. Broad. Cos., Inc.,* 186 F.3d 1200, 1202 (9th Cir. 1999) ("[T]he focus is not upon whether the interception itself violated another law; it is upon whether the purpose for the interception—its intended use—was criminal or tortious.").

Moreover, as with Plaintiffs' CIPA claim, Plaintiffs' ECPA claim fails because they do not allege that their information was intercepted while in transit.  *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (holding that for communication "to be 'intercepted' . . . it must be acquired during transmission, not while it is in electronic storage").  Instead, and as discussed above, Plaintiffs acknowledge that the pixel software does not intercept communications but rather allegedly transmits information only *after* it is communicated.  Compl. ¶ 82.

### 5.    Plaintiffs Fail to State a Claim Under the CCPA (Count XIII)

The California Consumer Privacy Act ("CCPA") confers a private right of action for "Personal Information *Security Breaches*."  Cal. Civ. Code § 1798.150 (emphasis added).  The CCPA applies only to consumers whose personal information was "subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices[.]"  *Id.* § 1798.150(a)(1).  Here, the California Plaintiffs' claim for violation of the CCPA fails because there was no alleged data security breach.  *See* Compl. ¶¶ 343–50.

Plaintiffs offer a conclusory allegation that BetterHelp had inadequate data security policies, Compl. ¶ 70, but do not allege that these security policies caused the complained-of disclosure.  To the contrary, Plaintiffs allege that the disclosure was caused by BetterHelp's informed decision to implement third-party tracking technologies and otherwise make information available to third parties for BetterHelp's business purposes.  Compl. ¶¶ 87–96.  This claim should be dismissed "because there are no allegations of a security breach in this case."  *McCoy v. Alphabet, Inc.*, No. 20-CV-05427-SVK, 2021 WL 405816, at *8 (N.D. Cal. Feb. 2, 2021); *see also Gershfeld v. Teamviewer US, Inc.*, No. SACV 21-00058-CJC(ADSx), 2021 WL 3046775, at *2 ("Plaintiff alleges that Defendant stored his personal information 'in a nonencrypted and nonredacted fashion,' but the disclosure of Plaintiff's personal information was not caused by this practice.").

1    In addition, with the exception of Plaintiff Jane Doe I, the California Plaintiffs failed to

2    comply with the CCPA's requirement that the customer must, "prior to initiating any action,"

3    provide "written notice identifying the specific provisions [that] have been or are being violated,"

4    Cal. Civ. Code § 1798.150(C)(b), and their CCPA claim should be dismissed.

5           **6.      Plaintiffs Fail to State a Claim Under the CDAFA (Count XIV)**

6           The California Plaintiffs' claim under the Computer Data Access and Fraud Act

7    ("CDAFA"), Compl. ¶¶ 353–56, must be dismissed because (1) the statute addresses computer

8    hacking, not data disclosure; (2) Plaintiffs fail to allege "loss" or "damage" within the meaning of

9    the statute; and (3) BetterHelp had permission to access the computer systems at issue here.

10          *First*, CDAFA plainly does not apply to the type of conduct alleged here.  CDAFA "is a

11   state law counterpart to the" federal Computer Fraud and Abuse Act ("CFAA"), and courts

12   routinely analyze them together.  *Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218,

13   1260 (N.D. Cal. 2022).  Both the CDAFA and the CFAA were "enacted to prevent intentional

14   intrusion onto someone else's computer—specifically, computer hacking."  *hiQ Labs, Inc. v.

15   LinkedIn Corp.*, 31 F.4th 1180, 1196 (9th Cir. 2022); *see also Custom Packaging Supply, Inc. v.

16   Phillips*, No. 2:15-CV-04584-ODW-AGR, 2015 WL 8334793, at *3 (C.D. Cal. Dec. 7, 2015)

17   (explaining that CDAFA is an "anti-hacking statute intended to prohibit the unauthorized use of

18   any computer system for improper or illegitimate purpose"); *United States v. Nosal*, 676 F.3d 854,

19   857–58 (9th Cir. 2012) (explaining that CFAA is "focused on hacking" and is not meant to be "a

20   sweeping Internet-policing mandate").

