UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BETTERHELP, INC. DATA DISCLOSURE CASES<br><br>This Document Relates To: All Cases/ | Case No. 23-cv-01033-RS<br><br>**ORDER DENYING MOTION TO STAY** |

The first of these consolidated actions was filed shortly after defendant BetterHelp, Inc. entered into a consent order with the Federal Trade Commission ("FTC"), providing for injunctive relief and a $7.8 million consumer redress fund that the FTC will be administering. The putative class action consolidated complaint closely tracks the allegations of the FTC's draft complaint underlying the consent order, although plaintiffs assert various claims not expressly advanced by the FTC. Invoking the primary jurisdiction doctrine and/or the court's inherent docket management powers, BetterHelp now moves to stay this action until the FTC has completed administration of the redress fund, or for at least six months.

As BetterHelp acknowledges, the primary jurisdiction doctrine is applied at the court's discretion, typically where deference to administrative expertise is warranted and/or uniformity of regulation is implicated. *See Syntek Semiconductor Co. v. Microchip Tech., Inc*., 307 F.3d 775, 781 (9th Cir. 2002) (The primary jurisdiction doctrine "is a prudential doctrine under which courts may, under appropriate circumstances, determine that the initial decisionmaking responsibility

should be performed by the relevant agency rather than the courts."). Here, the FTC *did* make the initial regulatory decisions when it initiated its investigation, culminating in the consent order. Although administration of the fund is ongoing and the FTC may make some additional determinations in connection with how that fund should be distributed, BetterHelp has not shown how the primary jurisdiction doctrine warrants delaying this action pending the FTC's resolution of any remaining issues.

Even assuming questions the FTC has yet to decide could have a bearing on the class certification issues here, the existing schedule does not call for plaintiffs to file their motion for class certification until April of 2025, nearly a year from now. Merits determinations in this case are even further out on the horizon.[1] There is no reason the litigation should not go forward now. Any subsequent developments in the FTC proceeding can be taken into account when the time comes.

For the same basic reasons, a stay is not warranted under the inherent case management powers of the court. Accordingly, the motion to stay is denied. Briefing on BetterHelp's motion to dismiss, paused during pendency of the stay motion, shall resume. Opposition is due April 25, 2024, with reply due May 2, 2024. The hearing will be set for May 16, 2024, subject to any subsequent determination that the motion will be submitted without oral argument, pursuant to Civil Local Rule 7-1(b), in which case notice to that effect will be provided.

---

[1] While BetterHelp's pending motion to dismiss advances potentially case-dispositive arguments, there is no suggestion that any of those issues would be implicated by what the FTC has done or might do. BetterHelp cannot contend that addressing its motion to dismiss rather than granting a stay will cause it undue prejudice.

**IT IS SO ORDERED**.

Dated: April 8, 2024

_____
RICHARD SEEBORG
Chief United States District Judge