QUYEN L. TA (SBN 229956)
qta@kslaw.com
**KING & SPALDING LLP**
50 California Street
Suite 3300
San Francisco, CA 94111
Telephone: +1 (415) 318-1200
Facsimile: +1 (415) 318-1300

LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
jhammer@kslaw.com
JAMES A. UNGER (SBN 325115)
junger@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**<br><br>This Document Relates To:<br><br>All Cases/ | Case No. 3:23-cv-01033-RS<br><br>**DEFENDANT BETTERHELP'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date: May 30, 2024<br>Time: 1:30 p.m.<br>Courtroom: 3 - 17th Floor<br>Judge: Hon. Richard J. Seeborg |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. THE COMPLAINT SHOULD BE DISMISSED ..... 1

A. PLAINTIFFS FAIL TO ESTABLISH STANDING ..... 1

1. Plaintiffs Do Not Allege Any Future Harm ..... 1

2. Plaintiffs Lack Statutory Standing for the UCL, FAL, and CLRA Claims (Counts IX, X, and XV) ..... 2

B. PLAINTIFFS' CLAIMS FAIL FOR ADDITIONAL REASONS ..... 3

1. Plaintiffs' Common Law Privacy Claims Fail (Count II and XI) ..... 3

2. Plaintiffs Fail to State a Claim Under the CMIA (Count XII) ..... 4

3. Plaintiffs Fail to State a Claim Under CIPA (Count VIII) ..... 5

4. Plaintiffs Fail to State a Claim Under the ECPA (Count VII) ..... 8

5. Plaintiffs Fail to State a Claim Under the CCPA (Count XIII) ..... 8

6. Plaintiffs Fail to State a Claim Under the CDAFA (Count XIV) ..... 9

7. Plaintiffs' Breach of Confidence Claim Fails (Count V) ..... 10

8. Plaintiffs' UCL Claim Fails (Count IV) ..... 11

9. Plaintiffs' False Advertising Claim Fails (Count IX) ..... 12

10. Plaintiffs' CLRA Claim Fails (Count X) ..... 13

11. Plaintiffs Fail to State a Claim for Negligence (Count I) ..... 14

12. Plaintiffs' Claims for Breach of Contract and Implied Contract Fail (Counts III and IV) ..... 15

13. Plaintiffs Fail to State a Claim for Unjust Enrichment (Count XIII) ..... 15

III. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACS Sys., Inc. v. St. Paul Fire & Marine Ins. Co.*,
53 Cal. Rptr. 3d 786 (Cal. Ct. App. 2007) ....................3

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ....................15

*Barbour v. John Muir Health*,
No. C22-01693 (Cal. Super. Ct. May 18, 2023) ....................7

*Barbour v. John Muir Health*,
No. C22-01693, 2023 WL 2618967 (Cal. Super. Ct. Jan. 5, 2023) ....................6, 7

*Bostick v. Gen. Motors, LLC*,
No. 5:19-CV-02451-VAP-SPx, 2020 WL 13283478 (C.D. Cal. July 22, 2020) ....................15

*B.K. v. Eisenhower Med. Ctr.*,
No. EDCV 23-2092 JGB (KKx), 2024 WL 878100 (C.D. Cal. Feb. 29, 2024) ....................4, 5

*C.M. v. MarinHealth Med. Grp., Inc.*,
No. 23-CV-04179-WHO, 2024 WL 217841 (N.D. Cal. Jan. 19, 2024) ....................2

*Cappello v. Walmart, Inc.*,
394 F. Supp. 3d 1015 (N.D. Cal. 2019) ....................2

*In re Carrier IQ, Inc.*,
78 F. Supp. 3d 1051 (N.D. Cal. 2015) ....................9

*Cody v. Ring LLC*,
No. 23-CV-00562-AMO, 2024 WL 735667 (N.D. Cal. Feb. 22, 2024) ....................5, 6

*Cousin v. Sharp Healthcare*,
No. 22-CV-2040-MMA-DDL, 2023 WL 8007350 (S.D. Cal. Nov. 17, 2023) ....................5

*Debono v. Cerebral Inc.*,
No. 22-CV-03378-AGT, 2023 WL 300141 (N.D. Cal. Jan. 18, 2023) ....................13

*Dent v. Nat'l Football League*,
902 F.3d 1109 (9th Cir. 2018) ....................14

*Doe v. Kaiser Found. Health Plan, Inc.*,
No. 23-CV-02865-EMC, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) ....................7, 8

*Doe v. Meta Platforms, Inc.*,
No. 22-CV-03580-WHO, 2023 WL 5837443 (N.D. Cal. Sept. 7, 2023) ....................2, 7

*Effinger v. Ancient Organics LLC*,
657 F. Supp. 3d 1290 (N.D. Cal. 2023) ........................................................................11

*Egbert v. Boule*,
596 U.S. 482 (2022)..........................................................................................................3

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ............................................................................................9

*Flores-Mendez v. Zoosk, Inc.*,
No. C 20-04929 WHA, 2021 WL 4553772 (N.D. Cal. Oct. 5, 2021) ..................................2

*In re Ford Tailgate Litig.*,
No. 11-CV-2953-RS, 2014 WL 1007066 (N.D. Cal. Mar. 12, 2014) ...................................11

*Garcia v. Build.com, Inc.*,
No. 22-CV-01985-DMS-KSC, 2023 WL 4535531 (S.D. Cal. July 13, 2023) .........................6

*Gardiner v. Walmart, Inc.*,
No. 20-CV-04618-JSW, 2021 WL 2520103 (N.D. Cal. Mar. 5, 2021)..................................14

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ..............................................................................5

*In re Google Inc. Gmail Litig.*,
No. 13-MD-02430–LHK, 2014 WL 1102660 (N.D. Cal. Mar. 18, 2014) ...............................8

*In re Google RTB Consumer Priv. Litig.*,
606 F. Supp. 3d 935 (N.D. Cal. 2022) ..............................................................................10

*In re Google, Inc. Priv. Pol'y Litig.*,
58 F. Supp. 3d 968 (N.D. Cal. 2014) ................................................................................3

*Grace v. Apple, Inc.*,
328 F.R.D. 320 (N.D. Cal. 2018).......................................................................................12

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ..............................................................................6

