QUYEN L. TA (SBN 229956)
qta@kslaw.com
**KING & SPALDING LLP**
50 California Street
Suite 3300
San Francisco, CA 94111
Telephone:  +1 (415) 318-1200
Facsimile:  +1 (415) 318-1300

LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
jhammer@kslaw.com
JAMES A. UNGER (SBN 325115)
junger@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile:  +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BETTERHELP, INC. DATA DISCLOSURE CASES<br><br>This Document Relates To:<br><br>All Cases/ | Case No. 3:23-cv-01033-RS<br><br>**DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT (FRCP 12(b)(1) & 12(b)(6))**<br><br>Date:  October 17, 2024<br>Time:  10:00 A.M.<br>Courtroom: 3<br>Judge:  Hon. Richard J. Seeborg |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS ..................................................................1

STATEMENT OF RELIEF SOUGHT ...........................................................................................1

STATEMENT OF ISSUES TO BE DECIDED .............................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................2

    I.   INTRODUCTION ..............................................................................................................2

    II.  BACKGROUND ................................................................................................................3

        A.  BetterHelp and Its Alleged Marketing Practices ...............................................3

        B.  Plaintiffs...............................................................................................................3

        C.  The FTC Consent Order and Plaintiffs' Complaint ............................................4

        D.  Procedural Posture ..............................................................................................4

    III. LEGAL STANDARD.........................................................................................................5

    IV. ARGUMENT .....................................................................................................................6

        A.  BetterHelp Is Not Subject to the CMIA (Count IX). ..........................................6

        B.  Plaintiffs Lack Standing Under the UCL and CLRA (Counts XI, VII)............................8

        C.  Plaintiffs Fail to State a Claim for Breach of Implied Contract (Count II). ....................10

        D.  Plaintiffs Fail to State a Claim Under the SCA (Count V). ..............................11

            1.  BetterHelp is not an "electronic communications service." ....................12

            2.  Plaintiffs' information was not "divulged . . . while in electronic storage." ............13

        E.  Plaintiffs Fail to Allege Facts Entitling Them to Injunctive and Declaratory Relief (Counts IV, VI, VII, IX, XI). .........................................................................13

    V.  CONCLUSION.................................................................................................................15

1

DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ables v. Brooks Bros. Grp. Inc.*,
  No. 17-cv-4309-DMG (Ex), 2018 WL 8806667 (C.D. Cal. June 7, 2018) ..............................9

*Allen v. City of Beverly Hills*,
  911 F.2d 367 (9th Cir. 1990) ..........................................................................................6

*Allen v. Novant Health, Inc.*,
  No. 1:22-CV-697, 2023 WL 5486240 (M.D.N.C. Aug. 24, 2023) ..................................12, 13

*In re Anthem, Inc. Data Breach Litig.*,
  No. 15-MD-02617-LHK, 2016 WL 3029783, at *14 (N.D. Cal. May 27, 2016)...................10

*Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*,
  793 F.3d 822 (8th Cir. 2015) ........................................................................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).......................................................................................................5

*Bower v. AT&T Mobility, LLC*,
  127 Cal. Rptr. 3d 569 (Cal. Ct. App. 2011) .....................................................................9

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
  598 F.3d 1115 (9th Cir. 2010) ........................................................................................5

*Crowley v. Cybersource Corp.*,
  166 F. Supp. 2d 1263 (N.D. Cal. 2001) .........................................................................12

*Dyna-Med, Inc. v. Fair Emp. & Hous. Comm.*,
  743 P.2d 1323 ................................................................................................................8

*Garner v. Amazon.com, Inc.*,
  603 F. Supp. 3d 985 (W.D. Wash. 2022)........................................................................12

*Gonzales v. Uber Techs., Inc.*,
  305 F. Supp. 3d 1078 (N.D. Cal. 2018) .........................................................................13

*In re Jetblue Airways Corp. Priv. Litig.*,
  379 F. Supp. 2d 299 (E.D.N.Y. 2005) ...........................................................................12

*Lopez v. Apple, Inc.*,
  519 F. Supp. 3d 672 (N.D. Cal. 2021) ....................................................................12, 13

*Netbula, LLC v. BindView Dev. Corp.*,
   516 F. Supp. 2d 1137 (N.D. Cal. 2007) ................................................................................11

*Novak v. United States*,
   795 F.3d 1012 (9th Cir. 2015) ...........................................................................5, 10, 11, 15

