LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
jhammer@kslaw.com
CRAIG H. BESSENGER (SBN 245787)
cbessenger@kslaw.com
JAMES A. UNGER (SBN 325115)
junger@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To:

All Cases/

Case No. 3:23-cv-01033-RS

**DEFENDANT BETTERHELP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Date: October 17, 2024
Time: 1:30 P.M.
Courtroom: 3
Judge: Hon. Richard J. Seeborg

Pursuant to Fed. R. Ev. 201(c)(2), BetterHelp requests the Court take judicial notice of a portion of the legislative history of Assembly Bill 2089 of the California State Legislature's 2021-2022 legislative session ("AB 2089"). AB 2089 amended the CMIA as discussed in BetterHelp's Reply in support of its Motion to Dismiss. A true and correct copy of the following legislative history materials are filed herewith as Exhibits 1-5:

1. Analysis of the Assembly Committee on Health of AB 2089;
2. Floor Analysis of the California State Senate Rules Committee of AB 2089;
3. Analysis of the Assembly Committee on Privacy and Consumer Protection of AB 2089;
4. A press release concerning AB 2089 issued by California Assemblymember Rebecca Bauer Kahan issued on May 26, 2022 [available at: https://perma.cc/H8J7-Z46M?type=standard];
5. Text of AB 2089.

The Court "may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). The matters of which a court may take judicial notice should be "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(f); *United States v. Camp*, 723 F.2d 741, 744 (9th Cir. 1984).

As Plaintiffs correctly noted in their own Request for Judicial Notice, which BetterHelp does not oppose, when ruling on a motion to dismiss, proper subjects of judicial notice include legislative history reports. *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); *cf.*, *Zephyr v. Saxon Mortg. Servs., Inc.*, 873 F. Supp. 2d 1223, 1226 (E.D. Cal. 2012) (granting request to consider legislative history of relevant statute in considering motion to dismiss, as the documents "are readily available public documents" that relate to the matter at issue in terms of the meaning of a particular statute).

If either party requests judicial notice and "supplie[s] the necessary information," judicial notice "must" be taken of such materials pursuant to Fed. R. Evid. 201(c)(2). *Bos. Ret. Sys. v. Uber*

*Techs., Inc.,* No. 19-CV-06361-RS, 2020 WL 4569846, at *2 (N.D. Cal. Aug. 7, 2020).

Further, numerous courts have taken judicial notice of similar materials. *See Arce v. Douglas*, 793 F.3d 968, 975, fn. 3 (9th Cir. 2015) (taking judicial notice of press release issued by state superintendent of public schools as a public record on file with Arizona State Board of Education); *Anderson v. Holder*, 673 F.3d 1089, 1094, n.1 (9th Cir. 2012) (citing *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005); *Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 (1991) (taking judicial notice of excerpts from a Senate Report and official interpretation of the U.S. Citizenship and Immigration Services); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information posted on official government entity web sites); *Blair v. City of Pomona*, 223 F.3d 1074 (9th Cir. 2000) (taking judicial notice of an independent commission's report); *Clemmons v. Bohannon*, 918 F.2d 858, 865 (10th Cir. 1990), *vacated on other grounds on reh'g en banc*, 956 F.2d 1523 (10th Cir. 1992) (taking judicial notice of government reports and Surgeon General's reports concerning health risk of environmental tobacco smoke); *Perkins v. LinkedIn Corp.*, 53 F.Supp.3d 1222, 1241 (N.D. Cal. 2014) (taking judicial notice of California Assembly Bill drafting history and documents analyzing bill in committee notes, as well as press release and letter regarding bill to Governor); *Montantes v. Inventure Foods*, No. CV-14-1128-MWF RZX, 2014 WL 3305578, at *1 (C.D. Cal. July 2, 2014) (taking judicial notice of California assemblyman's press release and letter to Governor); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp .2d 1102, 1108; (N.D. Cal 2003) (taking judicial notice of press releases issued by the Securities and Exchange Commission).

Plaintiffs have asserted that since the passage of S.B. 1903 in the year 2000, Section 56.10(d) of the CMIA has covered *all corporations*. The attached legislative history of a later amendment to the CMIA that took effect on January 1, 2023, demonstrates that the CMIA, including Section 56.10(d), did not apply to "mental health digital services" including BetterHelp,

until 2023. As Plaintiffs cannot dispute the authenticity of these public documents, they are the proper subject of judicial notice.

Dated: September 26, 2024

Respectfully submitted,

*/s/ James A. Unger*

LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
jhammer@kslaw.com
CRAIG H. BESSENGER (SBN 245787)
cbessenger@kslaw.com
JAMES A. UNGER (SBN 325115)
junger@kslaw.com
KING & SPALDING LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.