Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan (SBN 192203)
HAMMONDLAW, P.C.
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
[Tel:] (310) 601-6766
[Fax] (310) 295-2385

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To: All Actions

**Master File No. 3:23-cv-01033-RS**

Hon. Richard Seeborg

**PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT TO PROVIDE SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Hearing Date: October 31, 2024
Time: 1:30 p.m.
Courtroom: 3
Judge: Hon. Richard Seeborg

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

I. NOTICE OF MOTION .......... 1

II. STATEMENT OF ISSUES TO BE DECIDED .......... 1

III. MEMORANDUM OF POINTS AND AUTHORITIES .......... 2

A. STATEMENT OF RELEVANT FACTS .......... 2

B. PLAINTIFFS' ARGUMENT IN SUPPORT OF COMPELLING RESPONSES TO CHALLENGED INTERROGATORIES .......... 3

1. INTERROGATORY NO. 4 .......... 3

2. INTERROGATORY NO. 5 .......... 6

3. INTERROGATORY NO. 6 .......... 8

4. INTERROGATORY NO. 8 .......... 10

5. INTERROGATORY NO. 9 .......... 11

C. PLAINTIFFS' ARGUMENT IN SUPPORT OF COMPELLING RESPONSES TO CHALLENGED REQUESTS FOR PRODUCTION OF DOCUMENTS .......... 12

1. REQUEST FOR PRODUCTION NO. 1 .......... 12

2. REQUEST FOR PRODUCTION NO. 5 .......... 17

3. REQUEST FOR PRODUCTION NO. 30 .......... 19

4. REQUEST FOR PRODUCTION NO. 31 .......... 21

5. REQUEST FOR PRODUCTION NO. 32 .......... 22

6. REQUEST FOR PRODUCTION NO. 36 .......... 23

## TABLE OF AUTHORITIES

### Cases

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142 (9th Cir. 2005) .......... 15, 16, 17

*Church & Dwight Co. v. Mayer Lab'ys, Inc.*, No. C11-3288 EMC JSC, 2011 WL 5827222 (N.D. Cal. Nov. 18, 2011) .......... 13, 14, 18

*Griffith v. Davis*, 161 F.R.D. 687 (C.D. Cal. 1995) .......... 18

*In re Pac. Pictures Corp.*, 679 F.3d 1121 (9th Cir. 2012) .......... 18

*In re Syncor ERISA Litig.*, 229 F.R.D. 636 (C.D. Cal. 2005) .......... 13, 19

*LD v. United Behav. Health*, No. 20CV02254YGRJCS, 2022 WL 4878726 (N.D. Cal. Oct. 3, 2022) .......... 18

*SPS Techs., LLC v. Briles Aerospace, Inc.*, No. CV 18-9536 MWF (ASX), 2020 WL 3050777 (C.D. Cal. Feb. 18, 2020) .......... 18

### Rules

Fed. R. Civ. P. 26(b)(1) .......... 3

Fed. R. Civ. P. 26(b)(2) .......... 1, 3

Fed. R. Civ. P. 26(b)(2)(B) .......... 14

Fed. R. Civ. P. 33 .......... 2

Fed. R. Civ. P. 33(b)(4) .......... 15

Fed. R. Civ. P. 33(d) .......... 9

Fed. R. Civ. P. 34 .......... 2

Fed. R. Civ. P. 34(b)(5) .......... 15

Fed. R. Civ. P. 37(a) .......... 1

N.D. Cal. Local Rule 37-2 .......... 1, 2, 3

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 31, 2024 at 1:30 p.m., Plaintiffs will move this Court for an Order compelling Defendant BetterHelp, Inc. ("BetterHelp"), pursuant to Fed. R. Civ. P. 37(a), to fully and completely respond to five separate Interrogatories within Plaintiffs' First Set of Special Interrogatories to Defendant served on March 1, 2024 and six separate requests within Plaintiffs' First Set of Requests for Production of Documents from Defendant, served on September 12, 2023.

For the reasons set forth in the accompanying Memorandum of Points and Authorities, as each of the disputed requests satisfy the requirements for being ordered produced pursuant to the requirements of Fed. R. Civ. P. 26(b)(2) and L.R. 37-2, Plaintiffs request an Order from the Court compelling Defendant BetterHelp to fully and completely respond without objection to Interrogatory Nos. 4, 5, 6, 8 and 9 within Plaintiffs' First Set of Special Interrogatories and Request Nos. 1, 5, 30, 31, 32 and 36 within Plaintiffs' First Set of Requests for Production of Documents, and to provide supplemental responses within 14 days from the Court's Order. Plaintiffs also request the Court find any claims of privilege have been waived as a result of Defendant's failure to timely provide a usable privilege log, or require BetterHelp produce the relevant documents for in camera review and a usable privilege log that can be considered to test any claims of privilege.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Should the Court compel BetterHelp to provide complete responses to Interrogatory Nos. 4, 5, 6, 8 and 9 within Plaintiffs' First Set of Special Interrogatories and Request Nos. 1, 5, 30, 31, 32 and 36 within Plaintiffs' First Set of Requests for Documents?

2. Should the Court find that any claims of privilege by BetterHelp have been waived as a result of Defendant's failure to timely provide a usable privilege log, or require BetterHelp produce the relevant documents for in camera review and/or a usable privilege log that can be considered to test any applicable claims of privilege?

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. STATEMENT OF RELEVANT FACTS

Plaintiffs served their First Set of Requests for Production of Documents on Defendant pursuant to Fed. R. Civ. P. 34, via electronic mail on or about September 12, 2023, and their First Set of Special Interrogatories to Defendant pursuant to Fed. R. Civ. P. 33 via electronic mail on or about March 1, 2024. On November 28, 2023 and May 10, 2024, respectively, Defendant served its initial discovery responses to Plaintiffs; however, those discovery responses were inadequate as to numerous issues.

As required by N.D. Cal. Local Rule 37-2, over the intervening six months, the parties have exhausted their meet and confer efforts. As set forth in the accompanying Declaration of Christina Tusan ("Tusan Decl."), Plaintiffs' counsel have had numerous emails and telephonic meetings with defense counsel regarding the deficiencies of Defendant's responses, most recently summarized in a letter dated July 11, 2024 to which BetterHelp responded on July 26, 2024. See Exs. 2-3 attached to the Tusan Decl. In particular, the parties are at an impasse on whether BetterHelp will respond to certain requests for information, including information related to the Federal Trade Commission's ("FTC") investigation of BetterHelp that resulted in a consent decree, multi-million dollar fine and refund program adopted by the FTC in its July 2023 order. Despite discussing these issues for months, particularly the FTC issue, and despite BetterHelp's representations it would send a final response as to these requests, Plaintiffs have never received supplemental discovery responses or any further explanation why such documents and responses are being withheld. In addition, despite repeated requests, Defendant did not produce a privilege log until September 30, 2024 -- over a year after Plaintiffs served their First Set of Requests for Production. As set forth below, Plaintiffs believe that privilege log is not usable and does not comply with Defendant's legal obligations to produce a log that adequately describes the documents that are being withheld. Tusan Decl. at ¶16, Ex. 9. Defendant's recently produced privilege log also fails to provide any information about which documents are actually being withheld that might be responsive to the challenged requests.

