November 20, 2024

**VIA CM/ECF**
Chief Magistrate Judge Donna M. Ryu
Oakland Courthouse, Courtroom 4
1301 Clay Street
Oakland, CA 94612

**Re:** *In re BetterHelp, Inc. Data Disclosure Cases*; Case No.: 3:23-cv-01033-RS
**Letter Brief Regarding Plaintiffs' Request for Supplemental Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant**

Dear Magistrate Judge Ryu:

Pursuant to your Order dated October 8, 2024, this joint letter brief addresses the sufficiency of Defendant BetterHelp Inc.'s ("BH") responses to Interrogatory Nos. 4, 5 and 8 to Plaintiffs' First Set of Interrogatories (Ex. 1) and responses to Plaintiffs' First Set of Requests for Production of Documents Nos. 5, 7, 8, 9 and 30 (Ex. 2).[1] No pretrial conference and trial dates, fact and expert discovery cut-off dates, or the last day to hear or file dispositive motions have been set. Plaintiffs' class certification motion is due on April 3, 2025, the response is due on May 29, 2025 and the reply is due on June 26, 2025. On October 15, 2024, the Court issued an order granting in part and denying in part Defendant's Second Motion to Dismiss. On November 4, 2024, Defendant filed an Answer to the First Amended Consolidated Complaint ("FACC").

**BASIS FOR COMPELLING FURTHER RESPONSE TO INTERROGATORY 4 and 5:**

These Interrogatories seek to determine what information BH's MetaPixel trackers are sending to third parties based on the specific parameters BH set up. BH's response that "the data that third-party tools collected generally included information regarding website usage, user interaction with the websites, page loads, sign ups, and payments" is both inaccurate and incomplete. BH also asserts in its response that "Third-party tools were integrated into BH's websites using platforms such as Google Tag Manager and direct coding changes into the website source code." Plaintiffs have requested the Google Tag Manager change log data, the Meta Developer Tool information, and the Meta Events Matters, along with the relevant source code, which could be used to identify such information. However, BH has refused to produce this information, which is needed to enable Plaintiffs to confirm when and how BH made changes to the website source code and configurations. BH is the one that knows what webpages these tracking tools were used on, knows how it configured the tracking tools, and knows what information was intended to be collected and disclosed to third parties. BH's answer that the information it collected "varied" is a non-response and its identification of numerous factors as being "among many other factors" is not a factual interrogatory response as it does not explain what information was collected or how that collection may have "varied". Plaintiffs' suggested compromise is that BH identify the specific tracking tools used on its websites, when they were used, and how they were configured, or identify which

---

[1] BH stated it would provide a supplemental response to Interrogatory No. 9 and to Request for Production of Documents Nos. 31, 32 and 36, and provided supplemental responses on November 15, 2024. The parties will meet and confer over these supplemental responses.

documents would provide that information pursuant to Fed. R. Civ. Proc. 33(d)(1). If BH has no idea what information was shared with third parties, it should amend its response so state.

**BETTERHELP RESPONSE TO INTERROGATORIES NOS. 4 and 5:**

These Interrogatories ask BetterHelp to identify, respectively, "all user information" collected by third-party tools relating to millions of individuals over a multi-year period (No. 4) and to "describe any changes in the information" collected, including the dates of any variations (No. 5). BetterHelp has already produced the relevant and responsive information Plaintiffs claim to want, and the fact that Plaintiffs are not aware of this just demonstrates that they are not reviewing the information they already have. Moreover, BetterHelp objected to these Interrogatories as vague, unduly burdensome, and exceeding the scope of discovery permitted under FRCP 26(b)(1), among other things. The <u>anonymized</u> user information collected by third-party tools depends on a variety of dynamic and constantly changing factors, including individuals' personal browser and device settings, individuals' online practices, the configuration of third-party tools, when the user visited BetterHelp's website, among other factors explained in more detail in BetterHelp's responses. Moreover, and as Plaintiffs well know, many tracking tools and associated data had to be <u>deleted</u> as part of an FTC-ordered data purge, and therefore no longer is available. Any remaining responsive information has already been produced, including in searchable Excel format, pursuant to Fed. R. Civ. P. 33(d)(1) (*e.g.*, JSON data file; BH000872). In addition, BetterHelp has produced all documents and information provided to the FTC as part of the FTC investigation which was specifically about this issue. *See* BH0000001-4248, 8701-8713.

Plaintiffs are now seeking information not originally requested; specifically, information about how tracking tools are configured. But that information has also been provided; BetterHelp has identified the relevant third-party technologies and the dates they were installed (see Interrogatories Nos. 2 and 3). In short, Plaintiffs already have the information they now claim to be seeking, and this request is properly denied as moot.

