LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
jhammer@kslaw.com
CRAIG H. BESSENGER (SBN 245787)
cbessenger@kslaw.com
JAMES A. UNGER (SBN 325115)
junger@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**<br><br>This Document Relates To:<br><br>All Cases/ | Case No. 3:23-cv-01033-RS<br><br>**DEFENDANT BETTERHELP'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO L.R. 6.3 TO EXTEND DEADLINE TO FILE MOTION FOR CLASS CERTIFICATION** |

## I. INTRODUCTION

More than one year ago, Plaintiffs stipulated to a schedule that set April 3, 3025 as the deadline to file their Motion for Class Certification. Plaintiffs—who are represented by 11 law firms—utterly fail to make a showing of good cause to extend their stipulated deadline: BetterHelp produced the thousands of documents it previously produced to the Federal Trade Commission (the most relevant documents to Plaintiffs' case) many months ago; BetterHelp also produced deposition transcripts from two of the four witnesses Plaintiffs claim to need to (re)depose many months ago; BetterHelp completed its ESI document production last week after Plaintiffs belatedly (and finally) agreed to reasonable search terms; Plaintiffs already deposed BetterHelp's former President; and Plaintiffs noticed the depositions of BetterHelp's other fact witnesses to be completed more than one week before Plaintiffs' filing deadline. The discovery that has been and will be completed prior to April 3, 2025 is more than sufficient for purposes of class certification briefing.

Plaintiffs nonetheless claim they need more time and, after rejecting BetterHelp's offer to approach the Court to request shifting the schedule by one-week, now seek an ***additional 90 days***. Plaintiffs' Motion should be denied. Plaintiffs and the 11 law firms representing them have more than enough time and resources to prepare their Motion for Class Certification before the deadline that is still three weeks away (and would be four weeks, if Plaintiffs would have been willing to negotiate). To be clear, BetterHelp would have been willing to negotiate further if Plaintiffs were willing and could provide good reasons for asking for more time, but they have been both dilatory and inflexible – it's 90 days for them or nothing. Plaintiffs also do not appear to understand that this Court has a schedule and would need to approve of any extension in any event.

In addition, Plaintiffs failed to establish the diligence required to modify the Court's scheduling order under Federal Rule of Civil Procedure 16(b)(4). Indeed, as discussed below, Plaintiffs repeatedly misrepresent the record in an attempt to distract from their own failure to promptly prosecute their case. To the extent Plaintiffs believe they lack adequate time to prepare their motion, it is a situation of their own making. For these reasons and as explained further below, Plaintiffs' Motion should be denied.

## II. PLAINTIFFS FAILED TO ESTABLISH GOOD CAUSE FOR AN EXTENSION

The Court-established deadline for Plaintiffs to file their motion for class certification may only be modified for good cause and with the Court's consent. Federal Rule of Civil Procedure 16(b)(4). Plaintiffs failed to meet this standard.

### A. Plaintiffs Have Sufficient Time to Prepare Their Class Certification Motion

The Court should reject Plaintiffs' claim that they "have been unable to secure sufficient discovery" to meet the current class certification deadline. Motion at 2. Plaintiffs are *not* entitled to complete all discovery in advance of the class certification deadline, *see Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("often . . . *some discovery* will be warranted" prior to certification) (emphasis added). BetterHelp nonetheless has worked diligently to comply with its obligations and anticipates it will have completed fact discovery before the class certification deadline.

On October 22, 2023, BetterHelp produced all documents that were produced to the FTC in connection with the FTC's investigation, consisting of 4,250 pages of documents.[1] Declaration of James Unger ("Unger Decl.") ¶ 3. And after conferring with Plaintiffs' counsel, BetterHelp produced all deposition transcripts and responses to the FTC's civil investigate demand by November 1, 2024. *Id.*, ¶ 4. Plaintiffs' First Amended Consolidated Class Action Complaint is essentially a carbon copy of the FTC's complaint against BetterHelp, *compare* ECF 114 (FACC) *with* ECF 144, Ex. A (FTC Complaint), and these materials represent the most relevant documents in the case. BetterHelp also produced the Google Tag Manager ("GTM") information on June 11, 2024, Unger Decl., ¶ 5, not, as Plaintiffs falsely claim, in February 2025.[2] Motion at 3.

Given the broad scope of Plaintiffs' document requests, BetterHelp's production of responsive ESI documents required the application of search terms. As discussed below, Plaintiffs refused for many months to agree on reasonable search terms. Plaintiffs eventually agreed to search

---

[1] Plaintiffs' accusation that BetterHelp had not produced all documents that had been produced to the FTC is baseless. Motion at 2. Plaintiffs are conflating the documents produced to the FTC with deposition transcripts and the information that BetterHelp collected in response to the FTC's CID, which were later produced.

[2] At Plaintiffs' request, and although BetterHelp had no obligation to do so, BetterHelp provided Plaintiffs a native version of the GTM information in February 2025. Unger Decl., ¶ 6.

terms—but only when faced with the prospect of the cost of an excessive review shifting to Plaintiffs. Unger Decl., ¶ 11. BetterHelp produced the majority of documents on March 8, 2025 and substantially completed its production on March 13, 2025. Unger Decl., ¶¶ 12-13. To be clear, much of the information Plaintiffs sought was demonstrably irrelevant. Unger Decl., ¶ 19, Ex. C. But to get Plaintiffs to move forward with this litigation, to complete fact discovery and move to class certification briefing, BetterHelp incurred the substantial cost and burden of producing all that information. The fact that Plaintiffs asked for a mountain of irrelevant ESI is not "good cause" to push out the schedule. *Id.*

Plaintiffs also took the deposition of Alon Matas, BetterHelp's former President, on October 16, 2024, and are scheduled to take the depositions of BetterHelp's corporate representative and additional fact witnesses by March 26. *Id.*, ¶¶ 16-17. In addition to the company representative, these depositions include two employees who were previously deposed during the FTC's investigation and whose deposition transcripts Plaintiffs have had *for months*. *Id.*, ¶ 4. Plaintiffs complain that it takes "7 days" to produce a transcript and that they will not have time "to incorporate their testimony into the class certification motion," Motion at 5, but it is a routine practice to order expedited transcripts when needed to meet deadlines, giving Plaintiffs more than sufficient time to excerpt portions of testimony they believe support class certification.

