LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
jhammer@kslaw.com
CRAIG H. BESSENGER (SBN 245787)
cbessenger@kslaw.com
JAMES A. UNGER (SBN 325115)
junger@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**<br><br>This Document Relates To:<br><br>All Cases/ | Case No. 3:23-cv-01033-RS<br><br>**DECLARATION OF JAMES A. UNGER IN SUPPORT OF DEFENDANT BETTERHELP'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO L.R. 6.3 TO EXTEND DEADLINE TO FILE MOTION FOR CLASS CERTIFICATION** |

I, James A. Unger, declare that:

1. I am an attorney admitted to practice in the State of California. I am a Partner at King & Spalding LLP, counsel of record for Defendant BetterHelp, Inc. ("BetterHelp"), and am admitted to practice in the Northern District of California.

2. I submit this declaration in support of BetterHelp's Opposition to Plaintiffs' Request for a 90-day extension to move for class certification. I have personal knowledge of the facts stated herein, and could and would testify competently thereto if called as a witness in this matter.

**BetterHelp's Document Production**

3. On October 22, 2023, BetterHelp produced the documents that were produced to the FTC in connection with the FTC's investigation, consisting of 4,250 pages of documents.

4. After conferring with Plaintiffs' counsel, BetterHelp produced all deposition transcripts and information collected in response to the FTC's civil investigate demand by November 1, 2024.

5. BetterHelp also produced the relevant Google Tag Manager ("GTM") information on June 11, 2024.

6. At Plaintiffs' request, and although BetterHelp had no obligation to do so, BetterHelp provided Plaintiffs a native version of the GTM information in February 2025.

7. At Plaintiffs' request, BetterHelp proposed search terms and custodians for the review of potentially responsive Electronically Stored Information on March 28, 2024.

8. Plaintiffs rejected this proposal and insisted that BetterHelp run more than two dozen complex search strings that resulted in more than two million hits. A true and correct copy of email correspondence concerning these search terms and a copy of a hit report which was attached thereto is attached as **Exhibit A**.

9. Over the next ten months, BetterHelp ran seven iterations of search terms at Plaintiffs' insistence, at significant cost to BetterHelp and with only limited reductions in the excessive hit counts.

10. During this period, Plaintiffs did not agree to any compromise, even after BetterHelp's review of sample sets confirmed that nearly all of the search strings resulted in ***less*** than 5% responsive documents.

11. On February 12, 2025, Plaintiffs finally agreed to search terms BetterHelp proposed, but only because BetterHelp threatened to seek an order requiring Plaintiffs to pay for the excessive costs if they continued to insist on overbroad terms. A true and correct copy of a letter sent by Livia Kiser, lead counsel for BetterHelp, explaining the need to finally agree to a compromise, and the proposed review parameters is attached hereto as **Exhibit B**.

12. As soon as the parties reached agreement, BetterHelp made very intensive efforts to produce responsive documents promptly.

13. BetterHelp produced the majority of documents on March 8, 2025 and substantially completed its production on March 13, 2025.

14. Plaintiffs requested source code for the first time on February 12, 2025.

15. Any potentially relevant information from BetterHelp's source code is already publicly available to Plaintiffs at www.archive.org, also known as the Wayback Machine. This information has been reviewed by Plaintiffs' retained expert.

**Scheduling of Depositions**

16. On October 16, 2024, and are scheduled to take the depositions of BetterHelp's Plaintiffs took the deposition of Alon Matas, BetterHelp's former President.

17. Plaintiffs have noticed the deposition of BetterHelp's corporate representative and additional BetterHelp fact witnesses to take place by March 26. In addition to the company representative, these depositions include two employees who were previously deposed during the FTC's investigation and whose deposition transcripts Plaintiffs have had since November 1, 2024.

18. BetterHelp requested deposition availability for the first of the named Plaintiffs in early July 2024. Until today, March 17, 2025, the Parties did not have an agreement for any of the

named Plaintiffs to provide deposition testimony in-person. An agreement has now been reached such that all of the Plaintiffs will be deposed by April 4, 2025.

**Meet and Confer**

19. On March 3, 2025, in response to Plaintiffs' request for a 90-day extension my colleague Livia Kiser wrote to counsel for Plaintiffs explaining BetterHelp's position in detail and offering a one-week extension as a courtesy. That offer was not accepted. A true and correct copy of that letter is attached hereto as **Exhibit C**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of March, 2025, in Los Angeles, California.

JAMES A. UNGER