# Exhibit B

KING & SPALDING

King & Spalding LLP
110 N Wacker Drive
Suite 3800
Chicago, Illinois 60606

Tel: +1 312 995 6333
Fax: +1 312 995 6330
kslaw.com

Livia M. Kiser (Liv)
Partner
Direct Dial: +1 312 764 6911
lkiser@kslaw.com

February 5, 2025

***VIA EMAIL***

Alan Mansfield, Whatley Kallas LLP

**Re:** ***In Re BetterHelp, Inc. Data Disclosure Cases***
Case Number: 3:23-cv-01033-RS (N.D. Cal.)

Dear Alan:

I write in response to your meet and confer letter of January 28, 2025 and your recent emails.

First, I was very surprised by the timing and nature of this letter as you and I have had several phone conversations about these very issues and, for literally weeks, I have been seeking your availability to meet and confer to try to reach a resolution of the outstanding issues so that discovery can move forward. While I am responding to each of your points below here for the record, I once again urge that we connect by phone to attempt to resolve these and other outstanding issues as the Court would expect. To be clear, such a conversation should also include our side's concerns with respect to Plaintiffs' discovery responses and production, as Plaintiffs committed on November 18, 2024 to supplement their responses but have never done so, and BetterHelp has been requesting dates for the first of the named plaintiffs' depositions since July of 2024. I understood from your email of January 15, 2025 that your co-counsel Christina Tusan was going to reach out to me by phone to discuss these matters but I never received such a call (nor any other communication from anyone on your side). As lead trial counsel and liaison counsel, it is past time we (or another member of the slate of plaintiffs' counsel with appropriate authority) get on the phone to try to get to agreement. Please provide times we can do so in the next few days.

Second, to correct the record, my colleague James Unger previously told your colleague Christina Tusan that he believed BetterHelp had produced a complete version of all relevant Google Tag Manager information and Meta Events information, but that if you believed the

production was lacking in any respect, to please provide specifics. Since you followed up by email requesting a broad data collection that does not accurately reflect what has already been produced to you, I have been seeking to connect with you to resolve these issues. As I stated in my email of January 16, 2025, it is not accurate for you to say that BetterHelp has not produced responsive Google Tag Manager and Meta Events information. As explained below, the further collection of this data requested in your letter is duplicative of what has already been produced, in addition to being overbroad and seeking nonresponsive information. I was hoping to explain this and talk through these issues by phone, but again, will do so briefly in writing below for the record.

## I. Plaintiffs' Data Requests

### 1. JSON Files (provide any additional files that have not already been produced).

You requested that BetterHelp "provide any additional files that have not already been produced."

BetterHelp has produced an excel spreadsheet exporting all relevant JSON data for every version of the website during the relevant period. This covers responsive information contained in all relevant JSON data files in this case. *See* BH0008702.

### 2. Google Tag Manager Container History Versions.

You request that BetterHelp perform an export of this data per directions that you sent. However, the relevant information that would result from such an export has already been produced in BetterHelp's prior production and so the requested export would be duplicative and therefore not warranted. *See* BH0008702.

### 3. UA3 Data and GA4 Data.

You stated that "BH should produce all the UA3 data associated with the BH websites." As an initial matter, this information does not appear to be responsive to any document request served by Plaintiffs upon BetterHelp, nor is it apparent how this information is relevant to the claims and defenses in the case. BetterHelp is also under no obligation to create the documents that you seek, especially given BetterHelp would not be able to authenticate and has no personal knowledge of such materials. In any event, we understand that, following the FTC Consent Order, (and as we have advised you several times), Google was directed to delete the underlying data for the relevant time period per an FTC directive.

### 4. Meta Events Manager Printouts, Meta Ads Manager Account, Meta Business Manager, Meta Pixel Dashboard Data, Meta Configuration Data.

As to each of these requests, the information sought (i.e., ad-specific and event-specific information) does not appear to be responsive to any document request served by Plaintiffs upon BetterHelp. As with the documents discussed above, this information does not appear to be

responsive to any document request served by Plaintiffs, nor is it apparent how this information is relevant to the claims and defenses in the case. Further, following the FTC Consent Order, and as we have advised you several times, Meta was directed to delete the underlying data for the relevant time period per an FTC directive. Even if Meta did not delete it, you subpoenaed Meta, and so, if the information exists, it presumably would have been produced by Meta if Meta still has the information. Lastly, BetterHelp could validate neither any such "printouts" nor the algorithms on which they presumably would be based, given they would be entirely within the purview of Meta. The federal discovery rules do not require us to create documents via the use of third-party tools and information, especially given we would not be able to authenticate nor have personal knowledge of such materials.

