# Exhibit C

KING & SPALDING

King & Spalding LLP
110 N Wacker Drive
Suite 3800
Chicago, Illinois 60606

Tel: +1 312 995 6333
Fax: +1 312 995 6330
kslaw.com

Livia M. Kiser (Liv)
Partner
Direct Dial: +1 312 764 6911
lkiser@kslaw.com

March 3, 2025

***VIA EMAIL***

Alan Mansfield, Whatley Kallas LLP
Christina Tusan, Tusan Law LLP
Maureen Brady, McShane & Brady LLP

**Re:** ***In Re BetterHelp, Inc. Data Disclosure Cases***
Case Number: 3:23-cv-01033-RS (N.D. Cal.)

Dear Counsel:

I write in response to your request that BetterHelp stipulate to a 90-day extension of the filing deadline for Plaintiffs' Motion for Class Certification in the above-captioned action and other related matters.

BetterHelp believes the briefing schedule for class certification the parties stipulated to on March 14, 2024 (and entered by the Court) continues to be appropriate. Document production and all depositions will be completed sufficiently in advance of when Plaintiffs' opening brief is due on April 3, 2025. The parties have extensively conferred to set a deposition and production schedule to allow completion of fact discovery, and the parties should be working expeditiously towards that court-ordered goal.

Nevertheless, solely as a professional courtesy, to avoid burdening the Court with motion practice on scheduling matters, and subject to the approval of the Court, BetterHelp is willing to stipulate to move the briefing schedule by one week for all class certification briefing deadlines as follows:

| Event | Current Date | [Proposed] Revised Date |
|---|---|---|
| Deadline for Plaintiffs to File Motion for Class Certification | April 3, 2025 | April 10, 2025 |

| Event | Current Date | [Proposed] Revised Date |
|---|---|---|
| Deadline for Defendant to file opposition to Plaintiffs' Motion for Class Certification | May 29, 2025 | June 5, 2025 |
| Deadline for Plaintiffs to file reply in support of Plaintiffs' Motion for Class Certification | June 26, 2025 | July 3, 2025 |
| In Person Hearing on Plaintiffs' Motion for Class Certification | July 24, 2025 | July 31, 2025 |

Plaintiffs contend they wish to now raise certain discovery matters with the Court. These are either issues on which BetterHelp's position has been clear since the outset of discovery last year, or—as to Plaintiffs' request for all BetterHelp's source code—is now being raised for the first time at the eleventh hour. These demands do not represent legitimate discovery disputes. There is no reason that these matters require adjudication, much less adjudication before briefing on class certification. Plaintiffs have delayed until the very last minute, have not been diligent, and/or already have the information they purport to need at their fingertips.

## I. <u>Plaintiffs Have Been Provided Extensive Discovery and Delays in Raising Issues (Which Lack Merit), Do Not Justify a 90-Day Extension</u>

### 1. Plaintiffs Have Long Had All Documents Produced to the FTC, the Core of this Case

More than four months ago, BetterHelp produced to Plaintiffs: (a) all documents produced to the FTC, (b) transcripts of depositions taken by the FTC, and (c) various communications with the FTC. Plaintiffs' Amended Complaint is plainly heavily based upon the FTC's investigation, complaint, and consent order[1], and thus this material constitutes the core relevant discovery in this case. Any additional document productions or depositions needed are supplemental to this production, and the productions are largely duplicative and/or ancillary.

