# Exhibit 3

**From:** James Unger <junger@kslaw.com>
**Date:** Monday, February 24, 2025 at 11:16 AM
**To:** Christina Tusan <ctusan@ctusanlaw.com>, Alan Mansfield <alan@clgca.com>, Glen Abramson <GAbramson@milberg.com>, Gary Klinger <GKlinger@milberg.com>, Maureen M. Brady <mbrady@mcshanebradylaw.com>, Sharon Zinns <sharon@zinnslaw.com>, John Nelson <JNelson@milberg.com>, Liv Kiser <LKiser@KSLAW.com>, Jeffrey Hammer <JHammer@KSLAW.com>
**Subject:** RE: Follow up re meet and confer
Christina:

Thank you for your email.

- **Deposition dates:** We have received your 30b6 topics and would like to have a call to discuss them and scheduling depositions for both plaintiffs and defense witnesses. Do you and Alan have availability on Weds. PT? Please let us know.

- **Google Tag Manager data:** We are confused by your response that Column H is not a JSON file as we did not represent it was a JSON file, rather we said it contains all the information that would be contained in that file format. While we believe we have produced all responsive information and have no obligation to produce in any specific format, we will produce JSON files containing the same information to save time and avoid further unnecessary back and forth here.

- **Google Analytics:** We disagree with the statement that "Google Analytics information we have requested will tell us what information users BetterHelp's website was shared with Google or intercepted by Google via the pixel..." That is not our understanding of how Google Analytics functions. That said, we are looking into this further and will get back to you soon.

- **Website Source Code:** We do not believe this information is responsive to any discovery request and is also overbroad, burdensome, and invasive. We have cooperated with your other data requests, producing what is available, as well as producing everything that went to the FTC, and agreeing to review and produce extensive other ESI. This belated and far-reaching informal demand is not proper.

- **Time period:** For many months in discovery, we have been clear what the relevant time period is in this case. We do not agree to expand that to include time periods in which the relevant technologies were not operating (as demonstrated by what we have already produced), time periods for which none of the plaintiffs signed up for the service, and time periods beyond the relevant statutes of limitation. After extensive negotiation, we recently agreed with you upon search terms based on hit counts that reflect that time frame and have taken other steps accordingly. We do not agree to reopen this issue at this late date nor is there any justification to do so.

We look forward to speaking with you soon.

Best,

James

**From:** Christina Tusan <ctusan@ctusanlaw.com>
**Sent:** Friday, February 21, 2025 3:59 PM
**To:** Alan Mansfield <alan@clgca.com>; Glen Abramson <GAbramson@milberg.com>; Gary Klinger <GKlinger@milberg.com>; Maureen M. Brady <mbrady@mcshanebradylaw.com>; Sharon Zinns <sharon@zinnslaw.com>; John Nelson <JNelson@milberg.com>; James Unger <junger@kslaw.com>; Liv Kiser <LKiser@KSLAW.com>
**Subject:** Re: Follow up re meet and confer

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

James and Liv,

Thank you for your recent production. We are following up on the outstanding issues. First, as we explained, the information we are seeking (and discussed again more fully below) is directly relevant to the core issues in this matter and responsive to the outstanding discovery requests, including RFPs 7, 8, 9, and 30.

**Complete Google Tag Manager Information Directly Relevant to the Key Allegations of the Matter Has Not Been Produced**

We have again reviewed the chart, and column H is not a .json file as we have explained to you previously. As such, it does not contain all of the information regarding the pixels at issue that would be contained in the relevant .json files that are contained in the Google Tag Manager. BetterHelp's Google Tag Manager's .json files will contain detailed configuration information of all tags/pixels installed on BetterHelp's website, which is the key evidence in this case. What you provided is an incomplete subset of a portion of the information that is contained in a Google Tag Manager .json file. You can easily download this information without the need to go to any outside or out of country server, as we have repeatedly explained, by simply following the steps Google has set forth to gather that information. Here, again, is the URL to explain how to do this. GTM: https://support.google.com/tagmanager/answer/6106997?hl=en

We agreed to the more limited search terms based on our statement that we would limit our search requests if we got the complete GTM information, which you have not provided and appear to be indicating that you will not provide to us. If you are unwilling to provide this to us, which appears to be the case, we will need to now seek leave of court on this issue and we will send you our portion of the joint letter promptly. Please immediately confirm that is your position or let us know that you will be producing this information to us which should take only a few hours to download. We feel we have exceeded our meet and confer requirements on this issue, so a simple confirmation that you will not be producing this information is all we need at this time so that we can seek relief from the court.

