# Exhibit 4

QUYEN L. TA (SBN 229956)
qta@kslaw.com
**KING & SPALDING LLP**
50 California Street
Suite 3300
San Francisco, CA 94111
Telephone: +1 (415) 318-1200
Facsimile: +1 (415) 318-1300

LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
jhammer@kslaw.com
JAMES A. UNGER (SBN 325115)
junger@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To: All Actions

Case No. 3:23-cv-01033-RS

**RESPONSES TO PLAINTIFFS' FIRST SET OF SPECIAL INTERROGATORIES**

Judge: Hon. Richard Seeborg

PROPOUNDING PARTY: ALL PLAINTIFFS
RESPONDING PARTY: BETTERHELP, INC.
SET NUMBER: ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant BETTERHELP, INC. ("BetterHelp" or "Defendant") hereby responds to Plaintiffs' First Set of Interrogatories.

BetterHelp's responses to Plaintiffs' Interrogatories have been prepared according to the Federal Rules of Civil Procedure pursuant to a reasonable and duly diligent investigation and search for responsive information and documents. BetterHelp has not yet completed its investigation of the facts related to this litigation. Consequently, all of the responses contained herein are based only on such information and documentation that is presently available to BetterHelp and discloses only the information and contentions presently known to BetterHelp. BetterHelp reserves the right to amend these responses, and to offer related evidence, as additional facts are ascertained, analyses are made, research is completed, and contentions become apparent.

## GENERAL OBJECTIONS

Defendant asserts the following general objections, which are hereby incorporated into each of the specific objections and responses to Interrogatories set forth below.

1. Defendant objects to these Interrogatories to the extent they request information protected from discovery by the attorney-client privilege, work-product doctrine, the consulting expert privilege, the self-critical analysis doctrine, or any other privilege, or that is otherwise immune or protected from disclosure. Defendant does not waive any applicable protections or privileges through the production of documents or the supplying of information in response to these Interrogatories. Defendant specifically preserves any and all applicable privileges and protections. Inadvertent production of any such information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, nor shall inadvertent production waive the right of Defendant to object to the use of any such information in any proceeding.

2. Defendant objects to these Interrogatories as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or information or "any" or "every" document or piece of information when all relevant facts can be obtained from fewer than "all" documents or "any" document.

3. Defendant objects to these Interrogatories to the extent they require Defendant to obtain and produce information concerning any entity other than Defendant on the grounds that such information is irrelevant and not proportional to the needs of the case, and because such Interrogatories are unduly burdensome and seek information of third parties, including governmental agencies, that is not within Defendant's care, custody or control and thus is equally available to Plaintiffs as to Defendant.

4. Defendant objects to these Interrogatories to the extent they seek Defendant's confidential and proprietary information, including trade secrets or other confidential research, development, or commercial information, the disclosure or which will or may cause irreversible harm to Defendant ("Confidential Information"). Defendant will only provide Confidential Information in response to these Interrogatories subject to and in reliance upon the protections afforded by a mutually agreed-upon Stipulated Protective Order entered by the Court in this matter and consistent with the terms and provisions of the Stipulated ESI Order (ECF No. 87).

5. Defendant objects to these Interrogatories to the extent that they purport to require Defendant to create a document or information or provide a compilation, abstract, audit, and/or other document summary that does not currently exist or can be assembled by Plaintiff with the same or substantially same effort as it would require of Defendant.

6. Defendant makes each objection to these Interrogatories and responds without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of privilege, relevance, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; (b) the right to object on any ground, at any time, to Requests, Interrogatories, or other discovery procedures involving or relating to the subject of the Interrogatory to which Defendant have responded herein; and (c) the right at any time to revise,

correct, add to, or clarify any of the objections and answers made herein.

7. Defendant objects to these Interrogatories to the extent they call for information or documents that are unreasonably cumulative or duplicative, or obtainable from other sources that are more convenient, less burdensome, or less expensive. In particular, Defendant objects to these Interrogatories as overbroad and unduly burdensome to the extent the information requested is publicly available and, consequently, equally available to Plaintiffs as it is to Defendant.

