LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**<br><br>This Document Relates To:<br><br>All Cases/ | Case No. 3:23-cv-01033-RS<br><br>**BETTERHELP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF SOURCE CODE**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 4<br>Judge: Hon. Donna M. Ryu |

## I. INTRODUCTION

Plaintiffs' Motion to Compel should be denied because it seeks to compel Defendant BetterHelp, Inc. ("BetterHelp") to produce all of its source code, for both its website and apps, from January 1, 2017 through March 7, 2023, without a showing of relevance for this massive amount of code and ignoring the substantial burden this would place on BetterHelp. (Mot. at 1.) BetterHelp's website is comprised of roughly 17,000 source code files, each of which has at least 100 versions over the six-year period Plaintiffs have identified, such that the total for the website alone consists of approximately 1.7 million files containing more than 180 million lines of code. (Declaration of Niklas Vaughan ("Vaughan Decl."), ¶ 5.) There is no automated process to export these files, meaning that each version of each file must be manually selected and exported, a process BetterHelp estimates will take roughly 17,000 employee-hours to accomplish. (*Id.* at ¶ 6.)

BetterHelp has already informed Plaintiffs that only *one* of these 17,000 files is dedicated to the tracking technologies at issue in this case. (Vaughan Decl. at ¶ 8; Declaration of Craig H. Bessenger ("Bessenger Decl."), ¶ 3.) As such, the burden on BetterHelp to produce every version of all source code files—totaling roughly 1.7 million files from 2017 through 2023 for the website alone—would be staggering, far outweighing any benefit to Plaintiffs. (Vaughan Decl. at ¶ 5; Bessenger Decl. at ¶ 3.) BetterHelp offered to produce the 135 versions of the source code file dedicated to tracking technologies from the relevant time period, and provided samples of the code BetterHelp was offering to produce, but Plaintiffs refused that offer and are still insisting on the production of millions of irrelevant, highly sensitive and proprietary source code files. (Bessenger Decl. at ¶ 3.) This is the proverbial "last-ditch fishing expedition, the burden of which outweighs the likely benefit" and "is not proportional the needs of the case." *Schobinger v. Twitter, Inc.*, No. 23-CV-03007-VC (DMR), 2025 WL 52746, at *2 (N.D. Cal. Jan. 9, 2025) (Ryu, J.).

Moreover, Plaintiffs already have access to the information they seek from other sources—the Wayback Machine (*available at* https://web.archive.org) and Google Tag Manager—that are more convenient, less burdensome, and less expensive than forcing BetterHelp to produce millions of irrelevant source code files that will not even be useful to Plaintiffs if they are produced. *See* Fed. R. Civ. P. 26. For all of these reasons, the Court should deny Plaintiffs' Motion.

## II. LEGAL STANDARD

Rule 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering various factors including "the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26. "A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." *Schobinger*, 2025 WL 52746, at *3 (quotation marks and citations omitted).

"Courts have held that when source code is requested not only must it be relevant and necessary to the prosecution or defense of the case but *when alternatives are available, a court will not be justified in ordering disclosure*." *Congoo, LLC v. Revcontent LLC*, No. CV 16-401 (MAS), 2017 WL 3584205, at *3 (D.N.J. Aug. 10, 2017) (emphasis added) (cleaned up). Courts have also declined to compel production of source code where it is "is not proportional to the needs of the case given the sensitivity of the source code, the burden of producing it, and the potential availability of alternate means to obtain the information in question." *Edmar Fin. Co., LLC v. Currenex, Inc.*, 347 F.R.D. 641, 649 (S.D.N.Y. 2024); *see also*, *In re Apple and AT & TM Antitrust Litigation*, No. C07-05152 JW PVT, 2010 WL 1240295, at *2 (N.D. Cal. 2010) (refusing to compel disclosure of source code where "[p]laintiffs only speculate that the additional source code may be relevant"); *see also, Viacom Int'l. Inc. v. Youtube Inc.*, 253 F.R.D. 256, 261 (S.D.N.Y. 2008) ("Considered against [the source code's] value and secrecy, plaintiffs have not made a sufficient showing of need for its disclosure.").

Plaintiffs cite *no cases* in which a court has compelled the production of source code under facts similar to those here. Instead, Plaintiffs rely exclusively on patent infringement and trade secret cases (Mot. at 5), which are inapposite because courts have distinguished between cases in which production of source code is necessary to prove claims—such as where source code itself is allegedly infringed or misappropriated—from cases in which the relevant information can be

obtained without review of the actual code. *See Congoo*, 2017 WL 3584205, at *3 (D.N.J. Aug. 10, 2017) (denying motion to compel source code and noting cases cited by plaintiff "are distinguishable in that they are patent cases in which production of the source code was necessary to prove infringement claims"). In the first case Plaintiffs cite, *MedImpact Healthcare Systems, Inc. v. IQVIA Inc.*, the court granted a motion to compel source code because it was necessary to "assess whether Plaintiffs' alleged trade secrets are proprietary . . . ." No. 19-CV-1865-GPC (DEB), 2021 WL 5605209, at *3 (S.D. Cal. June 29, 2021); *see also Calendar Research LLC v. StubHub, Inc.*, 2017 WL 10378338, at *2 (C.D. Cal. Nov. 14, 2017) (source code produced to respective experts to determine whether trade secrets had been misappropriated); *StoneEagle Servs., Inc. v. Gillman*, No. 3:11-CV-2408-P, 2013 WL 12124325 *4 (N.D. Tex. Feb. 25, 2013) (defendants entitled to plaintiff's source code to disprove plaintiff's trade secret claims); *Vesta v. Amdocs Mgmt., Ltd.*, No. 3:14-CV-01142-HZ, 2017 WL 714354 *3 (D. Ore. Feb. 21, 2017) (plaintiff entitled "only to the source code for the modules that relate to" trade secrets claim).

