Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To: All Actions

**Master File No. 3:23-cv-01033-RS**

Hon. Richard Seeborg

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT TO PROVIDE SOURCE CODE IN RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

Hearing Date: April 24, 2025 (taken under submission, hearing date vacated)
Courtroom: 4, 3rd Floor
Judge: Hon. Donna M. Ryu

BetterHelp (BH)'s Opposition ("Opposition") to Plaintiffs' Motion to Compel ("MTC") opens with the claim – which we have already told BH's counsel is false -- that Plaintiffs are seeking 1.7 million files comprising "all of its source code." No fair reading of the requests at issue supports this claim. The Court need only look at Requests 7 and 8 -- quoted *verbatim* in the MTC – to confirm Plaintiffs are only requesting the source code that identifies when, where, and in what manner these third party analytics tools were installed on BH's websites and apps, the data those tools collected, how that data was disclosed or shared, and to or with whom. Even after filing the MTC, Plaintiffs' counsel again made clear the limited, but critical, category of source code sought. Supplemental Declaration of Christina Tusan ("Supp. Tusan Decl.") ¶ 5. BH still ignores it.

Based on the faulty premise that Plaintiffs are demanding the production of every page of source code related to its websites and apps, BH claims that it would be unduly burdensome for it to be required to respond to Plaintiffs' requests. As to BH's claims of burden, "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *O'Connor v. Uber Techs. Inc*, No. C-13-03826 (EMC) DMR, 2014 WL 5794323, at *1 (N.D. Cal. Nov. 6, 2014) (citation omitted). However, as the MTC stated and BH's Opposition did not deny, prior to filing this Motion BH never articulated any actual burden other than a blanket claim that it was burdensome. It never claimed prior to filing its Opposition we were requesting 1.7 million files, which suggests that it never looked for responsive information. It never offered to produce a subset of source code files. And after Plaintiffs filed the MTC, BH claimed for the first time it would take 17,000 hours simply to download and produce all of the source code for its websites during the relevant time period. We subsequently asked BH to confirm how much time it would take to download the relevant source code sought by Plaintiffs; BH refused to do so. Supp. Tusan Decl. at ¶ 6. Because BH's Declarations in support of its Opposition provide only irrelevant estimates pertaining to information that has not been requested, they are not competent evidence.

BH's misleading estimate also assumes it must manually export source code files, but fails to explain why that is so. BH has confirmed it uses standard easy to search GIT products as its source code management tools. Supp. Tusan Decl. at ¶ 8. Even assuming BH employees' claim

that it took one hour to download 135 versions of a source code file one file at a time, this suggests that downloading all versions of the relevant source code files would be feasible within days, not 17,000 hours. Nevertheless, this manual process described by BH's employees is far less efficient than standard industry practice. Programmers typically use Git's automation and search capabilities—such as scripting, keyword matching, and tree traversal—which allow the identification and extraction of relevant files and their histories at scale in significantly less time. It is not typical for a competent programmer to download source files manually one at a time, and should only take hours. (Shafiq Supp. Decl. at ¶ 4-5 ).

By searching for a keyword, a programmer can determine that a file contains information on a particular page and can then extract what is needed. Once a programmer finds the relevant file or page, it will show all iterations of that page. Files stored in a Git Hub repository file can thus be queried for specific pages where the pixels were present during the relevant period and the relevant files can be automatically exported. (Shafiq Supp. Decl. at ¶ 4-5 ). The link provided in the original Shafiq Decl. at para. 19 n.6 explains how in a few clicks BH could download all the relevant information. The process described by BH entails substantially more work than the standard process followed by source code programmers. Shafiq Supp Decl. at ¶ 5.

BH also argues that information already provided and/or independently available is sufficient for Plaintiffs to understand how BH's pixels operated and is a viable substitute for BH's source code that contains complete information about pixel placement and operation. Opp. 4:18-5:15. The Wayback Machine and Google Tag Manager (GTM) are not substitutes for the actual source code related to third-party tracking technologies used by BH. For example, user-facing pages that appear after login or signup—such as those for therapist selection, session scheduling, or payments—are not archived by the Wayback Machine. Suppl. Shafiq Decl. at ¶ 6. Although not available on the Wayback Machine, they could be evaluated using the source code BH is refusing to produce. In addition, BH failed to respond to the argument in the MTC that the Wayback Machine only provides partial captures of a website for certain days; there may be months for which source code is simply not available even for publicly available pages on BH's websites. As to the use of GTM information, as stated in the MTC, BH has admitted that it placed pixels directly

into the website source code. Pixels and trackers directly embedded on a BH website would not show up in the GTM source code materials. BH did not respond to this argument in its Opposition. Suppl. Shafiq Decl. at ¶ 6-7.

BH also asserts it offered -- *not before the MTC was filed as it implies but only on the day its Opposition was due* -- to provide fully responsive source code. However, the code BH offered would omit key source code data that would show how the pixels present on BH's websites actually operated. Plaintiffs' counsel explained this to BH, yet BH has continued to refuse to provide the category of source code requested by Plaintiffs. Supp. Tusan Decl. ¶¶ 4-7. To understand how the tracking tools worked in practice, one needs to review both the tracking code (which BH offered to produce) and the source code for the pages the trackers were located on (which BH refused to produce). The former shows what was installed and how, but not what information was actually collected or shared with third parties on a particular page based on how particular requests or buttons were programmed. It is the latter that is necessary to complete the puzzle. Supp. Shafiq Decl. at ¶ 8. Courts have recognized this important distinction. *See WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, No. 19-cv-07123-PJH, 2024 U.S. Dist. LEXIS 231009, at *11-12 (N.D. Cal. Dec. 20, 2024) (order requiring defendants "produce information concerning the full functionality of the relevant spyware" rather than "only the 'installation layer' of the source code, showing how [the tool] was installed on the target users' devices.").

Finally, BH failed to address in its Opposition the production of source code for its apps – none of which would be collected through the Wayback Machine or present in the GTM data.

BH could upload the requested source code in a few hours or days; the information contained therein is not fully available from alternative sources; and it is highly relevant evidence readily available to sustain or refute the claims at issue. While BH cites cases to claim courts have declined to compel production of source code based on the burden of producing it, its potential availability via alternative means, and where it is not proportional to the needs of the case, all of these factors weigh in favor of an order requiring its production. The Court should order BH to do so as its Opposition fails to justify its burden why it should not produce this source code.

Dated: April 21, 2025

*/s/ Gary M. Klinger*

Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: April 21, 2025

*/s/ Christina Tusan*

Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: April 21, 2025

*Maureen M. Brady*

Maureen M. Brady
McShane AND Brady LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: April 21, 2025

*/s/ Alan M. Mansfield*

Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*