LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To:

All Cases/

Case No. 3:23-cv-01033-RS

**DEFENDANT BETTERHELP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Date: June 26, 2025
Time: 1:30 p.m.
Courtroom: 3 – 17th Floor
Judge: Hon. Richard J. Seeborg

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on June 26, 2025 at 1:30 p.m., in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom 3 – 17th Floor, Defendant BetterHelp, Inc. ("BetterHelp") will and hereby does move the Court to dismiss Plaintiffs' First Amended Consolidated Class Action Complaint (the "FAC"). This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and records on file in this Action, and any oral argument and papers as may be presented at or before the time of adjudication of this Motion.

**STATEMENT OF RELIEF SOUGHT**

BetterHelp seeks an order dismissing the FAC pursuant to Rules 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction, based on Plaintiffs' refusal to identify themselves in violation of Rule 10, with leave to file an amended pleading that properly identifies Plaintiffs by name.

Dated: May 5, 2025

Respectfully submitted,

*/s/ Livia M. Kiser*

**KING & SPALDING LLP**
LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*

Attorneys for Defendant
BETTERHELP, INC.

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 3

III. LEGAL STANDARD ..... 5

IV. THE FAC MUST BE DISMISSED FOR FAILING TO IDENTIFY PLAINTIFFS ..... 6

A. There is No Evidence to Support Plaintiffs Proceeding Anonymously ..... 7

B. The Public Has a Substantial Interest in Knowing Plaintiffs' Identities, Which Is Heightened at the Class Certification Stage ..... 10

V. CONCLUSION ..... 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arbaugh v. Y & H Corp.*,
546 U.S. 500 (2006) .... 6

*In re Ashley Madison Customer Data Sec. Breach Litig.*,
No. 19-862-JWD-SDJ, 2016 WL 1366616 (E.D. Mo. Apr. 6, 2016) .... 2, 10, 11

*Banga v. Kanios*,
No. 16-CV-04270-RS, 2018 WL 11360092 (N.D. Cal. Mar. 15, 2018) .... 9

*Doe #1-#14 v. Austin*,
2021 WL 10395929 (N.D. Fla. Dec. 1, 2021) .... 9

*Doe v. Apstra, Inc.*,
No. C 18-04190 WHA, 2018 WL 4028679 (N.D. Cal. Aug. 23, 2018) .... 7

*Doe v. Fullstack Acad., Inc.*,
No. 18 CIV. 08070 (ER), 2018 WL 4868721 (S.D.N.Y. Oct. 5, 2018) .... 9

*Doe v. Goldman*,
169 F.R.D. 138 (D. Nev. 1996) .... 8

*Doe v. Individual Members of Ind. State Bd. of L. Examiners*,
No. 1:09-CV-0842-WTL-TAB, 2009 WL 2448468 (S.D. Ind. Aug. 8, 2009) .... 8

*Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*,
596 F.3d 1036 (9th Cir. 2010) .... 2, 6

*Doe v. NFL Enters., LLC*,
No. C 17-00496 WHA, 2017 WL 697420 (N.D. Cal. Feb. 22, 2017) .... 10, 11

*Doe v. Unum Life Ins. Co. of Am.*,
164 F. Supp. 3d 1140 (N.D. Cal. 2016) .... *passim*

*Does I thru XXIII v. Advanced Textile Corp.*,
214 F.3d 1058, 1067-68 (9th Cir. 2000) .... 1, 6

*E.L. v. Scottsdale Healthcare Corp. Health Plan*,
No. 2:11-cv-00271-REJ, 2011 WL 1748548 (D. Ariz. May 6, 2011) .... 6

*Farmworker Ass'n of Fla., Inc. v. DeSantis*,
716 F. Supp. 3d 1312 (S.D. Fla. 2024) .... 9

*L.L. v. Medcost Benefit Servs.*,
No. 1:21-CV-00265-MR, 2023 WL 4393748 (W.D.N.C. July 5, 2023) .... 9

*In re Meta Pixel Healthcare Litig.*,
No. 22-CV-03580-WHO, 2025 WL 807954 (N.D. Cal. Mar. 12, 2025)....8

*Michael v. Bloomberg L.P.*,
No. 14-CV-2657 TPG, 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015)....11

