Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**<br><br>This Document Relates To: All Actions | **Master File No. 3:23-cv-01033-RS**<br><br>Hon. Richard Seeborg<br><br>**DECLARATION OF CHRISTINA TUSAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL AND MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date: August 28, 2025<br>Time: 1:30 p.m.<br>Courtroom: 3<br>Judge: Hon. Richard Seeborg |

Pursuant to 28 U.S.C. § 1746, I Christina Tusan, declare as follows:

1. I am an individual over the age of twenty-one (21) and I submit this declaration based upon my own personal knowledge of the facts stated in this declaration, and review of public records and other documentation.

2. I am a Partner at Tusan Law, PC, where I am also its founder, and one of the attorneys serving as counsel for Plaintiffs in the above captioned matter.

3. On March 3, 2023, my prior firm filed the original class action complaint in this matter in California state court in Alameda County, which was removed to the United States District Court for the Northern District of California on May 4, 2023.

4. I was appointed as one of the interim co-lead class counsel on July 24, 2023 (ECF 66).

5. Pursuant to Fed. R. Civ. Proc. Rule 23(g), "In appointing class counsel, the court:(A) must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class", as well as (B) "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class".

6. Both before and after that appointment, I have worked as counsel for Plaintiffs in this litigation with attorneys at Milberg Coleman, McShane Brady, and Whatley Kallas, LLP in diligently and effectively representing the Plaintiffs. This work has included overseeing all aspects of this litigation, such as:

- litigating and largely defeating Defendant's two motions to dismiss, including engaging in oral argument for the first Motion to Dismiss;
- drafting multiple discovery requests that were served on Defendants and participating in a substantial number of meet and confers with opposing counsel regarding discovery disputes in order to obtain records;
- collecting and producing documents from Plaintiffs and defending their depositions;

- obtaining and reviewing over 80,906 pages of documents produced by Defendant BetterHelp Inc. and litigating two motions to compel relating thereto, one of which is still pending and is set for oral argument that I will be participating in on May 8, 2025;
- serving non-party subpoenas on Meta, Inc., Criteo, Snap, MixPanel, Pinterest, Crazy Egg, and NextRoll, ("non-parties") and engaging in substantial meet and confer discussions with them;
- drafting subpoenas and communicating with third parties to obtain and review documents produced by the non-parties, reviewing those documents, and taking the lead to obtain information relevant to various motions to compel the production of information from Better Help;
- defending the deposition of Plaintiff Jane Doe III and noticing additional depositions;
- assisting in the preparation for taking the Rule 30(b)(6) deposition of Defendant's representative as well as the depositions of Jessica Hombarger and Sharon Cohen;
- assisting in the taking of the deposition of third-party witness Alon Matis;
- retaining and working with experts Zabair Shafiq and Eric Krause to prepare reports filed contemporaneously with Plaintiffs' motion for class certification as well as information on the technological workings of BetterHelp's websites and apps;
- preparing Plaintiffs' motion for class certification and supporting documents; and
- engaging in a mediation with Bruce Friedman of JAMS, which occurred on December 5, 2023.

7. To date, attorneys and staff for both my current and predecessor firms have spent over 1,300 hours working on this case and incurred significant out-of-pocket expenses totaling close to $50,000. We have demonstrated our commitment to expending the skill, time and resources needed to pursue this case to a successful resolution. We have endeavored to conduct this litigation to the highest professional standards to this point, and will continue to do so following the decision of this Court to certify the case as a class action.

8. As indicated in my firm's resume, attached hereto as **Exhibit 44**, I am an experienced litigator with over 27 years of experience who has been served in leadership positions

in complex litigation, including during my seven years at the Federal Trade Commission where I was a senior attorney who successfully led complex consumer protection cases worth hundreds of millions of dollars, during my 12 years at the California Attorney General's Office leading complex multimillion dollar consumer protection cases, and during my over five years serving as an Assistant City Attorney for the Los Angeles City Attorneys' Office's Consumer and Workplace Protection unit where I oversaw a team of attorneys and investigated and litigated multi-million dollar consumer and privacy protection cases and during my 2 years working in private practice litigating class action consumer and privacy cases As shown in Ex. 1, both myself and the predecessor firm, at which I was a partner, have represented consumers in numerous class actions, civil lawsuits, and administrative complaints challenging unfair business practices by large corporations.

9. Neither my current or predecessor firm nor to my knowledge any other Plaintiffs' counsel has a conflict in representing the proposed class in this matter.

10. Attached as **Exhibit 1** is a true and correct copy of excerpts of the transcript of Plaintiffs' Rule 30(b)(6) deposition of Defendants' corporate witness, which occurred on March 21, 2025. The excerpts have been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy of the excerpts is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

11. Attached as **Exhibit 2** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0008564. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

12. Attached as **Exhibit 3** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0008559. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider

Whether Another Party's Material Should Be Sealed.

