Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To: All Actions

**Master File No. 3:23-cv-01033-RS**

Hon. Richard Seeborg

**DECLARATION OF GARY M. KLINGER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

| | |
|---|---|
| Hearing Date: | August 28, 2025 |
| Time: | 1:30 p.m. |
| Courtroom: | 3 |
| Judge: | Hon. Richard Seeborg |

I, Gary M. Klinger, declare as follows:

1. I am an individual over the age of twenty-one (21) and I submit this Declaration based upon my own personal knowledge of the facts stated in this declaration and review of public records and other documentation.

2. I am a Senior Partner at the international plaintiffs' class action law firm Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg") and one of the attorneys appointed as co-lead counsel in this litigation.

3. Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[1] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the U.S. Supreme Court.[2] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg has more than 100 attorneys and has offices across the U.S. and the European Union.

4. As a Senior Partner at Milberg, I have extensive experience serving as lead or co-lead counsel in numerous privacy class actions. My privacy practice includes: data breaches, ransomware attacks, unlawful collection and/or disclosure of personal information, and violations of privacy statutes and/or laws, such as the Illinois Biometric Information Privacy Act ("BIPA"), Illinois Genetic Information Privacy Act, California Consumer Privacy Act, California Medical Information Act, Telephone Consumer Protection Act, and General Data Protection Regulation.

5. I have been recognized publicly as a "trail blazer" in the privacy space. I led the way in bringing privacy class actions arising from the use of tracking technologies such as the "Meta Pixel." I filed the first-ever privacy case in the healthcare setting for unlawful disclosure of private health information (*Quinto v. The Regents of the University of California*, Case No. 22-cv-

---

[1] *See, e.g., In re Tyco Int'l Ltd., Securities Litig.*, MDL 1335 (D. N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Ins. Co. Sales Practice Litig.*, No. 95-4704 (D. N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[2] *See* https://milberg.com/precedent-setting-decisions/page/3/.

012970). In the wake of the *Quinto* lawsuit, the Department of Health and Human Services (HHS) issued a bulletin on the requirements under HIPAA for online tracking technologies providing that "[r]egulated entities are not permitted to use tracking technologies in a manner that would result in impermissible disclosures of PHI to tracking technology vendors or any other violations of the HIPAA Rules." Since my *Quinto* lawsuit, dozens of similar lawsuits have been filed against healthcare providers by plaintiffs' class action firms across the country, numerous investigative articles have been published, and Congress even opened an inquiry into the issue.

6. I also led the way bringing similar lawsuits in connection with the use of tracking technologies under the Video Privacy Protection Act ("VPPA") (*Harris v. Pub. Broad. Serv.*, 662 F. Supp. 3d 1327, 1329; *Belozerov v. Gannett Co.*, 2022 WL 17832185). My work in developing favorable case law paved the way for dozens of similar lawsuits across country.

7. I also represent consumers in class actions and mass arbitration for claims involving false advertising, defective products, consumer fraud, violations of antitrust laws, and other torts.

8. I have been appointed by state and federal courts to act as Class Counsel for millions of consumers and recovered hundreds of millions of dollars for consumers throughout the country. Presently, I am lead or co-lead counsel in more than thirty (30) active class action lawsuits pending in state and federal courts across the country.

9. I was recognized as one of the 2024 Lawdragon 500 Leading Litigators in America. I also was recognized in 2024 by Chambers as one of the leading attorneys in the United States for Privacy and Data Security Litigation.

10. I am a Certified Information Privacy Professional (CIPP/US) and a member of the International Association of Privacy Professionals. I am also presently pursuing my Masters of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law.

11. I have been involved in this litigation from the pre-litigation process through its inception in 2023 to the present. I was appointed as one of the interim co-lead class counsel by the Court on July 24, 2023 (ECF 66).

12. Pursuant to Fed. R. Civ. Proc. Rule 23(g), "In appointing class counsel, the court:

(A) must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class", as well as (B) "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class".

13. Milberg has diligently represented the Plaintiffs and the proposed class in both our extensive pre-filing work identifying and investigating potential claims in this action as well as the work we have done in the more than two years this action has been pending. In so doing we have demonstrated our knowledge of the applicable law, overseeing all aspects of this litigation, including:

- investigating, preparing and filing the first class action complaint filed in this matter in the United States District Court for the Northern District of California on March 7, 2023, as well as the original Consolidated Amended Complaint;
- litigating multiple rounds of pleadings and largely defeating Defendants' motions to dismiss the operative and amended Complaints;
- collecting and producing documents from Plaintiffs;
- working with Plaintiffs to object and respond to multiple sets of Interrogatories;
- obtaining and reviewing along with co-counsel approximately 89,000 pages of documents, as well as documents produced from numerous third parties pursuant to subpoenas, including Meta, Inc.;
- helping to prepare for and having my office participate in taking the Rule 30(b)(6) deposition of Defendant's corporate representative;
- working with experts in connection with the reports filed contemporaneously with Plaintiffs' motion for class certification;
- assisting in preparing Plaintiffs' motion for class certification; and
- engaging in a mediation before Bruce Friedman of JAMS on December 5, 2023.

14. In terms of the resources we have committed to representing the class, to date Milberg attorneys and staff have collectively spent more than 850 hours working on this case, and

the firm has incurred significant out-of-pocket expenses totaling more than $25,000.00, not including significant outstanding expenses in connection with Plaintiffs' expert reports. We have thus demonstrated our commitment to expending the skill, time, and resources needed to pursue this case to a successful resolution.

15. As indicated in Milberg's firm resume, attached hereto as Exhibit A, the attorneys at Milberg have a long history of representation of consumers and providers in unauthorized data breach and access litigation and have a strong national reputation in healthcare litigation and class action litigation generally. Milberg is comprised of experienced class action litigators who have been routinely appointed as Class Counsel nationwide. Included in Exhibit A is a list of more than 135 privacy cases in the last four years where I have been appointed as lead or co-lead counsel.

16. Based on these and other cases, Milberg has extensive experience representing plaintiffs in class actions, particularly those involving unauthorized data breach and access issues, demonstrating counsel's ability to fairly and adequately represent the interests of the class.

17. To the best of my knowledge, neither Milberg nor the other Plaintiffs' counsel have a conflict of interest in representing the proposed class in this matter.

18. Attached hereto as Exhibit B is a true and correct copy of the Order Granting Motion for Class Certification issued by the Superior Court for King County, Washington in *Doe v. Virginia Mason Medical Center et al.*, No. 19-2-26674-1 SEA (King Cty (WA) Sup. Ct., Sept. 27, 2021).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 8th day of May, 2025 at Chicago, Illinois.

*/s/ Gary M. Klinger*
Gary M. Klinger

# Exhibit A

Milberg.

COLEMAN BRYSON PHILLIPS GROSSMAN

# FIRM RESUME /

# BIOGRAPHY OF GARY M. KLINGER

Milberg.
COLEMAN BRYSON PHILLIPS GROSSMAN

Milberg Coleman Bryson Phillips Grossman ("Milberg") is an AV-rated international law firm with more than 100 attorneys and offices across the United States, the European Union, and South America. Combining decades of experience, Milberg was established through the merger of Milberg Phillips Grossman LLP, Sanders Phillips Grossman LLC, Greg Coleman Law PC, and Whitfield Bryson LLP.

Milberg prides itself on providing thoughtful and knowledgeable legal services to clients worldwide across multiple practice areas. The firm represents plaintiffs in the areas of antitrust, securities, financial fraud, consumer protection, automobile emissions claims, defective drugs and devices, environmental litigation, financial and insurance litigation, and cyber law and security.

