Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To: All Actions

**Master File No. 3:23-cv-01033-RS**

Hon. Richard Seeborg

**DECLARATION OF JANE DOE ONE IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Hearing Date: August 28, 2025
Time: 1:30 p.m.
Courtroom: 3
Judge: Hon. Richard Seeborg

I, JANE DOE ONE, declare as follows:

1. I am an individual over the age of twenty-one (21) and I submit this Declaration based upon my own personal knowledge of the facts stated in this.

2. I am one of the Plaintiffs in the above captioned matter.

3. I am currently a resident of the State of Michigan.

4. I created my BetterHelp account in approximately October of 2021 for help with dialectical behavior therapy and cognitive behavior therapy.

5. Before creating my account, I was required to fill out the Intake Questionnaire in effect at that time and provided my personal private information as requested by BetterHelp. Upon completing the Intake Questionnaire, I created an account for the Service by entering my name, email address, phone number, and emergency contact information. I also entered in my credit card information at that time.

6. In the course of filling out that questionnaire, I read and relied on BetterHelp's representations concerning its commitment to keep the information I provided confidential.

7. Ultimately, I signed up for BetterHelp's services for which I paid BetterHelp approximately $240 for a month.

8. I had a Facebook and Instagram account during the relevant time period.

9. I reasonably expected that my communications with BetterHelp were solely between myself and BetterHelp and that any information I provided to BetterHelp would be maintained as confidential. Had I known that Defendant would not keep my personal information confidential, I would not have completed the questionnaire and would not have paid for their service.

10. Both during and after stopping use of the service, I began to receive advertisements from BetterHelp encouraging me to renew her use of the service multiple times a day. I started to see an increase in BetterHelp advertisements after she stopped using the service and still get advertisements from them to this day even though I stopped using their services years ago. I have also since learned that my personal information, including the name of the therapist I was assigned by Better Help, was shared with third parties, including Meta. I never consented to BetterHelp

doing so.

11. I first learned that BetterHelp had shared my private information without my consent or knowledge after I read a CNN article in or about March of 2023.

12. I actively sought counsel in this case, in attorneys for Whatley Kallas LLP. I have communicated and engaged with my counsel on an ongoing basis and will continue to do so until the case is resolved. I am familiar with the facts alleged in the complaint and understand the nature of the claims. I have reviewed and gathered documents in order to respond to discovery. I participated in an all day deposition in April of this year, and had to take time off from work to travel to Chicago Illinois to do so.

13. I understand my role and responsibilities as a class representative of others who were similarly targeted by BetterHelp's conduct. I am committed to the vigorous prosecution of this suit and view my interests and claims as typical of those of absent class members.

14. I have not been promised any consideration in exchange for acting as a class representative. I intend to appear at trial if called.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in Grand Haven, Michigan as of May 2, 2025.

*/s/ Jane Doe One*
Jane Doe One