Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTMYN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To: All Actions

**Master File No. 3:23-cv-01033-RS**

Hon. Richard Seeborg

**DECLARATION OF JANE DOE THREE IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

| | |
|---|---|
| Hearing Date: | August 28, 2025 |
| Time: | 1:30 p.m. |
| Courtroom: | 3 |
| Judge: | Hon. Richard Seeborg |

I, JANE DOE THREE, declare as follows:

1. I am an individual over the age of twenty-one (21) and I submit this Declaration based upon my own personal knowledge of the facts stated in this.

2. I am one of the Plaintiffs in the above-captioned matter.

3. I am a resident of the State of California.

4. I created my BetterHelp account in approximately October of 2018 for mental health counseling.

5. Before creating my account, I was required to fill out the Intake Questionnaire in effect at that time and I provided my Private Information as requested by BetterHelp. Upon completing the Intake Questionnaire, I created an account for the Service by entering my name, email address, phone number, and emergency contact information. I also entered in my credit card information at that time.

6. In the course of filling out my questionnaire, I read and relied on BetterHelp's representations concerning its commitment to keep the information I provided confidential.

7. I used the platform to review billing information and to communicate with my therapist.

8. Ultimately, I signed up for BetterHelp's services, for which I paid BetterHelp approximately $954 for mental health services.

9. I had a Facebook, Instagram, and Twitter account during the relevant time period. Shortly after using the Service, I began to receive advertisements for BetterHelp products and services that I believe resulted from my use of the Service.

10. I reasonably expected that my communications with BetterHelp were solely between myself and BetterHelp and that any information that I provided to BetterHelp would be maintained as confidential. Had I known that Defendant would not keep my information confidential I would not have completed the questionnaire and would not have paid for their service.

11. I first learned that BetterHelp had shared my private information without my consent or knowledge after I read a Facebook post in or about March of 2023.

12. I actively sought counsel in this case in attorney Christina Tusan who was originally an attorney with HammondLaw, PC and now is an attorney with Tusan Law, PC. I have communicated and engaged with my counsel on an ongoing basis and will continue to do so until the case is resolved. I am familiar with the facts alleged in the complaint and understand the nature of the claims. I have reviewed and gathered documents in order to respond to discovery. I participated in a half-day deposition on March 28, 2025, and I had to take time off from work to travel to downtown Los Angeles to do so.

13. I understand my role and responsibilities as a class representative of others who were similarly targeted by BetterHelp's conduct. I am committed to the vigorous prosecution of this suit and view my interests and claims as typical of those of absent class members.

14. I have not been promised any consideration in exchange for acting as a class representative. I intend to appear at trial if called.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in Los Angeles, California, as of May 5, 2025.

*/s/*
Jane Doe Three