Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**<br><br>This Document Relates To: All Actions | **Master File No. 3:23-cv-01033-RS**<br><br>Hon. Richard Seeborg<br><br>**PLAINTIFFS' TRIAL PLAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date:  August 28, 2025<br>Time:  1:30 p.m.<br>Courtroom:  3<br>Judge:  Hon. Richard Seeborg |

# I.  INTRODUCTION

Plaintiffs respectfully submit this Trial Plan in support of their motion for class certification (the "Motion" or "Mot."). This Trial Plan explains how the case can be tried efficiently and consistent with Rule 23's requirements.[1]

# II.  THE PROPOSED CLASSES AND THE CLAIMS

This case is about the illegal and unauthorized sharing of the personal confidential information of millions of consumers nationwide by Defendant BetterHelp, Inc. ("BetterHelp"). During the Class Period, whenever a visitor or user of the BetterHelp websites or apps[2] interacts with these websites or apps, BetterHelp collected and shared information about users' activities to Meta (formerly Facebook), Google, MixPanel, Twitter, Snapchat, and more than a dozen other third party marketers. It did so by using pixels, web beacons, cookies, and other online tracking technologies ("Tracking Tools") embedded on numerous pages throughout BetterHelp's websites and apps, including its Intake Questionnaire, to track, collect, and disclose the sensitive and information Class Members thought they were sharing only with a trusted mental health services provider, not with third party marketers.

BetterHelp has admitted and represented numerous times to the FTC as well as to the public that it is subject to the rules and regulations of HIPAA, and BetterHelp uniformly assured its users that their systems were "HIPAA certified" or HIPAA compliant and protected. However, after being sanctioned by the FTC and following the commencement of this litigation, BetterHelp now claims that it is not subject to HIPAA. BetterHelp also now claims that no personal confidential information was shared with third parties. Yet common evidence adduced in discovery, examples of which are submitted to the Court in support of this Motion, will be used to prove that significant confidential personal information was systematically shared by BetterHelp with numerous third parties – including Facebook, Google and MixPanel. Class Cert Mot., Section II.A.  See

---

[1] This Trial Plan is not intended to present an exhaustive list of evidence and witnesses that Plaintiffs plan to use. Plaintiffs will continue to evaluate the case as it proceeds toward trial.
[2] These include Faithful Counseling, Pride Counseling, Teen Counseling, ReGain, iCounseling, Terrapeuta, and MyTherapist.

1

Ps TRIAL PLAN ISO MOTION FOR CLASS CERTIFICATION                    Master File No. 3:23-cv-01033-RS

Declaration of Christina Tusan in support of Plaintiffs' Administrative Motion to Seal and Motion for Class Certification ("CT. Seal Dec."), Exs. 5 at 85:16-86:4, 92:2-12, 158:23-159:12, and 160:9-2, Ex. 12, Ex. 26. This information was intercepted by and disclosed to third parties along with users' identifying information, such as their IP address, user agent, device properties, and account identifiers (e.g., a Facebook ID or Google account identifier).

Plaintiffs are pursuing numerous claims on behalf of the millions of individuals who completed BetterHelp's Intake Questionnaire and provided BetterHelp with their email address, and had their confidential information intercepted by and disclosed to unauthorized third parties: (1) invasion of Class Members' privacy in violation of the California Constitution, Art. I Section 1; (2) intrusion upon Class Members' seclusion in violation of California privacy law; (3) Breach of Implied Contract; (5) Unjust Enrichment; (6) Violation of the Electronic Communications Privacy Act (ECPA) Wiretapping (18 U.S.C. § 2510 *et seq.*); (7) Violation of the Electronic Communications Privacy Act (ECPA) Stored Communications Act (18 U.S.C. § 2702, *et seq.*); (8) Violation of the California Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*); (9) Violation of the California Consumer Privacy Act (Cal. Civ. Code § 1427, *et seq.*); and (10) Violation of the California Unfair Competition Law (Cal. Bus. Prof. Code § 17200, *et seq.*). These claims have survived BetterHelp's motions to dismiss.

