LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To:

All Cases/

Case No. 3:23-cv-01033-RS

**BETTERHELP, INC.'S STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE ECF NOS. 169, 169-3, 169-4, 169-5, AND 169-6]**

Courtroom: 3 – 17th Floor
Judge: Hon. Richard J. Seeborg

Defendant BetterHelp, Inc. ("BetterHelp") submits this statement pursuant to Local Rule 79-5(f)(3) in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal (the "Administrative Motion") (ECF No. 169). For the reasons stated below and in the accompanying declaration of Sara Brooks, BetterHelp requests that Court order (i) certain exhibits to the Declaration of Christina Tusan ("Tusan Decl.") (ECF 169-4) to remain under seal in their entirety and redacted versions of other exhibits be filed publicly;[1] (ii) a redacted version of the Declaration of Zubair Shafiq, Ph.D. and exhibits thereto (the "Shafiq Declaration") (ECF No. 169-5) be filed publicly; (iii) a redacted version of the Declaration of Eric Krause, MBA (the "Krause Declaration") (ECF No. 169-6) and exhibits thereto be filed publicly; and (iv) that the redacted version of Plaintiffs' Motion for Class Certification, which redacts the information that is the subject of this statement, remain on the public docket.[2]

## I. LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Courts in the Ninth Circuit apply the compelling reasons standard

[1] BetterHelp does not request that Exhibits 7, 15, 21, 29, 31-32, 34, 36, and 43 to Tusan's declaration remain under seal.

[2] Plaintiffs attached Exhibits 1-43 to the Tusan Declaration as a single docket entry, ECF No. 169-4. In an attempt to efficiently present the exhibits to the Court for its ruling, BetterHelp has grouped the Tusan Exhibits into four categories and attaches them, respectively, as Exhibits A through D to this Statement:

Exhibit A (public filing) contains the Tusan Exhibits that do not need to be sealed; Exhibit B (restricted filing) attaches the Tusan Exhibits that BetterHelp requests be sealed in entirety; Exhibit C (public filing) attaches the Tusan Exhibits requiring redactions (with redactions applied); and Exhibit D (restricted filing) attaches the Tusan Exhibits requiring redactions (with highlights applied for the Court's review).

Similarly, BetterHelp also attaches as Exhibits E and F, and Exhibits G and H, respectively, the redacted and highlighted versions of the Shafiq and Krause declarations for the Court's review.

to sealing requests related to a motion for class certification. *See King v. Nat'l Gen. Ins. Co.*, No. 15-cv-00313-DMR, 2024 WL 4455527, at *1 (N.D. Cal. Oct. 8, 2024).

## II. BETTERHELP'S CONFIDENTIAL INFORMATION SHOULD REMAIN SEALED

BetterHelp requests that the Court seal documents and testimony that disclose BetterHelp's financial performance; BetterHelp's business and marketing strategies; how BetterHelp designs and configures its website and app; and the manner in which BetterHelp partners with third parties to develop its business and market to potential users. This is highly confidential information that, if disclosed to competitors, would give them valuable insight into how BetterHelp operates its business and thus give them an advantage in the highly competitive and growing business of online counseling. Declaration of Sara Brooks ("Brooks Decl.") at ¶¶ 2-3. Indeed, many of the documents that are the subject of this Statement were provided to the FTC in connection with its 2020-21 confidential investigation into BetterHelp reflect sensitive company information. *Id.* at ¶ 5.

Sealing is appropriate here for several reasons. *First*, BetterHelp's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). With the exception of certain documents that are confidential in their entirety, e.g., sensitive business and marketing information collected for the FTC in connection with its investigation (Exs. 6, 17, 24), confidential third-party agreements (Ex. 8), and internal presentations that reveal business strategies and sensitive financial metrics (Ex. 16), BetterHelp has redacted only those portions of the documents that contain proprietary, commercially sensitive, and/or confidential information about BetterHelp's business and marketing strategies and platform design.[3]

*Second*, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing,"

[3] Although Plaintiffs' class certification motion relies on only limited excerpts from Jessica Honbarger's deposition testimony during the FTC investigation, Plaintiffs attached the *entire transcript* twice. *See* Tusan Decl., Exs. 23, 25. Given the burden required to review the entire transcript for confidential testimony (regardless of whether Plaintiffs are relying upon it), BetterHelp requests that the entire transcript be kept under seal. In the event the Court declines to keep the entire transcript under seal, BetterHelp respectfully requests that it be permitted to file a redacted version of the transcript.

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and here, disclosure of BetterHelp's information would likely cause competitive harm to BetterHelp. *See* Brooks Decl. at ¶¶ 3-9. *See In re Google Location Hist. Litig., No. 5:18-cv-05062-EJD*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons."); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"; *Fed. Trade Comm'n v. Microsoft Corp.*, No. 23-CV-02880-JSC, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023) (finding compelling reasons to seal "[n]on-public sensitive financial information").

*Third*, confidential information regarding how BetterHelp configures and operates its online platform is proprietary and subject to sealing. *See Synchronoss Techs., Inc. v. Dropbox, Inc.*, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (sealing "sensitive proprietary business information about the architecture of Synchronoss's technology").

