Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To: All Actions

**Master File No. 3:23-cv-01033-RS**

Hon. Richard Seeborg

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BETTERHELP'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. PROC. RULE 10(B)**

Hearing Date: July 10, 2025
Time: 1:30 p.m.
Courtroom: 3 – 17th Floor
Judge: Hon. Richard Seeborg

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ ii
I. INTRODUCTION ........ 1
II. FACTUAL BACKGROUND ........ 2
III. ARGUMENT ........ 5
A. Defendant Did Not Properly Meet and Confer Prior to Filing This Motion ........ 5
B. Plaintiffs Satisfy The Relevant Factors to Proceed Under Pseudonyms ........ 6
1. Factors 1-3 Weigh in Favor of Allowing Plaintiffs to Proceed Under Pseudonyms ........ 6
2. BetterHelp Misrepresents Plaintiffs' Testimony And Critically Omits Key Portions of What They Actually Testified To In Their Depositions Consistent With Factors 1-3 ........ 9
3. Factors 4 and 5 Also Weigh in Favor of Proceeding Pseudonymously ........ 11
IV. CONCLUSION ........ 15

# TABLE OF AUTHORITIES

**Cases**

*A.B. v. Pacific Fertility Center*,
441 F. Supp. 3d 902 (N.D. Cal. 2020) ........ 9

*Bruce v. Azar*,
389 F. Supp. 3d 716 (N.D. Cal. 2019) ........ 9

*Cf., Doe v. City & Cnty. of San Francisco*,
No. 16-cv-06950-KAW, 2017 WL 1508982 (N.D. Cal. Apr. 27, 2017) ........ 9

*Doe v. George St. Photo & Video, LLC,*
N.D.Cal. June 28, 2016, No. 16-cv-02698-MEJ) 2016 U.S.Dist.LEXIS 83965 ........ 9

*Doe v. Rostker*,
89 F.R.D. 158 (N.D. Cal. 1981) ........ 7

*Does I thru XXIII v. Advanced Textile Corp.*,
214 F.3d 1058 (9th Cir. 2000) ........ passim

*Hampton v. California*,
No. 219CV0851JAMDBP, 2019 WL 6618057 (E.D. Cal. Dec. 5, 2019),
report and recommendation adopted, No. 219CV0851JAMDBP, 2020 WL 2193666
(E.D. Cal. May 6, 2020) ........ 9

*In re Meta Pixel Healthcare Litig.*
No. 22-cv-03580-WHO, 2025 U.S.Dist.LEXIS 45310 (N.D.Cal. Mar. 12, 2025). 7, 12, 13

*N.A.A.C.P. v. Alabama*,
357 U.S. 449 (1958) ........ 9

*Ocean S. v. L.A. Cnty.*,
Case No. LA CV23-06921 JAK (Ex), 2023 U.S.Dist.LEXIS 213599
(C.D.Cal. Nov. 20, 2023) ........ 14

*Roe v. Ingraham*,
364 F.Supp. 536 (S.D.N.Y.1973) ........ 9

*Roe v. State Bar of Cal.*,
No. SA CV 22-00983-DFM, 2023 WL 6193023 (C.D. Cal. Mar. 17, 2023) ........ 8

*Roes 1-2 v. SFBSC Mgmt.*,
LLC 77 F. Supp. 3d 990 (N.D. Cal. 2015) ........ 14

*Smith v. United Healthcare Ins. Co.*,
No. 18-CV-06336-HSG, 2019 WL 3238918 (N.D. Cal. July 18, 2019) ........ 8

**Other Authorities**

Professional Guidelines of this Court ........ 1

Stigma, Prejudice and Discrimination Against People with Mental Illness,
https://www.psychiatry.org/patients-families/stigma-and-discrimination ........ 6

