Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To: All Actions

**Master File No. 3:23-cv-01033-RS**

Hon. Richard Seeborg

**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER PLAINTIFFS' DEPOSITION TESTIMONY AND ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

| | |
|---|---|
| Hearing Date: | N/A |
| Time: | N/A |
| Courtroom: | 3 |
| Judge: | Hon. Richard Seeborg |

Pursuant to Rules 7-11 and 79-5 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, as well as the parties' Stipulated Protective Order (Dkt. No. 82), Plaintiffs submit this Administrative Motion to Consider whether 1) Plaintiffs' information and 2) another party's material should be sealed in connection with the filing of Plaintiffs' Administrative Motion For Plaintiffs To Proceed Under Pseudonyms ("Administrative Motion"). These exhibits are Exhibits 2-6 and 8-14 attached to the Declaration of Maureen Brady In Support of Plaintiffs' Administrative Motion ("Brady Decl.").

As set forth in the accompanying Declaration of Alan M. Mansfield ("Mansfield Decl."), there are two categories of documents that are the subject of this motion to seal: 1) Excerpts from the transcripts of several of the Plaintiffs' depositions and related correspondence, and a Non-Disclosure Agreement dated March 27, 2024 (Exs. 1-6 and 8 to the Brady Decl.); and 2) Excerpts from the transcripts of the depositions of BetterHelp's corporate representative Niklas Vaughan, as well as excerpts from the deposition transcripts of Jessica Hornbarger, Daniel Bragonier, Sharon Cohen and Alon Matos of BetterHelp (Exs. 9-13 to the Brady Decl.). These Exhibits either confidential or have been designated either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under paragraph 3 of the Protective Order issued by the Court in this action (Dkt No. 82). Plaintiffs are seeking to have their own testimony, which has been designated "highly confidential", as well as the Non-Disclosure Agreement, placed under seal. While the time to designate BetterHelp's deposition transcripts as "confidential" beyond a general statement on the record has passed, out of an abundance of caution Plaintiffs are submitting these transcripts for consideration as part of this Motion.

As to the first category, Exs. 2-6 to the Brady Decl. cite to and attach excerpts from the testimony of Plaintiffs. These Exhibits reveal the identities of the Plaintiffs that, if disclosed publicly, is protected by disclosure by law. Doing so would also violate the Protective Order in place in this matter. Given the sensitive nature of this testimony, which involves their mental health treatment and status as individuals seeking mental health treatment, and in light of Defendant's position that they want to make these former customers' and patients' identities and information public, until that issue has been resolved it is important to keep this information under

seal to protect this sensitive and confidential information. The cited portions of these transcripts also include Protected Health Information ("PHI") as defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, including 45 C.F.R. § 160.103. Mansfield Decl. at 7.

1. Personally Identifying Information: Certain portions of the deposition transcripts contain information revealing the identity of Plaintiffs. Protection of the named Plaintiffs' identities is critical here. Plaintiffs, on the record both in deposition testimony and Declarations filed with the Court on May 8, 2025, have stated why they believe such information warrants confidential protection. Courts in the Northern District of California routinely grant Motions to Seal involving personally identifying information where appropriate, as here, protecting such information from disclosure under Fed. R. Civ Proc. Rule 26 (c). *See, e.g. In re Meta Pixel Healthcare Litig.* No. 22-cv-03580-WHO, 2025 U.S.Dist.LEXIS 45310, at *12 (N.D. Cal. Mar. 12, 2025)("Requiring plaintiffs to proceed using their actual names — when their health care entities have already been disclosed and when their private health care information will be publicly discussed — will arguably cause a further and greater privacy intrusion." (citing cases); *Smith v. United Healthcare Ins. Co.*, No. 18-CV-06336-HSG, 2019 WL 3238918, at *7 (N.D. Cal. July 18, 2019) ("The Court finds that Plaintiff may proceed anonymously . . . in order to preserve her privacy in the sensitive area of her mental health diagnosis and treatment."); *Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019) ("Courts have found a party's privacy interests in ['medical records and private information'] to outweigh the public's interest in access."); *A.B. v. Pacific Fertility Center*, 441 F. Supp. 3d 902, 907 (N.D. Cal. 2020) (granting motion to seal information revealing identities of Plaintiffs). Plaintiffs' Administrative Motion and Opposition to Motion to Dismiss provides further detail regarding why this information should be protected.

Private Health Information: The deposition transcripts also contain discussions of specific medical and health information about Plaintiffs, such as their medical conditions and why they sought mental health treatment through BetterHelp. Such information falls under the definition of Protected Health Information under HIPAA and paragraph 3 of the Protective Order. The named Plaintiffs have a cognizable interest in keeping their medical information private. These types of

records are routinely sealed in the Northern District of California. *See, e.g.*, *Bruce*, 389 F. Supp. 3d at 727 (finding a "compelling interest" in sealing plaintiff's medical information). *Bruce* cites with approval a number of other rulings from the Northern District, including *A.C. v. City of Santa Clara*, No. 13-CV-03276-HSG, 2015 WL 4076364 at *2 (N.D. Cal. July 2, 2015) (also finding a compelling interest in sealing of medical information and acknowledging Northern District of California authority finding that confidentiality of medical records under the HIPAA outweighed presumption in favor of public access to court records). As these exhibits contain protected health and other confidential information that is appropriate for sealing from the public record, that confidential information warrants redaction from the versions viewable to the public and sealing of the redacted information.

In addition, by agreement with Defendant BetterHelp as reflected in the Non-Disclosure Agreement (Ex. 8, which due to its sensitive nature and reference to confidentiality is also being requested to be placed under seal), Plaintiffs have proceeded pseudonymously due to the sensitive nature of the claims and circumstances involved. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (holding that one of the grounds for proceeding anonymously was that anonymity was necessary "to preserve privacy in a matter of sensitive and highly personal nature"). Mansfield Decl. at 8.

With respect to the testimony of BetterHelp's witnesses (Exs. 9-13), it is BetterHelp's burden to explain why the Court should maintain these papers under seal. Plaintiffs do not believe any of these materials should be filed under seal, and in filing this Declaration and Motion, do not waive or concede any argument that such materials should be considered confidential or filed under seal. Plaintiffs reserve the right to assert that BetterHelp has not met its burden to maintain these documents under seal depending upon their response, but will await any response filed by BetterHelp as to the confidentiality of such information. Mansfield Decl. at 6.

Plaintiffs respectfully submit this Motion to the Court for a determination as to whether the foregoing materials should be filed under seal and ask the Court to enter the accompanying Proposed Order as the Court determines to be appropriate.

Dated: May 27, 2025

*/s/ Gary M. Klinger*
Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: May 27, 2025

*/s/ Christina Tusan*
Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: May 27, 2025

*Maureen M. Brady*
Maureen M. Brady
McShane AND Brady LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Dated: May 27, 2025

*/s/ Alan M. Mansfield*
Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*