Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To: All Actions

**Master File No. 3:23-cv-01033-RS**

Hon. Richard Seeborg

**DECLARATION OF ALAN M. MANSFIELD IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR PLAINTIFFS TO PROCEED UNDER PSEUDONYMS**

Hearing Date: N/A
Time: N/A
Courtroom: 3
Judge: Hon. Richard Seeborg

I, Alan M. Mansfield, declare:

1. I am of counsel to Whatley Kallas, LLP, one of the attorneys of record for Plaintiffs Jane Doe I, Jane Doe III, T.R., S.C., and L.M. ("Plaintiffs").

2. I have personal knowledge of the matters set forth in this declaration, and if called as a witness, could and would competently testify to these matters.

3. I make this declaration pursuant to Civil Local Rule 79-5 in support of the Administrative Motion to Consider Whether Plaintiffs' Another Party's Material Should be Sealed ("Motion to Seal").

4. Exhibits 2-6 and 8-14 attached to the Declaration of Maureen Brady In Support of Plaintiffs' Administrative Motion For Plaintiffs To Proceed Under Pseudonyms ("Brady Decl. Re Admin Motion") are the subject of this Motion.

5. The above Exhibits are either considered confidential by the parties or have been designated either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under paragraph 3 of the Protective Order issued by the Court in this action (Dkt No. 82).

6. Plaintiffs' Administrative Motion cite to excerpts from the Rule 30(b)(6) deposition transcript of BetterHelp's corporate representative Niklas Vaughan, as well as excerpts from the deposition transcripts of Jessica Hornbarger, Daniel Bragonier, Sharon Cohen and Alon Matas. (Exs. 9-14) While the time for Defendants to designate these transcripts as confidential has passed and thus they should not be considered confidential, out of an abundance of caution Plaintiffs are submitting these transcripts for consideration as part of this Motion. With respect to the testimony of BetterHelp's witnesses, it is BetterHelp's burden to explain why the Court should maintain these papers under seal. Plaintiffs do not believe any of these materials should be filed under seal, and in filing this Declaration and Motion we do not waive or concede any argument that such materials should be considered confidential or filed under seal. Plaintiffs reserve the right to assert that BetterHelp has not met its burden to maintain these documents under seal depending upon their response.

7. Plaintiffs' Administrative Motion also cite to excerpts from the testimony of Plaintiffs and related correspondence (Exs. 1-6), which has been designated highly confidential.

Given the sensitive nature of this testimony as summarized in Plaintiffs' Opposition, which involves their mental health treatment and status as people seeking mental health treatment, and in light of Defendant's position that they want to publicize these former patient's information, Plaintiffs believe it is important to keep this information under seal to protect this sensitive and confidential information. Plaintiffs' counsel believe the cited portions of these transcripts also include Protected Health Information ("PHI") as defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, including 45 C.F.R. § 160.103 and as set forth in their moving and Opposition papers, and thus by law is protected from public disclosure.

8. In addition, by agreement with Defendant BetterHelp as reflected in the Non-Disclosure Agreement attached as Ex. 8 to the Brady Decl., Plaintiffs have proceeded pseudonymously due to the sensitive nature of the claims and circumstances involved. Due to its sensitive nature and the reference to confidentiality in this Agreement, the Non-Disclosure Agreement is also being requested to be placed under seal.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 27, 2025, at San Diego, California.

*/s/ Alan M. Mansfield*
Alan M. Mansfield