LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To:

All Cases/

Case No. 3:23-cv-01033-RS

**DEFENDANT BETTERHELP'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Date: July 10, 2025
Time: 1:30 p.m.
Courtroom: 3 – 17th Floor
Judge: Hon. Richard J. Seeborg

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

BetterHelp moved to dismiss Plaintiffs' First Amended Consolidated Class Action Complaint (the "FAC") because Plaintiffs refused to proceed under their true names in violation of Rule 10 and, over BetterHelp's objection, have moved for class certification while remaining anonymous. Plaintiffs argue they should be permitted to remain anonymous because they will be harmed by association with the commonplace allegations in the FAC that Plaintiffs sought out mental health therapy. Plaintiffs cannot claim they will be harmed by any more detailed disclosures beyond those in the FAC, because there is already a stipulated protective order in place that shields confidential facts from the public. Moreover, Plaintiffs' assertion that they fear harm from a public disclosure that they sought out therapy is belied by their stated willingness to testify publicly at trial. Nothing in Plaintiffs' opposition comes close to establishing the "special circumstances" in which the "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). To the contrary, "there is a compelling public interest in open court proceedings, *particularly in the context of a class action*, where a plaintiff seeks to represent a class of consumers who have a personal stake in the case and a heightened interest in knowing who purports to represent their interests in the litigation." *Roe v. State Bar of Cal.*, No. SA CV 22-00983-DFM, 2023 WL 6193023, at *2 (C.D. Cal. Mar. 17, 2023) (cleaned up) (emphasis added) (denying plaintiffs' motion to proceed anonymously in putative class action alleging violation of right to privacy). Accordingly, BetterHelp respectfully requests that the Court dismiss the FAC, with leave for those Plaintiffs who will proceed using their real names to file an amended pleading.

## II. PLAINTIFFS' FIRST AMENDED COMPLAINT SHOULD BE DISMISSED

### A. Plaintiffs Fail to Meet the Stringent Standard to Proceed Anonymously

As detailed in BetterHelp's Motion, and not refuted in Plaintiffs' opposition, Rule 10 reflects the "paramount importance of open courts" such that the "default presumption is that the plaintiffs will use their true names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010); *see also Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140,

1143 (N.D. Cal. 2016) (Orrick, J.) (cleaned up) ("The strong presumption is that the public has a right to know who is seeking what in court and whether he or she is entitled to the relief sought."). Parties may proceed anonymously only where necessary "to preserve privacy in a matter of sensitive and highly personal nature . . . ." *Advanced Textile*, 214 F.3d at 1068 (9th Cir. 2000). This is a stringent standard that Plaintiffs do not come close to meeting. *UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d at 1146 (anonymity permitted only where parties seek to shield issues that are "exceptional and stigmatizing").

### B. Plaintiffs' Concerns Regarding Disclosure of Sensitive Information Are Addressed by the Stipulated Protective Order

Plaintiffs argue that proceeding under their true names will lead to the disclosure of mental health diagnoses and other information they find to be highly sensitive. (Opp. at 8.) But these facts are not included in the FAC (or any other publicly-filed document) and Plaintiffs acknowledge that the parties have already entered into a Stipulated Protective Order, pursuant to which Plaintiffs can designate information as subject to the Order's "Highly Confidential" provisions. (Opp. at 3–4.) If details about Plaintiffs' mental health or treatment must be introduced in the course of this litigation, Plaintiffs may seek to keep such information sealed in accordance with the Stipulated Protective Order. Indeed, Plaintiffs acknowledge that they have already designated Plaintiffs' "health related information as 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY'" under the Stipulated Protective Order. (Opp. at 11.) These agreed-upon protections are more than sufficient to allay Plaintiffs' concerns, and courts regularly deny requests to proceed anonymously where a protective order is in place. *See Banga v. Kanios*, No. 16-CV-04270-RS, 2018 WL 11360092, at *3 (N.D. Cal. Mar. 15, 2018) (denying plaintiff's request to proceed using only his initials, in part because "requests to seal documents containing confidential medical information have all been granted"); *L.L. v. Medcost Benefit Servs.*, No. 1:21-CV-00265-MR, 2023 WL 4393748, at *3 (W.D.N.C. July 5, 2023) (identifying plaintiffs would not "reveal anything more than the general fact that E.R. struggles with her mental health. [If] more detailed information about E.R.'s mental health . . . must be considered . . . [it] can be redacted and records . . . can be

filed under seal . . . .").[1]

