# Exhibit A

Gary. M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 866.252.0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (pro hac vice)
MCSHANE AND BRADY LLC
4006 Central Street
Kansas City, MO 64111
816-888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan (SBN 192203)
TUSAN LAW, PC
ctusan@ctusanlaw.com
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Phone: 626-418-8203
Fax: 626-619-8253

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield (SBN: 125998)
amansfield@whatleykallas.com
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor
PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Ste 400, San Diego, CA 92127
Phone: (619) 308-5034
Fax: (888) 341-5048

*Plaintiffs' Liaison Counsel*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To: All Actions

**Master File No. 3:23-cv-01033-RS**

Hon. Richard Seeborg

**SUPPLEMENTAL DECLARATION OF ALAN M. MANSFIELD IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

| | |
|---|---|
| Hearing Date: | July 10, 2025 |
| Time: | 1:30 p.m. |
| Courtroom: | 3 |
| Judge: | Hon. Richard Seeborg |

(Matter Taken Under Submission – No Oral Argument)

I, Alan M. Mansfield, declare:

1. I am of counsel to Whatley Kallas, LLP, court appointed liaison counsel and one of the attorneys of record for Plaintiffs Jane Doe I, Jane Doe III, T.R., S.C., and L.M. ("Plaintiffs").

2. I have personal knowledge of the matters set forth in this declaration, and if called as a witness, could and would competently testify to these matters.

3. The court has taken Defendant Betterhelp's Notice of Motion And Motion To Dismiss Plaintiffs' First Amended Consolidated Class Action Complaint (ECF No. 164) under submission without oral argument. (ECF No. 192).

4. Plaintiffs are submitting this declaration to provide the Court with recently discovered additional evidence that would have been presented at argument as relevant to the claims asserted by BetterHelp in that Motion.

5. Part of BetterHelp's argument that Plaintiffs should not be able to proceed under pseudonyms involves BetterHelp insisting to this Court that no or minimal stigma is associated with seeking mental health treatment. Specifically, in BetterHelp's reply in support of its motion to dismiss, BetterHelp argues that allegations disclosing Plaintiffs sought mental health treatment for specific issues is "far from exceptional and stigmatizing information." (ECF No. 188 at 3:5-6). Better Help further argued:

> "In fact, psychiatry.org, the website from which Plaintiffs quote to argue that there is a stigma around "mental illness" clearly states that seeking therapy is commonplace and not limited to those who have been diagnosed with a mental illness:
>
> > Therapy can be beneficial for anyone, not just those with mental illness. While therapy is an essential tool for treating conditions such as depression and anxiety, many people find that it is also useful for navigating the daily stressors of life, including work and relationships. Therapy can be compared in some ways to the gym – if you exercise and lift weights frequently, your muscles will strengthen. (citing https://www.psychiatry.org/news-room/apa-blogs/myths-and-facts-about-mental-health (last visited 6/4/2025)).

Moreover, even when it comes to the disclosure of a mental illness, courts routinely find that parties may not proceed anonymously, including because doing so would "propagate the view that mental illness is shameful" despite being "something relatively common in our society." *Id.* [citations omitted]. (ECF No. 188), page 3:18-4:7.

6. Recently, however, BetterHelp has launched a massive national marketing campaign arguing the exact opposite. Despite insisting to this Court that no such stigma exists, outside of court BetterHelp has a campaign titled "Stop the Stigma." Dates associated with this media campaign suggest it was launched in early May 2025 in connection with Mental Health Awareness Month.

7. A true and correct copy of an example from BetterHelp's "Stop the Stigma" advertising campaign can be found at the following link: https://www.facebook.com/watch/?v=2133978030419233&vanity=BetterHelp. In this advertisement, BetterHelp publicly represents that 62 percent of Americans do not seek counseling because of the stigma associated with doing so, and that 25 percent of individuals attribute a stigma to individuals doing so. Screen shots from that video follow this Paragraph.







8. Other versions of this advertising campaign are currently running on television and social media sites such as Facebook, using the tag line "Stop the Stigma. Start with Therapy." See https://www.ispot.tv/ad/TQjy/betterhelp-stop-the-stigma-over-75-agree; ("BetterHelp takes the stigma out of counseling"); https://www.ispot.tv/ad/2vzJ/betterhelp-stigma ("Sometimes it seems

like something we should be ashamed of or wouldn't want others to know…" "BetterHelp reduces the Barriers to getting access to mental health care."). A screen shot from the first video linked in this Paragraph follows.




9. The Stop the Stigma campaign also includes a 33-page "State of Stigma" report authored by BetterHelp, which is available at https://assets.betterhelp.com/pdf/State%20of%20Stigma.pdf?final=1. That report contains an Introduction from the President of BetterHelp, Fernando Madeira, who opines that "stigma and lack of access still prevent millions from getting the care they deserve." *Id.*

10. Thus, BetterHelp's arguments in its Motion to Dismiss are directly contrary to its own public campaign acknowledging the existence and significant harms stemming from the stigma associated with seeking mental health.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on July 7, 2025, at San Diego, California.

*/s/ Alan M. Mansfield*
Alan M. Mansfield