LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**<br><br>This Document Relates To:<br><br>All Cases/ | Case No. 3:23-cv-01033-RS<br><br>*Honorable Richard Seeborg*<br><br>**BETTERHELP, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SUBMIT SUPPLEMENTAL DECLARATION REGARDING DISMISSAL MOTION UNDER SUBMISSION** |

## I. INTRODUCTION

Plaintiffs' Administrative Motion for Leave to Submit Supplemental Declaration Regarding Dismissal Motion Under Submission ("Motion") should be denied because, despite Plaintiffs' misleading statements to the contrary, it seeks to submit evidence that was publicly available during the *entirety* of the briefing on these issues. Further, this belated attempt to salvage Plaintiffs' FAC should be denied, and BetterHelp's Motion to Dismiss granted, because the proposed supplemental declaration adds nothing material to the earlier submissions, the authority submitted by Plaintiffs in their opposition remains inapplicable, and Plaintiffs still cannot approach the high bar to represent a proposed class anonymously.

## II. THE EVIDENCE PLAINTIFFS SEEK TO BELATEDLY SUBMIT WAS PUBLICLY AVAILABLE WHEN PLAINTIFFS FILED THEIR BRIEFS AND IS NOT "NEW"

On May 5, 2025, BetterHelp moved to dismiss Plaintiffs' operative First Amended Consolidated Class Action Complaint ("FAC") based on Plaintiffs' attempt to represent a proposed class anonymously in violation of Federal Rule of Civil Procedure 10, without seeking leave of the Court and despite BetterHelp's prior written objection. ECF No. 164. Only after BetterHelp filed its Motion to Dismiss did Plaintiffs file a motion to proceed anonymously, ECF. No. 178, along with its opposition to the Motion to Dismiss, ECF No. 179, which was filed on May 27, 2025, pursuant to a stipulated extension, ECF No. 172. BetterHelp filed its opposition to the Motion to Proceed Anonymously on June 2, 2025, ECF No. 184, and its reply in support of its motion to dismiss on June 5, 2025, ECF. No. 188. On July 1, 2025, the Court took BetterHelp's Motion to Dismiss under submission. ECF. No. 192.

On July 7, 2025, Plaintiffs' counsel emailed BetterHelp's counsel stating their intent to file supplemental evidence on the fully-briefed and submitted Motion to Dismiss that same day and demanding BetterHelp respond with a "yes or no" to whether they would consent before close of business. ECF No. 193-1. When BetterHelp responded to ask why such evidence was being submitted now, Plaintiffs' counsel took the position that the material "did not pre-date the briefing it *coincided* with the briefing." *Id.* (emphasis added). Plaintiffs' counsel then filed the instant

motion. ECF No. 193.

Plaintiffs' counsel states in his declaration that the BetterHelp campaign they reference launched in "early May 2025" and the material that Plaintiffs' counsel provides a link to in his declaration contains a posting date of May 5, 2025. ECF No. 194 ¶¶ 6, 7. This makes clear that the material did not "*coincide[]* with the briefing" or constitute "*new*, highly relevant public statements", *id.* ¶¶ 5, 6 (emphasis added), but rather was publicly available weeks before Plaintiffs filed their briefs on May 27, 2025 and June 2, 2025. Therefore, Plaintiffs could have submitted this publicly available material in either of their filings on these issues, and have provided no explanation as to why they should be permitted to submit the evidence now, other than acknowledging their lack of diligence and that they only recently discovered the existence of this long publicly available material. ECF No. 193-1.

Whether to accept additional, post-briefing submissions depends on the diligence of the moving party. *Stucky v. Dep't of Educ.*, 337 F. App'x 611, 613 (9th Cir. 2009); *Nakanelua v. United Pub. Workers, AFSCME*, Loc. 646, AFL-CIO, No. CV 20-00442 JAO-KJM, 2022 WL 174098, at *2 (D. Haw. Jan. 19, 2022). In *Nakanelua*, for example, the court denied "an attempt to supplement the record with evidence [the moving party] could have adduced and presented to the Court in accordance with the Court's briefing schedule…." *Id.* That is precisely what has occurred here. Plaintiffs have not shown that the supplemental material they now seek to submit could not have been submitted with their earlier briefing for any reason other than their failure to search for it. Therefore, the motion is simply a prohibited "second bite at the apple" which would prejudice BetterHelp. *Id.* at *3. Here, the motion is already under submission, and concern about an unfavorable ruling is not good cause to reopen briefing to allow the submission of material that was publicly available during the entirety of briefing on the motion.

## III. THE SUPPLEMENTAL DECLARATION IS CUMULATIVE AND DOESN'T ALTER THE ANALYSIS

Further, rather that some significant new evidence that would save Plaintiffs' FAC, Plaintiffs' supplemental declaration simply makes more of the same argument – that because some individuals may still find admitting they participate in therapy uncomfortable, Plaintiffs have

somehow met the high bar to proceed anonymously where they have already undermined the assertion they face severe stigma through their own testimony, a protective order is in place to prevent disclosure of specific diagnoses or treatment, and Plaintiffs have each stated their willingness to testify publicly at trial. *See* ECF No. 164.

In fact, BetterHelp has never contended that there is no person who feels embarrassment about seeking therapy, but instead accurately noted that the very resource cited by Plaintiffs in their Opposition emphasizes the importance of talking openly about, and thereby normalizing, therapy. ECF No. 188 at 4. The video cited in Plaintiffs' proposed supplemental declaration, which focuses on normalizing mental health treatment, is entirely consistent with BetterHelp's position. Plaintiffs' attempt to analogize participation in therapy to the authority they cite to argue that the "stigma associated with *mental illness* remains alive and well" (ECF No. 179 at 6 (emphasis added)) and likewise cite cases explicitly concerning "mental illness," HIV diagnoses, specific mental health diagnoses and treatment, and medical records—none of which would be revealed here, remain deeply inapposite. It also remains the case, that even when it comes to the actual disclosure of a mental illness, courts routinely find that parties may not proceed anonymously, including because doing so would "propagate the view that mental illness is shameful" despite being "something relatively common in our society." *Doe v. Individual Members of Ind. State Bd. of L. Examiners*, No. 1:09-CV-0842-WTL-TAB, 2009 WL 2448468, at *2 (S.D. Ind. Aug. 8, 2009) (cleaned up) (denying motion to proceed anonymously); *Roe v. Skillz, Inc.*, 858 F. App'x 240, 241 (9th Cir. 2021) (affirming denial of motion to proceed anonymously because "a past gambling addiction with accompanying mental health problems is not so out of the norm as to constitute sensitive and highly personal in nature" (cleaned up)); *Unum Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140 at 1145 (N.D. Cal. 2016) (plaintiff did not meet standard to proceed anonymously even though he disclosed suffering from "severe mental illness"); *Doe v. Fullstack Acad., Inc.*, No. 18 CIV. 08070 (ER), 2018 WL 4868721, at *2-3 (S.D.N.Y. Oct. 5, 2018) (denying motion to proceed anonymously where plaintiff disclosed mental health disabilities, took prescription medication, and participated in therapy).

Plaintiffs' supplemental declaration simply offers cumulative material and repeats previous arguments that in no way undermine BetterHelp's prior submissions. Thus, even if the Court were to accept Plaintiffs' belated submission—and it should not—that submission does not change the analysis, and the Court should therefore grant BetterHelp's Motion and dismiss the FAC as required by Rule 10.

Dated: July 11, 2025

**KING & SPALDING LLP**

By: ______________________________

LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*

Attorneys for Defendant
BETTERHELP, INC.