1
2
3
4
5
6
7                UNITED STATES DISTRICT COURT

8                NORTHERN DISTRICT OF CALIFORNIA

9

10                                          Case No.  23-cv-01033-RS

11   IN RE BETTERHELP, INC. DATA
     DISCLOSURE CASES                       **ORDER DENYING MOTION TO**
12                                          **DISMISS, WITHOUT PREJUDICE**

13

14

15        The first of the complaints in this now-consolidated action were filed in 2023, with

16   plaintiffs identifying themselves only by initials. Plaintiffs disclosed their identities to defense

17   counsel at early stages in the litigation. Defendant did not formally challenge plaintiffs' right to

18   proceed without publicly disclosing their full names until recently, when it filed this motion to

19   dismiss, arguing that Rule 10 of the Federal Rules of Civil Procedure requires plaintiffs to use

20   their full names in the pleadings, and that failure to do so justifies dismissal under Rule 12.[1]

21        Rule 10 provides "the title of the complaint must name all the parties." Fed.R.Civ.P. 10(a).

22   This rule reflects the "paramount importance of open courts" and the "default presumption is that

23   plaintiffs will use their true names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596

24

25   _____

26   [1] After defendant filed the motion to dismiss, plaintiffs belatedly filed an "administrative motion"
     for leave to proceed anonymously. Even assuming plaintiffs' motion was procedurally
27   appropriate, the issue it presents is no different from the central question of the motion to
     dismiss—*i.e.*, whether plaintiffs should be required to disclose their true names publicly at this
28   juncture.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   F.3d 1036, 1046 (9th Cir. 2010). "As a general rule, the identity of the parties in any action, civil

2   or criminal, should not be concealed except in an unusual case, where there is a need for the cloak

3   of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (internal quotation

4   marks and citations omitted); *see also Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140,

5   1143 (N.D. Cal. 2016).

6       The Ninth Circuit applies a balancing test to determine whether a party may preserve

7   anonymity in judicial proceedings. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058,

8   1068 (9th Cir. 2000). Because there is a presumption that parties' identities are public information,

9   anonymity is only proper under "special circumstances when the party's need for anonymity

10  outweighs prejudice to the opposing party and the public's interest in knowing the party's

11  identity." *Id.*  Use of pseudonyms may be proper where "necessary . . . to protect a person from

12  harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922

13  n. 1 (9th Cir.1981).

14      Defendant insists plaintiffs cannot meet their burden to show proceeding anonymously is

15  appropriate in this instance, particularly because they seek to represent a class. Defendant argues

16  requiring plaintiffs to use their real names will at most result in public disclosure of the fact that

17  they may have sought therapy services through defendant's websites, not any details of mental

18  health conditions or other highly personnel information.

19      The central issue in this case is whether defendant breached duties to the putative class

20  members to preserve the confidentiality of their personal information related to securing therapy

21  services. Requiring plaintiffs to disclose their actual names will arguably cause a further and

22  greater privacy intrusion. *See UNUM Life*, 164 F.Supp. 3d at 1145 (recognizing the "most

23  compelling situations [in which plaintiffs are allowed to proceed anonymously]" include where

24  "where the injury litigated against would occur as a result of the disclosure of the plaintiff's

25  identity").

26      The nature and extent of information purportedly disclosed by defendant's alleged

27  practices likely will be discussed in public filings and in open court as this litigation progresses. At

28

CASE NO. 23-cv-01033-RS

least at this juncture, however, it is unnecessary to link that information publicly with specific individuals under their full names. There is no prejudice to defendant, to whom plaintiffs' identities have already been disclosed.

The public interest also weighs in favor of allowing plaintiffs to proceed anonymously. Requiring plaintiffs who seek to vindicate their privacy rights to link their names to the information they seek to protect – allegedly sensitive information that has not already been widely disclosed – is against the public interest, as it could dissuade plaintiffs from bringing privacy cases. *See Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015) ("There is nothing about the plaintiffs' identities that makes it critical to the working of justice to reveal those identities. Anonymity, in other words, does not in this case threaten the principle of open courts."). Plaintiffs will not be put to the Hobson's choice, at least for now.

The motion to dismiss is denied, without prejudice to a possible reevaluation of the interests at some later stage in the case. For example, if class members eventually are required to elect between remaining in or opting out of the class, the full names of the class representatives could become of more import, although even then it is unlikely class members would make their decisions based on the specific identities of those representatives. Similarly, if the case proceeds to trial and plaintiffs testify, the balance of interests may weigh differently. At this point, however, the balance tips strongly in favor of allowing plaintiffs to pursue their privacy claims anonymously.[2]

---

[2] Plaintiff's motion for leave to submit a supplemental declaration is denied on grounds that the material presented in the declaration is tangential, at best, and does not alter the analysis.

United States District Court
Northern District of California

1    **IT IS SO ORDERED**.

2

3    Dated: August 21, 2025

4    _____

5    RICHARD SEEBORG
     Chief United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 23-cv-01033-RS