# EXHIBIT II

# Variations in State Consumer Protection Laws

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alabama (Alabama Code § 8-19-1 *et seq.*) | Not by consumers, only by AG. Ala. Code Tit. 8 § 8-19-10(f). | Yes. Monetary damage required. Ala. Code § 8-19- 10. | Yes. "Any person against whom any civil action or proceeding is brought pursuant to this chapter shall have a defense to such action or proceeding upon a showing by a preponderance of the evidence presented that such person did not knowingly commit any act or knowingly engage in any activity which constitutes a violation of any provision of this chapter." Ala. Code § 8-19-13. | No. | No action may be brought under this chapter more than one year after the person bringing the action discovers or reasonably should have discovered the act or practice. Ala. Code § 8-19-14. | Yes. Ala. Code 8-19-10(e). | Yes. Ala. Code Tit. 8 § 8-19-10(a)(2). | Yes. Ala. Code 8-19-10(a)(2). | No. | Injunctive relief. Ala. Code Tit. 8 § 8-19-10(h). | Yes. Ala. Code Tit. 8 § 8-19- 10(a)(3). | Yes. Ala. Code Tit. 8 § 8-19-10(a)(3). |
| Alaska (Alaska Stat. §§ 45.50.471 through .561) | Yes. *See, e.g., Turner* v. *AlaskaCommc'ns . Sys. Long Distances, Inc.*, 78 P.3d 264, 266-70 (Alaska 2003). | Yes - actual loss of money or property. Alaska Stat. § 45.50.531(a); *Garrison* v. *Dixon*, 19 P.3d 1229, 1235 n.22 (Alaska 2001). | No - only that acts were capable of being misleading or deceptive. *Odom* v. *Fairbanks Mem 7 Hosp.*, 999 P.2d 123, 132 (Alaska 2000); *Kenai Chrysler Ctr., Inc.* v. *Denison*, 167 P.3d 1240, 1255 (Alaska 2007). | No. *See AS* 45.50.531(a); *State* v. *O'Neill Investigations, Inc.*, 609 P.2d 520, 534 (Alaska 1980) ("Actual injury as a result of the deception is not required. All that is required is a showing that the acts or practices were capable of being interpreted that way."); *Odom*, 999 P.2d at 132. | 2 years from date violation was or reasonably should have been discovered. Alaska Stat. § 45.50.531(f). | Pre-suit notice required only before an action for injunctive relief. Alaska Stat. § 45.50.535. | 3 times actual damages or $500, whichever is greater. Alaska Stat. § 45.50.531(a). | Automatic and mandatory for violations; 50% of the award must be deposited into state's general fund. *Kenai Chrysler*, 167 P.3d at 1259 – 60 n.65. | Yes - recoverable under Alaska common law in addition to treble damages. Alaska Stat. § 45.50.531; *Kenai Chrysler*, 167 P.3d at 1260. | Any other relief court considers necessary and proper. Alaska Stat. § 45.50.531(a). | Yes. Alaska Civil Rule 82(a). | Yes - mandatory if the action was frivolous. Alaska Stat. § 45.50.537(b). |
| Arizona (Ariz. Rev. Stat. Ann. § | Yes. | Yes - distinct and palpable injury. *Fernandez* v. | Yes - intent that consumers rely on the | Yes, even if unreasonable reliance. *Kuehn* | 1 year from date of transaction giving rise to the | No. | Actual damages suffered as a result of the unlawful act | No. *See generally* Ariz. Rev. | Yes, when the conduct is wanton or | Yes - injunctive relief. Ariz. Rev. Stat. Ann. | Yes - recoverable by prevailing party if claim "arising out of contract," and in court's discretion. Ariz. Rev. Stat. § 12- | |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 44- 1521 through 44- 1534) | | *Takata Seat Belts, Inc.*, 108 P.3d 917, 919 (*Ariz.* 2005) | misrepresentation. Ariz. Rev. Stat. Ann. § 44- 1522(A). | v. *Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2004); *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992); *Dunlap* v. *Jimmy GMC of Tucson, Inc.*, 666 P.2d 83, 87 (Ariz. Ct. App. 1983) | action; discovery rule applies. Ariz. Rev. Stat. § 12-541(5), *Murry* v. *Western Am. Mortgage Co.*, 604 P.2d 651, 654 (Ct. App. Ariz. 1979); *Bergdale* v. *Countrywide Bank FSB*, No. CV-12- 8057-PCT-SMM, 2014 U.S. Dist. LEXIS 86370, at *11 (D. Ariz. June 25, 2014). | | or practice. *Holeman*, 803 F. Supp. at 242; *Dunlap*, 666 P.2d at 87); *Dunlap*, 136 Ariz. at 342. | Stat. Ann. § 44-1528, 44- 1531. | reckless or involves spite or ill will. *Dunlap*, 666 P.2d at 88; *Holeman*, 803 F. Supp. at 242-43; *Howell* v. *Midway Holdings, Inc.*, 362 F. Supp. 2d 1158, 1165 (D. Ariz. 2005); *Linthicum* v. *Nationwide Life Ins. Co.*, 723 P.2d 675, 679 (Ariz. 1986). | § 44-1528, 44- 1531. | 341.01(A); *Bennett* v. *Appaloosa Horse Club*, 35 P.3d 426, 432 (Ariz. Ct. App. 2001). | |
| Arkansas (Ark. Code Ann. § 4-88-107) | *Anderson v. Stewart*, 366 Ark. 203, 234 S.W.3d 295 (2006) | Yes, actual financial loss required. Ark. Code Ann. § 4- 88-113. | No. *Curtis Lumber Co. v. Louisiana Pac. Corp.*, 618 F.3d 762, 776 (8th Cir. 2010). | Yes. *Apex Oil Co., Inc. v. Jones Stephens Corp.*, 881 F.3d 658, 662 (8th Cir. 2018). | 5 years from the date of the violation or the date upon which the cause of action arises. Ark. Code Ann. § 4-88-115. | No. | Yes. Ark. Code Ann. § 4-88- 113(a)(2)(A). | No. | No. | Yes. Ark. Code Ann.§ 4- 88- 104. | Yes. Ark. Code Ann. § 4-88- 113(f)(3). | No. |
| California - UCL (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) | Yes. | Yes – injury in fact and lost money or property. Cal. Bus. & Prof. Code § 17204; *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223, 227 (2006). | No. *Cortez v. Purolator Air Filtration Products, Co.*, 23 Cal. 4th 163, 181 (2000). | Yes, but on a showing that misrepresentation was material, reliance is inferred as to all class members. *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020-22 (9th Cir. 2011) (discussing *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009), and *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 129 (2009)). | 4 years from date cause of action accrued; discovery rule *only* applies to UCL deceptive practices claims. Cal. Bus. & Prof. Code § 17208; *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal.4th 1185, 1195 (2013). | No. | No. *Cortez v. Purolator Air Filtration Products, Co.*, 23 Cal. 4th 163, 173-74 (2000). | No. *Cortez*, 23 Cal. 4th at 173-74. | No. *State Farm v. Superior Court*, 45 Cal. App. 4th 1093, 1110 (1996). | Yes – injunctive relief and restitution. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003); *Cortez*, 23 Cal.4th at 173-74. | No, but CCP permits if suit enforced a right affecting the public. Cal. Code Civ. Proc. § 1021.5; *Serrano v. Unruh*, 32 Cal.3d 621, 639 n.29 (1982). | No. *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App.4th 1158, 1169 (2002). |
| California – CLRA (Cal. Civ. Code §§ 1750, *et seq.*) | Yes. | Yes. Cal. Civ. Code § 1780(a). | No. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 591 (9th Cir. 2012). | Yes. *In re ZF-TRW Airbag Control Units Products Liability Litigation*, 601 | 3 years. Delayed discovery rule applies if plaintiff makes requisite showing. Cal. | Yes. Cal. Civ. Code § 1782(a). | Yes. Cal. Civ. Code § 1780(a)(1). | No. *See* Cal. Civ. Code § 1780(a). | Yes. Cal. Civ. Code § 1780(a)(4). | Yes. Cal. Civ. Code § 1780(a)(2). | Yes. Yes. Cal. Civ. Code § 1780(e). | Yes, upon a finding by the court that the plaintiff's prosecution of the action was |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | F.Supp.3d 625, 762-763 (C.D. Cal. 2022). | Civ. Code § 1783; *Franco v. Ford Motor Co.*, 644 F. Supp. 3d 672, 682 (C.D. Cal. 2022). | | | | | | | not in good faith. Cal. Civ. Code § 1780(e). |
