# EXHIBIT JJ

**Variations in State Breach of Implied Contract Laws**

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| Alabama | 6 years. Ala. Code 1975 § 6-2-34(9). | Plaintiff must prove offer, acceptance, consideration, and mutual assent to the essential terms. Terms of compensation need not be fixed to qualify as implied contract. *Autauga Creek Craft House, LLC v. Brust*, 315 So.3d 614, 628-629 (Ala. Civ. App. 2020). | Extrinsic evidence admissible to establish the existence of a contract ambiguity. *Myricks v. Fed. Reserve Bank of Atlanta*, 2006 WL 5668813, at *8 (N.D. Ala. Feb. 6, 2006). | Extrinsic evidence admissible to resolve a contract ambiguity, but not to uncover the parties' "true intent." *Id.* |
| Alaska | 3 years. AS § 09.10.053. | Arises when the court finds from the surrounding facts and circumstances that the parties intended to make a contract but failed to articulate their promises. *Labrenz v. Burnett*, 218 P.3d 993, 998 (Alaska 2009). | Extrinsic evidence may be used without need for a preliminary finding that a contract is facially ambiguous and extrinsic evidence may be used in determining whether contract is ambiguous. *Estate of Smith v. Spinelli*, 216 P.3d 524, 530 (Alaska 2009). | Extrinsic evidence may be used in resolving any ambiguity (and without an ambiguity as well). *Id.* |
| Arizona | 3 years. A.R.S. § 12-543. | Plaintiff must prove offer, acceptance, and consideration to form an implied contract. Partis must express mutual assent and certainty as to critical terms. *Donaldson v. McNew*, 2011 WL 2464204, at *4 (Ariz. Ct. App. June 21, 2011); *Pyeatte v. Pyeatte*, 661 P.2d 196, 203 (Ariz. Ct. App. 1983). | A party need not prove that an ambiguity exists before parol evidence is admissible. Rather, the judge must first consider the offered parol evidence to determine if the contract language is reasonably susceptible to the interpretation asserted by its proponent. *Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1140 (Ariz. 1993). | Extrinsic evidence is admissible to determine the meaning intended by the parties. *Id.* |
| Arkansas | 3 years. A.C.A. § 16-56-105. | Implied contract is proven by circumstances showing the parties intended to contract by circumstances showing the general course of dealing between the parties. *K.C. Properties of N.W. Arkansas, Inc. v. Lowell Inv. Partners, LLC*, 280 S.W.3d 1, 13, (Ark. 2008). | Initial determination of existence of ambiguity rests with the court. *Keller v. Safeco Ins. Co. of Am.*, 877 S.W.2d 90, 93 (Ark. 1994). | Extrinsic evidence admissible when ambiguity exists and the meaning of a contract becomes a question of fact. *F & M Bldg. Partnership v. Farmers & Merchants Bank, Rogers, Arkansas*, 871 S.W.2d 338, 343 (Ark. 1994). |
| California | 2 years. Code Civ. Proc. § 339. | Formation of implied contract is determined by the acts and conduct of the | A party need not prove that an ambiguity exists before parol evidence is | Extrinsic evidence is admissible to determine the meaning |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| | | parties and all surrounding circumstances involved. An implied contract may be inferred from the conduct, situation, or mutual relation of the parties. *Del E. Webb Corp. v. Structural Materials Co.*, 123Cal.App.3d 593, 611 (1981); *Div. of Labor Law Enforcement v. Transpacific Trans. Co.*, 69 Cal.App.3d 268, 275 (1977). | admissible. Rather, the judge must first consider the offered parol evidence to determine if the contract language is reasonably susceptible to the interpretation asserted by its proponent. *Diamond v. Schweitzer*, 110 Cal.App.5th 866, 882 (2025). | intended by the parties. *Id.* |
| Colorado | 3 years. C.R.S.A. § 13-80-101. | Arise from the conduct of the parties which evidence a mutual intention to contract with each other. *Agritrack, Inc. v. DeJohn Housemoving, Inc.*, 25 P.3d 1187, 1192 (Colo. 2001). | Extrinsic evidence regarding the meaning of the written terms, including evidence of local usage and circumstances surrounding the making of the contract, may be considered in deciding whether a contract is ambiguous. The parties' extrinsic expressions of intent may not be considered. *Public Service Co. of Colorado v. Meadow Island Ditch Co. No. 2*, 132 P.3d 333, 339 (Colo. 2006). | Extrinsic evidence is admissible to prove intent when there is an ambiguity in the terms of the contract. *Ad Two, Inc. v. City and County of Denver ex rel. Manager of Aviation*, 9 P.3d 373, 376 (Colo. 2000). |
