# EXHIBIT KK

**Variations in State Intrusion Upon Seclusion Laws**

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| Alabama | Yes. *Phillips v. Smalley Maintenance Services, Inc.*, 435 So. 2d 705, 708 (Ala. 1983). | Common law. *Id.* | 2 years. Ala. Code 1975 § 6-2-38. | Intentional prying or intrusion that would be highly offensive or improper to a reasonable person. *Phillips*, 435 So.2d at 708; *Hogin v. Cottingham*, 533 So. 2d 525, 531 (Ala. 1988). | No. *See Phillips*, 435 So. 2d at 708. | Intrusion upon a physical space held in seclusion, as well as intrusions into a person's private concerns based upon a reasonable expectation of privacy in that area. *Id.* at 710-711. | General damages that flow from the wrongful act; special damages which proximately result from the breach of privacy; and damages for "mental suffering," "shame or humiliation," and "other damages." *Id.*at 711-712. |
| Alaska | Yes. *Greywolf v. Carroll*, 151 P.3d 1244, 1244-45, n.41 (Alaska 2007). | Common law. *Id.* | 2 years. AS § 09.10.070. | Intentional intrusion that would be highly offensive to a reasonable person. *Greywolf*, 151 P.3d at 1245. | No. *See id.* | Intrusion, physical or otherwise, upon the solitude or seclusion of another or his private affairs and concerns. *Id.* | Proper measure of damages not addressed by court. |
| Arizona | Yes. *Hart v. Seven Resorts Inc.*, 190 Ariz. | Common law. *Id.* | 2 years. A.R.S. § 12-542. | Intentional, exceptional prying or | No. *Hart*, 190 Ariz. at 279. | Intrusion into a private place or a "private | Proper measure of damages not |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | 272, 279 (Ariz. Ct. App. 1997). | | | intrusion that would be highly offensive or improper to a reasonable person. *Hart*, 190 Ariz. at 279; *Med. Lab'y Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 819 (9th Cir. 2002). | | seclusion that the plaintiff has thrown about his person or affairs." *Id.*; *White v. Four Peaks Brewing Co.*, 2025 WL 1411904, at *3 (D. Ariz. May 15, 2025). | addressed by court. |
| Arkansas | Yes. *Fletcher v. Price Chopper Foods of Trumann, Inc.*, 220 F.3d 871, 875 (8th Cir. 2000). | Common law. *Id.* | 3 years. A.C.A. § 16-56-105. | Intentional intrusion that would be highly offensive or objectionable to a reasonable person. Conduct is not highly offensive if it does not "rise to the level of forgery, a felony." *Fletcher*, 220 F.3d at 877. | Yes. Plaintiff must establish that they suffered damages and defendant's intrusion was the proximate cause of plaintiff's damages. *Duggar v. City of Springdale*, 599 S.W.3d 672, 683 (Ark. Ct. App. 2020); *Coombs v. J.B. Hunt Transport, Inc.*, | Intrusion, physically or otherwise, upon the solitude or seclusion of another or his private affairs and concerns. Protection is afforded for a person's "emotional sanctum and to safeguard the notions of civility and personal dignity." | General damages. *Id.* |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | | | 388 S.W.3d 456, 461 (Ark. Ct. App. 2012). | *Coombs*, 388 S.W.3d at 461. | |
| California | Yes. *Hernandez v. Hillsides, Inc.*, 47 Cal.4th 272, 285 (2009). | Common law. *Id.* | 2 years. C.C.P. § 335.1. | Intentional intrusion in a manner that is highly offensive to a reasonable person. Determining this involves a "policy" determination as to whether the intrusion is highly offensive under the particular circumstances. Relevant factors include the degree and setting of the intrusion, and the intruder's motives and objectives. *Hernandez*, 47 Cal.4th at 286-287. | Emotional harm sufficient to recover damages. *Miller v. National Broadcasting Co.*, 187 Cal.App.3d 1463, 1484-85 (1986). | Intentional intrusion into a place, conversation, or matter as to which plaintiff has a reasonable expectation of privacy. Defendant must have penetrated some zone of physical or sensory privacy, or obtained unwanted access to data by electronic or other covert means, in violation of the law or social norms. *Hernandez* at 286-287. | Damages available upon showing of intrusion. Substantial damages for mental anguish alone may be recovered. *Miller*, 187 Cal.App.3d at 1484-85. |
