# EXHIBIT LL

**Variations in State Law Unjust Enrichment Claims**

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| Alabama | **1. Defendant holds money which, in equity and good conscience, belongs to plaintiff; or** **2. Defendant holds money which was improperly paid to defendant because of mistake or fraud.** *Mitchell v. H & R Block,* 783 So. 2d 812, 817 (Ala. 2000). **NOT in class actions** *White v. Microsoft Corp.,* 454 F. Supp. 2d 1118, 1134 fn. 25 (S.D. Ala. 2006) ("The Alabama Supreme court has spoken out emphatically against certification of a class in the unjust enrichment context."); *Avis Rent A Car Systems, Inc. v. Heilman,* 876 So. 2d 1111, 1122-23 (Ala. 2003) | **Equitable remedy.** *Scrushy v. Tucker,* 955 So. 2d 988, 1011 (Ala. 2006). | **6 years.** *Davant v. United Land Corp.,* 896 So. 2d 475, 486-87 (Ala. 2004). | **No claim if plaintiff voluntarily paid benefit it seeks to recover.** *Stone v. Mellon Mortg. Co.,* 771 So. 2d 451, 456 (Ala. 2000). | Retention of the benefit must be "unjust": (1) donor acted under mistake of fact or in misreliance; or (2) recipient of the benefit engaged in unconscionable conduct such as fraud, coercion, or abuse of a confidential relationship. *Mantiply v. Mantiply,* 951 So. 2d 638, 654-55 (Ala. 2006). | **Undecided.** | **Yes.** The Alabama Supreme Court has proclaimed "that where an express contract exists between two parties, the law generally will not recognize an implied contract regarding the same subject matter." *Kennedy v. Polar-BEK & Baker Wildwood Partnership,* 682 So. 2d 441, 447 (Ala. 1996); *White v. Microsoft Corp.,* 454 F. Supp. 2d 1118, 1133 (S.D. Ala. 2006). | "The measure of damages under ... unjust enrichment is based upon the benefit conferred upon the [recipient] and not the cost to render the service or cost of the goods." *Chep USA v. Mock Pallet Co.,* 138 F. App'x 229, 235 (11th Cir. 2005). |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | ("Because unjust enrichment claims are fact specific to each case, this Court has repeatedly held that such claims are unsuitable for class-action treatment.") | | | | | | | |
| Arizona | **1. An enrichment;**<br>**2. An impoverishment;**<br>**3. A connection between the enrichment and the impoverishment;**<br>**4. Absence of justification of the enrichment and impoverishment; and**<br>**5. An absence of a remedy provided by law.**<br>*Lemon v. Harlem Globetrotters Intern., Inc.*, 437 F. Supp. 2d 1089, 1107 (D. Ariz. 2006). | **"Flexible equitable" standard**.<br>*Arnold & Associates, Inc. v. Misys Healthcare Systems*, 275 F. Supp. 2d 1013, 1024 (D. Ariz. 2003) | **4 years.**<br>*Nitrini v. Feinbaum*, 501 P.2d 576, 581, 18 Ariz. App. 307, 312 (Ariz. App. 1972). | **Must show impoverishment or deprivation to recover.**<br>*Lemon v. Harlem Globetrotters Intern., Inc.*, 437 F. Supp. 2d 1089, 1107 (D. Ariz. 2006) (celebrity athletes barred from recovery for use of likeness because no evidence use caused any injury). | **An "absence of justification must be shown."**<br>*Lemon v. Harlem Globetrotters Intern., Inc.*, 437 F. Supp. 2d 1089, 1107 (D.Ariz. 2006). | **No knowledge requirement.** | **Yes.**<br>*Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 408-09 (9th Cir. 1992). | **The measure of recovery is the reasonable value of the service conferred upon the defendant.**<br>*Cen. Ariz. Water Conservation Dist. v. United States*, 32 F. Supp. 2d 1117, 1140 (D. Ariz. 1998). |
| Arkansas | **An action based on unjust enrichment is where a person** | **Unjust enrichment is an** | **6 years.**<br>*U.S. v. St. Joseph's Regional* | **One is not unjustly enriched by the receipt of that** | **Not necessary to show any wrongdoing - even an** | **No knowledge requirement.** | **Yes.**<br>*U.S. v. Applied Pharmacy Consultants,* | **The measure of damages for unjust enrichment is** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain.** *Hatchell* v *Wren* 363 Ark. 107, 117, 211 S.W.3d 516, 522 (Ark. 2005). | **equitable doctrine.** *Pro-Co. Mgt., Inc. v. R. K. Enterprises, LLC,* 366 Ark. 463, 469, 237 S.W.3d 20, 24 (Ark. 2006). | *Health Center,* 240 F. Supp. 2d 882, 885 (W.D. Ark. 2002). | **to which he is legally entitled.** *Moore v. Wallace,* 90 Ark. App. 298, 302, 205 S.W.3d 824, 826 (Ark. App. 2005). | **innocent party may be a proper defendant.** *Day v. Case Credit Corp.,* 427 F.3d 1148, 1154 (8th Cir. 2005); *Hatchell v. Wren,* 211 S.W.3d 516, 522 (Ark. 2005) ("One who is free from fault cannot be held to be unjustly enriched merely because he or she has chosen to exercise a legal or contractual right."). | | *Inc.,* 182 F.3d 603, 609 (8th Cir. 1999). | **the amount of unfair gain received by those unjustly enriched.** *Klein v. Arkoma Production Co.,* 73 F.3d 779, 786 (8th Cir. 1996). |
| California | California courts are split on whether unjust enrichment is an independent cause of action[1], but unjust | Equity. *Hernandez*, 180 Cal. App. 4th at 938. | Varies based on the underlying wrong. *Al-Ahmed v. Twitter, Inc.*, | Plaintiff must prove that they "conferred a benefit on defendant." *Hernandez*, 180 | None. | Defendant knowingly accepted a benefit conferred by plaintiff. | Yes, if based on quasi-contract theory. *Cal. Medical Ass'n, Inc. v. Aetna U.S. Healthcare* | Restitution – "The defendant in an unjust enrichment claim must pay the amounts necessary to place |

[1] *Compare Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008), *Melchior v. New Line Productions, Inc.*, (2003) 106 Cal.App.4th 779, 793 (2003) *and Hartford Casualty Ins. Co. v. J.R. Marketing, L.L.C.*, 61 Cal.4th 988, 998 (2015). Regardless, an unjust enrichment claim may be construed as a quasi-contract claim seeking restitution. *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014).

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | enrichment applies where "plaintiffs, while having no enforceable contract, nonetheless have conferred a benefit on defendant which defendant has knowingly accepted under circumstances that make it inequitable for the defendant to retain the benefit without paying for its value." *Hernandez v. Lopez*, 180 Cal. App. 4th 932, 938 (2009). | | 648 F. Supp. 3d 1140 n.1 (N.D. Cal. 2023). | Cal. App. 4th at 938. | | *Hernandez*, 180 Cal. App. 4th at 938. | *of Cal., Inc.*, 94 Cal. App. 4th 151, 172 (2001). | the plaintiff in as good as position as he or she would have been had no contract been made." *Hernandez*, 180 Cal. App. 4th at 938-939. The measure of damages is "synonymous with restitution." "In modern legal usage, its meaning has frequently been extended to include not only the restoration or giving back of something to its rightful owner, but also compensation, reimbursement, indemnification, or reparation for benefits derived from, or for loss or injury caused to, another." *Id.* at 939 (cleaned up). |
| Colorado | **To recover for unjust enrichment, a plaintiff must show that:**<br>**1. A benefit was conferred on the** | **Equitable remedy.**<br>*Wilson v. Prentiss,* 140 P.3d 288, 293 | **Doctrine of laches applies; no statute of limitations.**<br>*Cullen v. Philips*. 30 P.3d 828, 834 | **A plaintiff need not demonstrate justifiable reliance to succeed on a** | **No misconduct requirement.** | **The word "benefit," for purposes of unjust enrichment, denotes any form of** | **Not always. Even where an express contract exists plaintiff may obtain judicial cancellation of the contract and sue for unjust enrichment where** | **When a court appropriately applies the doctrine of unjust enrichment, the enriched party is generally liable for** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **2. Defendant by the plaintiff'**<br>**3. The benefit was appreciated by the defendant; and**<br>**4. The benefit was accepted by the defendant under such circumstances that retaining the benefit without paying its value would be inequitable.**<br>*Brown Group Retail, Inc. v. State*, 155 P.3d 481,484 (Colo. Ct. App. 2006). | (Colo. Ct. App. 2006). | (Colo. Ct. App. 2001) ("We note in this regard that laches is not dependent upon the statute of limitations. Mere lapse of time and staleness are material issues, but not conclusive of a laches claim."). | **claim of unjust enrichment.**<br>*Luttgen v. Fischer*, 107 P.3d 1152, 1157 (Colo. Ct. App. 2005). | | **advantage conferred, appreciated, and accepted.**<br>*Bachrach v. Salzman*, 981 P.2d 219, 222 (Colo. Ct. App. 1999). | **fraud was present from the inception of the contract.**<br>*Niles v. Builders Serv. & Supply, Inc.*, 667 P.2d 770, 772 (Colo. Ct. App. 1983). | **interest on the benefits received.**<br>*Martinez v. Continental Enters.*, 730 P.2d 308, 317 (Colo. 1986). |