21          Thus, Plaintiffs do not sufficiently allege that BetterHelp "provide[d] or assist[ed] in

22   providing a means of accessing" Plaintiffs' computers, as required under Sections 502(c)(6), (c)(7),

23   and (c)(13).  *See* Compl. ¶¶ 353–55.  To the contrary, Plaintiffs allege that BetterHelp incorporated

24   third-party tracking technologies into its own websites and tracked information that users provided

25   upon visiting BetterHelp's websites.  *See* Compl. ¶¶ 87–91.  Plaintiffs also do not sufficiently allege

26   that BetterHelp's alleged use of tracking technologies violated § 502(c)(8), which imposes liability

27   on a person who "[k]nowingly introduces a computer contaminant into any computer."  *See* Compl.

28   ¶ 356.   Plaintiffs do not sufficiently allege that the tracking technologies are "computer

---

16

contaminants," *i.e.*, "'viruses or worms,' and other malware," *In re iPhone Application Litig.*, 2011 WL 4403963, at *12 (citing Cal. Penal Code § 502(b)(12)), and thus their claim under Section 502(c)(8) must be dismissed as well.  *See In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705, 716 n.11 (N.D. Cal. 2011) (dismissing Section 502(c)(8) claim where "Plaintiffs do not allege any facts suggesting that Defendant introduced computer instructions designed to 'usurp the normal operation' of a computer, computer system or computer network").

*Second*, Plaintiffs failed to plead damages under the CDAFA, which permits recovery of "[c]ompensatory damages [that] include any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access." Cal. Penal Code § 502(e)(1).  Plaintiffs allege that the disclosure deprived Plaintiffs "of control over their valuable property (namely, their Private Information), the ability to receive compensation for that data, and the ability to withhold that data for sale."  Compl. ¶ 357.  Plaintiffs "offer no support," however, "for their theories that the loss of the right to control their own data, the loss of the value of their data, and the loss of the right to protection of the data, as discussed above, is 'damage or loss' within the meaning of the CDAFA," and thus their claims should be dismissed.  *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 487–88 (N.D. Cal. 2021) (dismissing CDAFA claims).

*Third*, Plaintiffs allege violations of California Penal Code §§ 502(c)(1)(B), (c)(2), (c)(6), (c)(7), and (c)(13), all of which require that a person act "[k]nowingly and without permission." *See* Compl. ¶¶ 353–55.  "Parties act 'without permission' when they circumvent technical or code-based barriers in place to restrict or bar a user's access."  *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 950 (N.D. Cal. 2014).  But Plaintiffs here do not allege that BetterHelp "circumvented technical barriers to gain access to a computer, computer network or website."  *In re Facebook Priv. Litig.*, 791 F. Supp. 2d at 716.  Instead, they allege that BetterHelp violated the statute by incorporating the tracking technologies into its own websites. *See* Compl. ¶¶ 87–91.  "It is thus impossible, on Plaintiffs' own allegations, for Defendant to be liable under the subsections of Section 502 which require a defendant to act 'without permission,' as there were clearly no technical barriers blocking Defendant from accessing its own website."  *In re Facebook Privacy*

1  *Litig.*, 791 F. Supp. 2d at 716.

2         **7.**        **Plaintiffs' Breach of Confidence Claim Fails (Count V)**

3        A claim for breach of confidence protects novel ideas that are offered in confidence.  *See*

4  *Faris v. Engberg*, 158 Cal. Rptr. 704, 712 (Cal. Ct. App. 1979) ("An actionable breach of

5  confidence will arise when an idea, whether or not protectable, is offered to another in

6  confidence."); *Tele-Count Eng'rs, Inc. v. Pac. Tel. & Tel. Co.*, 214 Cal. Rptr. 276, 279 (Cal. Ct.

7  App. 1985) ("[A]ppellate decisions have uniformly required that an idea must be confidential and

8  novel to warrant protection.").  Plaintiffs fail to state a claim for multiple reasons.

9        Plaintiffs' alleged "Private Information"—names, email addresses, IP addresses, and

10  information related to "mental health," Compl. ¶ 1, is plainly not "novel."  *See Friedman v.*

11  *DirecTV*, 262 F. Supp. 3d 1000, 1006 (C.D. Cal. 2015) (construing "novelty" element of breach of

12  confidence claim as meaning something that "has never been done before"); *Tele-Count Eng'rs*,

13  214 Cal. Rptr. at 278 (protecting redesigned forms because they were "novel and unique").  Nor is

14  this alleged "Private Information" an "idea" upon which a breach of confidence claim can stand.