*Greenley v. Kochava, Inc.*,
No. 22-CV-01327-BAS-AHG, 2023 WL 4833466 (S.D. Cal. July 27, 2023) ......................6, 9

*Gutierrez v. Converse Inc.*,
No. 2:23-CV-06547-RGK-MAR, 2023 WL 8939221 (C.D. Cal. Oct. 27, 2023) .....................9

*Hammerling v. Google LLC*,
615 F. Supp. 3d. 1069 (N.D. Cal. 2022) ............................................................................4

*Heiting v. Taro Pharms. USA, Inc.*,
No. 2:23-CV-08002-SPG-E, 2023 WL 9319049 (C.D. Cal. Dec. 26, 2023) .................6, 9, 10

*J'Aire Corp. v. Gregory*,
598 P.2d 60 (Cal. 1979) .....14

*Jones v. Peloton Interactive, Inc.*,
No. 23-CV-1082-L-BGS, 2024 WL 1123237 (S.D. Cal. Mar. 12, 2024) .....6

*Katz-Lacabe v. Oracle Am. Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) .....2

*Katzberg v. Regents of Univ. of Cal.*,
58 P.3d 339 (Cal. 2002) .....3

*Kulp v. Munchkin, Inc.*,
678 F. Supp. 3d 1158 (C.D. Cal. 2023) .....12

*Licea v. Am. Eagle Outfitters*,
659 F. Supp. 3d 1072 (C.D. Cal. Mar. 7, 2023).....5

*Lit'l Pepper Gourmet, Inc. v. Airgas USA, LLC*,
No. 19-CV-837-LAB (AGS), 2019 WL 6218780 (S.D. Cal. Nov. 21, 2019).....12

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) .....3

*MacKinnon v. Dollar Thrifty Auto. Grp., Inc.*,
No. 12-4457 SC, 2013 WL 791457 (N.D. Cal. Mar. 4, 2013).....13

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021).....6

*Matera v. Google Inc.*,
No. 15-CV-04062, 2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) .....6

*McCoy v. Alphabet, Inc.*,
No. 20-CV-05427-SVK, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021).....9

*McKinney v. Corsair Gaming, Inc.*,
646 F. Supp. 3d 1133 (N.D. Cal. 2022) .....12, 13

*MH Pillars LTD v. Realini*,
No. 15-CV-1383-PJH, 2017 WL 916414 (N.D. Cal. Mar. 8, 2017).....13

*Moody v. Hot Topic, Inc.*,
No. EDCV-23-0447 JGB (SPx), 2023 WL 9511159 (C.D. Cal. Nov. 15, 2023).....15

*Moore v. Rodriguez*,
No. 20-CV-01481-BAS-BGS, 2021 WL 2222590 (S.D. Cal. June 2, 2021) .....3

*Mortg. Elec. Registration Sys., Inc. v. Koeppel*,
No. 5:18-CV-03443-EJD, 2020 WL 1233925 (N.D. Cal. Mar. 13, 2020) .....3, 4, 11, 13

*Orellana v. Mayorkas*,
6 F.4th 1034 (9th Cir. 2021) ....................7

*Otashe Golden, M.D. v. Sound Inpatient Physicians Med. Grp., Inc.*,
No. 14-CV-00497-TLN-EFB, 2015 WL 8539034 (E.D. Cal. Dec. 11, 2015) ....................12, 13

*Perkins v. LinkedIn Corp.*,
53 F. Supp. 3d 1190 (N.D. Cal. 2014) ....................9

*Philips v. Ford Motor Co.*,
No. 14-CV-02989-LHK, 2015 WL 4111448 (N.D. Cal. July 7, 2015) ....................10

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022) ....................7, 8

*Potter v. Chevron Prod. Co.*,
No. 17-CV-06689-PJH, 2018 WL 4053448 (N.D. Cal. Aug. 24, 2018) ....................14

*Regents of Univ. of Cal. v. Super. Ct.*,
163 Cal. Rptr. 3d 205 (Cal. Ct. App. 2013) ....................5

*Reid v. Johnson & Johnson*,
780 F.3d 952 (9th Cir. 2015) ....................2

*Rice-Sherman v. Big Heart Pet Brands, Inc.*,
No. 19-CV-03613-WHO, 2020 WL 1245130 (N.D. Cal. Mar. 16, 2020) ....................11

*Rodriguez v. Google LLC*,
No. 20-CV-04688-RS, 2021 WL 2026726 (N.D. Cal. May 21, 2021) ....................9, 10

*Santoro v. Tower Health*,
No. 22-CV-4580, 2024 WL 1773371 (E.D. Pa. Apr. 24, 2024) ....................4

*In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*,
613 F. Supp. 3d 1284 (S.D. Cal. 2020) ....................2, 5

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
903 F. Supp. 2d 942 (S.D. Cal. 2012) ....................14

*Stasi v. Inmediata Health Grp. Corp.*,
501 F. Supp. 3d 898 (S.D. Cal. 2020) ....................8

*Summit Est., Inc. v. Cigna Healthcare of Cal., Inc.*,
No. 17-CV-03871-LHK, 2017 WL 4517111 (N.D. Cal. Oct. 10, 2017) ....................11

*Sussman v. Am. Broad. Cos., Inc.*,
186 F.3d 1200 (9th Cir. 1999) ....................8

*Sutter Health v. Super. Ct.*,
174 Cal. Rptr. 3d 653 (Cal. Ct. App. 2014) ....................5

*Valentine v. NebuAd, Inc.*,
804 F. Supp. 2d 1022 (N.D. Cal. 2011) ....................7

*Vigil v. Muir Med. Grp. IPA, Inc.*,
300 Cal. Rptr. 3d 32 (Cal. Ct. App. 2022) ....................5

*VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*,
673 F. Supp. 2d 1073 (E.D. Cal. 2009) ....................12

*Williams v. Apple, Inc.*,
449 F. Supp. 3d 892 (N.D. Cal. 2020) ....................2

*Williams v. What If Holdings, LLC*,
No. C 22-03780 WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ....................5

*Wilson v. Rater8, LLC*,
No. 20-CV-1515-DMS-LL, 2021 WL 4865930 (S.D. Cal. Oct. 18, 2021) ....................4, 5

*In re Yahoo Inc. Customer Data Sec. Breach Litig.*,
313 F. Supp. 3d 1113 (N.D. Cal. 2018) ....................14