*Oddei v. Optum, Inc.*,
   No. 2:21-CV-03974-SB-MRW, 2021 WL 6333467 (C.D. Cal. Dec. 3, 2021),
   *aff'd sub nom. Oddei v. ScanSTAT Techs., LLC*, No. 22-55035, 2022 WL
   17538747 (9th Cir. Dec. 8, 2022) ..........................................................................................7

*Peterson v. Cellco Partnership*,
   80 Cal. Rptr. 316 (Cal. Ct. App. 2008) ..................................................................................9

*Pica v. Delta Air Lines, Inc.*,
   No. CV-18-2876, 2019 WL 1598761 (C.D. Cal. Feb. 14, 2019), *aff'd*, 812 F.
   App'x 591 (9th Cir. 2020) ...................................................................................................12

*R.C. v. Walgreen Co.*,
   No. EDCV 23-1933 JGB, 2024 WL 2263395 (C.D. Cal. May 9, 2024) ..............................10

*Savage v. Glendale Union High Sch.*,
   343 F.3d 1036 (9th Cir. 2003) ...............................................................................................5

*Util. Air Regul. Grp. v. E.P.A.*,
   573 U.S. 302 ..........................................................................................................................8

*In re Zappos.com, Inc.*,
   108 F. Supp. 3d 949 (D. Nev. 2015), *overruled on other grounds* by 888 F.3d ....................9

**Statutes**

18 U.S.C. §§ 2701–2712 ................................................................................................................12

18 U.S.C. § 2702(a) .......................................................................................................................12

Cal. Civ. Code § 56.05 ....................................................................................................................6

Cal. Civ. Code § 56.06 ....................................................................................................................6

Cal. Civ. Code § 56.10 .................................................................................................................7, 8

Cal. Civ. Code § 56.13 ....................................................................................................................6

Cal. Civ. Code § 56.101 ..................................................................................................................7

**Other Authorities**

Fed. R. Civ. P. §§ 12(b)(1) and 12(b)(6) ....................................................................................1, 5

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on October 17, 2024, at 10 a.m., in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom 3 – 17th Floor, Defendant BetterHelp, Inc. ("BetterHelp") will and hereby does move the Court to dismiss the above-captioned action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This Motion to Dismiss (the "Motion") is based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and records on file in this Action, and any oral argument as may be presented at or before the time of adjudication of this Motion.

## STATEMENT OF RELIEF SOUGHT

BetterHelp seeks an order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissing with prejudice Plaintiffs' Consolidated Class Action Complaint (the "Complaint") for lack of standing and failure to state a claim upon which relief can be granted.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiffs have established Article III or statutory standing.
2. Whether Plaintiffs have stated any claim upon which relief may be granted.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In largely granting BetterHelp's first motion to dismiss Plaintiff's Consolidated Class Action Complaint, this Court held that BetterHelp's "criticism of the complaint as a 'grab-bag' and a 'scattershot approach' has some merit, as not all of the fifteen claims for relief are adequately pleaded, and at least some of them do not appear well-suited for these factual circumstances." ECF No. 113 at 2. While the Court granted Plaintiffs leave to amend the dismissed claims, the Court also included clear directions for any repleaded claims to survive. Plaintiffs' First Amended Consolidated Class Action Complaint falls far short of satisfying the Court's explicit instructions. Instead of simply proceeding on their six remaining claims, Plaintiffs have repleaded **four**[1] of their **nine** dismissed claims, all of which remain as deficient and ill-suited to the factual allegations as they were previously. Plaintiffs also lobbed in **one new claim** under the Stored Communications Act ("SCA") of the Electronic Communications Privacy Act ("ECPA").

The Court permitted Plaintiffs to amend their claim based on California's Confidentiality of Medical Information Act ("CMIA") if Plaintiffs could allege *new facts* that showed BetterHelp actually fits under the *statutory definitions* of the CMIA. Rather than pleading any such new facts, Plaintiffs argue that the statutory definitions of the CMIA are irrelevant, because the CMIA somehow applies to all "corporations." This new theory disregards the Court's prior holding, as well as the structure and history of the CMIA, and reflects Plaintiffs' misguided prioritizing of quantity versus quality of claims regardless of whether the alleged facts support those claims. Each of Plaintiffs' repleaded claims, as well as their one new claim, should be dismissed. The same is true of Plaintiffs' request for injunctive relief, which overlaps with the FTC's existing injunctive relief and is focused on the conduct of third parties that BetterHelp does not (and cannot) control and never did. BetterHelp met and conferred with Plaintiffs' counsel,[2] but could not dissuade Plaintiffs from pursuing their flawed claims and creating needless makework for this busy Court.