As set forth below, the discovery in question is within the scope permitted by Fed. R. Civ. P. 26(b)(1); is not unreasonably cumulative or duplicative; and cannot be obtained from some other source that is more convenient, less burdensome, or less expensive. Although Plaintiffs have been diligently seeking responses to discovery requests that were served over a year ago, BetterHelp has stymied those efforts by refusing to provide critical responsive information. Tusan Decl. at ¶5. The parties have sufficiently met and conferred over these issues and are at an impasse.

As each of the disputed requests satisfy the requirements of Fed. R. Civ. P. 26(b)(2) and L.R. 37-2 and for the reasons set forth below, Plaintiffs request an Order from the Court compelling Defendant to fully and completely respond to Interrogatory Nos. 4, 5, 6, 8 and 9 within Plaintiffs' First Set of Special Interrogatories and Request Nos. 1, 5, 30, 31, 32 and 36 within Plaintiffs' First Set of Requests for Production of Documents and provide supplemental responses within 14 days from the Court's Order. Plaintiffs also request the Court find any claims of privilege have been waived as a result of Defendant's failure to timely provide a usable privilege log, or require Defendant to produce the relevant documents for *in camera* review and/or an adequate and usable privilege log that identifies all documents withheld in a way sufficient to enable Plaintiffs to determine the types of documents being withheld and sufficient to enable Plaintiffs to test any applicable claim of privilege, and if any FTC related documents have in fact been withheld.

## B. PLAINTIFFS' ARGUMENT IN SUPPORT OF COMPELLING RESPONSES TO CHALLENGED INTERROGATORIES

### 1. INTERROGATORY NO. 4

IDENTIFY all of the information from and RELATING TO CLASS MEMBERS that each THIRD PARTY ANALYTICS TOOL[1] that was installed, in use, in effect, or otherwise present on YOUR WEBSITES OR APPS collected, disclosed, shared, or reported to any third party at any time during the CLASS PERIOD, including any type of PERSONAL INFORMATION.

**RESPONSE NO. 4**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to the term "THIRD PARTY ANALYTICS TOOLS" as vague and overbroad and shall interpret the term to refer to any third-party tools utilized by third parties or BetterHelp to evaluate

[1] The term "THIRD PARTY ANALYTICS TOOLS" means any and all third party analytics tools, including but not limited to the Meta Pixel, Snapchat tracking tools or pixels, Criteo tracking tools or pixels, Pinterest tracking tools or pixels, trackers used on Defendant's mobile apps including in Defendant's SDKs, and any other tracking pixels or tools, that collected, disclosed, shared, reported, or intercepted customer data from YOUR websites or apps with any unauthorized third party.

activity on BetterHelp's websites for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to the request that BetterHelp identify "all of the information from and RELATING TO CLASS MEMBERS" as vague, ambiguous, overbroad, and unduly burdensome. BetterHelp further objects to the phrase "installed, in use, in effect, or otherwise" as vague and ambiguous, and shall interpret the phrase to mean third-party tools actively utilized to evaluate activity on BetterHelp's websites for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this anonymized data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp further objects to the term "PERSONAL OR MEDICAL INFORMATION" on the grounds that it is vague and overbroad, and on the ground that BetterHelp is not subject to HIPAA because it does not handle personal health information (PHI) on behalf of covered entities. BetterHelp further objects to the phrase "collected, disclosed, shared, or reported" as vague, ambiguous, overbroad, and unduly burdensome. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time. BetterHelp will only respond with information that pertains to the period between August 1, 2017 and July 1, 2021.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

Third-party tools were integrated into BetterHelp's websites using platforms such as Google Tag Manager and direct coding changes into the website source code. The data collected by these third-party tools, including any third-party IDs, varied based on several factors, including but not limited to: a user's browser and privacy settings; the user's browsing activities; the use of plug-in technologies; the default settings and configuration of each third-party tool; the parameters, if any, set by BetterHelp; a third-party's use of persistent cookies; whether a third-party tool is blocked; if the user signed in through a third party; a particular action that triggers the tool; the user's online conduct, including the various online platforms the user elects to join and/or use; among many other factors. Transmissions from these third-party tools alone do not allow for the identification of specific individuals and the data is anonymous. Based on a review of the website code and Google Tag Manager, the data that third-party tools collected generally included information regarding website usage, user interaction with the websites, page loads, sign ups, and payments. Pursuant to the FTC Consent Order, third parties were required to delete all information that the third parties may have collected.

**<u>BASIS FOR COMPELLING FURTHER RESPONSE</u>:**

BetterHelp has maintained its objections to this Interrogatory as vague, ambiguous, unduly burdensome and "impractical and unrealistic" (See Tusan Decl, Ex. 3) despite the Interrogatory being specific in both its scope and time period, and places undue limitations on its response. For example, BetterHelp states that it "shall interpret the term [THIRD PARTY ANALTYICS TOOLS] to refer to any third-party tools utilized by third parties or BetterHelp to evaluate activity on BetterHelp's websites for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use." The limitation improperly attempts to exclude tracking technologies that "collected, disclosed, shared, or reported

customer data from YOUR WEBSITES OR APPS with any third party." In addition, BetterHelp fails to state which tracking tools it is including in its response and which it is not.

Better Help also asserts that "Similarly, advertising tools like Facebook Meta Pixel collect data for ad targeting and performance tracking. This data collection is dynamic and changes with each ad campaign's parameters and updates to the website." (*Id.* at 2). However, the Interrogatory seeks information from BetterHelp regarding what data BetterHelp is aware was collected by and disclosed to third parties, not what information third parties had.[2] For example, where on the Intake Questionnaire response page the Meta Pixels were placed would indicate what information was collected (in terms of the responses to those questions). If BetterHelp tracked when therapy sessions started and ended and had tracking tools located on those pages, it would know what information was collected and shared with third parties about those sessions. *Id.*

BetterHelp also has objected to the term "PERSONAL OR MEDICAL INFORMATION" on the grounds that it is vague and overbroad, and on the ground that BetterHelp is not subject to HIPAA because it does not handle personal health information ("PHI") on behalf of covered entities. Whether it does so on behalf of "covered entities" does not make the request overbroad or support its objection. Plaintiffs note that BetterHelp publicly claimed to be subject to HIPAA. See First Amended Consolidated Complaint ("FACC") at ¶¶53-56.