**BASIS FOR COMPELLING FURTHER RESPONSE TO INTERROGATORY NO. 8**:

If BH received free services from companies such as Facebook/Meta in exchange for Plaintiffs' and Class Members' data, that is a value or benefit BH received at the expense of Plaintiffs and Class Members. There likely are a significant number of communications with Meta over this issue that would be responsive to this Interrogatory, as the FTC Complaint details numerous communications directly with Meta about this topic. See Ex. A to FACC, p. 2, ¶5-6; p. 12, ¶54. BH's objection is that "it would potentially require the identification of a significant volume of documents over a period of many years" indicates it has in its possession responsive information. As a compromise, under Fed. R. Civ. P. 33(d), BH can identify documents that respond to this Interrogatory, providing a response that at a minimum identifies such communications, when they took place, and with whom so as to be proportional to the needs of this case.

**BETTERHELP RESPONSE TO INTERROGATORY NO. 8:**

This Interrogatory asks BetterHelp to identify "all documents and communications" related to "any and all benefits and consideration" There are no responsive documents because BetterHelp does

not and never has sold or monetized data. *See* Alon Matas Depo Tr. at 223:21-22 ("[W]e never received a penny from anyone, any company, any corporation, for data.").[2] Under these circumstances, Plaintiffs' demand that BetterHelp "identify" documents in response to this Interrogatory is thus inappropriate given BetterHelp does not believe any responsive documents exist. *See In SolarCity Corp. v. Doria*, 2018 WL 467898, at *6-7 (S.D. Cal. Jan. 18, 2018) ("By casting a wide discovery net, [plaintiff] may not now complain about the burden of 'sifting through' the produced ESI for the documents it seeks."); *TetraVue, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2017 WL 1008788, at *7 (S.D. Cal. Mar. 15, 2017) (same); *Anderson Living Trust v. WPX Energy Prod.*, LLC, 298 F.R.D. 514, 527 (D.N.M. 2014) (same). As to Plaintiffs citation to allegations in the FTC Complaint, BetterHelp has denied those allegations and, in any event, the paragraphs cited by Plaintiffs do not reflect "communications directly with Meta about this topic." *See* Dkt. 114 (FACC), Ex. A at ¶¶ 5-6, 54. Plaintiffs' request is properly denied as moot.

**BASIS FOR COMPELLING FURTHER RESPONSE TO RFP NO. 5:**

During the deposition of Alon Matos, former President of BH, he disclosed there was a written response from BH to a Congressional investigation headed by Sen. Elizabeth Warren. There is no basis for any claim of privilege regarding documents given by BH or its representatives to a government entity about the conduct at issue, including those that were produced to Senator Warren's office. *LD v. United Behav. Health*, No. 20CV02254YGRJCS, 2022 WL 4878726, at *11 (N.D. Cal. Oct. 3, 2022). The privilege log BH provided (see Ex. 3) has not been updated to conform with this Court's standing order (see p.5, lines 3-10) and does not include documents sent to Senator Warren's office. Plaintiffs previously sought to require BH to produce all documents (including communications) provided to the FTC. Plaintiffs are withdrawing this portion of the request based on BH's representation that all such documents have been produced to Plaintiffs and no such documents appear on any privilege log. Plaintiffs proposed compromise is BH provide its response to the Warren investigation and update its privilege log to conform to the Court's order.

**BETTERHELP RESPONSE TO RFP NO. 5:**

RFP No. 5 asks for documents related to individuals who provided any formal or informal testimony to the FTC. BetterHelp has already provided all documents responsive to this request and there are no outstanding issues as to this request. The letter to Sen. Elizabeth Warren was not provided to the FTC and not part of the FTC record. Although BetterHelp's response to Congress does not fall within the scope of RFP No. 5, BetterHelp will nonetheless produce the response to Congress to avoid dispute, but this just further underscores Plaintiffs' ever shifting and expanding demands without regard to the substance of the request, or the information actually produced. As to BetterHelp's privilege log, the Court's standing order specifies certain information to be included in a log where the parties have not "agree[d] to alternative logging methods." BetterHelp and Plaintiffs entered a stipulated ESI protocol, which designates the logging method and which BetterHelp has followed in will continue to follow as it updates its privilege log as document productions continue and expects Plaintiffs to do likewise. This request is moot.

---

[2] Mr. Matas is BetterHelp's founder and former President and was deposed on October 16, 2024. Cited testimony is available at the Court's request, as is the relevant FTC Consent Order.

**BASIS FOR COMPELLING FURTHER RESPONSE TO RFP NO. 7:**

BH attempts to limit its response to this Request by objecting to the phrase "installed, in use, in effect, or otherwise" as vague and ambiguous, and then unilaterally interpreting the phrase to mean "third-party tools actively utilized to evaluate activity on BH's website for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use." But there are no actions that consumers "elect to make" that would be related to BH's selection, configuration, and implementation of these tracking tools, and the tracking tools are not used solely for the purpose of optimizing advertising and "attributing outcomes" (whatever BH means by that term). The documents BH produced to date show that BH has a great deal of information that relates directly to the placement and modifications of the Meta Pixels at issue. As a compromise, Plaintiffs propose BH agree to produce the Google Tag Manager Change Logs and the Meta Developer Tool information during the entirety of the relevant time period (January 1, 2017 to March 7, 2023, see FACC at ¶¶ 71-77).