In sum, Plaintiffs have ample time to prepare their class certification brief, especially considering that Plaintiffs are represented by 14 attorneys of record from 11 law firms. Complex civil litigation often requires the parties to meet much more pressing deadlines, and the unremarkable circumstances of this case do not warrant an extension.

**B. Plaintiffs Failed to Establish Diligence**

To the extent Plaintiffs do not believe they are able to meet their deadline, it is a situation entirely of Plaintiffs' own making. Contrary to Plaintiffs' misleading attempt to shift blame to BetterHelp, Plaintiffs failed to act diligently and thus cannot establish good cause to modify the case schedule. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.") (cleaned up); *see also Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087-88

(9th Cir. 2002) ("If the party seeking the modification [under Rule 16(b)] was not diligent, the inquiry should end and the motion to modify should not be granted.") (citation omitted).

**1. The timing of BetterHelp's ESI productions was a result of Plaintiffs' refusal to agree to reasonable search terms.**

At Plaintiffs' request, BetterHelp proposed search terms and custodians for the review of potentially responsive ESI on March 28, 2024—nearly one year ago. Unger Decl. ¶ 7. Plaintiffs rejected this reasonable proposal and insisted that BetterHelp run more than two dozen complex search strings that resulted in more than two million hits. *Id.* at ¶ 8, Ex. A. Over the next 10 months, BetterHelp ran seven iterations of search terms at Plaintiffs' insistence, at significant cost to BetterHelp and with only minor reductions in the excessive hit counts. *Id.* at ¶ 9. Plaintiffs refused to compromise, even after BetterHelp's review of sample sets confirmed that nearly all the search strings resulted in ***less than 5% responsive documents***. *Id.* at ¶ 10. On February 12, 2025, Plaintiffs finally agreed to search terms BetterHelp proposed, but only because BetterHelp threatened to seek an order requiring Plaintiffs to pay for the excessive costs if they continued to insist on overbroad terms. *Id.* at ¶ 11. And as noted, BetterHelp incurred the cost and burden of producing significant amounts of irrelevant ESI after so advising Plaintiffs—who nevertheless insisted upon that approach. *Id.*, Ex. C.

As soon as the parties reached agreement, BetterHelp made extraordinary efforts to produce documents promptly and has substantially completed its productions. *Id.* at ¶ 13. Plaintiffs complain about the volume of documents (Motion at 4), but Plaintiffs cannot claim surprise—it is a result of Plaintiffs' insistence on broad search terms, which Plaintiffs have known all along would likely result in the production of a large volume of documents. *Id.*, Ex. C. After refusing for many months to reach a reasonable compromise, Plaintiffs cannot now complain about the timing of BetterHelp's ESI production.

**2. The timing of the depositions of BetterHelp's witnesses is a result of Plaintiffs' refusal to agree on search terms.**

The timing of the depositions of BetterHelp's witnesses was likewise dictated by Plaintiffs' refusal to agree on reasonable ESI search terms. BetterHelp always made clear (and Plaintiffs have

never insisted otherwise) that to avoid witnesses being deposed twice, document production should be completed before depositions occurred. Indeed, Plaintiffs have now noticed depositions of BetterHelp's witnesses and thus this is a non-issue.

#### 3. Plaintiffs caused the delay in their own depositions.

Plaintiffs' complaint that their depositions in the coming weeks "will divert resources away" from briefing class certification also does not justify an extension. First, BetterHelp was not waiting on documents to take Plaintiffs' depositions and thus has been requesting dates for Plaintiffs' depositions ***since early July 2024*** and until today Plaintiffs had not provided any availability to depose Plaintiffs in-person in the Northern District of California. Unger Decl., ¶ 18. Plaintiffs cannot now use the fact that BetterHelp plans to take their depositions as an excuse to push back the schedule. Second, with 14 lawyers of record representing Plaintiffs, it is not burdensome for certain lawyers to represented Plaintiffs at their depositions while others focus on class certification briefing (or any other tasks).

#### 4. Plaintiffs requested BetterHelp's source code for the first time one month ago.

Plaintiffs' statement that they "have been seeking Defendant's website source code for months" (Motion at 3), is false. Plaintiffs requested source code for the first time on February 12, 2025, which is confirmed by Plaintiffs' own supporting evidence. *See* Tusan Decl., Ex. B; Unger Decl., ¶ 14. The source code is not actually important to Plaintiffs' ability to brief class certification. We know this because any potentially relevant information from BetterHelp's source code is *already publicly available* to Plaintiffs at www.archive.org, also known as the Wayback Machine. Indeed, this information has already been reviewed by Plaintiffs' retained expert. Unger Decl. ¶ 15.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' request for a 90-day extension should be denied.

Dated: March 17, 2025

Respectfully submitted,

*/s/ Livia M. Kiser*

**KING & SPALDING LLP**
LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
jhammer@kslaw.com
CRAIG H. BESSENGER (SBN 245787)
cbessenger@kslaw.com
JAMES A. UNGER (SBN 325115)
junger@kslaw.com

Attorneys for Defendant
BETTERHELP, INC.