**5. Web-Form Submission Log Templates, Dashboard Screenshots:**

Again, this information does not appear to be responsive to any of Plaintiffs' document requests. Further, the collection of such information would be burdensome and not reasonably calculated to lead to admissible evidence. To the extent you believe you have requested this information via a document request, please identify the request(s) and our substantive response(s), and we will be happy to discuss.

**6. Plaintiff Specific Documents on Interaction with the Websites:**

BetterHelp is investigating what responsive information may exist with respect to each of the named plaintiffs (if any) and will circle back on this request.

## II. ESI Production

As you know, we have been trying to resolve the issue of proportionate search terms for many months now and have expended significant resources running the complex search strings proposed by Plaintiffs on an iterative basis. This is on top of the documents and information produced to the FTC that we have already produced, which means you already have the most responsive information in the case. As I explained by phone during our last conversation, BetterHelp is willing to conduct an additional and extensive document review at great cost and burden, but there are limits under the federal rules in terms of burden and proportionately as to what Plaintiffs can demand. As I advised you during our call, even though we believe the amount is disproportional and unreasonable, we will make an investment of upwards of $500,000 in ESI, but any costs above that will need to be covered by Plaintiffs (and based on robust sampling exercises, would be a total waste of money in any event). It would be unreasonable to expect us to incur the burden and cost of grossly overbroad searches that yield huge amounts of irrelevant information. Nor do the rules require us to do so.

Attached hereto as Exhibit A are hit counts for proposed searches and custodians that result in 95,409 documents for review (171,774 with families). This proposal includes all of your prior proposed searches except for: (1) three custodians (Maria Farley, Jaimie Harden, and Niklas

Vaughan) who have no personal knowledge of any of the issues in the case (Maria Farley did not start at BetterHelp until late 2021 after the relevant time period; Niklas Vaughan was not hired until after the FTC investigation and therefore, has no personal knowledge of any of the relevant events; and Jaimie Harden primarily oversees BetterHelp's counselor credentialing and onboarding which is likewise irrelevant to the issues in this case) and (2) two search strings that produced minimal or no responsive results upon review of sample documents relative to the burden (i.e., literally near zero, e.g., 98+% nonresponsive). The proposal encompasses 25 of Plaintiffs' 27 proposed searches. Even though most of the proposed searches yield minimal relevance, we are willing to undertake them because the total universe in each bucket is relatively small. The two excluded searches are not only of minimal (if any) relevance, but they are also so burdensome and disproportionate they would add an additional $500k+ to the cost. This is being proposed as part of a global compromise that we hope that the parties can achieve so we can move forward expeditiously.

If you want to incur the cost of searching the above custodians at your sole cost and expense (using your proposed searches as identified in Exhibit A), then please advise and we will provide that cost information to you.

## III. Deposition Dates

As we discussed, and as you agreed, Plaintiffs do not want to depose BetterHelp witnesses until BetterHelp has substantially completed its remaining document production, which is why I have been attempting for weeks to meet and confer with you to resolve the scope of ESI. As we also discussed, it makes sense for BetterHelp's 30(b)(6) representative to be the first BetterHelp witness to be deposed, which may obviate the need to take the deposition of certain other witnesses. We continue to await your 30(b)(6) notice so that we can confer on topics. We have requested you provide the topics multiple times now over the course of many weeks.

As you know, it is also improper for Plaintiffs to refuse to provide any availability for Plaintiffs' depositions until after we schedule the depositions of BetterHelp witnesses. We have been requesting a date for Plaintiff R.S. for weeks and you have refused to provide availability. We will confer with you on a deposition schedule in good faith, but Plaintiffs must also provide their availability concurrently with BetterHelp. If you continue to refuse to do so, we will have to immediately seek relief from the Court. Again, please meet and confer with us on this issue.

## IV. FTC Depositions and Other Documents Issues

As we have advised you multiple times, you are in possession of all documents referenced in the FTC transcripts (and all documents that we produced to the FTC for that matter). We reiterate yet again: BetterHelp did not receive from the FTC and does not possess deposition exhibits, so we cannot produce them. Your assertions to the contrary only further establish you have not conducted a reasonable review of the documents that BetterHelp already has produced in this litigation, which has been an unfortunate, consistent theme throughout our discussions in

discovery. *See e.g.,* BetterHelp Response to Plainitffs 7.11.24 M&C Letters (explaining this same problem in earlier discovery disputes).