### 2. Document Production and Depositions, Which Will be Completed Shortly, Were Delayed by Plaintiffs' Refusal to Agree Upon Reasonable Search Terms

At Plaintiffs' request, BetterHelp first proposed search terms and custodians for the review of potentially responsive documents on March 28, 2024—*nearly one year ago*. Plaintiffs rejected this reasonable proposal and insisted that BetterHelp run more than two dozen complex search strings that resulted in over two million hits (but yielded only minimally responsive documents based on statistical sampling of the results). This began a nearly year-long odyssey whereby Plaintiff refused to make any meaningful compromise on search terms, forcing BetterHelp to run numerous iterations of search terms, at significant cost to BetterHelp and with only minor reductions in the patently excessive hit counts. Indeed, the sample sets that BetterHelp reviewed

[1] For example, the Amended Complaint mentions the FTC or Federal Trade Commission no less than 89 times and also appends the FTC's complaint as Exhibit A and the FTC Consent Order as Exhibit B.

confirmed that only a very small percentage of documents were responsive. This process continued until BetterHelp (realizing the schedule required immediate action) insisted that agreement be reached, and proposed Plaintiffs pay for the searches that yielded virtually no responsive information (which would have cost Plaintiffs upwards of $500,000), whereupon Plaintiffs finally accepted BetterHelp's proposal to apply 25 of Plaintiffs' 27 proposed searches with nearly all of the proposed custodians, leading to a large scale review of nearly 100,000 documents (170,000 with families).

Depositions in this case were delayed as a direct result of Plaintiffs' unwillingness to agree upon a reasonable set of search terms until only recently. But now that the parties have reached agreement, BetterHelp has worked incredibly hard to make multiple document productions quickly and plans to finish production of all responsive material shortly, reasonably in advance of the depositions requested by Plaintiffs. Indeed, there should be no issue completing depositions before the current deadline for Plaintiffs to move for class certification.

**3. Plaintiffs' Last-Minute Threat to Seek Relief from the Court Is a Transparent Litigation Tactic to Delay the Class Certification Deadline**

Despite BetterHelp's repeated compromises to avoid dispute, Plaintiffs now insist they will seek relief from the Court on various issues that could have been raised many months ago and provide no justification for delay of the long-standing and agreed upon class certification deadlines. Each of these issues is without merit.

- **Google Analytics 3 (GA3) Data:** With respect to Plaintiffs' demand for Google Analytics data, as we have explained, Plaintiffs' counsel's statement that: "Google Analytics information we have requested will tell us what information users BetterHelp's website was shared with Google or intercepted by Google via the pixel…" is simply incorrect. In fact, Google Analytics data does not record Pixel activity at all. Instead, Google Analytics 3 provides far more generalized macro information such as the popularity of certain pages, bounce rates, average session durations, and aggregate browser information. Data that actually relates to Pixel and web beacon information sharing has already been produced. This is something Plaintiffs should know.

- **Time Period:** As early as November 23, 2023, BetterHelp made clear its position that it would not search for and produce material for the extremely overbroad decade-long purported class period (from 2013-filing of the complaint), but instead would search for and produce documents within a nearly four-year window within the statute of limitations, when the relevant technologies were in use (including even a reasonable period after remediation and the FTC investigation), and when the named plaintiffs signed up for the

service[2] and therefore potentially have standing to assert claims. More importantly Plaintiffs could offer no reason at all why this issue is being raised at this late date, especially considering that BetterHelp agreed to the search terms referenced above, which were extensively negotiated using hit counts based on the time period BetterHelp stated in its discovery responses over 15 months ago and has consistently maintained.

- **Plaintiffs' Request for BetterHelp's Website Source Code:** Plaintiffs recently[3] informally demanded all of BetterHelp's website source code, all while tacitly admitting there is no actual discovery request to which this source code would be responsive. This untimely, informal demand is invasive, burdensome, and entirely unnecessary. Plaintiffs' expert – using publicly available information that would provide the same information as source code – made a presentation many months ago that purported to show the functioning of the technologies at issue in this case. The production of BetterHelp's website source code will not reveal additional information and would require BetterHelp to produce its most sensitive commercial information concerning the functioning of its online platform. Plaintiffs have long had access to the information they need, as they surely must be aware.