**Google Analytics Information is Directly Relevant and Has Been Requested**

We disagree with your position that the Google Analytics information is not relevant or responsive. The Google Analytics information we have requested will tell us what information users BetterHelp's website was shared with Google or intercepted by Google via the pixel, so it's difficult for us to understand how you can make a blanket statement that such information is not relevant or responsive, as it goes to the heart of the allegations in this matter.

Similarly, it is very simple to download the google analytics information (directly and without the use of out of country server), which is directly relevant as it will directly reveal the URL information associated with website users that was shared with Google, one of the key issues in this matter.

Google Analytics Download information:

- UA3: https://support.google.com/analytics/answer/1038573?hl=en

If you are refusing to provide this information, please confirm that so we can take appropriate action.

**Website Source Code**

We have explained to you that the website source code, per your own responses to the FTC, is relevant to this matter as some of the pixels were directly placed on the website and would not appear in the Google Tag Manager. You did not respond to that request in your email. Please confirm if you are refusing to produce the source code from your website, which would contain the pixels.

**Deposition Dates**

We have explained to you repeatedly that our deposition notices, which have been outstanding for months, need to be responded to with dates. We continue to wait for the dates for the three individuals we have requested. We have now provided you with the 30 b6 notice, so we also look forward to receiving a date for that deposition. We are talking with plaintiffs to look for available dates in March but need to get dates for the people we have issued notices for and been requesting for months by next week.

**Request for Production No. 30**

Please confirm whether or not you have provided information responsive to Request for Production Number 30, as you indicated you would in your response submitted to the court.

**Dates for Productions**

We had previously raised with you our disagreement with your unilateral decision to limit the time period of your responses to a period that differs from that set forth in our complaint. Please confirm if you are continuing to refuse to produce information for the entire time period.

We need to be able to promptly receive relief from the court on any outstanding issues, so please confirm your positions on these issues.

Best,

Christina Tusan

---

**From:** James Unger <junger@kslaw.com>
**Date:** Monday, February 17, 2025 at 12:12 PM
**To:** Alan Mansfield <alan@clgca.com>, Christina Tusan <ctusan@ctusanlaw.com>
**Cc:** Jeffrey Hammer <JHammer@kslaw.com>, Liv Kiser <LKiser@kslaw.com>
**Subject:** Follow up re meet and confer

Alan and Christina:

I write to follow up on our call last week.

As discussed, I am glad we all recognize the need to move discovery forward apace, in light of the long-scheduled and approaching class certification briefing deadlines. To that end:

- **ESI:** Thank you for confirming you accept the proposal in our letter with respect to search terms and custodians. As noted, you have had for many months the entirety of what was produced to the FTC which contain all the core documents in the case. We will begin producing further documents on a rolling basis soon.

- **GTM Container Information:** At the link below we are reproducing with a Bates number, as requested, the data that BetterHelp produced on June 11, 2024 pursuant to Rule 33(d). You had asked where the "code" was in this data set. We have confirmed that where "off the shelf" template tags are used, no code is generated by or visible to the Google Tag Manager user, but where there is a custom configuration, the additional html code is present under the "tag" tab in column H.

- **Documents reproduced:** As noted in our letter, per your request, we are also reproducing a handful of documents with minor formatting changes (e.g., in color rather than black and white).

- **Facebook Event Manager:** We were able to extract events manager history from the relevant period, though as you know, what is available from periods longer ago than the past 28 days is limited due to Facebook's settings. Although we do not agree that this information is responsive to Plaintiffs' RFPs or relevant to the dispute, what responsive material we have been able to extract, we are producing here.