8. Defendant objects to these Interrogatories to the extent they are vague, ambiguous, duplicative, overly broad, unduly burdensome or oppressive, call for an unreasonable investigation on the part of Defendant, or seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action. Defendant further objects to these Interrogatories to the extent they seek information or documents or impose obligations beyond those permitted by the Federal Rules of Civil Procedure or any applicable Order of this Court.

9. Defendant objects to the Interrogatories to the extent they require Defendant to obtain and produce information concerning any entity other than Defendant on the grounds that such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and because such an Interrogatory is unduly burdensome and seeks information not within Defendant's possession, custody, or control. Defendant will only produce information that is in its possession, custody, or control.

10. Defendant objects to these Interrogatories as overly broad, unduly burdensome, oppressive, and as seeking information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Defendant incorporates its General Objections into each of the responses that follow. Any specific objections set forth in each response are in addition to those objections and, unless otherwise specified, Defendant's responses are limited in accordance with each of its objections.

/ / /

/ / /

**INTERROGATORY NO. 1:**

State all reasons YOU installed or permitted to be present each of the THIRD PARTY ANALYTICS TOOLS on YOUR WEBSITES OR APPS at any time during the CLASS PERIOD, including a description of any and all benefits and consideration YOU expected to receive or did receive from the use of THIRD PARTY ANALYTICS TOOLS on YOUR WEBSITES OR APPS at any time during the CLASS PERIOD.

**RESPONSE TO INTERROGATORY NO. 1:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to the term "THIRD PARTY ANALYTICS TOOLS" as vague and overbroad and shall interpret the term to refer to any third-party tools utilized by third parties or BetterHelp to evaluate activity on BetterHelp's website for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this anonymized data for advertising attribution through actions that consumers elect to make, including with respect to various online platforms other than BetterHelp that consumers join and/or use. BetterHelp also objects to the term "YOUR WEBSITES OR APPS" as vague and overbroad and shall interpret the term to mean all websites owned by BetterHelp that are used to sign up for BetterHelp's services. BetterHelp also objects to the terms "benefits" and "consideration" as vague and ambiguous. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

BetterHelp employs certain third-party tools for numerous purposes, including without limitation: to supervise, administer, and monitor BetterHelp's services; to measure and improve the quality, effectiveness, and delivery of BetterHelp's services; to anonymously track user interactions with BetterHelp's websites; to monitor and analyze website traffic and application usage; and to improve the rates at which anonymous visitors to the public websites sign up for services. Third-party tools were employed in certain instances at the recommendation of third parties. BetterHelp further refers Plaintiffs to its privacy policies as well as the privacy policies of the various third-party websites and apps for which each consumer may have registered or used.

**INTERROGATORY NO. 2:**

IDENTIFY all THIRD PARTY ANALYTICS TOOLS that were installed, in use, in effect, or otherwise present on any of YOUR WEBSITES OR APPS at any time during the CLASS PERIOD.

**RESPONSE TO INTERROGATORY NO. 2:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to the term "THIRD PARTY ANALYTICS TOOLS" as vague and overbroad and shall interpret the term to refer to any third-party tools utilized by third parties or BetterHelp to evaluate activity on BetterHelp's website for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this anonymized data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to the term "YOUR WEBSITES OR APPS" as vague and overbroad and shall interpret the term to mean all websites owned by BetterHelp that are used to sign up for BetterHelp's services. BetterHelp further objects to the phrase "installed, in use, in effect, or otherwise" as vague and ambiguous, and shall interpret the phrase to mean third-party tools actively utilized by BetterHelp's for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this anonymized data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time. BetterHelp will only respond with information that pertains to the period between August 1, 2017 and July 1, 2021.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

The third-party tools below, which benefit consumers, were integrated into BetterHelp's websites using platforms such as Google Tag Manager and direct coding changes into the website source code. The data collected by these third-party tools, including any third-party IDs, varied based on several factors, including but not limited to: a user's browser and privacy settings; the user's browsing activities; the use of plug-in technologies; the default settings and configuration of each third-party tool; the parameters, if any, set by BetterHelp; a third-party's use of persistent

cookies; whether a third-party tool is blocked; if the user signed in through a third party; a particular action that triggers the tool; the user's online conduct, including the various online platforms the user elects to join and/or use; among many other factors. Transmissions from these third-party tools alone do not allow for the identification of specific individuals and the data is anonymous.