Plaintiffs' authority is further distinguishable from the instant case because—unlike BetterHelp's concrete showing of burden (*see* Vaughan Decl., ¶¶ 5–6)—the parties opposing the motions to compel source code in Plaintiffs' cases failed to make a particularized showing of undue burden. *See MedImpact*, 2021 WL 5605209, at *3; *Calendar Research*, 2017 WL 1037833, at *11. Moreover, the moving parties in *MedImpact* limited the time period for which they sought source code and further limited the request to "source code for only those offerings that incorporate, contain, implement, or support Plaintiffs' alleged trade secrets." *Id*. Here, by contrast, Plaintiffs are requesting *all* of BetterHelp's source code for a period of more than six years, for both its website and its apps, regardless of whether it has any relevance to the claims at issue.

## III. PLAINTIFFS' MOTION TO COMPEL SHOULD BE DENIED

### A. THE SIGNIFICANT BURDEN OF PRODUCING THE SOURCE CODE FAR OUTWEIGHS ANY POSSIBLE BENEFIT TO PLAINTIFFS

Plaintiffs' argument that production of the entirety of BetterHelp's source code for a period of more than six years "is not burdensome" is premised on their claim that "[i]t should not be difficult for BH to identify, locate, download and produce this source code within minutes." (Mot.

at 5.) Contrary to Plaintiffs' unfounded assertion, BetterHelp's Senior Technical Program Manager, Nik Vaughan, has attested that locating and manually exporting the full version of a single file of source code—reflecting the 135 versions of the file over the requested time period—took him one hour. (Vaughan Decl. at ¶ 7.) Mr. Vaughan has further attested that there are nearly 17,000 source code files just for BetterHelp's website—only one of which is connected to tracking technologies—and that each of those files likely has at least 100 versions, resulting in a total universe of approximately 1.7 million files. (*Id.* at ¶¶ 3, 5, 8.) By his estimate, it would take roughly 17,000 employee-hours to export the entirety of BetterHelp's website source code for the requested time period—2,215 eight-hour workdays. (*Id.* at ¶ 7.) Adding in source code for BetterHelp's apps, as Plaintiffs have requested, would increase the burden further.

In addition to this significant burden on BetterHelp and the lack of relevance of all but one of the source code files, the source code itself is both highly proprietary and would also be of no benefit to Plaintiffs as produced. (Vaughan Decl. at ¶¶ 8-9.) The source code contains only placeholders for a given pixel, for example, and cannot connect to the databases it references and from which it draws information. (*Id.* at ¶ 8.) As a consequence, Plaintiffs would not be able to use BetterHelp's internal source code to replicate how BetterHelp's website actually functions and responds to user actions. (*Id.* at ¶¶ 8, 12.)

### B. PLAINTIFFS HAVE ACCESS TO THE INFORMATION THEY SEEK FROM A MORE CONVENIENT SOURCE THAT IS LESS BURDENSOME

In contrast to the inert source code that Plaintiffs seek from BetterHelp, the pixel tracking and data collection practices at issue in this case are visible in the consumer-facing code that is publicly available through the Wayback Machine website and through Google Tag Manager ("GTM") data, which has already been produced to Plaintiffs. (Vaughan Decl. at ¶¶ 8-9; Declaration of Ben Zhao ("Zhao Decl."), ¶¶ 2-5.) The Wayback Machine would allow Plaintiffs to interact with the consumer-facing code as it appears in the consumer's web browser and assess how BetterHelp's website functioned from the consumer's perspective. (Vaughan Decl. at ¶¶ 10-12; Zhao Decl. at ¶ 4 .) Unlike BetterHelp's internal source code, for example, the consumer-facing code archived on the Wayback Machine can show Plaintiffs the script that loads a given pixel.

(Vaughan Decl. at ¶ 11; Zhao Decl. at ¶ 7.) Plaintiffs can review the HTML and other code, see what webpages on BetterHelp's website included tracking technologies, and review how those technologies were configured. (Vaughan Decl. ¶¶ 10-12; Zhao Decl. ¶ 5.) Plaintiffs will need to recreate BetterHelp's consumer-facing website as it existed during the relevant time period to determine how specific public-facing HTML and JavaScript code operated, but they can accomplish this by using the code available from the Wayback Machine website. (Vaughan Decl. ¶ 12; Zhao Decl. ¶ 4.)(Declaration of Ben Zhao, ¶ 4.) Importantly, Plaintiffs *cannot* recreate BetterHelp's website using the internal source code that Plaintiffs are demanding BetterHelp produce. (*Id.*)

Dr. Zhao also confirms that reviewing BetterHelp's internal source code is unnecessary because "the combination of Wayback Machine archives, GTM configuration data, and the templated source files is sufficient to understand BetterHelp's pixel tracking methods. Plaintiffs already possess or can publicly access all necessary information about how these pixels operated. No further backend source code would clarify or change what is already evident from these public-facing materials." (*Id.* ¶ 8.)

## IV. CONCLUSION

Based on the foregoing, BetterHelp respectfully requests that the Court deny Plaintiffs' Motion in its entirety.

Dated: April 17, 2025

Respectfully submitted,

*/s/ Livia M. Kiser*

**KING & SPALDING LLP**
LIVIA M. KISER (SBN 285411)
lkiser@kslaw.com
JEFFREY HAMMER (SBN 264232)
jhammer@kslaw.com
CRAIG H. BESSENGER (SBN 245787)
cbessenger@kslaw.com
JAMES A. UNGER (SBN 325115)
junger@kslaw.com

Attorneys for Defendant
BETTERHELP, INC.