*Michael v. Charter Commc'ns, Inc.*,
No. 4:17 CV 1242 JMB, 2017 WL 2833404 (E.D. Mo. June 30, 2017)....11

*Roe v. Skillz, Inc.*,
858 F. App'x 240 (9th Cir. 2021)....7

*Roe v. State Bar of Cal.*,
No. SA CV 22-00983-DFM, 2023 WL 6193023 (C.D. Cal. Mar. 17, 2023)....1, 10

*Sherman v. Trinity Teen Sols., Inc.*,
339 F.R.D. 203 (D. Wyo. 2021)....11

*Smith v. United Healthcare Ins. Co.*,
No. 18-CV-06336-HSG, 2019 WL 3238918 (N.D. Cal. July 18, 2019)....10

*United States v. Stoterau*,
524 F.3d 988 (9th Cir. 2008)....5

*Wood v. City of San Diego*,
678 F.3d 1075 (9th Cir. 2012)....6

**Other Authorities**

42 C.F.R. 2....3, 4

Fed. R. Civ. Proc. 10.... *passim*

Fed. R. Civ. Proc. 12(b)....2, 5, 6

Fed. R. Civ. Proc. 12(h)(3)....6

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the substantial public interest—including the putative class members' interest—in knowing Plaintiffs' identities outweighs the claimed harm to Plaintiffs from being publicly identified, such that the First Amended Consolidated Class Action Complaint should be dismissed for failing to name all parties in violation of Fed. R. Civ. P. 10.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs' First Amended Consolidated Class Action Complaint (the "FAC") should be dismissed based on Plaintiffs' failure to request permission from the Court to proceed anonymously at the outset of this litigation—as they were required to do—and Plaintiffs' subsequent refusal to amend the FAC to identify themselves, which violates Rule 10(a)'s bedrock requirement that "a complaint must name all the parties." Fed. R. Civ. Proc. 10(a); *see also* "Opening a New Civil Case in ECF," available at https://cand.uscourts.gov/ecf-opening-a-new-civil-case/ ("Filing a case with 'Doe' (unnamed or anonymous) parties – An application to proceed in the case anonymously *must be filed with your complaint* when filing as a Doe plaintiff . . . ." (emphasis added).).

The law in the Ninth Circuit plainly states that proceeding anonymously is proper only in "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). As set out further below, no such special circumstances exist here. Moreover, "there is a compelling public interest in open court proceedings, *particularly in the context of a class action*, where a plaintiff seeks to represent a class of consumers who have a personal stake in the case and a heightened interest in knowing who purports to represent their interests in the litigation." *Roe v. State Bar of Cal.*, No. SA CV 22-00983-DFM, 2023 WL 6193023, at *2 (C.D. Cal. Mar. 17, 2023) (cleaned up) (emphasis added) (denying plaintiffs' motion to proceed anonymously in putative class action alleging

violation of right to privacy).

Plaintiffs' refusal to comply with Rule 10 is especially egregious here because Plaintiffs claimed at their recent depositions that they are willing to testify publicly at trial, and yet they continue to claim a right to anonymity on the eve of filing their motion to certify a class and serve as class representatives. They also admitted they personally feel no subjective shame or stigma from having sought therapy in the first place, yet they and their counsel continue to stubbornly refuse to comply with Rule 10. This gamesmanship is improper. In the same circumstances other courts have held that plaintiffs must choose whether to publicly identify themselves and proceed as putative class representatives or remain anonymous but dismiss their complaints. "Plaintiffs currently proceeding under pseudonym who are seeking to serve as class representatives must decide whether to proceed using their real names or dismiss their complaints and proceed, without publicly disclosing their names, as class members—if and when a class is certified." *In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 19-862-JWD-SDJ, 2016 WL 1366616, at *5 (E.D. Mo. Apr. 6, 2016) (denying plaintiffs' motion to proceed under pseudonyms in consumer class action arising from website user data breach). In this case, Plaintiffs have enjoyed public anonymity since the filing of their complaint but must now face the same choice.