13. Attached as **Exhibit 4** is a true and correct copy of Responses to Plaintiffs' Second Set of Special Interrogatories served by Defendant on November 15, 2024.

14. Attached as **Exhibit 5** is a true and correct copy of excerpts of the transcript of Plaintiffs' deposition of Jessica Honbarger, which occurred on April 16, 2025. The excerpts have been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy of the excerpts is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

15. Attached as **Exhibit 6** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0008700. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

16. Attached as **Exhibit 7** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0004407. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

17. Attached as **Exhibit 8** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0001659. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

18. Attached as **Exhibit 9** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0009296. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

19. Attached as **Exhibit 10** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0009243. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

20. Attached as **Exhibit 11** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0008602. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

21. Attached as **Exhibit 12** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0002999. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

22. Attached as **Exhibit 13** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0009445. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

23. Attached as **Exhibit 14** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0001715. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

24. Attached as **Exhibit 15** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0001540. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is

separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

25. Attached as **Exhibit 16** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0009191. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

26. Attached as **Exhibit 17** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0008702. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

27. Attached as **Exhibit 18** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0009811. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

28. Attached as **Exhibit 19** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0009730. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

29. Attached as **Exhibit 20** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0008559. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

30. Attached as **Exhibit 21** is a true and correct copy of a document produced by

BetterHelp in response to Plaintiffs' discovery requests, Bates BH0021559. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

31. Attached as **Exhibit 22** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0009526. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

32. Attached as **Exhibit 23** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0009968. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

33. Attached as **Exhibit 24** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0008706. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

34. Attached as **Exhibit 25** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0009968. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

35. Attached as **Exhibit 26** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0008629. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider

Whether Another Party's Material Should Be Sealed.

36. Attached as **Exhibit 27** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0002425. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

37. Attached as **Exhibit 28** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0002223. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

38. Attached as **Exhibit 29** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0000641. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

39. Attached as **Exhibit 30** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0002134. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

40. Attached as **Exhibit 31** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0002956. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

41. Attached as **Exhibit 32** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0002959. It has been redacted

pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

42. Attached as **Exhibit 33** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0001291. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

43. Attached as **Exhibit 34** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0003664. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

44. Attached as **Exhibit 35** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0004595. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

45. Attached as **Exhibit 36** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0045468. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

46. Attached as **Exhibit 37** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0020615. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

47. Attached as **Exhibit 38** is a true and correct copy of excerpts of the transcript of Plaintiffs' deposition of Alon Matas, which occurred on October 16, 2024. The excerpts have been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy of the excerpts is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

48. Attached as **Exhibit 39** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0008690. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

49. Attached as **Exhibit 40** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0051497. It has been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

50. Attached as **Exhibit 41** is a true and correct copy of a document produced by non-party Meta in response to Plaintiffs' discovery requests, Bates META_BETTERHELP_000000001 – META_BETTERHELP_000000005. It has been redacted pursuant to BetterHelp's and Meta's assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

51. Attached as **Exhibit 42** is a true and correct copy of excerpts of the transcript of Plaintiffs' deposition of Sharon Cohen, which occurred on April 11, 2025. The excerpts have been redacted pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy of the excerpts is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

52. Attached as **Exhibit 43** is a true and correct copy of a document produced by BetterHelp in response to Plaintiffs' discovery requests, Bates BH0000919. It has been redacted

pursuant to Defendants' assertions of confidentiality. A true and correct unredacted copy is separately submitted with Plaintiffs' contemporaneously filed Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

53. BetterHelp has refused to produce the website source code (other than a few cherry-picked snippets of code it produced on May 2, 2025 despite refusing to turn a complete set of its source code over to Plaintiffs) and other relevant information related to the Tracking Tools it used for time periods after 2021, requiring me to appear at a hearing before Magistrate Judge Ryu on May 8, 2025 to obtain that information. The Court instructed BetterHelp to explain why the production of this information would be unduly burdensome and oppressive and meet and confer over the production of such information. ECF No. 168. As discovery is on-going and BetterHelp has so far refused to provide this information absent Court intervention, the evidence of the relevant consumer facing websites and app source code and the Zaraz tag manager will confirm how much longer this information was being shared.

54. We are unaware of any individual action or other litigation concerning the same subject matter other than an action pending in California state court that has been stayed by agreement and that we are coordinating with, or any individual who has stated they want to control the individual prosecution of their claims. In addition, as BetterHelp has previously asserted in removing the state court action my former firm filed to this Court and asking it be consolidated with other actions and that the state court action be stayed, concentration of this action in this single forum facilitates a comprehensive litigation and resolution of this controversy.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Los Angeles, California as of May 8, 2025.