For over 50 years, Milberg and its affiliates have been protecting victims' rights. We have recovered over $50 billion for our clients. Our attorneys possess a renowned depth of legal expertise, employ the highest ethical and legal standards, and pride ourselves on providing stellar service to our clients. We have repeatedly been recognized as leaders in the plaintiffs' bar and appointed to numerous leadership roles in prominent national mass torts and class actions.

*Milberg challenges corporate wrongdoing through class action, mass tort, consumer and shareholder right services, both domestically and globally.*

In the United States, Milberg currently holds more than 100 court-appointed full- and co-leadership positions in state and federal courts across the country. Our firm has offices in California, Chicago, Florida, Georgia, Illinois, Kentucky, Louisiana, Mississippi, New Jersey, New York, North Carolina, South Carolina, Tennessee, Washington, Washington D.C., and Puerto Rico. Milberg's commitment to its clients reaches beyond the United States, litigating antitrust, securities, and consumer fraud actions in Europe and South America, with offices located in the United Kingdom, and the Netherlands. Milberg prides itself on providing excellent service worldwide.

The firm's lawyers have been regularly recognized as leaders in the plaintiffs' bar by the National Law Journal, Legal 500, Chambers USA, Time Magazine, Lawdragon, and Super Lawyers, among others.

*"A powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."*
- THE NEW YORK TIMES

# PRACTICE AREAS

## SECURITIES FRAUD

Milberg pioneered the use of class action lawsuits to litigate claims involving investment products, securities, and the banking industry. Fifty years ago, the firm set the standard for case theories, organization, discovery, methods of settlement, and amounts recovered for clients. Milberg remains among the most influential securities litigators in the United States and internationally.

Milberg and its attorneys were appointed Lead Counsel and Co-Lead Counsel in hundreds of federal, state, and multidistrict litigation cases throughout its history.

## ANTITRUST & COMPETITION LAW

For over fifty years, Milberg's Antitrust Practice Group has prosecuted complex antitrust class actions against defendants in the healthcare, technology, agriculture, and manufacturing industries engaged in price-fixing, monopolization and other violations of antitrust law and trade restraints.

## FINANCIAL LITIGATION

For over fifty years, Milberg's Antitrust Practice Group has prosecuted complex antitrust class actions against defendants in the healthcare, technology, agriculture, and manufacturing industries engaged in price-fixing, monopolization and other violations of antitrust law and trade restraints.

## CONSUMER PROTECTION

Milberg's Consumer Protection Practice Group focuses on improving product safety and protecting those who have fallen victim to deceptive marketing and advertising of goods and services and/or purchased defective products. Milberg attorneys have served as Lead Counsel and Co-Lead Counsel in hundreds of federal, state, and multidistrict litigation cases alleging the sale of defective products, improper marketing of products, and violations of consumer protection statutes.

## DANGEROUS DRUGS & DEVICES

Milberg is a nationally renowned firm in mass torts, fighting some of the largest, wealthiest, and most influential pharmaceutical and device companies and corporate entities in the world. Our experienced team of attorneys has led or co-led numerous multidistrict litigations of defective drugs and medical devices.

## EMPLOYMENT & CIVIL RIGHTS

Milberg's Employment & Civil Rights attorneys focus on class actions and individual cases nationwide arising from discriminatory banking and housing practices, unpaid wages and sales commissions, improperly managed retirement benefits, workplace discrimination, and wrongful termination.

## ENVIRONMENTAL LITIGATION & TOXIC TORTS

Milberg's Environmental Litigation & Toxic Torts Practice Group focuses on representing clients in mass torts, class actions, multi-district litigation, regulatory enforcement, citizen suits, and other complex environmental and toxic tort matters. Milberg and its attorneys have held leadership roles in all facets of litigation in coordinated proceedings, with a particular focus on developing the building blocks to establish general causation, which is often the most difficult obstacle in an environmental or toxic tort case.

## STATE & LOCAL GOVERNMENTS

Milberg attorneys are dedicated to defending the Constitutional and statutory rights of individuals and businesses that are subjected to unlawful government exactions and fees by state and local governments or bodies.

## CYBERSECURITY & DATA PRIVACY

Milberg is a leader in the fields of cyber security, data breach litigation, and biometric data collection, litigating on behalf of clients – both large and small – to change data security practices so that large corporations respect and safeguard consumers' personal data.

## APPELLATE

Consisting of former appellate judges, experienced appellate advocates, and former law clerks who understand how best to present compelling arguments to judges on appeal and secure justice for our clients beyond the trial courts, Milberg's Appellate Practice Group boasts an impressive record of success on appeal in both state and federal courts.

# LEADERSHIP ROLES

In re: Google Play Consumer Antitrust Litigation
In re: Elmiron (Pentosan Polysulfate Sodium) Products Liability Litigation
In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices & Products Liability Litigation
In re: Blackbaud Inc., Customer Data Breach Litigation
In re: Paragard IUD Products Liability Litigation
In re: Seresto Flea & Tick Collar, Marketing Sales Practices & Product Liability Litigation
In re: All-Clad Metalcrafters, LLC, Cookware Marketing and Sales Practices Litigation
In re: Allergan Biocell Textured Breast Implant Products Liability Litigation
In re: Zicam Cold Remedy Marketing, Sales Practices and Products Liability Litigation
In re: Guidant Corp. Implantable Defibrillators Product Liability Litigation
In re: Ortho Evra Products Liability Litigation
In re: Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation
In re: Kugel Mesh Hernia Patch Products Liability Litigation
In re: Medtronic, Inc. Sprint Fidelis Leads Products Liability Litigation
In re: Stand ‘N Seal Products Liability Litigation
In re: Chantix (Varenicline) Products Liability Litigation
In re: Fosamax (alendronate Sodium) Products Liability Litigation
In re: Benicar (Olmesartan) Products Liability Litigation
In re: Onglyza (Saxagliptin) & Kombiglyze Xr (Saxagliptin & Metformin) Products Liability Litigation
In re: Risperdal and Invega Product Liability Cases
In re: Mirena IUS Levonorgestrel-Related Products Liability Litigation
In re: Incretin-based Therapies Product Liability Litigation
In re: Reglan/Metoclopromide
In re: Levaquin Products Liability Litigation
In re: Zimmer Nexgen Knee Implant Products Liability Litigation
In re: Fresenius Granuflo/NaturaLyte Dialysate Products Liability Litigation
In re: Propecia (Finasteride) Products Liability Litigation
In re: Transvaginal Mesh (In Re C. R. Bard, Inc., Pelvic Repair System Products Liability Litigation; In Re Ethicon, Inc., Pelvic Repair System Products Liability Litigation; In Re Boston Scientific, Inc., Pelvic Repair System Products Liability; In Re American Medical Systems, Pelvic Repair System Products Liability, and others)
In re: Fluoroquinolone Product Liability Litigation
In re: Depuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation
In re: Recalled Abbott Infant Formula Products Liability Litigation
Home Depot, U.S.A., Inc. v. Jackson
Webb v. Injured Workers Pharmacy, LLC

# NOTABLE RECOVERIES

## $4 Billion Settlement
In re: Prudential Insurance Co. Sales Practice Litigation

## $3.2 Billion Settlement
In re: Tyco International Ltd., Securities Litigation

## $1.14 Billion Settlement
In Re: Nortel Networks Corp. Securities Litigation

## $1 Billion-plus Trial Verdict
Vivendi Universal, S.A. Securities Litigation

## $1 Billion Settlement
NASDAQ Market-Makers Antitrust Litigation

## $1 Billion Settlement
W.R. Grace & Co.

## $1 Billion-plus Settlement
Merck & Co., Inc. Securities Litigation

## $775 Million Settlement
Washington Public Power Supply System Securities Litigation

## $586 Million Settlement
In re: Initial Public Offering Securities Litigation

# GARY M. KLINGER

**Gary M. Klinger** is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024)[1] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024).[2] Law360 recently highlighted Mr. Klinger's work in the privacy space.[3]

Mr. Klinger has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country.[4] Mr. Klinger and his firm are largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space.[5] Mr. Klinger has also successfully litigated privacy class actions through class certification. *E.g., Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. 2018).