Plaintiffs seek to certify three classes under Federal Rules of Civil Procedure 23(b)(3) – a nationwide class, a nationwide subclass, and a California subclass.

- Class 1: **Nationwide Class (represented by all Plaintiffs):** "All individuals residing in the United States who, during the period beginning January 1, 2017 and continuing through March 7, 2023 (the "Class Period"), completed the BetterHelp Intake Questionnaire and provided BetterHelp with their email address."

- Class 2: **Nationwide User Subclass (represented by all Plaintiffs):** "All individuals residing in the United States who, during the Class Period, completed the BetterHelp Intake Questionnaire, provided BetterHelp with their email address, and paid BetterHelp for services."

- Class 3: **California Subclass (represented by Plaintiffs T.R. and Jane Doe III):** "All individuals residing in California who, during the Class Period, completed the BetterHelp Intake Questionnaire and provided BetterHelp with their email address."

California law applies to all claims and for all class members, particularly because Better Help's headquarters are in California; the servers where such communications were intercepted are in California; all of the relevant tracking activity took place in California; the primary decisions about using and placing Tracking Tools and aiding third parties in intercepting the communications of millions of Class Members were made in California; and over 14 percent of BetterHelp's registered users are in California. CT Seal Dec. Ex. 38 at 210:14-212:8, and Ex. 42 at 37:14-39:6.

### III.  SCOPE AND LENGTH OF TRIAL

All issues can be tried together in a single trial. Subject to the Court's guidance, Plaintiffs will likely present a combination of live and videotaped testimony from the five named Plaintiffs seeking to serve as class representatives; Plaintiffs' two experts; several current and former BetterHelp employees; as well as likely other witnesses, including representatives from third parties such as Meta, and Teladoc Health, Inc., BetterHelp's parent company as well as present numerous documents, such as attached to the CT Seal Dec. Including jury selection, Plaintiffs' current estimate is that trial can be completed in approximately 20 court days, with Plaintiffs and BetterHelp equally splitting their time.[3]

### IV.  COMMON ISSUES AND EVIDENCE

#### A.  Factual Stipulations

BetterHelp has taken the position that "[o]nly the technologies in issue in the lawsuit are relevant (i.e., pixels and any other technologies that analyze or track consumer behavior and which Plaintiffs allege 'take' information from BetterHelp's website)." ECF No. 154 at 3-4. Plaintiffs agree that the case's central questions turn on common, classwide, evidence such as those Tracking Tools, BetterHelp's disclosures about how information was supposedly not shared, explanations of website and app coding, expert testimony describing BetterHelp's Tracking Tools, and expert testimony regarding the calculation of class-wide monetary relief.

Through factual stipulations, the Parties can further simplify the presentation of the case's central questions to the jury. For example, the parties may be able to agree on the relevant set of

---

[3] This assumes cross examinations count against the examiner's time and that BetterHelp's defense is of reasonable length.

1  BetterHelp's disclosures for the Class Period, including admissions BetterHelp has already made
2  to the FTC. The Parties can also likely stipulate to certain aspects of how the Tracking Tools
3  function. Factual stipulations about such topics will streamline a trial that is already relatively
4  straightforward. The parties also may be able to stipulate regarding the number of potential Class
5  Members that fit within Plaintiffs' defined Class and Subclasses.

### B. Documentary Evidence

Plaintiffs will rely on and present at trial internal BetterHelp admissions, key documents and emails as common, class-wide proof to support their claims, examples of which are submitted in support of the Motion, including instances of users, therapists and BetterHelp employees recognizing that BetterHelp's disclosures are prohibited by HIPAA and other laws and were made without the authorization of the Class Members. Plaintiffs will also rely on both public and nonpublic BetterHelp summaries of the types of information they gathered, and discussions of the operation of the Tracking Tools. As trial approaches and in accordance with Rule 26 and this Court's pretrial procedures, Plaintiffs will provide BetterHelp with a discrete list of documents that they intend to rely on to prove their case with common, class-wide proof, and Better Help will do the same in terms of the defenses it intends to raise.