*Fourth*, significant portions of the deposition testimony that BetterHelp requests to be sealed was not cited by Plaintiffs,[4] but nonetheless was included with Plaintiffs' submission. Those portions are thus only tangentially related to Plaintiffs' motion for class certification is subject to a lower "good cause" standard and should be sealed. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *Corns v. Laborers Int'l Union of N. Am.*, 62 F. Supp. 3d 1105, 1112 (N.D. Cal. 2014) (sealing information "which bears only a tangential relationship to the matters to be decided").

BetterHelp requests that the Court seal the following:

---

[4] Testimony that Plaintiffs rely on is highlighted orange.

| **Exhibit No. / Document** | **Portion to Maintain Under Seal** | **Basis for Sealing** |
|---|---|---|
| Deposition excerpts[5] and exhibits (Tusan Decl., Ex. 1, 5, 18-19, 38, 42) | Yellow highlighted portions[6] | Testimony and relevant exhibits reflect confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, and BetterHelp's strategic relationships with third parties. Brooks Decl. at ¶¶ 5-6. In addition, certain proposed redactions are not cited by Plaintiffs and thus only tangentially related to Plaintiffs' class certification motion. |
| Entire deposition transcript (Tusan Decl., Exs. 23, 25) | Entire document | Testimony reflects confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, and BetterHelp's strategic relationships with third parties. Brooks Decl. at ¶¶ 5-6. |
| Written responses to FTC (Tusan Decl., Ex. 1[7]-3, 11, 20, 26, 39) | Yellow highlighted portions[5] | Written responses reflect confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, customer usage information, and BetterHelp's strategic relationships with third parties. Brooks Decl. at ¶ 5. |
| Compilations of business and marketing information for FTC (Tusan Decl., Exs. 6, 17, 24) | Entire document | Compilations reflect confidential information regarding how the BetterHelp's platform is designed and configured, BetterHelp's business and marketing strategies, customer usage information, and BetterHelp's strategic relationships with third parties. Brooks Decl. at ¶ 5. |
| Internal presentation (Tusan Decl., Ex. 16) | Entire document | Highly confidential internal presentation document that contains detailed information regarding key internal business metrics (e.g., client growth, refund rates, monthly acquisitions, granular profit figures), business strategies (e.g., the use of promotions), counseling quality and delivery, platform quality, privacy issues, and technical design. Brooks Decl. at ¶ 7. |

[5] Plaintiffs' statement that "the time to designate the[e] [deposition] transcripts as confidential has passed and they should thus not be considered confidential," ECF No. 169 at 2, is inaccurate. First, the deposition transcripts of Niklas Vaughan and Alon Matas are both designated highly confidential. *See* Tusan Exhibits 1, 38. Second, while the transcripts for Sharon Cohen and Jessica Honbarger do not appear to have confidentiality designations, under the parties Stipulated Protective Order, ECF No. 82 at 7 ¶ 5.3, "failure to designate qualified information or items does not waive the Designating Party's right to secure protection."

[6] Ex. C (public filing) shows redactions as applied. Ex. D (restricted filing) shows proposed redactions.

[7] Ex. 1 is excerpted deposition testimony that attaches BetterHelp's written answers as a deposition exhibit.

| | | |
|---|---|---|
| Communications with business partners (Tusan Decl., Exs. 9-10, 12-14, 22, 27-28, 35, 37, 40) | Entire document (Exs. 9-10, 40)<br><br>Yellow highlighted portions[5] (Exs. 12-14, 22, 27-28, 35, 37) | Communications reflecting BetterHelp's business strategies and marketing strategies, and information about how BetterHelp's platform is designed and configured. |
| Third party agreements (Tusan Decl., Exs. 8, 33) | Entire document | Exhibit 8 is a confidential letter of intent that specifically states that its existence and terms are confidential. Exhibit 33 is a proprietary and confidential form agreement. |
| Shafiq Decl. | Yellow highlighted portions[8] | Declaration discloses confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, and BetterHelp's strategic relationships with third parties. |
| Krause Decl. | Yellow highlighted portions[9] | Declaration discloses confidential information regarding BetterHelp's business and marketing strategies. |
| Motion for Class Certification (ECF No. 170) | Maintain redactions | Redacted portions of motion disclose confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, and BetterHelp's strategic relationships with third parties. |

## III. CONCLUSION

For the foregoing reasons, BetterHelp requests that the Court order that (i) the exhibits to the Tusan Decl. identified above remain under seal in their entirety and redacted versions of other exhibits be filed publicly; (ii) the redacted version of the Shafiq Declaration attached as Ex. F be filed publicly; (iii) a redacted version of the Krause Declaration attached as Ex. H be filed publicly; and (iv) that the redacted version of Plaintiffs' Motion for Class Certification, which redacts the information that is the subject of this statement, remain on the public docket.

[8] Ex. E (public filing) shows redactions as applied to the Shafiq Declaration. Ex. F (restricted filing) shows proposed redactions.
[9] Ex. G (public filing) shows redactions as applied to the Krause Declaration. Ex. H (restricted filing) shows proposed redactions.

Dated: May 15, 2025

**KING & SPALDING LLP**

By: */s/ Jeffrey Hammer*

LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*

Attorneys for Defendant
BETTERHELP, INC.