**Regulations**

42 C.F.R. §2 ........ 8
45 C.F.R. § 160.103 ........ 1
45 C.F.R. §164.501 ........ 8

## I. <u>INTRODUCTION</u>

For more than two years, Plaintiffs have been pursuing this case – which alleges significant privacy violations and breaches of confidentiality by a HIPAA-covered entity/business associate- under pseudonyms with BetterHelp's consent. BetterHelp agreed to a Stipulated Protective Order that permitted the designation of information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," defined as "extremely sensitive" information the "disclosure of which to another Party or Non-Party would create a substantial risk of serious harm." The Parties then signed a Non-Disclosure Agreement ("NDA") as a condition of providing their non-public and protected identities to BetterHelp. After signing the NDA, Plaintiffs provided their identifying information to Defendant, designating such information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Protective Order. Defendant has not challenged this designation and, until recently, has not challenged or indicated any objection at all to Plaintiffs consistently proceeding by Pseudonym. *See* Supporting Declaration of Maureen M. Brady ("Brady Decl.") ¶9.

Despite its prior acceptance of Plaintiffs' desire to proceed anonymously, Defendant filed this Motion to Dismiss ("Motion") without disclosing it to Plaintiffs in advance of the filing. This appears to have been undertaken in an effort to force Plaintiffs to publicly reveal their names as part of a broader strategy to harass Plaintiffs -- who came to BetterHelp in the first place to assist them with their mental health issues -- in an attempt to get them to withdraw their claims, in derogation of the Professional Guidelines of this Court (*see* Guideline 7. "Privacy -- All matters should be handled with due respect for the privacy rights of parties and non-parties.") While this Motion is consistent with BetterHelp's placing little value on protecting its customers' privacy, despite its obligations under HIPAA to maintain their confidentiality as a provider of health care pursuant to, *inter alia*, 45 C.F.R. § 160.103, it is not supported by either the facts or the applicable law.

Defendant was given the names of each Plaintiff within a month of asking for them and has had that information for more than a year. *See* Brady Decl. ¶¶8-9. BetterHelp has obtained discovery from each named Plaintiff, including documents, responses to interrogatories, and

depositions.[1] It has suffered no prejudice from Plaintiffs' privacy interests being protected, and other than some perceived tactical advantage of encouraging Plaintiffs to reconsider moving forward with this case by forcing them to reveal confidential HIPAA-protected information to the public, receives no benefit from demanding now that Plaintiffs reveal their identities to the general public.[2] Defendant's attempt to force Plaintiffs to decide between sacrificing their privacy in a public forum and pursing justice for BetterHelp's privacy violations against both them and on behalf of putative Class Members is an unfair Hobson's choice that is against public policy. For the reasons detailed below, the Court should deny Defendant's Motion.

## II. FACTUAL BACKGROUND

As detailed in the operative Complaint (Doc 114 at ¶¶6-7), Plaintiffs sought mental health services from Defendant BetterHelp. BetterHelp operates as a provider of health care services by coordinating treatment for mental health services between customers and mental health therapists that BetterHelp pays to provide such services. When Plaintiffs completed Defendant's Intake Questionnaire, signed up for Defendant's services, and received treatment from therapists arranged for and facilitated by Defendant, BetterHelp collected, created, maintained, and stored Plaintiffs' Protected Health Information ("PHI") and Personally Identifiable Information ("PII") and shared it with more than a dozen marketing companies. It did so through both direct uploads and through the uniform practice of implementing "tracking pixels" on its various websites. BetterHelp had promised on its own website that it would keep Plaintiffs' identities confidential and that it was "HIPAA certified." *Id.* ¶55.

Plaintiffs were shocked and embarrassed when BetterHelp disclosed their information and identities to third parties without their permission. Beginning around March 7, 2023, several

---

[1] All named plaintiffs provided deposition testimony except for Plaintiff C.M., who was unable to provide testimony because she is the primary caregiver for her husband and could not leave him without care to participate in a deposition. C.M. is not being offered as a proposed class representative in connection with Plaintiffs' class certification motion but is still proceeding at this time as an individual Plaintiff.