Given the existence of the Stipulated Protective Order, the parade of horribles suggested by Plaintiffs is an illusion. The only information that would be publicly disclosed if Plaintiffs proceed under their true names is the generalized allegations Plaintiffs chose to include in the FAC. As BetterHelp explained in its Motion, these allegations are far from exceptional and stigmatizing information. Plaintiffs allege, for example, that they explored therapy for reasons including "caregiver stress and fatigue" (FAC ¶ 25), depression (*id.* ¶ 26), "help with dialectical behavior therapy and cognitive behavior" (*id.* ¶ 27), and "help coping with feelings of stress." (*Id.* ¶ 28.) Three of the Plaintiffs allege only that they sought out "mental health counseling" without providing any further details at all. (*Id.* ¶¶ 29, 30, 31.)

### C. Plaintiffs Rely on Inapplicable and Misconstrued Authority

The generic statements in the FAC that Plaintiffs sought therapy fall far short of the authority Plaintiffs cite concerning "mental illness." Plaintiffs argue that the "stigma associated with *mental illness* remains alive and well" (Opp. at 7–8 (emphasis added)) and likewise cite cases explicitly concerning "mental illness," HIV diagnoses, specific mental health diagnoses and treatment, and medical records—none of which would be revealed here. (*Id.*) Nowhere in the FAC do Plaintiffs even use the phrase "mental illness," let alone allege that any Plaintiff has been diagnosed with a mental illness. In fact, psychiatry.org, the website from which Plaintiffs quote to argue that there is a stigma around "mental illness" clearly states that seeking therapy is commonplace and not limited to those who have been diagnosed with a mental illness:

> Therapy can be beneficial for anyone, not just those with mental illness. While therapy is an essential tool for treating conditions such as depression and anxiety, many people find that it is also useful for navigating the daily stressors of life, including work and relationships. Therapy can be compared in some ways to the gym –

[1] Plaintiffs' accusation that BetterHelp is seeking to require Plaintiffs to proceed under their true names as part of a campaign to "harass Plaintiffs" (Opp. at 1), is entirely unfounded, sensational, and inappropriate. The law requires that Plaintiffs proceed using their true names under the facts here, and despite BetterHelp's objection to Plaintiffs proceeding anonymously without leave of the Court, BetterHelp has never revealed Plaintiffs' identities and has always abided by the Stipulated Protective Order.

> if you exercise and lift weights frequently, your muscles will strengthen.

https://www.psychiatry.org/news-room/apa-blogs/myths-and-facts-about-mental-health (last visited 6/4/2025).

Moreover, even when it comes to the disclosure of a mental illness, courts routinely find that parties may not proceed anonymously, including because doing so would "propagate the view that mental illness is shameful" despite being "something relatively common in our society." *Doe v. Individual Members of Ind. State Bd. of L. Examiners*, No. 1:09-CV-0842-WTL-TAB, 2009 WL 2448468, at *2 (S.D. Ind. Aug. 8, 2009) (cleaned up) (denying motion to proceed anonymously); *Roe v. Skillz, Inc.*, 858 F. App'x 240, 241 (9th Cir. 2021) (affirming denial of motion to proceed anonymously because "a past gambling addiction with accompanying mental health problems is not so out of the norm as to constitute sensitive and highly personal in nature" (cleaned up)); *Unum Life Ins. Co. of Am.*, 164 F. Supp. 3d at 1145 (plaintiff did not meet standard to proceed anonymously even though he disclosed suffering from "severe mental illness"); *Doe v. Fullstack Acad., Inc.*, No. 18 CIV. 08070 (ER), 2018 WL 4868721, at *2 (S.D.N.Y. Oct. 5, 2018) (denying motion to proceed anonymously where plaintiff disclosed mental health disabilities, took prescription medication, and participated in therapy). The psychiatry.org website to which Plaintiffs cite specifically recommends that individuals, "talk openly about mental health, such as sharing on social media," "educate yourself and others . . . by sharing facts and experiences," and "be honest about treatment – normalize mental health treatment . . . ." https://www.psychiatry.org/patients-families/stigma-and-discrimination (last visited 6/4/2025) (Opp. at 6.)