| Colorado (Colo. Rev. Stat. Ann. §§ 6-1- 101, *et seq.*) - individual actions | Yes. *Robinson* v. *Lynmar Racquet Club,* Inc., 851 P.2d 274, 277 (Colo. App. 1993). | Yes. Colo. Rev. Stat. Ann.§ 6- 1-113( l)(a); *Wimberly* v. *Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977) | Yes. *Rhino Linings USA, Inc.* v. *Rocky Mountain Rhino Lining, Inc., 62* P.3d 142, 147 (Colo. 2003). | Yes. *Rhino Linings,* 62 P.3d at 147-48. | 3 years from date violation was or reasonably could have been discovered. Colo. Rev. Stat. Ann §6-1115. | No. | Actual damages or $500, whichever is greater. Colo. Rev. Stat. Ann. § 6-1- 113(2)(a)(I)-(III). In class actions, only actual damages are permitted. Colo. Rev. Stat.Ann. § 6- 1-113(2)(a). | As an alternative to actual damages, if bad faith conduct. Colo. Rev. Stat. Ann. § 6- l-113(2)(a)(I)-(III). | No. *See generally* Colo. Rev. Stat. Ann.§ 6-1- 113(2). | In a case certified as a class action, injunctive relief is available as allowed by law. *See* Colo. Rev. Stat. Ann.§ 6-1-113(2.9). | Yes. Colo. Rev. Stat. Ann.§ 6- 1- 113(2) - (4) | Yes - if claims are "groundless" or otherwise improper. Colo. Rev. Stat.Aann. § 6-1- 113(3). |
| Colorado (Colo. Rev. Stat. §§ 6-1-101, *et seq.*) - class actions | | | | | | | In class actions, only actual damages are permitted. Colo. Rev. Stat. Ann. § 6- 1-113(2)(a). In a case certified as a class action, injunctive relief is available as allowed by law. *See* Colo. Rev. Stat. Ann. § 6-1-113(2.9). | | | | | |
| Connecticut (Conn. Gen. Stat. Ann. § 42-110a, *et seq.*) | Yes. Conn. Gen. Stat. Ann.§ 42-110g(b). | Yes, but only must show that damages are capable of being discovered, observed, or established. *Ganim v. Smith & Wesson Corp.*, 258 Conn. 313, 780 A.2d 98 (2001); *Lentini* v. *Fidelity Nat. Title Ins. Co. of New York*, 479 F. Supp. 2d 292, 302 (D. Conn. 2007). | No. *Lentini*, 479 F. Supp. 2d at 302- 303. | No. *Hinchliffe v. Am. Motors Corp.*, 184 Conn. 607, 440 A.2d 810, 815-16 (1981) | 3 years after date of violation; no discovery rule applies. *See* Conn. Gen. Stat.Ann. § 42-110g(f); *Ride, Inc. v. APS Tech., Inc.*, Civil Action No. 3:11-CV- 1721 (JCH), 2014 U.S. Dist. LEXIS 44484, at *39 (D. Conn. Mar. 31, 2014*); Kaplan* v. *Gruder,* CV 960334308S, 1999 Conn. Super. LEXIS 1322, at *31-32 (Conn. Super. Ct. May 19, 1999). | No. | Yes. Conn. Gen. Stat.Ann. § 42-110g(d); *Nguyen* v. *Kabel,* HHDCV1260302 0 9S, 2013 Conn. Super. LEXIS 2554, at *22 (Conn. Super. Nov. 5, 2013). | No. *See generally* Conn. Gen. Stat. Ann. § 42- 110g. | Yes - most likely if reckless indifference to the rights of others. Conn. Gen. Stat. Ann. § 42- 110g(a*); Fabri v. United Tech. Int'l, Inc.*, 387 F.3d 109, 124 (2d Cir. 2004). Punitives may be available even in the absence of actual damages. *Rowe* v. *Champion Mortg. Co.*, CV020514286S, 2006 Conn. Super. LEXIS 1455, *30-31 (Conn. Super. Ct. May 12, 2006) (quoting *Tillquist* v. *Ford Motor Credit Co.*, 714 F. Supp. 607, | Yes - injunctive or other equitable relief. Conn. Gen. Stat.Ann. § 42-110g(d); *Nguyen,* 2013 Conn. Super. LEXIS 2554, at *22. | Yes - only those fees related to the prosecution of the CUTPA claim. Conn. Gen. Stat. Ann.§ 42- 110g(d); *Jacques All Trades Corp.* v. *Brown,* 752 A.2d 1098, 1105 (Conn. App. Ct. 2000). | No. *See generally* Conn. Gen. Stat. Ann.§ 42-110g(d). |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 617 (D. Conn. 1989)). | | | |
| Delaware (Del. Code Ann. tit. 6 § 2511, *et seq.*) | Yes. | Yes. *Pack & Process, Inc.* v. *Celotex Corp.*, 503 A2d 646, 657-58 (Del. Super. Ct. 1984). | Only for concealment claims - must show defendant intended reliance on the concealment. Del. Code Ann. tit. 6 § 2513(a); *Stephenson* v. *Capano Dev., Inc.*, 462 A 2d 1069, 1074 (Del. 1983); *Brandywine Volkswagen* v. *State*, 312 A.2d 632, 634 (Del.1973); *Pack & Process*, 503 A.2d at 657. | No. *Pack & Process*, 503 A.2d at 658; *see also State ex rel. Brady v. Publishers Clearing House*, 787 A.2d 111 (Del. Ch. 2001) | 3 years from date violation was or reasonably could have been discovered. Del. Code Ann. tit. 10 § 1806; *Pack & Process*, 503 A.2d at 650. | No. | Yes. *Stephenson*, 462 A.2d at 1076. | No. | Yes, if fraud is gross, oppressive, aggravated, or involves breach of trust or confidence and plaintiff is awarded compensatory damages. *Stephenson*, 462 A.2d at 1076- 77. | Yes - injunctive relief. Del. Code Ann. tit. 6 § 2523. | No. *Stephenson*, 462 A.2d at 1078. | No. *Stephenson*, 462 A.2d at 1078. |
| District of Columbia (D.C. Code Ann. § 28-3901 to 28-3913) | Yes. *See, e.g., Dist. Cablevision Ltd. P'ship* v. *Bassin*, 828 A.2d 714 (D.C. 2003); *Wells* v. *Allstate Ins. Co.*, 210 F.R.D. 1 (D.D.C. 2002). | No. D.C. Code Ann. § 28- 3904, 28- 3905(k); *Wells*. 210 F.R.D. at 9. | No. *Beck* v. *Test Masters Educ. Serv.*, 994 F. Supp. 2d 90, 93-94 (D.D.C. 2013) (citing *Cannon* v. *Wells Fargo Bank. NA,*, 926 F. Supp. 2d 152, 173-74 (D.D.C. 2013)). | No. D.C. Code Ann. § 28-3904, 28- 3905(k); *Wells*. 210 F.R.D. at 9. | 3 years from date violation was or reasonably could have been discovered. D.C. Code Ann. § 12-301(8); *Richards* v. *Duke Univ.*, 480 F. Supp. 2d 222, 235 (D.D.C. 2007). | No. | No. D.C. Code Ann. § 28-3905(k)(l); *Williams v. First Gov't Mortgage & Investors Corp.*, 225 F.3d 738, 745 (D.C. Cir. 2000). | Yes - treble damages or $1,500 per violation, whichever is greater. D.C. Code Ann. § 28-3905(k)(2); *Williams v. First Gov't Mortg. & Invs. Corp.*, 225 F.3d 738 , 745 (D.C. Cir. 2000). | Yes - if defendant acted with evil motive, actual malice, or in willful disregard of plaintiffs rights. D.C. Code § 28- 3905 (k)(2); *Williams*, 225 F.3d at 745; *Daka, Inc. v. Breiner*, 711 A.2d 86, 98-99 (D.C. 1998). | Yes - injunctive relief and any other relief court deems proper. D.C. Code Ann. § 28- 3905(k)(2); *Williams*, 225 F.3d at 745. | Yes. D.C. Code Ann. § 28- 3905(k)(2); *Williams*, 225 F.3d at 745. | No. *See generally* D.C. Code Ann.§ 28-3905(k)(2). |
| Florida (Fla. Stat. Ann. §§ 501.201, *et seq.)* | Yes. *See, e.g., Philip Morris USA Inc. v. Hines*, 883 So. 2d 292 (Fla. Dist. Ct. App. 2003); *Latman* v. *Costa Cruise Lines, N. V.*, 758 So. 2d 699 (Fla. Dist. Ct. App. 2000) | Yes - actual damages. *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1347, 1355 (M.D. Fla. 2007); *KC Leisure, Inc.* v. *Haber*, 972 So. 2d 1069 (Fla. Dist. Ct. App. 2008 | No. *Davis* v. *Powertel, Inc.*, 776 So. 2d 971, 973-74 (Fla. Dist. Ct. App. 2000); *W.S. Badcock Corp.* v. *Myers*, 696 So. 2d 776, 779 (Fla. Dist. Ct. App. 1996). | Courts split. Some courts hold reliance is not required. *Grillasca* v. *Amerada Hess Corp.*, No. 8:05-cv-1736-T-17TGW, 2006 WL 3313719, at *4 (M.D. Fla. Nov. 14, 2006); *Powertel, Inc.*, 776 So. 2d at 973 | The later of 4 years after violation or 2 years after last payment in transaction Fla. Stat.Ann. § 501.207(5); *Yusuf Mohamad Excavation, Inc.* v. *Ringhaver Equip., Co.*, 793 So. 2d 1127 (Fla. Dist. Ct. | No. | Yes - limited to the amount in which violator was unjustly enriched by the violation. Fla. Stat. Ann.§ 507.207(4), 501.211. | No. Fla. Stat.Ann. § 507.207(3). | No. *Rollins, Inc. v. Pleller*, 454 So. 2d 580, 585 (Fla. Dist. Ct. App.1984); Fla. Stat. Ann.§ 501.212(3). | Yes - declaratory judgments, injunctions. Fla. Stat.Ann. § 501.211. | Yes - prevailing party may receive reasonable attorney's fees. Fla. Stat. Ann.§ 501.2105(1). | |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | (Fla. Dist. Ct. App.2000). Others hold reliance is required. *Rosa* v. *Amoco Oil Co.,* 262 F. Supp. 2d 1364, 1368-69 (S.D. Fla. 2003); *Mac-Gray Serv., Inc.* v. *DeGeorge,* 913 So. 2d 630, 634 (Fla. Dist. Ct. App. 2005); *Black Diamond Prop., Inc. v. Haines,* 940 So. 2d 1176, 1179 & n.1 (Fla. Dist. Ct. App. 2006). | App.2001); *Davis* v. *Monahan,* 832 So. 2d 708 (Fla. 2002). | | | | | | | |