| Connecticut | 6 years. C.G.S.A. § 52-576. | Such a contract arises where a plaintiff, without being requested to do so, renders services under circumstances indicating that he expects to be paid therefor, and the defendant, knowing such circumstances, avails himself of the benefit of those services. It is not fatal to a finding of an implied contract that there were no express manifestations of mutual assent if the parties, by their conduct, recognized the existence of contractual obligations." *Janusauskas v. Fichman*, 826 A.2d 1066, 1073 (Conn. 2003). | Ambiguity of contract cannot be established using extrinsic evidence; any ambiguity must emanate from the language used by the parties. *Cantonbury Heights Condo. Ass'n, Inc. v. Local Land Dev., LLC*, 873 A.2d 898, 805 (Conn. 2005). | Extrinsic evidence admissible if relevant to explain an ambiguity appearing in the instrument. *TIE Comms., Inc. v. Kopp*, 589 A.2d 329, 333 (Conn. 1991). |
| Delaware | 3 years. Del.C. § 8106. | To determine existence of an implied contract, the inquiry focuses on whether the | Extrinsic evidence cannot be used to create ambiguity. *Sassano v.* | Extrinsic evidence admissible to determine parties' |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| | | parties have indicated their assent to the contract. Plaintiff must establish that the parties, through their actions, demonstrated a "meeting of the minds" on all essentially terms of the contract. *Ridley v. Bayhealth Med. Center, Inc.*, 2018 WL 1567609, at *7 (Del. Super. Ct. Mar. 20, 2018). | *CIBC World Markets Corp.*, 948 A.2d 453, 468 n. 86 (Del. Ch. 2008). | intent if language of contract is ambiguous. *Sun-Times Media Group, Inc. v. Black*, 954 A.2d 380, 389 (Del. Ch. 2008). |
| Florida | 4 years. F.S.A. § 95.11(3)(j). | Implied contract is based on a tacit promise that is inferred from the parties' conduct. A court should determine and give to the alleged implied contract the effect which the parties, as fair and reasonable men, presumably would have agreed upon if, having in mind the possibility of the situation which has arisen, they had contracted expressly thereto. *Commerce Partnership 8098 Ltd. P'ship v. Equity Contracting Co., Inc.*, 695 So.2d 383, 385 (Fla. Dist. Ct. App. 1997). | Extrinsic evidence may not be considered in determining if an ambiguity exists. *Washington Nat. Ins. Corp. v. Ruderman*, 117 So.3d 943, 949 (Fla. 2013). | Extrinsic evidence admissible to resolve latent ambiguity; extrinsic evidence generally not admissible to resolve a patent ambiguity unless clarifying issues regarding the identity, capacity, or the parties' relationship with one another. *Fendrich v. Murphy*, 353 So.3d 1194, 1196-97 (Fla. Dist. Ct. App. 2023); *Contragolpe LLC v. 505 NE 30 Street, LLC*, 403 So.3d 358, 361 (Fla. Dist. Ct. App. 2025). |
| Georgia | 4 years. Ga. Code Ann., § 9-3-26. | Implied contract requires all the same elements as an express contract, including assent of the parties to the terms of the contract. The will of parties to be bound to an implied contract is indicated by the circumstances from which assent may be inferred as a conclusion of fact. *Turfgrass Group, Inc. v. Georgia Cold Storage Co.*, 816 S.E.2d 716, 721 (Ga. App. 2018). | Extrinsic evidence not admissible to establish existence of ambiguity. *Stewart v. KHD Deutz of Am., Corp.*, 980 F.2d 698, 702 (11th Cir. 1993). | Extrinsic evidence not admissible to contradict the terms of an unambiguous contract. *Id.* |
| Hawaii | 6 years. HRS § 657-1. | An implied contract, arises where the intention of the parties is not expressed, but an agreement in fact, creating an obligation, is | Extrinsic evidence may not be used to determine whether an ambiguity exists. *Hawaiian Ass'n of Seventh-Day Adventists v.* | Extrinsic evidence may be considered when the contract in question is ambiguous or incomplete, or to |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| | | implied or presumed from their acts, as in the case where a person performs services for another, who accepts the same, the services not being performed under such circumstances as to show that they were intended to be gratuitous, or where a person performs services for another on request. *Kemp v. State of Hawai'i Child Support Enforcement Agency*, 141 P.3d 1014, 1038 (Hawaii 2006). | *Wong*, 305 P.3d 452, 461 (Haw. 2013). | explain the intent of the parties and the circumstances under which the agreement was executed. *Id.* |
| Idaho | 4 years. I.C. § 5-217. | The general rule is that where the conduct of the parties allows the dual inferences that one performed at the other's request and that the requesting party promised payment, then the court may find a contract implied in fact. *Gray v. Tri-Way Const. Services, Inc.*, 210 P.3d 63, 72 (Idaho 2009). | Extrinsic evidence may not be used to determine whether an ambiguity exists, except when interpreting a term of art in a contract. *Swanson v. Beco Const. Co., Inc.*, 175 P.3d 748, 752-753 (Idaho 2007). | If contract language is ambiguous, extrinsic evidence may be used to determine parties' intent. *Id.* |