| Colorado | Yes. *See Denver Publ'g Co. v.* | Common law. *Id.*; *Doe v.* | 2 years. C.R.S.A. | Intentional intrusion that | No. *See id.* | Intrusion upon a physical | Damages for: (a) harm to interest |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | *Bueno*, 54 P.3d 893, 897 (Colo. 2002). | *High-Tech Institute, Inc.*, 972 P.2d 1060, 1067 (Colo. App. 1998). | § 13-80-102 (1)(a). | would be highly offensive to a reasonable person. *Doe*, 972 P.2d at 1067. | | space held in seclusion, as well as intrusions into a person's private concerns based upon a reasonable expectation of privacy in that area. *Id.* at 1068. | in privacy resulting from invasion; (b) mental distress proved to have been suffered if of a kind that normally results from such an invasion; (c) special damages of which the invasion is a legal cause; and (d) nominal damages. *Id.* at 1066. |
| Connecticut | Yes. *Davidson v. Bridgeport*, 180 Conn. App. 18, 30, n. 15 (2018). | Common law. *Id.* | 3 years. *Chisholm v. United of Omaha Life Ins. Co.*, 514 F.Supp.2d 318, 327 (D. Conn. 2007); Conn. Gen. Stat. § 52-577 (2024). | Intentional, unreasonable intrusion that would be highly offensive to a reasonable person. *Parnoff v. Aquarion Water Company of Connecticut*, 188 Con. App. 153, 172-173 (2019). | No. *See id.* | Substantial intrusion, physical or otherwise, upon plaintiff's solitude or seclusion or private affairs or concerns. *Id.* | Damages for: (a) harm to interest in privacy resulting from invasion; (b) mental distress proved to have been suffered if of a kind that normally results from such an invasion; and (c) special damages of which the invasion is a legal cause. |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | | | | | *Jonap v. Silver*, 1 Conn. App. 550, 561 (1984). |
| Delaware | Yes. *Barbieri v. News-Journal Co.*, 189 A.2d 773, 774 (Del. 1963). | Common law. *Id.* | 2 years. 10 Del. C. § 8119. | Intentional intrusion that would be highly offensive to a reasonable person. *State v. Holden*, 54 A.3d 1123, 1128-29 (Del. Sup. 2010). | No. *See id.* | Intrusion into a private place or a private seclusion that the plaintiff has thrown about his person or affairs. *Jackson v. Walgreens Corp.*, 2013 WL 2145938, at *4 (Del. Sup. May 15, 2013). | Nominal damages; general compensatory damages; and/or punitive or exemplary damages. *Guthridge v. Pen-Mod, Inc.*, 239 A.2d 709, 714-715 (Del. Sup. 1967). |
| Florida | Yes. *Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003). | Common law. *Id.* | 4 years. Fla. Statutes § 95.11(3)(o). | Intrusion that would be highly offensive to a reasonable person. In defining "highly offensive to a reasonable person," Florida requires an intrusion "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds | No. *See id.* | Physical or electronic intrusion into one's private quarters. *Id.* | Nominal damages; general compensatory damages; and/or punitive or exemplary damages. *See Cason v. Baskin*, 30 So. 2d 635, 640 (Fla. 1947). |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | | of decency." The conduct must be "atrocious, and utterly intolerable in a civilized community." *Oppenheim v. I.C. Sys., Inc.*, 695 F. Supp. 2d 1303, 1309 (M.D. Fla. 2010), *aff'd*, 627 F.3d 833 (11th Cir. 2010) (internal citations omitted). | | | |
| Georgia | Yes. *Troncalli v. Jones*, 514 S.E.2d 478, 482 (Ga. Ct. App. 1999). | Common law. *Cabaniss v. Hipsley*, 151 S.E.2d 496, 500 (Ga. Ct. App. 1966). | 2 years. *Hudson v. Montcalm Pub. Corp.*, 379 S.E.2d 572, 576-577 (Ga. Ct. App. 1989); OCGA § 9-3-33. | Willful and intentional, unreasonable and highly offensive intrusion upon another's seclusion. *Summers v. Bailey*, 55 F.3d 1564, 1566 (11th Cir. 1995); *Walker v. Whittle*, 64 S.E.2d 87, 91 (Ga. Ct. App. 1951). | No. *See Nayani v. Bhatia*, 899 S.E.2d 485, 489-490 (Ga. Ct. App. 2024). | Intrusion upon physical solitude or seclusion analogous to trespass in plaintiff's home or quarters, or prying and intrusions into private concerns (including surveillance of an individual with the aim of frightening or | General damages without proof of special damages. If no general damages, either nominal damages <u>or</u> damages for injury to "peace, happiness, and feelings." *Cabaniss*, 151 S.E.2d at 504; *Nayani*, 899 S.E.2d at 489-490. |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | | | | tormenting a person). *Summers*, 55 F.3d at 1566. | |