| Connecticut | **A plaintiff seeking recovery for unjust enrichment must prove:**<br>**That the defendants were benefited:**<br>**That the defendants unjustly did not pay the plaintiff for the benefits; and**<br>**That the failure of payment was to** | **Equitable remedy.**<br>*Schreiber v. Conn. Surgical Group., P.C.*, 96 Conn. App. 731, 740, 901 A.2d 1277, 1282-83 (Conn. Ct. App. 2006). | **6 years.**<br>*Town of New Hartford v. Connecticut Resources Recovery Auth.*, 2007 Conn. Super. LEXIS 1560, at *110 (Conn. Super. Ct. June 19, 2007). | **Failure of payment operated to the detriment of the plaintiff.**<br>*Rent-A-PC, Inc. v. Rental Mgmt., Inc.*, 96 Conn. App. 600, 605, 901 A.2d 720, 723 (Conn. App. Ct. 2006). | **Defendant's conduct must be unjust, but the claim does not require any finding of intentional misconduct.**<br>*Town of New Hartford v. Conn. Resources Recovery Authority*, 2007 Conn. Super. LEXIS 1560, at *108-09 (Conn. | **Some courts require knowledge by defendant.**<br>*Dowling v. First Fed. Bank*, 1995 Conn. Super. LEXIS 1939 at *18-19 (Conn. Super. 1995). | **No. However, lack of a remedy under the contract is a precondition for recovery based upon unjust enrichment.**<br>*Gagne v. Vaccaro*, 255 Conn. 390, 401, 766 A.2d 416, 424 (Conn. 2001). | **Unjust enrichment damages are restitutionary and designed to restore to a party the money, services or goods of which he or she was deprived and that benefited another.**<br>*United Coastal Indus., Inc. v. Clearheart Constr. Co.*, 71 |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **the plaintiff's detriment.** *Marlin Broadcasting, LLC v. Law Office of Kent Avery, LLC,* 101 Conn. App. 638, 648-49, 922 A.2d 1131, 1139 (Conn. Ct. App. 2007). | | | | Super. Ct. June 19, 2007). | | | Conn. App. 506, 512, 802 A.2d 901, 906 (Conn. Ct. App. 2002). |
| Delaware | 1. **Enrichment;**<br>2. **An impoverishment;**<br>3. **Relation between the enrichment and impoverishment;**<br>4. **Absence of justification; and**<br>5. **Absence of remedy provided by law.**<br>*LaSalle Nat'l Bank v. Perelman,* 82 F. Supp. 2d 279, 294-95 (D. Del. 2000). | **Equitable remedy.** *MetCap Securities, LLC v. Pearl Senior Care, Inc.,* 2007 Del. Ch. LEXIS 92, at *4 (Del. Ch. 2007). | **3 years.** *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.,* 860 A.2d 312, 319 (Del. Sup. 2004). | **Plaintiff must have been impoverished.** *LaSalle Nat'l Bank v. Perelman,* 82 F. Supp. 2d 279, 294-95 (D. Del. 2000). | **Defendant can be liable even when "'not a wrongdoer' and 'even though he may have received [it] honestly in the first instance.'"** *Ryan v. Gifford,* 918 A.2d 341, 361 (Del. Ch. 2007). | **No knowledge requirement.** | **Yes.** *Anschutz Corp. v. Brown Robin Capital, LLC,* 2020 WL 3096744, at *18 (Del. Ch. June 11, 2020). | **The measure of recovery is the reasonable value of the benefit unjustly retained by the defendant.** *Fleer Corp. v. Topps Chewing Gum, Inc.,* 539 A.2d 1060, 1062 (Del. 1988). |
| Florida | 1. **Plaintiff conferred benefit on defendant, who had knowledge of benefit;**<br>2. **Defendant voluntarily accepted** | **Unjust enrichment is equitable in nature and cannot exist where** | **4 years.** *Swafford v. Schweitzer,* 906 So. 2d 1194, 1195 | **Adequate consideration by defendant for the benefit conferred will bar claim.** | **No misconduct requirement.** | **Must show defendant's knowledge and acceptance** | **Yes.** *Williams v. Bear Stearns & Co.,* 725 So. 2d 397, 400 (Fla. | **Unclear under Florida law.** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **and retained benefit; and**<br>3. **Under the circumstances, it would be inequitable for defendant to retain benefit without paying for it.**<br>*Prohias v. Pfizer, Inc.* 490 F. Supp. 2d 1228, 1235-36 (S.D. Fla. 2007). | **payment has been made for benefit conferred.** *Gene B. Blick Co., Inc. v. Sunshine Ready Concrete Co., Inc.,*. 651 So. 2d 190, 1995 Fla. App. LEXIS 1743, at *1 (Fla. Dist. Ct. App. 1995). | (Fla. Dist. Ct. App. 2005). | *American Safety Ins. Services, Inc. v. Griggs,* 959 So. 2d 322, 331-32 (Fla. Dist. Ct. App. 2007). | | **of the benefit.** *N.G.L. Travel Associates v. Celebrity Cruises, Inc.,* 764 So. 2d 672, 675 (Fla. Dist. Ct. App. 2000). | Dist. Ct. App. 1998). | |
| Georgia | 1. **No legal contract;**<br>2. **One party has conferred a benefit; and**<br>3. **The benefiting party equitably ought to return the benefit or pay due compensation.**<br>*Zampatti v. Tradebank Int'l.,* 235 Ga. App. 333, 340, 508 S.E.2d 750, 757 (Ga. Ct. App. 1998). | **Both.** *Hollifield v. Monte Vista Biblical Gardens, Inc.,* 251 Ga. App. 124, 130, 553 S.E.2d 662, 669 (Ga. Ct. App. 2001). | **4 year.** *Engram v. Engram,* 265 Ga. 804, 806, 463 S.E.2d 12, 15 (1995). | **No injury requirement.** | **"Inherent in the theory of unjust enrichment is the requirement that the receiving party knew of the value being bestowed upon him by another and failed to stop the act or to reject the benefit prior to its conferment."** *Hollifield v. Monte Vista Biblical* | **"Inherent in the theory of unjust enrichment is the requirement that the receiving party knew of the value being bestowed upon him by another and failed to stop the act or to reject the benefit prior to its conferment."** *Hollifield v. Monte Vista Biblical Gardens, Inc.,* 251 Ga. App. 124, 131, 553 | **Yes. Under Georgia law, unjust enrichment is equitable concept and applies when as a matter of fact there is no legal contract.** *Williams v. Mohawk Industries, Inc.,* 465 F.3d 1277, 1294-95 (11th Cir. 2006). | **Damages are measured in quantum meruit; the defendant is required to pay the reasonable value of the services conferred upon him by plaintiff.** *Yoh v. Daniel,* 230 Ga. App. 640, 641-42, 497 S.E.2d 392, 394-95 (Ga. Ct App. 1998). |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | | | | | *Gardens, Inc.*, 251 Ga. App. 124, 131, 553 S.E.2d 662, 670 (Ga. Ct. App. 2001). | S.E.2d 662, 670 (Ga. Ct. App. 2001). | | |
| Hawaii | 1. **Plaintiff conferred a benefit upon the defendant; and** 2. **The retention of the benefit was unjust.** *Television Events & Marketing, Inc. v. Amcon Distributing Co.*, 488 F. Supp. 2d 1071, 1078 (D. Haw. 2006). | **Equitable remedy.** *Small v. Badenhop*, 67 Haw. 626, 635-36, 701 P.2d 647, 654-55 (Haw. 1985). | **6 years, although court is not bound by the statute of limitations.** *Small v. Badenhop*, 701 P.2d 647, 657 (Haw. 1985). | **No requirement.** | **No requirement.** | **No requirement.** | **Yes.** *In re THC Financial Corp.*, 686 F.2d 799, 804 (9th Cir. 1982). | **Unclear whether issue has been addressed in Hawaii.** |
| Idaho | 1. **"[T]here was a benefit conferred upon the defendant by the plaintiff;** 2. **appreciation by the defendant of such benefit; and** 3. **acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof."** *Vanderford Co., Inc. v. Knudson,* | **Equitable remedy.** *Mannos v. Moss*, 143 Idaho 927, 935, 155 P.3d 1166, 1173 (Idaho 2007). | **4 years.** *Templeton Patents, Limited v. J.R. Simplot Co.*, 336 F.2d 261, 264 (Idaho 1964). | **No requirement.** | **"For an injustice [supporting a claim of unjust enrichment to be found under Oregon law], one of three things must be true: (1) plaintiff had a reasonable expectation of payment; (2) defendant should** | **Claim requires appreciation by defendant of such benefit.** *Vanderford Co., Inc. v. Knudson*, 144 Idaho 547, 558, 165 P.3d 261, 272 (Idaho 2007). | **Yes.** *Mannos v. Moss*, 155 P.3d 1166, 1173 (Idaho 2007). | **"[M]easure of damages is not necessarily the value of the money, labor and materials provided by the plaintiff to the defendant, but the amount of benefit the defendant** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | 144 Idaho 547, 558, 165 P.3d 261, 272 (Idaho 2007). | | | | **reasonably have expected to pay; or (3) society's reasonable expectations of security of person and property would be defeated by nonpayment."** *In re McBride,* 348 B.R. 539, 544 (Bankr. D. Idaho 2004). | | | **received which would be unjust for the defendant to retain."** *Toews v. Funk,* 129 Idaho 316, 322, 924 P.2d 217, 223 (Idaho Ct. App. 1994). |