15  *Cf. Faris v. Engberg*, 158 Cal. Rptr. at 705 (addressing idea for television program); *Friedman*, 262

16  F. Supp. 3d at 1002 (idea for television networks); *Berkla v. Corel Corp.*, 302 F.3d 909, 913 (9th

17  Cir. 2002) (idea for proprietary software).

18        Plaintiffs' claim also fails because they allege an express contract regarding the treatment

19  of their confidential information, Compl. ¶¶ 185–91, and breach of confidence is a "tort . . . based

20  upon the concept of an *implied* obligation or contract between the parties."  *Berkla*, 302 F.3d at

21  917.  "[B]ecause Plaintiffs' breach of confidence claim is based on an express contract, Plaintiffs

22  fail to state a claim."  *Hyunh v. Quora, Inc.*, No. 18-CV-07597-BLF, 2019 WL 11502875, at *8

23  (N.D. Cal. Dec. 19, 2019).

24        Finally, even if an agreement to treat Plaintiffs' "Private Information" as confidential were

25  implied, Plaintiffs' claim still fails because Plaintiffs do not allege that they "indicated [their]

26  expectation of receiving compensation" in return for their information.  *See Faris*, 158 Cal. Rptr.

27  at 709 (dismissing claim where plaintiff's submission was not "an offer to sell something"); *cf.*

28  *Wilder v. CBS Corp.*, No. 2:12-CV-8961-SVW-RZ, 2016 WL 693070, at *1–2, 4 (C.D. Cal. Feb.

1  13, 2016) (protecting a pitch for talk show when plaintiff requested payment for the idea).

2  **8.  Plaintiffs' UCL Claim Fails (Count IV)**

3  California's Unfair Competition Law ("UCL") provides an equitable remedy for business

4  practices that are "(1) unlawful, (2) unfair, or (3) fraudulent." *Backhaut v. Apple, Inc.*, 74 F. Supp.

5  3d 1033, 1050 (N.D. Cal. 2014) (citing Cal. Bus. & Prof. Code § 17200).  A plaintiff must establish

6  (a) a loss or deprivation of money or property sufficient to qualify as injury in fact (*i.e.*, economic

7  injury) that (b) was the result of (*i.e.*, caused by) the unfair business practice or false advertising

8  that is the gravamen of the claim.  *Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 885 (Cal. 2011).

9  Plaintiffs' claim fails because they (i) lack statutory standing (as discussed *supra*); (ii) expressly

10  allege they are entitled to monetary relief; (ii) have not alleged any conduct that violates either the

11  unlawful or unfair prongs on which they rely; and (iv) cannot seek disgorgement or an injunction.

12  ***a.  Plaintiffs Fail to Allege They Lack an Adequate Remedy at Law***

13  "[T]he UCL provides only for equitable remedies," *Hodge v. Super. Ct.*, 51 Cal. Rptr. 3d

14  519, 523 (Cal. Ct. App. 2006), and thus Plaintiffs "must establish that [they] lack[] an adequate

15  remedy at law before securing equitable restitution for past harm under the UCL."  *Sonner v.*

16  *Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  Plaintiffs summarily allege that they

17  lack an adequate remedy at law, Compl. ¶ 202, but that assertion is contradicted by their other

18  claims, which seek monetary relief.  *Hayden v. Retail Equation Inc.*, No. SACV 20-01203-DOC-

19  DFM, 2023 WL 2629885, at *4 (C.D. Cal. Mar. 2, 2023) ("Plaintiffs' request for equitable

20  restitution is barred by *Sonner* since there is an adequate remedy at law under the Invasion of

21  Privacy claims.").

22  ***b.  Plaintiffs Fail to Allege Any Unlawful or Unfair Conduct***

23  Plaintiffs' claim also fails because they do not plausibly allege unlawful or unfair conduct

24  by BetterHelp.  Plaintiffs allege that BetterHelp is liable under the "unlawful" prong based on the

25  other causes of action asserted in the Complaint, Compl. ¶ 366, but as explained here, Plaintiffs

26  have not adequately alleged any predicate violation of law.  *See, e.g., Avila v. Countrywide Home*

27  *Loans*, No. 10-CV-05485-LHK, 2010 WL 5071714, at *6 (N.D. Cal. Dec. 7, 2010) (dismissing

28  UCL claim where plaintiff failed to state a claim that the underlying law had been violated).

1    Plaintiffs also contend that BetterHelp violated the "unfair" prong of the UCL, Compl.

2    ¶ 367, but fail to allege that BetterHelp's conduct "significantly threatens or harms competition"

3    by "threaten[ing] an incipient violation of an antitrust law, or violat[ing] the policy or spirit of one

4    of those laws," *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 544

5    (Cal. 1999), and thus the claim must be dismissed.[10]

6                    **c.    Plaintiffs Cannot Seek Any Relief Under the UCL**

7            "Only two forms of relief are available [under the UCL]: restitution and/or an injunction."