*In re Yahoo Mail Litig.*,
308 F.R.D. 577 (N.D. Cal. 2015) ....................7

*Zapata Fonseca v. Goya Foods Inc.*,
No. 16-CV-02559-LHK, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ....................11

**Statutes**

18 U.S.C. § 2511 ....................7

Cal. Bus. & Prof. Code § 17200 ....................11

Cal. Bus. & Prof. Code § 17500 ....................12, 13

Cal. Civ. Code § 56.05 ....................4

Cal. Civ. Code § 56.06 ....................4

Cal. Civ. Code § 56.13 ....................4

Cal. Civ. Code § 1761 ....................13

Cal. Civ. Code § 1798.150 ....................8

**Other Authorities**

California Constitution ....................1, 3

5 Witkin, Cal. Proc. § 803 (5th ed. 2008) ....................11

# I. INTRODUCTION

Plaintiffs' Opposition cites inapposite authority, concedes many of BetterHelp's arguments by not addressing them, and fails to explain the absence of specific allegations about how Plaintiffs' information was disclosed. Plaintiffs also fail to confront the fundamental problem with the Consolidated Class Action Complaint ("Complaint" or "Compl.")—that it asserts a grab bag of causes of action that are simply inapplicable to BetterHelp's alleged conduct. The gravamen of the Complaint is that Plaintiffs object to the use of data they voluntarily provided to BetterHelp. Yet the Complaint seeks to apply claims that were designed to address data breaches (i.e., a security failure), hacking, false advertising, and numerous other scenarios that are not alleged to have occurred here. Further, Plaintiffs untenably stretch the law in attempts to, for example, seek relief to which they are not entitled; apply non-retroactive statutes retroactively; apply California statutes that are not extraterritorial to non-California plaintiffs; and plead both contract claims and claims that can only be pled in the absence of a contract, simultaneously. In attempting to plead every conceivable cause of action that could be pled by any California consumer or any computer-user, no matter how inapplicable to the facts at issue, Plaintiffs have failed to state a claim for relief. This Court should therefore dismiss the Complaint with prejudice.[1]

# II. THE COMPLAINT SHOULD BE DISMISSED

## A. PLAINTIFFS FAIL TO ESTABLISH STANDING

### 1. Plaintiffs Do Not Allege Any Future Harm

Plaintiffs fail to allege any *future* harm and thus lack standing to seek injunctive or declaratory relief for their claims under the Unfair Competition Law ("UCL") and the California Constitution. Opp. 6–7. Plaintiffs' Opposition claims that third parties "continue to maintain and

---

[1] Contrary to Plaintiffs' assertion, BetterHelp accurately described the allegations in the Complaint. *See* Opp. 5–6. The Complaint introduces BetterHelp as a company offering "online mental health counseling services," Compl. ¶ 37, and alleges that BetterHelp used third-party services to "optimize" its consumer outreach, *id.* at ¶¶ 62–97, and "improve its marketing and advertising," *id.* at ¶ 96. And the Complaint repeatedly admits that BetterHelp's privacy policies stated that BetterHelp would "*disclose*[] users' email addresses, IP addresses, enrollment in the Service, and intake questionnaire responses for certain purposes." *Id.* ¶ 57; *see also id.* ¶¶ 58–60 (acknowledging that the privacy policies state BetterHelp would disclose user information to third parties).

use [Plaintiffs'] information without restriction," Opp. 6, but the Complaint does not allege any imminent future injuries based on BetterHelp's ongoing conduct, *see* Compl. ¶¶ 89–97 (referring only to past alleged disclosures), nor could Plaintiffs plausibly do so, as no Plaintiff continues to use BetterHelp's services, *see id.* ¶¶ 24–31. "[M]ere allegations of *possible* future injury" as a result of third parties' conduct are insufficient to confer standing as to BetterHelp. *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 906 (N.D. Cal. 2020) (quotation omitted); Mot. 4–5.

### 2. Plaintiffs Lack Statutory Standing for the UCL, FAL, and CLRA Claims (Counts IX, X, and XV)

Plaintiffs do not allege an economic injury sufficient to confer standing under the UCL, False Advertising Law ("FAL"), and Consumers Legal Remedy Act ("CLRA"). *See Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). As this Court has held in distinguishing cases on which Plaintiffs rely, "[t]he weight of the authority in the district and the state" indicates "that the mere misappropriation of personal information does not establish compensable damages." *Katz-Lacabe v. Oracle Am. Inc.*, 668 F. Supp. 3d 928, 943 (N.D. Cal. 2023) (Seeborg, J.) (citation omitted) (collecting cases); *accord Doe v. Meta Platforms, Inc.*, No. 22-CV-03580-WHO, 2023 WL 5837443, at *16 (N.D. Cal. Sept. 7, 2023) (citing *Katz-Lacabe*). Plaintiffs also cite *In re Solara Medical. Supplies, LLC Customer Data Sec. Breach Litigation*, 613 F. Supp. 3d 1284, 1301 (S.D. Cal. 2020) and *Cappello v. Walmart, Inc.*, 394 F. Supp. 3d 1015, 1020 (N.D. Cal. 2019), but—contrary to Plaintiffs' assertion, Opp. 7—neither case held that granting "unauthorized access" to personal information established an economic injury for standing purposes. And even if Plaintiffs' information had lost value, it would not confer standing where they failed to allege that they would sell their information themselves or that BetterHelp has impaired their ability to do so. *See Flores-Mendez v. Zoosk, Inc.*, No. C 20-04929 WHA, 2021 WL 4553772, at *2 (N.D. Cal. Oct. 5, 2021); *see also C.M. v. MarinHealth Med. Grp., Inc.*, No. 23-CV-04179-WHO, 2024 WL 217841, at *2 (N.D. Cal. Jan. 19, 2024) (noting plaintiffs' "incongruous" claims that no third party should have their information but plaintiffs should be able to derive economic value from it).

Plaintiffs also fail to address BetterHelp's argument, Mot. 6–7, that the Complaint does not establish standing under a benefit of the bargain theory because it fails to allege that Plaintiffs paid

a premium based on the representations. Mot. 6–7 (citing cases); *Mortg. Elec. Registration Sys., Inc. v. Koeppel*, No. No. 5:18-CV-03443-EJD, 2020 WL 1233925, at *3 (N.D. Cal. Mar. 13, 2020) ("'[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'") (alteration in original). Plaintiffs lack standing to pursue these claims under either theory.