---

[1] Plaintiffs have repleaded their claims for Breach of Implied Contract; violation of the CLRA; violation of the UCL; violation of the CMIA; and their request for injunctive relief.

[2] *See* Declaration of James A. Unger filed herewith.

BetterHelp respectfully requests that the Court grant its motion in its entirety, *without leave to amend*, as amendment would be futile.

## II. BACKGROUND

### A. BetterHelp and Its Alleged Marketing Practices

BetterHelp is an online platform that connects individuals with qualified mental health professionals to receive virtual counseling and therapy services. *See* First Amended Consolidated Class Action Compl. ("FAC") ¶¶ 42–50.[3] BetterHelp's platform empowers individuals to schedule and meet with therapists virtually, on their own time and in their own space, rather than having to travel to an office and meet in-person, making therapy more accessible, convenient, and affordable. *Id.* ¶ 44.

Plaintiffs allege that BetterHelp uses third-party services to operationalize and market its services. FAC ¶¶ 68–104. The services include the use of third-party technologies such as cookies and web beacons—or "pixels"—that share limited, anonymized website activity with those third parties to optimize BetterHelp's consumer outreach. *See generally*, *id.* (describing BetterHelp's marketing practices). By optimizing its digital marketing, BetterHelp can market its services to those consumers most interested in viewing BetterHelp's advertising and utilizing its platform, resulting in the provision of mental health therapy and counseling to thousands of individuals that otherwise might not be aware the service exists. *Id.* BetterHelp expressly discloses both its use of third-party "cookies and web beacons" in its Privacy Policies, and that certain anonymous information is shared with third parties through these technologies. *Id.* ¶¶ 62–67 n.19–24.

### B. Plaintiffs

Plaintiffs are seven individuals from California, Michigan, South Carolina, Wisconsin, and Texas who claim to have created accounts with BetterHelp between 2017 and 2021 (the "Applicable Time Period"). *See* FAC ¶¶ 25–31. Plaintiffs allege that they provided BetterHelp with their "Private Information" when they created an account and started using its services. *Id.*;

---

[3] For purposes of this Motion only, BetterHelp accepts the well-pled allegations in the FAC.

*see also id.* ¶ 1.  Plaintiffs allege that they started receiving targeted advertisements relating to mental health treatment and counseling after creating their accounts, and that they have suffered "emotional distress" since learning that BetterHelp allegedly shared some of their Private Information.  *Id.*  But Plaintiffs do not allege any specific information or data elements that they believe BetterHelp shared, or how this unspecified sharing contributed to their emotional distress.  *See id.*

### C. The FTC Consent Order and Plaintiffs' Complaint

On March 2, 2023, the FTC approved a Consent Order with BetterHelp relating to BetterHelp's alleged practices.  FAC, Ex. B ("Consent Order").  The Consent Order does not include findings of facts or conclusions of law, and BetterHelp did not admit to any of the allegations included therein.  As part of the Consent Order, BetterHelp agreed to pay $7.8 million to the FTC to use for redress to "Customers," defined as individual consumers who "between August 1, 2017, and December 31, 2020, signed up for and paid for the use of" any BetterHelp service.  Consent Order at 4 (Definitions); *id.* at §§ XI (Monetary Relief), XIII (Independent Redress Administrator).  The Consent Order also provides for injunctive relief regarding BetterHelp's use and disclosure of consumer information.  *Id.* at §§ I–II, III.A–B, III.F, IV.B, VI.E.  Shortly following the publication of the FTC Consent Order, on March 7, 2023, Plaintiff C.M. filed this lawsuit against BetterHelp, bringing claims based on the same conduct alleged in the FTC Complaint.  ECF No. 1.

### D. Procedural Posture

On July 15, 2024, the Court issued an order (the "Order") granting in part and denying in part BetterHelp's motion to dismiss Plaintiffs' Consolidated Class Action Complaint.  ECF No. 113.  The Court dismissed, with leave to amend, Plaintiffs' claims for:

- Negligence and Negligence Per Se (ECF No. 76 ("Original Complaint"), Count I);

- Invasion of Privacy (under common law and the California Constitution) (*id.* Count II, Count XI);

- Breach of Contract and Implied Contract (*id.* Count III, Count IV);

- Breach of Confidence (*id.* Count V);

- Violation of California's False Advertising Law ("FAL") (*id.* Count IX);

- Violation of California's Consumer Legal Remedy Act ("CLRA") (*id.* Count X);

- Violation of California's Unfair Competition Law ("UCL") (*id.* Count XV);

- Violation of the California's Medical Information Act ("CMIA") (*id.* Count XII); and

- Violation of California's Computer Data Access and Fraud Act ("CDAFA") (*id.* Count XIV).