At bottom, Interrogatory No. 4 asks BetterHelp to identify all of the information collected by tracking technologies it installed on its own websites and apps and disclosed to third parties. This information is relevant to each of the claims at issue in the FACC. BetterHelp's answer that it "varied" is a non-response and its identification of numerous factors "among many other factors" is simply legal argument disguised as an interrogatory response. This question goes to the core issue in this case and claims that the information tracking tools collected "varied" does not in any way justify failing to explain what information was collected in each circumstance, including any ways in which that collection may have "varied." The question goes to what BetterHelp installed on its website and what those installed tracking tools collected- something BetterHelp had full

[2] While the description in the privilege log is inadequate, this may very well be what many of the claimed privileged documents address when they refer to "data utilization".

control over as it installed the tracking tools on particular parts of its website to collect particular types of information. BetterHelp has offered no explanation for a claim that it cannot respond to this question regarding the third-party tracking tools it installed and controlled that were on its website. BetterHelp should be compelled to provide a complete response to this question.

In addition, the statement "the data that third-party tools collected generally included information regarding website usage, user interaction with the websites, page loads, sign ups, and payments" is both inaccurate and incomplete. The phrase "user interaction with the websites" is so broad and vague as to not be a meaningful response. Better Help also asserts in its response that "Third-party tools were integrated into BetterHelp's websites using platforms such as Google Tag Manager and direct coding changes into the website source code." However, BetterHelp has refused to produce the complete Google Tag Manager change log data or the Meta Developer Tools Information and the Meta Events Matters such that Plaintiffs can confirm when and how BetterHelp did, in fact, make changes to the website source code and the configurations of the tracking technologies at issue (see discussion, *infra*).

BetterHelp should be compelled to supplement its response to provide a full, accurate, and complete answer to this Interrogatory identifying the specific tracking tools used, when they were used, and how they were configured. Additionally, this question focuses directly on what information BetterHelp's third party trackers were sending to third parties based on the specific parameters it set up. Objections such as "users' browser set up" and default provisions of the trackers are irrelevant in terms of responding to this Interrogatory, as it asks how these trackers were set up on the BetterHelp website by BetterHelp.

**2. INTERROGATORY NO. 5**

To the extent the information from and RELATING to CLASS MEMBERS that was collected, disclosed, shared, or reported to any third party by a THIRD PARTY ANALYTICS TOOL varied during the CLASS PERIOD, describe any changes in the information collected, disclosed, shared, or reported to any third party by that THIRD PARTY ANALYTICS TOOL and the dates any such changes went into effect.

**RESPONSE NO. 5**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to the term "THIRD PARTY ANALYTICS TOOLS" as vague and overbroad and shall interpret the term to refer to any third-party tools utilized by third parties or BetterHelp to evaluate activity on BetterHelp's website for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that

consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp further objects to the term "PERSONAL OR MEDICAL INFORMATION" on the grounds that it is vague and overbroad and on the ground that BetterHelp is not subject to HIPAA because it does not handle PHI on behalf of covered entities. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time. BetterHelp also objects to the request that BetterHelp "describe any changes in the information collected, disclosed, shared, or reported to any third party" and "the dates any such changes went into effect" as vague, ambiguous, unintelligible, overbroad, and unduly burdensome.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

Data collected by third-party tools are constantly changing based on a variety of non-static factors, many of which are not subject to BetterHelp's knowledge or control, including but not limited to: a user's browser settings; the default settings and configuration of each third-party tool; the parameters, if any, set by BetterHelp; a third-party's use of persistent cookies; whether a third-party tool is blocked; if the user signed in through a third party; a particular action that triggers the tool; and a user's conduct; among many other factors, such that BetterHelp cannot "describe any changes in the information collected, disclosed, shared, or reported to any third party" and "the dates any such changes went into effect." BetterHelp affirmatively states the third-party tools benefit consumers.

**<u>BASIS FOR COMPELLING FURTHER RESPONSE</u>:**

BetterHelp asserts it kept no track of what information was being disseminated from its websites to third parties by tracking tools that it installed and configured on its websites. BetterHelp knows what webpages the tracking tools were used on, knows how it configured the tracking tools, and therefore knows what information was designed to be collected and disclosed to third parties. Regardless of whether "[m]any of the factors were within the control of users and other third parties," much of the information is well within BetterHelp's knowledge and control. Tusan Decl. Ex. 3 at 3. Moreover, Interrogatory No. 5 asks for BetterHelp to "describe any changes in the information collected, disclosed, shared, or reported to any third party" by tracking tools BetterHelp was responsible for installing and configuring on its own websites and when those changes went into effect. BetterHelp presumably knows "the parameters, if any, set by BetterHelp," just as one example. Plaintiffs and Class members are not the individuals who control that information, as they are not the ones that trigger these tools. And since BetterHelp has taken the position that it made necessary changes to stop collecting such information in response to the FTC investigation, presumably it knows when it did so. Additionally, this question focuses directly on what information BetterHelp's third party trackers are sending to third parties based on the specific parameters it set up. Issues such as "users' browser set up" and default provisions of the trackers are irrelevant, as the Interrogatory requests BetterHelp explain how these trackers were

set up on the BetterHelp website by BetterHelp.

If BetterHelp's position is that it has no idea what information was shared and when it was shared with third parties, it should so state. However, BetterHelp should be able to determine and state the dates any such changes went into effect. In fact, that is precisely the type of data that Google Tag Manager change logs keep track of. Plaintiffs have specifically requested these Google Tag Manager change logs or the Meta Developer Tool information that should have been produced, along with the relevant source code that could be used to identify such information, which could be used to respond to this Interrogatory. BetterHelp has failed to do so, even though there is a discrete set of information it could refer to in providing such a response. It could also refer to specific documents to respond to this Interrogatory, pursuant to Fed. R. Civ. Proc. 33(d)(1)("If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.")

Finally that this sensitive information was shared with third parties and changes in code took place is not "speculative". BetterHelp admits it did so, and documents produced by third parties establish that PHI was collected through the third-party analytics tools directed by BetterHelp for most, if not all, of the named Plaintiffs. BetterHelp should be compelled to supplement its response to provide a full, accurate, and complete answer to this Interrogatory.