**BETTERHELP'S RESPONSE TO RFP'S NO. 7:**

Only the technologies in issue in the lawsuit are relevant (*i.e.*, pixels and any other technologies that analyze or track consumer behavior and which Plaintiffs allege "take" information from BetterHelp's website). The <u>anonymized</u> user information collected by third-party tools depends on a variety of dynamic and constantly changing factors, including individuals' personal browser and device settings, individuals' online practices, the configuration of third-party tools, when the user visited. Nevertheless, BetterHelp has participated in discovery in good faith, producing thousands and thousands of pages of information on the relevant technologies. To that end, BetterHelp amended its responses to appropriately define the vague and overbroad term "third party analytics tool" to mean the types of technologies at issue in this lawsuit, *i.e.*, "any third-party tool used to analyze or track consumer behavior on BetterHelp's websites or apps that shares data with a third party who then uses such data for its own purposes." Again, BetterHelp has already produced the information Plaintiffs claim to want, and the fact that Plaintiffs are not aware just demonstrates that they are not reviewing the information they already have. *E.g*., JSON data file; BH000872. Many tracking tools and associated data had to be deleted as part of an FTC-ordered data purge, as Plaintiffs have been advised, and therefore no longer is available. In addition, to the extent not already produced, BetterHelp is currently reviewing documents based on agreed upon search terms in further response to this request, has already produced many documents responsive to this request, and has already agreed to produce additional responsive, non-privileged documents to the extent any such documents exist. Plaintiffs' request is properly denied as moot.

**BASIS FOR COMPELLING FURTHER RESPONSES TO RFPS NO. 8 and 9:**

BH has refused to respond to these requests, claiming "BetterHelp never shared, disclosed, or collected, nor allowed third parties to access such data, and, therefore, there are no documents responsive to this Request." Plaintiffs know responsive information was shared, as discovery from third parties such as Meta confirms this is the case, as did the FTC. *See* FACC at ¶¶13, 77-78, 93-

104; Ex. A at ¶¶ 5, 27, 30-31, 47-57. The Court should require BH conduct a reasonable inquiry to locate all documents responsive to these requests and produce all responsive documents.

**BETTERHELP'S RESPONSE TO RFP'S NOS. 8 and 9**

BetterHelp has already conducted a thorough and reasonable inquiry to identify documents responsive to these requests, including: a diligent search process to review relevant documents and communications; a review of relevant technologies BetterHelp used during the relevant time period to support its website and apps; and interviewing document custodians to identify potentially responsive documents. <u>No documents were located</u>. This is likely at least partly due to the FTC-ordered data purge, but again, any information that would have been shared would have been <u>anonymized</u> in any event. BetterHelp does not and never has sold or monetized data. *See* Alon Matas Depo Tr. at 223:21-22. Thus, in accordance with Fed. R. Civ. P. 26(g)(1), BetterHelp affirmatively states that it has conducted a reasonable inquiry for these documents, and also affirmatively states BetterHelp never shared, disclosed, or collected, nor allowed third parties to access the data referenced in RFP Nos. 8 and 9, and, therefore, there are no documents responsive to these Requests. The Court cannot compel what does not exist. Plaintiffs' request is properly denied.

**BASIS FOR COMPELLING FURTHER RESPONSE TO RFP NO. 30:**

BH should have in its possession information it collected about Plaintiffs, including payment information, answers to survey questions and when BH submitted information about Plaintiffs to third parties. Such documents are relevant to determining what information BH gathered and continues to retain about Plaintiffs and what information was shared by BH with unauthorized third parties. BH's inconsistent position that either it "will not produce documents in response to this Request" or will "only produce documents created on or after August 1, 2017, and before July 1, 2021" is improper, as the claims at issue run from January 1, 2017 to March 7, 2023 when the Complaint was filed (see FACC at ¶¶ 71-77). In addition, several of the Plaintiffs signed up with BH after July 1, 2021, making this limitation on the scope of any production of information about Plaintiffs improper. BH should be ordered to produce any information it retains about the Plaintiffs.

**BETTERHELP'S RESPONSE TO RFP NO. 30:**

Request No. 30 is objectionable on numerous grounds, as set forth in BetterHelp's Response. BetterHelp has agreed, however, to search for and produce documents, if any, it retains regarding Plaintiffs. Thus, this request is also moot.

                                                              Sincerely,

                                                              Alan M. Mansfield
                                                              Livia M. Kiser

cc:       All Counsel of Record