For example, you assert that we did not produce the BHDPIP000049 document referenced in Honbarger's FTC testimony. But we produced this document at BH0008700. You also assert that several documents that we produced have "technical issues" or are missing attachments. In general, these assertions focus on immaterial issues that are simply a result of how we received documents or the nature of their basic format. We provide yet another roadmap for you to the extent we are able, as indicated in the below chart.

| Prod - Begbates | Prod - Endbates | Complaint | Resolution |
|---|---|---|---|
| BH0003312 | BH0003354 | illegible | We will reproduce in color. |
| BH0003355 | BH0003396 | illegible | We will reproduce in color. |
| BH0003397 | BH0003436 | illegible | We will reproduce in color. |
| BH0004611 | BH0004611 | missing links/images | None. This is a Trello notification, and we do not possess the linked documents. |
| BH0004685 | BH0004686 | illegible | We will reproduce in color. |
| BH0008263 | BH0008264 | illegible | We will reproduce in color. |
| BH0009129 | BH0009136 | missing linked audio files referenced | None. This is an automated update from update@go.facebookmail.com and we do not possess any audio files/images associated with this document. |
| BH0009137 | BH0009144 | missing linked audio files referenced | None. This is an automated update from update@go.facebookmail.com and we do not possess any audio files/images associated with this document. |
| BH0009145 | BH0009153 | missing images and possible audio | None. This is an automated update from update@go.facebookmail.com and we do not possess any audio files/images associated with this document. |
| BH0009174 | BH0009174 | technical issue | This is a container file (.zip) and we produced the extracted contents as attachments in this email family |
| BH0009193 | BH0009193 | missing links/images | None. This is a Trello notification, and we do not possess the linked documents. |
| BH0009257 | BH0009260 | links in email that are not attached | None. We do not possess the linked documents. |

| Prod - Begbates | Prod - Endbates | Complaint | Resolution |
|---|---|---|---|
| BH0009432 | BH0009432 | table attached is blank | This document is showing contents in our database. Please confirm this issue persists and we can reproduce. |
| BH0009438 | BH0009438 | pixel information is missing and does not contain a date or numbering information | None. This is a screenshot that was attached to BH0009436; we have no additional information beyond that provided in the parent email. |
| BH0009441 | BH0009441 | illegible | We will reproduce in color |
| BH0009624 | | technical issue | None. It is unclear what document you intend to reference. BH0009617 (which contains BH0009624) is a produced email without any "technical issue." |

## V. Additional Requests That You Made by Email

By email you requested that BetterHelp provide Bates numbers for partially redacted documents identified in its privilege log. We would like to meet and confer with you about that. The parties' ESI protocol does not require either side to log redacted documents. But we are happy to discuss these matters with you.

Further, with respect to your request for an extension of the due date for Plaintiffs' responses to BetterHelp's Interrogatories Set Two from Friday, February 7, 2025 to Monday, February 24, 2025, as a courtesy, that request is granted.

In sum, we are trying very hard to move forward with discovery in this case but compromise is necessarily a two-way street. To that end, please provide dates at your earliest convenience for us to meet and confer telephonically to try to resolve these issues.

Sincerely,

Livia M. Kiser

Livia Kiser

Cc: J. Hammer, J. Unger, G. Klinger, C. Tusan, M. Brady
Enclosure (Exhibit A)

# EXHIBIT A

**Proposed Searches**

| Plaintiff Search No. | Total Hits | Total Hits with Family | Sample Universe | % NOT Responsive |
|---|---|---|---|---|
| 2 | 12,364 | 22,546 | 400 | 99.00% |
| 3 | 1,021 | 3,761 | - | - |
| 4 | 15,942 | 30,272 | 151 | 77.00% |
| 5 | 6,281 | 17,449 | 400 | 95.25% |
| 6 | 3,357 | 16,320 | - | - |
| 7 | 3,732 | 5,725 | 400 | 99.75% |
| 8 | 4,220 | 6,717 | 387 | 97.42% |
| 9 | 14,311 | 41,506 | 400 | 71.25% |
| 10 | 30,555 | 43,648 | 400 | 96.75% |
| 11 | 1,915 | 2,962 | - | - |
| 12 | 147 | 230 | - | - |
| 13 | 18,940 | 41,446 | 400 | 99.25% |
| 14 | 1,589 | 4,018 | - | - |
| 16 | 8,792 | 14,358 | 400 | 95.50% |
| 18 | 3,641 | 10,804 | 400 | 99.75% |
| 19 | 18,408 | 37,211 | 402 | 96.77% |
| 20 | 1,117 | 1,791 | - | - |
| 21 | 1,104 | 3,728 | 400 | 98.00% |
| 22 | 2,380 | 3,784 | - | - |
| 23 | 453 | 663 | - | - |
| 24 | 642 | 1,404 | - | - |
| 25 | 3,762 | 11,286 | 400 | 94.75% |
| 26 | 278 | 646 | - | - |

TOTAL: 95,409 documents for review (171,774 with families). Where there is no sample universe, it is because we have agreed to review all for responsiveness without sampling. But note that for most of these searches, the responsiveness rate is below 5 percent, and in some cases, even lower.