- **Plaintiffs' Burdensome 30(b)(6) Topics:** When I spoke to liaison counsel Alan Mansfield, he indicated that Plaintiffs would serve an initial 30(b)(6) deposition notice but that this notice would contain more and broader topics than would actually be necessary, and Plaintiffs would then confirm which topics were, in fact, a priority so that BetterHelp could efficiently and effectively prepare a witness. We then received the notice, which purports to contain only six topics, but actually contains dozens of topics considering the numerous subparts (*see, e.g.*, Topic 1 containing 21 subtopics labeled a-u), many of which are irrelevant, extremely vague, and/or overbroad. Accordingly, we sought to meet and confer to narrow these topics. However, on our scheduled call on February 26, 2025, Alan did not join despite indicating in advance that he would, and when we requested a follow up call that Alan could join, counsel Christina Tusan and Maureen Brady instead sent us an email asking us to provide written objections. We will do so, but we note the

---

[2] Plaintiffs' counsel has insisted that there are "plaintiffs who are still using the service" but, in fact, none of the named plaintiffs have used the service for at least approximately two years, and none of the plaintiffs signed up for the service within several years of the start of Plaintiffs' purported class period.

[3] Plaintiffs claim this recent request is based on BetterHelp's responses to the FTC, which were produced nearly four months ago. For reasons set forth herein, Plaintiffs should know they already have the information they require at their fingertips and the request for source code is duplicative and cumulative in addition to being burdensome, untimely and unreasonable.

following examples of issues with the Notice, which we had hoped to work through jointly:

- The definition of "Third Party Analytics Tools" would require BetterHelp to produce a witness to testify about any third-party tool in connection with all of its websites, that was involved in marketing, or audience tracking in any way, without regard to time period. This goes far beyond the relevant technologies at issue, and the rules do not require us to try to prepare a witness on such voluminous irrelevant information.

- Topic 2 concerning "Government Investigations into BetterHelp" does not take into account that such investigations obviously entail privileged conversations on which a witness will not be prepared or produced. BetterHelp will produce a witness to testify to non-privileged facts regarding this investigation.

- Topic 3 concerning BetterHelp's financial condition is overbroad and would require preparation of a witness on irrelevant topics not reasonably calculated to lead to the discovery of admissible evidence.

- Topic 6 concerning BetterHelp's compliance with HIPAA ignores that—as we have made clear repeatedly—BetterHelp was not required to comply with HIPAA, instead presuming that it was and citing numerous elements of the statute in the topic's many subparts. BetterHelp will produce a witness to testify as to relevant facts but cannot prepare a witness to testify as to legal aspects of its compliance with a statute that did not apply to it.

Overall, these topics and their many subparts are far too broad to allow a witness or witnesses to prepare effectively to testify on the company's behalf without memorizing large amounts of information. Information such as specific dates or numbers of individuals are more properly sought through written discovery or document production, and BetterHelp has already responded thoroughly to such discovery. We appreciate your cooperation in focusing this deposition notice so that it is reasonable and appropriate.

## II. Discovery Can Be Completed Before Class Certification Briefing Under the Current Schedule

Our team is working hard to complete our production in the coming days and prepare for depositions to occur quickly and efficiently thereafter. Again, because Plaintiffs have had the most relevant information for many months, we anticipate Plaintiffs will not require much time to review these supplemental materials. We reiterate that it may be necessary to double track certain

depositions, such as those of the eight named plaintiffs. Those plaintiffs are represented by class counsel from 11 law firms, one of which alone, apparently has approximately 100 attorneys, so that would appear to be a reasonable approach in order to efficiently complete depositions and hew to the schedule ordered by the Court.

We reiterate: Plaintiffs have had many months to conduct discovery, analyze the discovery BetterHelp has provided, and prepare for class certification briefing. Plaintiffs have proffered no valid justification for modifying the schedule the parties stipulated to nearly one year ago. Nevertheless, and as stated at the outset of this letter, BetterHelp will agree to a one-week extension as a professional courtesy in order to tie up loose ends if Plaintiffs would like, should the Court be amenable.

We look forward to your cooperation in efficiently completing fact discovery and briefing class certification.

Sincerely,

Livia M. Kiser

Livia Kiser

CC: All counsel of record.