- **Google Analytics:** As we previously noted the data at issue is neither responsive nor relevant and we cannot use third-party tools that send BetterHelp's data to third parties outside of the US. We can

confirm, however, that BetterHelp did preserve the data then-present in Google Universal Analytics to avoid any deletion during the transition we discussed. We will be in touch further on these issues next week.

- **Deposition Dates:** As noted on our call, we will make ourselves and BetterHelp's witnesses available for depositions in the coming weeks and are prepared to double track as needed. Please provide dates in late February for the named plaintiffs' depositions and we will follow up with dates in March for BetterHelp depositions. As we also noted, we think it would be productive to take the 30b6 as soon as possible to narrow the deponents needed. We understood from our call that the proposed topics would be provided by last Friday, but we did not receive any. Please send them as soon as possible.

Best,
James

The production is available at the below link.

https://kingspalding.ftptoday.com/

**Zip Password:** stEbrl9r!sa

Please note that two-factor authentication has been turned on for all external users per firm policy. All data that is loaded to a K&S FTP site is automatically deleted after 15 days.

BetterHelp reserves all rights as to the documents it is producing, and does not waive or limit any future assertion that they are protected by applicable privileges, protections, or immunities, including attorney-client and attorney work product protections. To the extent this production contains any such documents, BetterHelp reserves the right to claw them back.

**James A. Unger**
*Partner*

T: +1 213 218 4020 | E: junger@kslaw.com | Bio | vCard

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

K&S King & Spalding

kslaw.com

---

**From:** Liv Kiser <LKiser@KSLAW.com>
**Sent:** Wednesday, February 12, 2025 2:00 PM
**To:** Alan Mansfield <alan@clgca.com>
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; James Unger <junger@kslaw.com>; Jeffrey Hammer <JHammer@KSLAW.com>
**Subject:** RE: Meet and Confer Follow-up Email regarding BetterHelp

Reforwarding the link to all.

---

**From:** Alan Mansfield <alan@clgca.com>
**Sent:** Wednesday, February 12, 2025 3:12 PM
**To:** Liv Kiser <LKiser@KSLAW.com>
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; James Unger <junger@kslaw.com>; Jeffrey Hammer <JHammer@KSLAW.com>
**Subject:** Re: Meet and Confer Follow-up Email regarding BetterHelp

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

apologies if I missed it, but did someone send around a call in number or link?

On Wed, Feb 12, 2025 at 1:02 PM Liv Kiser <LKiser@kslaw.com> wrote:

> Alan,
>
> Thanks for this note. With respect, I was on some of these calls with you. We never agreed to produce our witnesses "first"; we said scheduling had to occur concurrently.
>
> As far as the documents, what you are saying would make no sense, and that is why I know we did not agree to that. Also, I trust my partner, James, and he made clear to you and to Christina that that did not occur.
>
> Also - we know that you sent the depo notices but we responded by telling you that we would promptly produce witnesses AFTER the documents were produced. We also have been asking for dates for plaintiffs for months. You cannot just ignore our requests while banging the table for what you need.
>
> In sum, I think this exchange just shows that Plaintiffs are not listening. Please do listen. Talk to you soon.
>
> Very best,
> Liv
>
> ---
>
> **From:** Alan Mansfield <alan@clgca.com>
> **Sent:** Wednesday, February 12, 2025 2:35 PM
> **To:** Liv Kiser <LKiser@KSLAW.com>
> **Cc:** Christina Tusan <ctusan@ctusanlaw.com>; James Unger <junger@kslaw.com>; Jeffrey Hammer <JHammer@KSLAW.com>
> **Subject:** Re: Meet and Confer Follow-up Email regarding BetterHelp
>
> **CAUTION: MAIL FROM OUTSIDE THE FIRM**
>
> Liv, respectfully you were not on the calls. Christina and I were. And Ronni and James both said they would produce that information. So to try to shift blame when you weren't there is simply not correct. We were trying to get seed documents -- a very standard practice -- to see if we could eliminate categories, and that didn't happen. So using words like "unreasonable" only makes things worse, when for example we have been asking for close to a year for documents that should take weeks to produce. And as you know, there was a change in BH's position about what it would produce over time. It is not constructive to the process.
>
> We won't get into the dilatory issue but this much is clear -- we served depo notices last spring, and witnesses were promised to be produced and for various reasons weren't. We also did not say, nor

asked, to waive taking depositions prior to document production. We also have been asking for the GTM and MEM information. And when we were talking about taking depositions it was under the assumption you all would be producing information timely.