- Adroll
- Bing
- Criteo
- Facebook
- FuelX
- Google Ads
- Google Analytics
- Google Tag Manager
- Improvely (Twilio)
- LiveRamp
- Outbrain
- Pinterest
- Podsights
- Quora Pixel
- Reddit
- Sharethrough
- Snap
- Taboola
- Tapstone
- Tatari
- The Trade Desk / AdBrain
- Twitter
- Yahoo/Gemini

**INTERROGATORY NO. 3:**

Provide the dates during which each THIRD PARTY ANALYTICS TOOL was installed, in use, in effect, or otherwise present on YOUR WEBSITES AND APPS during the CLASS PERIOD.

**RESPONSE TO INTERROGATORY NO. 3:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to the term "THIRD PARTY ANALYTICS TOOLS" as vague and overbroad and shall interpret the term to refer to any third-party tools utilized by third parties or BetterHelp to evaluate activity on BetterHelp's website for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this anonymized data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to the term "YOUR WEBSITES OR APPS" as vague and overbroad and shall interpret the term to mean all websites owned by BetterHelp and used to sign up for BetterHelp's services. BetterHelp further objects to the phrase "installed, in use, in effect, or otherwise" as vague and ambiguous, and shall interpret the phrase to mean third-party tools actively utilized to evaluate activity on BetterHelp's websites for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time. BetterHelp will only respond with information that pertains to the period between August 1, 2017 and July 1, 2021.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

The third-party tools below, which benefit consumers, were integrated into BetterHelp's websites using platforms such as Google Tag Manager and direct coding changes into the website source code. The data collected by these third-party tools, including any third-party IDs, varied based on several factors, including but not limited to: a user's browser and privacy settings; the user's browsing activities; the use of plug-in technologies; the default settings and configuration

of each third-party tool; the parameters, if any, set by BetterHelp; a third-party's use of persistent cookies; whether a third-party tool is blocked; if the user signed in through a third party; a particular action that triggers the tool; the user's online conduct, including the various online platforms the user elects to join and/or use; among many other factors. Transmissions from these third-party tools alone do not allow for the identification of specific individuals and the data is anonymous.

| | |
|---|---|
| Adroll | 8/2017 - 5/2018 |
| Bing | 8/2017 - 7/2021 |
| Criteo | 7/2018 - 1/2019 |
| Facebook | 8/2017 - 7/2021 |
| FuelX | 1/2018 - 1/2019 |
| Google Ads | 8/2017 – 7/2021 |
| Google Analytics | 8/2017 – 7/2021 |
| Google Tag Manager | 8/2017 – 7/2021 |
| Improvely (Twilio) | 8/2017 - 9/2020 |
| LiveRamp | 12/2018 - 5/2019 |
| Outbrain | 1/2019 – 5/2019 |
| Pinterest | 8/2017 - 1/2021 |
| Podsights | 9/2019 - 5/2021 |
| Quora | 8/2020 - 5/2021 |
| Reddit | 5/2019 - 5/2021 |
| Sharethrough | 12/2017 - 11/2019 |
| Snap | 1/2019 - 1/2021 |
| Taboola | 8/2017 – 5/2021 |
| Tapstone | 8/2017 - 3/2018 |
| Tatari | 3/2020 - 5/2021 |
| The Trade Desk / AdBrain | 3/2018 - 1/2019 |

| | |
|---|---|
| Twitter | 8/2017 - 11/2019 |
| Yahoo/Gemini | 8/2017 - 10/2018 |

**<u>INTERROGATORY NO. 4</u>:**

IDENTIFY all of the information from and RELATING TO CLASS MEMBERS that each THIRD PARTY ANALYTICS TOOL that was installed, in use, in effect, or otherwise present on YOUR WEBSITES OR APPS collected, disclosed, shared, or reported to any third party at any time during the CLASS PERIOD, including any type of PERSONAL INFORMATION.