Rule 10's mandate that a complaint name all parties reflects the "paramount importance of open courts" such that the "default presumption is that the plaintiffs will use their true names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010); *see also Doe v. Unum Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1143 (N.D. Cal. 2016) (cleaned up) ("The strong presumption is that the public has a right to know who is seeking what in court and whether he or she is entitled to the relief sought."). So important is the public policy of open courts, failure to comply with Rule 10 warrants dismissal of the FAC under Rule 12(b)(1) for lack of subject matter jurisdiction. *Id.* at 1142. For the foregoing reasons, BetterHelp respectfully requests that the Court grant their motion and dismiss the FAC. If the Court so permits, the dismissal may be with leave for those Plaintiffs who will proceed using their real names to file an amended pleading *instanter* that discloses their real names and complies with Rule 10.

## II. FACTUAL BACKGROUND

Plaintiffs filed their initial Consolidated Class Action Complaint on September 6, 2023. (Dkt. 76.) Although Plaintiffs identified themselves by initials or pseudonyms in this initial pleading, Plaintiffs did not seek permission from the Court to proceed anonymously. On January 31, 2024, Plaintiffs and BetterHelp executed a Stipulated Protective Order, which the Court entered on February 1, 2024. (Dkt. 82.) In March 2024, following negotiations between counsel, Plaintiffs disclosed their true names and other identifying information to BetterHelp so that it could conduct discovery. (Declaration of James Unger ("Unger Decl."), ¶ 3.) This information was designated as "Highly Confidential" under the Stipulated Protective Order. (*Id.*) On August 5, 2024, Plaintiffs filed the FAC, which is the current operative complaint. (Dkt. 114.) Plaintiffs once again identified themselves in the FAC only by initials or pseudonyms and did not file a request with the Court to proceed anonymously.

On March 5, 2025, in light of the upcoming deadline for Plaintiffs to file a motion for class certification, undersigned counsel met and conferred in writing with Plaintiffs' counsel and requested that Plaintiffs amend the FAC to identify themselves in compliance with Rule 10. (Unger Decl., ¶ 4.) In response, Plaintiffs' counsel refused to amend the FAC, claiming that, "The association of the Plaintiffs' names with BetterHelp gives away the diagnosis and private nature of the information. That is why mental health information falls under 42 C.F.R. 2 as 'ultra-sensitive' information requiring extreme vigilance to privacy." (*Id.*, Ex. A.) Plaintiffs' counsel did not explain how Plaintiffs' names being associated with BetterHelp "gives away the diagnosis" as to any Plaintiff (even assuming the existence of a diagnosis of some kind) and did not otherwise provide a coherent justification for Plaintiffs to proceed anonymously.

Plaintiffs were subsequently deposed in late March and early April 2025. (*Id.* ¶ 6.) Each of the Plaintiffs confirmed in their sworn deposition testimony that they were willing to testify publicly using their real names should this litigation proceed to trial. (*Id.* ¶ 7.) Five of the six remaining Plaintiffs further admitted that they were willing to testify publicly concerning sensitive personal information. (*Id.*) As the following deposition excerpts demonstrate, Plaintiffs

also testified that they do not feel any subjective stigma or shame about having sought therapy and some of the Plaintiffs testified they did not even request to be anonymous, which calls into question why their counsel filed the case using pseudonyms in the first place:

**Plaintiff T.R.**

[redacted]

[redacted]

(*Id.* ¶ 8, Ex. B.)

**Plaintiff R.S.**

[redacted]

[redacted]

(*Id.*, Ex. C.)

**Plaintiff Jane Doe III**

[redacted]

[redacted]

[redacted]

(*Id.*, Ex. D.)

**Plaintiff L.M.**

[redacted]

(*Id.*, Ex. E.)

**Plaintiff S.C.**

[redacted]

[redacted]

[redacted]

(*Id.*, Ex. F.)

**Plaintiff Jane Doe I** [redacted]

(*Id.*, Ex. G.)

## III. LEGAL STANDARD

"The title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a). Accordingly, "the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (cleaned up).

Failing to name parties in a complaint without leave of court warrants dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *UNUM Life*, 164 F. Supp. 3d at 1144, 1146 (granting Rule 12(b)(1) motion to dismiss because plaintiff did not meet standard for proceeding anonymously); Fed. R. Civ. P. 12(b)(1). Although Rule 12(b) states generally that a motion to dismiss "must be made before pleading if a responsive pleading is allowed," this deadline does not apply to a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. "[T]he deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter

jurisdiction is prolonged by Rule 12(h)(3), which provides that '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.").