*/s/ Christina Tusan*
CHRISTINA TUSAN

# EXHIBIT 1
# (FILED UNDER SEAL)

# EXHIBIT 2 (FILED UNDER SEAL)

# EXHIBIT 3 (FILED UNDER SEAL)

# Exhibit 4

LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**<br><br>This Document Relates To: All Actions | Case No. 3:23-cv-01033-RS<br><br>**RESPONSES TO PLAINTIFFS' SECOND SET OF SPECIAL INTERROGATORIES**<br><br>Judge: Hon. Richard Seeborg |

PROPOUNDING PARTY: ALL PLAINTIFFS
RESPONDING PARTY: BETTERHELP, INC.
SET NUMBER: TWO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant BETTERHELP, INC. ("BetterHelp" or "Defendant") hereby responds to Plaintiffs' Second Set of Interrogatories.

BetterHelp's responses to Plaintiffs' Interrogatories have been prepared according to the Federal Rules of Civil Procedure pursuant to a reasonable and duly diligent investigation and search for responsive information and documents. BetterHelp has not yet completed its investigation of the facts related to this litigation. Consequently, all the responses contained herein are based only on such information and documentation that is presently available to BetterHelp and discloses only the information and contentions presently known to BetterHelp. BetterHelp reserves the right to amend these responses, and to offer related evidence, as additional facts are ascertained, analyses are made, research is completed, and contentions become apparent.

## GENERAL OBJECTIONS

Defendant asserts the following general objections, which are hereby incorporated into each of the specific objections and responses to Interrogatories set forth below.

1. Defendant objects to these Interrogatories to the extent they request information protected from discovery by the attorney-client privilege, work-product doctrine, the consulting expert privilege, the self-critical analysis doctrine, or any other privilege, or that is otherwise immune or protected from disclosure. Defendant does not waive any applicable protections or privileges through the production of documents or the supplying of information in response to these Interrogatories. Defendant specifically preserves any and all applicable privileges and protections. Inadvertent production of any such information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, nor shall inadvertent production waive the right of Defendant to object to the use of any such information in any proceeding.

2. Defendant objects to these Interrogatories as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or information or "any" or "every" document or piece of information when all relevant facts can be obtained from fewer than "all" documents or "any" document.

3. Defendant objects to these Interrogatories to the extent they require Defendant to obtain and produce information concerning any entity other than Defendant on the grounds that such information is irrelevant and not proportional to the needs of the case, and because such Interrogatories are unduly burdensome and seek information of third parties, including governmental agencies, that is not within Defendant's care, custody or control and thus is equally available to Plaintiffs as to Defendant.

4. Defendant objects to these Interrogatories to the extent they seek Defendant's confidential and proprietary information, including trade secrets or other confidential research, development, or commercial information, the disclosure or which will or may cause irreversible harm to Defendant ("Confidential Information"). Defendant will only provide Confidential Information in response to these Interrogatories subject to and in reliance upon the protections afforded by a mutually agreed-upon Stipulated Protective Order entered by the Court in this matter and consistent with the terms and provisions of the Stipulated ESI Order (ECF No. 87).

5. Defendant objects to these Interrogatories to the extent that they purport to require Defendant to create a document or information or provide a compilation, abstract, audit, and/or other document summary that does not currently exist or can be assembled by Plaintiff with the same or substantially same effort as it would require of Defendant.

6. Defendant makes each objection to these Interrogatories and responds without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of privilege, relevance, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; (b) the right to object on any ground, at any time, to Requests, Interrogatories, or other discovery procedures involving or relating to the subject of the Interrogatory to which Defendant have responded herein; and (c) the right at any time to revise,

correct, add to, or clarify any of the objections and answers made herein.

7. Defendant objects to these Interrogatories to the extent they call for information or documents that are unreasonably cumulative or duplicative, or obtainable from other sources that are more convenient, less burdensome, or less expensive. In particular, Defendant objects to these Interrogatories as overbroad and unduly burdensome to the extent the information requested is publicly available and, consequently, equally available to Plaintiffs as it is to Defendant.

8. Defendant objects to these Interrogatories to the extent they are vague, ambiguous, duplicative, overly broad, unduly burdensome or oppressive, call for an unreasonable investigation on the part of Defendant, or seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action. Defendant further objects to these Interrogatories to the extent they seek information or documents or impose obligations beyond those permitted by the Federal Rules of Civil Procedure or any applicable Order of this Court.

9. Defendant objects to the Interrogatories to the extent they require Defendant to obtain and produce information concerning any entity other than Defendant on the grounds that such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and because such an Interrogatory is unduly burdensome and seeks information not within Defendant's possession, custody, or control. Defendant will only produce information that is in its possession, custody, or control.

10. Defendant objects to these Interrogatories as overly broad, unduly burdensome, oppressive, and as seeking information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action.

## **OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Defendant incorporates its General Objections into each of the responses that follow. Any specific objections set forth in each response are in addition to those objections and, unless otherwise specified, Defendant's responses are limited in accordance with each of its objections.