Over the past 3 years, Mr. Klinger has settled on a classwide basis more than one hundred (100) class actions involving privacy violations, the majority of which are data breaches, in state and federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled and won court approval of more data breach class actions during this period. Representative cases include:

- *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action);
- *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action);
- *In re: East Palestine Train Derailment*, No. 23-cv-00242 (N.D. Ohio) (where Mr. Klinger serves on the leadership team that obtained a settlement of $600 million in a complex class action).

---

[1] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.
[2]*See* https://chambers.com/lawyer/gary-klinger-usa-5:26875006; https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.
[3] https://www.law360.com/articles/1854005/rising-star-milberg-s-gary-klinger.
[4] See, e.g., *Isiah v. LoanDepot, Inc.*, 8:24-cv-00136-DOC-JDE (C.D. Cal.) (where Mr. Klinger is co-lead counsel in a data breach involving more than 17 million consumers); *In re MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers).
[5] *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

# LOCATIONS

PUERTO RICO
1311 Avenida Juan Ponce de León
San Juan, Puerto Rico 00907

CALIFORNIA
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212

402 West Broadway, Suite 1760
San Diego, California 92101

FLORIDA
201 Sevilla Avenue, Suite 200,
Coral Gables, Florida 33134

3833 Central Avenue
St. Petersburg, Florida 33713

ILLINOIS
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606

LOUISIANA
5301 Canal Boulevard
New Orleans, Louisiana 70124

MICHIGAN
6905 Telegraph Road, Suite 115
Bloomfield Hills, Michigan 48301

NEW JERSEY
1 Bridge Plaza North, Suite 675
Fort Lee, New Jersey 07024

NEW YORK
100 Garden City Plaza, Suite 500
Garden City, New York 11530

405 E 50th Street
New York, New York 10022

NORTH CAROLINA
900 West Morgan Street
Raleigh, North Carolina 27603

5 West Hargett Street, Suite 812
Raleigh, North Carolina 27601

SOUTH CAROLINA
825 Lowcountry Blvd, Suite 101
Mount Pleasant, South Carolina 29464

TENNESSEE
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929

WASHINGTON
1420 Fifth Ave, Suite 2200
Seattle, Washington 98101

17410 133rd Avenue, Suite 301
Woodinville, Washington 98072

WASHINGTON, D.C.
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015

NETHERLANDS

UNITED KINGDOM

**GARY M. KLINGER**

**2020-2024 LIST OF APPOINTMENTS ON DATA PRIVACY CASES**

1. *Kenney et al. v. Centerstone of America, Inc.*, Case No. 3:20-cv-01007 (M.D. Tenn.) (appointed co-class counsel in data breach class action settlement involving over 63,000 class members; final approval granted Aug. 2021);

2. *Baksh v. Ivy Rehab Network, Inc.*, Case No. 7:20-cv-01845-CS (S.D.N.Y.) (class counsel in a data breach class action settlement; final approval granted Feb. 2021);

3. *Mowery et al. v. Saint Francis Healthcare System*, Case No. 1:20-cv-00013-SRC (E.D. Mo.) (appointed class counsel; final approval granted Dec. 2020);

4. *Chatelain et al. v. C, L and W PLLC d/b/a Affordacare Urgent Care Clinics*, Case No. 50742-A (42nd District Ct., Taylor Cnty., Tex.) (appointed class counsel; settlement valued at over $7 million; final approval granted Feb. 2021);

5. *Jackson-Battle v. Navicent Health, Inc.,* Case No. 2020-CV-072287 (Super. Ct. of Bibb Cnty., Ga.) (appointed class counsel in data breach case involving 360,000 patients; final approval granted Aug. 2021);

6. *Bailey v. Grays Harbor County Public Hospital District et al.*, Case No. 20-2- 00217-14 (Grays Harbor Cnty. Super. Ct., Wash.) (appointed class counsel in hospital data breach class action involving approximately 88,000 people; final approval granted Sept. 2020);

7. *Richardson v. Overlake Hospital Medical Center et al.*, Case No. 20-2-07460-8 SEA (King Cnty. Super. Ct., Wash.) (appointed class counsel in data breach case, final approval granted September 2021);

8. *Klemm et al. v. Maryland Health Enterprises Inc.*, Case No. C-03-CV-20-022899 (Cir. Crt. Baltimore Cnty., Md.) (appointed class counsel; final approval granted November 2021);

9. *In re: GE/CBPS Data Breach Litigation*, Case No. 1:2020-cv-02903 (S.D.N.Y.) (appointed co-lead counsel in nationwide class action);

10. *Nelson, et al. v. Idaho Central Credit Union*, Case No. CV03-20-00831 (Bannock Cnty., Id.) (appointed co-lead counsel in data breach class action involving 17,000 class members; granted final approval of settlement valued at $3.3 million);

11. *In Re: Canon U.S.A. Data Breach Litigation*, Case No. 1:20-cv-06239- AMD-SJB (E.D.N.Y.) (appointed co-lead counsel, final approval granted );

12. *Redman et al v. Illinois Bone and Joint Institute, LLC d/b/a Illinois Bone and Joint*, Case No. 2024CH08333 (appointed Interim Co-Lead Class Counsel);

13. *Suren et al. v. DSV Solutions, LLC*, Case No. 2021CH000037 (Ill. 18th Jud. Cir. Ct., DuPage Cnty.) (appointed Settlement Class Counsel, final approval granted Sept. 267, 2021);

14. *Chacon v. Nebraska Medicine*, Case No. 8:21-cv-00070-RFR-CRZ (D. Neb.) (appointed class counsel in data breach settlement, final approval granted Sept. 2021);

15. *Aguallo et al v. Kemper Corporation et al.,* Case No. 1:21-cv-01883 (N.D. Ill.) (appointed Co-lead Counsel, final approval granted of $17.1 million class settlement);

16. *In re: Herff Jones Data Breach Litigation*, Case No. 1:21-cv-1329-TWP- DLP (S.D. Ind.) (appointed co-lead counsel in data breach involving over 1 million persons; preliminary approval of $4.35 million settlement granted Jan. 2022);

17. *In Re: CaptureRx Data Breach Litigation*, Case No. 5:21-cv-00523-OLG (W.D. Tex.) (appointed co- lead counsel in data breach case involving over 2.4 million class members; preliminary approval of $4.75 million settlement granted Feb. 2022);

18. *In re Arthur J. Gallagher Data Breach Litigation*, Case No. 1:21-cv-04056 (N.D. Ill.) (appointed co- lead counsel in data breach case involving over 3 million class members);

19. *Heath v. Insurance Technologies Corp.*, Case No. 21-cv-01444 (N.D. Tex.) ($11 million settlement for a major data breach involving more than 4 million consumers);