### C. Fact Witness Testimony

Through a combination of live testimony and perhaps videotaped deposition testimony, Plaintiffs (and/or BetterHelp) may offer testimony from current and former BetterHelp employees to discuss the factual issues set forth above, including potentially this non-exhaustive list of representative witnesses:

1. Alon Matas – BetterHelp's former President
2. Danny Bragonier – BetterHelp's Co-Founder and Chief Operating Officer
3. Jessica Hornbarger – BetterHelp's Principal Marketing Analyst
4. Niklas Vaughn – BetterHelp's designated 30(b)(6) deposition witness
5. Sharon Cohen – BetterHelp's Head of Cyber Security
6. Wes Kaplan – BetterHelp Senior Software Engineer
7. Alain Adler – BetterHelp Head of Engineering

1    Plaintiffs' five proposed class representatives will also testify either live or through playing
2    of their videotaped depositions taken by BetterHelp's counsel:
3        1.    Jane Doe I
4        2.    Jane Doe III
5        3.    L.M.
6        4.    T.R.
7        5.    S.C.
8    Each Plaintiff will describe their completion of the Intake Questionnaire and providing
9    their email address to BetterHelp, their reasonable expectations of privacy and confidentiality
10   based on the fact that they were visiting the website for a mental health provider for the purpose
11   of seeking mental health treatment, as well as their commonsense interpretation that "HIPAA
12   certified" and "compliant" means that HIPAA applied to the protection of their information by
13   BetterHelp, and that they did not consent to BetterHelp intercepting, recording, disclosing, and
14   using their confidential communications with third parties such as Meta, Google, and other third-
15   party marketers.

###     D.    Expert Testimony

Consistent with their expert reports, which are submitted to the Court in support of Plaintiffs' motion for class certification, Plaintiffs anticipate the submitting the following expert testimony at trial (the general opinions they intend to testify about are set forth in the reports attached to their submitted Declarations):

**Professor Zubair Shafiq:** Professor Shafiq, is a renowned security technologist who researches, writes, and speaks about computer security and Internet security.

**Eric Krause:** Plaintiffs' damages expert Eric Krause is an economist and the Director of Applied Economics Consulting Group, Inc., where he conducts economic and financial analysis for a wide variety of clients across several industries.

###     V.    NOTICE PROGRAM AND POST-JUDGMENT ADMINISTRATION

Consistent with the process followed in other class cases, if the class is certified, Plaintiffs will present a notice program and claims administration protocol for the Court's review and

1  approval, which would govern the pre-trial notice program as well as post-judgment submission,
2  processing, and resolution of claims. A version of such a program has been initiated *In the Matter*
3  *of BETTERHELP, INC.*, et al. FTC administrative action (FTC File No. 2023169), and was
4  completed in August 2024. The FTC used Ankura Consulting Group as the notice and refund
5  administrator. Plaintiffs have no objection to using that company as the notice administrator here.
6  A direct notice plan can be supplemented with other methods to increase the reach of the notice,
7  including by way of a media plan, upon certification of the class, with the parties either reaching
8  a stipulation as to the scope of that plan or presenting their respective views on how to do so.

## VI. CONCLUSION

Plaintiffs seek the opportunity to efficiently try this case as a class action, consistent with Rule 23's requirements.

Dated: May 8, 2025

*/s/ Gary M. Klinger*
Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: May 8, 2025

*/s/ Christina Tusan*
Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: May 8, 2025

Maureen M. Brady
Maureen M. Brady
McShane AND Brady LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

|   |   |
|---|---|
|   | *Plaintiffs' Co-Lead Interim Class Counsel* |
| Dated: May 8, 2025 | */s/ Alan M. Mansfield* <br> Alan M. Mansfield (SBN: 125998) <br> amansfield@whatleykallas.com <br> WHATLEY KALLAS LLP <br> 1 Sansome Street, 35th Floor <br> PMB #131 <br> San Francisco, CA 94104 / <br> 16870 West Bernardo Drive, Ste 400, San Diego, CA 92127 <br> Phone: (619) 308-5034 <br> Fax: (888) 341-5048 |
|   | *Plaintiffs' Liaison Counsel* |