[2] This is just the latest in a series of attempts by BetterHelp to avoid the merits by attempting to persuade Plaintiffs to give up their pursuit of redress on behalf of the class. *See e.g.,* Rule 68 Offers of Judgment dated February 24, 2024 (Doc. 111), which was accepted by one of the Plaintiffs and resulted in an injunction being entered by this Court against BetterHelp.

Complaints identifying Plaintiffs by pseudonyms (either a variation of "Jane Doe" or Plaintiffs' initials) were filed with this Court against BetterHelp associated with the wrongful disclosure of Plaintiffs' PHI and PII. On April 11, 2023, this Court consolidated the various actions (Doc. 30) and on September 6, 2023, Plaintiffs filed a Consolidated Complaint (Doc. 76) continuing to identify Plaintiffs by pseudonyms. BetterHelp raised no objection to the use of pseudonyms, nor did the Court issue any form of order requesting Plaintiffs file an administrative motion to do so. Subsequently, on August 5, 2024, Plaintiffs filed their First Amended Consolidated Complaint (Doc. 114), again identifying Plaintiffs by pseudonyms. Again, BetterHelp raised no objection. Plaintiffs have reasonably believed that BetterHelp did not intend to reveal information that it had promised on its own website it would keep confidential in an attempt to gain a litigation advantage, as they now seek to do. Brady Decl. ¶10.

On February 1, 2024, the Court entered the Parties' Stipulated Protective Order (Doc. 82), which included a designation for HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, defined as: "extremely sensitive 'CONFIDENTIAL' information or items, disclosure of which to another Party or Non-Party would create ***a substantial risk of serious harm*** that could not be avoided by less restrictive means." *Id.*, ¶ 2.4[sic][3] (emphasis added). Plaintiffs have designated their identities and medically sensitive information as falling into this category; BetterHelp has raised no objection. Brady Decl. ¶7.

On or about February 26, 2024, counsel for Defendant requested Plaintiffs' counsel provide the names of the Plaintiffs to Defendant. Defendant did not, however, request that Plaintiffs publicly disclose their names on the docket, nor did they indicate they believed Plaintiffs were required to publicly provide that information in order to serve as class representatives. Brady Decl. ¶8. As a condition of providing such information and to facilitate the sharing of Plaintiffs' identities, the Parties entered into a Non-Disclosure Agreement ("NDA") on March 27, 2024. Following execution of the NDA, Plaintiffs promptly provided Defendant with their identifying information and participated in discovery, designating such information as HIGHLY

[3] The Stipulated Protective Order inadvertently goes from paragraph 2.2 to paragraph 2.4 and then has a second paragraph 2.4. The definition of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items is found in the first paragraph labeled 2.4.

CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Protective Order. Defendant has not challenged this designation. Brady Decl. ¶9.

The Court has consistently recognized the sensitivity of this information, observing at the motion to dismiss hearing directed at the first Consolidated Complaint in June 2024: "And I think it just as a matter of – it's an obvious factor that health information, mental health information, is particularly sensitive, important and private. We don't – I don't question any of that." Ex. 14 to Brady Decl. (Transcript of Proceedings, June 13, 2024, (Doc. 119 at 25:13-16)). The Court also recognized the sensitivity of this information in its Order on Defendant's first Motion to Dismiss: "The allegations are that BetterHelp collected information from its clients regarding the highly personal interest of their interest in seeking counseling or therapy, with assurances that the information would not be shared and then turned around and shared that information. There is no basis to conclude as a matter of law that such alleged conduct is neither highly offensive nor egregious." (Doc. 113 at p. 5).