Plaintiffs rely heavily on *In re Meta Pixel Healthcare Litigation*, in which the district court denied without prejudice a motion to compel plaintiffs to proceed under their true names subject to reconsideration at trial, but that decision is easily distinguishable. No. 22-CV-03580-WHO, 2025 WL 807954, at *2 (N.D. Cal. Mar. 12, 2025) (Orrick, J.). First, the plaintiffs there alleged specific "healthcare information . . . disclosed to their healthcare providers" in the operative complaint, which could become publicly known and connected to them (*id.* at *2), unlike this case, where the

only "disclosure" resulting from publicly identifying Plaintiffs would be that they sought therapy.[2] Further, the *In re Meta Pixel* court assumed, without explanation, that the "healthcare information" at issue in that case could not be "protected by the parties' Protective Order . . . once the merits of plaintiffs' claims are tested." *Id.* Here, there is no reason the Protective Order in this case would not provide sufficient protections for sensitive information. Protective orders do not cease to function "once the merits of . . . claims are tested," (*id.*) and there are well-settled methods for shielding confidential information during hearings, at summary judgment, and at trial. Indeed, in *UNUM Life*, the same court that issued the *In re Meta Pixel* decision recognized that "[l]ess extraordinary measures" than proceeding anonymously "are available to provide a reasonable level of privacy protection," including filing sensitive materials under seal and entering into a protective order. 164 F. Supp. 3d at 1147. So too here. The *In re Meta Pixel* court also failed entirely to consider in its analysis the importance of transparency in the context of a proposed class action, discussed further below, which militates strongly in favor of Plaintiffs proceeding under their true names.

Plaintiffs cite a 52-year-old, out-of-circuit case, *Roe v. Ingraham*, for the proposition that if Plaintiffs must proceed under their true names, "they will already have sustained the injury which by this litigation they seek to avoid." 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973); *see also In re Meta Pixel*, 2025 WL 807954, at *12 ("Requiring plaintiffs to proceed using their actual names . . . when their private health care information will be publicly discussed – will arguably cause a further and greater privacy intrusion."). Here, however, Plaintiffs will *not* suffer the injury they seek to avoid unless they proceed anonymously. First, and contrary to the *In re Meta Pixel* court's reasoning, Plaintiffs' "private health care information" will not "be publicly discussed" (*id.*) because any such information would be subject to the Stipulated Protective Order. Notably, the parties have already filed excerpts from Plaintiffs' depositions under seal, even while they are proceeding anonymously. And the mere disclosure that Plaintiffs sought BetterHelp's services as

[2] BetterHelp is neither a "healthcare provider" nor is it subject to HIPAA, because (among other reasons) it does not engage in HIPAA covered transactions (*see* 45 C.F.R. § 160.103).

alleged in the FAC is not the harm that Plaintiffs claim to have suffered,[3] and would not support their myriad claims for, *inter alia*, loss of a "property interest" in personal data (FAC ¶ 138), paying for services they would have "paid less for" had they known of certain alleged practices (*id.* at ¶ 271), and "wiretapping." (*Id.* at ¶¶ 194–216.)

**D. Plaintiffs Wrongly Dismiss the Public Interest in the Identification of Purported Class Representatives**

Plaintiffs' argument that they are entitled to represent a purported class anonymously (Opp. at 12) contradicts the "compelling public interest in open court proceedings, particularly in the context of a class action, where a plaintiff seeks to represent a class of consumers who have a personal stake in the case and a heightened interest in knowing who purports to represent their interests in the litigation." *State Bar of Cal.*, 2023 WL 6193023, at *2 (cleaned up). Plaintiffs dismiss the right of the "public, including the putative class members they seek to represent" to "know who is guiding and directing the litigation." *In re Ashley Madison Customer Data Security Breach Litigation.*, MDL No. 2669, 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016); *Sherman v. Trinity Teen Sols., Inc.*, 339 F.R.D. 203, 206 (D. Wyo. 2021) (denying motion to proceed anonymously because "[i]f Plaintiff proceeds under a pseudonym, it will be difficult to ascertain if Plaintiff and his counsel can fairly and adequately protect the interests of the class"). Contrary to Plaintiffs' claim that this right is only articulated in "out of jurisdiction authority" (Opp. at 13), courts in the Northern District of California (and elsewhere around the country) have emphasized the importance of transparency when plaintiffs are pursuing representative claims and seek to represent a proposed class:

> [T]he public and press have a right . . . to see how their court system is being used. This consideration counsels in favor of requiring true names of those who seek to sue others. This is particularly true where, as here, plaintiff seeks to assert class damages claims . . . . [C]lass members will also have a right to know the identity of their representative in this litigation (if the case goes that far).

*Doe v. NFL Enters., LLC*, No. C 17-00496 WHA, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017) (denying motion to proceed anonymously).

[3] Without contesting the merits at this stage, BetterHelp denies Plaintiffs' allegations.

Even the authority cited by Plaintiffs does not support their position. In citing *Smith v. UnitedHealthcare Ins. Co.*, No. 18-CV-06336-HSG, 2019 WL 3238918, at *7 (N.D. Cal. July 18, 2019), Plaintiffs provide the following quotation: "The Court finds that Plaintiff may proceed anonymously . . . in order to preserve her privacy in the sensitive area of her mental health diagnosis and treatment." (Opp. at 8.) But what Plaintiffs *omit* from their quotation using ellipses is the phrase "at this stage in the proceedings." *Smith*, 2019 WL 3238918, at *7. Nor do Plaintiffs disclose that, *in the same paragraph*, the *Smith* court stated that, "this decision is subject to reconsideration in the event that Plaintiff moves for class certification." *Id.*[4]

**E. Plaintiffs' Arguments Concerning Meet and Confer Are Irrelevant**

In a distraction from the fact that Plaintiffs fall far short of clearing the high bar required to proceed anonymously, particularly in a proposed class action, Plaintiffs complain at length that BetterHelp should have further met and conferred about these issues. Plaintiffs begin with the false premise that Plaintiffs have been pursuing this case anonymously "for more than two years" with BetterHelp's "explicit consent." (Opp. at 1.) This is simply untrue. In fact, as Plaintiffs admit, in early March, once the pleadings were at issue and Plaintiffs' depositions commenced, BetterHelp objected explicitly in writing to Plaintiffs proceeding under pseudonyms in violation of Rule 10 and counsel had a substantive exchange concerning the issue. (Dkt. No. 180-4, Ex. 1 to Brady Decl.) In response, Plaintiffs declined to amend their complaint, as BetterHelp requested, and did not seek leave of the Court to proceed anonymously, as they could have done at any time since the outset of this case. (*Id.*) Accordingly, when Plaintiffs proceeded to move for class certification under pseudonyms, BetterHelp filed the instant motion.

Not only do Plaintiffs fail to identify any requirement that BetterHelp meet and confer in a form other than the substantive written exchange between counsel—which admittedly occurred—they also acknowledge that had BetterHelp "brought up the issue as a potential motion, Plaintiffs would have move for an Administrative Motion to Proceed Using Pseudonyms," which Plaintiffs subsequently filed. (Opp. at 5 n.4.) In other words, Plaintiffs admit that an additional meet and

[4] Plaintiffs also fail to mention that the *Smith* court, in granting leave to proceed under pseudonyms at a preliminary stage of the case, did so in part because the motion was "unopposed" and defendant "consented." *Id.*

confer would not have changed their position or their course of action. In any case, under whatever procedural posture, Plaintiffs fail to meet their burden to demonstrate that this is the exceptional case where they should be permitted to proceed anonymously, particularly given that Plaintiffs are seeking to represent an absent class. Therefore, BetterHelp respectfully requests that its Motion be granted and the FAC dismissed.

Dated: June 5, 2025

Respectfully submitted,

*/s/ Livia M. Kiser*

**KING & SPALDING LLP**
LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*

Attorneys for Defendant
BETTERHELP, INC.