| Georgia - GFBPA (Ga. Code Ann.§ 10-1-390, *et seq.*) | No. Ga. Code Ann. § 10-l-399(a); *Honig* v. *Comcast of Georgia,* 537 F. Supp. 2d 1277 (N.D. Ga. 2008); *Friedlander* v. *PDK Labs Inc.,* 266 Ga. 180, 465 S.E.2d 670 (1996) | Yes. Ga. Code Ann. § 10-1-399; *Regency Nissan. Inc. v. Taylor,* 194 Ga. App. 645, 391 S.E.2d 467, 470 (Ga. Ct. App. 1990). | No. *Regency Nissan,* 391 S.E.2d at 470; *Henderson v. Gandy*, 270 Ga. App. 827, 608 S.E.2d 248, 252 (2004); Ga. Code Ann. § 10-1-373. | Yes. Ga. Code Ann. § 10-l-399(a); *Crown Ford, Inc. v. Crawford*, 221 Ga. App. 881, 473 S.E.2d 554 (1996); *Baranco. Inc. v. Bradshaw,* 194 Ga. App. 645,456 S.E.2d 592, 594, (1995); *Zeeman* v. *Black,* 156 Ga. App. 82 (1980). | 2 years from date violation was or reasonably should have been discovered. Ga. Code Ann. § 10-1- 401(a)(1). | Plaintiff must give written notice at least 30 days before commencing suit; defendant then has 30 days to tender written settlement offer which, if rejected, may limit plaintiffs recovery. Ga. Code Ann. § 10-l-399(b); *Regency Nissan,* 194 Ga. App. 645. | General damages recoverable. Ga. Code Ann. § 10-1- 399(a); *Conseco Fin. Servicing Corp. v. Hill*, 252 Ga. App. 774, 556 S.E.2d 468, 473 (2001). | Yes, if intent is proven. Ga. Code Ann. § 10-1-300(c); *Conseco Fin. Serv. Corp.,* 556 S.E.2d at 473. | Exemplary damages available only in the case of intentional violation. Ga. Code Ann. § 10-1- 399(a); *Conseco Fin. Serv. Corp.*, 556 S.E.2d at 473. | Yes - equitable injunctive relief. Ga. Code Ann.. § 10-l-399(a); *Conseco Fin. Serv. Corp.,* 556 S.E.2d at 473. | Yes, but may be limited by rejection of reasonable response to pre- suit written demand provision. Ga. Code Ann. § 10-1-399(d). | Yes, if the court finds the action continued past the rejection of such reasonable written offer of settlement in bad faith or for the purposes of harassment, the court shall award attorneys' fees and expenses of litigation to the adverse party. *See generally* Ga. Code Ann. § 10-l-399(d). |
| Hawaii (Haw. Rev. Stat. Ann. § 480-2) - individual actions | Yes. *See, e.g., Daly* v. *Harris,* 215 F. Supp. 2d 1098, 1103 (D. Haw. 2002); *Hum* v. *Dericks,* 162 | Required for damages; not for injunctive relief. Haw. Re. Stat. Ann. §§ 480-13, 481A- 4; *Sambor* | No. Haw. Rev. Stat. Ann.§ 480-2; 481A-4; *Davis*, 949 P.2d 1026. | No, but causation is. *See* Haw. Rev. Stat. Ann § 480-13; *Sambor,* 183 F. Supp. 2d at 1244. | 4 years from date of violation. Haw. Rev. Stat. § 480- 24; *Dodds* v. *BAC Home Loans Servicing,* | No. | Yes - minimum of $1,000 or treble damages; if an elder, minimum of $5,000 or treble damages. Haw. | Yes. *Leibert v. Fin. Factors, Ltd,* 788 P.2d 833, 838 (Haw. 1990). | No. *Zanakis-Pico* v. *Cutter Dodge, Inc.*, 98 Haw. 309, 47 P.3d 1222, 1232 (Haw. 2002). | Yes. Haw. Rev. Stat. Ann § 480-13(b)(2). | Yes. Haw. Rev. Stat. Ann § 480- 13(b)(1). | No. *See generally* Haw. Rev. Stat. Ann § |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | F.R.D. 628 (D. Haw. 1995). | v. *Omnia Credit Servs., Inc.*, 183 F. Supp. 2d 1234, 1244 (D. Haw. 2002); *Davis* v. *Wholesale Motors, Inc.*, 949 P.2d 1026, 1038 (Haw. Ct. App. 1997). | | | *DP*, No. 10-00371, 2011 U.S. Dist. LEXIS 42561, at *22-23 (D. Haw. Apr. 19, 2011). | | Rev. Stat. Ann § 480-13(b)(l). | | | | | 480-13. |
| Hawaii (Haw. Rev. Stat. § 480-2) - class actions | | | | | | | In class actions, recoverable relief is the same but the $1,000 minimum does not apply and the court uses its discretion to fairly apportion the treble damages. Haw. Rev. Stat. § Ann. 480-13(c). | | | | | |
| Idaho (Idaho Code Ann.. § 48-601 *et seq.*) | Yes, but class may bring action only for actual damages or $1,000, whichever is greater. Idaho Code Ann § 48-608 | Yes. Ascertainable loss of money or property. Idaho Code Ann. § 48-608. | Yes. *Swafford v. Huntsman Springs, Inc.*, 163 Idaho 209, 409 P.3d 789, 794 (2017). | No. | Two years after cause of action accrues. Idaho Code Ann § 48-619. | No. | Yes. Actual damages or $1,000, whichever is greater. Idaho Code Ann § 48-608.. | | Yes, for repeated or "flagrant violations." Idaho Code Ann § 48-608(1). | Yes, for repeated or "flagrant violations." Idaho Code Ann § 48- 608(1). | Yes. Idaho Code Ann § 4- 608(5). | Yes, in court's discretion if Plaintiff brought action for harassment or suit is spurious. Idaho Code Ann § 4-608(5). |
| Illinois - UDTPA (815 Ill. Comp. Stat. Ann. 510/1- 510/7) | Yes. | No, only likelihood of future injury. 815 Ill. Comp. Stat. Ann. 510/3; *Smith* v. *Prime Cable Co. of Chicago,* 276 Ill. App. 3d 843, 860, 658 N.E.2d 1325 (1995) | No. *McGraw-Edison Co.* v. *Walt Disney Productions,* 787 F.2d 1163, 1173-74 (7th Cir. 1986). | No. *McGraw-Edison Co.*, 787 F.2d at 1173-74. | 3 years after plaintiff suffered injury. 815 Ill. Comp. Stat. Ann. 5/13-205 | No. | Injunctive relief is the only available remedy under the UDTPA 815 Ill. Comp. Stat. Ann. 510/3. However, violations of the UDTPA constitute per se violations of the CFA for which damages and fees are recoverable. *See id.*; *Dorr-Oliver, Inc. v. Flouid-Quip, Inc.,* 834 F. Supp. 1008 (N.D. 111. 1993). | | | | | |
| Indiana (Ind. Code Ann. §§ 24- 5-0.5-3(a)(l)- (18))- incurable acts | Yes. Ind. Code §24-5-0.5-4(b). | Yes. Ind. Code Ann. § 24-5-0.5-4(a). | Yes - intent to defraud or mislead. *McKinney* v. *State,* 693 N.E.2d 65, 68-69 (Ind. 1998). | Yes. Ind. Code Ann. § 24-5-0.5-4(a); *Captain & Co.* v. *Steinberg,* 505 N.E.2d 88, 98-99 (Ind. Ct. App. 1987). | 2 years from occurrence of deceptive act; discovery rule does not apply. Ind. Code Ann. § 24-5-0.5 5(b)*; AJ.'s Auto. Sales* v. *Freet,* 725 N.E.2d 955, 964-65 (Ind. Ct. App. 2000), *abrogated on other grounds, Camoplast Crocker, LLC* v. *Schoolcraft,* 12 N.E.3d 251 (Ind. 2014). | No. | Yes - actual damages or $500, whichever is greater. Ind. Code Ann.§ 24-5-0.5-4(a). | Yes - court may increase damages for a willful act to not exceed the greater of 3 times actual damages or $1,000. Ind. Code Ann. § 24-5- 0.5- 4(a). An elderly person can bring an action for treble damages. Ind. Code § 24-5-0.5-4(i). | No. *See generally* Ind. Code Ann. § 24-5-0.5-4(a). | No - only the Attorney General can bring an action for equitable relief. Ind. Code Ann. § 24-5-0.5-4(c). | Yes - court's discretion to award the prevailing party reasonable attorney's fees. Ind. Code Ann. § 24-5-0.5-4(a). | |
| Indiana (Ind. Code Ann. §§ 24- 5-0.5-3(a)(l)- (18)) uncured acts | | | No. *McKinney*, 693 N.E.2d at 68-69. | | | Yes - plaintiff must give notice to supplier within the sooner of 6 months after discovery of deceptive act, 1 year after consumer transaction, | | | | | | |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | or at least 30 days of any period of applicable warranty. Ind. Code § 24-5-0.5- 5 (a); *A.B.C. Home & Real Estate Inspection, Inc.* v. *Plummer,* 500 N.E.2d 1257, 1262 (Ind. Ct. App. 1986). | | | | | | |
| Iowa (Iowa Code Ann. § 714H.5) | Only if first approved by the Attorney General. Iowa. Code Ann.§ 714H.7. | Yes. Ascertainable loss of money or property. Iowa Code Ann. § 714H.5. | A person shall not engage in behavior that he knows or has reason to know is an unfair practice. Iowa Code Ann. § 714H.3. | No. | Within 2 years of the last event giving rise to the cause of action, or within 2 years of the discovery of the violation, whichever is later. Iowa. Code Ann. § 714H.5. | No. | Yes. Iowa Code Ann.§ 714H.5. | Yes, for willful and wanton disregard for the rights or safety of another. Iowa Code Ann. § 714H.5. | No. | Yes. Iowa. Code Ann.§ 714H.5. | Yes. Iowa. Code Ann.§ 714H.5. | No. |