| Illinois | 5 years. 735 ILCS 5/13-205. | A contract implied in fact arises by a promissory expression which may be inferred from the facts and circumstances which show an intent to be bound. *Century 21 Castles By King, Ltd. v. First Nat. Bank of Western Springs*, 524 N.E.2d 1222, 1225 (Ill. App. Ct. 1988). | Extrinsic evidence may not be used to determine whether an ambiguity exists in contracts with explicit integration clauses. *Air Safety, Inc. v. Teachers Realty Corp.*, 706 N.E.2d 882, 885 (Ill. 1999). | If terms of contract are ambiguous or capable of more than one interpretation, its construction is a question of fact and parol evidence is admissible to ascertain the parties intent. *Murphy v. Kinnally Flaherty Krentz Loran Hodge & Masur, P.C.*, 242 N.E.3d 436, 443 (Ill. App. Ct. 2023). |
| Indiana | 6 years. IC 34-11-2-7. | A contract implied in fact arises out of acts and conduct of the parties, coupled with a meeting of the minds and a clear intent of the parties in the agreement. *McCart v. Chief Executive Officer in Charge, Independent Fed. Credit* | Extrinsic evidence may not be used to determine if ambiguity exists. *See Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012). | Extrinsic evidence is admissible to resolve any ambiguity in an agreement. *Univ. of Southern Indiana Foundation v. Baker*, 843 N.E.2d 528, 535 (Ind. 2006). |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| | | *Union*, 652 N.E.2d 80, 85 (Ind. Ct. App. 1995). | | |
| Iowa | 5 years. I.C.A. § 614.1(4). | An implied-in-fact contract exists when an offeree takes the benefit of offered services with reasonable opportunity to reject them and reason to know that they were offered with the expectation of compensation. An implied contract requires a mutual manifestation of assent by the parties to the same terms. *Larew v. Hope Law Firm, P.L.C.*, 977 N.W.2d 47, 56 (Iowa 2022). | Court may use extrinsic evidence of subjective understanding of the parties to determine whether contract language is ambiguous. *See Pillsbury Co., Inc. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 436 (Iowa 2008). | Extrinsic evidence is admissible as an aid to interpretation of the contract. *Redeker v. Litt*, 2005 WL 1224697, at *7 (Iowa Ct. App. May 25, 2005) (citing *Dental Prosthetic Servs., Inc. v. Hurst*, 463 N.W.2d 36, 39 (Iowa 1990). |
| Kansas | 3 years. K.S.A. 60-512. | A contract implied in fact is one inferred from the facts and circumstances of the case but which is not formally or explicitly stated in words. It arises from facts and circumstances showing mutual intent to contract. *Atchison County Farmers Union Co-op Ass'n v. Turnbull*, 736 P.2d 917, 922 (Kan. 1987). | Extrinsic evidence not admissible to establish the existence of an ambiguity. *See Iron Mound, LLC v. Nueterra Healthcare Mgmt., LLC*, 313 P.3d 808, 812 (Kan. 2013). | Court may consider extrinsic evidence to clarify the parties' intent upon finding of ambiguity. *Id.* |
| Kentucky | 5 years. KRS § 413.120(1). | Plaintiff must prove mutual assent by the parties – a meeting of the minds – and an intentional manifestation of such assent. *Sparks v. Rose*, 681 S.W.3d 542, 545 (Ky. Ct. App. 2023). | Courts may not consider extrinsic evidence in determining whether ambiguity exists. *Davis v. Davis*, 2020 WL 4556053, at*4 (Ky. Ct. App. 2020). | Extrinsic evidence admissible to interpret ambiguous contract. *Frear v. P.T.A. Ind., Inc.*, 103 S.W.3d 99, 106 (Ky. 2003). |
| Louisiana | 10 years. LSA-C.C. Art. 3499. | An implied in fact contract is one that rests upon consent which is implied from facts and circumstances showing a mutual intention to contract through a meeting of the minds. *Miazza v. Bd. of Supervisors of Louisiana State Univ. and Agricultural and Mechanical College*, 394 So.3d 874 (La. Ct. App. 2024). | Courts may not consider extrinsic evidence in determining whether an ambiguity exists. *Lloyds of London v. Transcontinental Gas Pipe Line Corp.*, 101 F.3d 425, 428 (5th Cir.). | Extrinsic evidence is generally inadmissible to vary the terms of a written contract unless the written expression of the common intention of the parties is ambiguous, *Campbell v. Melton*, 817 So. 2d 69, 75 (La. 2002). |
| Maine | 6 years. 14 M.R.S.A. § 752. | To prove the existence of an implied contract, it must be shown expressly or by | Courts may not consider extrinsic evidence in determining whether an | Extrinsic evidence may be employed to construe a contractual |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| | | reasonable inferences from facts and circumstances that the one rendering services expected compensation and the one receiving services so understood or ought reasonably to have done so, and in some manner justified the expectation. *Lawson v. McLeod*, 123 A.2d 199, 200 (Me. 1956). | ambiguity exists. *Pearse Associates, LLC v. Perry*, 960 A.2d 1166, 1172 (Me. 2008). | term if the term is first deemed ambiguous. *Id.* |