| Hawaii | Yes. *Mehau v. Reed*, 869 P.2d 1320, 1330 (Haw. 1994). | Common law. *Id.* | 2 years. HRS § 657-7. | Intentional intrusion that would be highly offensive to a reasonable person. There is no bright line rule as to what is highly offensive, and each case is taken individually on its facts. *Sailola v. Mun. Servs. Bureau*, 2014 WL 3389395, at *11 (D. Haw. July 9, 2014). | No. See *id.* | Intrusion upon the solitude or seclusion of another or his private affairs or concerns. *Id.* | Damages for: (a) harm to interest in privacy resulting from invasion; (b) mental distress proved to have been suffered if of a kind that normally results from such an invasion; and (c) special damages of which the invasion is a legal cause. Restatement (Second) of Torts, § 652H (1977); *see Mehau*, 869 P.2d at 1330 (adopting Restatement (Second) of Torts in recognizing cause of action). |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| Idaho | Yes. *Jensen v. State*, 72 P.3d 897, 902 (Idaho 2003). | Common law. *Id.* | 2 years. I.C. § 5-219. | Intentional intrusion by the use of a method which is objectionable to the reasonable person. *Id.* | No. *See id.* | Intrusion upon one's solitude, seclusion, or private affairs. The areas intruded upon must be, and be entitled to be, private. *Hoskins v. Howard*, 971 P.2d 1135, 1131 (Idaho 1998). | Proper measure of damages not addressed by court. |
| Illinois | Yes. *Lawler v. North Am. Corp. of Ill.*, 983 N.E.2d 414, 425 (Ill. 2012). | Common law. *Id.* | Undecided, but most recent authority indicates 5 years. *Johnson v. Northshore Univ. Healthsystem*, 2011 WL 10069086, at *3 (Ill. App. Ct. Mar. 31, 2011). | An unauthorized intrusion or prying into the plaintiff's seclusion that would be highly offensive or objectionable to a reasonable person. *Busse v. Motorola, Inc.*, 813 N.E.2d 1013, 1017 (Ill. App. Ct. 2004). | Plaintiff must prove "actual injury in the form of, for example, medical care, an inability to sleep or work, or a loss of reputation and integrity in the community." *Schmidt v. Ameritech Illinois*, 768 N.E.2d 303, 316 (Ill. App. Ct. 2002); | Matter intruded on was private. *Busse*, 813 N.E.2d at 1017. | Compensatory damages restricted to compensating plaintiff for the intrusion suffered. *Schmidt*, 768 N.E.2d at 317. |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | | | *Busse*, 813 N.E.2d at 1017. | | |
| Indiana | Yes. *Cullison v. Medley*, 570 N.E.2d 27, 30 (Ind. 1991). | Common law. *Id.* | 2 years. *Johnson v. Blackwell*, 885 N.E.2d 25, 30 (Ind. Ct. App. 2008). | Intrusion must be offensive or objectionable to a reasonable person, considering whether the means used is abnormal and the defendant's purpose for obtaining the information. *Watters v. Dinn*, 633 N.E.2d 280, 290 (Ind. Ct. App. 1994). | No. *See id.* | Intrusion upon plaintiff's physical solitude or seclusion by invading plaintiff's home or quarters; Indiana does not recognize intrusions that occur anywhere outside one's home. *Henry v. Cmty. Healthcare Sys. Cmty. Hosp.*, 184 N.E.3d 645, 651 (Ind. Ct. App. 2022). | Damages can include, but are not limited to, compensation for the embarrassment, humiliation, and mental pain that a person of ordinary sensibilities would have suffered under the circumstances. Special damages flowing from the tort are also recoverable. *Cont'l Optical Co. v. Reed*, 86 N.E.2d 306, 309-311 (Ind. App. Ct. 1949). |
| Iowa | Yes. *Winegard v. Larsen*, 260 N.W.2d 816, 822 (Iowa 1977). | Common law. *Id.* | 2 years. *In re Marriage of Tigges*, 758 N.W.2d 824, 830 (Iowa 2008). | Intentional intrusion that would be highly offensive to a reasonable person. | No. *See id.* | Intrusion, physically or otherwise, upon the solitude or seclusion of another or his | Proper measure of damages not addressed by court. |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | | *Winegard*, 260 N.W.2d at 822. | | private affairs and concerns. *Koeppel v. Speirs*, 808 N.W.2d 177, 181 (Iowa 2011). | |
| Kansas | Yes. *Valadez v. Emmis Commc'ns*, 229 P.3d 389, 396 (Kan. 2010). | Common law. *Froelich v. Adair*, 516 P.2d 993, 995 (Kan. 1973). | 2 years. *Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir. 1987). | Intentional intrusion that a reasonable person would be highly offended by. *Valadez*, 229 P.3d at 396. | Injury to the plaintiff's feelings. *Monroe v. Darr*, 559 P.2d 322, 327 (Kan. 1977). | Interference with the solitude or seclusion of a person's physical being or prying into a person's private affairs and concerns. *Valadez*, 229 P.3d at 396. | Damages for: (a) harm to interest in privacy resulting from invasion; (b) mental distress proved to have been suffered if of a kind that normally results from such an invasion; and (c) special damages of which the invasion is a legal cause. *Monroe*, 559 P.2d at 327. |