| Illinois | **"A defendant is unjustly enriched when he retains a benefit to plaintiff's detriment and defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience."** *Decaro v. M. Felix, Inc.,* 371 Ill. App. 3d 1103, 1109, 864 N.E.2d 890, 897 (2007). | **Action at law.** *Sundance Homes, Inc. v. County of DuPage,* 195 Ill. 2d 257, 271, 746 N.E. 2d 254, 263 (2001); *Partipilo v. Hallman,* 156 Ill. App. 3d 806, 809-10, 510 N.E.2d 8, 10-11 (1987). | **5 years.** *Fredrickson v. Blumenthal,* 271 Ill. App. 3d 738, 742, 648 N.E.2d 1060, 1063 (Ill. App. Dist. 1995). **Doctrine of laches does not apply because unjust enrichment is an action at law.** | **Plaintiff must show retention of benefit caused detriment.** *B&B Land Acquisition, Inc. v. Mandell,* 305 Ill. App. 3d 1068, 1073, 714 N.E.2d 58, 63 (Ill. App. Ct. 1999). | **Some type of wrongful conduct must be shown to support unjust enrichment claim under Illinois law.** *In re Murray,* 276 B.R. 869, 878 (Bankr. N.D. Ill. 2002). *See also Savoree v. Industrial Contracting & Erecting, Inc.*, 789 N.E.2d | **No requirement.** | **Yes.** *Bucciarelli-Tieger v. Victory Records, Inc.*, 488 F. Supp. 2d 702, 713 (N.D. Ill. 2007). | **"[M]easure of recovery is the reasonable value of work and material provided, whereas in an unjust enrichment action, the inquiry focuses on the benefit received and retained as a result of the improvement provided by the contractor."** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | | | *Partipilo v. Hallman,* 156 Ill. App. 3d 806, 811, 510 N.E.2d 8, 12 (1987). | | 1013, 1020 (Ind. Ct. App. 2003) ("The pivotal concept of 'unjust enrichment' is the occurrence of a wrong or something unjust. As harsh as the result may be, there is simply no evidence that the [defendants] were wrongfully enriched – with emphasis on 'wrongfully' – at the expense of [plaintiff]. Absent a wrong, intervention by equity is inappropriate." (cleaned up).) | | | *Hayes Mechanical, Inc. v. First Indus., L.P.,* 351 Ill. App. 3d 1, 9 (2004), 812 N.E.2d 419, 426 (Ill. App. Dist. 2004). (cleaned up) |
| Indiana | **A measurable benefit has been conferred on defendant under circumstances such that defendant's** | **Equitable remedy.** *Savoree v. Industrial Contracting & Erecting, Inc.,* 789 | **2 years.** *Knutson v. UGS,* 2007 U.S. Dist. LEXIS 52876, at *17-18 | **No requirement.** | **"The pivotal concept of 'unjust enrichment' is the occurrence of a wrong or** | **No requirement.** | **Yes.** *King v. Terry*, 805 N.E.2d 397, 400 (Ind. Ct. App. 2004) (existence of an express contract | **The measure of recovery is the fair value of the work and services conferred** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **retention of the benefit without payment would be unjust.** *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991). | N.E.2d 1013, 1019-20 (Ind. App. 2003). | (S.D. Ind. July 19, 2007). | | **something unjust.”** *State Dept. of Natural Resources v. CCI LLC*, 860 N.E.2d 651, 653 (Ind. Ct. App. 2007). | | precludes application of unjust enrichment because a contract provides a remedy at law and “a plaintiff may not pursue an equitable remedy when there is a remedy at law.”). | **upon the defendant.** *Wright v. Pennamped*, 657 N.E.2d 1223, 1229-30 (Ind. Ct. App. 1995). |
| Iowa | **1. Plaintiff must have conferred a benefit upon defendant to plaintiff's own detriment;** **2. Defendant had an appreciation of receiving the benefit;** **3. Defendant accepted and retained the benefit under circumstances making it inequitable for there to be no return payment for its value; and** **4. There is no at-law remedy that can appropriately address the claim.** | **“Although [unjust enrichment] is referred to as a quasi-contract theory, it is equitable in nature, not contractual.”** *State, Dep't of Human Servs. ex rel. Palmer v. Unisys Corp.*, 637 | **5 years.** *Dolezal v. City of Cedar Rapids*, 326 N.W.2d 355, 360 (Iowa 1982). | **Critical that plaintiff show some detriment.** *State, Dep't of Human Servs. ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 155 (Iowa 2001) (Recovery based on unjust enrichment does not require that the benefits be conferred directly by the plaintiff; rather, | **No requirement of “any underlying wrongful conduct.”** *Farmers Co-op Ass'n v. Cooper*, 720 N.W.2d 192, 2006 WL 1231663, at *3 (Iowa Ct. App. Apr. 26, 2006). | **Defendant must appreciate benefit.** *Iowa Waste Systems, Inc. v. Buchanan County*, 617 N.W.2d 23, 30 (Iowa. App. 2000). | **Yes.** *Brinkmann v. St. Paul Fire & Marine Ins. Co.*, 2006 Iowa App. LEXIS 642, at *7-8 (Iowa Ct. App. June 28, 2006). | **Measure of damages is the profits obtained by defendants as a result of the defendant's taking of benefit.** *Pioneer Hi-Bred Intern., v. Holden Foundation Seeds, Inc.*, 35 F.3d 1226, 1243-45 (S.D. Iowa 1991). |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | *Iowa Waste Systems, Inc. v. Buchanan County,* 617 N.W.2d 23, 30 (Iowa Ct. App. 2000). | N.W.2d 142, 154 (Iowa 2001). | | benefits can be direct or indirect and can involve benefits conferred by third parties, and the critical injury is whether the benefit is received at the expense of the plaintiff.). | | | | |
| Kansas | **1. Benefit conferred;** **2. An appreciation or knowledge of the benefit by the one receiving the benefit; and** **3. The acceptance or retention of the benefit under such circumstances as to make it inequitable to retain the benefit without payment of its value.** *In re Estate of Sauder,* 283 Kan. 694, 719, 156 P.3d 1204, 1220 (Kan. 2007). | **Unjust enrichment /quantum meruit is equitable doctrine.** *Haz-Mat Response, Inc. v. Certified Waste Services Ltd.,* 259 Kan. 166, 176, 910 P.2d 839, 846 (Kan. 1996). | **3 years.** *Great Plains Trust Co. v. Union Pacific R. Co.,* 492 F.3d 986, 994 (8th Cir. 2007). | **No requirement.** | **No requirement.** | **Appreciation or knowledge of defendant required.** *T.R. Inc. of Ashland v. Brandon,* 32 Kan. App. 2d 649, 655, 87 P.3d 331, 336 (Kan. Ct. App. 2004). | **Yes.** *Paul Davis Restoration of Lawrence v. Raney Properties, L.P.,* 2007 WL 1309807, at *2 (Kan. Ct. App. 2007). | **The measure of damages is the fair value of the benefit conferred upon the defendant.** *Beck v. Northern Natural Gas Co.,* 170 F.3d 1018, 1024 (10th Cir. 1999). |
| Kentucky | **1. Benefit conferred upon defendant at plaintiff's expense;** | **Equitable remedy.** | **The issue has not been addressed.** | **On a claim of unjust enrichment,** | **There must be some inequitable** | **Defendant must** | **Yes.** *Guarantee Elec. Co. v. Big* | **The plaintiff is entitled to the full value** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **2. Resulting appreciation of benefit by defendant; and**<br>**3. Inequitable retention of benefit without payment for its value.**<br>*Marcus & Millichap Real Estate Inv. Brokerage Co. v. Skeeters*, 395 F. Supp. 2d 541, 557 (W.D. Ky. 2005). | *Brock v. Pilot Corp.*, 234 S.W.3d 381, 384 (Ky. Ct. App. 2001). | | **claimant must not only show that the other tarty has received benefit but that it has been at claimant's expense.** *Bogan v. Finn*, 298 S.W.2d 311, 313-14 (Ky. 1957). | **conduct or wrong, rising above a perceived violation of moral duty.** *Kentucky Laborers Dist. Council Health & Welfare Trust Fund v. Hill & Knowlton, Inc.*, 24 F. Supp. 2d 755, 775 (W.D. Ky. 1998); *Tractor & Farm Supply, Inc. v. Ford New Holland, Inc.*, 898 F. Supp. 1198, 1206 (W.D. Ky. 1995). | **appreciate benefit.** *Tractor & Farm Supply, Inc. v. Ford New Holland, Inc.*, 898 F. Supp. 1198, 1206 (W.D. Ky. 1995). | *River Elec. Corp.*, 669 F. Supp. 1371, 1379-80 (W.D. Ky 1987); *Codell Const. Co. v. Comm.*, 566 S.W.2d 161, 165 (Ky. Ct. App. 1977). | **of the benefit conferred on the defendant.** *Cheatham v. Paisano Publ'ns, Inc.*, 891 F. Supp. 381, 387 n.7 (W.D. Ky. 1995); *Emerson v. Emerson*, 709 S.W.2d 853, 855-56 (Ky. Ct. App. 1986). |
| Louisiana | **1. An enrichment of the defendant;**<br>**2. An impoverishment of the plaintiff;**<br>**3. Causation between the enrichment and the impoverishment;**<br>**4. An absence of justification or cause for either the enrichment or the** | **Equitable remedy.** *Jackson v. Capital City Family Health Center*, 928 So. 2d 129, 132 (La. Ct. App. 2005). | **10-year prescriptive statue.** *Cavaness v. State Dept. of Transp. & Development*, 846 So. 2d 866, 870 (La. | **Must show impoverishment.** *Moroux v. Toce*, 943 So. 2d 1263, 1273 (La. Ct. App. 2005). | **Plaintiff must show an absence of justification of either the enrichment or impoverishment.** *Bieber-Guillory v. Aswell*, 723 | **No knowledge requirement.** | **No. However, a plaintiff can recover in unjust enrichment only if there is no other practical remedy available by** | **The measure of damages is value of the benefit conferred on the defendant.** *Gray v. McCormick*, 663 So. 2d |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **impoverishment; and**<br>5. **No other remedy available at law.**<br>*Moroux v. Toce,* 943 So. 2d 1263, 1273 (La. Ct. App. 2005). | | Ct. App. 2003). | | So. 2d 1145, 1150 (La. Ct. App. 1998). | | **which the impoverishment might be or might have been avoided.** *Carter v. Flanagan,* 455 So. 2d 689, 692 (La. Ct. App. 1984). | 480, 489 (La. Ct. App. 1995). |