8    *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012).  *First*, Plaintiffs

9    seek "restitution" and "disgorgement," but do not plead facts showing they are entitled to such

10   relief.  "There are two types of disgorgement: restitutionary disgorgement, which *focuses on the*

11   *plaintiff's loss*, and nonrestitutionary disgorgement, which focuses on the defendant's unjust

12   enrichment" and is "*not* available in a UCL" action.  *In re Tobacco Cases II*, 192 Cal. Rptr. 3d 881,

13   899 (Cal. Ct. App. 2015).  As explained *supra*, Plaintiffs have not alleged that they lost any money

14   or property, so restitutionary disgorgement—the only form they can seek—is unavailable.  *Second*,

15   forward-looking injunctive relief is not available for the reasons above.  *See* Section IV.A.1, *supra*;

16   *Colgan v. Leatherman Tool Grp., Inc.*, 38 Cal. Rptr. 3d 36, 64 (Cal. Ct. App. 2006) ("Injunctive

17   relief will be denied if, at the time of the order of judgment, there is no reasonable probability that

18   the past acts complained of will recur, i.e., where the defendant voluntarily discontinues the

19   wrongful conduct.") (cleaned up); *Scripps Health v. Marin*, 85 Cal. Rptr. 2d 86, 93 (Cal. Ct. App.

20   1999) (holding there is "no equitable reason" to order injunctive relief "where the defendant has in

21   good faith discontinued the proscribed practice").

22                   **d.    The UCL Cannot Be Applied Extraterritorially**

23           The UCL does not apply extraterritorially and thus must be dismissed as to the non-

24   _____

     [10] "[T]he proper definition of 'unfair' conduct against consumers 'is currently in flux' among
25   California courts." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 866 (9th Cir. 2018).  But even under the
     other definition for unfair business practices—one that "offends an established public policy or
26   when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to
     consumers," *South Bay Chevrolet v. General Motors Acceptance Corp.*, 85 Cal. Rptr. 2d 301 (Cal.
27   Ct. App. 1999)— Plaintiffs fail to explain what "established public policy" was violated, or how
     sharing limited information for business purposes and as outlined in its privacy policy, constitutes
28   "immoral, unethical, oppressive, or substantially injurious" practice.  *See Teton Glob. Invs. LLC v.
     LC Inv. 2010*, No. 20-CV-01756-AJB-MSB, 2021 WL 5861565, at *3 (S.D. Cal. Aug. 11, 2021).

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

1   California resident Plaintiffs. *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1147 (N.D.

2   Cal. 2013) ("[T]he Supreme Court of California has clarified that state statutes like the UCL [and]

3   FAL . . . presumptively do not apply to occurrences outside California"). Here, the injuries alleged

4   by the non-California resident Plaintiffs occurred outside California, precluding applicability of

5   UCL to their claims. *Norwest Mortg., Inc. v. Super. Ct.*, 85 Cal. Rptr. 2d 18, 23, (Cal. Ct. App.

6   1999) (finding that the UCL does not reach "claims of non-California residents injured by conduct

7   occurring beyond California's borders.").

8                   **9.      Plaintiffs' False Advertising Claim Fails (Count IX)**

9           As discussed *supra*, Plaintiffs lack standing under California's False Advertising Law, Cal.

10   Bus. & Prof. Code § 17500, ("FAL") for the same reason they lack standing under the UCL. *See*

11   *Kwikset*, 246 P.3d at 884 (UCL and FAL standing requirements are identical). The FAL also does

12   not apply extraterritorially and must be dismissed as to the non-California Plaintiffs. *See Wilson*,

13   961 F. Supp. 2d at 1147; *Debono v. Cerebral Inc.*, No. 22-CV-03378-AGT, 2023 WL 300141, at

14   *2 (N.D. Cal. Jan. 18, 2023) (FAL claim against California company barred by presumption against

15   extraterritoriality).