### B. PLAINTIFFS' CLAIMS FAIL FOR ADDITIONAL REASONS

#### 1. Plaintiffs' Common Law Privacy Claims Fail (Count II and XI)

Plaintiffs' privacy claims must be dismissed. Plaintiffs' claim under the California Constitution must be dismissed because they have not established standing as necessary for injunctive relief, *supra* Section II.B.1, and damages are unavailable. *See Moore v. Rodriguez*, No. 20-CV-01481-BAS-BGS, 2021 WL 2222590, at *20 (S.D. Cal. June 2, 2021). Plaintiffs "suggest[] damages are available," Opp. 8 n.4, but cite only *Katzberg v. Regents of Univ. of Cal.*, 58 P.3d 339, 347, 350 (Cal. 2002), in which the court expressly declined to address whether "the privacy clause of the state Constitution may support a cause of action for damages," *id.* at 347 n.13; *see also Egbert v. Boule*, 596 U.S. 482, 491, 501 (2022) ("[W]e have emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity.").

Plaintiffs' claims also fail because they allege that BetterHelp *disclosed* their information, *see, e.g.*, Compl. ¶¶ 1–2, but a claim for invasion of privacy requires an *intrusion*. *See In re Google, Inc. Priv. Pol'y Litig.*, 58 F. Supp. 3d 968, 987 (N.D. Cal. 2014) (plaintiff must allege "intrusion into a private place, conversation or matter"); *ACS Sys., Inc. v. St. Paul Fire & Marine Ins. Co.*, 53 Cal. Rptr. 3d 786, 793–95 (Cal. Ct. App. 2007) (explaining difference between intrusion and disclosure). Plaintiffs ignore, and thus concede, BetterHelp's argument establishing that alleged disclosure of information is not sufficient to state a claim for invasion of privacy. *See* Mot. 8; *Mortg. Elec. Registration Sys.*, 2020 WL 1233925, at *3. There also was no intrusion because Plaintiffs *voluntarily* provided BetterHelp with their information. Because Plaintiffs freely shared their information with BetterHelp, there can be no claims for invasion of privacy, *see* Mot. 8, and Plaintiffs cite no authority to the contrary.

Plaintiffs also fail to clear the "high bar" set for an invasion of privacy claim. *See Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). Use of the complained-of technologies—even on healthcare-related websites and government pages—is "routine commercial behavior" that defeats any allegation that such conduct is "highly offensive." *Hammerling v. Google LLC*, 615 F. Supp. 3d. 1069, 1090 (N.D. Cal. 2022); *see also Santoro v. Tower Health*, No. 22-CV-4580, 2024 WL 1773371, at *1 (E.D. Pa. Apr. 24, 2024) ("These days, it is widely understood that when browsing websites, your behavior may be tracked, studied, shared, and monetized.").

### 2. Plaintiffs Fail to State a Claim Under the CMIA (Count XII)

BetterHelp is not subject to the CMIA because it meets none of the statutory definitions of "provider of healthcare" alleged by Plaintiffs. Compl. ¶¶ 320–22 (alleging that Cal. Civ. Code §§ 56.06(a), (b), (d), or 56.13 apply to BetterHelp). BetterHelp (i) does not meet the statutory definitions in §56.06(a) and (b) because there are no allegations that it is "organized for the purpose of maintaining medical information," §56.06(a), or "offer[s] software or hardware to consumers . . . designed to maintain medical information," § 56.06(b); (ii) is not subject to Section 56.06(d)'s definition of a "mental health digital service," since that term was added in January 1, 2023, well after the complained-of conduct occurred, and the term does not apply retroactively; and (iii) is not subject to Section 56.13 because Plaintiffs do not allege that BetterHelp received any medical information through a CMIA authorization or from a provider of health care for one of the purposes set out in the statute. *See* Mot. 9–10 (citing authority). Plaintiffs fail to address, and thus concede, these arguments. *See* Opp. 11–13; *Mortg. Elec. Registration Sys.*, No. 5:18-cv-03443-EJD, 2020 WL 1233925, at *3. Plaintiffs assert that BetterHelp is a "covered entity" and the CMIA therefore applies. Opp. 11–12. BetterHelp disputes that it is a HIPAA-covered entity, but in any event the CMIA only applies to "provider[s] of health care" that meet one of its statutory definitions. Plaintiffs' conclusory (and incorrect) allegation that BetterHelp is covered by HIPAA does not save their claim.

Plaintiffs also fail to allege that BetterHelp disclosed their "substantive" medical information. *Wilson v. Rater8, LLC*, No. 20-CV-1515-DMS-LL, 2021 WL 4865930, at *4 (S.D.

Cal. Oct. 18, 2021). Plaintiffs' general allegations about what a hypothetical customer "would . . . be asked" on BetterHelp's website, Compl. ¶¶ 40–45, are insufficient to state a claim. *See B.K. v. Eisenhower Med. Ctr.*, No. EDCV 23-2092 JGB (KKx), 2024 WL 878100, at *4 (C.D. Cal. Feb. 29, 2024) (dismissing CMIA claim based on complaint "replete with conjectures and hypothetical scenarios and patients"). Plaintiffs allege only that they were required to enter "confidential, private, and sensitive personal and health information" and "provided [their] Private Information," Compl. ¶¶ 24–31, 45, without including any allegations that such information was "medical information" within the meaning of § 56.05(j). *See B.K.*, 2024 WL 878100, at *4 (holding that the "lack of specificity as to the alleged medical records" was fatal to CMIA claim).