Plaintiffs filed their First Amended Consolidated Class Action Complaint on August 5, 2024. ECF No. 114. In addition to the claims that survived BetterHelp's prior motion to dismiss, Plaintiffs repleaded their claims for Breach of Implied Contract; violation of the CLRA; violation of the UCL; violation of the CMIA; injunctive relief (related to Invasion of Privacy); and pleaded a new claim under the Stored Communications Act (SCA) of the Electronic Communications Privacy Act (ECPA). BetterHelp now moves to dismiss each of Plaintiffs' repleaded claims and its new claim under the SCA.

## III.   LEGAL STANDARD

A complaint must be dismissed under Rule 12(b)(1) if a plaintiff fails to allege facts sufficient to establish subject matter jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

A complaint must be dismissed under Rule 12(b)(6) where it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). While the Court must accept specific allegations as true, it is not required to credit legal assertions, "[t]hreadbare recitals of the elements," "conclusory statements," "unwarranted deductions of fact, or unreasonable inferences." *Id.* Courts may properly exercise their discretion to dismiss with prejudice and deny leave to amend where amendment would be futile. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). The Court's discretion to deny amendment is properly exercised where in seeking to replead dismissed

claims, a party presents "no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally." *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (cleaned up).

## IV. ARGUMENT

### A. BetterHelp Is Not Subject to the CMIA (Count IX).

Plaintiffs' CMIA claim fails because, once again, Plaintiffs do not plead facts demonstrating that BetterHelp is "a provider of healthcare."

As the Court previously held, the CMIA "prohibits the unauthorized disclosure and negligent maintenance or preservation of medical information *by a provider of healthcare*." Order at 5 (citing Cal. Civ. Code § 56.101) (emphasis added). Plaintiffs originally alleged that BetterHelp was a "provider of health care" as defined in the CMIA at "§ 56.05(d) and (m), § 56.06(a) (b) and (d) and/or Section 56.13." Orig. Compl. ¶ 321. But after analyzing each of those provisions, the Court held that BetterHelp "[did] not meet any applicable statutory definition of 'provider of health care.'" Order at 5. Section 56.06(a) does not apply because there are no allegations that BetterHelp is "organized for the purpose of maintaining medical information." *Id.* at 5–6. Section 56.06(b) does not apply because BetterHelp does not "offer software or hardware to consumers . . . designed to maintain medical information." *Id.* at 6. Section 56.06(d)'s definition of a "mental health digital service" does not apply because it did not become effective until 2023 and cannot be applied retroactively. *Id.* Finally, Section 56.13 does not apply because Plaintiffs do not allege that BetterHelp received any medical information through a CMIA authorization or from a provider of health care for one of the purposes set out in the statute. *Id.* The Court therefore dismissed Plaintiffs' CMIA claim but granted leave to amend if Plaintiffs had "a good faith basis to present facts placing BetterHelp *within the statutory definitions*." *Id.* at 6 (emphasis added).

Plaintiffs have failed to plead new facts that would place BetterHelp within the statutory definitions of "provider of health care." Instead, Plaintiffs assert a new legal theory, contrary to the Court's holding and the language and structure of the CMIA. Plaintiffs now argue that the CMIA is not limited to "provider[s] of health care" as defined in the statute, but rather can be

applied to any and all "corporations." FAC ¶ 295. In support of this theory, Plaintiffs argue that a phrase in CMIA § 56.10(d), outside the definitions section of the statute, obviates the statutory definition of health care providers that Plaintiffs previously cited. They assert that the statute applies to all "corporations," whether or not those corporations are "health care providers." *Id.* ¶ 294–300 (citing CMIA § 56.10(d)). Plaintiffs' misreading of the statute ignores the language, structure, and plain meaning of the CMIA, which is clearly intended to impose specific requirements on a specific class of entities—health care providers. *See* Order at 5, Cal. Civ. Code § 56.101.

The provision Plaintiffs rely upon reads:

> Except to the extent expressly authorized by a patient, enrollee, or subscriber, or as provided by subdivisions (b) and (c), a provider of health care, health care service plan, contractor, or corporation and its subsidiaries and affiliates shall not intentionally share, sell, use for marketing, or otherwise use medical information for a purpose not necessary to provide health care services to the patient.

Cal. Civ. Code § 56.10(d).