**3. INTERROGATORY NO. 6**

IDENTIFY all DOCUMENTS or COMMUNICATIONS RELATED to the selection, configuration, and implementation of any THIRD PARTY ANALYTICS TOOLS that was installed, in use, in effect, or otherwise present on YOUR WEBSITES OR APPS at any time during the CLASS PERIOD.

**RESPONSE NO. 6**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to the term "THIRD PARTY ANALYTICS TOOLS" as vague and overbroad and shall interpret the term to refer to any third-party tools utilized by third parties or BetterHelp to evaluate activity on BetterHelp's websites for the purpose of optimizing advertising and attributing

outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to the term "YOUR WEBSITES OR APPS" as vague and overbroad and shall interpret the term to mean all websites owned by Defendant and used to sign up for Defendant's services. BetterHelp further objects to the phrase "installed, in use, in effect, or otherwise" as vague and ambiguous, and shall interpret the phrase to mean third-party tools actively utilized to evaluate activity on BetterHelp's website for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to this Interrogatory as premature, as BetterHelp's review of documents in response to Plaintiff's document requests is ongoing. BetterHelp also objects to this Interrogatory to the extent it seeks the identification of documents that will be produced in discovery and thus will be equally available to Plaintiff. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome in that it would require the identification of a significant volume of documents over a period of many years. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time.

**BASIS FOR COMPELLING FURTHER RESPONSE:**

BetterHelp attempts to unduly limit its response by objecting to the phrase "installed, in use, in effect, or otherwise" as vague and ambiguous, and then unilaterally interpreting the phrase to mean "third-party tools actively utilized to evaluate activity on BetterHelp's website for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use." That is not an appropriate limitation, as (1) BetterHelp completely rewrites the request to enable BetterHelp to avoid answering the Interrogatory that was asked; (2) BetterHelp does not define the term "actively", (3) there are no actions that consumers "elect to make" that would be related to BetterHelp's selection, configuration, and implementation of these tracking tools (and BetterHelp fails to state what actions it believes those are); and (4) BetterHelp improperly limits the request because the tracking tools are not used solely for the purpose of optimizing advertising and "attributing outcomes" (whatever BetterHelp means by that term).

BetterHelp has stood on its objections, claiming, among other reasons, that "It is not BetterHelp's burden to sort through and identify produced ESI as these Interrogatories request." Tusan Decl., Ex. 3 at 3. However, under Fed. R. Civ. P. 33(d), that is precisely what it must do. While Plaintiffs understand BetterHelp is in the process of going through electronically stored information such that it can supplement this response, there are many other responsive documents

as indicated by its response that it could and should identify, along with providing a usable privilege log to identify the documents that it has chosen to withhold (discussed *infra*). The Court should compel BetterHelp to supplement its response to provide a full, accurate, and complete answer to Interrogatory No. 6, which can include requiring BetterHelp to list the Bates numbers of responsive documents it believes provides responsive information, rather than simply interposing an objection, rewriting the question, and thereafter refusing to respond at all.

### 4. INTERROGATORY NO. 8

IDENTIFY all DOCUMENTS or COMMUNICATIONS CONCERNING any and all benefits and consideration YOU expected to receive or did receive from the use of THIRD PARTY ANALYTICS TOOLS on YOUR WEBSITES OR APPS at any time during the CLASS PERIOD.

**RESPONSE NO. 8**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp also objects to the terms "benefits" and "consideration" as vague and ambiguous. BetterHelp objects to the term "THIRD PARTY ANALYTICS TOOLS" as vague and overbroad and shall interpret the term to refer to any third-party tools utilized by third parties or BetterHelp to evaluate activity on BetterHelp's websites for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to the term "YOUR WEBSITES OR APPS" as vague and overbroad and shall interpret the term to mean all websites owned by Defendant and used to sign up for Defendant's services. BetterHelp further objects to the phrase "installed, in use, in effect, or otherwise" as vague and ambiguous, and shall interpret the phrase to mean third-party tools actively utilized to evaluate activity on BetterHelp's website for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to this Interrogatory as premature, as BetterHelp's review of documents in response to Plaintiff's document requests is ongoing. BetterHelp also objects to this Interrogatory to the extent it seeks the identification of documents that will be produced in discovery and thus will be equally available to Plaintiff. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome in that it would potentially require the identification of a significant volume of documents over a period of many years. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time.

**<u>BASIS FOR COMPELLING FURTHER RESPONSE</u>**:

This Interrogatory asks BetterHelp to identify whatever documents exist that would describe any and all benefits and consideration it expected to receive or did receive from the use of these tracking tools – a relevant question in terms of several of the claims at issue as to BetterHelp's financial motivations for sharing the information in question. For example, if BetterHelp received free services from companies such as Meta in exchange for bartering Plaintiffs' and Class Members' data, that is a value or benefit it received at the expense of Plaintiffs

and Class Members. BetterHelp has stood on its objections to this Interrogatory, raising the same issues it raised in response to Interrogatory No. 6. See Tusan Decl. Ex. 3 at 3.[3] The FTC Complaint details numerous communications surrounding this subject and communications directly with Facebook/Meta about this topic. See Ex. A to FACC at p. 2, ¶5-6; p. 12, ¶54. As a result, there likely are a significant number of communications with Facebook/Meta over this issue that are responsive to this Interrogatory that have yet to be produced.

In terms of proportionality, while BetterHelp claims there would be a significant amount of information that it would need to provide in response to this Interrogatory (Tusan Decl., Ex 3 at 3), this is a complex case that calls for Defendant to identify a large number of documents over a 10-year period precisely because BetterHelp's wrongful conduct spanned at least 10 years. It is BetterHelp's conduct that defines the relevant scope of BetterHelp's discovery obligations and thus providing a response that at a minimum identifies such communications, when they took place, and with whom is proportional to the needs of this case. BetterHelp's objection is that "it would potentially require the identification of a significant volume of documents over a period of many years", indicates in fact it is aware of and has in its possession information that would be responsive to this Interrogatory. BetterHelp should be compelled to supplement its response to this Interrogatory to provide an accurate and complete response that identifies responsive information and/or documents, rather than interposing an objection and refusing to respond at all.

### 5. INTERROGATORY NO. 9

IDENTIFY the HIPAA Compliant Privacy and Compliance Officers and members of YOUR Privacy and Compliance Team during the CLASS PERIOD, INCLUDING any outside entity, third party or agent who provided these services to YOU and describing their respective roles and responsibilities to draft, implement, maintain and enforce HIPAA compliant privacy policies and procedures.

**RESPONSE NO. 9**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to this Interrogatory as irrelevant on the ground that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

BetterHelp is not subject to HIPAA.