And we have always said -- and you have all agreed -- that we would get the depos set for the BH witnesses first and then the Plaintiffs. You only told us yesterday you want to take all the plaintiff depos. Dates for those will be discussed as part of that process, but we need dates for the depositions where notices have been pending for close to a year first.

On Wed, Feb 12, 2025 at 12:25 PM Liv Kiser <LKiser@kslaw.com> wrote:

Christina -

We are looking forward to talking with you but we do need to correct a few things:

1. First, we never said we would provide productions of previously agreed search terms on a rolling basis. You raised that during our call earlier this week, and James made it clear that that was never agreed to by us. Such an approach would not be feasible for logistical reasons, and would be hugely expensive for us because we need to do this in one fell swoop for this to make sense financially. We have been asking for months to get to agreement on terms. There is no reasonable basis for this to have taken as long as it has. You have the most relevant documents already - the documents produced to the FTC. Everything else is ancillary.
2. Second, we said at the beginning of discovery that it made no sense for us to produce witnesses prior to producing documents. For one thing, Plaintiffs were not willing to waive the right to recall witnesses after productions were made. Logistically it would be impossible to prepare witnesses without any documents, either. For you to suggest that our desire to do this in an efficient and reasonable manner was somehow the cause of delay is disappointing, and not true.
3. Third, we are concerned that you are trying to create a false record to justify your delay. At this point, the record is quite clear that Plaintiffs have been dilatory. Defendant has literally begged you to come to the table repeatedly and agree so that the parties could move forward with document production, scheduling and the rest of discovery. We urge you to work hard to get discovery done within the time that remains. We will vigorously object to any attempt by you to push out the schedule. You had plenty of time to complete discovery. The delay is your fault.
4. Fourth, we urge you to focus on the documents and information that you actually need. A lot of what you ask for below is not relevant, and frankly feels like yet further attempts to delay. We have in good faith reviewed your requests that we pull down information from various 3d party websites. We are prepared to discuss that today but you promised to provide very specific asks relative to what you already have, but below you do not do so. For example, your characterizations of what Google, Meta and others allegedly "show" is not accurate, and what your expert thinks is easy/possible does not create obligation based on his say-so.
5. Fifth, you continue to expand your asks even though there are no corresponding formal document requests that actually seek that information. We are willing to work with you in good faith but informal demands cannot be limitless and untethered to the discovery process. We are not providing irrelevant information. We are not providing information far outside the relevant time period.
6. Lastly, we trust and expect you will provide dates for the plaintiffs today. You have refused in the past to provide dates for your clients based on the entirely false belief that you do not have to produce anyone until we produce all of our witnesses. That is not the law and that is not how the process works. We are awaiting discovery responses from your plaintiffs and we believe you have agreed to supplement some of the written responses that require supplementation. We expect you to provide dates certain to

address our discovery concerns, provide the discovery we have requested, and then promptly produce plaintiffs for deposition.

In sum, we look forward to getting to agreement on terms, documents, and dates for depositions this afternoon. Our expectation is the parties will get to agreement and that Plaintiffs will stop raising issues that are sideshows.

Thanks.
Liv

---

**From:** Christina Tusan <ctusan@ctusanlaw.com>
**Sent:** Wednesday, February 12, 2025 1:39 PM
**To:** James Unger <junger@kslaw.com>; Liv Kiser <LKiser@KSLAW.com>
**Cc:** Alan Mansfield <alan@clgca.com>
**Subject:** Meet and Confer Follow-up Email regarding BetterHelp