**<u>RESPONSE TO INTERROGATORY NO. 4</u>:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to the term "THIRD PARTY ANALYTICS TOOLS" as vague and overbroad and shall interpret the term to refer to any third-party tools utilized by third parties or BetterHelp to evaluate activity on BetterHelp's websites for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to the request that BetterHelp identify "all of the information from and RELATING TO CLASS MEMBERS" as vague, ambiguous, overbroad, and unduly burdensome. BetterHelp further objects to the phrase "installed, in use, in effect, or otherwise" as vague and ambiguous, and shall interpret the phrase to mean third-party tools actively utilized to evaluate activity on BetterHelp's websites for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this anonymized data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp further objects to the term "PERSONAL OR MEDICAL INFORMATION" on the grounds that it is vague and overbroad, and on the ground that BetterHelp is not subject to HIPAA because it does not handle personal health information (PHI) on behalf of covered entities. BetterHelp further objects to the phrase "collected, disclosed, shared, or reported" as vague, ambiguous, overbroad, and unduly burdensome. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it is

unlimited as to time. BetterHelp will only respond with information that pertains to the period between August 1, 2017 and July 1, 2021.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

Third-party tools were integrated into BetterHelp's websites using platforms such as Google Tag Manager and direct coding changes into the website source code. The data collected by these third-party tools, including any third-party IDs, varied based on several factors, including but not limited to: a user's browser and privacy settings; the user's browsing activities; the use of plug-in technologies; the default settings and configuration of each third-party tool; the parameters, if any, set by BetterHelp; a third-party's use of persistent cookies; whether a third-party tool is blocked; if the user signed in through a third party; a particular action that triggers the tool; the user's online conduct, including the various online platforms the user elects to join and/or use; among many other factors. Transmissions from these third-party tools alone do not allow for the identification of specific individuals and the data is anonymous. Based on a review of the website code and Google Tag Manager, the data that third-party tools collected generally included information regarding website usage, user interaction with the websites, page loads, sign ups, and payments. Pursuant to the FTC Consent Order, third parties were required to delete all information that the third parties may have collected.

**<u>INTERROGATORY NO. 5</u>:**

To the extent the information from and RELATING to CLASS MEMBERS that was collected, disclosed, shared, or reported to any third party by a THIRD PARTY ANALYTICS TOOL varied during the CLASS PERIOD, describe any changes in the information collected, disclosed, shared, or reported to any third party by that THIRD PARTY ANALYTICS TOOL and the dates any such changes went into effect.

**<u>RESPONSE TO INTERROGATORY NO. 5</u>:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to the term "THIRD PARTY ANALYTICS TOOLS" as vague and overbroad and shall interpret the term to refer to any third-party tools utilized by third parties or BetterHelp to evaluate activity on BetterHelp's website for the purpose of optimizing advertising and

attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp further objects to the term "PERSONAL OR MEDICAL INFORMATION" on the grounds that it is vague and overbroad and on the ground that BetterHelp is not subject to HIPAA because it does not handle PHI on behalf of covered entities. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time. BetterHelp also objects to the request that BetterHelp "describe any changes in the information collected, disclosed, shared, or reported to any third party" and "the dates any such changes went into effect" as vague, ambiguous, unintelligible, overbroad, and unduly burdensome.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

Data collected by third-party tools are constantly changing based on a variety of non-static factors, many of which are not subject to BetterHelp's knowledge or control, including but not limited to: a user's browser settings; the default settings and configuration of each third-party tool; the parameters, if any, set by BetterHelp; a third-party's use of persistent cookies; whether a third-party tool is blocked; if the user signed in through a third party; a particular action that triggers the tool; and a user's conduct; among many other factors, such that BetterHelp cannot "describe any changes in the information collected, disclosed, shared, or reported to any third party" and "the dates any such changes went into effect." BetterHelp affirmatively states the third-party tools benefit consumers.

**<u>INTERROGATORY NO. 6</u>:**

IDENTIFY all DOCUMENTS or COMMUNICATIONS RELATED to the selection, configuration, and implementation of any THIRD PARTY ANALYTICS TOOLS that was installed, in use, in effect, or otherwise present on YOUR WEBSITES OR APPS at any time during the CLASS PERIOD.