## IV. THE FAC MUST BE DISMISSED FOR FAILING TO IDENTIFY PLAINTIFFS

Parties may proceed anonymously *only* after demonstrating that their "need for anonymity outweighs prejudice to the opposing party *and* the public's interest in knowing the part[ies'] identity." *Advanced Textile*, 214 F.3d at 1068 (emphasis added). Anonymity may be permitted under this balancing test "to preserve privacy in a matter of sensitive and highly personal nature . . . ." *Id.* (cleaned up).[1] This is a stringent standard, and courts have "emphasized how exceptional and stigmatizing the issues must be to allow anonymity." *UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d at 1146.

Courts in the Ninth Circuit and across the country routinely require plaintiffs to proceed under their true names even where that may result in the public disclosure of plaintiffs' medical and psychological histories. Indeed, "[d]isclosure of medical records is part and parcel of judicial proceedings in many types of litigation. . . . That the medical records might include embarrassing or private information is not unusual and does not justify the secrecy of anonymity." *E.L. v. Scottsdale Healthcare Corp. Health Plan*, No. 2:11-cv-00271-REJ, 2011 WL 1748548, at *1 (D. Ariz. May 6, 2011) (denying plaintiff's motion to proceed under pseudonym); *see also Roe v. Skillz, Inc.*, 858 F. App'x 240, 241 (9th Cir. 2021) (affirming district court's denial of plaintiff's motion to proceed anonymously because "a past gambling addiction with accompanying mental

[1] In cases where a party seeks to remain anonymous to avoid retaliation, "a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha Schs.*, 596 F.3d at 1042. In communications between counsel, Plaintiffs' counsel has not claimed a fear of retaliation of any kind in support of remaining anonymous. (Unger Decl. ¶ 5).

health problems is not so out of the norm as to constitute sensitive and highly personal in nature" (cleaned up)); *Doe v. Apstra, Inc.*, No. C 18-04190 WHA, 2018 WL 4028679, at *1 (N.D. Cal. Aug. 23, 2018) (plaintiff's claim that public disclosure of his disability would be "humiliating" and result in "professional stigmatization and negative job prospects" did not warrant proceeding anonymously).

Here, Plaintiffs did not (and cannot) cite to *any* information that is sufficiently sensitive to support their request for anonymity, and even if they had, any such interest in anonymity is far outweighed by the interest of the public and putative class members in disclosing Plaintiffs' identities.

**A. There is No Evidence to Support Plaintiffs Proceeding Anonymously**

The FAC contains no allegations concerning Plaintiffs of a "sensitive and highly personal nature" that might warrant proceeding anonymously. Plaintiffs allege in general terms that they explored therapy for different reasons, including "caregiver stress and fatigue" (FAC ¶ 25), depression (*id.* ¶ 26), "help with dialectical behavior therapy and cognitive behavior" (*id.* ¶ 27), and "help coping with feelings of stress." (*Id.* ¶ 28.) Three of the Plaintiffs allege only that they sought out "mental health counseling" without providing any further details. (*Id.* ¶¶ 29, 30, 31.)

There is nothing in the public record of this case reflecting any sensitive personal information about Plaintiffs, let alone information of such an "exceptional and stigmatizing" nature as to justify anonymity. *UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d at 1146. Certainly there are no disclosures even approaching the facts of *UNUM Life* or other cases cited above in which courts rejected requests to proceed anonymously. In *UNUM Life*, for example, the anonymous plaintiff was "a well-known lawyer who practiced for decades at a prominent law firm" but also "suffer[ed] from severe mental illness" and other serious health conditions that ultimately impaired his ability to practice law and led to the loss of his job. *Id.* at 1145 (cleaned up). The plaintiff sued his insurers in an effort to obtain disability benefits and sought to proceed anonymously because the administrative record contained "highly-sensitive information regarding his condition, his employment and his personal life" and "public disclosure of his

health condition [would] only aggravate his illness . . . ." *Id.* at 1145 (cleaned up). The *UNUM Life* court was not persuaded. "These cases [seeking disability benefits] often involve sensitive medical information that could be embarrassing if known generally. As a rule, these cases do not proceed anonymously." *Id.* at 1142. While the court "sympathize[d] with plaintiff's desire to keep his identity private," the court concluded that it "would fail [its] obligation to the public to keep an open court if [the court] let him do so." *Id.*