/ / /

/ / /

**<u>INTERROGATORY NO. 11</u>:**

State on an annual basis the number of individuals who signed up for and paid for the use of any BetterHelp service between August 1, 2017, and December 31, 2023, and for whom BetterHelp has contact information, including a description of the process used to determine that number.

**<u>RESPONSE TO INTERROGATORY NO. 11</u>:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects that this request seeks information that is subject to the attorney-client privilege, attorney work product, or other applicable privilege. BetterHelp further objects that this request is compound. BetterHelp further objects that this request seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case. BetterHelp also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome to the extent it seeks information continuing up to the present. To avoid dispute, however, and without waiving BetterHelp's objection regarding the relevant time period, BetterHelp will respond with information that pertains to the period between January 1, 2017 through the commencement of litigation, *i.e.*, March 7, 2023.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

Individuals residing in the United States registered for and paid for[1] BetterHelp's services between January 1, 2017, and March 31, 2013. Categorized by year, these numbers are:

- **2017**: 63,596
- **2018**: 123,824
- **2019**: 172,168
- **2020**: 417,317
- **2021**: 563,203
- **2022**: 763,308
- **2023 (Jan. 1 – March 7):** 141,866

[1] "Registered and paid for" as used throughout these responses indicates accounts of individuals who registered and paid for services and who did not receive a refund.

BetterHelp's analysis is ongoing and BetterHelp reserves the right to supplement or amend this response in response to such further analysis. Specifically, the figures above may contain duplicate, invalid, or internal testing accounts and therefore may be somewhat higher than the ultimate figure responsive to these requests, but represent BetterHelp's best available information at this time.

These Responses were prepared by BetterHelp's counsel based on documents collected from BetterHelp and communications with BetterHelp protected by the attorney-client privilege, the attorney work product doctrine or both.

**INTERROGATORY NO. 12:**

State the total number of individuals who signed up for and paid for the use of any BetterHelp service between August 1, 2017 and December 31, 2020 beyond the estimate of approximately 650,000 residing in the United States as provided in the Declaration of Niklas Vaughan dated March 11, 2024, confirm whether all of those individuals received compensation as part of the FTC Consent Decree which the FTC finally approved on July 14, 2023, and how BetterHelp determined they were eligible for that compensation.

**RESPONSE TO INTERROGATORY NO. 12:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects that this request seeks information that is subject to the attorney-client privilege, attorney work product, or other applicable privilege. BetterHelp further objects that this request is compound. BetterHelp further objects that this request seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows: Categorized by year, the number of individuals residing in the United States who registered for and paid for[2] BetterHelp's services are:

- **2017 (Aug. 17 – Dec. 31)**: 30,596
- **2018**: 123,824

[2] BetterHelp may not have contact information for all such accounts.

- **2019**: 172,168
- **2020**: 417,317

BetterHelp's analysis is ongoing and BetterHelp reserves the right to supplement or amend this response in response to such further analysis. Specifically, the figures above may contain duplicate, invalid, or internal testing accounts and therefore may be somewhat higher than the ultimate figures responsive to these requests, but represent BetterHelp's best available information at this time.

BetterHelp did not make determinations as to which individuals were, or are, eligible for compensation under the FTC Consent Decree and therefore cannot respond to the remainder of the interrogatory. According to the Fourth Quarterly Report of the Independent Redress Administrator, as of July 9, 2024, 495,859 consumers have accepted redress funds provided as part of the FTC consent decree.

**INTERROGATORY NO. 13:**

State all facts that support your contention that "the injunctive relief Plaintiffs seek in this action is already provided through the FTC Consent Order" and that "the damages claims of consumers … are already slated to have any alleged injury recompensed through the FTC's redress fund", as set forth in page 2 of BetterHelp's Motion to Stay dated March 11, 2024.

**RESPONSE TO INTERROGATORY NO. 13:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to this request as impermissibly compound. BetterHelp further objects to the first quotation above, which refers to injunctive relief that Plaintiffs sought in the Consolidated Complaint, which the Court dismissed. *See* Dkt. No. 119. Any discovery regarding this injunctive relief is therefore not relevant to the claims and defenses in the case. BetterHelp further objects to the second quotation stated above, which is incomplete. The full quotation is "Absent a stay, BetterHelp would be prejudiced by having to litigate the damages claims of consumers who are already slated to have any alleged injury recompensed through the FTC's redress fund."

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

The statement that in this action, BetterHelp will be required to "litigate the damages claims of consumers who are already slated to have any alleged injury recompensed through the FTC's redress fund" indicates that there is overlap between the individuals who are slated to benefit from the $7.8 million redress fund and the putative class asserted in Plaintiffs' now dismissed Consolidated Complaint.

**INTERROGATORY NO. 14:**

Please provide a breakdown by state how many CLASS MEMBERS there are for each year between 2015 and 2023.