20. *Hough v. Navistar, Inc.*, Case No.: 2021L001161 (Ill. 18th Jud. Cir. Ct., DuPage Cnty.); (appointed co-lead class counsel; final approval granted May 2022);

21. *Clark v. Mercy Hospital, et al*, Case No. CVCV082275 (Iowa Dist. Ct, Johnson Cnty.) (appointed class counsel; final approval granted July 2022);

22. *Myschka, et al v. Wolfe Clinic, P.C. d/b/a Wolfe Eye Clinic*, Case No. CVCI011151 (Iowa Dist. Ct., Marshall Cnty.) (appointed class counsel; final approval granted June 2022);

23. *Devine, et al v. Health Aid of Ohio, Inc.,* Case No. CV-21-948117 (Ct. of Common Pleas, Cuyahoga Cnty., Ohio) (appointed class counsel; final approval granted September 2022);

24. *Davidson v. Healthgrades Operating Company, Inc.,* Case No. 1:21-cv-01250- RBJ (D. Colo.), (appointed class counsel; final approval granted August 2022);

25. *Bodie v. Capitol Wholesale Meats, Inc.*, Case No. 2022CH000020 (Ill. 18th Jud. Cir. Ct., DuPage Cnty.) (appointed class counsel; final approval granted March 2022);

26. *Culp v. Bella Elevator LLC*, Case No. 2021-CH-00014 (Ill. 10th Jud. Cir. Ct., Peoria Cnty.)

(appointed class counsel; final approval granted May 2022);

27. *Cain, et al. v. OSF Healthcare*, Case No. 21-L-00231 (Ill. 10th Jud. Cir. Ct., Peoria Cnty.) (appointed settlement class counsel; final approval granted January 2023);

28. *Nelson, et al. v. Bansley & Kiener*, Case No. 2021-CH-06274 (Ill. Cir. Ct., Cook Cnty.) (appointed class counsel; final approval granted November 2022);

29. *Steen v. The New London Hospital Association, Inc.,* Case No. 217-2021-CV-00281 (Merrimack Super. Ct., N.H.) (appointed class counsel; final approval granted January 2023);

30. *Summers II v. Sea Mar Community Health Ctrs.*, Case No. 22-2-00773-7 SEA (King Cnty. Super. Ct., Wash.) (appointed class counsel; final approval granted December 2022);

31. *In re Forefront Data Breach Litigation*, Master File No. 1:21-cv-00887-LA (E.D. Wis.) (appointed settlement class counsel; final approval granted March 2023);

32. *Engle v. Talbert House*, Case No.: A2103650 (Crt. of Common Pleas, Hamilton Cnty., Ohio) (appointed class counsel; final approval granted February 2023);

33. *Henderson et al. v. San Juan Regional Medical Center*, Case No. D-1116-CV- 2021-01043 (11th Jud. Dist. Ct., San Juan Cnty., N.M.) (appointed class counsel; final approval granted March 2023);

34. *Cathy Shedd v. Sturdy Memorial Hospital, Inc.*, Civ. Action No: 2173 CV 00498 (Mass. Super. Ct.) (appointed class counsel; final approval granted February 2023);

35. *Hawkins et al. v. Startek, Inc.*, Case No. 1:22-cv-00258-RMR-NRN (D. Colo.) (appointed class counsel; final approval granted April 2023);

36. *McHenry v. Advent Health Partners, Inc.*, Case No. 3:22-cv-00287 (M.D. Tenn.) (appointed settlement class counsel; final approval granted April 2023);

37. *Beasley et al. v. TTEC Services Corporation*, Case No. 1:22-cv-00097-PAB-STV (D. Colo.) (appointed class counsel; preliminary approval granted May 2023);

38. *Boyd v. Public Employees Credit Union*, Case No. 1:22-cv-00825-LY (W.D. Tex.) (appointed class counsel; final approval granted June 9, 2023);

39. *Charlie et al. v. Rehoboth McKinley Christian Healthcare Services*, Case No. 1:21-00652-SCY-KK (D.N.M.) (appointed class counsel; final approval granted July 2023);

40. *Sharma et al. v. Accutech Systems Corporation*, Case No. 18C02-2210-CT-000135 (Del. Cir. Ct., Del. Cnty., Ind.) (appointed class counsel; final approval granted November 2023);

41. *Simmons et al. v. Assistcare Home Health Services, LLC*, Index No. 511490/2021 (N.Y. Supr. Ct., Kings Cnty.) (appointed settlement class counsel; final approval granted August 2023);

42. *Bailey et al. v. Alacrity Solutions Group, LLC,* Case No. 29D03-2204-PL-002383 (Ind. Super. Ct., Hamilton Cnty.) (appointed class counsel; final approval granted June 2023);

43. *Retsky et al. v. Super Care, Inc d/b/a/ Supercare Health*, Case No. 22STCV16267 (CA Superior Ct., Los Angeles Cnty.) (appointed class counsel; final approval granted August 2023);

44. *In re Medical Review Institute of America, LLC, Data Breach Litigation*, Case No. 2:22-cv-0082-DAK-DAO (D. Utah) (appointed co-lead class counsel; final approval granted August 2023);

45. *Colon v. Creative Ventures Inc.*, Case No. 2023LA000177 (Ill. 18th Jud. Cir. Ct., DuPage Cnty.) (appointed settlement class counsel; final approval granted September 2023);

46. *Jones v. Horizon House, Inc*., Case No. 01767, Control No. 23030116 (Ct. of Common Pleas, Philadelphia Cnty., 1st Jud. Dist., Pa.) (appointed class counsel; final approval granted Nov. 20, 2023);

47. *Keefe, et al v. Froedtert Health, Inc*., Case No. 2023CV001935 (Cir. Ct. of Wisc., Milwaukee Cnty.) (appointed settlement class counsel; final approval granted September 29, 2023);

48. *Reynolds, et al v. Marymount Manhattan College,* Case No. 1:22-cv-06846 (S.D.N.Y.) (appointed settlement class counsel; final approval granted October 20, 2023);

49. *Borre v. O'Hare Towing Systems, Inc.*, Case No. 2020-CH-02865 (Ill. Circ. Ct., Cook Cnty.) (appointed settlement class counsel; final approval granted 10/25/2023);

50. *In re: Novant Health, Inc.*, Case No. 1:22-cv-00697 (M.D.N.C.) (appointed class counsel; final approval granted June 6, 2024);

51. *Lukis, et al v. OnePlus USA Corp.,* Case No. 2023LA000573 (Ill. 18th Jud. Cir. Ct., DuPage Cnty.) (appointed class counsel; final approval granted February 21, 2024);

52. *Charitat v. Pape-Dawson Engineers, Inc.,* Case No. 2022C121570 (438th Jud. Dist. Ct. of Tex., Bexar Cnty.) (appointed class counsel; final approval granted Nov. 13, 2023);

53. *Cline, et al v. Inline Network Integration LLC*, Case No. 2023LA000402 (Ill. 18th Jud. Cir. Ct., DuPage Cnty.) (appointed class counsel; final approval granted Dec. 13, 2023;

54. *Czarnionka v. The Epoch Times Association, Inc.*, Case No. 1:22-cv-06348-AKH (S.D.N.Y.) (appointed class counsel; preliminary approval granted Jan. 22, 2024);

55. *Sherwood, et al v. Horizon Actuarial Services, LLC,* Case No. 1:22-cv-01495-ELR (N.D. Ga.) (appointed class counsel; final approval granted April 2, 2024);