Eighteen months after the filing of the first Consolidated Complaint and more than six months after the filing of the current operative Complaint, as part of a broader discussion about the timing and location of Plaintiffs' depositions, in March 2025—but before their depositions had been taken—counsel for BetterHelp stated in an email that Plaintiffs should amend the complaint to reveal their identities. Brady Decl. ¶5. BetterHelp's counsel's email never stated they intended to file a Motion to Dismiss if the matter was not resolved, and admitted that they had never objected to this issue before –stating in the March 2025 email, "[a]dditionally, as *a housekeeping matter, for convenience we have not objected to the plaintiffs proceeding anonymously*, but case law is clear that they are required to bring suit under their actual names . . ." *Id.*, Ex. 1 (emphasis added). Plaintiffs' Counsel responded via email to both the issues raised regarding the depositions and the related issue of Plaintiffs continuing to proceed under pseudonyms. *Id.* BetterHelp's counsel reiterated its position in another email on March 7, 2025. Despite the fact that BetterHelp claims it was Plaintiffs' deposition testimony that precipitated this Motion, at no time subsequent to those

emails did it indicate any intention to file this Motion. *Id.*[4]

On May 5, 2025, despite having failed ever to communicate its intention to file a motion to dismiss or re-raising the issue with Plaintiffs' counsel for two months after those "meet and confer" emails, and on the eve of Plaintiffs filing their Motion for Class Certification, Defendant filed this Motion.

## III. ARGUMENT

### A. Defendant Did Not Properly Meet and Confer Prior to Filing This Motion.

Defendant never properly met and conferred over this Motion after taking Plaintiffs' depositions and asking questions about Plaintiffs' fear of harm and retaliation (discussed further below). *See* Unger Declaration ¶4 ("undersigned counsel met and conferred **in writing** with Plaintiffs' counsel…") (emphasis added). BetterHelp had previously sent an email asking Plaintiffs to stipulate to filing an amended complaint identifying themselves despite its prior agreements not to reveal the Plaintiffs' identities. *See* Motion, Exhibit A. Plaintiffs responded with authorities supporting Plaintiffs' position that their identities should remain protected. *Id.* Finally, BetterHelp sent an email attempting to distinguish Plaintiffs' authorities. *Id.* Of particular note, the emails sent by Defendant's counsel do not, on their face, mention any intention to file a Motion to Dismiss.

Moreover, at no point after March 10, 2025 and before filing its Motion did BetterHelp request a meet and confer call to discuss this Motion based on the deposition testimony they now cite. Plaintiffs did not "stubbornly refuse to correct their mistake after multiple meet and confers on this issue", as counsel for BetterHelp claims, as no mistake had been made. Rather, the timing of those brief emails in March 2025 show those emails could not have been a true meet and confer discussion as to the substance of this Motion, as they were sent **before** BetterHelp took the depositions that supposedly formed the basis for bringing this Motion. *See* Professional Guidelines of this Court Guideline 10.a ("Before filing a motion, a lawyer should engage in a good faith effort to resolve the issue.").

---

[4] Had Defendant brought up the issue as a potential motion, Plaintiffs would have moved for an Administrative Motion to Proceed Using Pseudonyms, which Plaintiffs are filing contemporaneously herewith.

**B. Plaintiffs Satisfy The Relevant Factors to Proceed Under Pseudonyms**[5]

Federal Rule of Civil Procedure 10(a) provides that a Complaint "name all the parties," in the action, including the Plaintiffs. However, the Ninth Circuit has recognized that courts may grant anonymity where it is needed to "preserve privacy in a matter of sensitive and highly personal nature." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In making this determination, courts consider the following factors as set forth in *Advanced Textile*:

(a) the severity of the threatened harm;

(b) the reasonableness of the anonymous party's fears;

(c) the anonymous party's vulnerability to retaliation;

(d) the prejudice at each stage of the proceedings to the opposing party; and

(e) whether the public's interest in the case would be best served by requiring the litigants to reveal their identities.

*Id*. at 1069.