| Kansas (Kan. Stat. Ann. § 50- 623, *et seq.*) - individual actions | Yes. Kan. Stat. Ann § 60-223; *Dragon v. Vanguard Indus.*, Inc., 277 Kan. 776, 89 P.3d 908, 911 (2004) | Yes. *Finstad* v. *Washburn Univ. of Topeka,* 252 Kan. 465, 845 P.2d 685, 689- 91 (1993). | No. *Willman* v. *Ewen,* 230 Kan. 262, 267, 634 P.2d 1061 (1981); *Haag* v. *Dry Basement, Inc.,* 11 Kan. App. 2d 649, 650 (1987). | Yes. *Finstad.* 845 P.2d at 689- 91. | 3 years after date of violation; discovery rule does not apply. Kan. Stat. Ann § 60-512; *Alexander* v. *Certified Master Builders Corp.,* 268 Kan. 812, 1 P.3d 899, 908 (Kan. 2000); *Four Seasons Apartments, Ltd.* v. *AAA Glass Serv., Inc.,* 37 Kan. App. 2d 248, 152 P.3d 101, 104-105 (Kan. Ct. App. 2007). | No. | Yes - actual damages or a civil penalty of not more than $10,000 for each violation, whichever is greater. Kan. Stat. Ann §50-634(b); 636(a). | No. *See generally* Kan. Stat. Ann §50-634(b); 636(a). | Not explicitly, but case law suggests punitives may be available for individual actions. *See Equitable Life Leasing Corp.* v. *Abbick,* 757 P.2d 304, 307 (Kan. 1988). | Yes - declaratory judgment or injunction. Kan. Stat. Ann § 50-634(a)(l)-(2), (e). | Yes. Kan. Stat. Ann § 50- 634(e). | Yes, if P brought or maintained an action they knew to be groundless. Kan. Stat. Ann § 50-634(e). |
| Kansas (Kan. Stat. Ann. § 50- 623, *et seq.)* - class actions | | | | | | | Class actions may recover only those damages caused by the violation. Kan Stat. Ann § 50-634(c)-(d); *Finstad,* 845 P.2d at 691; *Lowe* v. *Surpas Res. Corp.*, 253 F. Supp. 2d 1209, 1229 n.16 (D. Kan. 2003). | | | | | |
| Kentucky (Ky. Rev. Stat. Ann.§ 367.220) | Yes. | Yes. *M.T. v. Saum*, 7 F. Supp. 3d 701, 706 (W.D. Ky. 2014). | Showing of causal nexus required. *M.T. v. Saum*, 7 F. Supp. | No. *Corder v. Ford Motor Co.*, 869 F. Supp. 2d 835, 838 (W.D. | 1 year after any action of the Attorney General has terminated or | No. | Yes. Ky. Rev. Stat. Ann § 367.220(1). | No. | Yes, "where appropriate." Ky. Rev. Stat. Ann § 367.220(1). | Yes. Ky. Rev. Stat. Ann § 367.220(1). | Yes, to prevailing party. K. Rev. Stat. Ann § 367.220(3). | |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 3d 701, 706 (W.D. Ky. 2014). | Ky. 2012). | two years after the violation of Ky. Rev. Stat.Ann. § 367.170, whichever is later. Ky. Rev. Stat.Ann. § 367.220(5). | | | | | | | |
| Louisiana (La. Rev. Stat. Ann. § 51:1405, *et seq.)* | No - only the Attorney General can sue on behalf of a class of consumers. La. Rev. Stat. Ann.§ 51:1404(B), 1407, 1408, 1409(A), 1414; *State ex rel. Guste* v. *Gen. Motors Corp.*, 354 So. 2d 770 ( La. 1978); *Iberia Credit Bureau, Inc.* v. *Cingular Wireless LLC*, 379 F.3d 159, 174-75 (2004). | Yes. La. Rev. Stat. Ann. § 51:1409(A); *Landrum* v. *lid. of Comm'rs of Orleans Levee Dist.*, 758 F. Supp. 387, 392 (E.D. La. 1991). | Yes - more than mere negligence. *Marshall* v. *Citicorp Mortg., Inc.*, 601 So. 2d 669, 670-71 (La. Ct. App. 1992). | No, but must prove causation. La. Rev. Stat. Ann § 51:1409(A). | 1 year from date of transaction giving rise to action; discovery rule does not apply. La. Rev. Stat. Ann. § 51:1409(E); *Morris* v. *Sears, Roebuck & Co.*, 765 So. 2d 419, 422 (La. Ct. App. 2000). | No. | Yes. La. Rev. Stat. Ann § 51:1409. | Yes - for "knowing" violations, but only if defendant is put on notice by the director or Attorney General. La. Rev. Stat. Ann § 51:1409(A); *Laurents* v. *La. Mobile Homes, Inc.*, 689 So. 2d 536, 542-43 (La. Ct. App. 1997). | No. La. Rev. Stat. Ann § 51:1409(A). | No. La. Rev. Stat. Ann § 51:1409. | Yes. La. Rev. Stat. Ann § 51:1409. | Yes. If action is groundless or in bad faith. groundless. La. Rev. Stat. Ann § 51:1409. |
| Maine (Me. Rev. Stat. Ann. tit. 5 § 213) | Yes. *See Oceanside at Pine Point Condominium Owners Ass'n v. Peachtree Doors, Inc.*, 659 A.2d 267 (Me. 1995). | Yes. *Anderson v. Hannaford Bros. Co.*, 659 F.3d 151, 160 (1st Cir. 2011). | No. *Binette v. Dyer Library Ass'n*, 688 A.2d 898, 906 (Me. 1996). | Yes. *GxG Mgmt., LLC v. Young Bros. & Co.*, 457 F. Supp. 2d 47, 50 (D. Me. 2006) | "[C]laims under Maine's Unfair Trade Practices Act are subject to Maine's general six-year statute of limitations period for civil actions." *Campbell v. Machias Sav. Bank*, 865 F. Supp. 26, 34 (D. Me. 1994) | Yes. Me. Rev. Stat. Ann. tit. 5 § 213(1-A). | Yes. Me. Rev. Stat. Ann. tit. 5 § 213(1) | No. | No. | Yes. 5 Me. Rev. Stat. Ann. tit. 5 § 213(1). | Yes. Me. Rev. Stat. Ann. tit. 5 § 213(2). | No. |
| Maryland (Md. Comm. Law § 13-408) | Yes. *See, e.g., Green v. H & R Block, Inc.*, 355 Md. 488, 735 A.2d 1039 (Md. 1999). | No. Md. Ann., Com. Law § 13-302. | Yes. *Allen v. Bank of Am., N.A.*, 933 F. Supp. 2d 716, 727 (D. Md. 2013). | No. Md. Ann., Com. Law § 13-302. | Three years. Md. Code Ann., Cts. & Jud. Proc. § 5-101. | No. | Yes. Md. Comm. Law § 13-408. | No. | No. | Yes. Md. Comm. Law § 13-406. | Yes. Md. Comm. Law § 13-408(b). | |
| Massachusetts (Mass. Gen. Laws Ann.ch 93A § 9) | Yes. Mass. Gen. Laws Ann. ch 93A § 9(2). | Yes. *Refuse & Envtl. Sys., Inc. v. Indus. Servs. of Am., Inc.*, 932 | No. *In re Leger*, 34 B.R. 873, 876 (Bankr. D. Mass. 1983) | No. *In re Leger*, 34 B.R. 873, 876 (Bankr. D. Mass. 1983) | 4 years. Mass. Gen. Laws Ann. ch. 93A § 11. | Yes. Mass. Gen. Laws Ann. ch 93A, §9(3). | Yes. Mass. Gen. Laws Ann. ch. 93A, § 9(3). | Yes, up to three times actual damages, not | No. | Yes. Mass. Gen. Laws Ann. ch . 93A, § 9(3). | Yes. Mass. Gen Laws Ann. ch. 93A, § 9(4). | No. |

| **State** | **Class Actions Permitted?** | **Injury Required?** | **Scienter Required?** | **Reliance Required?** | **Statute of limitations** | **Pre-suit Notice Required?** | **Remedies: Actual Damages?** | **Remedies: Treble Damages?** | **Remedies: Punitive Damages?** | **Remedies: Equitable Relief?** | **Attorney's fees for prevailing P?** | **Attorney's fees for prevailing D?** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | F.2d 37, 43 (1st Cir. 1991). | | | | | | less than 2 times actual damages was willful. Mass Gen. Laws Ann. ch. 93A, § 9(3). | | | | |
| Michigan (Mich. Comp. Laws Ann. § 445.911) | Yes. Mich. Comp. Laws Ann. § 445.911(4) | Yes. Mich. Comp. Laws Ann. § 445.911.. | For some violations only. Mich. Comp. Laws Ann. § 445.903; *Brownlow v. McCall Enterprises, Inc.*, 315 Mich. Ct. App. 103, 125-26. | In class action, no individual proof of reliance required. *Dix v. Am. Bankers Life Assur. Co. of Fla.*, 429 Mich. 410, 418 (1987). | Six years. Mich. Comp. Laws Ann. § 600.5813 | No. | Yes. Mich. Comp. Laws Ann. § 445.911(4). | No. | No. | Yes. Mich. Comp. Laws Ann. § 445.911(1) (a) and (b). | No, not available in class actions. Mich. Comp. Laws Ann. § 445.911(2). | No. |