| Maryland | 3 years. MD Code, Courts and Judicial Proceedings, § 5-101. | An implied-in-fact contract means that the parties had a contract that can be seen in their conduct rather than in an explicit set of words. It is dependent on mutual agreement or consent, and on the intention of the parties. A meeting of the minds is required. *Mogavero v. Silverstein*, 790 A.2d 43, 52. | Extrinsic evidence may not be considered to determine whether an ambiguity exists. *Adventist Healthcare, Inc. v. Behram*, 322 A.3d 1, 15 (Md. 2024). | Extrinsic evidence about contract's character, purpose, and the facts and circumstances of the parties at the time of execution is admissible, but courts may not consider parol evidence of the parties' subjective intent. *Id.* |
| Massachusetts | 6 years. M.G.L.A. 260 § 2. | An implied in fact contract exists if a person knowingly receives services and other benefits, and there is no evidence that those services and benefits were being furnished gratuitously, the law implies a promise to pay the value of those services and benefits. *Popponesset Beach Ass'n, Inc. v. Marchillo*, 658 N.E.2d 983, 987 (Mass. App. Ct. 1996). | Extrinsic evidence may not be used as the basis for concluding in the first instance whether a contract is ambiguous. *Dorchester Mut. Ins. Co. v. Krusell*, 150 N.E.3d 731, 738 (Mass. 2020). | Extrinsic evidence may be used as an interpretive guide only after the judge or the court determines that the contract is ambiguous on its face or as applied. *Bank v. Thermo Elemental Inc.*, 888 N.E.2d 897, 908 (Mass. 2008). |
| Michigan | 6 years. M.C.L.A. 600.5807(9). | Arises when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor. The issue is a question of fact to be resolved through the consideration of all the circumstances, including the type of services rendered, the duration of the services, the closeness of the relationship of the parties, and the express expectations of the parties. *In re McKim* | Extrinsic evidence admissible to establish the existence of a contract ambiguity. *City of Grosse Pointe Park v. Mich. Mun. Liab. & Prop. Pool*, 702 N.W.2d 106, 113 (Mich. 2005). | Extrinsic evidence is admissible to resolve a contract ambiguity. *Id.* |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| | | *Estate*, 606 N.W.2d 30, 32 (Mich. Ct. App. 1999). | | |
| Minnesota | 6 years. M.S.A. § 541.05. | Implied contract may arise from the circumstances or acts of the parties when the parties manifest mutual assent. Mutual assent entails a meeting of the minds concerning a contract's essential elements and is tested under an objective standard. *George E. Antrim, III, PLLC v. Sabri*, 2014 WL 4798922, at *3 (Minn. Ct. App. Sep. 29, 2014). | Courts may not consider extrinsic evidence in determining whether an ambiguity exists. *House & Redev. Auth. Of Chisholm v. Norman*, 696 N.W.2d 329, 337 (Minn. 2005). | Courts may examine extrinsic evidence of intent only if the contract is ambiguous on its face. *Id.* |
| Mississippi | 3 years. Miss. Code Ann. § 15-1-29. | Arises when and because the acts of the parties or others have placed in the possession of one person money under circumstances that in equity and good conscience he ought not to retain and which in justice and fairness belong to another. Any conduct of one party from which the other party may draw the inference of a promise is effective as such and the conduct of the parties is viewed as a reasonable man would to determine the existence or not of the contract implied in fact. *Triangle Construction Co., Inc. v. Fouche and Assoc., Inc.*, 218 So.3d 1180, 1187 (Miss. Ct. App. 2017). | Court may not consider extrinsic evidence to determine if ambiguity exists. *One South, Inc. v. Hollowell*, 963 So.2d 1156, 1162 (Miss. 2007). | Court may consider extrinsic evidence to determine the parties' true intent if contract is ambiguous. *Id.* |
| Missouri | 5 years. V.A.M.S. 516.120. | When determining whether an implied contract exists, the court will consider the parties' acts, conduct, and statements as a whole; whether there was a meeting of the minds on the agreement's essential elements; the parties' intent to enter into a contract upon defined terms; and whether one of the parties has relied in good faith upon the | Court may not consider extrinsic evidence in determining whether an ambiguity exists. *Fall Creek Const. Co., Inc. v. Director of Revenue*, 109 S.W.3d 165, 170 (Mo. 2003). | Extrinsic evidence of contractual intent is only admissible if the contract contains ambiguity. *Id.* |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| | | alleged contract. *Nickel v. Stephens College*, 480 S.W.3d 390, 397 n. 6 (Mo. Ct. App. 2015). | | |