| Kentucky | Yes. *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 887 (Ky. 1981). | Common law. *Id.* | 5 years. KRS § 413.120. | Intentional intrusion that would be highly offensive to a reasonable man. *Ledford v. UofL Health-Louisville, Inc.*, 2025 WL | No. *See id.* | Intrusion, physically or otherwise, upon the solitude or seclusion of another or his private affairs | Substantial damages, even if the only damages suffered resulted from mental anguish. *Rhodes v. Graham*, 37 |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | | 349539, at *8 (Ky. Ct. App. Jan. 31, 2025) (slip opinion). | | or concerns. *Ledford*, 2025 WL 349539, at *8. | S.W.2d 46, 47 (Ky. Ct. App. 1931). |
| Louisiana | Yes. *Slocum v. Sears Roebuck & Co.*, 542 So.2d 777, 778 (La. Ct. App. 1989). | Common law. *Id.* | 2 years for actions occurring on or after July 1, 2024; 1 year for actions occurring on or before June 30, 2024. LSA-C.C. Art. 3493.1; *see Thomas v. State Emp. Group Benefits Program*, 2005-0392 (La. App. 1 Cir. 3/24/06), 934 So.2d 753, 757-758. | Intrusion must be (1) unreasonable and (2) seriously interfere with the plaintiff's privacy interest. Reasonableness is determined by balancing plaintiff's interest in protecting his privacy from serious invasions with the defendant's interest in pursuing his course of conduct.[1] *Young v. St. Landry Parish School Bd.*, 95-1480 (La. App. 3 Cir. 5/1/96), 673 So.2d 1272, 1275. | Yes. Plaintiff must prove that he sustained actual damages. *Id.* at 1276. | Intrusion upon plaintiff's physical solitude or seclusion. *Id.* at 1275. | Compensatory damages are available to all who suffer injury as a consequence of a tort, including recovery for mental pain and anguish even if unaccompanied by physical injury. *Slocum*, 542 So.2d at 779. |

[1] Where the defendant's action is properly authorized or justified by circumstances, it is deemed reasonable and non-actionable even if it admits to a slight invasion of plaintiff's privacy. *Young*, 673 So.2d at 1275.

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| Maine | Yes. *Nelson v. Maine Times*, 373 A.2d 1221, 1223 (Me. 1977). | Common law. *Id.* | 6 years. 14 M.R.S.A. § 752. | Intentional, physical intrusion that would be highly offensive to a reasonable person. *Lougee Conservancy v. CitiMortgage, Inc.*, 48 A.3d 774, 781 (Me. 2012). | No. *See id.* | Intrusion upon premises occupied privately by a plaintiff for purposes of seclusion. *Id.* | Plaintiff need not plead or prove special damages. *Berthiaume's Estate v. Pratt*, 365 A.2d 792, 795 (Me. 1976). |
| Maryland | Yes. *Carr v. Watkins*, 177 A.2d 841, 845-846 (Md. 1962). | Common law. *Id.* | 5 years. MD Code, Courts and Judicial Proceedings, § 5-101. | Intentional, substantial intrusion that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object. *Whye v. Concentra Health Services, Inc.*, 2013 WL 5375167, at *14 (D. Md. Sep. 24, 2013). | No. *See id.* | Intrusion upon the solitude or seclusion of another or his private affairs or concerns; the matter into which there was an intrusion must be entitled to be private and be kept private by the plaintiff. *Id.* | Compensatory damages. *See Summit Loans, Inc. v. Pecola*, 288 A.2d 114, 118 (Md. 1972). |
| Massachusetts | Yes. M.G.L.A. 214 § 1B. | Statutory. | | Intrusion must be unreasonable and either substantial or serious. | No. M.G.L.A. 214 § 1B. | Reasonable expectation of privacy. *Schlesinger*, | Yes. M.G.L.A. 214 § 1B. |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | | *Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 409 Mass. 514, 518-522 (1991). | | 409 Mass. at 518-519. | |
| Michigan | Yes. *Tobin v. Mich. Civil Service Com'n*, 331 N.W.2d 184, 189 (Mich. 1982). | Common law. *Id.* | 3 years. *Green v. Lansing Automakers Fed. Credit Union*, 2019 WL 3812108, at *5 (Mich. Ct. App. Aug. 13, 2019). | Obtaining of secret and private matter through some method objectionable to the reasonable man. *Tobin*, 331 N.W.2d at 189. | No. *Id.* | Existence of a secret and private subject matter and a right possessed by plaintiff to keep that subject matter private. *Id.* | Proper measure of damages not addressed by court. |
| Minnesota | Yes. *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 235 (Minn. 1998). | Common law. *Id.* | 2 years. *Hough v. Shakopee Public Schools*, 608 F. Supp. 2d 1087, 1118 (D. Minn. 2009). | An intentional intrusion that is highly offensive. Plaintiff must meet a high threshold of offensiveness and expectation of privacy, and the court gives special consideration to the circumstances under which the alleged intrusion occurred, *Freeman v. Ally* | No. *See id.* | Intrusion into some matter in which a person has a legitimate expectation of privacy. *Freeman*, 528 F. Supp. 3d at 1049. | Proper measure of damages not addressed by court. |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | | *Financial Inc.*, 528 F. Supp. 3d 1038, 1049 (D. Minn. 2021). | | | |