| Maryland | 1. **A benefit conferred upon the defendant by the plaintiff;'**<br>2. **An appreciation or knowledge by the defendant of the benefit; and**<br>3. **The acceptance or retention of the benefit is inequitable.**<br>*Berry & Gould, P.A. v. Berry,* 360 Md. 142, 151, 757 A.2d 108, 113 (Md. 2000); *Mona v. Mona Elec. Group, Inc.,* 176 Md. App. 672, 712-13, 934 A.2d 450, 473-74 (Md. Ct. Spec. App. 2007). | **Equity.** *Mona v. Mona Elec. Group, Inc.,* 176 Md. App. 672, 712-13, 934 A.2d 450, 473-74 (Md. Ct. Spec. App. 2007). | **3 years** Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Ver Brycke v. Ver Brycke,* 379 Md. 669, 688, 843 A.2d 758, 769 (Md. 2004). | **Benefit was conferred from the plaintiff.** *Berry & Gould, P.A. v. Berry,* 360 Md. 142, 151, 757 A.2d 108, 113 (Md. 2000). | **Wrongful conduct not required.** *Bank of Am. Corp. v. Gibbons,* 173 Md. App. 261, 279, 918 A.2d 565, 575 (Md. Ct. Spec. App. 2007). **But some courts will find the unjust enrichment claim is not valid where the benefit has officiously been thrust upon the defendant.** *Everhart v. Miles,* 47 Md. | **Knowledge and/or appreciation required.** *Mona v. Mona Elec. Group,·Inc.,* 176 Md. App. 672, 712-13, 934 A.2d 450, 473-74 (Md. Ct. Spec. App. 2007). | **Yes.** *Mass Transit Admin. v. Granite Constr. Co.,* 57 Md. App. 766, 775-76, 471 A.2d 1121, 1126 (Md. Ct. Spec. App. 1984). | **The measure of the recovery is the gain to the defendant, not the loss by the plaintiff.** *Mass Transit Admin. v. Granite Constr. Co.,* 57 Md. App. 766, 775, 471 A.2d 1121, 1126 (Md. Ct. Spec. App. 1984). |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | | | | | App. 131, 136, 422 A.2d 28, 31 (Md. Ct. Spec. App. 1980). | | | |
| Massachusetts | 1. **Benefit;** 2. **Of which defendant was aware; and** 3. **That was accepted in circumstances in which failure to pay would be inequitable.** *APG, Inc. v. MCI Telecomm. Corp.*, 436 F.3d 294, 305 (1st Cir. 2006); *Brandt v. Wand Partners,* 242 F.3d 6, 16 (1st Cir. 2001). | **Equity.** *Jelmoli Holding, Inc. v. Ramond James Fin. Servs., Inc.*, 470 F.3d 14, 17 n.2 (1st Cir. 2006). | **6 years.** Mass. Gen. Laws Ann. ch. 260 §2; *Spears v. Miller,* 2006 Mass. App. Div. 151, 151 (Mass. App. Div. 2006). | **The benefit incurred by defendant is at the plaintiff's expense.** *Salamon v. Terra*, 394 Mass. 857, 859, 477 N.E.2d 1029, 1031 (1985) (quoting Restatement of Restitution § 1 (1937)). | **"[U]njust enrichment does not always require finding of wrongdoing by the defendant."** *Brandt v. Wand Partners*, 242 F.3d 6, 16 (1st Cir. 2001). | **Defendant's knowledge of his receipt of the benefit is required**. *APG, Inc. v. MCI Telecomm. Corp.*, 436 F.3d 294, 305 (1st Cir. 2006). | **Yes.** *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 130 (1st Cir. 2006). | **The measure of the recovery is the "amount derived from the wrongdoing."** *Demoulas v. Demoulas Super Markets, Inc.,*424 Mass. 501, 558, 677 N.E.2d 159, 196 (1997). **The proper measure is the reasonable value or services provided.** *Incase Inc. v. Timex Corp.*, 488 F.3d 46, 54 (1st Cir. 2007). |
| Michigan | 1. Receipt of benefit by | Equity. *Morris Pumps*, 729 | 6 years. *AFT Michigan v. Michigan*, 846 | Enrichment must be at another party's | "One is not unjustly enriched … by | Knowledge is not required. | Yes. *Liggett Rest. Group Inc. v. City of* | Restitution – "Unjust enrichment, by |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | defendant from plaintiff; and<br>2. Inequity resulting to plaintiff from retention of the benefit by defendant.<br><br>*Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (Mich. Ct. App. 2006) | N.W.2d at 903. | N.W.2d 583, 589 (Mich. Ct. App. 2014) (unjust enrichment is “the equitable counterpart of a legal claim for breach of contract”); *Taxpayer Allied for Constitutional Taxation v. Wayne County*, 537 N.W.2d 596 n.9 (Mich. 1995) (statutes of limitation may apply by analogy to equitable claims); Mich. Comp. Laws Ann. § 600.5807 (breach of contract statute of limitations is 6 years). | expense. *Morris Pumps*, 729 N.W.2d at 904. | retaining benefits involuntarily acquired which law and equity give him absolutely without any obligation on his part to make restitution.” *Tkachik v. Mandeville*, 790 N.W.2d 260, 266 (Mich. 2010) (quoting *Buell v. Orin State Bank*, 41 N.W.2d 472, 478 (Mich. 1950)). | *Franklin Bank, N.A. v. Zero Plus Advantage*, 2001 WL 682228, at *7 (Mich. Ct. App. Apr. 20, 2001) (noting that a “showing of knowledge or bad faith is not an element of unjust enrichment”). | *Pontiac*, 676 N.W.2d 633, 639 (Mich. Ct. App. 2005). | contrast, doesn't seek to compensate for an injury but to correct against one party's retention of a benefit at another's expense. And the correction, or remedy, is therefore not compensatory damages, but restitution. Restitution restores a party who yielded excessive and unjust benefits to his or her rightful position.” *Wright v. Genesee County*, 934 N.W.2d 805, 810 (Mich. 2019). |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| Minnesota | **1. Another party knowingly received something of value to which he was not entitled; and**<br>**2. The circumstances are such that it would be unjust for that person to retain the benefit.**<br>*Mon-Ray, Inc. v. Granite Inc.*, 677 N.W.2d 434, 440 (Minn. Ct. App. 2004). | **Equity.** *Stein v. O'Brien*, 565 N.W.2d 472, 474 (Minn. Ct. App. 1997). | **6 years.** Minn. Stat. Ann. § 541.05 (2024). | **The defendant's gain must be at the plaintiff's expense (injury to plaintiff).** *Nicollet Restoration, Inc. v. Metro. Transit Comm'n*, 1995 Minn. App. LEXIS 1275, at *2 (Minn. Ct. App. 1995). | **A claimant must also show that "a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully."** *Custom Design Studio v. Chloe, Inc.*, 584 N.W.2d 430, 433 (Minn. Ct. App. 1998). | **Knowledge required.** *Mon-Ray, Inc. v. Granite Inc.*, 677 N.W.2d 434, 440 (Minn. Ct. App. 2004). | **Yes.** *Stein v. O'Brien*, 565 N.W.2d 472, 474-75 (Minn. Ct. App. 1997). | **Damages are measured by the amount that the defendant ("person enriched") has received and "not what the opposing party has lost."** *Georgopolis v. George*, 237 Minn. 176, 185, 54 N.W.2d 137, 142 (Minn. 1952). |
| Mississippi | **1. There is no legal contract; and**<br>**2. The person sought to be charged is in possession of money or property that in good conscience and justice he should not retain, but should deliver to another.**<br>*Franklin v. Franklin*, 858 So. 2d 110, 121 (Miss. 2003). | **Equity.** *Union Nat'l Life Ins. Co. v. Crosby*, 870 So. 2d 1175, 1180 (Miss. 2004). | **3 years.** Miss. Code Ann.§ 15-1-49; *Johnson v. Kansas City Southern*, 208 F. App'x 292, 296 (5th Cir. 2006). | **Must be at the expense of the plaintiff.** *Fourth Davis Island Land Co. v. Parker*, 469 So. 2d 516, 524 (Miss. 1985). | **Undecided.** | **Defendant must appreciate the fact that he received the benefit.** *Franklin v. Franklin*, 858 So. 2d 110, 120 (Miss. 2003). | **Yes.** *Johnston v. Palmer*, 963 So. 2d 586, 596 (Miss. Ct. App. 2007); *Franklin v. Franklin*, 858 So. 2d 110, 121 (Miss. 2003). | **"The measure of recovery is a distinction between quantum meruit and unjust enrichment. Recovery in quantum meruit is measured by the** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | **reasonable value of materials or services rendered, whereas recovery in unjust enrichment is that to which the claimant is equitably entitled."** *Estate of Johnson v. Adkins*, 513 So. 2d 922, 926 (Miss. 1987). |
| Missouri | **1. A benefit conferred by one party on another;**<br>**2. appreciation by the receiving party of the fact that what was conferred was a benefit; and**<br>**3. Acceptance and retention of the benefit that would render that retention inequitable.**<br>*Cridlebaugh v. Putnam County State Bank of* | **Equity.** *Petrie v. LeVan*, 799 S.W.2d 632, 635 (Mo. Ct. App. 1990). | **5 years.** Mo. Ann. Stat. § 516.120 | **The benefit conferred upon the defendant was originally a benefit of the plaintiff.** *Cridlebaugh v. Putnam County State Bank of Milan*, I92 S.W.3d 540, 543 (Mo. Ct. App. 2006); *Childress* | **"Mere receipt of benefits is not enough to prevail in a claim of unjust enrichment when there is no showing that it would be unjust for a party to retain the benefit received."** | **Plaintiff must show that the defendant appreciated the fact that the defendant received the benefit.** *Cridlebaugh v. Putnam County State Bank of* | **Yes.** *Cridlebaugh v. Putnam County State Bank of Milan*, 192 S.W.3d 540, 543-44 (Mo. Ct. App. 2006). | **The measure of recovery is based on what the plaintiff has paid.** *Int'l Paper Co. v. Futhey*, 788 S.W.2d 303, 305-06 (Mo. Ct. App. 1990). |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | *Milan,* 192 S.W.3d 540, 543 (Mo. Ct. App. 2006). | | | *Painting and Assocs., Inc. v. John Q. Hammons Hotels Two, L.P.,* 106 S.W.3d 558, 562 (Mo. Ct. App. 2006). | *Am. Standard Ins. Co. of Wisconsin. v. Bracht,* 103 S.W.3d 281, 292 (Mo. Ct. App. 2006). | *Milan,* 192 S.W.3d 540, 543 (Mo. Ct. App. 2006). **However: a person that voluntarily pays money with full knowledge of the facts will not be able to recover.** *Hertz Corp. v. Raks Hospitality, Inc.,* 196 S.W.3d 536, 544 (Mo. Ct. App. 2006). | | |