16           Plaintiffs also fail to plead the elements of an FAL claim. Plaintiffs have not and cannot

17   allege that the statements on which they relied are "advertisements," which is the "underlying

18   element of a false advertising claim." *Balzer v. Wal-Mart Stores*, *Inc.*, No. CV 14-9779-JFW

19   (PJWx), 2015 WL 13828418, at *3 (C.D. Cal. Feb. 25, 2015). In *Lit'l Pepper Gourmet, Inc. v.*

20   *Airgas USA, LLC*, for example, the court dismissed an FAL claim based on statements in

21   defendant's terms and conditions, No. 19CV837-LAB (AGS), 2019 WL 6218780, at *5 (S.D. Cal.

22   Nov. 21, 2019), because "[f]inding for Plaintiff on this point would mean that nearly any false

23   statement connected with the sale of a product/service constitutes false advertising." *Id*. Similarly

24   here, BetterHelp's alleged statements communicated how users' information would be treated—

25   they were not advertisements. There is a "common sense difference between the communications

26   at issue [] and advertising," and the FAL claim should be dismissed. *Otashe Golden, M.D. v. Sound*

27   *Inpatient Physicians Med. Grp., Inc.*, No. 14-CV-00497-TLN-EFB, 2015 WL 8539034, at *5 (E.D.

28   Cal. Dec. 10, 2015).

1

### 10.    Plaintiffs' CLRA Claim Fails (Count X)

2       The Consumer Legal Remedies Act ("CLRA") prohibits certain "unfair methods of

3 competition and unfair or deceptive acts or practices listed in this subdivision undertaken by any

4 person in a transaction intended to result or that results in the sale or lease of goods or services to

5 any consumer." Cal. Civ. Code § 1770(a). "Relief under the CLRA is specifically limited to those

6 who suffer damage, making causation a necessary element of proof." *Wilens v. TD Waterhouse*

7 *Grp., Inc.*, 15 Cal. Rptr. 3d 271, 276 (Cal. Ct. App. 2003). Plaintiffs must prove (a) "a tangible

8 increased cost or burden" to them, and (b) that violation of the CLRA "caused them harm." *See In*

9 *re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 965 (S.D.

10 Cal. 2012). The CLRA only applies to a limited set of consumer transactions and is not a law of

11 "general applicability." *Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003).

12       As discussed *supra*, Plaintiffs' CLRA claim fails for lack of standing because they have not

13 plausibly alleged economic damage. Plaintiffs' CLRA claim must also be dismissed as to certain

14 Plaintiffs, because the CLRA does not apply extraterritorially. *See McKinnon v. Dollar Thrifty*

15 *Auto. Grp., Inc.*, No. 12-4457 SC, 2013 WL 791457 (N.D. Cal. Mar. 4, 2013) (presumption against

16 extraterritoriality applies to CLRA); *Debono*, 2023 WL 300141, at *2 (same). In addition, the

17 CLRA claim should be dismissed as to all remaining Plaintiffs, with the exception of Plaintiff Jane

18 Doe I, because they failed to comply with the CLRA's requirement that they provide written notice

19 to BetterHelp of the alleged CLRA violations. Cal. Civ. Code § 1782(a).[11]

20       Plaintiff L.M.'s CLRA claim must also be dismissed because she allegedly used a

21 promotional coupon, rather than her own funds, to pay for BetterHelp's service. Compl. ¶ 27.

22 Unlike the CLRA's definition of "goods," which include exchanging a coupon for tangible chattels,

23 the definition of "services"—which Plaintiffs contend applies here, Compl. ¶ 288—does not

24 contemplate consumers paying with coupons. *Compare* Cal. Civ. Code § 1761(a) ("'Goods' means

25 tangible chattels bought or leased for use primarily for personal, family, or household purposes,

26 including certificates or coupons exchangeable for these goods . . . .") *with id.* § 1761(b)

27

---

28 [11]   Although Plaintiff Jane Doe I provided notice, she has accepted BetterHelp's offer of judgment, *see* n.4, *supra*.

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT

("'Services' means work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods.").  Plaintiff L.M. did not engage in a transaction covered by the statute and her CLRA claim must be dismissed.