Finally, Plaintiffs' vague assertion that their information was "accessed, removed, and viewed by unauthorized third parties," Compl. ¶ 332, is insufficient to establish that any unauthorized person viewed their medical information. *See id.* at *4. Plaintiffs' cases to the contrary are unavailing. *Cousin v. Sharp Healthcare*, No. 22-CV-2040-MMA-DDL, 2023 WL 8007350 (S.D. Cal. Nov. 17, 2023), has been vacated and the plaintiffs in *In re Solara Medical Supplies*, 613 F. Supp. 3d at 1299, attached to their complaint letters from the defendant indicating that the plaintiffs' information had been exposed in a data breach. Neither case addresses the CMIA's statutory requirement that the information be viewed by an "unauthorized *person*." *See Sutter Health v. Super. Ct.*, 174 Cal. Rptr. 3d 653, 661 (Cal. Ct. App. 2014) (emphasis added) (dismissing CMIA claim "because there [was] no allegation that an unauthorized person has viewed the records"); *Vigil v. Muir Med. Grp. IPA, Inc.*, 300 Cal. Rptr. 3d 32, 37, 47 (Cal. Ct. App. 2022) (CMIA liability predicated on whether each class member's information was "*actually viewed*") (emphasis in original). Plaintiffs cannot allege that an "unauthorized individual" viewed their information, and thus their CMIA claim must be dismissed. *See Regents of Univ. of Cal. v. Super. Ct.*, 163 Cal. Rptr. 3d 205, 221 (Cal. Ct. App. 2013).

**3. Plaintiffs Fail to State a Claim Under CIPA (Count VIII)**

Plaintiffs' CIPA claim also fails. Opp. 13–16. *First*, CIPA's first clause, prohibiting intentional wiretapping "with any telegraph or telephone wire," does not apply to internet communications. *Licea v. Am. Eagle Outfitters*, 659 F. Supp. 3d 1072, 1079 (C.D. Cal. Mar. 7,

2023); *accord Cody v. Ring LLC*, No. 23-CV-00562-AMO, 2024 WL 735667, at *3 (N.D. Cal. Feb. 22, 2024); *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 825–26 (N.D. Cal. 2020); *Matera v. Google Inc.*, No. 15-CV-04062, 2016 WL 8200619, at *18 (N.D. Cal. Aug. 12, 2016); *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021); *Greenley v. Kochava, Inc.*, No. 22-CV-01327-BAS-AHG, 2023 WL 4833466, at *16 (S.D. Cal. July 27, 2023).

*Second*, Plaintiffs allege that the third parties were acting for BetterHelp's benefit by gathering "valuable analytics and marketing insights" in order to increase its "subscribers, revenues, and profits." Compl. ¶¶ 62, 96. In other words, these third parties were allegedly acting as vendors for BetterHelp, and thus BetterHelp could not have aided and abetted their conduct.[2] *See Garcia v. Build.com, Inc.*, No. 22-CV-01985-DMS-KSC, 2023 WL 4535531, at *5 (S.D. Cal. July 13, 2023); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021); *Jones v. Peloton Interactive, Inc.*, No. 23-CV-1082-L-BGS, 2024 WL 1123237, at *3 (S.D. Cal. Mar. 12, 2024); *Cody*, 2024 WL 735667, at *3. Plaintiffs claim that these cases involve a different technology, Opp. 14, but do not dispute that the technologies at issue here lead to the same conclusion.

*Third*, Plaintiffs fail to allege that BetterHelp "knowingly" facilitated the third parties' alleged misconduct, which is necessary to state a claim for aiding and abetting third parties' alleged misconduct. *See Heiting v. Taro Pharms. USA, Inc.*, No. 2:23-CV-08002-SPG-E, 2023 WL 9319049, at *6 (C.D. Cal. Dec. 26, 2023). Plaintiffs cite to Paragraphs 70–72, 87 of the Complaint, *see* Opp. 14, but those paragraphs do not allege BetterHelp's knowledge.

*Fourth*, Plaintiffs fail to allege that their information was "intercept[ed]" while "in transit." Plaintiffs allege that "[o]nce the webpage is loaded into the patient's browser, the pixel software waits for the user to communicate information via a GET Request, which duplicates that GET Request on dispatch and directs it to a third-party server" as a "second transmission," *id.* ¶¶ 82–83; *see also id.* ¶ 262, *i.e.*, there is an alleged subsequent transmission to the third party, not a real-time interception as required under CIPA. *See Barbour v. John Muir Health*, No. C22-01693, 2023 WL

[2] Plaintiffs do not dispute that BetterHelp—as a party to the communication—cannot be held liable for violating CIPA. *See* Mot. 11 n.7

2618967, at *5 (Cal. Super. Ct. Jan. 5, 2023) (dismissing CIPA claim against healthcare provider because "the duplication and sending of Facebook's secret code happens after the request reaches its destination [the hospital's server]," and thus "Plaintiffs have not alleged Defendant's 'interception' while 'in transit'"). Plaintiffs cannot cure their concession with the conclusory allegation that the pixel is the same as a "traditional wiretap," *see Orellana v. Mayorkas*, 6 F.4th 1034, 1043 (9th Cir. 2021), or by pointing to arguments made by Meta in a different lawsuit involving different allegations. Opp. 14. The later decision in *Barbour* also does not help Plaintiffs. *See* Opp. 15 n. 7 (citing *Barbour v. John Muir Health*, No. C22-01693 (Cal. Super. Ct. May 18, 2023), Dkt. 102-1 at 8). That decision analyzed *new post-amendment* allegations but did not revisit its conclusion that earlier allegations—like those here—that the pixel operated through "a separate and subsequent retransmission" did not establish an interception in transit. *Barbour*, Dkt. 102-1 at 8; Compl. ¶ 83 (alleging a "second transmission").

*Fifth*, the presumption against extraterritoriality bars Plaintiffs' claims under CIPA and other California statutes. In addition to the legislative intent to protect Californians, Mot. 14, CIPA contains express geographical bounds limiting liability to intercepting communications "sent from, or received *at any place within this state*." *Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-CV-02865-EMC, 2024 WL 1589982, at *12–13 (N.D. Cal. Apr. 11, 2024) (quoting CIPA § 631) (holding that "only a California plaintiff can bring a CIPA claim"); *see also In re Yahoo Mail Litig.*, 308 F.R.D. 577, 605 (N.D. Cal. 2015) (holding that legislature's "intent was to 'protect the right of privacy of the people of this state'"). Plaintiffs' cases are inapposite. In *Doe v. Meta Platforms, Inc.*, the allegations focused on the "design and marketing of the Pixel technology and development and implementation of [Meta's] Terms of Service," which allegedly occurred in California. 2023 WL 5837443, at *6. And in *Valentine v. NebuAd, Inc.*, 804 F. Supp. 2d 1022, 1024 (N.D. Cal. 2011), plaintiffs alleged that their communications were routed to and analyzed at the defendant's California headquarters. Here, the non-California Plaintiffs allege that they were injured in states other than California and that the "data transfers" at issue took place on Plaintiffs' browsers (outside of California) and in servers across the country—not California. Compl. ¶¶ 24–31, 63–65, 151.