A reading of the word "corporation" as divorced from the modifier "health care" at the beginning of the list ("health care service plan, contractor, or corporation . . .") in that section of the statute is inconsistent with the structure of the CMIA. Far from creating and applying to a new unlimited class of parties (all "corporations"), § 56.10(d) simply provides a list of types of *health care providers* with reference to the definitions used in prior parts of the statute. Section 56.10(c), referenced explicitly in § 56.10(d), explains when a "provider or health care or health care service plan may disclose medical information . . . ." Courts have noted that "Section 56.10(d) provides that *entities authorized under Section 56.10(c)* violate the CMIA if they 'intentionally share, sell, use for marketing, or otherwise use medical information for a purpose not necessary to provide health care services to the patient.'" *Oddei v. Optum, Inc.*, No. 2:21-CV-03974-SB-MRW, 2021 WL 6333467, at *3 (C.D. Cal. Dec. 3, 2021) (emphasis added), *aff'd sub nom. Oddei v. ScanSTAT Techs., LLC*, No. 22-55035, 2022 WL 17538747 (9th Cir. Dec. 8, 2022) (citing § 56.10(d)).

It is both counterintuitive, and unsupported by any case law, to assert that § 56.10(d) somehow covers a sweepingly broad but undefined category of (non-health care) "corporations,"

contrary to the rest of the statute. *See Util. Air Regul. Grp. v. E.P.A.*, 573 U.S. 302, 320 (It is a "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."). Indeed, if Plaintiffs' proffered interpretation were applied to the term "contractor," which immediately precedes "corporation" in the list of enumerated entities in Section 56.10(d), it would result in the absurd outcome that *any contractor* of *any kind* would be subject to the CMIA, regardless of the field in which the contractor worked. The reference in Section 56.10(d) to "corporation"—as is made clear by the list of terms in which it appears—is limited to those corporations that also are providers of health care. *See Dyna-Med, Inc. v. Fair Emp. & Hous. Comm.*, 743 P.2d 1323, 1391 n.14 (citation omitted) ("[T]he meaning of a word may be enlarged or restrained by reference to the object of the whole clause in which it is used.").

Finally, the intuitive reading of "health care service plan, contractor, or corporation" as constrained to contractors and corporations which are providers of health care, rather than *any* and *all* contractors or corporations, is consistent with the legislative history of the CMIA. The fact that the CMIA states that it applies to providers of health care and then contains specific definitions of "health care provider" dictates that the provisions that follow were intended to apply solely to contractors and corporations that are *health care providers*, not *any* or *all* contractors and corporations.[4]

Plaintiffs' new (strained) interpretation of the CMIA as applying to any corporation is plainly wrong. Because Plaintiffs again fail to adequately plead that the CMIA applies to BetterHelp, their claim should be dismissed with prejudice.

**B.     Plaintiffs Lack Standing Under the UCL and CLRA (Counts XI, VII).**

Plaintiffs also again fail to establish statutory standing under the UCL and CLRA. The Court rejected as insufficient Plaintiffs' allegations that they had suffered economic injury based

---

[4] Without having sought reconsideration of this Court's prior, correct interpretation of CMIA, Plaintiffs argue for a different one: namely, that because "corporations" appears only in this sentence in Section 56.10(d), and—unlike providers of health care, health care service plans, and health care contractors—does not appear elsewhere in the CMIA, this indicates that "corporations" is actually a unique category to which all of the exceptions to the disclosure rules do not apply, unlike each of the other categories. *See* FAC at ¶ 299. This is an absurd and unnatural reading.

8
DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

on "mere misappropriation of personal information" and permitted Plaintiffs to amend "to assert ***any other basis*** they may have to support the requisite economic injury." Order at 4 (citing *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 943. (N.D. Cal. 2023)) (emphasis added).

Plaintiffs' "new" bases for economic injury are either not actually new or equally unavailing. To start, Plaintiffs rely upon a benefit-of-the-bargain argument that they already attempted to assert in their prior dismissed claim (Orig. Compl. ¶ 297). Plaintiffs argue that they would have paid less, or would not have used BetterHelp's service at all, had they known about BetterHelp's alleged disclosure practices. FAC ¶ 32. Plaintiffs also allege that a portion of their payments to BetterHelp went to "confidentiality and security" obligations that they expected BetterHelp to fulfill. *Id.* ¶ 319.