[3] BetterHelp's objection to the phrase "installed, in use, in effect, or otherwise" is particularly meritless, as that phrase does not appear in this Interrogatory.

**BASIS FOR COMPELLING FURTHER RESPONSE:**

While Better Help claims this Interrogatory is irrelevant on the ground that "it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case," that response is based on BetterHelp's unsupported claim that it is not subject to HIPAA. While that is BetterHelp's current view (which is inconsistent with its public claims on its website that it was "HIPAA compliant," see FACC at ¶¶53-56), BetterHelp's view is not dispositive and Plaintiffs are entitled to seek discovery on this issue. This Court's Motion to Dismiss Order dated July 15, 2024 (ECF 113) at p. 8 recognized Plaintiffs' allegation that BetterHelp was subject to HIPAA and how that allegation is relevant to the claims at issue. BetterHelp's current pleading challenge does not make claims that it is not subject to HIPAA.

In its July 27, 2024 response BetterHelp stated that while it believes it is not subject to HIPAA, "BetterHelp agrees to supplement its response to address Plaintiffs' concern." Tusan Decl., Ex. 3 at 3. It has never done so. If the answer to this Interrogatory is that there are no such persons, BetterHelp should supplement its response to state that fact. If the response is there are such persons, the Court should order BetterHelp supplement its Response to identify such persons either within BetterHelp or its parent company, as BetterHelp previously claimed it would.

**C. PLAINTIFFS' ARGUMENT IN SUPPORT OF COMPELLING RESPONSES TO CHALLENGED REQUESTS FOR PRODUCTION OF DOCUMENTS**

**1. REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS and written responses YOU produced to the United States Federal Trade Commission ("FTC") in response to any formal civil investigative demand or informal verbal or written requests for documents or other information YOU received RELATING TO YOUR use or disclosure of customer including any information YOU provided RELATED to the FTC investigation that resulted in the FTC Decision and Order (Docket No. c-4796) issued on or about July 7, 2023 ("FTC INVESTIGATION").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

BetterHelp objects to this Request to the extent it seeks information that is protected by the work product protection, settlement privilege, or any other privilege. BetterHelp further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time. BetterHelp further objects to this Request on the ground that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. BetterHelp further objects to this Request as compound. BetterHelp further objects to the phrase "YOUR use or disclosure of customer" as vague, ambiguous, and unintelligible. BetterHelp further objects to this Request on the ground that BetterHelp's communications with the FTC in connection with the FTC investigation are protected from discovery. Subject to and without waiving the foregoing objections, BetterHelp responds as follows: BetterHelp has produced

responsive and non-privileged documents in BetterHelp's possession, custody, or control.

**BASIS FOR COMPELLING FURTHER RESPONSE**:

While BetterHelp has produced a handful of responsive documents provided to the FTC, it did not produce the entire set of documents responsive to this Request despite the representations made to the contrary at page 9 of its Joint Case Management Statement (Doc. 84). The FTC Complaint makes it clear that it received additional information regarding Defendant's conduct that has not been produced, including transcripts from an investigational hearing that the FTC complaint confirms was conducted. (See, e.g., FTC Complaint at p. 12, ¶54-57; p. 13, ¶ 60-62 (FACC at Exh. A).) Thus, Plaintiffs are not talking about demanding BetterHelp make a voluminous or large magnitude of production of documents, but rather a discrete set of documents that (a) should already have been gathered, and/or (b) already have been produced to the FTC.

In its July 27, 2024, response BetterHelp stated that it "acknowledges that these requests relate to documents and testimony involved in the FTC investigation. BetterHelp will address the issues related to these requests in a separate correspondence." Tusan Decl. Ex. 3 at 4. However, in that separate correspondence, BetterHelp ultimately stood on its objections and refused to provide any additional information or produce additional documents. *Id*. at Ex. 4.

The FTC Complaint includes specific evidence that is relevant to this matter that the FTC states was obtained through the investigative hearings it conducted. FTC Complaint at p. 6, ¶30; p. 13, ¶60 (FACC at Ex. B). BetterHelp provides boilerplate objections on grounds of privilege but does not state what those privileges are (instead referring to "any other privilege.") If the responsive information to the FTC was prepared by attorneys but shared with the FTC, claims of attorney client privilege or work product cannot attach to information shared with a third party unless for very specific purposes not stated here. *In re Syncor ERISA Litig*., 229 F.R.D. 636, 645 (C.D. Cal. 2005) ("disclosure(s) of the documents to the Government waived whatever attorney-client privilege and work product protection these documents might have had."); *Church & Dwight Co. v. Mayer Lab'ys, Inc.*, No. C11-3288 EMC JSC, 2011 WL 5827222, at *3 (N.D. Cal. Nov. 18, 2011) (requiring production of documents provided pursuant to an FTC investigation to third party litigants and confirming the attorney-client and work product protections did not apply to produced

documents).

Further, these requests are neither vague, ambiguous nor unintelligible as they are tailored to specifically identify the documents that led to a specific FTC order referenced in the request. The objection that any communications with FTC are protected from discovery is not well taken, as BetterHelp has not provided Plaintiffs with authority that stands for the proposition that some unidentified privilege attaches merely because otherwise unprivileged factual information was produced to the FTC in connection with an FTC investigation. *Id.*

Although a privilege log was finally produced by BetterHelp late in the day on September 30, 2024—after repeated requests and over a year after Requests for Production were first served—it fails to adequately identify the nature of the documents that were withheld associated with this request. A review of BetterHelp's privilege log (See Tusan Decl. Ex. 9) confirms that no documents relating to the FTC's investigation appear to be listed – establishing either this log is incomplete or there is no privilege claim being asserted for the withheld documents. BetterHelp has refused to provide a timely privilege log that adequately identified the documents that were withheld despite the requirements of Fed. R. Civ. P. 26(b)(2)(B), which provides that "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—*and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim*." (emphasis added). As the Court can see, this newly produced log fails to provide such a description. the privilege log is inadequate as it describes every document either as "Privileged communication regarding data utilization", or "Privileged communication, prepared in anticipation of litigation, regarding data utilization." Tusan Decl. at ¶ 16, Ex. 9. These descriptions of the withheld documents are vague in that they describe each document in a virtually identical manner by referring to them as documents involving "data utilization", making it difficult if not impossible to understand the nature of the documents that are being withheld. And critically for purposes of this Request, there is not a single document listed as being sent to or from anyone at the FTC. *Id.*

Pursuant to Fed. R. Civ. P. 34(b)(5), absent consent of the adverse party, or a Court order, a privilege log (or other communication of sufficient information for the parties to be able to determine whether the privilege applies) must accompany a written response to a Rule 34 document production request, and a failure to do so may constitute a forfeiture of any claims of privilege. Relatedly, Fed. R. Civ. P. 33(b)(4) provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." While BetterHelp stated on July 26, 2024 that "[r]egarding a privilege log, BetterHelp will provide a log on a rolling basis at the appropriate time" (Tusan Decl., Ex. 3 at 4), it did not do so in the intervening months. When it finally did so on September 30, 2024, that log did not describe the documents in a manner that was sufficient to allow Plaintiffs to evaluate the claims, as they all included cryptic descriptions that they were communications regarding "data utilization." Tusan Decl., ¶16, Ex 9.