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Liv and James,
Thank you for the call on Monday. As you know, we have been working with your team for many months to try and resolve the outstanding ESI issues and to get depositions of BetterHelp representatives on calendar. We hope that we can finally resolve the outstanding issues at this time.
As discussed, we had understood that you would be providing us with productions of previously agreed-to sets of search terms on a rolling basis, but now, based on our call, we understand that you are not providing us with productions until we reach a larger agreement. We understand that you are now proposing that we agree to forego some of our previously discussed requests in exchange for the production of information from other sets of search terms as set forth in your most recent letter to us. While we will need to reserve our rights to raise issues if we believe we have not received key responsive documents after we receive the production, we are willing to agree to these terms if we can ensure that we have received a complete set of information from the Meta Events Tools, Google Tag Manager (GTM), Google Analytics, and the website source code (as discussed more fully below) all of which we understand are in your possession and can be downloaded and produced with a very limited time commitment.
As we have discussed, we believe complete information from the GTM and the Meta Events Tools are critical documents that go to the heart of this matter as they directly establish when and where pixels were placed on the websites and apps at issue in this case. While we understand that you have produced some information from the Google Tag Manager and a more limited amount of information from the Meta Events manager, our expert has confirmed that we do not appear to have complete information from those containers. For example, while we did receive the spreadsheet you provided with some summary data from the Google Tag Manager, we do not have the .json files that Google Tag Manager provides that contain detailed configuration information. Google explains how to export this information from the Google Tag Manager, in the following links:
Google Tag Manager export: https://support.google.com/tagmanager/answer/6106997?hl=en
Similarly, while we appear to have some data from the Meta Events manager about certain specific advertising campaigns, we don't have the detailed information we would expect to see from the Meta Events Manager related to the configuration history of all of the meta pixels that were installed on the relevant websites during the entire period. Please provide us with the complete Meta Configuration history for all of different Meta Pixels used on the websites throughout the time period. We have been unable to identify these documents in your production, and none of the documents you have identified constitute these documents.
We also know that Google Analytics ("GA") was installed during the relevant time period on the BetterHelp website. We know that GA allows you to download detailed website reports which shows the number of users who visited specific URLS which will confirm how many users had their information shared with Google. You can

easily provide that information to us by following Google's specific instructions on how to download these reports (and it is common that companies will already have downloaded this information previously and have that in their possession). Google Analytics export: https://support.google.com/analytics/answer/9317657?hl=en If you are having any issues following this process, you can also easily export this information using a third party tool such as the following:

https://ga3-exporter.com

We also understand that some pixels were placed directly on the BetterHelp website that are not included in the Google Tag Manager. As a result, providing us with the source code information will verify where and how those pixels were used. For example, many companies use Git Hub, Git Lab, or similar programs to track the evolution of website source code on a website. Please produce that repository to us. Our expert estimates that producing such information can be easily produced in a single click download and should take virtually no time at all. Here is a link on how to conduct those downloads from GitHub itself: https://docs.github.com/en/get-started/start-your-journey/downloading-files-from-github

We need to resolve these matters as quickly as possible, and we believe this is a more than fair compromise. The downloading of the information at issue should only take a few hours and we are giving up on a significant number of documents that we believe we are entitled to receive. Given the ease of downloading this information and its clear and direct relevance to the core issues in this case, if you are unwilling to produce the complete GTM, Meta Events information, source code data, and Google Analytics Information discussed above, we will need to immediately renew our Motion to Compel with the court and look at other possible relief because of the delay this will cause.

You also indicated that if we reached an agreement, you would provide prompt productions of the documents at issue as well as deposition dates. Given the fact that you have been unwilling to give deposition dates until after you make these productions, any additional delay will continue to prejudice our ability to prepare our Motion for Class Certification and will be an issue we will likely need to raise with the court in seeking additional time regarding the Motion for Class Certification. Depending on the timing of the productions and depositions and given the fact that we still don't have deposition dates, and you want to also fit in depositions of all of the plaintiffs, we anticipate that we will likely need to seek additional time from the Court to file our Motion for Class Certification.

We hope to receive a timeline for when we can anticipate getting productions (with prioritization of the Meta, Google an website information which should be something that can easily be handled in less than a day), and specific deposition dates for the individuals we have identified- which we have been requesting for many months.

We will also be providing you with a list of topics for a 30b6 deponent in the very near future.

Best,

Christina Tusan

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.

--

Alan M. Mansfield
Consumer Law Group of California

619-308-5034

--
Alan M. Mansfield
Consumer Law Group of California
619-308-5034