**<u>RESPONSE TO INTERROGATORY NO. 6</u>:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to the term "THIRD PARTY ANALYTICS TOOLS" as vague and overbroad

and shall interpret the term to refer to any third-party tools utilized by third parties or BetterHelp to evaluate activity on BetterHelp's websites for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to the term "YOUR WEBSITES OR APPS" as vague and overbroad and shall interpret the term to mean all websites owned by Defendant and used to sign up for Defendant's services. BetterHelp further objects to the phrase "installed, in use, in effect, or otherwise" as vague and ambiguous, and shall interpret the phrase to mean third-party tools actively utilized to evaluate activity on BetterHelp's website for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to this Interrogatory as premature, as BetterHelp's review of documents in response to Plaintiff's document requests is ongoing. BetterHelp also objects to this Interrogatory to the extent it seeks the identification of documents that will be produced in discovery and thus will be equally available to Plaintiff. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome in that it would require the identification of a significant volume of documents over a period of many years. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time.

**INTERROGATORY NO. 7:**

IDENTIFY all PERSONS who were involved with selecting, configuring, or implementing each THIRD PARTY ANALYTICS TOOL that was installed, in use, in effect, or otherwise present on YOUR WEBSITES OR APPS during the CLASS PERIOD, INCLUDING a description of their role in selecting, configuring, or implementing the THIRD PARTY ANALYTICS TOOLS.

**RESPONSE TO INTERROGATORY NO. 7:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to the term "THIRD PARTY ANALYTICS TOOLS" as vague and overbroad

and shall interpret the term to refer to any third-party tools utilized by third parties or BetterHelp to evaluate activity on BetterHelp's websites for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to the term "YOUR WEBSITES OR APPS" as vague and overbroad and shall interpret the term to mean all websites owned by Defendant and used to sign up for Defendant's services. BetterHelp further objects to the phrase "installed, in use, in effect, or otherwise" as vague and ambiguous, and shall interpret the phrase to mean third-party tools actively utilized to evaluate activity on BetterHelp's website for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time. BetterHelp will only respond with information that pertains to the period between August 1, 2017 and July 1, 2021.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

| Name | Role |
|---|---|
| Alain Adler (former employee) | Responsible for managing engineering team |
| Danny Bragonier | Responsible for managing marketing operations |
| Sam Broer (former employee) | Assisted in technical implementation of certain marketing campaigns |
| Wesley Kaplan | Assists in the technical implementation of certain marketing campaigns |

**INTERROGATORY NO. 8:**

IDENTIFY all DOCUMENTS or COMMUNICATIONS CONCERNING any and all benefits and consideration YOU expected to receive or did receive from the use of THIRD PARTY ANALYTICS TOOLS on YOUR WEBSITES OR APPS at any time during the CLASS PERIOD.

/ / /

/ / /

**RESPONSE TO INTERROGATORY NO. 8:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp also objects to the terms "benefits" and "consideration" as vague and ambiguous. BetterHelp objects to the term "THIRD PARTY ANALYTICS TOOLS" as vague and overbroad and shall interpret the term to refer to any third-party tools utilized by third parties or BetterHelp to evaluate activity on BetterHelp's websites for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to the term "YOUR WEBSITES OR APPS" as vague and overbroad and shall interpret the term to mean all websites owned by Defendant and used to sign up for Defendant's services. BetterHelp further objects to the phrase "installed, in use, in effect, or otherwise" as vague and ambiguous, and shall interpret the phrase to mean third-party tools actively utilized to evaluate activity on BetterHelp's website for the purpose of optimizing advertising and attributing outcomes, where the third party utilizes this data for advertising attribution through actions that consumers elect to make with respect to various online platforms that consumers join and/or use. BetterHelp also objects to this Interrogatory as premature, as BetterHelp's review of documents in response to Plaintiff's document requests is ongoing. BetterHelp also objects to this Interrogatory to the extent it seeks the identification of documents that will be produced in discovery and thus will be equally available to Plaintiff. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome in that it would potentially require the identification of a significant volume of documents over a period of many years. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it is unlimited as to time.

**INTERROGATORY NO. 9:**

IDENTIFY the HIPAA Compliant Privacy and Compliance Officers and members of YOUR Privacy and Compliance Team during the CLASS PERIOD, INCLUDING any outside entity, third party or agent who provided these services to YOU and describing their respective

/ / /

roles and responsibilities to draft, implement, maintain and enforce HIPAA compliant privacy policies and procedures.

**RESPONSE TO INTERROGATORY NO. 9:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to this Interrogatory as irrelevant on the ground that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

BetterHelp is not subject to HIPAA.