Here, a public disclosure that Plaintiffs explored mental health therapy, even in conjunction with a general description of *why* they sought such therapy (e.g. "depression" or "stress") is plainly insufficient to support proceeding anonymously, as they appear to concede. Courts routinely require plaintiffs to proceed under their true names even where that may result in the public disclosure of details about their mental-health conditions. *See, e.g., Doe v. Goldman*, 169 F.R.D. 138, 141 (D. Nev. 1996) (holding there was "no risk of stigma sufficient to overcome the presumption against proceeding under a fictitious name" where police officer moved to proceed anonymously based on potential stigma from allegations that he tried to commit suicide); *cf. In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO, 2025 WL 807954, at *2 (N.D. Cal. Mar. 12, 2025) (denying without prejudice motion to compel plaintiffs to proceed under their true names at outset of litigation because they alleged their medical information provided to "medical providers" could become publicly known and connected to them, unlike this case, where only 'disclosure' resulting from Plaintiffs being publicly identified would be non-event of seeking therapy through BetterHelp platform).

As another court reasoned, "anxiety disorder and post-traumatic stress disorder, like obsessive-compulsive disorder, are common disorders. . . . [T]he information that Plaintiff attempts to hide from the public is something relatively common in our society. To hold otherwise is to propagate the view that mental illness is shameful." *Doe v. Individual Members of Ind. State Bd. of L. Examiners*, No. 1:09-CV-0842-WTL-TAB, 2009 WL 2448468, at *2 (S.D. Ind. Aug. 8, 2009) (cleaned up) (denying motion to proceed anonymously); *Doe v. Fullstack Acad., Inc.*, No. 18 CIV. 08070 (ER), 2018 WL 4868721, at *2 (S.D.N.Y. Oct. 5, 2018) (denying

motion to proceed anonymously where plaintiff disclosed that he suffered from mental health disabilities, took prescription medication, and participated in therapy).

Moreover, Plaintiffs and BetterHelp have already entered into the Stipulated Protective Order, pursuant to which Plaintiffs divulged their true identities to BetterHelp subject to the Order's "Highly Confidential" provisions. (Unger Decl. ¶ 3.) To the extent that further details about Plaintiffs' mental health histories or treatment must be introduced in the course of this litigation (*e.g.*, in opposing class certification or in a motion for summary judgment), Plaintiffs may seek to keep such information sealed pursuant to the applicable standard for sealing and in accordance with the Stipulated Protective Order. These agreed-upon protections are more than sufficient to prevent any sensitive information from being publicly disclosed and courts regularly deny requests to proceed anonymously where a protective order is in place. *See Banga v. Kanios*, No. 16-CV-04270-RS, 2018 WL 11360092, at *3 (N.D. Cal. Mar. 15, 2018) (denying plaintiff's request to proceed using only his initials, in part because plaintiff's "requests to seal documents containing confidential medical information have all been granted"); *L.L. v. Medcost Benefit Servs.*, No. 1:21-CV-00265-MR, 2023 WL 4393748, at *3 (W.D.N.C. July 5, 2023) ("[R]equiring that [plaintiffs] identify themselves by name does not . . . reveal anything more than the general fact that E.R. struggles with her mental health. To the extent more detailed information about E.R.'s mental health . . . must be considered during these proceedings, that personal information can be redacted and records . . . can be filed under seal if appropriate."); *Farmworker Ass'n of Fla., Inc. v. DeSantis*, 716 F. Supp. 3d 1312, 1321 (S.D. Fla. 2024) ("[I]f these details [of physical and mental health issues] do become relevant in our case, we think a protective or confidentiality order would be sufficient to prevent this sort of sensitive information from reaching the public."); *Doe #1-#14 v. Austin*, 2021 WL 10395929, at *2 (N.D. Fla. Dec. 1, 2021) ("Courts routinely consider cases . . . involving medical histories of plaintiffs who sued in their own names. And to the extent there are sensitive medical records or information that becomes relevant, privacy interests can be addressed through a protective order.").