**RESPONSE TO INTERROGATORY NO. 14:**

BetterHelp objects to the definition of "CLASS MEMBERS" as the Court has not certified a class. BetterHelp also objects that the definition of "CLASS MEMBERS" is overbroad, vague, ambiguous, and conclusory including the undefined terms "Personal Information" and "disclosure" and "unauthorized third party," which are incorporated into the enumerated definition of "CLASS MEMBERS." BetterHelp further objects to the defined term "CLASS MEMBERS" to the extent it assumes information was "disclosed or intercepted by any unauthorized third party." BetterHelp objects to the request for BetterHelp objects to the time period requested as overbroad, unduly burdensome, and irrelevant. To avoid dispute, however, and without waiving BetterHelp's objection regarding the relevant time period, BetterHelp will respond with information that pertains to the period between January 1, 2017 through the commencement of litigation, *i.e.*, March 7, 2023. BetterHelp objects to the request for a breakdown of individuals by 50 states when no state subclasses have been proposed beyond a potential California subclass.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

Without agreeing to any application to the purported definition of CLASS MEMBERS, BetterHelp provides the following information:

The number of individuals residing in the United States who registered for and paid for BetterHelp's services are:

- **2017**: 63,596

- **2018**: 123,824
- **2019**: 172,168
- **2020**: 417,317
- **2021**: 563,203
- **2022**: 763,308
- **2023 (Jan. 1 – March 7):** 141,866

The number of individuals residing in California who registered for and paid for BetterHelp's services are:

- **2017:** 9,577
- **2018:** 17,662
- **2019:** 24,311
- **2020:** 56,249
- **2021:** 89,836
- **2022:** 104,729
- **2023 (Jan. 1 – March 7):** 17,862

BetterHelp's analysis is ongoing and BetterHelp reserves the right to supplement or amend this response in response to such further analysis. Specifically, the figures above may contain duplicate, invalid, or internal testing accounts and therefore may be somewhat higher than the ultimate figures responsive to these requests, but represent BetterHelp's best available information at this time.

**INTERROGATORY NO. 15:**

State how many persons in the United States registered online with BetterHelp between 2015 and 2023, broken down by both state of residence and the year they signed up for service.

**RESPONSE TO INTERROGATORY NO. 15:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects to the request for BetterHelp objects to the time period requested as overbroad, unduly burdensome, and irrelevant. To avoid dispute, however, and without waiving BetterHelp's

objection regarding the relevant time period, BetterHelp will respond with information that pertains to the period between January 1, 2017 through the commencement of litigation, *i.e.*, March 7, 2023. BetterHelp objects to the request for a breakdown of individuals by 50 states when no state subclasses have been proposed beyond a potential California subclass.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

The number of individuals residing in the United States who registered for and paid for BetterHelp's services are:

- **2017**: 63,596
- **2018**: 123,824
- **2019**: 172,168
- **2020**: 417,317
- **2021**: 563,203
- **2022**: 763,308
- **2023 (Jan. 1 – March 7):** 141,866

The number of individuals residing in California who registered for BetterHelp's services are:

- **2017:** 9,577
- **2018:** 17,662
- **2019:** 24,311
- **2020:** 56,249
- **2021:** 89,836
- **2022:** 104,729
- **2023 (Jan. 1 – March 7):** 17,862
-

BetterHelp's analysis is ongoing and BetterHelp reserves the right to supplement or amend this response in response to such further analysis. Specifically, the figures above may contain duplicate, invalid, or internal testing accounts and therefore may be somewhat higher

than the ultimate figures responsive to these requests, but represent BetterHelp's best available information at this time.

**INTERROGATORY NO. 16:**

For all individuals identified in paragraph 52 of the FTC Complaint dated March 2, 2023, whose emails were uploaded to Meta and other third parties, how many were BetterHelp customers who had completed the intake questionnaire in the process of signing up for BetterHelp's services?

**Response to Interrogatory No. 16:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp objects that this request characterizes and is premised upon allegations in the FTC's complaint which BetterHelp has disputed. BetterHelp also objects that this request is compound to the extent it requests that BetterHelp confirm multiple aspects of multiple allegations in a single Interrogatory. BetterHelp objects to this Request to the extent it seeks information that is protected by the work product protection, settlement privilege, or any other privilege. BetterHelp also objects that this request as vague and ambiguous. BetterHelp further objects to this Request on the ground that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Based on the foregoing objections, BetterHelp will not respond to this Interrogatory.

**INTERROGATORY NO. 17:**

IDENTIFY how many individuals fall within the definition of "Visitors" and "Users" as those terms are set forth in paragraph 11 of the FTC Complaint dated March 2, 2023.