56. *Prevost, et al v. Roper St. Francis Healthcare*, Case No. 2021-CP-10-01754 (9th Jud. Cir. Ct. of S.C., Ct. of Common Pleas) (appointed co-class counsel; final approval granted May 2, 2024);

57. *Perry v. Bay & Bay Transportation Services*, Case No. 22-973-JRT/ECW (D. Minn.) (appointed class counsel; final approval granted Jan. 23, 2024);

58. *In re C.R. England, Inc. Data Breach Litigation*, Case No. 2:22-cv-374-DAK-JCB (D. Utah) (appointed class counsel; final approval granted March 18, 2024);

59. *Hoover v. Camping World Group, LLC, et al*, Case No. 2023LA000372 (Ill. 18th Jud. Cir. Ct., DuPage Cnty.) (appointed class counsel; final approval granted May 23, 2024);

60. *Guy v. Convergent Outsourcing, Inc.*, Case No. C22-1558-MJP (W.D. Wash.) (appointed class counsel; preliminary approval granted Feb. 20, 2024);

61. *Farley, et al v. Eye Care Leaders Holdings, LLC*, Case No. 1:22-cv-468 (M.D.N.C.) (appointed class counsel; final approval granted June 27, 2024);

62. *Parris, et al v. Meta Platforms, Inc.*, Case No. 2023LA000672 (Ill. 18th Jud. Cir. Ct., DuPage Cnty.) (appointed class counsel; final approval granted March 7, 2024);

63. *Kaether, Scott v. Metropolitan Area EMS Auth. d/b/a MedStar Mobile Healthcare*, Cause No. 342-339562-23 (342nd Jud. Ct., Tarrant Cty. of Tex.) (appointed class counsel; final approval granted March 22, 2024);

64. *Medina, et al v. PracticeMax Inc.*, Case No. CV-22-01261-PHX-DLR (D. Ariz.) (appointed class counsel; final approval granted March 14, 2024);

65. *Julien, et al v. Cash Express, LLC*, Case No. 2022-CV-221 (Tenn. Cir. Ct., Putnam Cnty.) (appointed class counsel; final approval granted Nov. 9, 2023);

66. *Forslund, et al v. R. R. Donnelley & Sons Co.*, Case No. 1:22-cv-04260-JJT (N.D. Ill.) (appointed class counsel; final approval granted March 15, 2024);

67. *Stauber v. Sudler Property Management,* Case No. 2023LA000411 (Ill. 18th Jud. Cir. Ct., DuPage Cnty.) (appointed class counsel; final approval granted January 22, 2024);

68. *Aragon v. Weil Foot and Ankle Institute, LLC*, Case No. 2021-CH-01437 (Ill. Circ. Ct., Cook Cnty.) (appointed class counsel; finL approval granted May 13, 2024);

69. *In Re Wright & Filippis, LLC Data Security Breach Litigation*, Case No. 2:22-cv-12908-

SFC (E.D. Mich.) (appointed class counsel; final approval granted June 20, 2024);

70. *Doe, et al v. Knox College*, Case No. 2023LA9, (Ill. 9th Jud. Ct., Knox Cnty..) (appointed class counsel; final approval granted Jan. 19, 2024);

71. *In Re Afni, Inc. Data Breach Litigation*, Case No. 1:22-cv-01287-JES-JEH (C.D. Ill.) (appointed class counsel; final approval granted Sept. 26, 2023);

72. *In Re Central Indiana Orthopedics Data Incident Litig.*, Cause No. 18C03-2203-PL-000026 (Ind. Cir. Ct., Delaware Cnty.) (appointed class counsel; final approval granted Aug. 18, 2023);

73. *Viruet v. Comm. Surgical Supply, Inc.,* Case No. OCN L-001215-23 (N.J. Sup. Ct., Ocean Cnty.) (appointed co-class counsel; final approval granted Nov. 17, 2023);

74. *K.B, et al v. East Tenn. Children's Hosp. Assoc., Inc.*, Case No. C2LA0081 (Tenn. Cir. Ct., Clinton Cnty.) (appointed co-class counsel; final approval granted December 19, 2023);

75. *Johnson v. Filtration Group LLC*, Case No. 2020-CH-00138 (Ill. Circ. Ct., Cook Cnty.) (appointed class counsel; final approval granted Dec. 22, 2023);

76. *Richardson, et al v. Gershman Investment Corp.*, Case No. 22SL-CC03085 (Mo. Circ. Ct., St. Louis Cnty.) (appointed class counsel; final approval granted Nov. 6, 2023);

77. *McNicholas v. Ill. Gastroenterology Group, PLLC*, Case No. 22LA00000173 (Ill. 19th Jud. Cir. Ct., Lake Cnty.) (appointed class counsel; final approval granted June 23, 2023);

78. *Vandermark v. Mason Tenders' Distr. Counsil Welfare Fund, et al*, Index No. 15336/2023 (N.Y. Supr. Ct., N.Y. Cnty.) (appointed class counsel; final approval granted Oct. 11, 2023);

79. *Lhota, et al v. Mich. Ave. Immediate Care, S.C.*, Case No. 2022-CH-06616 (Ill. Cir. Ct., Cook Cnty.) (appointed class counsel; final approval granted Aug. 15, 2023);

80. *Young, et al v. Military Advantage, Inc., et al*, Case No. 2023LA00535 (Ill. 18th Jud. Cir. Ct., DuPage Cnty.) (appointed class counsel; final approval granted Nov. 2023);

81. *In re Advocate Aurora Health Pixel Litigation*, Case No. 2:22-cv-01253-JPS (ED WI) (appointed class counsel, final approval granted July 10, 2024);

82. *Edri v. Brooklyn Premier Orthopedics and Pain Management PLLC d/b/a Brooklyn Premier Orthopedics,* Case No. 1:23-cv-07943-HG (E.D.N.Y.) (appointed class counsel);

83. *Oche v. National Math & Science Initiative*, Index No. 510959/2023 (N.Y. Supr. Ct, Kings Cnty.) (appointed class counsel; final approval granted June 12, 2024);

84. *Baker, et al v. SLT Lending SPV, Inc., d/b/a SUR La Table,* Case No. 2:23-cv-00190-PPS-

JEM (N.D. Ind.) (appointed interim lead counsel);

85. *Green v. EmergeOrtho, P.A.,* Case No. 22CVS3533 (N.C. Super. Ct., Durham Cnty.) (appointed class counsel; preliminary approval granted Feb. 23, 2024);

86. *Hamilton v. Forward Bank, et al*, Case No. 3:23-cv-00844 (W.D. Wis.) (appointed Settlement Class Counsel; preliminary approval granted September 10, 2024);

87. *In re Retina Group of Washington Data Security Incident Litig.,* Case No. 8:24-cv-00004-TDC (D. Md.) (appointed Interim Co-Lead Counsel);

88. *Trottier, et al v. Sysco Corporation,* Case No. 4:23-cv-01818 (S.D. Tex.) (appointed Interim Co-Lead Counsel);

89. *In Re: PostMeds Inc. Data Breach Litigation,* Case No. 4:23-cv-05710-HSG (N.D. Cal.) (appointed Co-Lead Class Counsel);

90. *In Re Tenet Healthcare Corp. Data Breach Litigation*, Cause No. DC-22-07513 (193rd Jud. Ct. of Tex., Dallas Cnty.) (appointed class counsel; final approval granted June 5, 2024);