**1. Factors 1 -3 Weigh in Favor of Allowing Plaintiffs to Proceed Under Pseudonyms**

The first three *Advanced Textile* factors weigh in favor of allowing Plaintiffs to proceed under pseudonyms. Plaintiffs are former customers and patients of BetterHelp who sought and received mental health services and therapy from BetterHelp's affiliated mental health therapist providers. Despite some recent improvements, the stigma associated with seeking treatment for mental illness remains alive and well. The American Psychiatric Association notes that more than half of people with mental illness do not seek help for their disorders for fear of being stigmatized or discriminated against, and that the stigma associated with mental health problems can lead to poorer recovery, social isolation, and fewer opportunities for work or social activities. *See, e.g.*, Stigma, Prejudice and Discrimination Against People with Mental Illness, https://www.psychiatry.org/patients-families/stigma-and-discrimination (last visited 5/18/2025). Recognizing this unfortunate stigma, courts have allowed a plaintiff to proceed under a pseudonym when the case involves issues of mental health, particularly in privacy cases like this where

---

[5] The appropriate procedure to address this issue is to file an Administrative Motion, not a Motion to Dismiss. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). Plaintiffs are filing such a motion contemporaneously with the filing of this Opposition.

resolving the issue in Defendant's favor would require the Court to condone the wider disclosure of the same health information that is the subject of the litigation.

While Defendant spends a significant portion of its Motion discussing opinions from other districts that are factually distinguishable (*i.e.*, the central issue in those cases was not a claim alleging the improper disclosure of the private information that would be exacerbated by requiring the plaintiffs to file under their real names), they relegate to a parenthetical a recent decision from Judge Orrick in this District, *In re Meta Pixel Healthcare Litig*. No. 22-cv-03580-WHO, 2025 U.S.Dist.LEXIS 45310, at *12 (N.D.Cal. Mar. 12, 2025), that is directly on-point and fully supports Plaintiffs' position. The court in *In re Meta* distinguished *UNUM Life* and held that– just like here -- the injury Plaintiff was litigating against occurred as a result of disclosing the plaintiffs' identities to third parties. *Id.* at *12. ("The central issues in this case are whether Meta improperly secured plaintiffs' private health care information, which raise considerably different concerns. . . That was not the case in UNUM Life. *Id.* ("[t]he injury litigated against—denial of ERISA benefits—will not occur as a result of disclosing Doe's identity")). Judge Orrick explained the importance of allowing Plaintiffs who alleged that their PHI was unlawfully shared via the use of third parties' tracking tools such as pixels— like the Plaintiffs here—to proceed by pseudonyms:

> Requiring plaintiffs to proceed using their actual names — when their health care entities have already been disclosed and when their private health care information will be publicly discussed — will arguably cause a further and greater privacy intrusion. *See id.*, 164 F. Supp. 3d at 1145 (recognizing the "most compelling situations [in which plaintiffs are allowed to proceed anonymously]" include where "where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity").

*Id*. at *12 (citing *UNUM Life*).

In addition, specifically listing "mental illness" as a factor justifying proceeding by pseudonym, other courts have held a plaintiff "should be permitted to proceed anonymously in cases . . . where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Doe v. Rostker*, 89 F.R.D. 158, 161-62 (N.D. Cal. 1981)(holding "Courts have carved out limited exceptions to Rule 10 where the parties have strong interests in proceeding anonymously. Although no express standard exists setting forth these exceptions, this court's review of numerous cases has uncovered some classifiable characteristics. The most common

instances are cases involving . . . mental illness . . . The common thread running through these cases is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record.")

Here, the very injury litigated against—BetterHelp's violation of Plaintiffs' privacy rights by revealing Plaintiffs' identities to persons Plaintiffs did not consent to disclosing their mental health information to —would occur as a result of requiring Plaintiffs to disclose their identities. The association of the Plaintiffs' names with BetterHelp gives away the diagnosis and private nature of the information that they have been seeking to protect for both themselves and others in this litigation.[6] That is why mental health information and who it is associated with is considered "ultra-sensitive" information under HIPAA that requires extreme vigilance to protect individual privacy by preventing unwarranted public disclosure.

Prior to drafting HIPAA, Congress identified three areas of "ultra-sensitive" information, which were: HIV status, mental health information, and drug and alcohol rehabilitation as carrying a stigma associated with the disclosure of this information (42 C.F.R. §2[7] (amended February 16, 2024 wherein the references to this type of sensitive information was reiterated in 45 C.F.R. §164.501). Mental Health information is still stigma inducing sensitive information which an individual has a right to share or not share.