| Minnesota - UDTPA (Minn. Stat. §§ 325D.43-325D.48) | Yes. *See. e.g. Schlink* v. *Edina Realty Title*, No. CT 02-018380, 2003 WL 23786984 (Minn. Dist. Ct. Sept. 9, 2003); *Curtis* v. *Philip Morris Cos. Inc.*, No. PI 01-018042, 2004 WL 2776228 (D. Minn. Nov. 29, 2004); *Mooney* v. *Allianz Life Ins. Co. of N. Am.*, 244 F.R.D. 531 (D. Minn. 2007). | Likelihood of future injury; past injuries not actionable. *I-Systems, Inc.* v. *Softwares, Inc.*, No. Civ. 02-1951 JRTFLN, 2004 WL 742082 (D. Minn. Mar. 29, 2004); *Wehner* v. *Linvatech Corp.et al.*, No. 06- CV-1709-JMR/FLN, 2008 WL 495525, at *3-4 (D. Minn. Feb. 20, 2008). | No. *See I-Systems*, 2004 WL 742082, at *15. | No. *Thompson* v. *Am. Tobacco Co. Inc.*, 189 F.R.D. 544. 552- 53 (D. Minn. 1999). | 6 years from discovery of the facts constituting fraud. Minn. Stat. § 541.05; *Tuttle* v. *Lorillard Tobacco Co., Ml* 377 F.3d 917, 926 (2004). | No. | No - the UDTPA provides injunctive relief only. Minn. Stat. § 325D.45(1); *Dennis Simmons, D.D.S, P.A.* v. *Modern Aero, Inc.*, 603 N.W.2d 336, 339 (Minn. Ct. App. 1999). | | | Yes. Minn. Stat. § 325D.45(1); Dennis Simmons, 603 N.W.2d at 339 | Yes, if D willfully engaged in the trade practice knowing it to be deceptive. Minn. Stat. § 325D.45(2). | Yes, if P brought the action knowing it to be groundless. Minin. Stat. § 325D.45(2). |
| Mississippi (Miss. Code Ann. § 75-24-15) | No. | | | | | Yes. Miss. Code Ann. § 75- 24-15(2). | Yes. Miss. Code Ann. § 75-24-15(1) | | | | No. | Yes, if consumer brought claim that was frivolous or filed for purposes of delay. Miss. Code Ann. § 75-24-15(4). |
| Missouri (Mo. Rev. Stat. 407.010, *et seq.)* | Yes. Mo. Rev. Stat. § 407.025(5). | Yes. Mo. Rev. Stat. § 407.025(1); *Owen* v. *CMC*, 533 F.3d 913, | No. *State ex rel. Nixon* v. *Beer Nuts*, 29 S.W.3d 828, 837 (Mo. Ct. App. 2000); *State* | No. *State* v. *Areaco. Inv. Co.*, 756 S.W.2d 633, 635-36 (Mo. App. 1988). | 5 years. Mo. Rev. Stat. § 516.120(1); *Boulds* v. *Chase Auto Fin. Corp.*, | No. | Yes. Mo. Rev. Stat. § 407.020.1; *Ullrich.* 244 S.W.3d 772; *Viene v. Concours* | No. *See generally* Mo. Rev. Stat. § 407.025(1). | Yes Mo. Rev. Stat. § 407.025(1)*; Hess* v. *Chase Manhattan Bank,* | Yes, if plaintiff succeeds on a claim for actual damages. *Freeman Health* | Yes - court may award the prevailing party reasonable attorney's fees. Mo. Rev. Stat. § 407.025(2). | |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 922 (8th Cir. 2008); *State ex rel. Nixon* v. *Telco Directory Pub.*, 863 S.W.2d 596 (Mo. 1993). | *ex rel. Webster* v. *Areaco Inv. Co.*, 756 S.W.2d 633, 635 (Mo. Ct. App. 1988). | | 266 S.W.3d 847, 851 (Mo. Ct. App. 2008); *Ullrich* v. *CADCO, Inc.*, 244 S.W.3d 772, 778 & n.3 (Mo. App. 2008). | | *Auto Sales. Inc.*, 787 S.W.2d 814 (Mo. App. 1990). | | 220 S.W.3d 758 (Mo. 2007). | *Sys.* v. *Wass*, 124 S.W.3d 504 (Mo. App. 2004). | | |
| Montana (Mont. Code Ann. § 30-14-101 *et seq.*) | No. Mont. Code Ann. § 30-14-133(1). | Yes. Mont. Code Ann. § 30-14-133(1). | Only that action be "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Rohrer v. Knudson*, 2009 MT 35, ¶ 31, 349 Mont. 197, 205 (2009). | No. | Two years. Mont. Code Ann. § 27-2- 211. | No. | Yes, actual damages or $500, whichever is greater. Mont. Code Ann. § 30-14-133(1). | Court, in its discretion, may award up to three times the actual damages sustained. Mont. Code Ann. § 30- 14-133(1). | No. | Yes. Mont. Code Ann. § 30-14-111(1). | Yes - court may award the prevailing party reasonable attorney's fees. Mont. Code Ann. § 30-14-133(3). | |
| Nebraska (Neb. Rev. Stat. Ann. § 59-1609) | Yes. *See, e.g.*, *Arthur v. Microsoft Corp.*, 676 N.W. 2d 29 (Neb. 2004); *Hage v. General Service Bureau*, 306 F. Supp. 2d 883 (D. Neb. 2003). | Yes, Neb. Rev. Stat. Ann. § 59-1609. | Yes. | No. | Four years. Neb. Rev. Stat. Ann. § 59- 1612. | No. | Yes. Neb. Rev. Stat. § 59-1609. | No. | No. | Yes. Neb. Rev. Stat. Ann. § 59-1608(1). | Yes. Prevailing party, at court's discretion, may recover reasonable attorney's fees. Neb. Rev. Stat. Ann. § 59- 1609. | |
| Nevada (Nev. Rev. Stat. § 41.600) | Yes. | Yes. *Sattari v. Wash. Mut.*, 475 Fed. Appx. 648, 648 (9th Cir.) | No. Nev. Rev. Stat. §§ 598.0903-598.0999. 41.600(2)(e). | No, but causation is. *Sattari*, 475 Fed. Appx. at 648 | 4 years from date violation was or could have been reasonably | No. | Yes. Nev. Rev. Stat. § 41.600(3)(a)-(b). | No. *See generally* Nev. Rev. Stat. § 41.600(3)(a)-(b) | No. *See generally* Nev. Rev. Stat. § 41.600(3)(a)- (b). | Yes - any equitable relief the court deems appropriate. | Yes - prevailing party may obtain reasonable attorney's fees. Nev. Rev. Stat. § 41.600(3)(a)-(c). | |
| New Hampshire (N.H.Rev. Stat. Ann.. § 358-A:1, *et seq.*) | Yes. N.H.Rev. Stat. Ann. § 358-A:10-a. | Yes. N.H.Rev. Stat. Ann. § 358-A:10-a. | No. N.H.Rev. Stat. Ann. § 358-A:10; *Barrows* v. *Boles*, 687 A2d 979, 986-87 (N.H. 1996). | No, but causation is. *Mulligan* v. *Choice Mortg. Corp. USA*, No. CIV. 96-596-B, 1998 WL 544431, at *11 (D.N.H. Aug. 11. 1998). | 3 years from date violation was or reasonably could have been discovered. N.H.Rev. Stat. Ann. § 358-A:3(IV-a); *Murray* v. *McNamara*, No. 2013-630, 2015 N.H. LEXIS 23, at *7-8 (N.H. Mar. 20, 2015). | No. | Yes - actual damages or $1,000, whichever is greater. N.H.Rev. Stat. Ann. § 358-A:10. | Yes - for a willful or knowing violation, mandatory award is at least 2 times but no more than 3 times actual damages. N.H.Rev. Stat. Ann. § 358-A:10; *Simpson* v. *Young*, No. 2004- 700, 2005 N.H. | No. N.H.Rev. Stat. Ann. § 358-A:10. | Yes - equitable relief. N.H.Rev. Stat. Ann. § 358- A: 10. | Yes. N.H.Rev. Stat. Ann. § 358-A:10. | No. *See generally* N.H.Rev. Stat. Ann. § 358- A:10. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | LEXIS 184 (N.H. Dec. 29, 2005), *substituted opinion*, 153 N.H. 471 (2006); *Unit Owners Ass'n of Summit Vista Lot 8 Condo*, v. *Miller*, 141 N.H. 39 (1996). | | | | |
| New Jersey (N.J. Rev. Stat. Ann. §56:8-1, *et seq.)* | Yes. *Varacallo* v. *Mass. Mut. Life Ins. Co.*, 332 N.J. Super. 31, 45 (App. Div. 2006). | Yes. *Thiedemann* v. *Mercedes-Benz U.S. LLC*, 183 N.J. 234, 246 (2005). | If an omission, defendant must have acted knowingly. *Fenwick v. Kay Am. Jeep, Inc.*, 72 N.J. 372 (1977). If an affirmative act, only the potential to mislead is required. Rev. Stat. Ann. § 56:8-2; *Lingar* v. *Live-In Companions, Inc.*, 300 N.J. Super. 22, 28 (App. Div. 1997). | No, only a causal nexus. *Int'l Union of Operating Eng'rs Local #68 Welfare Fund* v. *Merck & Co., Inc.*, 384 N.J. Super. 275, 288 (App. Div. *2006); DaBush* v. *Mercedes Benz USA, Inc.*, 874 A2d 1110, 1121 (N.J. Super. Ct. App. Div. 2005); *N.J. Citizen Action* v. *Schering-Plough Corp.*, 842 A.2d 174, 178 (N.J. Super. Ct. App. Div. 2003). | 6 years after the cause of any such action shall have accrued. N.J. Rev. Stat. Ann. § 2A:14-1; *Mirra* v. *Holland Am. Line*, 331 N.J. Super. 86, 90-91 (App. Div. 2000); *Tammera* v. *Grossman*, Civ. No. 10-569 (DRD), 2010 U.S. Dist. LEXIS 32641, at *15-16 (D.N.J. Mar. 29, 2010). | No. | Yes. N.J. Rev. Stat. Ann. § 56:8-19. | Mandatory when ascertainable loss of money or property is proved. N.J Rev. Stat. Ann. § 56:8-19; *Cox* v. *Sears Roebuck & Co.*, 138 N.J. 2, 24 (1994). | No. *Wildstein* v. *Tru Motors, Inc.*, 227 N.J. Super. 331 (Law. Div. 1998). | Yes - appropriate equitable relief. N.J Rev. Stat. Ann. § 56:8- 19. | Yes - if proof that defendant committed an unlawful act. N.J. Rev. Stat. Ann. § 56:8- 19; *Cox*, 138 N.J. at 24*; BJM Insulation & Constr., Inc.* v. *Evans*, 287 N.J. Super. 513,517 (App. Div. 1996). | No. *See generally* N.J. Rev. Stat. Ann. § 56:8- 19. |