| Montana | 5 years. MCA 27-2-202(2). | An implied contract is one the existence and terms of which are manifested by conduct. Whether the parties have mutually consented to a contract is determined by inquiring whether a reasonable person, based upon the objective manifestation of assent, and all the surrounding circumstances, would conclude that the parties intended to be bound by the contract. Mutual consent exists based on the consent that the parties imply through their conduct. MCA 28-2-103; *Bitterroot Intern. Systems, Ltd. v. Western Star Trucks, Inc.*, 153 P.3d 627, 635 (Mont. 2007). | Extrinsic, objective evidence of the circumstances under which the agreement was made, including the situation of the subject of the instrument and of the parties to it, may be considered in determining whether an ambiguity exists. *Mary J. Baker Revocable Trust v. Cenex Harvest States, Cooperatives, Inc.*, 164 P.3d 851, 866 (Mont. 2007). | If an ambiguity is present in the instrument, then extrinsic evidence may be introduced to determine the intent of the parties. *Id.* at 866-867. |
| Nebraska | 4 years. Neb. Rev. St. § 25-206. | Arises where the intention of the parties is not expressed in writing but where the circumstances are such as to show a mutual intent to contract. The terms may be shown by the surrounding facts and circumstances giving rise to the contract, the conduct of the parties when performing under the contract, or a general reasonableness standard. *Armstrong v. Clarkson College*, 901 N.W.2d 1, 17 (Neb. 2017). | A court may not consider extrinsic evidence in determining whether an ambiguity exists. *Wintroub v. Nationstar Mortgage LLC*, 927 N.W.2d 19, 22 (Neb. 2019). | If a contract is ambiguous, the court may consider extrinsic evidence to determine the meaning of the contract. *David Fiala, Ltd. v. Harrison*, 860 N.W.2d 391, 397 (Neb. 2015). |
| Nevada | 4 years. N.R.S. 11.190(2)(c). | Arises from the tacit agreement of the parties. To prove an implied contract, the parties must have intended to contract with exchanged promises, and the general obligations must be sufficiently clear. Such a contract is manifested by | Court may not consider extrinsic evidence in determining whether an ambiguity exists. *See Shelton v. Shelton*, 78 P.3d 507, 510 (Nev. 2003). | The court may examine the circumstances surrounding the parties' agreement in order to determine the true mutual intentions of the parties to an |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| | | conduct. *UnitedHealthCare Ins. Co. v. Fremont Emergency Services (Mandavia), Ltd*, 570 P.3d 107, 120 (Nev. 2025). | | ambiguous contract. *Id.* |
| New Hampshire | 3 years. N.H. Rev. Stat. § 508:4. | An implied contract requires offer, acceptance, consideration, and a meeting of the minds (which requires the agreement be based upon on an objective standard). Subjective expectations are insufficient to create an implied contract. *Durgin v. Pillsbury Lake Water Dist.*, 903 A.2d 1003, 1006 (N.H. 2006). | Extrinsic evidence is not admissible to establish ambiguity. *See Sherman v. Graciano*, 872 A.2d 1045, 1047 (N.H. 2005). | Extrinsic evidence is admissible to establish parties' intent if the agreement is ambiguous. *In re Town of Durham*, 821 A.2d 1097, 1099 (N.H. 2003). |
| New Jersey | 6 years. N.J.S.A. 2A:14-1. | Implied contracts may be formed based on the parties' actions, course of conduct, oral expressions, or a combination of the three. *Comprehensive Neurosurgical, P.C. v. Valley Hospital*, 312 A.3d 243, 266 (N.J. 2024). | Evidence of the circumstances is always admissible in aid of the interpretation of an integrated agreement even when the contract on its face is free from ambiguity. *Conway v. 287 Corp. Center Associates*, 901 A.2d 341, 347 (N.J. 2006). | Extrinsic evidence is admissible not to change the writing, but only for purposes of interpreting the writing and determining the meaning of what has been said. *Id.* |
| New Mexico | 4 years. N. M. S. A. 1978, § 37-1-4. | Implied-in-fact contracts are founded upon a meeting of minds, which, although not embodied in an express contract, is inferred from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding. Courts may look at evidence of custom or course of conduct between the parties, written representations, oral representations, or a combination of representations and conduct to determine whether an implied contract exists. *Wilson v. Berger Briggs Real Estate & Ins., Inc.*, 497 P.3d 654, 662 (N.M. Ct. App. 2021). | Courts may consider extrinsic evidence in determining whether ambiguity exists. *Ponder v. State Farm Mut. Auto. Ins. Co.*, 12 P.3d 960, 965 (N.M. 2000). | Courts may consider extrinsic evidence in resolving any ambiguities that may exist in a contract. *Id.* |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| New York | 6 years. CPLR § 213. | May arise where inferences may be drawn from the facts and circumstances of the case and the intention of the parties as indicated by their conduct. *Amcat Global, Inc. v. Greater Binghamton Dev., LLC*, 140 A.D. 1370, 1371 (N.Y. App. Div. 2016). | Extrinsic evidence may not be used to create an ambiguity in a written agreement which is clear and unambiguous upon its face. *Spandex House, Inc. v. Hartford Fire Ins. Co.*, 407 F.Supp.3d 242, 251 (S.D.N.Y. 2019). | Extrinsic evidence of the parties' intent is only admissible if a court finds an ambiguity in the contract. *Sayers v. Rochester Tel. Corp. Supp. Mgmt. Pension Plan*, 7 F.3d 1091, 1095 (2nd Cir. 1993). |