| Mississippi | Yes. *Deaton v. Delta Democrat Publishing Co.*, 326 So.2d 471, 473 (Miss. 1976). | Common law. *Id.* | 1 year. *Young v. Jackson*, 572 So.2d 378, 382 (Miss. 1990). | Substantial interference of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object. Plaintiff must show bad faith or utterly reckless prying. *Candebat v. Flanagan*, 487 So.2d 207, 209 (Miss. 1986). | Yes. *See id.* | Intrusion on the seclusion of another. *Id.* | Quantifiable pecuniary loss and damages for mental distress proved to have been suffered if it is a kind that normally results from such an invasion. *Id.* |
| Missouri | Yes. *Corcoran v. Southwestern Bell Tel. Co.*, 572 S.W.2d 212, 215 (Mo. Ct. App. 1978). | Common law. *Id.* | 5 years. V.A.M.S. 516.120(4). | Obtaining of secret and private matter through some method objectionable to the reasonable man. *Engman v. Southwestern Bell Tel. Co.*, 591 S.W.2d 78, 81 | Yes. *Sofka v. Thal*, 662 S.W.2d 502, 551 (Mo. 1983). | Existence of a secret and private subject matter and a right possessed by plaintiff to keep that subject matter private. | Damages are not presumed, and plaintiff must plead and prove damages resulting from defendant's conduct. *Sofka*, 662 S.W.2d at 551. |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | | (Mo. Ct. App. 1979). | | *Engman*, 591 S.W.2d at 81. | |
| Montana | Yes. *Sistok v. Northwestern Tel. Sys., Inc.*, 615 P.2d 176, 182 (Mont. 1980). | Common law. *Id.* | 3 years. MCA 27-2-204. | Wrongful intrusion. *Sistok*, 615 P.2d at 182. | Outrage or mental suffering, shame, or humiliation. *Id.* | Intrusion into one's private activities. *Id.* | Proper measure of damages not addressed by court. |
| Nebraska | Yes. Neb. Rev. St. § 20-203. | Statutory. *Id.* | 1 year. Neb. Rev. St. § 20-211. | Intrusion that would be highly offensive to a reasonable person. Neb. Rev. St. § 20-203. | No. *See id.* | Intrusion into any natural person's place of solitude or seclusion. *Id.* | (1) General damages for harm to the plaintiff's interest in privacy which resulted from the invasion; (2) damages for mental suffering; (3) special damages; and (4) if none of these are proven, nominal damages. *Sabrina W. v. Willman*, 540 N.W.2d 364,371 (Neb. Ct. App. 1995). |
| Nevada | Yes. *PETA v. Berosini, Ltd.*, 895 P.2d 1269, | Common law. *Id.* | 2 years. N.R.S. 11.190. | Intentional intrusion that would be highly | No. *See id.* | Intrusion, physical or otherwise, on | General damages for mental anguish |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | 1279 (Nev. 1995). | | | offensive to a reasonable person. *Berosini*, 895 P.2d at 1279. | | the solitude or seclusion of another, and plaintiff must show that they had an actual expectation of seclusion or solitude and that the expectation was objectively reasonable. *Id.* | and embarrassment suffered. *Id.* |
| New Hampshire | Yes. *Hamberger v. Eastman*, 206 A.2d 239, 242 (N.H. 1964). | Common law. *Id.* | 3 years. N.H. Rev. Stat. § 508:4. | Intrusion that defendant should have realized would be offensive to persons of ordinary sensibilities. Intrusion must go beyond the limits of decency for liability to accrue. *Remsburg v. Docusearch, Inc.*, 816 A.2d 1001, 1008 (N.H. 2003). | No. *See id.* | Intrusion must relate to something secret, secluded or private. | Damages for: (a) harm to interest in privacy resulting from invasion; (b) mental distress proved to have been suffered if of a kind that normally results from such an invasion; and (c) special damages of which the invasion is a legal cause. *Fischer v. Hooper*, 732 A.2d 396, 401 (N.H. 1999). |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| New Jersey | Yes. *Figured v. Paralegal Technical Servs., Inc.*, 555 A.2d 663, 666 (N.J. Super. Ct. App. Div. 1989). | Common law. *Id.* | 2 years. *Rumbauskas v. Cantor*, 649 A.2d 853, 858 (N.J. 1994); N.J.S.A. 2A:14-2. | Intentional, substantial intrusion that is highly offensive to a reasonable person, as the result of conduct which the reasonable man would strongly object. *Figured*, 555 A.2d at 666. | No. *Rumbauskas v. Cantor*, 629 A.2d 1359, 1362 (N.J. Super. Ct. 1993). | Intrusion into a private place or seclusion where plaintiff has thrown about his person or affairs. *Figured*, 555 A.2d at 666. | Damages for: (a) harm to interest in privacy resulting from invasion; (b) mental distress proved to have been suffered if of a kind that normally results from such an invasion; and (c) special damages of which the invasion is a legal cause. *Rumbauskas*, 629 A.2d at 1362. |