| Nebraska | **1. The defendant received money;**<br>**2. The defendant retained the possession of the money; and**<br>**3. The defendant in justice and fairness ought to pay the money to the plaintiff.**<br>*Kanne v. Visa U.S.A., Inc.,* 272 Neb. 489, 501, 723 | **Equity.**<br>*Schmeckpeper v. Koertje,* 222 Neb. 800, 803, 388 N.W.2d 51, 53 (Neb. 1986). | **4 years.**<br>Neb. Rev. Stat. § 25-206 (2025). | **Undecided.** | **"[T]he element of fraud or tortious conduct on the part of a defendant is not necessary in an action for unjust enrichment."** | **The "most significant element of the doctrine of unjust enrichment is whether the enrichment of the defendant is unjust.** | **Yes.**<br>*Kisicki v. Mid-Am. Fin. Inv. Corp.,* No. A-01-708, 2002 Neb. App. LEXIS 297, at, *18;<br>*Washa v. Miller,* 249 Neb. 941, 546 N.W.2d | **Reasonable value of the benefits retained.**<br>*In re Estate of Kreuger,* 235 Neb. 518, 523, 455 N.W.2d 809, 813 (Neb. 1990). |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | N.W.2d 293, 302 (Neb. 2006). | | | | *Kisicki v. Mid-Am. Fin. Inv. Corp.*, No. A-01-708, 2002 Neb. App. LEXIS 297, at *16. | **Although unjust enrichment may arise from fraud or several other predicates, the element of fraud or tortious conduct on the part of a defendant is not necessary in an action of unjust enrichment.**"<br><br>*Kisicki v. Mid-Am. Fin. Inv. Corp.*, No. A-01-708, 2002 Neb. App. LEXIS 297, at *16, 2002 WL 31654460 (Neb. Ct. App., Nov. 26, 2002). | 813, 819 (1996) (noting that "[t]he doctrine does not operate to rescue a party from the consequences of a bad bargain"). | |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| Nevada | **1. The unjust retention of a benefit to the loss of another; or**<br><br>**2. The retention of money or property of another against the fundamental principles of justice or equity and good conscience.**<br>*Nev. Indus. Dev., Inc. v. Benedetti,* 103 Nev. 360, 363, 741 P.2d 802, 804 n.2 (Nev. 1987) (per curiam). | **Equity.**<br><br>*MacDonald v. Krause,* 77 Nev. 312, 318, 362 P.2d 724, 727 (Nev. 1961). | **Not clear.** | **No requirement that the plaintiff is injured; instead, a plaintiff must only show that the defendant has been enriched.**<br><br>*Topaz Mut. Co., Inc. v. Marsh,* 108 Nev. 845, 856, 839 P.2d 606, 613 (Nev. 1992). | **Not required.**<br><br>*Topaz Mut. Co., Inc. v. Marsh,* 108 Nev. 845, 856, 839 P.2d 606, 613 (Nev. 1992). | **This court has observed that the essential elements of unjust enrichment "are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit."**<br><br>*Topaz Mut. Co., Inc. v. Marsh,* 108 Nev. 845, 856, 839 P.2d 600, | **Yes.**<br><br>*Ewing v. Sargent,* 87 Nev. 74, 80, 482 P.2d 819, 823 (Nev. 1971). | **The proper measure of damages under a quantum meruit theory of recovery is the reasonable value of the services.**<br><br>*Morrow v. Barger,* 103 Nev. 247, 252, 737 P.2d 1153, 1156 (Nev. 1987). |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | | | | | | 613 (Nev. 1992). | | |
| New Hampshire | **1. The defendant has received a benefit; and**<br>**2. It would be unconscionable for the defendant to retain that benefit.**<br><br>*Nat'l Emp. Serv. Corp. v. Olsten Staffing Serv., Inc.*, 145 N.H. 158, 163, 761 A.2d 401, 406 (N.H. 2000). | **Equity.**<br><br>*Nat'l Emp. Serv. Corp. v. Olsten Staffing Serv., Inc.*, 145 N.H. 158, 163, 761 A.2d 401, 406 (N.H. 2000). | **3 years.**<br><br>N.H. Rev. Stat. Ann. § 508:4 (2025); *A&B Lumber Co., LLC v. Vrusho*, 151 N.H. 754, 756-57, 871 A.2d 64, 66-7 (N.H. 2005). | **Injury to plaintiff is not required.**<br><br>*Nat'l Emp. Serv. Corp. v. Olsten Staffing Serv., Inc.*, 145 N.H. 158, 163, 761 A.2d 401, 406 (N.H. 2000). | **To entitle one to restitution, "it must be shown that there was unjust enrichment either through wrongful acts or passive acceptance of a benefit that would be unconscionable to retain."**<br><br>*Kowalski v. Cedars of Portsmouth Condo. Ass'n*, 146 N.H. 130, 133, 769 A.2d 344, 347 (N.H., 2001) (citing *Cohen v. Frank Developers, Inc.*, 118 N.H. 512, 518, 389 A.2d 933 (1978)). | **The defendant may even "passively accept" the benefit.**<br><br>*Petrie-Clemons v. Butterfield*, 122 N.H. 120, 127, 441 A.2d 1167, 1172 (N.H. 1982). | **Yes.**<br><br>*Streeter v. Sumner*, 19 N.H. 516, 518-19 (N.H. 1849). | **When a court assesses damages in unjust enrichment, the focus is not on the cost to the plaintiff, but rather on the value of what was actually received by the defendant.**<br><br>*Iacomini v. Liberty Mut. Ins. Co.*, 127 N.H. 73, 78, 497 A.2d 854, 858 (N.H. 1985). |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| New Jersey | **1. Defendant received a benefit; and** **2. Retention of that benefit without payment would be unjust.** *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554, 641 A.2d 519, 526 (N.J. 1994). | **Equity**. *Slocum v. Borough of Belmar*, 233 N.J. Super. 437, 440, 559 A.2d 17, 18 (N.J. Super. Ct. App. Div. 1989). | **6 years**. N.J. Stat. Ann. § 2A:14-1. | **The Plaintiff must also "show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of renumeration enriched defendant beyond its contractual rights."** *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554, 641 A.2d 519, 526 (N.J. 1994). | **Misconduct is not required (can be passive).** *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554, 641 A.2d 519, 526 (N.J. 1994). | **Undecided.** | **Yes.** *Winslow v. Corporate Express, Inc.*, 364 N.J. Super. 128, 143, 834 A.2d 1037, 1046 (N.J. Super. Ct. App. Div. 2003). **However, "[i]t has been said that quasi-contract liability should not be imposed if an express contract exists concerning the identical subject matter. No doubt, there are exceptions to this rule. Because a quasi-contract rests on the equitable principle that a person should not be allowed to enrich himself** | **The measure of damages what the goods, services, or other benefits conferred on defendant are reasonably worth.** *Shapiro v. Solomon*, 42 N.J. Super. 377, 384 -85, 126 A.2d 654, 658-59 (N.J. Super. Ct. App. Div. 1956). **Restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law.** *Nat'l Amusements, Inc. v. N.J. Tpk. Auth..*, 261 N.J. |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | **unjustly at the expense of another, it is sometimes imposed even against a clear expression of dissent. However, generally, the parties are bound by their agreement, and there is no ground for imposing an additional obligation where there is a valid unrescinded contract that governs their rights.”** *Shalita v. Township of Wash.*, 270 N.J. Super. 84 90-91, 636 A.2d 568, 571 (N.J. Super. Ct. App. Div. 1994). | Super. 468, 478, 619 A.2d 262, 267 (1992). |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| New Mexico | **To prevail on a claim for unjust enrichment, "one must show that: (1) another has been knowingly benefited at one's expense; (2) in a manner such that allowance of the other to retain the benefit would be unjust."** *Credit Inst. v. Veterinary Nutrition Corp.* 2003-NMCA-010, ¶ 1, 133 N.M. 248, 253, 62 P.3d 339, 344 (N.M. Ct. App. 2002). | **Equity.** *Romero v. Bank of the Southwest,* 2003-NMCA-124, 135 N.M. 1, 9, 83 P.3d 288, 296 (N.M. Ct. App. 2003). | **4 years.** N.M. Stat. Ann.§ 37-1-4. | **The benefit must be found to be at another party's expense.** *Romero v. Bank of the Southwest,* 2003-NMCA-124, 135 N.M. 1, 9, 83 P.3d 288, 296 (N.M. Ct. App. 2003). | **Undecided.** | **"Unjust enrichment exists when one party knowingly benefits at another's expense and allowing that party to retain the benefit would be unjust."** *Romero v. Bank of the Southwest,* 2003-NMCA-124, 135 N.M. 1, 9, 83 P.3d 288, 296 (N.M. Ct. App. 2003). | **Yes.** *Ontiveros Insulation Co., Inc. v. Sanchez*, 129 N.M. 200, 3 P.3d 695, 699 (N.M. 2000) ("This quasi-contractual obligation is created by the courts for reasons of justice and equity, notwithstanding the lack of any contractual relationship between the parties."). | **The amount of money paid by the plaintiff.** *Romero v. Bank of the Southwest,* 2003-NMCA-124, 135 N.M. 1, 9, 83 P.3d 288, 296 (N.M. Ct. App. 2003). |
| New York | **1. Performance of services in good faith;**<br>**2. The acceptance of the services by the person to whom they are rendered;**<br>**3. An expectation of compensation therefore; and** | **Equity.** *Haberman v. Singer*, 3 A.D.3d 188, 191-92, 771 N.Y.S. 2d 505, 507-08 (N.Y. App. Div. 2004). | **6 years.** N.Y. Stat. Law § 213 (McKinney 2025). | **Courts look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with** | **Undecided.** | **Not required.** *Paramount Film Distrib. Corp. v. State,* 30 N.Y.2d 415, 421, 285 N.E. 2d 695, | **Yes.** *Vitale v. Steinberg*, 307 A.D.2d 107, 111, 764 N.Y.S.2d 236, 239 (N.Y. App. Div. 2003). | **The measure of recovery is the reasonable value of the services rendered.** *Iwon, Inc. v. Ourhouse,* |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **4. Plaintiff must establish the reasonable value of the services.**<br><br>*Iwon, Inc. v. Ourhouse, Inc.*, 192 Misc. 2d 1, 5, 744 N.Y.S.2d 791, 794 (N.Y. Sup. Ct. 2001). | | | **the defendant, if there has been otherwise a change of position by defendant and whether the defendant's conduct was tortious or fraudulent.** *Paramount Film Distrib. Corp. v. State*, 30 N.Y.2d 415, 421, 285 N.E. 2d 695, 698, 334 N.Y.S.2d 388 (N.Y. 1972). | | 698, 334 N.Y.S.2d 388 (N.Y. 1972). | | *Inc.*,192 Misc. 2d 1, 5, 744 N.Y.S.2d 791, 794 (N.Y. Sup. Ct. 2001); *Mauro v. Orville*, 660 N.Y.S.2d 662 (N.Y. Sup. Ct. 1997). |