### 11.    Plaintiffs Fail to State a Claim for Negligence (Count I)

The elements of negligence under California law are: "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury."  *Evan F. v. Hughson United Methodist Church*, 10 Cal. Rptr. 2d 748, 752 (Cal. Ct. App. 1992).  Plaintiffs' claim fails for multiple reasons.

*First*, Plaintiffs' claim that BetterHelp's conduct violated its contractual obligations, Compl.  ¶¶ 185–95, and "tort law may not be used to supplant private contractual agreements[.]  [T]he failure to perform a contractual duty is not a tort, unless that failure involves an independent legal duty."  *In re iPhone Application Litig.*, 2011 WL 4403963, at *9; *see Stoops v. Abbassi*, 122 Cal. Rptr. 2d 747, 757 n.10 (Cal. Ct. App. 2002) (plaintiff "may not convert his contract cause of action into a tort").

*Second*, the economic loss rule bars negligence claims for economic losses unless Plaintiffs have "(1) personal injury, (2) physical damage to property, [or] (3) a 'special relationship' existing between the parties."  *Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys., Inc.*, 315 F. App'x 603, 605 (9th Cir. 2008).  Numerous courts have held that the economic loss rule bars cases where, like here, Plaintiffs allege supposed economic losses related to the sharing of their personal information.  *See In re iPhone Application Litig.*, 844 F. Supp. 2d at 1064; *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 973 (S.D. Cal. 2014); *In re Sony*, 903 F. Supp. 2d at 961–62; *Gardiner*, 2021 WL 2520103, at *8–9; *In re Google Android Consumer Priv. Litig.*, No. 11-MD-02264 JSW, 2013 WL 1283236, at *12–13 (N.D. Cal. Mar. 26, 2013).

*Third*, Plaintiffs' conclusory allegation that they have a "special relationship" with BetterHelp, Compl. ¶ 155, is not sufficient to establish a duty of care for a negligence claim. Plaintiffs do not allege that BetterHelp's conduct and relationship is unique to Plaintiffs—which is required to constitute a "special relationship"—as opposed to generally applicable to all customers. *See Gardiner*, 2021 WL 2520103, at *8-9 (no special relationship where plaintiff failed to allege

23

1   that defendant's conduct benefitted him "in a specific way that sets him apart" from other

2   consumers); *Greystone Homes, Inc. v. Midtec, Inc.*, 86 Cal. Rptr. 3d 196, 224 (Cal. Ct. App. 2008)

3   (no duty where conduct was "no different from any other purchaser of the same product"); *Ott v.*

4   *Alfa-Laval Agri, Inc.*, 37 Cal. Rptr. 2d 790, 801 (Cal. Ct. App. 1995) (same).

5         *Fourth*, Plaintiffs' "claim" for negligence *per se* must be dismissed.  Negligence *per se* is

6   an evidentiary presumption that allows a plaintiff to rely on the violation of a statute to prove lack

7   of due care—one element of negligence, Cal. Evid. Code § 669—and is "not an independent cause

8   of action," *Dent v. Nat'l Football League*, 902 F.3d 1109, 1117 (9th Cir. 2018); *see also Johnson*

9   *v. Honeywell Int'l Inc.*, 101 Cal. Rptr. 3d 726, 731 (Cal. Ct. App. 2009) (doctrine does not create a

10  "private right of action for violation of a statute").  The statutes on which Plaintiffs rely, Compl.

11  ¶ 167, do not create a duty of care.  *See Doe v. Meta Platforms, Inc.*, No. 22-CV-03580-WHO,

12  2023 WL 5837443 (N.D. Cal. Sept. 7, 2023) (holding that HIPAA and the FTC Act do not create

13  a duty and dismissing negligence *per se* claim).

14        **12.**    **Plaintiffs' Claims for Breach of Contract and Implied Contract Fail**
                   **(Counts III and IV)**

15
16        Plaintiffs allege that BetterHelp made certain representations regarding the use of customer

17  information (i) in its Privacy Policies, Compl. ¶¶ 57–61, and (ii) alleged statements made on its

18  website, *id.* ¶¶ 46–55, and allege generally that "[t]hese representations and promises formed the

19  basis" of "contracts with" BetterHelp.  Plaintiffs, however, allege that they "were never

20  affirmatively required to read or assent to the Privacy Policy before completing BetterHelp's Intake