### 4. Plaintiffs Fail to State a Claim Under the ECPA (Count VII)

The ECPA's "crime-tort" exception, Opp. 16–17, does not apply here because Plaintiffs have not (and cannot) allege a "criminal or tortious purpose . . . separate and independent from the act of the recording [i.e., the act of interception]." 18 U.S.C. § 2511; *Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022) (holding that the defendant's use of secret recordings to "destroy Planned Parenthood" did not satisfy the crime-tort exception); *see also id.* ("A recording has a criminal or tortious purpose . . . when 'done for the purpose of facilitating some further impropriety, such as blackmail.'") (quoting *Sussman v. Am. Broad. Cos., Inc.*, 186 F.3d 1200, 1202 (9th Cir. 1999)). The alleged tortious collection of personal information or alleged violation of "HIPAA's criminal prohibitions against disclosing 'individually identifiable health information' without authorization," Opp. 17, do not satisfy the crime-tort exception because these acts are inseparable from the alleged act of interception. In the recent decision in *Doe v. Kaiser Foundation Health Plan, Inc.*, 2024 WL 1589982, at *10, the court rejected the same arguments that Plaintiffs raise here, holding that the alleged use of tracking technologies "for the purpose of violating HIPAA, a criminal act," or "to tortiously collect personal information without consent or compensation" for marketing purposes did not satisfy the crime-tort exception because "the act of interception itself cannot be the crime or the tort." *Id.*

Plaintiffs allege that the purpose of using third-party technologies was to "increase [BetterHelp's] revenues and profits," Compl. ¶ 96, but the crime-tort exception simply does not apply in cases where a defendant's alleged purpose is "to make money," *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 1102660, at *18 n.13 (N.D. Cal. Mar. 18, 2014), or some other non-criminal or non-tortious purpose, *see Kaiser Found. Health Plan, Inc.*, 2024 WL 1589982 at *10 (collecting information "for market research and consumer analysis" does not satisfy crime-tort exception); *Newman*, 51 F.4th at 1136 n.8 ("fundraising is not a criminal or tortious purpose" and thus does not satisfy crime-tort exception).

### 5. Plaintiffs Fail to State a Claim Under the CCPA (Count XIII)

Plaintiffs fail to offer any support for their assertion that the CCPA—which by its terms applies to "Personal Information Security Breaches," Cal. Civ. Code § 1798.150—applies here,

where there is no alleged data breach. *See* Opp. 17–18. The lone case Plaintiffs cite, *Stasi v. Inmediata Health Group Corp.*, 501 F. Supp. 3d 898 (S.D. Cal. 2020), is a data breach case where the harm alleged was due to the defendant's failure to implement and maintain reasonable security measures. Here, the alleged harm is *not* the result of a security breach and the CCPA claim must be dismissed. *See McCoy v. Alphabet, Inc.*, No. 20-CV-05427-SVK, 2021 WL 405816, at *8 (N.D. Cal. Feb. 2, 2021) (dismissing claim where "there are no allegations of a security breach").

**6. Plaintiffs Fail to State a Claim Under CDAFA (Count XIV)**

Plaintiffs' claim under CDAFA—a statute intended to prevent hacking, not the unauthorized disclosure of information to third parties—does not allege unauthorized access to Plaintiffs' computer systems as required to state a claim. *See* Opp. 18–20. "While [CDAFA] has been extended by some district courts outside of the traditional hacking realm, those courts have still required allegations that a defendant in some way caused output from the function of a computer, without the owner's permission." *Heiting*, 2023 WL 9319049, at *6. Here, Plaintiffs allege that the interactions took place on BetterHelp's own platform and fail to explain how BetterHelp "provid[ed] a means of accessing" Plaintiffs' computers as required under CDAFA, and thus their claim fails. *Id.*; *see also Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1217 (N.D. Cal. 2014) (CDAFA claim dismissed where no unauthorized bypass of barriers); *Gutierrez v. Converse Inc.*, No. 2:23-CV-06547-RGK-MAR, 2023 WL 8939221, at *4 (C.D. Cal. Oct. 27, 2023) (CDAFA claim dismissed because "[w]hile Plaintiff use[d] the nefarious-sounding terms 'intercepts' and 'diverts,' she [did] not suggest that Defendant overcame any barriers in doing so").

Plaintiffs' cases are distinguishable. *See* Opp. 19. In *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020), the plaintiffs "allege[d] that Facebook would 'hack its way past data protection software' to 'bypass[] security settings for the purpose of gathering intelligence' on the users' real-time searches," *id.* at 605 (alteration in original), but there is no such hacking allegation here. Likewise, in *Greenley v. Kochava*, the defendant allegedly "boast[ed] an end-run around Apple's privacy framework" by "'actively collect[ing] [device tracking data], even after a consumer thinks [he has] disabled all tracking by apps on an iPhone.'" 2023 WL 4833466 at *14 (alterations in original). And in *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051 (N.D. Cal. 2015),

the court relied on the fact that the software at issue was designed to render ineffective any barriers Plaintiffs might use to prevent access. *Id.* at 1101. This Court's decision in *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2021 WL 2026726 (N.D. Cal. May 21, 2021), is also distinguishable because in that case the plaintiffs "alleged Google's knowing access to, and unpermitted taking of, plaintiffs' app activity data," *id.* at *7, whereas here, Plaintiffs allege that that the information users voluntarily shared with BetterHelp via BetterHelp's own platform was disclosed to third parties, not that BetterHelp invaded Plaintiff's computer system.

Plaintiffs also fail to plead damages under CDAFA. Plaintiffs argue that the allegation of loss of control over personal data suffices. *See* Opp. 20. But "such an injury" is not "contemplated by CDAFA." *Heiting*, 2023 WL 9319049, at *7. Instead, "the majority of courts to consider the issue" have held that "CDAFA's private right of action contemplates some damage to the computer system, network, program, or data contained on that computer, as opposed to data generated by a plaintiff while engaging with a defendant's website." *Id.* Plaintiffs have not alleged any damages of this nature, and thus their CDAFA claim fails.