Plaintiffs' theories fail for the same reasons that BetterHelp raised in its motion to dismiss Plaintiffs' Original Complaint. *See* ECF No. 86 at 6–7. First, Plaintiffs still fail to allege that they could have obtained comparable services at a lower price from another source, as required for a UCL and CLRA claim. *See Bower v. AT&T Mobility, LLC*, 127 Cal. Rptr. 3d 569, 579 (Cal. Ct. App. 2011) (no injury in fact where plaintiff did not allege she could have obtained product at a lower price from another source); *Peterson v. Cellco Partnership*, 80 Cal. Rptr. 316, 321 (Cal. Ct. App. 2008) (same). Moreover, Plaintiffs' theory of standing only applies to cases involving the purchase of "defective or falsely advertised products," neither of which applies here now that Plaintiffs have dropped their false advertising claim. *Ables v. Brooks Bros. Grp. Inc.*, No. 17-cv-4309-DMG (Ex), 2018 WL 8806667, at *7 (C.D. Cal. June 7, 2018).

And Plaintiffs' new allegations that they believed they were paying for confidentiality and security are insufficient without allegations that BetterHelp also represented "that the cost of security [was] subsumed within the cost of goods." *Id.*; *see also In re Zappos.com, Inc.*, 108 F. Supp. 3d 949, 962 n.5 (D. Nev. 2015) (plaintiffs lacked standing in part because they failed to "allege facts showing how the price they paid for such goods incorporated some particular sum that was *understood by both parties* to be allocated towards the protection of customer data"), *overruled on other grounds* by 888 F.3d at 1027–30 & n.15 (emphasis added).

In *R.C. v. Walgreen Co.*, No. EDCV 23-1933 JGB (SPX), 2024 WL 2263395, at *17 (C.D. Cal. May 9, 2024), submitted by Plaintiffs to the Court (ECF No. 107-1), the court rejected a similar allegation as a basis for standing under the UCL and CLRA. There, the plaintiffs alleged that the price they paid for diabetes tests kits included protections for the privacy of their information, and if that they knew their information would be disclosed, they "would not have used Defendant's services or would have paid considerably less for those services." *Id.* at *17. But the Court held that such "allegations [were] conclusory and unattenuated to the other facts alleged." *Id.* The *R.C.* court contrasted payment for diabetes kits, a transaction where privacy might be important but where the "purchases of specific products" did not include "costs associated with data security," with a case where it was alleged Plaintiffs paid insurance premiums specifically for security measures and then were subject to a data breach. *Id.* (citing *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2016 WL 3029783, at *14 (N.D. Cal. May 27, 2016)).

Plaintiffs' claims here are similarly conclusory and attenuated from the other facts alleged. Here, Plaintiffs received the benefit of their bargain because the FAC contains no allegations that the services paid for—online therapy—were in any way deficient. Instead, Plaintiffs have alleged they were harmed *by disclosures* during the intake process before they paid. The injury that Plaintiffs complain of relates to disclosure of their data, which the Court has already properly ruled is an insufficient basis to confer standing under the UCL and CLRA. Order at 3–4 (citing *Katz-Lacabe*, 668 F. Supp. at 943. Therefore, these claims must again be dismissed, this time with prejudice. *Novak*, 795 F.3d at 1020.

### C.     Plaintiffs Fail to State a Claim for Breach of Implied Contract (Count II).

The Court also dismissed Plaintiffs' claims for breach of express and implied contract in its previous Order. Order at 9. Specifically, it stated that "[t]he allegations regarding how and when the contracts were formed, and what provisions became express or implied terms of those contracts, are not as specific and clear as they should be, even assuming they might survive dismissal if that was the only issue with the pleading." *Id.* Plaintiffs have attempted to replead their implied contract claim, but that claim's fatal flaws remain.

The FAC makes a single, immaterial, noncurative change to the allegations underlying Plaintiffs' implied contract claim by referencing the paragraphs that explain the alleged representations BetterHelp made to Plaintiffs. *See* FAC ¶¶ 51–67, 171. Plaintiffs then repeat these alleged "representations" and cast them as "implied contract" terms that Plaintiffs reasonably relied upon and which BetterHelp allegedly subsequently breached. *See id.* ¶¶ 174–77.