As the Ninth Circuit has held in *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont*., 408 F.3d 1142, 1149 (9th Cir. 2005): "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege. However, we also reject a per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30–day time limit. Instead, using the 30–day period as a default guideline, a district court should make a case-by-case determination, taking into account the following factors: [a] the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); [b] the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); [c] the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of investigative discovery in an earlier action) or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process."

BetterHelp's explanation for its failure to produce a privilege log until now has been that BetterHelp wants to produce one privilege log. Defendant's claims that it was withholding production of its privilege log from late 2023 until its very recent production of an unusable one on September 30, 2024 because it still has not produced all of the responsive documents is improper. Plaintiffs have the right to have a usable privilege log that sets forth what has been withheld now. If BetterHelp withholds additional documents in the future, it can amend or supplement the privilege log at that time. The request calls for a specific and readily available set of documents, and BetterHelp's responses were pending for nine months. BetterHelp's continued desire to wait until some unspecified time in the future was not a valid basis to refuse to timely produce a usable privilege log. While BetterHelp has used the promise to provide a privilege log as an excuse for not producing documents, including those related to the FTC's investigation, the log it produced confirms the need for the Court to grant this motion as it demonstrates that they have no basis for withholding those documents.

In *Burlington Northern*, the district court found a waiver where the log not only was not filed during the Rule 34 time limit, but was provided five months later. The Ninth Circuit upheld the finding of waiver, holding "[i]n the absence of mitigating considerations, this fact alone would immunize the district court's ruling from reversal under the standard just articulated.". *Id*. Here, it has been twice as long. And despite claims that BetterHelp is in the final stages of conducting a review to produce additional materials, to date Plaintiffs still have not received supplemental responses, have not received a timely usable privilege log containing a meaningful description of what is being withheld, or given the promised explanation of BetterHelp's position why it refuses still to produce this information.

In addition, while BetterHelp has produced to Plaintiffs a handful of responsive documents provided to the FTC, it did not produce the entire set of documents responsive to this Request despite the representations made to the contrary at page 9 of its Joint Case Management Statement (Doc. 84). The FTC Complaint makes it clear that it received additional information regarding Defendant's conduct that has not been produced, including transcripts from an investigational hearing that the FTC complaint confirms was conducted. Communications with opposing counsel

have also indicated there are additional FTC documents that have not yet been produced. (See, e.g., FTC Complaint at p. 12, ¶54-57; p. 13, ¶ 60-62 (FACC at Exh. A); Tusan Decl. at ¶14, Ex. 8) Plaintiffs are not demanding BetterHelp make a voluminous or large magnitude of production, but rather a discrete set of documents that (a) should already have been gathered, and/or (b) already have been produced to the FTC.

Finally, this is not a situation where some documents have been produced and others either do not exist or have been properly withheld because they are attorney-client communications. Instead, Defendant is refusing to produce many of these documents in their entirety – including interview transcripts that the FTC plainly references in its Complaint. BetterHelp refused to do so in part by claiming, based on some unexplained privilege, that the FTC transcripts are "protected from discovery" even though the privilege log fails to include any of the FTC documents. Thus, any continued claim of privilege has been waived would not be an excessively harsh result, and would be consistent with the Ninth Circuit's standard set forth in *Burlington Northern*. Because BetterHelp has not provided a log that justifies withholding the documents at issue in this Motion, the Court must compel disclosure of all responsive documents.

### 2. <u>REQUEST FOR PRODUCTION NO. 5</u>

DOCUMENTS sufficient to IDENTIFY all individuals who provided any formal or informal testimony to the FTC RELATING TO the FTC INVESTIGATION.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5</u>**

BetterHelp objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product protection, settlement privilege, or any other privilege. BetterHelp further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time. BetterHelp further objects to this Request on the ground that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. BetterHelp further objects to this Request on the ground that transcripts of testimony provided in connection with the FTC investigation are protected from discovery. BetterHelp further objects to the defined term "IDENTIFY," which purports to impose obligations not authorized by the Federal Rules of Civil Procedure or applicable law. Based on the foregoing objections, BetterHelp will not produce documents in response to this Request.

**<u>BASIS FOR COMPELLING FURTHER RESPONSE:</u>**

The FTC Complaint notes that the information it gathered was obtained through the investigative hearings it conducted. FTC Complaint at p. 6, ¶30; p. 13, ¶60 (FACC at Exh. A). As a result, there must be information identifying the individuals from BetterHelp that provided such

information. Plaintiffs' Request for Production No. 5 goes directly to identifying the relevant witnesses in this action, as well as transcripts that would establish what testimony they provided.

There is no basis for the general objection that such information is protected from discovery. In addition to the issues raised in response to the previous Request, BetterHelp objects that the identity of individuals who testified to the FTC is "irrelevant" to the claims in this case and that "transcripts of testimony provided in connection with the FTC investigation are protected from discovery." The FTC's investigation concerns many of the same facts underlying this litigation, and thus the identity of BetterHelp's witnesses in the FTC investigation is relevant. There is no basis for any claim of privilege regarding prior testimony given under oath by Defendants or their representatives to a government agency about the conduct at issue. *In re Pac. Pictures Corp*., 679 F.3d 1121, 1130 (9th Cir. 2012); *SPS Techs., LLC v. Briles Aerospace, Inc.*, No. CV 18-9536 MWF (ASX), 2020 WL 3050777, at *4 (C.D. Cal. Feb. 18, 2020)("Moreover, the communications between Gray and her client were to prepare for the nonprivileged June 2011 phone call with the FTC. Thus, Plaintiff knew that the information would likely be conveyed to the FTC and would not remain in confidence. See *Griffith v. Davis*, 161 F.R.D. 687, 694 (C.D. Cal. 1995) ("One of the essential elements of the attorney-client privilege is the intent that the communication be kept confidential.")); *LD v. United Behav. Health*, No. 20CV02254YGRJCS, 2022 WL 4878726, at *11 (N.D. Cal. Oct. 3, 2022)("Furthermore, as Plaintiffs point out, the disclosure of documents in a governmental investigation, even if produced subject to a promise of confidentiality, generally gives rise to waiver of work product protection and attorney-client privilege"); *Church & Dwight Co. v. Mayer Lab'ys, Inc.*, No. C11-3288 EMC JSC, 2011 WL 5827222, at *3 (N.D. Cal. Nov. 18, 2011)(after the court granted Defendant's prior motion requiring plaintiffs to produce documents it had submitted to the FTC in response to an investigative subpoena, it held that plaintiff also had to turn over documents voluntarily produced to the FTC as it had "waived any attorney work product protection for correspondence, email and 'white papers' it voluntarily submitted to the FTC, an adversary" and observing that "all of the Circuits to have addressed the issue have held that waiver applies to voluntary production to the government as well as to private parties, even when the documents are produced in conjunction

with a confidentiality agreement."); *In re Syncor ERISA Litig.*, 229 F.R.D. 636, 645 (C.D. Cal. 2005).