**INTERROGATORY NO. 10:**

Describe in detail the steps taken to respond to these Interrogatories, including IDENTIFYING all PERSONS responsible for preparing or assisting in preparing YOUR responses to these Interrogatories and the PERSONS (identified by name and corporate title or job description) whose files were searched; all DOCUMENTS used or reviewed in preparing these responses and any instructions pertaining to DOCUMENT and/or ESI and information preservation; and where oral instructions were given, IDENTIFY the PERSON who gave the instructions, the content of the instructions and the PERSON(S) to whom the instructions were given.

**RESPONSE TO INTERROGATORY NO. 10:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to this Interrogatory as seeking information protected by the attorney–client privilege and attorney work product doctrine. BetterHelp further objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

These Responses were prepared by BetterHelp's counsel based on documents collected from BetterHelp and communications with BetterHelp protected by the attorney-client privilege, the attorney work product doctrine, or both.

Dated: May 10, 2024

KING & SPALDING LLP

QUYEN L. TA (SBN 229956)
qta@kslaw.com
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: +1 (415) 318-1200
Facsimile: +1 (415) 318-1300

LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
jhammer@kslaw.com
JAMES A. UNGER (SBN 325115)
junger@kslaw.com
KING & SPALDING LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

*Attorneys for Defendant*
*BETTERHELP, INC.*

## CERTIFICATE OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in the county of Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction this service was made. I am over the age of eighteen years and not a party to the within action.

I served the foregoing document described as: **BETTERHELP, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF SPECIAL INTERROGATORIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY ELECTRONIC SERVICE**: By electronically mailing a true and correct copy through King & Spalding LLP's electronic mail system to the email addresses set forth below.

Executed on **May 10, 2024**, within Los Angeles County, California.

☒ **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Sara Rodriguez

**SERVICE LIST**

Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel: 866.252.0878
Email: gklinger@milberg.com
gabramson@milberg.com
ahoneycutt@milberg.com
rnelson@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
1656 Washington Suite 140
Kansas City, MO 64108
Tel: 816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan
ctusan@hammondlawpc.com
Adrian Johns Barnes
abarnes@hammondlawpc.com
Ari Nathan Cherniak
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
Tel: (310) 601-6766
Fax: (310) 295-2385

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400,
San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

Glen L Abramson
Milberg Coleman Bryson Phillips Grossman PLLC
800 S. Gay Street
Ste 1100
Knoxville, TN 37929
866-252-0878
gabramson@milberg.com

Stephen R. Basser
Samuel M. Ward
Barrack, Rodos & Bacine
One America Plaza
600 West Broadway
Suite 900
San Diego, CA 92101
619-230-0800
619-230-1874 (fax)
sbasser@barrack.com
sward@barrack.com

Polina Brandler
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
718-414-7094
pbrandler@hammondlawpc.com

Christopher W. Cantrell
Doyle APC
550 West B Street, Fourth Floor
San Diego, CA 92101
(619) 736-0000
chris@doyleapc.com

Nickolas J. Hagman
Cafferty Clobes Meriwether & Sprengel LLP
135 S. LaSalle Street.
Suite 3210
Chicago, IL 60603
Tel: 312-276-3404
nhagman@caffertyclobes.com

Julian Ari Hammond
HammondLaw, P.C.
11780 W Sample Road, Suite 103
Coral Springs, FL 33065
(310) 601-6766
(310) 295-2385 (fax)
JHammond@hammondlawpc.com

Daniel Jerome Muller
Ventura Hersey & Muller, LLP
1506 Hamilton Avenue
San Jose, CA 95125
(408) 512-3022
(408) 512-3023 (fax)
dmuller@venturahersey.com

John J. Nelson
Milberg Coleman Bryson Phillips Grossman PLLC
402 W. Broadway
Suite 1760
San Diego, CA 92101
858-209-6941
865-522-0049 (fax)
jnelson@milberg.com

April Marni Strauss
2500 Hospital Drive
Bldg. 3
Mountain View, CA 94040
650-281-7081
astrauss@calprivacy.com

Sharon Jessica Zinns
Zinns Law, LLC
4243 Dunwoody Club Drive
Suite 104
Atlanta, GA 30350
404-882-9002
Sharon@zinnslaw.com