/ / /

**B. The Public Has a Substantial Interest in Knowing Plaintiffs' Identities, Which Is Heightened at the Class Certification Stage**

While there is no evidence to support Plaintiffs proceeding anonymously, on the other side of the balancing test there is "a compelling public interest in open court proceedings, *particularly in the context of a class action*, where a plaintiff seeks to represent a class of consumers who have a personal stake in the case and a heightened interest in knowing who purports to represent their interests in the litigation." *State Bar of Cal.*, 2023 WL 6193023, at *2 (cleaned up) (emphasis added). "Given the importance of the role of class representative," putative named plaintiffs must "disclose their identities so that the public, including the putative class members they seek to represent, know who is guiding and directing the litigation." *Ashley Madison*, 2016 WL 1366616, at *4. Courts around the country have emphasized the importance of transparency when plaintiffs are pursuing representative claims and seek to represent a proposed class. "[T]he public and press have a right . . . to see how their court system is being used. This consideration counsels in favor of requiring true names of those who seek to sue others. This is particularly true where, as here, plaintiff seeks to assert class damages claims . . . . [C]lass members will also have a right to know the identity of their representative in this litigation (if the case goes that far)." *Doe v. NFL Enters., LLC*, No. C 17-00496 WHA, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017) (denying motion to proceed anonymously).

Even in cases where courts have permitted plaintiffs to proceed anonymously during the initial stages of the litigation, they have explicitly allowed for the issue to be revisited if the case proceeds to class certification. In *Smith v. United Healthcare Ins. Co.*, for example, the court permitted the plaintiff to proceed anonymously at the early stages of litigation but also held that the "decision is subject to reconsideration in the event that Plaintiff moves for class certification" because "class members will also have a right to know the identity of their representatives in this litigation . . . ." No. 18-CV-06336-HSG, 2019 WL 3238918, at *7 (N.D. Cal. July 18, 2019) (cleaned up) (citing *NFL Enters., LLC*, 2017 WL 697420, at *2).

/ / /

As another court succinctly framed the issue, "Plaintiff's status as the putative named plaintiff requires that he be the named plaintiff." *Michael v. Charter Commc'ns, Inc.*, No. 4:17 CV 1242 JMB, 2017 WL 2833404, at *4 (E.D. Mo. June 30, 2017). A putative named plaintiff proceeding anonymously "runs against the public's traditional right of access to judicial proceedings, and may also preclude potential class members from properly evaluating the qualifications of the class representative." *Michael v. Bloomberg L.P.*, No. 14-CV-2657 TPG, 2015 WL 585592, at *4 (S.D.N.Y. Feb. 11, 2015) (permitting a plaintiff in putative class action to proceed anonymously); *Sherman v. Trinity Teen Sols., Inc.*, 339 F.R.D. 203, 206 (D. Wyo. 2021) (denying putative class representative's motion to proceed anonymously despite allegation that he was a victim of past child abuse because "[i]f Plaintiff proceeds under a pseudonym, it will be difficult to ascertain if Plaintiff and his counsel can fairly and adequately protect the interests of the class"). As a consequence, "Plaintiffs currently proceeding under pseudonym who are seeking to serve as class representatives must decide whether to proceed using their real names or dismiss their complaints and proceed, without publicly disclosing their names, as class members—if and when a class is certified." *Ashley Madison*, 2016 WL 1366616, at *5.

## V. CONCLUSION

Plaintiffs have proffered no reason (much less a valid one) for them to continue to proceed anonymously. Their counsel failed to follow the appropriate procedures for proceeding anonymously and stubbornly refused to correct their mistake after multiple meet and confers on this issue. Given the routine nature of mental health therapy, the lack of any "sensitive and highly personal" disclosures in the public record, the existence of the Stipulated Protective Order to govern any such information that might be disclosed in the future, and the public's substantial interest in knowing the identity of the individuals seeking to be class representatives, BetterHelp respectfully requests that the Court grant its motion to dismiss the FAC. The Court in its discretion may provide for leave to amend to substitute their true identities if Plaintiffs are willing to proceed using their true names in accord with Rule 10.

Dated: May 5, 2025

Respectfully submitted,

*/s/ Livia M. Kiser*

**KING & SPALDING LLP**
LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*

Attorneys for Defendant
BETTERHELP, INC.