**RESPONSE TO INTERROGATORY NO. 17:**

BetterHelp incorporates the foregoing General Objections as if fully stated herein. BetterHelp also objects that this request is overbroad to the extent it is unlimited as to time. BetterHelp further objects to the use of the defined term "IDENTIFY," which does not make sense as used in this Interrogatory. BetterHelp also objects that the terms "Visitors" and "Users" are vague and ambiguous, as those are the FTC's defined terms, not BetterHelp's, and they are not comprehensively defined in the FTC Complaint. BetterHelp interprets "Users" to mean individuals who registered for and paid for BetterHelp's services. BetterHelp further interprets

"Visitors" to mean individuals who, at any point in time, viewed BetterHelp's platform without regard to whether they registered or paid for services. BetterHelp further objects to the request for information regarding Visitors, as such information is neither relevant to the claims and defenses at issue, nor is it practically possible for BetterHelp to ascertain such a figure.

Subject to and without waiving the foregoing objections, BetterHelp responds as follows:

The number of individuals residing in the United States who registered and paid for BetterHelp's services during the relevant period are:

- **2017 (Aug. 17 – Dec. 31)**: 30,596
- **2018**: 123,824
- **2019**: 172,168
- **2020**: 417,317
- **2021**: 563,203
- **2022**: 763,308
- **2023 (Jan. 1 – March 7):** 141,866

BetterHelp's analysis is ongoing and BetterHelp reserves the right to supplement or amend this response in response to such further analysis. Specifically, the figures above may contain duplicate, invalid, or internal testing accounts and therefore may be somewhat higher than the ultimate figures responsive to these requests, but represent BetterHelp's best available information at this time.

Dated: November 15, 2024

**KING & SPALDING LLP**

[signature]

LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355

Facsimile: +1 (213) 443-4310

*Attorneys for Defendant*
*BETTERHELP, INC.*

## CERTIFICATE OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in the county of Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction this service was made. I am over the age of eighteen years and not a party to the within action.

I served the foregoing document described as: **BETTERHELP, INC.'S RESPONSES TO PLAINTIFFS' SECOND SET OF SPECIAL INTERROGATORIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY ELECTRONIC SERVICE**: By electronically mailing a true and correct copy through King & Spalding LLP's electronic mail system to the email addresses set forth below.

Executed on **November 15, 2024**, within Los Angeles County, California.

☒ **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Adeline Landeros

**SERVICE LIST**

Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel: 866.252.0878
Email: gklinger@milberg.com
gabramson@milberg.com
ahoneycutt@milberg.com
rnelson@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
1656 Washington Suite 140
Kansas City, MO 64108
Tel: 816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan
ctusan@hammondlawpc.com
Adrian Johns Barnes
abarnes@hammondlawpc.com
Ari Nathan Cherniak
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
Tel: (310) 601-6766
Fax: (310) 295-2385

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400,
San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

Glen L Abramson
Milberg Coleman Bryson Phillips Grossman PLLC
800 S. Gay Street
Ste 1100
Knoxville, TN 37929
866-252-0878
gabramson@milberg.com

Stephen R. Basser
Samuel M. Ward
Barrack, Rodos & Bacine
One America Plaza
600 West Broadway
Suite 900
San Diego, CA 92101
619-230-0800
619-230-1874 (fax)
sbasser@barrack.com
sward@barrack.com

Polina Brandler
1201 Pacific Ave, Suite 600
Tacoma, WA 98402
718-414-7094
pbrandler@hammondlawpc.com

Christopher W. Cantrell
Doyle APC
550 West B Street, Fourth Floor
San Diego, CA 92101
(619) 736-0000
chris@doyleapc.com

Nickolas J. Hagman
Cafferty Clobes Meriwether & Sprengel LLP
135 S. LaSalle Street.
Suite 3210
Chicago, IL 60603
Tel: 312-276-3404
nhagman@caffertyclobes.com

Julian Ari Hammond
HammondLaw, P.C.
11780 W Sample Road, Suite 103
Coral Springs, FL 33065
(310) 601-6766
(310) 295-2385 (fax)
JHammond@hammondlawpc.com

Daniel Jerome Muller
Ventura Hersey & Muller, LLP
1506 Hamilton Avenue
San Jose, CA 95125
(408) 512-3022
(408) 512-3023 (fax)
dmuller@venturahersey.com

John J. Nelson
Milberg Coleman Bryson Phillips Grossman PLLC
402 W. Broadway
Suite 1760
San Diego, CA 92101
858-209-6941
865-522-0049 (fax)
jnelson@milberg.com

April Marni Strauss
2500 Hospital Drive
Bldg. 3
Mountain View, CA 94040
650-281-7081
astrauss@calprivacy.com

Sharon Jessica Zinns
Zinns Law, LLC
4243 Dunwoody Club Drive
Suite 104
Atlanta, GA 30350
404-882-9002
Sharon@zinnslaw.com