91. *Bracy, et al v. Americold Logistics, LLC.,* Case No. 1:23-cv-05743-TWT (N.D. Ga.) (appointed Co-Lead Counsel);

92. *Moure v. DialAmerica Marketing, Inc.,* Case No. 3:22-cv-00625-OAW (D. Conn.) (appointed class counsel; preliminary approval granted Apr. 1, 2024);

93. *Brim v. Prestige Care, Inc.,* Case No. 3:24-cv-05133-BHS (W.D. Wash.) (appointed class counsel);

94. *Drugich, et al v. McLaren Health Care Corporation,* Case No. 2:23-cv-12520-MFL-CI (E.D. Mich.) (appointed class counsel);

95. *Kimber, et al v. Cook County Health and Hospitals System, et al,* Case No. 2023CH09293 (Ill. Cir. Ct, Cook Cty) (appointed co-lead counsel);

96. *Doe v. Lima Memorial Hospital, et al.,* Case No. CV2022 0490 (Crt. of Common Pleas, Allen Cnty., Ohio) (appointed Class Counsel; preliminary approval granted Apr. 11, 2024);

97. *Mikulecky, et al v. Lutheran Social Services of Illinois,* Case No. 2023-CH-00895 (Cir. Ct., Cook Cnty., Il.) (appointed Class Counsel; preliminary approval granted Apr. 17, 2024);

98. *Kidd v. Lifescan Labs of Illinois, LLC*, Case No. 2023LA44 (Cir. Ct., Whiteside Cnty., Ill.) (appointed Class Counsel; preliminary approval granted Apr. 22, 2024);

99. *Rentschler, et al v. Atlantic General Hospital Corporation,* Case No. 1:23-cv-01005-JRR (D. Md.) (appointed Class Counsel; preliminary approval granted Apr. 25, 2024);

100. *Fazenbaker, et al v. Community Health Care, Inc., d/b/a CompleteCare Health Network*, Case No. CUM-L-000036-24 (N.J. Super. Ct, Cumberland Cty) (appointed Interim co-Lead Class Counsel);

101. *Cabezas, et al v. Mr. Cooper Group, Inc.,* Case No. 3:23-cv-02453-n (N.D. Tex.) (appointed Interim Co-Lead Class Counsel);

102. *In re loanDepot Data Breach Litig.*, Case No. 8:24-cv-00136-DOC-JDEx (C.D. Cal.) (appointed Interim Co-Lead Class Counsel);

103. *In re Golden Corral Data Breach Litig.,* Case No. 5:24-cv-00123-M-BM (E.D.N.C.) (appointed Interim Lead Class Counsel);

104. *Rehmsmeyer, et al v. Premium Mortgage Corporation,* Index No. E2024001652 (N.Y. Supreme Court, Monroe Cty.) (appointed Interim Co-Lead Counsel);

105. *Stinson, et al v. YUM! Brands, Inc.,* Case No. 3:23-cv-00183-DJH-LLK (W.D.K.Y.) (Appointed Interim Class Counsel);

106. *Harrell v. WebTPA Employer Services, LLC,* Case No. 3:24-cv-01158-L (N.D. Tex.)(appointed Interim Class Counsel);

107. *In Re Onix Group, LLC Data Breach Litigation,* Case No. 2:23-cv-02288-KSM (E.D. Pa.) (appointed Class Counsel);

108. *Maroulis, et al v. Cooper Clinic, P.A., et al,* Case No. DC-24-00843 (44th Jud. Ct. of Tex., Dallas Cnty.) (Appointed Interim Co-Lead Counsel);

109. *Hulewat v. Medical Management Resource Group LLC,* Case No. CV-24-00377-PHX-DJH (D. Ariz.) (Appointed Interim Co-Lead Counsel);

110. *Spann v. Superior Air-Ground Ambulance Service, Inc.*, Case No. 1:24-cv-04704 (N.D. Ill.) (Appointed Interim Co-Lead Counsel);

111. *Garza, et al v. HealthAlliance, Inc. d/b/a HealthAlliance Hospital, et al*, Index No. 72450/2023 (N.Y. Sup. Ct., Westchester Cnty.) (appointed Class Counsel; final approval granted December 5, 2024);

112. *Wilson v. Frontier Communications Parent, Inc.,* Case No. 3:24-cv-01418-L (N.D. Tex.) (Appointed Interim Class Counsel);

113. *Glebiv, et al v. Midwest Gaming & Entertainment, LLC.*, Case No. 1:23-cv-16225 (N.D. Ill.) (Appointed Co-Lead Counsel);

114. *In Re: Advance Stores Company, Incorporated, Data Breach Litigation,* Case No. 5:24-cv-00352-M (E.D. Va.) (appointed Interim Class Counsel);

115. *In re HealthEquity, Inc. Data Security Incident Litigation*, Case No. 2:24-cv-00528 (D. Utah) (appointed interim class counsel);

116. *Brink v. Sysinformation Healthcare Services, LLC d/b/a EqualizerCM and 1st Credentialing,* Case No. 1:24-cv-00501 (W.D. Tex.) (appointed Interim Class Counsel);

117. *In re Trionfo Solutions, LLC Data Breach Litig.*, Case No. 1:24-cv-04547 (D. Ill.) (appointed interim co-lead class counsel);

118. *In Re Kootenai Health, Inc. Data Breach Litig.*, Case No. 2:24-cv-00205 (D. Idaho) (appointed interim co-lead class counsel);

119. *Cruz-Bermudez, et al. v. Henry Schein, Inc.*, Case No. 2:24-cv-00387-BMC (E.D. NY) (appointed interim co-lead class counsel);

120. *Okonski, et al. v. Progressive Casualty Ins. Co.*, Case No. 1:23-cv-01548-PAG (N.D. OH) (appointed interim co-lead class counsel);

121. *Ocampo v. LifeBridge Health, Inc.*, Case No. C-03-CV-23-001095 (Md. Cir. Ct., Baltimore Cty.) (appointed interim co-lead class counsel);

122. *In Re Arthur J. Gallager Data Breach Litigation*, Case No. 1:22-cv-00137 (N.D. IL) (appointed interim co-lead class counsel);

123. *Jeremy Hufstetler, et al. v. Upstream Rehabilitation, Inc., et al.*, Case No. 01-cv-2024-902563.00 (AL Cir. Ct., Jefferson Cty.) (appointed interim co-lead class counsel);

124. *McNally, et al v. InfoSys McCamish Systems, LLC*, Case No. 1:24-cv-00995-JPB (N.D. Ga.) (appointed Interim Co-Lead Counsel)

125. *In re Mondelez Data Breach Litigation*, Case No. 1:23-cv-03999 (N.D. Ill.) (appointed Interim Co-Lead Counsel);

126. *Hulse, et al v. Acadian Ambulance Service, Inc.*, Case No. 6:24-cv-01011-DCJ-CBW (W.D. La.) (appointed Interim Co-Lead Counsel);

127. *In Re Philadelphia Inquirer Data Security Litigation*, Case No. 2:24-cv-02106-KSM (E.D. Pa.) (appointed Class Counsel);

128. *Voelker, et al v. Enroll Confidently, Inc.,* Case No. 2:24-cv-01886 (D. Ariz.) (appointed Co-Lead Interim Class Counsel);

129. *In Re: Group Health Plan Litigation,* Case No. 0:23-cv-00267-JWB-DJF (D. Minn) (appointed Settlement Class Counsel; final approval granted November 5, 2024);

130. *In re: Morrison Community Hospital Data Breach Litigation*, Case No. 2023-CH-19 (14th Jud. Cir. Ct. IL, Whiteside Cnty.) (appointed Co-Lead Class Counsel);

131. *Skillings, et al v. Access Sports Medicine and Orthopaedics, PLLC*, Case No. 218-2024-

CV-01086 (appointed Interim Co-Lead Class Counsel).