In granting motions to proceed under pseudonyms, courts also have granted anonymity when the underlying facts at issue involve medical information because of the sensitive nature of the information, including mental health in particular. *See, e.g. Smith v. United Healthcare Ins. Co.*, No. 18-CV-06336-HSG, 2019 WL 3238918, at *7 (N.D. Cal. July 18, 2019) ("The Court finds that Plaintiff may proceed anonymously . . . in order to preserve her privacy in the sensitive area of her mental health diagnosis and treatment."); *Hampton v. California*, No. 219CV0851JAMDBP, 2019 WL 6618057, at *1 (E.D. Cal. Dec. 5, 2019), report and

[6] For this reason, this case is distinguishable from *Roe v. State Bar of Cal.*, No. SA CV 22-00983-DFM, 2023 WL 6193023, at *2 (C.D. Cal. Mar. 17, 2023), cited by BetterHelp, where the court denied a motion to proceed anonymously because, *inter alia*, the plaintiffs did not show her mental health conditions were "related to their involvement in this case."

[7] The prior draft of 42 C.F.R. §2 specifically referenced the stigma associated with mental health information, which has now been absorbed into the broader HIPAA statute. The previous version of the statute was in effect at the time of filing of this lawsuit.

recommendation adopted, No. 219CV0851JAMDBP, 2020 WL 2193666 (E.D. Cal. May 6, 2020) (noting that judicial proceedings where courts grant anonymity "include cases involving abortion, birth control . . . *mental illness* . . . and AIDS.") (emphasis added). *Cf.*, *Doe v. City & Cnty. of San Francisco*, No. 16-cv-06950-KAW, 2017 WL 1508982, at *2 (N.D. Cal. Apr. 27, 2017)("the use of a pseudonym is appropriate to protect Plaintiff from injury or personal embarrassment, based on Plaintiff's HIV-positive status", and further noting that "Defendants identify no prejudice to allowing Plaintiff to proceed under a pseudonym, particularly where Defendants are aware of Plaintiff's real name.")

In addition , in *Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019), the Court upheld a request to proceed by pseudonym, finding "Courts have found a party's privacy interests in ['medical records and private information'] to outweigh the public's interest in access."); *see also A.B. v. Pacific Fertility Center*, 441 F. Supp. 3d 902, 907 (N.D. Cal. 2020) (granting motion to seal information revealing identities of Plaintiffs).

Relatedly, the U.S. District Court for the Southern District of New York permitted a plaintiff to proceed pseudonymously in a matter challenging New York's procedures for maintaining data on patients using certain medications. *Roe v. Ingraham*, 364 F.Supp. 536, 541 n.7 (S.D.N.Y.1973). The lawsuit claimed the state's procedures violated their privacy rights. As the *Ingraham* court observed, if each plaintiff were required to reveal his or her identity in connection with his or her claims, "they will already have sustained the injury which by this litigation they seek to avoid." *Id.* (*citing N.A.A.C.P. v. Alabama*, 357 U.S. 449 (1958)); *Doe v. George St. Photo & Video, LLC* N.D.Cal. June 28, 2016, No. 16-cv-02698-MEJ) 2016 U.S.Dist.LEXIS 83965, at *8.

**2. BetterHelp Misrepresents Plaintiffs' Testimony And Critically Omits Key Portions of What they Actually Testified To In their Depositions Consistent With Factors 1-3.**

To support its Motion, Defendant cherry picks deposition testimony where Plaintiffs said [redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

---

[8] [redacted]

[redacted] Plaintiffs – without objection from BetterHelp – have designated their identifies and health related information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and consistently treated it as such.

[redacted] As a result, the first three factors weigh in favor of allowing Plaintiffs to continue to proceed pseudonymously, as they have done for over two years without complaint or incident.