| New Mexico (N.M. Stat. Ann. § 57-12-1, *et seq.)* - individual actions | Yes. *Fiser* v. *Dell Comput. Corp.*, 144 N.M. 464, 468-69 (2008). | To obtain injunctive relief, plaintiff must prove only that they are likely to be damaged. *Page & Wirtz Constr. Co.* v. *Solomon*, 794 P.2d 349, 354 (N.M. 1990); N.M. Stat. Ann.§ 57- 12- 10(A). To recover damages, plaintiff must | Yes - defendant must know or reasonably should have known representation is false. N.M. Stat. Ann. § 57-12-2(D); *Taylor* v. *United Mgmt., Inc.*, 51 F. Supp. 2d 1212, 1216 (D.N.M. 1999); *Stevenson* v. *Louis Dreyfus Corp.*, 811 P.2d | No, but causation is. N.M. Stat. Ann. § 57-12-10(B); *Uniform Jury Instructions* 13- 1707 NMRA; *Stevenson*, 811 P.2d at 1311. | 4 years from date of violation; discovery rule applies. *Nance* v. *L.J. Dolloff Assocs., Inc.*, 138 N.M. 851, 856 (2005); *Tiberi* v. *Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996); *Anderson Living Trust v. WPX Energy Prod., LLC,* 27 F. Supp. 3d 1188, 1213-14 | No. | Yes - actual damages or $100, whichever is greater. N.M. Stat. Ann. § 57-12-10(B); *Lohman* v. *Daimler-Chrysler Corp.*, 142 N.M. 437, 445-46 (2007). | Yes - if defendant's conduct willful, up to 3 times actual damages or $300, whichever is greater. N.M. Stat. Ann. § 57- 12- 10(B). | Not other than treble damages. *McLelland* v. *United Wis. Life Ins. Co.*, 127 N.M. 303, 306-07 (1999). | Yes - injunction if plaintiff is likely to be damaged. N.M. Stat. Ann. § 57-12-10(A). | Yes. N.M. Stat. § 57-12-10(C). | Yes, if claim is groundless. N.M. Stat. Ann. § 57-12- 10(C). |
| New Mexico (N.M. Stat. Ann. § 57-12- | | | | | | | Named plaintiffs may recover as an individual plaintiff *(i.e.,* actual damages for $100, whichever is greater, subject to trebling if conduct was willful); other class members may only recover such actual damages suffered by each class member as a result of the violation. N.M. Stat. Ann. §§ 57-12-10(B), (E). | | | | | |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1, *et seq.)* - class actions | | show actual injury. N.M. Stat. Ann. § 57-12-10(B). | 1308, 1311 (N.M. 1991). | | (D.N.M. 2014). | | | | | | | |
| New York - N.Y. Gen. Bus. § 349 | Yes. *See* N.Y. C.P.L.R. § 901; N.Y. Gen. Bus. § 349(h); *Rubin* v. *Nine W. Group, Inc.,* No. 0763/99, 1999 WL 1425364 at *2 (N.Y.S. Nov. 3, 1999); *Lawlor Cablevision Sys. Corp.,* 839 N.Y.S.2d 4331 (N.Y. Sup. Ct. 2007). | Yes - actual harm. *Baron* v. *Pfizer, Inc.,* 840 N.Y.S.2d 445, 448 (N.Y. App. Div. 2007); *Tomasino v. Estee Lauder Cos.,* 13-CV-4692 (ERK) (RML), 2015 U.S. Dist. LEXIS 38918, at *9 (E.D.N.Y. Mar. 26, 2015). | No. *Stutman v. Chem. Bank,* 731 N.E.2d 608, 612 (N.Y. 2000); *Tomasino,* 2015 U.S. Dist. LEXIS 38918, at *9. | No, but must prove causation. *Baron,* 840 N.Y.S.2d at 447-48; *Small* v. *Lorillard Tobacco Co., Inc.,* 94 N.Y.2d 43, 55 (1999). | 3 years after plaintiff suffered injury; discovery rule may apply. N.Y. C.P.L.R. § 214(2); *State v. Daicel Chem. Indus., Ltd.,* 840 N.Y.S.2d 8, 11 (2007); *Avdon Capitol Corp.* v. *Nationwide Mut. Fire Ins. Co.,* 658 N.Y.S.2d 383 (1997); *Bidetti* v. *Salter,* 108 AD.2d 890, 891 (N.Y. 1985). | No. | Yes - actual damages or $50, whichever is greater. N.Y. Gen. Bus. §§ 349(h), 350- e(3). | Yes - court's discretion to increase award up to no more than 3 times actual damages not to exceed $1,000, if defendant's violation was willful or knowing. N.Y. Gen. Bus. §§ 349(h), 350-e(3). | No. *See generally* N.Y. Gen. Bus. §§ 349, 350. | No. *See generally* N.Y. Gen. Bus. § 349. | Yes. N.Y. Gen. Bus. §§ 349, 350-e. | No. *See generally* N.Y. Gen. Bus. §§ 349, 350. |
| North Carolina (N.C. Gen. Stat. §75-1.1, *et seq.)* | Yes. *Crow* v. *Citicorp Acceptance Co., Inc.,* 319 N.C. 274, 282-85 (1987). | Yes. *Neuse River Found., Inc.* v. *Smithfield Foods Inc.,* 155 N.C. App. 110, 113-14 (Ct. App. 2002). | No. *Excel Staffing Serv., Inc.* v. *HP Reidsville, Inc.,* 616 S.E.2d 349, 355 (N.D. Ct. App. 2005). | No. *Marshall v. Miller,* 302 N.C. 539, 544, 548 (1981); *Cullen v. Valley Forge Life Ins. Co.,* 161 N.C. App. 570, 580 (Ct. App. 2004). | 4 years from date of violation; discovery rule applies. N.C. Gen. Stat. § 75-16.2; *United States v. Ward,* 618 F. Supp. 884, 902-03 (E.D.N.C. 1985); *Nash* v. *Motorola Comm's & Elecs. Inc.,* 96 N.C. App. 329, 331 (N.C. Ct. App. 1989). | No. | Yes. N.C. Gen. Stat. § 75-16; *Ellis v. Northern Star Co.,* 388 S.E.2d 127, 131 (N.C. 1990). | Yes - treble damages mandatory for violation. *N.C. Nat. Bank* v. *Carter,* 71 N.C. App. 118, 121-23 (Ct. App. 1984); N.C. Gen. Stat. §75-16; *Pearce* v. *Am. Defender Life Ins. Co.,* 316 N.C. 461, 470 (1986). | No. *Pinehurst, Inc.* v. *O'Leary Bros. Realty, Inc.,* 79 N.C. App. 51, 62-63 (Ct. App. 1986). | No. N.C. Gen. Stat. § 75-1.1. | Yes, if violation was willful. N.C. Gen. Stat. (§75- 16.1(1)). | Yes, if plaintiff knew or should have known the action was frivolous and malicious. N.C. Gen. Stat. § 75-16.1(2). |
| North Dakota (N.D. Cent. Code §§ 51-15-01 through 51-15-11) | Yes. *Rose* v. *United Equitable Ins. Co., 651* N.W.2d 683 (N.D. 2002). | Yes - threatened or actual injury. *Ackre* v. *Chapman & Chapman, PC,* 788 N.W. 2d 344, 352 at ¶23*; N.D. Fair Hous. Council, Inc.* v. *Haider,* No. CIV Al- 98- 077, 1999 WL 33283355, at *3 (D.N.D. Mar. 9, 1999). | Yes - intent that others rely on the deceptive act. N.D. Cent. Code § 51-15-02. | No. N.D. Cent. Code § 51-15-02. | 6 years from time plaintiff knew or should have known of claim's existence. N.D. Cent. Code § 28-01-16; *Hebron Pub. Sch. Dist. No. 13 of Morton Cnty. v. U.S. Gypsum Co.,* 475 N.W.2d 120, 125-126 (N.D. 1991). | No. | Yes - court discretion. N.D. Cent. Code § 51-15-09. | Yes - court may award up to 3 times actual damages if violation was knowing. N.D. Cent. Code § 51- 15-09. | Yes. *DJ Coleman, Inc.* v. *Nufarm Ams., Inc.,* 693 F. Supp. 2d 1055, 1077 (D. N.D. Mar. 12, 2010). | No. *See generally* N.D. Cent. Code §§ 51-15-01 through 51- 15-11. | Yes. N.D. Cent. Code § 51-15- 09. | No, but North Dakota law requires that defendants be awarded attorney's fees for frivolous claims. N.D. Cent. Code § 28-26-01. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ohio (ORC § 1345, *et seq.)* | Yes, only if a prior decision or rule put defendant on notice that the specific conduct at issue was deceptive or unconscionable prior to the subject transaction. ORC §§ 1345.05(A)(3), (B)(2), 1345.09(B); *Bower* v. *Int'l Bus. Machines, Inc.*, 495 F. Supp. 2d 837 (S.D. Ohio 2007). | Yes. *Burdge* v. *Kerasotes Showplace Theatres, LLC,* No. CA2006-02- 023, 2006 WL 2535762, at *8 (Ohio Ct. App. Sept. 5, 2006). | No. *Foster* v. *D.B.S. Collection Agency*, Case No. 01-CV-514. 2008 U.S. Dist. LEXIS 22264, at *28-29 (S.D. Ohio Mar. 20, 2008); *Rose* v. *Zaring Homes*. *Inc.*, 702 N.E.2d 952, 956 (Ohio Ct. App. 1997). | No. *Foster,* 2008 U.S. Dist. LEXIS 22264, at *28-29; *Rose.* 702 N.E.2d at 956. | 2 years after violation or 1 year after termination of proceedings by the Attorney General; no discovery rule applies for actions seeking damages. O.R.C. § 1345.10(C); *Weaver* v. *Armando's, Inc.*, Case No. 02 CA 153, 2003 Ohio App. LEXIS 4273, at *16 (7th Dist. Sept. 3, 2003). | No. | Yes. ORC § 1345.09(A). | Yes - 3 times amount of actual damages or $200, whichever is greater, but only if act was previously declared deceptive or unconscionabl e by an Ohio court or rule. ORC § 1345.09(B). | No. ORC § 1345.09; *Machne v. Samsung Telecomms. Am., L.P.*, Case No. 1:07 CV 0658, 2007 U.S. Dist. LEXIS 28915, at *5 (N.D. Ohio Apr. 19, 2007). | Yes - declaratory judgment, injunction. ORC § 1345.09(D) . | Yes, if defendant knowingly committed a violation. ORC § 1345.09(F); *Einhorn* v. *Ford Motor Co.,* 48 Ohio St. 3d 27 (1990). | Yes, if plaintiff brought or maintained an action that was groundless or made in bad faith. ORC § 1345.09(F). |