| North Carolina | 3 years. N.C.G.S.A. § 1-52(1). | Implied contract is inferred from the circumstances, conduct, acts, or relations of the parties, showing a tacit understanding. *Lassiter v. Robeson County Sheriff's Dept.*, 896 S.E.2d 280, 287 (N.C. Ct. App. 2023). | Extrinsic evidence is not admissible to establish ambiguity. *Lattimore v. Fisher's Food Shoppe, Inc.*, 329 S.E.2d 346, 350 (N.C. 1985). | Extrinsic evidence is admissible to aid in construing ambiguous lease provisions. *Id.* |
| North Dakota | 6 years. NDCC, 28-01-16. | Existence and terms of an implied contract are manifested by conduct. The court must determine from the surrounding circumstances what the parties actually intended. *Lund v. Lund*, 848 N.W.2d 266, 270 (N.D. 2014). | Courts may not consider extrinsic evidence to establish ambiguity. *Doeden v. Stubstad*, 755 N.W.2d 859, 864-865 (N.D. 2008). | Extrinsic evidence may be considered to determine the parties' intent if a written contract is ambiguous. *Id.* |
| Ohio | 4 years. R.C. § 2305.07. | To establish an implied-in-fact contract, plaintiff must prove there is an agreement, based on a meeting of the minds of the parties and on mutual assent. An implied contract arises from the conduct of the parties or circumstances surrounding the transaction that make it clear the parties intended to enter into a contractual relationship despite the lack of a formal agreement. *Rothwell v. Rothwell*, 104 N.E.3d 836, 840 (Ohio Ct. App. 2018). | Extrinsic evidence is not admissible to establish ambiguity in contract. *Covington v. Lucia*, 784 N.E.2d 186, 190 (Ohio App. 2003). | Extrinsic evidence is admissible to ascertain intent of the parties when the contract is unclear or ambiguous, or when circumstances surrounding the agreement give the plain language special meaning. *Graham v. Drydock Coal Co.*, 667 N.E.2d 949, 952 (Ohio 1996). |
| Oklahoma | 3 years. 12 Okl. St. Ann. § 95(2). | The implied-in-fact contract doctrine only applies when there is no evidence from which to determine if the parties had an express agreement. Implied contracts exist where the intention of | Extrinsic evidence may not be considered to determine ambiguity. *Ahlschlager v. Lawton School Dist., Ind. School Dist. 008 of Comanche* | The court may consider extrinsic evidence to determine the intention of the parties. *Id.* |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| | | the parties is not expressed, but the agreement creating the obligation is implied or presumed from their acts, where there are circumstances that show a mutual intent to contract. *Watkins v. Watkins*, 177 P.3d 1114, 1118 (Okla. Civ. App. 2007); *Macsuga v. Moreno*, 66 P.3d 409, 413 (Okla. 2003). | *County*, 242 P.3d 509, 515 (Okla. 2010). | |
| Oregon | 6 years. O.R.S. § 12.080(1). | Implied contract must be founded upon mutual agreement and intent of the parties which is inferred, in whole or in part, from their conduct. Implied contract arises where the natural and just interpretation of the acts of the parties warrants such a conclusion. *Mindful Insights, LLC v. VerifyValid, LLC*, 454 P.3d 787, 793 (Or. Ct. App. 2019). | Courts may not consider extrinsic evidence in determining if ambiguity exists. *Roe v. Doe*, 984 P.2d 344, 350 (Or. Ct. App. 1999). | Court may examine extrinsic evidence of the parties' intent if an ambiguity exists. *Id.* |
| Pennsylvania | 4 years. 42 Pa.C.S.A. § 5525(a)(4). | Implied contract arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from acts in the light of the surrounding circumstances, including the ordinary course of dealing and the common understanding of men. *Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 983 A.2d 652, 659 (Pa. 2009). | Extrinsic evidence may be considered in determining whether an ambiguity exists in a contract if a latent ambiguity exists. Upon establishing ambiguity, parol evidence may be introduced. *Perrotte v. Singer*, 339 A.3d 392 (Table), 2025 WL 1090399, at *4 (Pa. Apr. 10, 2025). | Parol evidence may be introduced upon establishing ambiguity. *Id.* |