| New Mexico | Yes. *Moore v. Sun Pub. Corp.*, 1994-NMCA-104, 881 P.2d 735, 743. | Common law. *Id.* | 2 years. N.M.S.A. 1978, § 37-1-8. | Intrusion that is highly offensive to a reasonable person. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1217 (10th Cir. 2007). | No. *See id.* | Physical intrusion into a place in which the plaintiff has secluded himself. *Alvarado*, 493 F.3d at 1217. | Proper measure of damages not addressed by court. |
| New York | No. *See Howell v. New York Post Co.*, 612 N.E. 2d 699, 703 (N.Y. 1993); *Rule v. Braiman*, 2024 | Not applicable. | Not applicable. | Not applicable. | Not applicable. | Not applicable. | None. |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | WL 4042135, at *20 (N.D.N.Y. Sep. 4, 2024). | | | | | | |
| North Carolina | Yes. *Miller v. Brooks*, 472 S.E.2d 350, 354 (N.C. Ct. App. 1996). | Common law. *Id.* | 3 years. N.C.G.S.A. § 1-52. | Intentional intrusion that would be highly offensive to a reasonable person, such as physical or sensory interference with or prying into a person's seclusion. *Miller*, 472 S.E.2d at 354; *Burgess v. Busby*, 544 S.E.2d 4, 11 (N.C. Ct. App. 2001). | No. *See Miller*, 472 S.E.2d at 354. | Intrusion, physical or otherwise, upon the solitude or seclusion of another or his private affairs or concerns. *Id.* | Proper measure of damages not addressed by court. |
| North Dakota | Undecided. *Hougum v. Valley Mem'l Homes*, 574 N.W.2d 812, 816 (N.D. 1998). | Not applicable. | Not applicable. | Not applicable. | Not applicable. | Not applicable. | None. |
| Ohio | Yes. *Lunsford v. Sterilite of Ohio, L.L.C.*, 165 N.E.3d 245, 253 (Ohio 2020). | Common law. *Id.* | 4 years. Ohio R.C. § 2305.09(D). | Intentional intrusion that would be highly offensive to a reasonable person. *Lunsford*, | No. *Housh v. Peth*, 133 N.E.2d 340, 344 (Ohio 1956). | Intrusion, physically or otherwise, upon the solitude or seclusion of | Actual, substantial damages of real worth and importance for mental anguish. |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | | 165 N.E.3d at 253. | | another or his private affairs or concerns. *Lunsford*, 165 N.E.3d at 253. | *Housh*, 133 N.E.2d at 344; *Thompson v. Rosenthal*, 2014 WL 7185313, at *2 (S.D. Ohio Dec. 16, 2014). |
| Oklahoma | Yes. *Munley v. ISC Financial House, Inc.*, 584 P.2d 1335, 1340 (Okla. 1978). | Common law. *Id.* | 2 years. 12 Okl.St.Ann. § 95(3). | A nonconsensual, intentional intrusion which was highly offensive to a reasonable person. *Gilmore v. Enogex, Inc.*, 878 P.2d 360, 366 (Okla. 1994). | No. *See Munley*, 584 P.2d at 1340. | Intrusion, physically or otherwise, upon the solitude or seclusion of another, or his private affairs or concerns. *Id.* | Proper measure of damages not addressed by court. |
| Oregon | Yes. *McLain v. Boise Cascade Corp.*, 533 P.2d 343, 345-346 (Or. 1975). | Common law. *Id.* | 2 years. O.R.S. § 12.110(1). | Intentional intrusion that would be highly offensive to a reasonable person. *Mauri v. Smith*, 929 P.2d 307, 310 (Or. 1996). | No. *See State v. Lien*, 441 P.3d 185, 193 (Or. 2019). | Intrusion, physically or otherwise, upon the plaintiff's solitude or seclusion or private affairs or concerns. *Mauri*, 929 P.2d at 310. | Damages may be recovered for violation of privacy, including damages consisting solely of mental suffering caused by the violation. *Lien*, 441 P.3d at 193. |
| Pennsylvania | Yes. *Harris by Harris v. Easton Pub. Co.*, 483 A.2d 1377, 1383 | Common law. *Id.* | 1 year. 42 Pa.C.S.A. § 5523. | Substantial, intentional intrusion that would be highly | Outrage or cause mental suffering, shame, or | Intrusion, physically or otherwise, upon the | General damages: nominal, compensatory, |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | (Pa. Super. Ct. 1984). | | | offensive to a reasonable person. *Harris*, 483 A.2d at 1383-84. | humiliation to a person of ordinary sensitivities. *Id.* at 1385. | solitude or seclusion of another or his private affairs or concerns. Invasion may be by physical intrusion, by the use of defendant's senses to oversee or overhear plaintiff's private affairs, or some other form of investigation or examination into plaintiff's private concerns. *Id.* at 1383. | or punitive damages. *Aquino v. Bulletin Co.*, 154 A.2d 422, 426 (Pa. 1959). |