| North Carolina | **1. Party must have conferred a benefit on the other party;**<br>**2. The benefit must not have been conferred officiously; and**<br>**3. The benefit must not be gratuitous and it must be measurable.**<br><br>*Progressive Am. Ins. Co. v. State Farm Mut. Auto Ins. Co.*, 184 N.C. App. 688, 695-96, | **Equity.**<br><br>*McCoy v. Peach*, 40 N.C. App. 6, 8, 251 S.E.2d 881, 883 (N.C. Ct. App. 1979). | **3 years.** *Joyce v. Joyce*, 2004 N.C. App. LEXIS 2119, at *9-10 (N.C. Ct. App. June 16, 2004). | **No injury requirement. It is only required that plaintiff show that defendant was enriched.** *Progressive Am. Ins. Co. v. State Farm Mut. Auto Ins. Co.*, 184 N.C. App. 688, 695-96, 647 S.E.2d 111, 116 | **"One is not unjustly enriched where the benefit has been conferred by a 'volunteer' or an intermeddler and where the benefit is not easily returnable and the recipient has not been** | **The defendant must have "consciously accepted the benefit."** *Progressive Am. Ins. Co. v. State Farm Mut. Auto Ins. Co.*, 184 N.C. App. | **Yes.** *Pritchett & Burch, PLLC v. Boyd*, 169 N. C. App. 118, 124, 609 S.E.2d 439, 443 (N.C. Ct. App. 2005). | **Quantum meruit is a measure of recovery for the reasonable value of services rendered in order to prevent unjust enrichment.** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | 647, S.E.2d 111, 116 (N.C. Ct. App. 2007). | | | (N.C. Ct. App. 2007). | **afforded the opportunity of rejection.”** *McCoy v. Peach*, 40 N.C. App. 6, 8, 251 S.E.2d 881, 883 (N.C. Ct. App. 1979). | 688, 695-96, 647 S.E.2d 111, 116 (N.C. Ct. App. 2007). | | *Pritchett & Burch, PLLC v. Boyd*, 169 N. C. App. 118, 124, 609 S.E.2d 439, 443 (N.C. Ct. App. 2005). |
| Ohio | **1. A benefit conferred by a plaintiff upon a defendant;** **2. Knowledge by the defendant of the benefit; and** **3. Retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.** *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183, 465 N.E.2 1298, 1302 (Ohio 1984); *Maverick Oil & Gas, Inc. v. Barberton City Sch. Dist. Bd of Educ.*, 171 Ohio App. 3d 605, 615, 2007-Ohio-1682, 872 N.E.2d 322, 330, at | **Equity.** *Chesnut v. Progressive Cas. Inc. Co.*, 166 Ohio App. 3d 299, 308-09, 2006-Ohio-2080, 850 N.E.2d 751, 758-59, at ¶¶ 29-30 (Ohio Ct. App. 2006). | **6 years. Delayed discovery rule does not apply.** Ohio Rev. Code Ann. § 2305.07 (2005); *Drozeck v. Lawyers Title Ins. Corp.*, 140 Ohio App. 3d 816, 823, 749 N.E.2d 775, 780 (Ohio Ct. App. 2000); *Hambleton v. R. G. Barry Corp.*, 12 Ohio St. 3d 179, 182, 465 N.E.2d 1298, 1301 (Ohio | **Injury to plaintiff not necessary: “the purpose of such claims is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant.”** *Johnson v. Microsoft Corp.*, 106 Ohio St. 3d 278, 286, 2005-Ohio-498, 834 N.E.2d 791, 799 at ¶ 23 (Ohio 2005). | **Enrichment alone will not suffice to invoke the remedial powers of a court of equity; plaintiff seeking the equitable remedies available under a claim of unjust enrichment must show a superior equity so that it would be unconscionable for the defendant to retain the benefit.** *Chesnut v. Progressive Cas. Inc.* | **Must show that the other party knew of the benefit.** *Maverick Oil & Gas, Inc. v. Barberton City Sch. Dist. Bd of Educ.*, 171 Ohio App. 3d 605, 615, 2007-Ohio-1682, 872 N.E.2d 322, 330, at ¶ 24 (Ohio Ct. App. 2007). | **Remedy of unjust enrichment not available where express contract.** *Chuparkoff v. Farmers Ins. of Columbus, Inc.* 2006-Ohio-3281, No. 22712, 2006 WL 1751219, at ¶ 42 (Ohio Ct. App. June 28, 2006). **“Absent fraud or illegality, a party to an express agreement may not bring a claim for unjust enrichment.”** | **Damages are determined in the amount that the defendant benefited.** *Nat'l City Bank v. Fleming*, 2 Ohio App. 3d 50, 58, 440 N.E.2d 590, 599 (Ohio Ct. App. 1981). |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | ¶ 24 (Ohio Ct. App. 2007). | | 1984); *Palm Beach Co. v. Dun & Bradstreet, Inc.*, 106 Ohio App. 3d 167, 175, 665 N.E.2d 718, 723 (Ohio Ct. App. 1995). | | *Co.*, 166 Ohio App. 3d 299, 308-09, 2006-Ohio-2080, 850 N.E.2d 751, 758-59, at ¶¶ 29-30 (Ohio Ct. App. 2006). | | *Donald Harris Law Firm v. Dwight-Killian*, 166 Ohio App. 3d 786, 790, 2006-Ohio-2347, 853 N.E.2d 364, 367, at ¶ 14 (Ohio Ct. App. 2006). | |
| Oklahoma | 1. **Expenditure by one person adds to the property of another or expenditure saves the other from expense or loss; and** 2. **Situation is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another.** *N.C. Corff P'ship, Ltd. v. OXY USA, Inc.*,1996 OK CIV APP 92, 929 P.2d 288, 295, 136 Oil & Gas Rep. 111 (Okla. Civ. App. 1996). | **Equity.** *N.C. Corff P'ship, Ltd. v. OXY USA, Inc.*,1996 OK CIV APP 92, 929 P.2d 288, 295, 136 Oil & Gas Rep. 111 (Okla. Civ. App. 1996). | **3 years. "The statute of limitations begins to run when plaintiff can first maintain an action to a successful conclusion."** *Chalfant v. Tubb*, 453 F. Supp. 2d 1308, 1321, 2006 Copr.L.Dec. ¶ 29, 261 (N.D. Okla. 2006). | **Injury to plaintiff not necessary: "there must be enrichment to another coupled with a resulting injustice."** *N.C. Corff P'ship, Ltd. v. OXY USA, Inc.*,1996 OK CIV APP 92, 929 P.2d 288, 295, 136 Oil & Gas Rep. 111 (Okla. Civ. App. 1996). | **Plaintiff need only show "enrichment to another coupled with a resulting injustice."** *Teel v. Public Serv. Co. of Okla.*, 1985 OK 112, 767 P.2d 391, 398 (Okla. 1985). | **Undecided.** | **Yes. "Where the plaintiff has an adequate remedy at law, the court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment."** *Harvell v. Goodyear Tire & Rubber Co.*, 2006 OK 24, ¶ 18, 164 P.3d 1028, 1035 (Okla. 2006). | **Restitution is the amount defendant is enriched.** *Harvell v. Goodyear Tire & Rubber Co.*, 2006 OK 24, ¶ 18, 164 P.3d 1028, 1035 (Okla. 2006). |
| Oregon | 1. **The plaintiff conferred a benefit on the defendant;** | **Equity.** *Speciality Risk* | **6 years; if limitations** | **Undecided.** | **"Without a legal obligation** | **Plaintiff must show** | **Yes. However, even where an** | **The measure of restitution** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **2. The defendant was aware that it had received a benefit, and**<br>**3. Under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it.**<br>*Winters v. County of Clatsop,* 210 Or. App. 417 421, 150 P.3d 1104, 1106 (Or. Ct. App. 2007); *Jaqua v. Nike, Inc.*, 125 Or. App. 294, 298, 865 P.2d 442, 445 (Or. Ct. App. 1993). | *Servs. V. Royal Indem. Co.,* 213 Or. App. 620, 625, 164 P.3d 300, 303 (Or. Ct. App. 2007). | **period "has run at the time the suit is filed, the burden shifts to defendants to prove the absence of laches."**<br>*Angelini v. Delaney*, 156 Or. App. 293 305, 966 P.2d 223, 230 (Or. Ct. App. 1998). | | **on the part of defendants to pay, the payment by plaintiffs did not 'benefit' defendants."**<br>*Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris Inc.*, 185 F.3d 957, 968, 1999-2 Trade Cases P 72,575, RICO Bus. Disp. Guide 9731 (9th Cir. 1999). | **that the defendant was aware that it had received a benefit.**<br>*Winters v. County of Clatsop,* 210 Or. App. 417 421, 150 P.3d 1104, 1106 (Or. Ct. App. 2007). | **express contract exists, if a purchaser was induced to purchase property by a vendor's fraud, he may elect either to sue on the contract or to declare rescission and sue for consideration already paid.**<br>*Lanners v. Whitney*, 247 Or. 223, 232, 428 P.2d 398, 402 (Or. 1967). | **for a benefit conferred on another is the value of the benefit to the recipient, not the expense to the party who confers it.**<br>*Hershiser v. USF&G Co.,* 276 Or. 815, 821, 556 P.2d 663, 665 (Or. 1976). |