21  Questionnaire or using the platform," Compl. ¶ 56, and do not otherwise allege that they agreed to

22  their terms.  *See Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 1202943, 2013 WL

23  12114762, at *18 (C.D. Cal. Oct. 8, 2013) ("Under California law, a valid contract is formed only

24  upon a manifestation of mutual assent.").  As to other alleged statements on BetterHelp's website,

25  Plaintiffs do not allege mutual assent or consideration.  *See Aton Ctr., Inc. v. United Healthcare*

26  *Ins. Co.*, 311 Cal. Rptr. 3d 564, 581 (Cal. Ct. App. 2023) ("[T]he vital elements of a cause of action

27  based on contract are mutual assent (usually accomplished through the medium of an offer and

28  acceptance) and consideration.").  Plaintiffs fail to allege the existence of a contract, and thus their

1    breach of contract claim must be dismissed.

2         Plaintiffs also fail to allege the existence of an implied contract.  Plaintiffs' claim is

3    predicated on *statements* made by BetterHelp, Compl. ¶¶ 46–61, but with an implied contract claim

4    "the promise is not expressed in *words* but is implied from the promisor's *conduct*."  *Yari v.*

5    *Producers Guild of Am., Inc.*, 73 Cal. Rptr. 3d 803, 811 (Cal. Ct. App. 2008); Cal. Civ. Code § 1621

6    ("An implied contract is one, the existence and terms of which are manifested by conduct.").

7    Plaintiffs have not alleged an agreement based on BetterHelp's conduct and this claim fails as well.

8         **13.     Plaintiffs Fail to State a Claim for Unjust Enrichment (Count XIII)**

9         Unjust enrichment applies only when "plaintiffs, having no enforceable contract,

10   nevertheless have conferred a benefit on defendant which defendant has knowingly accepted under

11   circumstances which make it inequitable for the defendant to retain the benefit without paying for

12   its value." *LeBrun v. CBS Television Studios, Inc.*, 283 Cal. Rptr. 3d 260, 269 (Cal. Ct. App. 2021).

13        Plaintiffs cannot maintain a claim for unjust enrichment because Plaintiffs allege that a

14   "valid express contract covering the same subject matter" exists, *Rutherford Holdings, LLC v. Plaza*

15   *Del Rey*, 166 Cal. Rptr. 3d 864, 872 (Cal. Ct. App. 2014); *see* Compl. ¶¶ 185–91, thus dismissal

16   "with prejudice is appropriate."  *Day v. GEICO Cas. Co.*, 580 F. Supp. 3d 830, 841 (N.D. Cal.

17   2022); *see also Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047, 1056–57 (N.D. Cal. 2021) (plaintiff

18   "must allege that the supposed contract between him and [defendant] was unenforceable or void").

19        Plaintiffs also fail to establish that they "lack[] an adequate remedy at law" to redress any

20   alleged past harm, which is required to bring a claim for unjust enrichment.  *Sonner*, 971 F.3d at

21   844; *see also In re Apple Processor Litig.*, No. 18-CV-00147-EJD, 2022 WL 2064975, at *11–12

22   (N.D. Cal. June 8, 2022).  Plaintiffs seek numerous legal remedies, thus dismissal is warranted.

23   **V.     CONCLUSION**

24        For the foregoing reasons, the Court should grant this Motion in its entirety.

25

26

27

28

1   Dated:  March 11, 2024                         Respectfully submitted,

2                                                  /s/ Quyen L. Ta
                                                   QUYEN L. TA (SBN 229956)
3                                                  qta@kslaw.com
                                                   **KING & SPALDING LLP**
4                                                  50 California Street
                                                   Suite 3300
5                                                  San Francisco, CA 94111
                                                   Telephone:      +1 (415) 318-1200
6                                                  Facsimile:      +1 (415) 318-1300

7                                                  JEFFREY HAMMER (SBN 264232)
                                                   jhammer@kslaw.com
8                                                  JAMES A. UNGER (SBN 325115)
                                                   junger@kslaw.com
9                                                  **KING & SPALDING LLP**
                                                   633 West Fifth Street
10                                                 Suite 1600
                                                   Los Angeles, CA 90071
11                                                 Telephone:      +1 (213) 443-4355
                                                   Facsimile:      +1 (213) 443-4310
12
                                                   Attorneys for Defendant
13                                                 BETTERHELP, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED CLASS ACTION COMPLAINT