**7. Plaintiffs' Breach of Confidence Claim Fails (Count V)**

Plaintiffs fail to respond to the argument that a breach of confidence claim in California protects novel *ideas*, not personal *information*. Mot. 18. Because Plaintiffs' "Private Information" is not a novel "idea," Plaintiffs' claim must be dismissed.

The idea must also be—as Plaintiffs concede—both "confidential *and novel*," Opp. 20 (emphasis added), but Plaintiffs fail to allege the personal information at issue is novel in any respect. Plaintiffs cite *In re Google RTB Consumer Priv. Litig.*, 606 F. Supp. 3d 935 (N.D. Cal. 2022), but that case involved "the combination and totality of various different categories of [] personal information" that "ma[de] such disclosure novel," *id.* at 948, which Plaintiffs do not allege here. Regardless, *In re Google RTB* is an outlier from the weight of authority, which holds that the tort of breach of confidence protects novel ideas, not personal information, and which Plaintiffs fail to address. *See* Mot. 18. Additionally, Plaintiffs maintain that an expectation of receiving compensation is not an element of the claim, Opp. 20, but courts routinely analyze a plaintiff's

expectation of payment as a relevant to determine whether information is novel and subject to protection. *See* Mot. 18.

**8. Plaintiffs' UCL Claim Fails (Count IV)**

"A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015); Cal. Bus. & Prof. Code § 17200. Plaintiffs argue that they may seek equitable relief in the alternative based upon the same factual allegations, Opp. 21–22, but "where [an equitable claim] relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action." *In re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014); *accord Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-CV-03613-WHO, 2020 WL 1245130, at *14 (N.D. Cal. Mar. 16, 2020). "Should plaintiffs ultimately be unable to recover under either a contract or tort theory, it does not mean a legal remedy was unavailable," justifying an equitable remedy, "but only that their claim lacks merit." *In re Ford*, 2014 WL 1007066, at *5; *see also Zapata Fonseca v. Goya Foods Inc.*, No. 16-CV-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) ("These statements in *Phillips* and *In re Ford* are consistent with well-established U.S. Supreme Court and Ninth Circuit precedent."); *Summit Est., Inc. v. Cigna Healthcare of Cal., Inc.*, No. 17-CV-03871-LHK, 2017 WL 4517111, at *12 (N.D. Cal. Oct. 10, 2017) (same). Thus, at the pleading stage, a complaint "must set forth *facts* to show the breach cannot be adequately compensated for in damages; failing this, it does not state a cause of action." *Summit Est., Inc.*, 2017 WL 4517111, at *12 (quoting 5 Witkin, Cal. Proc. § 803 (5th ed. 2008) (emphasis added). Because Plaintiffs have alleged no facts showing they lack an adequate remedy at law and base their equitable claims on the same factual predicate as their legal claims, Plaintiffs' UCL claim must be dismissed.

Additionally, Plaintiffs fail to respond to BetterHelp's argument that they are not entitled to the two forms of relief available under the UCL—restitutionary disgorgement or injunctive relief—and thus have conceded the issue. *See* Mot. 20; *Mortg. Elec. Registration Sys.*, 2020 WL 1233925, at *3.

Finally, with respect to extraterritorial application of the UCL, as this Court noted in *Effinger v. Ancient Organics LLC*, 657 F. Supp. 3d 1290, 1301 (N.D. Cal. 2023), even if Plaintiffs can meet their burden to establish sufficient contacts with California—and for the reasons stated in Section II.B.3, *supra*, they cannot—BetterHelp may still show that foreign law, rather than California law, should apply to Plaintiffs' claims. *Id.* Courts have recognized that "there are material differences between [a] UCL claim and other states' consumer protection laws," including that (1) pre-filing notice is not required in California, but is a prerequisite in other states; (2) that certain states prohibit consumer class actions outright; (3) that, while the UCL does not require scienter, many other states statutes do require scienter; (4) and, that California requires named class plaintiffs to demonstrate reliance, while some other states' consumer protection statutes do not. *Grace v. Apple, Inc.*, 328 F.R.D. 320, 344 (N.D. Cal. 2018). The *Grace* court also held that other states "clearly" have an interest in seeing their laws applied to injuries that occurred within their borders, and that even where a technology company defendant is located in California, "each class member's claims should be governed by the law of the state in which they were exposed" to the product at issue. *Id.* at 347–48. Plaintiffs located outside California and who used BetterHelp's services while located outside California should not be permitted to bring claims under California's consumer protection laws. *See e.g.*, *McKinney v. Corsair Gaming, Inc.*, 646 F. Supp. 3d 1133, 1145 (N.D. Cal. 2022) (holding "each class member's individual consumer protection claims must be governed by the laws of their home state and Plaintiffs cannot bring a nationwide class on those foreign class members' behalf").

**9. Plaintiffs' False Advertising Claim Fails (Count IX)**

To state a claim under the FAL, Plaintiffs must identify a specific *advertisement* that is false or misleading. Cal. Bus. & Prof. Code § 17500; *see VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*, 673 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009) ("The underlying element of a false advertising claim is some type of advertising statement."); *Kulp v. Munchkin, Inc.*, 678 F. Supp. 3d 1158, 1170 (C.D. Cal. 2023) ("[T]he complaint must still identify an affirmative statement that was made false or misleading."). Plaintiffs based their claim on statements on BetterHelp's website, particularly in its Privacy Policy, *see* Compl. ¶¶ 46–61, but to be an advertisement, a statement must be

"disseminated to the public." *Otashe Golden, M.D. v. Sound Inpatient Physicians Med. Grp., Inc.*, No. 14-CV-00497-TLN-EFB, 2015 WL 8539034, at *5 (E.D. Cal. Dec. 11, 2015); *see also Lit'l Pepper Gourmet, Inc. v. Airgas USA, LLC*, No. 19-CV-837-LAB (AGS), 2019 WL 6218780, at *5 (S.D. Cal. Nov. 21, 2019) ("To state a claim for violation of this law, a plaintiff must allege that there was an advertisement that was directed at the public."). There is a "common sense difference between the communications at issue [] and advertising." *Otashe Golden, M.D.*, 2015 WL 8539034, at *5. The Court should reject Plaintiffs' expansive interpretation of the FAL, which "would mean that nearly any false statement connected with the sale of a product/service constitutes false advertising."[3] *Id.*

**10. Plaintiffs' CLRA Claim Fails (Count X)**

As discussed above, *supra* II.B.3, the non-California Plaintiffs allege that they were injured in states other than California and that the "data transfers" at issue took place in servers across the country, not California, *see* Compl. ¶¶ 24–31, 63–65, 151, and thus the presumption against extraterritoriality requires the dismissal of non-California Plaintiffs' CLRA claim regardless of whether certain business decisions were allegedly made in California. *See MacKinnon v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-4457 SC, 2013 WL 791457, at *5 (N.D. Cal. Mar. 4, 2013) (rejecting plaintiffs' "broad claim" that they can bring UCL and CLRA claims regardless of where the injuries take place); *Debono v. Cerebral Inc.*, No. 22-CV-03378-AGT, 2023 WL 300141, at *2 (N.D. Cal. Jan. 18, 2023) (allegations that defendant was headquartered in California insufficient to overcome extraterritoriality presumption).