But none of the named Plaintiffs allege that they even read or relied on any specific representation by BetterHelp in the course of signing up for services. *See id.* ¶¶ 25–31 (describing alleged experiences of Plaintiffs). In fact, Plaintiffs' FAC specifically alleges that "[u]sers were never affirmatively required to read or assent to the Privacy Policy before completing BetterHelp's Intake Questionnaire or using the Sites." *Id.* ¶ 62. Rather, each Plaintiff vaguely alleges the same boilerplate statement that they "read and relied on BetterHelp's representations concerning its commitment to keep the information [he or she] provided confidential." *Id.* ¶¶ 25–31. These vague statements do not suffice to meet the required element of mutual assent for contract formation. *See Netbula, LLC v. BindView Dev. Corp.*, 516 F. Supp. 2d 1137, 1155 (N.D. Cal. 2007) ("Contract formation . . . requires that the parties[] reach mutual assent or consent on definite or complete terms . . . . Mutual assent is accomplished when a specific offer is communicated to the offeree, and an acceptance is subsequently communicated to the offeror.").

Despite the Court's directive, Plaintiffs have again failed to allege facts sufficient to show the *definite or complete contractual terms* to which the parties supposedly assented and that BetterHelp allegedly breached. The allegations in the FAC do not comprise an "offer" and resulting "contract," Plaintiffs cite no specific user agreement upon which they relied, and their vague allegations regarding "confidentiality" do not overcome these pleading failures. Plaintiffs' implied contract claim fails as a matter of law and is properly dismissed with prejudice. *Novak*, 795 F.3d at 1020.

### D.   Plaintiffs Fail to State a Claim Under the SCA (Count V).

Plaintiffs bring claims in the FAC under two different parts of the ECPA: the Wiretap Act (Count IV) and the Stored Communications Act (Count V). Plaintiffs' claim under the Wiretap

Act survived BetterHelp's earlier motion to dismiss and is unchanged.  *See* Order at 7.  Plaintiffs have added a new claim, however, under the SCA.  This new claim is not adequately pleaded and should be dismissed.

The SCA focuses on the privacy of, and access to, stored electronic communications.  18 U.S.C. §§ 2701–2712. In Count V, Plaintiffs allege that BetterHelp violated section 2702 of the SCA, which prohibits a person or an entity providing an "electronic communication service" to the public from "knowingly divulg[ing] to any person or entity the contents of a communication *while in electronic storage* by that service."  18 U.S.C. § 2702(a) (emphasis added).  But BetterHelp is (1) not an "electronic communications service" under the SCA; and (2) Plaintiffs cannot allege that their information was "divulge[d] . . . while in electronic storage." 18 U.S.C. § 2702(a).  A federal court recently dismissed an SCA claim in a nearly identical context for these exact reasons.  *See Allen v. Novant Health, Inc.*, No. 1:22-CV-697, 2023 WL 5486240, at *5 (M.D.N.C. Aug. 24, 2023) (dismissing SCA claim related to the defendant hospital network's alleged use of the Meta Pixel on its website and "MyChart" portal).

        1.   *BetterHelp is not an "electronic communications service."*

Plaintiffs' characterization of BetterHelp as an "electronic communication service" is "far too broad."  *See Pica v. Delta Air Lines, Inc.*, No. CV-18-2876, 2019 WL 1598761, at *6 (C.D. Cal. Feb. 14, 2019), *aff'd*, 812 F. App'x 591, 592–93 (9th Cir. 2020) (rejecting same characterization of Delta's website, merely because customers "access [it] to send Delta information").

Plaintiffs allege that BetterHelp is a "mental health platform [that] offers online counseling and therapy services." FAC ¶ 3.  Thus, at most, Plaintiffs plausibly allege that BetterHelp provides services that *utilize* electronic communications.  But "[a] company that merely utilizes electronic communications in the conduct of its own business is . . . not the provider of the service to the public." *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 1003-04 (W.D. Wash. 2022); *see Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 687 (N.D. Cal. 2021); *Crowley v. Cybersource Corp.*, 166 F. Supp. 2d 1263, 1270 (N.D. Cal. 2001); *In re Jetblue Airways Corp. Priv. Litig.*, 379 F. Supp. 2d

299, 307–08 (E.D.N.Y. 2005) (concluding that companies like JetBlue "that provide traditional products and services over the Internet, as opposed to Internet access itself, are not 'electronic communication service' providers within the meaning of the ECPA."); *Novant Health, Inc.*, 2023 WL 5486240, at *5.

Here, Plaintiffs' assertion that BetterHelp qualifies as an electronic communications service "because it allows its users to communicate with their therapist through the Sites," FAC ¶ 219, "lacks plausibility because it would expand [the term] to all online services and thus render [it] meaningless." *Lopez*, 519 F. Supp. 3d at 687.