BetterHelp, despite repeated requests, has not identified any FTC documents it is withholding based on a privilege claim. Based on the privilege log Plaintiffs just received, it appears BetterHelp is no longer making such a claim. See discussion, *supra*. BetterHelp has either now conceded no such privilege attaches to such documents by not listing them on the privilege log or waived its ability to belatedly justify such privilege claims. In addition, by its very nature, an investigative hearing is not a privileged settlement communication; it represents the FTC's efforts to determine the underlying facts associated with the precise conduct at issue in this matter. That case has concluded, and there is no longer an investigation pending. For the reasons set forth above BetterHelp has waived its ability to belatedly justify such unidentified privileges.

BetterHelp must provide documents that identify those individuals with knowledge of the facts relevant to this case, particularly if they also provided testimony to the FTC either formally or informally and must produce the resulting transcripts. As BetterHelp has taken the position no responsive documents will be produced, and has refused to produce such documents to date or list such documents on the belated privilege log, the Court should compel their production.

### 3. **<u>REQUEST FOR PRODUCTION NO. 30</u>**

All DOCUMENTS in YOUR possession concerning PLAINTIFFS during the CLASS PERIOD, including but not limited to DOCUMENTS RELATING TO any information PLAINTIFFS entered on YOUR websites or mobile applications when they signed up for one of your services; any DOCUMENTS YOU collected or obtained from PLAINTIFFS; DOCUMENTS constituting, RELATING TO or concerning YOUR disclosure or sharing of PLAINTIFFS' data with any third party including Meta, Criteo, Snapchat, and Pinterest; DOCUMENTS RELATING TO YOUR use of all data collected by YOU from and regarding PLAINTIFFS; any advertisements you sent to PLAINTIFFS after they signed up for one of your services; and DOCUMENTS RELATING TO any custom dimensions YOU created or obtained that contained or were based on PLAINTIFFS' data that was submitted to or collected by YOU through one of YOUR websites or mobile applications.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 30</u>**

BetterHelp objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product protection, settlement privilege, or any other privilege BetterHelp further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time. BetterHelp will only produce documents created on or after August 1, 2017 and before July 1, 2021. BetterHelp further objects to this Request on the ground that it calls for documents that are protected by third parties' rights of confidentiality and/or privacy, as provided by contract or other agreement, the California and United States Constitutions and/or any other statute or legal authority. BetterHelp further objects to this Request on the ground that it seeks information that is neither relevant to any party's claims or defenses

nor proportional to the needs of the case. BetterHelp further objects to this Request as compound. BetterHelp further objects to the term "custom dimensions" as vague and ambiguous. Based on the foregoing objections, BetterHelp will not produce documents in response to this Request.

**BASIS FOR COMPELLING FURTHER RESPONSE:**

On July 27, 2024, BetterHelp represented "that it will not withhold any documents based on a privacy objection. Accordingly, BetterHelp agrees to produce non-privileged documents in its possession in response to this request for the relevant date range." Tusan Decl. Ex. 3 at 4. Yet despite this representation, it has failed to do so. It should be clear that the information BetterHelp has gathered or retained relevant to Plaintiffs' claims is relevant to establishing those claims or rebutting BetterHelp's defenses. BetterHelp should have in its possession any information Plaintiffs provided to it, payment information and when such information was submitted by BetterHelp to third parties. Yet BetterHelp has refused to produce any responsive documents, claiming the information requested is not relevant. The documents requested are extremely relevant to determining what information about the Plaintiffs was shared by BetterHelp with undisclosed and unauthorized third parties, and what information BetterHelp gathered and continues to retain about the Plaintiffs.

In addition, BetterHelp's position that it will only produce documents created on or after August 1, 2017, and before July 1, 2021 is improper., The claims at issue run through the entirety of the Class Period. In addition, several Plaintiffs signed up with BetterHelp after this time period. BetterHelp has no legitimate basis to refuse to produce any responsive documents on the grounds that they are beyond what it believes is the "relevant date range".

Relatedly, as noted above, Plaintiffs still have not received the Google Tag Manager Change Logs or the Meta Developer Tool information that should have been produced along with the relevant source code that could be used to identify BetterHelp's "disclosure or sharing of PLAINTIFFS' data with any third-party including Meta, Criteo, Snapchat, and Pinterest", as called for in this Request. Plaintiffs have offered to provide BetterHelp with instructions on how to acquire produce this information if it is having any issues downloading them; so far BetterHelp has refused to do so. The documents BetterHelp produced to date also show that BetterHelp appears to have a great deal of information associated with its account that relates directly to the

placement and modifications of the Meta Pixels at issue. Plaintiffs believe those documents should be easy to locate and have asked that those documents be promptly produced. They have not been produced to date, even though they are discrete, and readily available. Similarly, the Google Tag Manager Change Logs and Meta Pixel Developer Tools have not been produced to date even though they are directly relevant to the key issues in this case and are not listed on the privilege log as being withheld on those grounds. The Court should compel BetterHelp produce all responsive information.

**4. <u>REQUEST FOR PRODUCTION NO. 31</u>**

DOCUMENTS sufficient to IDENTIFY YOUR employees or any person or persons who were responsible for installing, modifying, and maintaining each THIRD PARTY ANALYTICS TOOL that was installed on YOUR websites or mobile applications.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 31</u>**

BetterHelp objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product protection, settlement privilege, or any other privilege. BetterHelp further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time. BetterHelp will only produce documents created on or after August 1, 2017 and before July 1, 2021. BetterHelp further objects to the term "THIRD PARTY ANALYTICS TOOL" as vague and overbroad and shall interpret the term to refer to any third party tools used to analyze or track user behavior on BetterHelp's websites or apps. BetterHelp further objects to this Request on the ground that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. BetterHelp further objects to the defined term "IDENTIFY," which purports to impose obligations not authorized by the Federal Rules of Civil Procedure or applicable law. Subject to and without waiving the foregoing objections, BetterHelp responds as follows: Once a stipulated protective order regarding sensitive and confidential information is entered by the Court, BetterHelp will produce responsive and non-privileged documents in BetterHelp's possession, custody, or control, if any, that are located pursuant to a reasonable and diligent search.