# EXHIBIT 5
# (FILED UNDER SEAL)

# EXHIBIT 6
# (FILED UNDER SEAL)

# EXHIBIT 7
# (FILED UNDER SEAL)

# EXHIBIT 8
# (FILED UNDER SEAL)

# EXHIBIT 9 (FILED UNDER SEAL)

# EXHIBIT 10
# (FILED UNDER SEAL)

# EXHIBIT 11 (FILED UNDER SEAL)

# EXHIBIT 12
# (FILED UNDER SEAL)

# EXHIBIT 13 (FILED UNDER SEAL)

# EXHIBIT 14 (FILED UNDER SEAL)

# EXHIBIT 15 (FILED UNDER SEAL)

# EXHIBIT 16
# (FILED UNDER SEAL)

# EXHIBIT 17 (FILED UNDER SEAL)

# EXHIBIT 18
# (FILED UNDER SEAL)

# EXHIBIT 19
# (FILED UNDER SEAL)

# EXHIBIT 20 (FILED UNDER SEAL)

# EXHIBIT 21
# (FILED UNDER SEAL)

# EXHIBIT 22
# (FILED UNDER SEAL)

# EXHIBIT 23
# (FILED UNDER SEAL)

# EXHIBIT 24 (FILED UNDER SEAL)

# EXHIBIT 25
# (FILED UNDER SEAL)

# EXHIBIT 26
# (FILED UNDER SEAL)

# EXHIBIT 27 (FILED UNDER SEAL)

# EXHIBIT 28 (FILED UNDER SEAL)

# EXHIBIT 29 (FILED UNDER SEAL)

# EXHIBIT 30 (FILED UNDER SEAL)

# EXHIBIT 31
# (FILED UNDER SEAL)

# EXHIBIT 32
# (FILED UNDER SEAL)

# EXHIBIT 33 (FILED UNDER SEAL)

# EXHIBIT 34 (FILED UNDER SEAL)

# EXHIBIT 35
# (FILED UNDER SEAL)

# EXHIBIT 36 (FILED UNDER SEAL)

# EXHIBIT 37
# (FILED UNDER SEAL)

# EXHIBIT 38 (FILED UNDER SEAL)

# EXHIBIT 39
# (FILED UNDER SEAL)

# EXHIBIT 40
# (FILED UNDER SEAL)

# EXHIBIT 41 (FILED UNDER SEAL)

# EXHIBIT 42 (FILED UNDER SEAL)

# EXHIBIT 43
# (FILED UNDER SEAL)

# Tusan Law, PC

**380 E. Colorado #180**
**Pasadena, CA 91101**

## Firm Summary

Tusan Law, PC is a consumer and privacy protection law firm that focuses on advocating for the rights of consumers. Christina Tusan started the firm after spending decades as a consumer protection litigator and prosecutor and having obtained over a billion dollars in settlements and judgments on behalf of consumers. Tusan Law, PC pursues class action litigation on behalf of consumers. Tusan Law also represents consumers in whistleblower cases and serves as outside counsel for a government agency, where it provides advice and litigation services on consumer protection matters.

## Team Profiles

**Christina Tusan** has spent decades litigating and supervising the litigation of complex consumer and privacy cases that protect the public interest. Over the past twenty-six years, she has obtained judgments and settlements valued at over $1 billion. In addition to her experience as a partner in private practice overseeing consumer protection class actions, Ms. Tusan has substantial leadership experience litigating complex consumer cases for the Federal Trade Commission, the California Attorney General's Office, and the Los Angeles City Attorney's Office. During her seven-year career at the FTC, Ms. Tusan successfully led multiple complex consumer protection cases resulting in judgments of over $578 million. While at the California Attorney General's Office, Ms. Tusan obtained judgments valued at over $60 million, which also included strong consumer redress and preliminary and permanent injunctions. She also successfully led a large team of lawyers at the LA City Attorney's Office where she obtained judgments worth hundreds of millions of dollars and strong injunctive relief.

Ms. Tusan's work has been recognized as exceptional by state and federal agencies, as well as the National Health Care Anti-Fraud Association. The California Attorney General recognized her contributions by selecting her as the recipient of an "Award for Excellence," and the Federal Trade Commission gave her three different awards for her work while at the agency. The California Lawyers Association recently awarded her its inaugural Consumer and Unfair Competition Law Award for her work as part of a team that obtained a $280 million judgment on behalf of consumers. Prior to starting Tusan Law, PC in 2025, Ms. Tusan also served as lead counsel on a number of consumer and privacy class action cases while serving as a partner for HammondLaw, PC.

Ms. Tusan received her B.A in Political Science from Stanford University, cum laude, in 1994. She received the Firestone Medal for Excellence in Undergraduate Research while at Stanford. She obtained her J.D. from the University of Southern California in 1997. She won the Warren Ferguson Social Justice Award and was a Member of U.S.C.'s Law Review.