132. *Fernandez v. AUS, Inc.*, Case No. BUR-L-000674-24 (NJ Superior Crt., Burlington Cnty.) (appointed interim Settlement Class Counsel);

133. *In re: Gateway Rehabilitation Center, Data Breach Litigation*, Case No. GD-22-14713 (Crt. Common Pleas, Allegheny Cnty. PA) (appointed Co-Class Counsel);

134. *Spann, et al. v. Superior Air-Ground Ambulance Service, Inc.*, Case No. 1:24-cv-04704 (USDC Northern Dist. IL) (appointed Co-Class Counsel);

135. *Getzinger, et al. v. Kemper Sports Management LLC*, Case No. 1:24-cv-08503 (USDC Northern Dist. IL) (appointed to Plaintiffs' Executive Committee);

136. *Doe, et al. v. HSCGP, LLC*, Case No. 23C2513 (Cir. Crt. 20th Jud. Dist., Davidson County, TN) (appointed Co-Lead Class Counsel);

137. *Byers et al v. OrthoAlaska, LLC*, Case No. 3:23-cv-00242-SLG (D. Alaska) (appointed Settlement Class Counsel);

138. *Alexander et al v. Summit Pathology Laboratories, Inc. D/b/a Summit Pathology*, Case No. 1:24-cv-02939 (D. Co.) (appointed Interim Co-Lead Class Counsel);

139. *In re Gryphon Healthcare LLC Data Breach Litigatio*n, Case No. 4:24-cv-3946 (S.D. Tex.) (appointed Interim Co-Lead Class Counsel);

# Exhibit B

FILED
2021 SEP 28
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 19-2-26674-1 SEA

THE HONORABLE DEAN LUM
Department 12

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

JANE DOE and JOHN DOE, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

VIRGINIA MASON MEDICAL CENTER, and VIRGINIA MASON HEALTH SYSTEM,

Defendants.

NO. 19-2-26674-1 SEA

**~~[PROPOSED]~~ ORDER GRANTING MOTION FOR CLASS CERTIFICATION**

Plaintiffs Jane Doe and John Doe moved for certification of a class of Washington residents who are or were patients of defendants Virginia Mason Medical Center or Virginia Mason Health System (together, "Virginia Mason") or any of their affiliates and who exchanged communications at www.virginiamason.org or the MyVirginiaMason patient portal. The Court has considered the motion, opposition, reply, and surreply, and the evidence submitted by the parties, as well as counsel's argument at the September 17, 2021, hearing on the motion, and is fully advised.

Plaintiffs are patients of Virginia Mason Medical Center who allege that Virginia Mason bugs its web-property to redirect its patients' identities and confidential communications to third-party digital marketing companies. Plaintiffs allege that when they used Virginia Mason's



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

web-property, the "bugs" that VM planted—tracking pixels that scrape HTML tags and text from Internet communications—transmitted Plaintiffs' personally identifiable information and communications with Virginia Mason to Facebook, Google, Signal, and The Trade Desk. The transmitted information included health information that Virginia Mason shared when a patient entered, exited, or communicated inside the "MyVirginiaMason" patient portal. Plaintiffs allege that tens of thousands of Washingtonians have been subjected to the same allegedly unlawful practices. Plaintiffs assert claims for violation of the Washington Consumer Protection Act, per se violation of the CPA, identity theft, intrusion upon private affairs, fraudulent concealment/ nondisclosure, breach of confidentiality, violation of the Washington Healthcare Information Act, negligence, breach of contract, and quasi-contract/unjust enrichment.

A "primary function of the class action is to provide a procedure for vindicating claims [that], taken individually, are too small to justify individual legal action but which are of significant size and importance if taken as a group." *Chavez v. Our Lady of Lourdes Hosp. at Pasco,* 190 Wn.2d 507, 514, 54 P.3d 665 (2018) (quoting *Brown v. Brown*, 6 Wn. App. 249, 253, 492 P.2d 581 (1971)). A class should be certified if it satisfies the requirements of CR 23(a)—numerosity, commonality, typicality, and adequacy—and the 23(b)(3) requirements that common questions of law or fact "predominate over any questions affecting only individual members" and a class action be "superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* at 514.

The Court finds that the CR 23(a) requirements are satisfied. A class with at least 40 members is sufficiently large for class certification. *Chavez*, 190 Wn.2d at 520; CR 23(a)(1). There are more than 84,000 potential members of the Class, satisfying the numerosity requirement. Virginia Mason argues that the Class is not "sufficiently identifiable" but it does not have to be. It is enough that the class definition is based on objective criteria. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017). The class definition is based on



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

objective criteria and most Class members can be identified from Virginia Mason's data.

CR 23(a)(2) requires that there be questions of law or fact common to the class. A single common issue important to the outcome of the litigation is enough. *Behr*, 113 Wn. App. at 320. "[T]here is a low threshold to satisfy this test." *Id.* at 320, 54 P.3d 665. If a defendant has "engaged in a 'common course of conduct' in relation to all potential class members," class certification is appropriate regardless of whether "different facts and perhaps different questions of law exist within the potential class." *Brown*, 6 Wn. App. at 255; *see also Pellino v. Brink's Inc.*, 164 Wn. App. 668, 267 P.3d 383 (2011) ("CR 23 does not require 'that the shared questions of law or fact be identical' as to each individual class member." (quoting *Miller v. Farmer Bros. Co.*, 115 Wn. App. 815, 824, 64 P.3d 49 (2003)).

The overarching common questions in this case are whether Virginia Mason bugged its web-property with source code that caused tracking cookies to be deposited on Plaintiffs' and class members' computing devices, whether Virginia Mason disclosed Plaintiffs' and class members' personally identifiable data and communications to third parties, and whether Virginia Mason accurately disclosed its practices in its privacy policies. Answering these questions will resolve common issues that are central to all class members' claims. Additional common questions include whether Virginia Mason knew or should have known its web-property transmitted class members' data to third parties, whether Virginia Mason breached duties of confidentiality to class members, whether Virginia Mason's privacy policies constitute an enforceable contract with class members and, if so, whether Virginia Mason breached it, whether Virginia Mason's conduct is unfair or deceptive in violation of the CPA, and whether class members were damaged by Virginia Mason's conduct.

The CR 23(a)(3) typicality requirement "is satisfied if the claim 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Pellino*, 164 Wn. App. at 684 (quoting *Behr*, 113 Wn. App. at 320). "Where the same unlawful conduct is alleged to have



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

affected both the named plaintiffs and the class members, varying fact patterns in the individual claims will not defeat the typicality requirement." *Id*. Typicality is satisfied. Plaintiffs' claims arise from the same course of conduct that gives rise to the claims of other Class Members and are based on the same legal theories.