**3. Factors 4 and 5 Also Weigh in Favor of Proceeding Pseudonymously**

The remaining factors also weigh in favor of allowing the Plaintiffs to continue to proceed anonymously, as they have done for over two years. Defendant makes no argument that the use of pseudonyms in this case will harm or result in any adverse impact to the general public or the public interest. *See Advanced Textile*, 214 F.3d at 1072 ("we fail to see, how disguising plaintiffs'

identities will obstruct public scrutiny of the important issues in this case."). While Defendants argue that disclosure is required at this stage of the pleadings, the Ninth Circuit made it clear in *Advanced Textile*, 214 F.3d at 1069, that "It may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit."

The public will still be able to understand the privacy claims made against BetterHelp without knowing the specific identity of the named Plaintiffs. In fact, public policy weighs heavily in favor of denying Defendant's Motion as the public interest weighs heavily in favor of allowing Plaintiffs to proceed anonymously. Defendant offers no basis for this Court to deviate from the well-reasoned analysis and conclusion in *In Re Meta*, 2025 U.S.Dist.LEXIS 45310, at *13. To the contrary, Defendant attempts to distinguish *In Re Meta* by claiming, without any support from the decision itself, that it involved more sensitive health care information. The *Meta* decision does not discuss in any detail the type of information that was disclosed, merely indicating it involved the alleged disclosure of "private health care information" – just as this case does. The focus here is on BetterHelp's illegal sharing with third parties of Plaintiffs' identities and the fact that they were seeking mental health services. As the Court held in *In re Meta* based on virtually the same facts, "the public interest weighs strongly in favor of allowing plaintiffs to proceed anonymously" as it could "dissuade plaintiffs from bringing privacy cases" if they were forced to disclose their names, which were irrelevant. *In re Meta* 2025 U.S.Dist.LEXIS 45310, at *14. The Court further explained that:

> Requiring plaintiffs who seek to vindicate their privacy rights to publicly link their names to the information they seek to protect — allegedly sensitive information that has not already been widely disclosed — is against the public interest, as it could dissuade plaintiffs from bringing privacy cases. While the plaintiffs' names are irrelevant to the public's understanding of this case, the medical information they disclosed is key. See Jane Roes 1-2 v. SFBSC Mgmt., LLC, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015) ("There is nothing about the plaintiffs' identities that makes it critical to the working of justice to reveal those identities. Anonymity, in other words, does not in this case threaten the principle of open courts."). *Id*

The same analysis and conclusion apply here, where the public has received and will continue to receive full information about the nature of these claims. The protection of individual Plaintiffs' names does not in any way prevent the public from understanding the nature of this case or the issues at hand. Rather, Judge Orrick's analysis in *In Re Meta* about the dangers to the public of

plaintiffs *not* coming forward in actions like this confirms that courts do not cavalierly require individuals to give up the exact privacy interests they are seeking to vindicate in order to pursue a class action on behalf of the public.

Defendant's reliance on opinions that raised concerns about the adequacy of class counsel and representatives not fully being able to participate in the litigation are likewise not present here. Plaintiffs have provided their names to Defendant, have given deposition testimony, and have responded to discovery. Brady Decl. ¶¶6-9. Defendant can challenge their ability to adequately represent the class based on their testimony using their pseudonyms. BetterHelp has not attempted to articulate why publicly disclosing Plaintiffs' actual names would change its ability to challenge their typicality or adequacy[9].

As to the final factor, Defendant does not even raise the element of prejudice in its moving papers. That is because there is no prejudice to Defendant. BetterHelp has known the identities of the Plaintiffs for more than a year, having been provided with their names after they were requested and a Protective Order was entered into and an NDA agreed to. It has conducted complete discovery with that knowledge. In fact, Defendant has taken the depositions of all of the proposed class representatives and had the opportunity to fully question them in-depth about their claims.