| Oklahoma (Okla. Stat. § 15-751, *et seq.*) | Yes. *Tibbetts* v. *Sight 'n Sound Appliance Centers, Inc.*, 2003 OK 72, 77 P.3d 1042; *Walls* v. *Am. Tobacco Co.*, 2000 OK 66, 11 P.3d 626. | Yes. 15 Okla. Stat. § 761.1(A); *Walls,* 2000 OK, 11 P.3d at 629 (¶ 11). | Yes. 15 Okla. Stat. § 753. | No, but causation is. *Patterson* v. *Beall,* 2000 OK 19 P.3d 839, 846-47. | 2 years after date of plaintiff's injury; discovery rule applies. 12 Okla. Stat. § 95; *Daugherty* v. *Farmers Coop. Ass'n,* 1984 OK 72, 689 P.2d 947. | No. | Yes. Okla. St. 15 § 761.1(A). | No. *See generally* 15 Okla. St. § 761.1(A). | No, but possible civil penalties for unconscionable violations. 15 Okla. Stat. § 761.1(B). | No. *See generally* 15 Okla. Stat. § 761.1. | Yes, not to exceed $10,000, if a claim or defense asserted by non- prevailing party was in bad faith, not grounded in fact, or unwarranted by existing law or a good faith argument for extension, modification, or reversal or existing law. 15 Okla. Stat. § 761.1(A). | |
| Oregon (Or. Rev. Stat. § 646.638) | Yes. Or. Rev. Stat. § 646.638(4). | | Yes. *Luedeman v. Tri-West Constr. Co.*, 592 P.2d 281, 282 (Or. Ct. App. 1979). | In certain circumstances. *Sanders v. Francis*, 561 P.2d 1003, 1006 (Ore. 1977). | | No. | Yes. Or. Rev. Stat. § 646.638(1). | | Yes. Or. Rev. Stat. § 646.638. | | Court may award attorneys' fees to the prevailing party. Or. Rev. Stat. § 646.638(3). | |
| Pennsylvania (73 Pa. Stat. § 201-1, *et seq.*) | Yes. *Toy* v. *Metropolitan Life Ins. Co.*, 593 Pa. 20, 928 A.2d 186, 201-03 (2007); *Weinberg* v. *Sun Co., Inc.*, *777* A2d 442, 444 (Pa. 2001). | Yes. 73 P.S. § 201-9.2(a); *Weinberg. 777* A2d at 446. | Yes. *Debbs* v. *Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002). | Yes. *Colaizzi* v. *Beck*, 895 A 2d 36, 40 (Pa. Super. 2006); *Hunt. U.S. Tobacco Co.*, 538 F.3d 217, 228 (3d Cir. 2008). | 6 years from date plaintiff had sufficient facts to be on notice of the wrong. *Lesoon* v. *Metropolitan Life Ins. Co.*, 898 A2d 620, 627 (Pa. Super.), *allocator denied*, 912 A 2d 1293 (Pa. 2006); *Baselice* v. *Franciscan Friars Assumption BVM Province, Inc.*, 879 A.2d 270, | No. | Yes - actual damages or $100, whichever is greater. 73 P.S. § 201-9.2. | Yes - court may award up to 3 times actual damages, but not less than $100. 73 P.S. §201- 9.2. | No. *McCauslin* v. *Reliance Fin. Co.*, 751 A.2d 683, 685 (Pa. Super. 2000); *Samuel-Bassett* v. *KIA Motors Am., Inc.*, 357 F.3d 392, 401 (3d Cir. 2004). | Yes, a court may provide such additional relief as it deems proper. 73 P.S. § 201-9.2. | Yes. 73 P.S. § 201-9.2. | No. *See generally* 73 P.S. §201-9.2. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 276 (Pa. Super. Ct. 2005). | | | | | | | |
| Rhode Island (R.I. Gen. Laws § 6-13.1-5) | Yes. R.I. Gen. Laws § 6-13.1-5.2(b). | Yes. R.I. Gen. Laws § 6-13.1-5.2 | No. *Long v. Dell, Inc.*, 93 A.3d 988, 1003 (R.I. 2014) | No. *Long v. Dell, Inc.*, 93 A.3d 988, 1003 (R.I. 2014) | 10 years. 9 R.I. Gen. Laws § 9-1-13. | No. | Yes. Actual damages or $500, whichever is greater. R.I. Gen. Laws § 6-13.1-5.2(a). | Yes. Actual damages or $500, whichever is greater. R.I. Gen. Laws § 6-13.1- 5.2(a). | | Yes. R.I. Gen. Laws § 6-13.1-5.2 | Yes. R.I. Gen. Laws § 6-13.1- 5.2(d). | No. *See* R.I. Gen. Laws § 6-13.1-5.2. |
| South Carolina (S.C. Code §§ 39-5-10 to 39-5-560) | No. S.C. Code §§ 39-5-20, 39-5- 140(a); *Dema v. Tenet Phys. Services-Hilton Head, Inc.*, 383 S.C. 115, 122 (2009); *In re TD Bank, N.A.*, 150 F. Supp. 3d 593, 634-635 (D.S.C. 2015) | Yes. S.C. Code § 39-5-140(a); *Wright v. Craft*, 372 S.C. 1, 24 (S.C. Ct. App. 2006). | No, representation must simply have the capacity to deceive. *Inman v. Ken Hyatt Chrysler Plymouth, Inc.*, 294 S.C. 240, 242 (S.C. 1988). | No. S.C. Code § 39-5-140(a).<br><br>***Added requirement that "the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest.** *Wright*, 372 S.C. at 29-30; *Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 291 (4th Cir. 1998). | 3 years from date violation was or reasonably could have been discovered. S.C. Code § 39-5-150; *State ex rel. Wislon v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, 414 S.C. 33, 76 (2015). | No. | Yes. S.C. Code § 39- 5-140(a). | Yes, mandatory if the violation was willful or knowing. S.C. Code § 39-5-140(a) | No. *Tousley v. N. Am. Van Lines, Inc.*, 752 F.2d 96, 104 (4th Cir. 1985). | No. *See generally* S.C. Code §§ 39-5-10 to 39-5-560. | Yes. S.C. Code § 39-5-140(a). | No. *See* S.C. Code § 39-5-140(a). |
| South Dakota (S.D. Codified Laws § 37-24-6) | Yes. | No. S.D. Codified Laws § 37-24-6. | Yes. S.D. Codified Laws § 37-24-6. | No. *Nygaard v. Sioux Valley Hosps. & Health Sys.*, 2007 S.D. 34, ¶ 33, 731 N.W.2d 184, 196. | Four years S.D. Codified Laws § 37- 24-33. | No. | S.D. Codified Laws § 37-24-31. | No. | No. | By attorney general only. S.D. Codified Laws § 37-24-23. | No. | No. |
| Tennessee (Tenn. Code § 47-18-109) | No. See Tenn. Code § 47-18-109(a)(1). | Yes. Tenn. Code § 47-18- 109. | Some element of intent must be present. *Smith v. Scott Lewis Chevrolet Inc.*, 843 S.W. 2d 9, 12 (Tenn. Ct. App. 1992). | No. *Fleming v. Murphy*, No. W2006-00701-COA-R3CV, 2007 WL 2050930, at *7 (Tenn. Ct. App. July 19, 2007). | One year from discovery. Tenn. Code § 47-18-110. | No. | Tenn. Code § 47-18-109(a)(1). | Yes, for willful or knowing conduct. Tenn. Code § 47- 18-109(a)(3). | No. Tenn. Code § 47-18-109(a)(3). | Yes, for willful or knowing conduct. Tenn. Code § 47-18-109(a)(3). | Yes. Tenn. Code § 47-18- 109(e)(1). | Yes. Tenn. Code § 47-18-109(e)(2). |
| Texas (Tex. Bus. & Com. Code § 17.50) | Yes. Tex. Bus. & Com. Code § 17.501. | Yes. *Business Staffing, Inc. v. Jackson Hot Oil Service*, 401 S.W.3d 224, 236 (Tex. App. 2012). | No. *Williams v. Trail Dust Steak House, Inc.*, 727 S.W.2d 812, 814 (Tex. App. 1987). | Yes. *Cobb v. Dunlap*, 656 S.W.2d 550, 554 (Tex. App. 1983). | 2 years after the date upon which the practice occurred or was or reasonably should have been discovered. Tex. Bus. & Com. Code § 17.565. | Yes. Tex. Bus. & Com. Code § 17.505(a). | Yes. Tex. Bus. & Com. Code § 17.50(b)(1). | Yes, for knowing or intentional conduct. Tex. Bus. & Com. Code § 17.50(b)(1). Also may recover damages for | No. Treble damages under § 17.50(b)(1) are punitive in nature, so cannot have double recovery. *Pace v. State*, 650 S.W.2d 64, 65 (Tex. 1983); | Yes. Tex. Bus. & Com. Code § 17.50(b)(2). | Yes. Tex. Bus. & Com. Code § 17.50(d). | No. *Williams v. Trail Dust Steak House, Inc.*, 727 S.W.2d 812, 814 (Tex. App. 1987). |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | mental anguish. Tex. Bus. & Com. Code § 17.50(b)(1). | *Charlie Thomas Courtesy Ford v. Avalos*, 619 S.W.2d 9, 11 (Tex. App. 1981). | | | |
| Utah (Utah Code § 13-11-1 to 13-11- 23)- individual actions | For equitable relief, always permitted. Utah Code § 13-11-19(3). For damages, only permissible if violation occurred after enforcing authority adopted a rule prohibiting the act, the act was declared to violate a final judgment made available to public for 10 days, or act was prohibited by a finalized consent judgment. Utah Code § 13-1 l-19(4)(a). | Yes. Utah Code § 13-11- 19(2); *Andreason* v. *Felsted,* 137 P.3d 1, 4 (Utah Ct. App. 2006). | Yes. *Kee* v. *R-G Crown Bank,* 656 F. Supp. 2d 1348, 1356 (D. Utah 2009). | No, but causation is. Utah Code § 13-11-19(2). | 5 years after the day on which the violation occurs. an equitable discovery rule may be applied in court's discretion on a showing of exceptional circumstances. Utah Code §§ 13- 2-6(6)(b), 13-2-1. | No. | Yes - actual damages or $2,000, whichever is greater. Utah Code § 13-11-19(2). | No. *See* Utah Code § 13-11-19(4)(a). | No. *See* Utah Code § 13-11-19(4)(a). | Yes - declaratory judgment that a supplier violated, is violating, or is likely to violate this chapter. Utah Code § 13-11- 19(1). | Yes, if defendant's act violated the UCSPA. Utah Code § 13-11-19(5). | Yes, if P brought or maintained an action s/he knew to be groundless. Utah Code § 13-11-19(5). |