| Rhode Island | 10 years. Gen.Laws 1956, § 9-1-13(a). | Essential elements are mutual agreement and intent to promise, but the agreement and the promise have not been made in words and are implied from the facts. In determining whether the elements are present, courts look to the parties' conduct, actions, and correspondence. *Cote v.* | A court may not consider extrinsic evidence when determining whether an ambiguity exists. *Merrimack Mut. Fire Ins. Co. v. Dufault*, 958 A.2d 620, 625. | Extrinsic evidence may be considered when contract is ambiguous. *Id.* |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| | | *Aiello*, 148 A.3d 537, 545 (R.I. 2016). | | |
| South Carolina | 3 years. Code 1976 § 15-3-530. | An implied in fact contract is a contract which arises when the assent of the parties to the agreement is manifested by conduct. The law implies a contract between persons where the ordinary course of dealing between them, considered in the light of all the circumstances, reasonably warrants the inference that they mutually intended to contract. *Rolandi v. City of Spartanburg*, 363 S.E.2d 385, 386-387 (S.C. 1987); *Dowling v. Charleston & W.C. Ry. Co.*, 81 S.E. 313, 314 (S.C. 1913). | A court may not consider extrinsic evidence when determining whether ambiguity exists. *See South Carolina Dept. of Natural Resources v. Town of McClellanville*, 550 S.E.2d 299, 302-302 (S.C. 2001). | Once a court determines the language is ambiguous, evidence may be admitted to show the intent of the parties. *Id.* |
| South Dakota | 6 years. SDCL § 15-2-13(1). | The court looks to the totality of the parties' conduct to learn whether an implied contract can be found. The intent to be bound by the contract is manifested by implication or proper deduction from the conduct of the parties, language used, or acts done by them, or other pertinent circumstances attending the transaction. *Humble v. Wyant*, 843 N.W.2d 334, 343 (S.D. 2014). | Extrinsic evidence may not be considered in determining ambiguity. *Kernelburner, L.L.C. v. MitchHart Mfg., Inc.*, 765 N.W.2d 740, 742 (S.D. 2009). | Courts may consider extrinsic evidence in interpreting ambiguous contract to show what the parties meant by what they said but not to show that they meant something other than what they said. *Erickson v. Erickson*, 1 N.W.3d 632, 641 (S.D. 2023). |
| Tennessee | 6 years. T. C. A. § 28-3-109. | An implied contract is one which is inferred from the conduct of the parties. An implied contract will not be found when the circumstances and facts from which the promise would be drawn are contrary or inconsistent with the contract to be implied, or in the face of a declaration to the contrary by the party to be charged. *V. L. Nicholson Co. v. Transcon Inv. and Financial Ltd., Inc.*, 595 | Parol evidence may be considered in determining if an ambiguity exists. *See Individual HealthCare Specialists, Inc. v. BlueCross BlueShield of Tennessee, Inc.*, 566 S.W.3d 671, 697-698 (Tenn. 2019). | Court may consider extrinsic evidence if contract is ambiguous and extrinsic evidence gives context to the language, but does not vary, contradict, or supplement the contract's terms. *Id.* at 698. |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| | | S.W.2d 474, 482 (Tenn. 1980). | | |
| Texas | 4 years. V.T.C.A., Civil Practice & Remedies Code § 16.004. | Arises from the acts and conduct of the parties, it being implied from the facts and circumstances that there was a mutual intention to contract. In determining whether mutual assent is present, courts consider the communications between the parties, the acts and circumstances surrounding the communications, and any course of dealing between the parties. *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 75 (Tex. App. 2010). | Parol evidence will not be received for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports. *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450-451 (Tex. 2008). | Court may consider the parties' interpretation and admit extrinsic evidence to determine the true meaning of the instrument only where a contract is ambiguous. *Id.* |
| Utah | 4 years. U.C.A. 1953 § 78B-2-307(1)(a). | The elements of a contract implied in fact are: (1) the defendant requested the plaintiff to perform work; (2) the plaintiff expected the defendant to compensate him or her for those services; and (3) the defendant knew or should have known that the plaintiff expected compensation. *Davies v. Olson*, 746 P.2d 264, 269 (Utah Ct. App. 1987). | A judge must first review relevant and credible extrinsic evidence offered to demonstrate that there is an ambiguity. *Daines v. Vincent*, 190 P.3d 1269, 1277 (Utah 2008). | Court will only consider extrinsic evidence of the parties' intent if the language of the contract is ambiguous. *Café Rio, Inc. v. Larkin-Gifford-Overton, LLC*, 207 P.3d 1235, 1241 (Utah 2009). |