| Rhode Island | Yes. R.I.G.L. § 9-1-28.1(a). | Statutory. No action for violation of a right of privacy exists at common law. *Pontbriand v. Sundlun*, 699 | 3 years. R.I.G.L. § 9-1-14. | Unreasonable intrusion that was or is offensive or objectionable to a reasonable man. R.I.G.L. § 9-1-28.1(a). | No. *See* R.I.G.L. § 9-1-28.1(a). | Statute only protects against an invasion of "one's physical solitude or seclusion." R.I.G.L. § 9-1-28.1(a); *Swerdlick v. Koch*, 721 A.2d | Civil damages; prevailing party attorneys' fees and court costs. |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | A.2d 856, 863 (R.I. 1997). | | | | 849, 857 (R.I. 1998). | |
| South Carolina | Yes. *Meetze v. Associated Press*, 95 S.E.2d 606, 609 (S.C. 1956). | Common law. *Id.* | 3 years. S.C. Code Ann. § 15-3-530; *Parkman v. University of South Carolina*, 44 Fed. Appx. 606, 619 (4th Cir. 2002). | Intentional, substantial or unreasonable intrusion in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities, or which involves an unreasonable and highly offensive intrusion upon the seclusion of another. *O'Shea v. Lesser*, 416 S.E.2d 629, 633 (S.C. 1992); *Snakenberg v. Hartford Cas. Ins. Co., Inc.*, 383 S.E.2d 2, 6 (S.C. Ct. App. 1989). | A blatant and shocking disregard of plaintiff's rights and serious mental or physical injury or humiliation to himself resulting therefrom. *Rycroft v. Gaddy*, 314 S.E.2d 39, 43 (S.C. Ct. App. 1984). | Intrusion into one's private activities or something secret, secluded or private pertaining to plaintiff. *O'Shea*, 416 S.E.2d at 633; *Meetze*, 95 S.E.2d at 608. | In assessing damages, the trier of fact may consider the shame, humiliation, and emotional distress suffered by plaintiff as compensable elements of damage. *Snakenberg*, 383 S.E.2d at 6. |
| South Dakota | Yes. *Kjerstad v. Ravellette Publications, Inc.*, 517 N.W.2d | Common law. *Id.* | 6 years. SDCL § 15-2-13. | An intentional invasion that is unreasonable, unwarranted, | No. *See id.* | Invasion of something to which the plaintiff has a | Compensatory damages for emotional distress; special |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | 419, 424 (S.D. 1994). | | | serious, and offensive which would be offensive and objectionable to a reasonable man of ordinary sensibilities. *Gantvoort v. Ranschau*, 2022 S.D. 22, 973 N.W.2d 225, 233. | | reasonable expectation of privacy. *Id.* | damages not required. Plaintiff not required to demonstrate that they had incurred medical expenses as a result of invasion. *Roth v. Farner-Bocken Co.*, 2203 S.D.80, 667 N.W.2d 651, 662-663. |
| Tennessee | Yes. *Roberts v. Essex Microtel Assocs., II, L.P.*, 46 S.W.3d 205, 211 (Tenn. Ct. App. 2000). | Common law. *Id.* | 1 year. T.C.A. § 28-3-104. | Intentional intrusion that would be highly offensive to a reasonable person. *Roberts*, 46 S.W.3d at 211. | No. *See id.* | Intrusion, physical or otherwise, into a private place or a private seclusion that the plaintiff has thrown about his person or affairs. | Actual damages not required. *Jones by and Through Sons v. Life Care Centers of Am.*, 2023 WL 3476523, at *9-10 (Tenn. Ct. App. May 16, 2023). |
| Texas | Yes. *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973). | Common law. *Id.* | 2 years. V.T.C.A., Civ. Prac. & Rem. Code § 16.003; *see Wood v. Hustler* | Intentional intrusion that would be highly offensive to a reasonable person. *Valenzuela v.* | Yes. *Clayton v. Wisener*, 190 S.W.3d 685, 696 (Tex. App. 2005); *Phar-Mor, Inc. v. Chavira*, 853 | Intrusion, physical or otherwise, upon another's solitude, seclusion, or private affairs | Damages for mental suffering are recoverable without physical injury. Nominal damages available. |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | *Magazine, Inc.*, 736 F.2d 1084, 1088-89 (5th Cir. 1984). | *Aquino*, 853 S.W.2d 512, 513 (Tex. 1993). | S.W.2d 710, 712 (Tex. App. 1993). | or concerns. Plaintiff must show a physical invasion of their property or eavesdropping with the aid of wiretaps, microphones, or spying. *Clayton*, 190 S.W.3d at 697. | *Billings*, 489 S.W.2d at 861; *Fawcett v. Grosu*, 498 S.W.3d 650, 664 (Tex. App. 2016). |
| Utah | Yes. *Stien v. Marriott Ownership Resorts, Inc.*, 944 P.2d 374, 378 (Utah Ct. App. 1997). | Common law. *Id.* | 4 years. U.C.A. § 78B-2-307; *Robinson v. Morrow*, 2004 UT App 285, 99 P.3d 341, 347. | Intentional, substantial intrusion that would be highly offensive to a reasonable person. *Stien*, 944 P.2d at 378. | Mental distress. *Jones v. U.S. Child Support Recovery*, 961 F.Supp. 1518, 1522 (D. Utah 1997). | Intrusion, physically or otherwise, upon the solitude or seclusion of the complaining party. *Stien*, 944 P.2d at 378. | Plaintiff need not prove actual or special damages. Plaintiff may recover for mental distress damages proved if such damages are the kind that normally result from such an invasion. *Jones*, 961 F.Supp. at 1522-23. |