| Pennsylvania | **1. Benefits conferred on defendant by plaintiff;**<br>**2. Appreciation of such benefits by defendant; and**<br>**3. Acceptance and retention of such benefits under such circumstances that it would** | **Equity.**<br>*Guy M. Cooper, Inc. v. East Penn Sch. Dist.*, 903 A.2d 608, 619 (Pa. Commw. Ct. 2006) | **4 years.**<br>42 PA. CONS. STAT. § 5525(a) (2025); *Sevast v. Kakouras,* 591 Pa. 44, 53, 915 A.2d 1147, 1153 (Pa. 2007). | **"A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an** | **"The mere fact that the defendant may have benefited from the plaintiff's action alone is insufficient to grant relief under the doctrine."** | **"The polestar of the unjust enrichment inquiry is whether the defendant has been unjustly enriched; the intent of** | **Yes.**<br>*Mitchell v. Moore*, 1999 PA Super 77, ¶ 7, 729 A.2d 1200, 1203 (Pa. Super. Ct. 1999). | **The measure of damages is the value of the benefits conferred; i.e., the defendant must make restitution to the plaintiff** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **be inequitable for defendant to retain the benefit without payment of value.**<br><br>*Limbach Co., LLC v. City of Phila.,* 905 A.2d 567, 575 (Pa. Commw. Ct. 2006). | | | **agreement, when one party receives unjust enrichment at the expense of another."**<br><br>*AmeriPro Search, Inc. v. Fleming Steel Co.,* 2001 PA Super 325, ¶ 10, 787 A.2d 988, 991 (Pa. Super. Ct. 2001). | **However, "[i]t must be shown that the defendant's enrichment is 'unjust.'"**<br><br>*Wilson Area Sch. Dist. V. Skepton,* 860 A.2d 625, 631, 193 Ed. Law Rep. 276 (Pa. Commw. Ct. 2004). | **the parties is irrelevant."**<br><br>*Limbach Co., LLC v. City of Phila.,* 905 A.2d 567, 577 (Pa. Commw. Ct. 2006). | | **in quantum meruit.**<br><br>*Styer v. Hugo,* 422 Pa. Super. 262, 268, 619 A.2d 347, 350 (Pa. Super. Ct. 1993). |
| Rhode Island | 1. **A benefit must be conferred upon the defendant by the plaintiff;**<br>2. **There must be appreciation by the defendant of such benefit; and**<br>3. **There must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof.** | **Equity.**<br><br>*Narragansett Elec. Co. v. Carbone,* 898 A.2d 87, 99 (R.I. 2006). | **10 years.**<br><br>R.I. Gen. Laws § 9-1-13; *Narragansett Elec. Co. v. Carbone,* 898 A.2d 87, 101 (R.I. 2006). | **"A necessary element to a claim of unjust enrichment is that the plaintiff had a reasonable expectation of payment from the defendants."**<br><br>*Scully Signal Co. v. Joyal,* 881 F. Supp. 727, 745 (D.R.I. 1995). | **"A valid claim of unjust enrichment can be based only on an element of misconduct or fault or undue advantage taken by one party of another."**<br><br>*Scrivani v. Esquire Swimming Pool Prods., Inc.,* No. C.A. NO. 71- | **"[T]here must be appreciation by the defendant of such benefit."**<br><br>*Narragansett Elec. Co. v. Carbone,* 898 A.2d 87, 99 (R.I. 2006). | **No. "Under Rhode Island law, unjust enrichment is not simply a remedy in contract and tort but can stand alone as a cause of action in its own right."**<br><br>*Dellagrotta v. Dellagrotto,* 873 A.2d 101, 113 (R.I. 2005). | **"Disgorgement or a money judgment may be appropriate remedies for unjust enrichment, especially when the plaintiff is not seeking to recover particular property or a specific fund of money."** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | *Narragansett Elec. Co. v. Carbone*, 898 A.2d 87, 99 (R.I. 2006). | | | | 3466, 1975 WL 169989, at *2 (R.I. Super. Ct. Oct. 10, 1975). | | | *Lawton v. Nyman*, 357 F. Supp. 2d 428, 434 (D.R.I. 2005). |
| South Carolina | **1. A benefit conferred upon the defendant by the plaintiff;**<br><br>**2. Realization of the benefit by the defendant; and**<br><br>**3. Retention by defendant of the benefit under conditions that make it inequitable for him to retain it without paying its value.**<br><br>*Ellis v. Smith Grading & Paving, Inc.*, 366 S.E.2d 12, 15 (S.C. Ct. App. 1988). | **Equity.**<br><br>*Ellis v. Smith Grading & Paving, Inc.*, 366 S.E.2d at 14-15. | **3 years.**<br><br>*Brown v. Goodman Mfg. Co., L.P.*, 2015 WL 1006319, at *7 (D.S.C. Mar. 5, 2015). | **"Unjust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff."**<br><br>*Ellis v. Smith Grading & Paving, Inc.*, 366 S.E.2d at 14. | **None.** | **Requires "realization of that benefit by the defendant."**<br><br>*Ellis v. Smith Grading & Paving, Inc.*, 366 S.E.2d at 15. | **Yes.**<br><br>*Pitts v. Jackson Natl. Life Ins. Co.*, 574 S.E.2d 502, 512 (S.C. Ct. App. 2002). | **"[I]n equity, 'the measure of the recovery is the extent of the duty or obligation imposed by law, and is expressed by the amount which the court considers the defendant has been unjustly enriched at the expense of the plaintiff."**<br><br>*Pitts v. Jackson Natl. Life Ins. Co.*, 574 S.E.2d at 512. |
| Tennessee | **1. A benefit conferred upon the defendant by the plaintiff** | **Equity.**<br><br>*Metro Gov. of Nashville & Davidson County* | **6 years.** | **Must show that "the enrichment was** | **Undecided.** | **Requires appreciation by the** | **Yes, plaintiff must "demonstrate** | **The amount of recovery in an unjust** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **2. Appreciation by the defendant of such benefit; an**<br>**3. Acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.**<br>*Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 755, 2006-1 Trade Cases P 75,181 (Tenn. Ct. App. 2006). | *v. Cigna Healthcare of Tenn.*, 195 S.W.3d 28, 32 (Tenn. Ct. App. 2005). | Tenn. Code Ann.§ 28-3-109. | **at the expense of the plaintiff."**<br>*Burkhart v. U.S. Commerce Equip. Fin., LLC*, No. E2001-00069-COA-R3-CV, 2001 Tenn. App. LEXIS 644, at *24, 2001 WL 984915 (Tenn. Ct. App. Aug. 28, 2001). | | **defendant of such benefit.**<br>*Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 755, 2006-1 Trade Cases P 75,181 (Tenn. Ct. App. 2006). | **that he or she has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract."**<br>*Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525, 2005-2 Trade Cases P 74,914 (Tenn. 2005). | **enrichment claim is the value of the benefit conferred, not the cost to the furnisher.**<br>*Doe v. HCA Health Serv. of Tenn., Inc.*, 46 S.W.3d 191, 198 (Tenn. 2001). |
| Texas | **"Unjust enrichment is an independent cause of action."**<br>*Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App. 2007); *see HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998). | **Equity.**<br>*Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App. 2006). | **2 years.**<br>*Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 870-71 (Tex. 2007). | **Must obtain a benefit from another.**<br>*Fondren Const. Co., Inc. v. Briarcliff Housing Dev. Assocs., Inc.*, 196 S.W.3d 210, 218 (Tex. App. 2006). | **"Recovery under a claim of unjust enrichment requires a plaintiff to prove that the defendant benefited from him through fraud, duress, or the taking of undue advantage."** | **Defendant must have knowledge.**<br>*Fondren Const. Co., Inc. v. Briarcliff Housing Dev. Assocs., Inc.*, 196 S.W.3d at 218. | **Yes.**<br>*First Union Nat. Bank v. Richmont Cap. Partners I, L.P.*, 168 S.W.3d 917, 931 (Tex. App. 2005). | **Restitution – "The purpose of restitution is to place an aggrieved plaintiff in the position he occupied prior to his dealings with the defendant."** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | | | | | *Fondren Const. Co., Inc. v. Briarcliff Housing Dev. Assocs., Inc.*, 196 S.W.3d at 218. | | | *Burlington Northern R. Co. v. Southwestern Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. Ct. App. 1996). |
| Utah | 1. **A benefit conferred on one person by another;**<br>2. **An appreciation or knowledge by the conference of the benefit; a**<br>3. **The acceptance or retention by the conferee of the benefit so as to make it inequitable for the conferee to retain the benefit without payment of its value.**<br><br>*Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1192, 306 Utah Adv. Rep. 3 (Utah | **Equity.**<br><br>*Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1192, 306 Utah Adv. Rep. 3 (Utah 1996). | **4 years.**<br><br>Utah Code Ann.§ 78-12-25;<br>*CIG Exploration, Inc. v. Hill,* 824 F. Supp. 1532, 1548 (D. Utah 1993). | **Benefit to defendant must come at expense to plaintiff.**<br><br>*CIG Exploration, Inc. v. Hill,* 824 F. Supp. 1532, 1546 (D. Utah 1993). | **"There must be some misleading act, request for services, or the like, to support such an action."**<br><br>*Knight v. Post*, 748 P.2d 1097, 1101 (Utah Ct. App. 1988). | **Defendant must have appreciation or knowledge of benefit.**<br><br>*Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1192, 306 Utah Adv. Rep. 3 (Utah 1996);<br>*Hess v. Johnston*, 2007 UT App 213, ¶ 20, 163 P.3d 747, 754, 580 Utah Adv. Rep. | **Yes.**<br><br>*Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1193, 306 Utah Adv. Rep. 3 (Utah 1996). | **"The benefit conferred on the defendant, and not the plaintiff's detriment or the reasonable value of its services, is the measure of recovery."**<br><br>*Alpha Partners, Inc. v. Transam. Inv. Mgmt., L.L.C.*, 2006 UT App 331, ¶ 36, 153 P.3d 714, 723, 558 Utah Adv. Rep. 7 (Utah |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | 1996); *Hess v. Johnston*, 2007 UT App 213, ¶ 20, 163 P.3d 747, 754, 580 Utah Adv. Rep. 29 (Utah Ct. App. 2007). | | | | | 29 (Utah Ct. App. 2007). | | Ct. App. 2006). **Damages awarded under a theory of unjust enrichment are not subject to prejudgment interest.** *Shoreline Dev. Co., Inc. v. Utah County*, 835 P.2d 207, 211 (Utah Ct. App. 1992). |