Plaintiffs fail to address their failure to comply with the CLRA's notice requirement for suits seeking damages, Compl. ¶ 172, and so concede that their claim should be dismissed. *See Mortg. Elec. Registration Sys.*, 2020 WL 1233925, at *3. L.M.'s payment with a coupon also defeats her claim. Plaintiffs state that "money is neither a good or a service," Opp. 23, but the relevant question is *how* L.M. obtained BetterHelp's service. The definition of "services" does not

[3] Further, BetterHelp's arguments regarding extraterritoriality of the UCL apply equally to the FAL. *See McKinney*, 646 F. Supp. 3d at 1145 (dismissing claims related to advertising under California's consumer protection statutes).

contemplate customers paying with coupons, Cal. Civ. Code § 1761(b), and thus she did not transact for services under the statute and her CLRA claim cannot proceed.

**11. Plaintiffs Fail to State a Claim for Negligence (Count I)**

Plaintiffs' negligence claim, Opp. 24–25, should be dismissed for multiple reasons. ***First***, it impermissibly converts Plaintiffs' contract-based grievances into a tort. *See MH Pillars LTD v. Realini*, No. 15-CV-1383-PJH, 2017 WL 916414, at *5 (N.D. Cal. Mar. 8, 2017). Plaintiffs may not plead a negligence claim in the alternative where, as here, the allegations are "wholly repetitious of their breach of contract and alternative quasi-contract claims." *Potter v. Chevron Prod. Co.*, No. 17-CV-06689-PJH, 2018 WL 4053448, at *8 (N.D. Cal. Aug. 24, 2018) (dismissing negligence claims pled in alternative). ***Second***, the economic loss rule prevents the law of contract and the law of tort "from dissolving one into the other" by barring tort recovery for "purely economic loss due to disappointed expectations." *In re Yahoo Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1131 (N.D. Cal. 2018). Plaintiffs' (conclusory) allegations about their "lost money or property," Compl. ¶ 370, fall squarely within the economic loss rule, *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 961 (S.D. Cal. 2012), and Plaintiffs simply do not allege non-economic loss in the Paragraphs they cite for support. *See* Compl. ¶¶ 19–21 (general allegations regarding privacy issues), 24–31 (allegations identifying Plaintiffs). To plead around the economic loss rule, Plaintiffs must show a "special relationship between the parties." *In re Sony Gaming*, 903 F. Supp. 2d at 961. But Plaintiffs fail to allege that their relationship with BetterHelp was specific and different from the relationship generally applicable to all customers. *Gardiner v. Walmart, Inc.*, No. 20-CV-04618-JSW, 2021 WL 2520103, at *8 (N.D. Cal. Mar. 5, 2021). The allegations they do highlight, Compl. ¶¶ 155–59 (generalized allegations regarding disclosure), fail to support finding a special relationship under the factors set out in *J'Aire Corp. v. Gregory*, 598 P.2d 60, 62–63 (Cal. 1979). Thus, Plaintiffs' negligence claim must be dismissed. *In re Sony Gaming*, 903 F. Supp. 2d at 962. ***Third***, Plaintiffs' negligence *per se* "claim" must be dismissed because it is not an independent cause of action. *Dent v. Nat'l Football League*, 902 F.3d 1109, 1117 (9th Cir. 2018).

**12. Plaintiffs' Claims for Breach of Contract and Implied Contract Fail (Counts III and IV)**

Plaintiffs' breach of contract claim fails because they do not allege that they agreed to any contractual terms; and Plaintiffs' breach of implied contract claim fails because they do not allege an agreement based on the parties' conduct. Mot. 24–25. Plaintiffs do not respond to these arguments and provide no support for their assertion that BetterHelp's alleged statements alone can form an express contract. Opp. 25. Plaintiffs have failed to state a claim for breach of express or implied contract.

**13. Plaintiffs Fail to State a Claim for Unjust Enrichment (Count XIII)**

Plaintiffs rely on *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753 (9th Cir. 2015), to argue that they may plead that an express contract exists and also plead unjust enrichment in the alternative, even though these claims are inconsistent. But courts have rejected this interpretation as reading *Astiana* "too broadly" and held that if there is an enforceable express contract, as Plaintiffs have pled here, then "quasi-contract principles do not apply." *Bostick v. Gen. Motors, LLC,* No. 5:19-CV-02451-VAP-SPx, 2020 WL 13283478, at *9 (C.D. Cal. July 22, 2020); *see also Moody v. Hot Topic, Inc.*, No. EDCV-23-0447 JGB (SPx), 2023 WL 9511159, at *10 (C.D. Cal. Nov. 15, 2023) ("[C]laims can only be pled in the alternative when plaintiffs allege facts to suggest that the parties do not have an enforceable contract.") (citation omitted). "Plaintiffs cannot allege in good faith, while maintaining their other claims, that no contract exists between themselves and Defendant" and therefore their unjust enrichment claim should be dismissed without leave to amend. *Id.* at *10. For the reasons stated above, *supra* Section II.B.8, Plaintiffs claim for unjust enrichment also fails because Plaintiffs have not demonstrated they lack an adequate remedy at law.

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint in its entirety.

Dated: May 16, 2024

Respectfully submitted,

*/s/ Quyen L. Ta*
QUYEN L. TA (SBN 229956)
*qta@kslaw*.com
**KING & SPALDING LLP**
50 California Street
Suite 3300
San Francisco, CA 94111
Telephone: +1 (415) 318-1200
Facsimile: +1 (415) 318-1300

LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw*.com
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.