        2.   *Plaintiffs' information was not "divulged . . . while in electronic storage."*

The "definition of 'electronic storage' is much narrower than its name suggests." *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 839 (8th Cir. 2015). It only protects electronic communications stored temporarily, in the middle of a transmission waiting to be delivered, or stored for the purposes of backup protection. *Id.* But Plaintiffs allege that BetterHelp's divulgence of their communications was *contemporaneous*. *See* FAC ¶ 88–89 (alleging that when a website user communicates information, the pixel "duplicates" that information and then sends it "concurrent[ly]" to the third-party server, e.g., Meta). Thus, according to Plaintiffs' own allegations, the information in question was never in "electronic storage," and Count VII fails. *See, e.g.*, *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1087 (N.D. Cal. 2018); *Novant Health*, 2023 WL 5486240, at *5.

The Court should dismiss Plaintiffs' SCA claim without leave to amend.

**E.**    **Plaintiffs Fail to Allege Facts Entitling Them to Injunctive and Declaratory Relief (Counts IV, VI, VII, IX, XI).**

In addition to damages, Plaintiffs again seek injunctive and declaratory relief in their FAC. The Court previously held that Plaintiffs lacked standing to pursue such relief because they failed to show a likelihood they will again be wronged in a similar way absent injunctive relief. Order at 3. Plaintiffs have now amended their request for injunctive relief to allege that the Court should order BetterHelp to "request" certain information be deleted by "third parties" who may have

retained such information, as BetterHelp is already required to do by the FTC's Consent Order.[5] FAC ¶ 33.

But the Court has already held that Plaintiffs *failed* to show "any risk of ongoing or future harm from third parties' continued use of the information supports standing to seek injunctive or declaratory relief against any ongoing or future wrongdoing by BetterHelp" and that Plaintiffs could amend only if "they can in good faith assert a claim to such relief against BetterHelp, arising from some right or duty on its part to control the conduct of third parties." Order at 3. The Court also cautioned that: "Any amended claims for such relief must also include a sufficient factual basis to show the requisite ongoing or future harm exists notwithstanding the existence of the injunctive relief obtained by the FTC." *Id.*

Contrary to this directive, Plaintiffs allege a "right or duty" to *control* the conduct of third parties based on BetterHelp's obligations under the FTC's Order to issue deletion requests to third parties. FAC ¶ 33. But these third parties are not party to the Consent Order and BetterHelp in no way "controls" them. At bottom, Plaintiffs continue to ask this Court to take on the obligation of issuing an overlapping injunction[6] with the injunction already secured by the FTC. The gravamen of Plaintiffs' request is that the Court police BetterHelp's compliance with the FTC's Order as to BetterHelp's communications with third parties that are neither parties in this action nor subject to the FTC's Order.[7] For the same reasons that the Court previously declined to take on such a role and held that Plaintiffs lacked standing to seek such relief, the Court should again dismiss Plaintiffs' (duplicative) requests for equitable relief without leave to amend.

---

[5] Although BetterHelp recognizes that the Court must take Plaintiffs' pleadings as true in the context of this motion, BetterHelp denies it is in any way out of compliance with the FTC's Consent Order, and it has communicated to third parties to perform deletions in accordance with the FTC's Order.

[6] In addition to seeking overlapping damages beyond the $7.8 million in redress already provided for by the FTC's Consent Order.

[7] Plaintiffs' also tack on an argument that the Court should enjoin BetterHelp to notify various regulators, as well as "the media", of certain alleged data disclosures under a grab bag of inapplicable statutes, including the CMIA. FAC ¶ 128. But this too fails as BetterHelp is not subject to the CMIA, *see* §IV(A) *supra*, and here too, Plaintiffs lack standing because they cannot show the "requisite ongoing or future harm" absent additional injunctive relief.

## V. CONCLUSION

For the foregoing reasons, BetterHelp respectfully requests that the Court dismiss Plaintiffs' Counts II (Implied Contract), V (SCA),VII (CLRA), IX (CMIA), XI (UCL), and Plaintiffs' requests for equitable relief, in their entirety without leave to amend. *Novak v. United States*, 795 F.3d at 1020 (Courts may properly deny leave to amend where amendment would be futile.)

Dated: August 28, 2024

Respectfully submitted,

*/s/ Quyen L. Ta*
QUYEN L. TA (SBN 229956)
qta@kslaw.com
**KING & SPALDING LLP**
50 California Street
Suite 3300
San Francisco, CA 94111
Telephone:     +1 (415) 318-1200
Facsimile:     +1 (415) 318-1300

LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
jhammer@kslaw.com
JAMES A. UNGER (SBN 325115)
junger@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone:+1 (213) 443-4355
Facsimile:     +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.