**<u>BASIS FOR COMPELLING FURTHER RESPONSE</u>:**

BetterHelp has claimed that it has already produced documents that satisfy these requests: "For reference, documents identified with Bates Numbers BH0004251, BH0004252, BH0004253, and BH0004254, included in BetterHelp's production on April 5, 2024, show its organizational structure as of 2017, 2018, 2019, and 2023, respectively." Tusan Decl, Ex. 3 at 4. BetterHelp is required to produce all responsive documents for the entire class time period and cannot unilaterally limit the time period as it suggests. BetterHelp also states that it shall interpret the term "THIRD PARTY ANALYTICS TOOL" "to refer to any third party tools used to analyze or track user behavior on BetterHelp's websites or apps." BetterHelp has refused to state what tracking

tools it is including and which it is not. Adding such a limitation also excludes the key phrase in that definition "that collected, disclosed, shared, or reported customer data from YOUR WEBSITES OR APPS with any third party", and thus is improper.[4]

Plaintiffs agree that BetterHelp has produced organization charts (referenced above) that are partially responsive to this Request. However, as Plaintiffs have repeatedly explained to BetterHelp, those charts improperly have anonymized or redacted the names of key BetterHelp staff members. There is no basis for refusing to provide the names of key staff members and to list them as anonymous, and to date BetterHelp has provided none. BetterHelp still has not produced an updated set of organizational charts with those persons identified, which has impeded Plaintiffs' ability to identify individuals as relevant custodians and/or obtain testimony from key witnesses beyond the three current employees of BetterHelp that Plaintiffs they have so far identified and whose depositions are still in the process of being scheduled.

### 5. REQUEST FOR PRODUCTION NO. 32

DOCUMENTS sufficient to IDENTIFY the persons responsible for YOUR digital marketing programs, including those persons responsible for deciding whether to install THIRD PARTY ANALYTICS TOOLS on YOUR websites or mobile applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

BetterHelp objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product protection, settlement privilege, or any other privilege. BetterHelp further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time. BetterHelp will only produce documents created on or after August 1, 2017 and before July 1, 2021. BetterHelp further objects to the term "THIRD PARTY ANALYTICS TOOL" as vague and overbroad and shall interpret the term to refer to any third party tools used to analyze or track user behavior on BetterHelp's websites or apps. BetterHelp further objects to this Request on the ground that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. BetterHelp further objects to the defined term "IDENTIFY," which purports to impose obligations not authorized by the Federal Rules of Civil Procedure or applicable law. Subject to and without waiving the foregoing objections, BetterHelp responds as follows: Once a stipulated protective order regarding sensitive and confidential information is entered by the Court, BetterHelp will produce responsive and non-privileged documents in BetterHelp's possession, custody, or control, if any, that are located pursuant to a reasonable and diligent search.

**BASIS FOR COMPELLING FURTHER RESPONSE:**

BetterHelp's bases for refusing to produce additional documents in response to this Request

---

[4] In addition to the issues raised above in terms of timing and scope, a stipulated protective order is in place the absence of one is no longer a valid basis to refuse to produce information.

are the same as in response to the previous Request. For the same reasons set forth above, this Court should compel BetterHelp to produce responsive documents and/or an updated and de-anonymized organization chart without further delay.

### 6. REQUEST FOR PRODUCTION NO. 36

All DOCUMENTS RELATING to the existence and contents of any agreement under which any insurance carrier may be liable to satisfy in whole or in part a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including the identity of the carrier and the nature and limits of the coverage, and whether that insurance carrier is disputing the agreement's coverage of the claim involved in this action and a copy of the full policy (including the Declarations Page) of any primary and excess Errors and Omissions, Data Breach, Cybersecurity, Commercial General Liability or other insurance agreements that potentially provide coverage for the clams at issue in this action, whether or not any claim arising out of this action has been tendered, rejected, accepted or accepted with a reservation of rights, including all COMMUNICATIONS with any insurance carrier RELATED to the claims asserted in the operative Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

BetterHelp objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product protection, settlement privilege, or any other privilege. BetterHelp further objects to this Request on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time. BetterHelp will only produce documents created on or after August 1, 2017 and before July 1, 2021. BetterHelp further objects to this Request on the ground that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. BetterHelp further objects to this Request as compound. Based on the foregoing objections, BetterHelp will not produce documents in response to this Request.

**BASIS FOR COMPELLING FURTHER RESPONSE:**

BetterHelp has refused to produce any responsive documents, stating that it "maintains its objections and responses to these requests. BetterHelp will not produce documents in response to these requests but is willing to meet and confer to narrow the scope of the requests." Tusan Decl, Ex. 3 at 4. There is nothing more to meet and confer about, and no basis to narrow these requests.

The existence and scope of insurance is part of the initial disclosures required by Rule 26(a)(1), and should have already been provided voluntarily. There is no basis for withholding such documents. The issue of insurance (or the claimed lack thereof) is critical in this case. Whether a party has insurance and has made a claim of insurance on any carrier is reasonably calculated to lead to the discovery of admissible evidence pursuant to this Rule. While Plaintiffs understand BetterHelp's claims for insurance coverage have been denied, the underlying policy has not been provided to confirm the extent of such coverage or any insurance carrier response.

The Request requires the production of basic information – what policies were in place, what claims were submitted and when and for what, and why coverage was denied. All of that information is relevant to this action.

BetterHelp also has no basis to limit the time period to a period that is less than the entire class period for which there may be coverage. In fact, if claims of coverage were previously denied but such claims have continued to accrue, additional policies or policy periods may be (and likely are) now at issue. And if BetterHelp has or has not taken actions in response to any denials of coverage, that information would also be particularly relevant. BetterHelp should be compelled to produce all relevant documents responsive to this Request.

Dated: October 3, 2024

*/s/ Gary M. Klinger*
Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: October 3, 2024

*/s/ Christina Tusan*
Christina Tusan (SBN 192203)
ctusan@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
[Tel:] (310) 601-6766
[Fax] (310) 295-2385

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: October 3, 2024

*Maureen M. Brady*
Maureen M. Brady
McShane AND Brady LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: October 3, 2024

*/s/ Alan M. Mansfield*
Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com

WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*