Ms. Tusan holds a number of key leadership roles in the consumer protection and privacy litigation space. She serves as an Advisor to the California Lawyers Antitrust and Consumer Law Section of the California Lawyers Association. Ms. Tusan also led the Unfair Competition Law Standing

Committee as its Chair. In the privacy arena, Ms. Tusan serves as the Chair of the Beverly Hills Bar Association's Privacy and Cybersecurity Section as well as serving as an Executive Committee Member for the Los Angeles County Bar Association's Privacy and Cybersecurity Section. She previously served as a member of California District Attorneys Association's High Tech Crime Committee member.

Ms. Tusan has had her IAPP CIPP/US Certification since 2023 and has held her California bar license since 1997. She is also an American Bar Foundation fellow.

Ms. Tusan also has served as a Senior Editor for the California Lawyers Association's California Antitrust and Unfair Competition Law Treatise and has published numerous articles. Her recent publications include:

- NEW PROGRAMS AND RULINGS MAY IMPACT WHISTLEBLOWERS' WILLINGNESS AND ABILITY TO STOP FRAUDULENT PRACTICES, Daily Journal, November 20, 2024
- COURTS ARE INCREASINGLY WARY OF FEEL-GOOD GREEN MARKETING CLAIMS, Daily Journal, Jan. 12, 2023
- COMBATTING COVID THROUGH . . . CONSUMER PROTECTION? A MULTI-JURISDICTIONAL APPROACH TO PROTECTING PUBLIC HEALTH THROUGH ENFORCEMENT OF CONSUMER FRAUD LAWS, 32 Competition 1 (Spring 2022)

Ms. Tusan regularly serves in the role of speaker or moderator for MCLE programs:

- Served as a panelist for California Lawyers Association's second annual UCL Institute's "Privacy and the UCL" panel
- Served as a moderator on California Lawyers Association's Judges' Panel on Consumer Protection Litigation
- Panelist for the Beverly Hills Bar Association Panel entitled "A 360 Degree View of Compliance-Based Resolutions"
- Moderator for the California Lawyers Association's Judge's Panel on Complex Litigation
- Navigating the Future of Supplements: Integrating Science, Technology, Marketing and Compliance to Drive Customer Lifetime Value, Expo West
- Cybersecurity and privacy presentations, including a joint SBA workshop where Ms. Tusan spoke alongside an FBI Special Agent
- Covid-19 Unfair Competition Litigation and Enforcement: A Look Back and Ahead One Year In, Speaker for the event that was hosted by the California Lawyers Association
- Presenter for an AARP town hall on data breach issues, including the Equifax data breach
- Global Anti-Scam Network Presenter on "Covid Scams – Lessons Learned For the Next Pandemic"
- New York Bar Association's Panel on Legal Issues Regarding Heavy Metals in Baby Food
- Conducted numerous training programs at the California District Attorneys' Association Conferences for DAs, AGs, and City Attorneys
- Speaker at FTC Common Ground Conferences
- Speaker for Stanford Professional Women of Los Angeles regarding privacy and cyber security issues

**Adrian Barnes** is a partner at Tusan Law, PC. His practice focuses on employment and consumer privacy issues. He has over 14 years of experience in class action litigation, most recently working for HammondLaw, P.C., on a variety of cases against a number of leading financial and healthcare companies for the unauthorized disclosure of their customers' confidential financial and medical information. *See, e.g., Smith Washington v. TaxAct, Inc.*, No. 23-cv-00830-VC (N.D. Cal.) (action representing customers of online tax preparation service who alleged their private information was unlawfully shared with third parties, final approval granted to settlement 2024, appeal pending); *Jane Doe I, et al. v. Family Planning Associates Medical Group, Inc.*, No. 23-cv-037304 (Alameda County Superior Court) (action representing patients of women's healthcare provider who alleged their medical information was unlawfully shared with third parties, settlement reached 2024, pending approval).

From 2007 through 2014, Adrian worked as a union-side labor lawyer, handling labor arbitrations and representing clients before the National Labor Relations Board, California's Public Employment Relations Board, and in other administrative hearings. Alongside this traditional union-side practice, Adrian also litigated numerous multi-million-dollar wage and hour class actions representing union members working in diverse environments such as offshore oil rigs, oil refineries, earth processing plants, and acute care hospitals. And, Adrian was part of the team who prosecuted a number of consumer class actions, including *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 132 S. Ct. 665 (2012).

Adrian earned his law degree from Columbia Law School in 2007, where he was a member of the editorial board of the Columbia Law Review. At Columbia, Adrian was a James Kent Scholar and received the Emil Schlesinger Prize for the student most proficient in labor law. Adrian was also active in the public interest community, serving as President of the Columbia Chapter of the Unemployment Action Center and as Co-President of the Columbia Law School Student Labor Action Project.

Prior to law school, Adrian earned a bachelor's degree in Rhetoric from the University of California, Berkeley, and a master's degree in English Literature from University College London. He is admitted to the Supreme Court of the United States, the federal District Courts for all Districts of California, and to the Ninth Circuit Court of Appeals. Adrian is a member of the State Bar of California and the Washington State Bar Association.