Virginia Mason argues that Plaintiffs' posting of some medical information on their personal Facebook pages creates unique defenses. But the premise of liability in this case, and privacy cases generally, is that it is the patient's choice to disclose protected data and it is actionable for a medical provider to intrude upon that choice regardless of what the plaintiff has chosen to do with her information. *See In re Hulu Privacy Litig.*, No. C 11-03764 LB, 2014 WL 2758598, at *21 (N.D. Cal. Jun. 17, 2014) ("A user's independent actions do not alter the analysis of whether Hulu knowingly disclosed PII."). For similar reasons, it is also irrelevant that Plaintiffs, and other Class members, use different types of devices to access the internet and have different practices with respect to internet privacy. Virginia Mason's patient portal was also designed to prevent patients from blocking third-party disclosures by requiring patients to enable cookies to enter the patient portal. There is also no merit to Virginia Mason's argument that Plaintiffs did not allow it sufficient discovery of their computers and mobile devices since Virginia Mason did not move to compel and courts "generally require a heightened showing of good cause" to take the "extreme step" of accessing highly personal and sensitive material on personal computers. *Cefalu v. Holder*, No. 12-0303 THE, 2013 WL 4102160, at *1 (N.D. Cal. Aug. 12, 2013).

The fourth prerequisite for certification is a finding that the named plaintiffs will "fairly and adequately protect the interest of the class." CR 23(a)(4). This requirement is satisfied if the named plaintiffs are able to prosecute the action vigorously through qualified counsel and the plaintiffs do not have interests antagonistic to those of Class members. *See Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003). Plaintiffs and their counsel have shown their commitment to pursuing this case on behalf of the Class. Plaintiffs have no



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

interests antagonistic to the other Class Members and Plaintiff's counsel is experienced in litigating class actions and privacy claims. The adequacy requirement is satisfied.

The Court also finds that the CR 23(b)(3) requirements are satisfied. A class action may be maintained under CR 23(b)(3) if the "court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." CR 23(b)(3).

"To determine whether common issues predominate over individual ones, a trial court pragmatically examines whether there is a common nucleus of operative facts in each class member's claim." *Chavez*, 190 Wn.2d at 516. "The relevant inquiry is whether the issue shared by class members is the dominant, central, or overriding issue in the litigation." *Id.* (quoting *Miller*, 115 Wn. App. at 825). Predominance is "not defeated merely because individual factual or legal issues exist; ... '[a] single common issue may be the overriding one in the litigation, despite the fact that the suit also entails numerous remaining individual questions.'" *Id.* at 519 (alterations in original) (quoting *Miller*, 115 Wn. App. at 825). It is well established that "[a] class action is not precluded by the possibility that individual issues may predominate once the general illegality of the questioned practice is determined." *Johnson v. Moore*, 80 Wn.2d 531, 535, 496 P.2d 334 (1972).

The central common questions in this case—whether Virginia Mason bugged its web-property; whether Virginia Mason caused tracking cookies used by third parties to be deposited on and accessed from Plaintiffs' and class members' computing devices, whether Virginia Mason disclosed Plaintiffs' and class members' personally identifiable data and communications to third parties, and whether Virginia Mason accurately disclosed this practice in its privacy policies—will be answered with common evidence, including expert testimony and testimony of Virginia Mason employees about the source code on the web-property and the privacy policy disclosures, internal Virginia Mason documents, and evidence



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

related to the third parties that obtained class members' data and communications. Any one of these common questions is sufficiently dominant to satisfy predominance.

Virginia Mason has not identified any individualized issues that preclude certification. The arguments in Virginia Mason's surreply support class certification because they raise common questions rather than individualized ones. Virginia Mason also relies on *In re Hulu Privacy Litigation*, No. C 11-03764 LB, 2014 WL 2758598 (N.D. Cal. Jun. 17, 2014), but *Hulu* did not address the conduct at issue in this case since Virginia Mason used post-*Hulu* cookie-syncing technologies. Because the Class includes only patients, Virginia Mason's argument that non-patients could be visiting its web-property is irrelevant. Whether patient status is protected health information is a common question, as is whether Virginia Mason's conduct caused Class Members' injuries. Finally, Plaintiffs are not required to show that damages can be proven with common evidence. *See Chavez*, 190 Wn.2d at 521.

Superiority is satisfied when a class action is superior to other methods of adjudication for resolution of the claims at issue. *Chavez*, 190 Wn.2d at 511. Factors relevant to superiority include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. CR 23(b)(3).

The relevant factors support certification. Class Members are unlikely to be aware of the claims asserted in this case and unlikely to pursue litigation because of the amount of damages they may recover. *See Chavez*, 190 Wn.2d at 523 ("Where individual damages are small, the class vehicle is usually deemed to be superior."). There are also no manageability concerns that undermine superiority. Class treatment will conserve judicial resources, promote consistency, and ensure that class members have their day in court. The existence of some individual issues and the fact that they "might take some time to resolve does not make



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

a class action unmanageable." *Chavez*, 190 Wn.2d at 521; *see also id.* ("Trial courts have a 'variety of procedural options to reduce the burden of resolving individual damage issues, including bifurcated trials, use of subclasses or masters, pilot or test cases with selected class members, or even class decertification after liability is determined.'" (citation omitted)).

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion for Class Certification is GRANTED.

1. The following class is certified under CR 23(a) and (b)(3):

> All Washington residents who are, or were, patients of Virginia Mason Medical Center or Virginia Mason Health System or any of their affiliates and who exchanged communications at www.virginiamason.org or the MyVirginiaMason patient portal.

2. Jane Doe and John Doe are appointed to serve as Class Representatives and the law firms of Simmons Hanly Conroy, LLC, Terrell Marshall Law Group PLLC, the Gorny Law Firm LC, Kiesel Law LLP, and the Simon Law Firm, PC are appointed to serve as Class Counsel.

3. The parties are directed to meet and confer about providing notice to class members and propose a notice plan to the Court within 30 days of entry of this order.

IT IS SO ORDERED.

DATED this 27 day of September, 2021.

THE HONORABLE DEAN LUM



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Presented by:

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Amanda M. Steiner, WSBA #29147
Email: asteiner@terrellmarshall.com
Ryan Tack-Hooper, WSBA #56423
Email: rtack-hooper@terrellmarshall.com
Benjamin M. Drachler, WSBA #51021
Email: bdrachler@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Mitchell Breit
Email: mbreit@simmonsfirm.com
SIMMONS HANLY CONROY LLC
112 Madison Avenue, 7th Floor
New York, New York 10016-7416
Telephone: (212) 784-6400
Facsimile: (212) 213-5949

Jason "Jay" Barnes, *Admitted Pro Hac Vice*
Email: jaybarnes@simmonsfirm.com
Email: kdunnagan@simmonsfirm.com
Eric S. Johnson, *Admitted Pro Hac Vice*
Email: ejohnson@simmonsfirm.com
SIMMONS HANLY CONROY LLC
One Court Street
Alton, Illinois 62002
Telephone: (618) 259-2222

Stephen M. Gorny, *Admitted Pro Hac Vice*
Email: steve@gornylawfirm.com
Christopher D. Dandurand, *Admitted Pro Hac Vice*
Email: chris@gornylawfirm.com
Email: linda@gornylawfirm.com
THE GORNY LAW FIRM, LC
4330 Belleview Avenue, Suite 200
Kansas City, Missouri 64111
Telephone: (816) 756-5071
Facsimile: (816) 756-5067

Jeffrey A. Koncius, *Admitted Pro Hac Vice*
Email: koncius@kiesel.law
Nicole Ramirez, *Admitted Pro Hac Vice*
Email: ramirez@kiesel.law
Email: jmendez@kiesel.law
KIESEL LAW LLP
8648 Wilshire Blvd.
Beverly Hills, California 90211
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

*Attorneys for Plaintiffs*