Nor has Defendant made any arguments to justify a claim that the public may face some sort of prejudice regarding keeping this information confidential. Defendant only makes a general allegation that, as class action representatives, Plaintiffs must do so - relying entirely on out of jurisdiction authority for that position. BetterHelp simply ignores rulings to the contrary such as in *Advanced Textile*, 214 F.3d 1058, 1069, fn. 11, where the Ninth Circuit confirmed that defendant's knowledge of Plaintiffs' names weighs against a finding of prejudice: "whatever knowledge defendants have of plaintiffs' identities only lessens their claims to be prejudiced by the use of pseudonyms." *See also In Re Meta*, U.S.Dist.LEXIS 45310, at *14, to the contrary.

---

[9] Defendant also noted in it Motion that the Court in *In Re Meta* denied the motion without prejudice, but did not explain that the court identified a very limited circumstance in which they could refile -- which was if Plaintiffs choose to testify at trial There is no reason at this point to speculate how the Court may rule it this case goes to trial. Plaintiffs will either appear through their deposition testimony or will testify in person, and the Court can determine at that point what steps it may want to take at that time to protect their identities as appropriate.

Finally, Defendant fails in its Motion to establish how "plaintiffs' proceeding anonymously would actually bar public scrutiny of this case's operative issues." *Roes 1-2 v. SFBSC Mgmt*., LLC 77 F. Supp. 3d 990, 996-997 (N.D. Cal. 2015). BetterHelp has not established the "public interest would be served by requiring plaintiffs to reveal their identities" and has ignored cases like *SFBSC Mgmt.*, which relied on *Advanced Textile* to conclude that allowing class action representatives to proceed anonymously best served the public interest. *Id*. at 996-997 (*citing Advanced Textil*e, 214 F.3d at 1072.) In reaching the conclusion that anonymity of Plaintiffs in a class action was proper, the Court stated, "The Ninth Circuit reversed the district court for denying anonymity in *Advanced Textile* partly because, while the district court held that 'the public interest would be served by requiring the plaintiffs to reveal their true identities, it 'did not explain . . . how disguising plaintiffs' identities will obstruct the public scrutiny of the important issues in [that] case.'" *Advanced Textile*, 214 F.3d at 1072. The Ninth Circuit itself "fail[ed] to see how it would. *Id*. Here, too, the court fails to see how the plaintiffs' proceeding anonymously would actually bar public scrutiny of this case's operative issues." *Id.* at 996-97. The Court went on to hold that "the plaintiffs' interest in safeguarding their personal well-being outweighs the public's interest in knowing the plaintiffs' identities…. permitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward" because the case sought to address "statutory rights that would benefit the general public." 77 F. Supp. 3d at 997.

Given that this case is about BetterHelp's systematic and widespread practice of sharing the private and confidential information of people using its website to seek mental health services, Plaintiffs' names and identities bear no relationship to analyzing the nature of the case, and BetterHelp fails to make any arguments to suggest to the contrary. Rather as the Court concluded in *Ocean S. v. L.A. Cnty*., Case No. LA CV23-06921 JAK (Ex), 2023 U.S.Dist.LEXIS 213599, at *7 (C.D.Cal. Nov. 20, 2023):

> The Ninth Circuit has also held that the public interest in open records is more limited when the plaintiff alleges "widespread" harm where "the plaintiff's identity" is of limited relevance. *Kamehameha*, 596 F.3d at 1043. When refusing to permit the plaintiffs to proceed pseudonymously would result in the dismissal of the case, the public interest in seeing each case decided on its merits may also weigh in favor of allowing the plaintiffs to proceed under pseudonyms. *Id.*

## IV. CONCLUSION

BetterHelp's motion to dismiss is both factually inaccurate and legally flawed. The Court should deny Defendant's Motion.

Dated: May 27, 2025

*/s/ Gary M. Klinger*
Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: May 27, 2025

*/s/ Christina Tusan*
Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: May 27, 2025

*Maureen M. Brady*
Maureen M. Brady
McShane AND Brady LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: May 27, 2025

*/s/ Alan M. Mansfield*
Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*