| Utah (Utah Code § 13-11-1 to 13-11- 23) - class actions | | | | | | | Actual damages are only available if defendant's specific acts were previously declared unlawful by a court or other authority. Utah Code § 13-1 l-19(4)(a). | | | Yes- declaratory judgment, injunction. | | |
| Vermont (9 V.S.A. §§ 2451 to 2480n) | Yes. *Elkins* v. *Microsoft Corp.,* 174 Vt. 328,331 (2002); *Salatino* v. *Chase,* 182 Vt. 267 (2007). | No injury required if reliance is shown. *Peabody* v. *P.J.'s Auto Vill., Inc.,* 153 Vt. 55 (1989); 9 V.S.A. § 2461(b). | No. *Inkel* v. *Pride Chevrolet-Pontiac, Inc.,* 183 Vt. 144, 150 (2008); *Winton* v. *Johnson & Dix Fuel Corp.,* 147 Vt. 236, 243 (1986). | No reliance required if injury is shown. 9 V.S.A. § 2461(b); *Jordan* v. *Nissan N. Am., Inc.,* 176 Vt. 465, 469 (2004). | 6 years; discovery rule applies in cases of fraudulent concealment of basis of the claim. 12 V.S.A § 511; *In re Peterson,* 93 B.R. 323, 327 (Bankr. D. Vt. 1988). | No. | Yes. 9 V.S.A. § 2461(b). | Yes - exemplary damages not exceeding 3 times the value of the consideration given by the consumer. 9 V.S.A. § 2461(b). | Yes, if defendant acted with malice. *Bruntaeger* v. *Zeller,* 147 Vt. 247, 253-54 (1986). | Yes - equitable relief. 9 V.S.A. § 2461(b). | Yes. *Gramatan Home Inv'rs Corp.* v. *Starling,* 143 Vt. 527, 535-36 (1983). | |
| Virginia (Va. Code § 59.1.196, *et seq.*) | No. The Act does not contain a class action provision, and Virginia law does not permit class actions unless authorized by statute. *E.g., King* v. *Virginia Birth-Related Neurological* | Yes. *Polk v. Crown Auto, Inc.,* 228 F.3d 541 (4th Cir. 2000); *Alston* v. *Crown Auto, Inc.,* 224 F.3d 332 (4th Cir. 2000). | Yes. *Grey-Theriot* v. *Ouansah*, Case No. 10-12304-SSM, 2011 Bankr, LEXIS 1319, at *9-10 (E.D. Va. Bankr. Apr. 11, 2011). | Yes. *Koschene* v. *Hutchinson,* 73 Va. Cir. 103 (2007); *Weiss* v. *Cassidy Dev. Corp.,* 63 Va. Cir. 76 (2003); *Sykes v. Brady-Bushey Ford, Inc.,* 69 Va. Cir. 219 (2005); *Cooper* v. *GGGR Invs., LLC,* 334 | 2 years from date of plaintiff's death; discovery rule applies. Va. Code §§ 8.01-249; *Schmidt* v. *Household Fin. Corp., II,* 276 Va. 108 (2008); *Skibinski* v. *Lunger,* 70 Va. Cir. 423 (2006). | No. | Yes - actual damages or $500, whichever is greater. Va. Code § 59.1-204(A). | Yes - for willful violations, treble damages or $1,000, whichever is greater. Va. Code § 59.1-204(A). | No. *See generally* § 59.1-204. | No. Va. Code § 59.1- 201; *Physicians Comm. For Responsible Med.* v. *Gen. Mills, Inc.,* 283 Fed. Appx. 139 (4th Cir. 2008). | Yes, unless defendant made a written offer to cure that was rejected. Va. Code §§ 59.1- 198; 59.1- 204(B-D). | No. *See generally* Va. Code § 59.1-204. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | *Injury Comp. Program,* 22 Va. Cir. 156 at *3, (1990); *Kuhn* v. *West Alexandria Props., Inc.,* 22 Va. Cir. 439, LEXIS 63, at 444 (Cir. Ct. 1980). | | | B.R. 179 (E.D. Va. 2005). | | | | | | | | |
| Washington (RCW § 19.86.010, *et seq.*) | Yes. | Yes. RCW § 19.86.090; *Nordstrom, Inc. v. Tampourlos.* 733 P.2d 208, 211 (Wash. 1987). | No. Alleged act need not show it was *intended* to deceive, but had the *capacity* to deceive. *Hangman Ridge Training Stables, Inc.* v. *Safeco Title Ins. Co.,* 719 P.2d 531, 535 (Wash. 1986). | No, but causation is. *Hangman Ridge,* 719 P.2d at 539. | 2 years from date of plaintiffs injury; discovery rule applies for willful violations. RCW § 19.182.120. | No. | Yes. RCW § 19.86.090. | Yes - if actual damages sustained, court has discretion to increase damages to up to 3 times actual damages, but not more than $25,000. RCW § 19.86.090; *Mason* v. *Mortg. Am., Inc.,* 792 P.2d 142, 149 (Wash. 1990). | No. *See generally* RCW § 19.86.090. | Yes. RCW § 19.86.090. | Yes.RCW § 19.86.090; *Mason,* 792 P.2d at 149. | No. *See generally* RCW § * 19.86.090. |
| West Virginia (W. Va. Code § 46A-1-101, *et seq.*) | Yes. | Yes. W. Va. Code § 46A-6-106(a). | Yes. W. Va. Code § 46A-6-102(7)(M). | Yes. *White* v. *Wyeth*, 227 W. Va. 131 (2010). | 4 years from date of violation; discovery rule applies. W. Va. Code § 46A-5-101(1); *Diloreti* v. *Countrywide Home Loans, Inc.,* Civil Action No. 5:14-CV- 76 (BAILEY), 2014 U.S. Dist. LEXIS 183617, at *6-7 (N.D.W. Va. Nov. 14, 2014). | Consumer must inform seller in writing via certified mail of alleged violation and allow seller 45 days from receipt of notice to make cure offer; consumer has 20 days from receipt of cure offer to accept or refuse and sue. W. Va. Code § 46A-5-108(a). | Yes - actual damages or $200, whichever is greater. W. Va. Code § 46A-6-106(a). | No. *See generally* W. Va. Code § 46A-6-106. | No. W. Va. Code § 46A-6- 106(b). | Yes - other equitable relief deemed necessary and proper by the court. W. Va. Code § 46A-6- 106(a). | No. *See generally* W. Va. Code § 46A-6-106. | No. *See generally* W. Va. Code § 46A-6-106. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Wisconsin - DTPA (Wis. Stat. § 100.18, *et seq.*) | Yes. *See Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233 (Wis. 2004); *Gallego v. Wal-Mart Stores, Inc.*. 707 N.W.2d 539 (Wis. Ct. App. 2005). | Yes. Wis. Stat. § 100.18(11)(b)(2) ; *Reusch v. Roob*, 610 N.W.2d 168, 176 (Wis. Ct. App. 2000). | Yes. *Tietsworth*, 677 N.W.2d at 239; *State v. Abbott Laboratories*, 816 N.W.2d 145, 158 (Wis. 2012). | No, but causation is. *K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 732 N.W.2d 792, 798, 802-803 (Wis. 2007); *Tim Torres Enters., Inc. v. Linscott.* 416 N.W.2d 670, 675-76 (Wis. Ct. App. 1987). | 3 years after violation; discovery rule does not apply. Wis. Stat. § 100.18(11)(b)(3) ; *Kain v. Bluemound E. Indus. Park, Inc.*, 635 N.W.2d 640, 645 (Wis. Ct. App. 2001); *Skrupky v. Elbert*, 526 N.W.2d 264, 273-274 (Ct. App. 1994). | No. | Yes. Wis. Stat. § 100.18(11)(b)(2). | No. *See generally* Wis. Stat. § 100.18. | A plaintiff demonstrating loss as a result of defendant's violation of an injunction issued pursuant to DTPA may recover 2 times the amount of pecuniary loss. Wis. Stat. § 100.18(11)(b)(2) . | No - only the Department of Agriculture, Trade and Consumer Protection can seek injunctive relief. Wis. Stat. § 100.18(11)(a). | Yes. Wis. Stat. § 100.18(11)(b)(2) . | No. *See generally* Wis. Stat. § 100.18. |
| Wyoming (W.S. §§ 40-12-101 through 114) | Yes. W.S. § 40-12-108(b). | Yes. W.S. § 40-12-108(a). | Yes. W.S. § 40-12-105(a). | Yes. W.S. § 40-12-108(a). | 1 year after initial discovery of the unlawful practice, or within 2 years after the transaction, whichever comes earlier. W.S. § 40-12-109. | Consumer must give notice in writing to alleged violator within 1 year after initial discovery of the unlawful practice, or within 2 years after the transaction, whichever comes earlier. W.S. § 40-12- 109. | Yes. W.S. § 40-12- 108(b). | No. *See generally* W.S. §§40-12- 101 through 114. | No. *See generally* W.S. §§40-12-101 through 114. But an act that victimizes or attempts to victimize elderly or disabled person is liable for a civil penalty of up to $15,000 per violation. W.S. §40-12- 111. | No. *See generally* W.S. §§40- 12-101 through 114. | Yes - prevailing party can recover attorney's fees. W.S. § 40-12- 108(b). | No. *See generally* W.S. § 40-12-108(b). |