| Vermont | 6 years. 12 V.S.A. § 511. | An implied-in-fact contract is inferred from the circumstances, the conduct, acts, or relation of the parties. *Mooers v. College*, 2024 WL 4519182, at *6 (D. Vt. Oct. 17, 2024). | The court may consider limited extrinsic evidence of circumstances surrounding the making of the agreement in determining whether the writing is ambiguous. *Hall v. State*, 54 A.3d 993, 1000 (Vt. 2012). | If an ambiguity exists, a court can consider extrinsic evidence to determine meaning of ambiguous provision. *Vilseck v. Vilseck*, 612 S.E.2d 746, 749 (Va. Ct. App. 2005). |
| Virginia | 3 years. VA Code Ann. § 8.01-246(a)(4). | An implied agreement arises from the parties' words and conduct in the light of the surrounding circumstances. An implied agreement is a matter of inference or deduction and it will be implied that the party did make such an agreement as, under the circumstances | A court may not consider extrinsic evidence in determining whether a contract is ambiguous. *Video Zone, Inc. v. KF & F Props., L.C.*, 594 S.E.2d 921, 924 (Va. 2004). | When the terms of an agreement are ambiguous, a court will consider parol evidence to ascertain the intent of the parties. *Id.* at 924. |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| | | disclosed, he or she ought in fairness to have made. *Fernandez v. Fernandez*, 2018 WL 8261317, at *7 (Va. Cir. Ct. July 1, 2018). | | |
| Washington | 3 years. RCWA 4.16.080(3). | The elements of a contract implied in fact are: (1) the defendant requests work, (2) the plaintiff expects payment for the work, and (3) the defendant knows or should know the plaintiff expects payment for the work. *Young v. Young*, 191 P.3d 1258, 1263 (Wash. 2008). | A party may offer extrinsic evidence in a contract dispute to help the fact finder interpret a contract term and determine the contracting parties' intent regardless of whether the contract's terms are ambiguous. *Brogan & Anensen LLC v. Lamphiear*, 202 P.3d 960, 961 (Wash. 2009). | A party may offer extrinsic evidence in a contract dispute to help the fact finder interpret a contract term and determine the contracting parties' intent regardless of whether the contract's terms are ambiguous. *Id.* |
| West Virginia | 5 years. W. Va. Code, § 55-2-6. | A contract implied in fact presupposes an obligation arising from mutual agreement and intent to promise, which agreement and promise have not been expressed in words, and requires a meeting of the minds, just as much as an express contract. *Johnson v. National Exchange Bank of Wheeling*, 19 S.E.2d 441, 441 (W.Va. 1942). | Court may not consider extrinsic evidence to determine if ambiguity exists. *Hull Prop. Group, LLC v. Quarrier St LLC*, 915 S.E.2d 11, 18 (W. Va. Ct. App. 2025). | Extrinsic evidence may be used to aid in the construction of a contract if the matter in controversy is not clearly expressed in the contract, and the court may consider parol evidence in connection therewith with regard to conditions and objections relative to the matters involved. *Supervalu Operations, Inc. v. Center Design, Inc.*, 524 S.E.2d 666, 670 (W. Va. 1999). |
| Wisconsin | 6 years. W.S.A. 893.43. | Contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction. *Theuerkauf v. Sutton*, 306 N.W.2d 651, 658 (Wis. 1981). | Extrinsic evidence cannot be used to create an ambiguity. *Erickson v. Gundersen*, 2019 WI App 5, 515 N.W.2d 293, 299 (Wis. Ct. App. 1994). | Extrinsic evidence may be used to determine the parties' intent if the contract language is ambiguous. *Maryland Arms Ltd. P'ship v. Connell*, 2010 WI 64, 786 N.W.2d 15, 21 (Wis. 2010). |

| State | Statute of Limitations | Establishing Existence of Implied Contract | Use of Extrinsic Evidence to Establish Ambiguity | Use of Extrinsic Evidence to Resolve Ambiguity |
|---|---|---|---|---|
| Wyoming | 8 years. W.S.1977 § 1-3-105(a)(2). | When determining whether an implied contract exists, courts do not look to the subjective intent of the parties but to the outward manifestation of a party's assent sufficient to create reasonable reliance by the other party. The question is whether a reasonable man in the position of the offeree would have believed that the other party intended to make an offer. *Rogers v. Wright*, 366 P.3d 1264, 1278 (Wyo. 2016). | Court may consider extrinsic evidence bearing upon the meaning of the written terms, such as evidence of local usage and of the circumstances surrounding the making of the contract, but may not consider the parties' own extrinsic expressions of intent. *Hickman v. Groves*, 71 P.3d 256, 259-260 (Wyo. 2003). | When a contract is ambiguous extrinsic evidence may be used in an effort to ascertain the parties' intention. *Sheridan Fire Fighters Local No. 276, IAFF, AFL-CIO, CLC v. City of Sheridan*, 303 P.3d 1110, 1114 (Wyo. 2013). |