| Vermont | Yes. *Hodgdon v. Mt. Mansfield Co., Inc.*, 624 | Common law. *Id.* | 3 years. 12 V.S.A. § 512. | Intentional, substantial interference that would be highly | No. *See id.* | Interference with plaintiff's interest in solitude or | Compensatory damages available. *Pion v. Bean*, 2003 |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | A.2d 1122, 1129 (Vt. 1992). | | | offensive to a reasonable person. *Hodgdon*, 624 A.2d at 1129. | | seclusion, either as to plaintiff's person or private affairs or concerns. *Hodgdon*, 624 A.2d at 1129. | VT 79, 833 A.2d 1248, 1259. |
| Virginia | No. *See WJLA-TV v. Levin*, 264 Va. 140, 160 n.5 (2002). | Not applicable. | Not applicable. | Not applicable. | Not applicable. | Not applicable. | None. |
| Washington | Yes. *Reid v. Pierce County*, 961 P.2d 333, 339 (Wash. 1998). | Common law. *Id.* | 3 years. RCWA 4.16.080; 708 P.2d 1216, 1220 (Wash. Ct. App. 1985). | A deliberate intrusion that would be highly offensive to a reasonable person. The intruder must have acted deliberately to achieve the result with the certain belief that the result would happen. *Fisher v. State ex rel. Dept. of Health*, 106 P.3d 836, 840 (Wash. Ct. App. 2005); *Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. | Yes. *Doe v. Gonzaga University*, 24 P.3d 390, 399 (2001). | Intrusion, physical or otherwise, into a person's solitude, seclusion or private affairs. *Fisher*, 106 P.3d at 840. | Damages are available. *Doe*, 24 P.3d at 399-400. |

| State | Recognized Cause of Action? | Common Law or Statutory? | Statute of Limitations | Intrusion Required | Injury Required | Interest Invaded | Damages Available |
|---|---|---|---|---|---|---|---|
| | | | | Supp. 3d 1072, 1088 (W.D. Wash. 2024). | | | |
| West Virginia | Yes. *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 85 (W. Va. 1983). | Common law. *Id.* | 1 year. W. Va. Code, § 55-2-12(c); *Slack v. Kanawha Cnty. Hous. and Redev. Auuth.*, 423 S.E.2d 547, 551 (W. Va. 1992). | Intentional intrusion that would be highly offensive to a reasonable person. *Snuffer v. Great Lakes Educ. Loan Servs., Inc.*, 97 F. Supp. 3d 827, 836 (S.D. W. Va. 2015). | No. *See id.*; *Sutherland v. Kroger Co.*, 110 S.E.2d 716, 724 (W. Va. 1959). | Intrusion, physical or otherwise, upon the solitude or seclusion of another or his private affairs or concerns. *Snuffer*, 97 F. Supp. 3d at 836. | Damages for: (a) harm to interest in privacy resulting from invasion; (b) mental distress proved to have been suffered if of a kind that normally results from such an invasion; (c) special damages of which the invasion is a legal cause; and (d) nominal damages. *Rohrbaugh v. Wal-Mart Stores, Inc.*, 572 S.E.2d 881, 887-888 (W. Va. 2002). |
| Wisconsin | Yes. W.S.A. 995.50(2)(am)(1). | Statutory. *See id.* | 3 years. W.S.A. 893.57. | Intrusion of a nature highly offensive to a reasonable person, or in a manner that is | Yes. W.S.A. 995.50(4). | Intrusion upon the privacy of another in a place that a reasonable person would | Equitable relief, compensatory damages based either on plaintiff's loss or defendant's |

| **State** | **Recognized Cause of Action?** | **Common Law or Statutory?** | **Statute of Limitations** | **Intrusion Required** | **Injury Required** | **Interest Invaded** | **Damages Available** |
|---|---|---|---|---|---|---|---|
| | | | | actionable for trespass. W.S.A. 995.50(2)(am)(1). | | consider private. W.S.A. 995.50(2)(am)(1). | unjust enrichment, and reasonable attorneys' fees. W.S.A. 995.50(1). |
| Wyoming | Yes. *Howard v. Aspen Way Enterprises, Inc.*, 406 P.3d 1271, 1278 (Wyo. 2017). | Common law. *Id.* | Not yet decided by court, but either 4 years or 1 year. *See* W.S. 1977 § 1-3-105(a)(iv), (v); *see also Wagner v. Campbell County, Wyo.*, 695 F. Supp. 512, 517 (D. Wyo. 1988). | Intentional intrusion. *See id.* at 1274, 1278. | No. *Id.* | Intrusion, physical or otherwise, upon the solitude or seclusion of another or his private affairs and concerns. *Id.* | Damages for: (a) harm to interest in privacy resulting from invasion; (b) mental distress proved to have been suffered if of a kind that normally results from such an invasion; and (c) special damages of which the invasion is a legal cause. *Id.* |