| Vermont | **1. A benefit was conferred on defendant;** **2. Defendant accepted the benefit; an** **3. Defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate** | **Equity.** *Morrisville Lumber Co., Inc. v. Okcuoglu*, 148 Vt. 180, 184, 531 A.2d 887, 889 (Vt. 1987). | **6 years.** 12 Vt. Stat. Ann. § 511; *Stankiewicz v. Estate of LaRose*, 151 Vt. 453, 456, 561 A.2d 400, 402 (Vt. 1989). | **Benefit accepted at expense of another.** *Legault v. Legault*, 142 Vt. 525, 529, 459 A.2d 980, 983 (Vt. 1983). **“The retention of a benefit is not unjust where defendants** | **Plaintiff must show that money was actually received and wrongfully withheld.** *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 140, 636 A.2d 744, 751 (Vt. 1993). | **Undecided.** | **Not always. A contract between two parties does not bar enforcement of an obligation in quasi-contract between one of the parties to the contract and the recipient of the benefit of the** | **Measure of damages is "the value of the benefit actually conferred upon the defendant."** *DJ Painting, Inc. v. Baraw Enters., Inc.*, 172 Vt. 239, 242-43 n.2, 776 A.2d 413, |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **plaintiff for its value.**<br><br>*Center v. Mad River Corp.*, 151 Vt. 408, 412, 561 A.2d 90, 93 (Vt. 1989). | | | **have paid for it."**<br><br>*Ray Reilly's Tire Mart, Inc. v. F.P. Elnicki, Inc.*, 149 Vt. 37, 39, 537 A.2d 994, 995 (Vt. 1987). | | | **contract when the express contract becomes unenforceable.**<br><br>*Ray Reilly's Tire Mart, Inc. v. F.P. Elnicki, Inc.*, 149 Vt. 37, 39, 537 A.2d 994, 995 (Vt. 1987). | 417 (Vt. 2001).<br>**Interest on money wrongfully withheld is not the unqualified right of the prevailing litigant.**<br><br>*Legault v. Legault*, 142 Vt. 525, 530-532, 459 A.2d 980, 984-85 (Vt. 1983). |
| Virginia | **1. A benefit conferred upon the defendant by the plaintiff;**<br>**2. Appreciation or knowledge of the benefit by the defendant; and**<br>**3. An acceptance or retention of the benefit in circumstances which would make it inequitable for the defendant to retain the** | **Equity.**<br><br>*Kern v. Freed Co., Inc.*, 224 Va. 678, 680-81, 299 S.E.2d 363, 365 (Va. 1983). | **3 years. "The statute of limitations for unjust enrichment begins to run at the time the unjust enrichment occurred, which is the moment the expected compensation is not paid,** | **Benefit at the expense of another.**<br><br>*Kern v. Freed Co., Inc.*, 224 Va. 678, 680-81, 299 S.E.2d 363, 365 (Va. 1983). | **Undecided.** | **Appreciation or knowledge of the benefit by the defendant.**<br><br>*Nossen v. Hoy*, 750 F. Supp. 740, 744-45, 18 U.S.P.Q.2d 1237 (E.D. Va. 19 ). | **Yes.**<br><br>*United Leasing* Corp. *v. Resource Bank*, 58 Va. Cir. 96, at *6 (Va. Cir. Ct. 2002). | **The accepted measure of recovery under a theory of unjust enrichment is the value of the benefit retained by the defendant.**<br><br>*Marine Dev. v. Rodak*, 225 Va. |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **benefit without paying for its value.**<br><br>*Nossen v. Hoy*, 750 F. Supp. 740, 744-45, 18 U.S.P.Q.2d 1237 (E.D. Va. 1990). | | **not when a party 'knew or should have known' of the unjust enrichment."**<br><br>Va. Code Ann. § 8.01-246(A)(4), *Belcher v. Kirkwood*, 238 Va. 430, 433, 383 S.E.2d 729, 731 (Va. 1989), *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 576, 2004-1 Trade Cases P 74,269, 71 U.S.P.Q.2d 1339 (E.D. Va. 2004). | | | | | 137, 144, 300 S.E.2d 763, 767 (1983). |
| Washington | **1. A benefit conferred upon the defendant by the plaintiff;** | **Equity.**<br><br>*Dragt v. Dragt/DeTray, LLC,* 139 Wash. | **6 years.** | **Benefit at the expense of another.** | **No wrongdoing by defendant necessary.** | **Requires an appreciation or knowledge of the benefit** | **Yes.** | **Plaintiff "may recover the** |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **2. An appreciation or knowledge by the defendant of the benefit;**<br>**3.**<br>**4. And the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of the value.**<br><br>*Bailie Comms., Ltd. V. Trend Business Sys., Inc.,* 61 Wash. App. 151, 159-60, 810 P.2d 12, 16 (Wash. Ct. App. 1991). | App. 560, 576, 161 P.3d 473, 482 (Wash. Ct. App. 2007). | Wash. Rev. Code Ann.§ 4.16.040; *Jordan v. Bergsma,* 63 Wash. App. 825, 828, 822 P.2d 319, 320 (Wash. Ct. App. 1992). | **"Enrichment alone will not trigger the doctrine; the enrichment must be unjust 'both under the circumstances and as between the two parties to the transaction.' The person against whom the plaintiff asserts unjust enrichment must be more than a mere incidental beneficiary of the transaction."**<br><br>*Bailie Comms., Ltd. v. Trend Business Sys., Inc.,* 61 Wash. App. 151, 159-60, 810 P.2d 12, 16 (Wash. Ct. App. 1991); *Bort v. Parker,* 110 Wash. App. | *In re Estate of Ginsberg,* No. 51994-8-I, 2003 Wash. App. LEXIS 3073, at *5 (Wash. Ct. App. Dec. 29, 2003). | **by the defendant.**<br><br>*Bailie Comms., Ltd. V. Trend Business Sys., Inc.,* 61 Wash. App. 151, 159-60, 810 P.2d 12, 16 (Wash. Ct. App. 1991). | *MacDonald v. Hayner*, 43 Wash. App. 81, 86, 715 P.2d 519, 52 (Wash. App. Ct. 1986). | **reasonable value of the benefit conferred upon the defendant."**<br><br>*Bort v. Parker*, 110 Wash. App. 561, 580, 42 P.3d 980, 991 (Wash. Ct. App. 2002). |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | | | | 561, 580, 42 P.3d 980, 991 (Wash. Ct. App. 2002). | | | | |
| West Virginia | **1. Benefits received and retained by defendant· and**<br><br>**2. Under such circumstance that it would be inequitable and unconscionable to permit the party receiving them to avoid payment thereof.**<br><br>*Realmark Devs., Inc. v. Ranson,* 214 W. Va. 161, 164, 588 S.E.2d 150, 153 (W. Va. 2003). | **Action at law. "The right to recover for unjust enrichment is based on the principles of equity. However, the remedy sought in this case is a money judgment and, thus, is governed by law." Therefore, "a suit seeking monetary recovery under a theory of unjust enrichment is an action at law and therefore, can be tried before a jury."**<br><br>*Realmark Devs., Inc. v. Ranson,* 588 S.E.2d 150, 153, 214 W. Va. 161, 164 (W. Va. 2003). | **5 years.**<br><br>W. Va. Code, § 55-2-6; *Stand Energy Corp. v. Columbia Gas Trans. Corp.,* No. 2:04-0867, 2006 U.S. Dist. LEXIS 4511, at *15 (S.D. W. Va. Jan. 20, 2006). | **Defendant enriched at the expense of the Plaintiff.**<br><br>*LaPosta Oldsmobile, Inc. v. Gen. Motors Corp.,* 426 F. Supp. 2d 346, 356, 59 UCC Rep. Serv. 2d 290 (N.D. W. Va. 2006). | **No misconduct required.**<br><br>*Affholder, Inc. v. N. Am. Drillers, Inc.,* No. 2:04-0952, 2006 U.S. Dist. LEXIS 79977, at *60-62, 2006 WL 3192537 (S.D. W. Va., Nov. 1, 2006). | **Undecided.** | **Yes.**<br><br>*Bright v. QSP, Inc.,* 20 F.3d 1300, 1306, 2 UCC Rep. Serv. 2d 871 (4th Cir. 1994). | **The measure of recovery is the reasonable value of the goods or services furnished to the benefited defendant.**<br><br>*Realmark Devs., Inc. v. Ranson,* 588 S.E.2d 150, 153, 214 W. Va. 161 (W. Va. 2003). |
| Wisconsin | **1. A benefit that has been conferred upon the defendant by the plaintiff;** | **Equity.**<br><br>*Abbott v. Marker*, 722 N.W.2d 162, 167-168 (Wis. Ct. App. 2006). | **"[I]n the absence of a controlling statute, the timeliness of an unjust** | **Injury to plaintiff is irrelevant. "Establishing a loss of profit by the plaintiff** | **None.** | **Requires appreciation by the defendant of the benefit.** | **Yes.**<br><br>*Meyer v. The Laser Vision Institute*, 714 N.W.2d 223, | **Relief is discretionary.**<br><br>*Abbott v. Marker*, 722 |

| State | Elements | At Law/Equity | Limitations Period/Laches | Injury/ Impoverishment | Misconduct Required/Type | Knowledge/ Appreciation | Does Express Agreement Bar Recovery? | Measure of Damages |
|---|---|---|---|---|---|---|---|---|
| | **2. Appreciation by the defendant of the benefit; and**<br><br>**3. Acceptance and retention by the defendant of the benefit, under circumstances such that it would be inequitable to retain the benefit without payment.**<br><br>*Staver v. Milwaukee County*, 712 N.W.2d 387, 393 (Wis. Ct. App. 2006). | | **enrichment claim is governed by laches."**<br><br>*Lambo v. Kathleen D'Acquisto Irrevocable Trust*, 740 N.W.2d 901, 2007 WL 2712416, at *8 (Wis. Ct. App. 2007). | **does not prove unjust enrichment of the defendant."**<br><br>*Mgmt. Comp. Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 557 N.W.2d 67, 80 (Wis. 1996). | | ***Staver*, 712 N.W.2d at 393. Defendant must be aware of the benefit.**<br><br>*Abbott v. Marker*, 722 N.W.2d at 168. | 230 (Wisc. Ct. App. 2006). | N.W.2d at 168.<br><br>**"Damages in an unjust enrichment claim are measured by the benefit conferred upon the defendant."**<br><br>*W.H. Fuller Co. v. Seater*, 595 N.W.2d 96, 99 (Wis. Ct. App. 1999). |