LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**<br><br>This Document Relates To:<br><br>All Cases/ | Case No. 3:23-cv-01033-RS<br><br>**ADMINSTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Courtroom: 3 – 17th Floor<br>Judge: Hon. Richard J. Seeborg |

In accordance with Civil Local Rules 7-11 and 79-5, Defendant BetterHelp, Inc. ("BetterHelp") respectfully requests the Court seal certain exhibits and portions of exhibits filed in support of its Opposition to Plaintiffs' Motion for Class Certification (the "Opposition"). For the reasons stated below and in the accompanying declaration of Sara Brooks, BetterHelp requests that Court order (i) certain exhibits to the Declaration of James Unger in support of the Opposition (the "Unger Opposition Declaration") to remain under seal in their entirety and redacted versions of other exhibits be filed publicly; (ii) certain exhibits to the Declaration of Niklas Vaughn in support of the Opposition (the "Vaughn Opposition Declaration") to remain under seal in their entirety and redacted versions of other exhibits be filed publicly; (iii) a redacted version of the Declaration of Ben Zhao, Ph.D. and exhibits thereto (the "Zhao Declaration") be filed publicly; (iii) a redacted version of the Declaration of Natalie Mizik, Ph.D. (the "Mizik Declaration") and exhibits thereto be filed publicly; (iv) a redacted version of the Vaughn Opposition Declaration be filed publicly; and (v) that the redacted version of the Opposition, which redacts the information that is the subject of this Motion (and the information that Plaintiffs' designated as confidential), remain on the public docket.

## I. Legal Standard

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Courts in the Ninth Circuit apply the compelling reasons standard to sealing requests related to a motion for class certification. *See King v. Nat'l Gen. Ins. Co.*, No. 15-cv-00313-DMR, 2024 WL 4455527, at *1 (N.D. Cal. Oct. 8, 2024).

## II. BetterHelp's Confidential Information Should Remain Sealed

BetterHelp requests that the Court seal documents and testimony that disclose BetterHelp's financial performance; BetterHelp's business and marketing strategies; how BetterHelp designs

and configures its website and app; and the manner in which BetterHelp partners with third parties to develop its business and market to potential users. This is highly confidential information that, if disclosed to competitors, would give them valuable insight into how BetterHelp operates its business and thus give them an advantage in the highly competitive and growing business of online counseling. Declaration of Sara Brooks ("Brooks Decl.") at ¶¶ 2-3.

Sealing is appropriate here for several reasons. *First*, BetterHelp's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). BetterHelp only requests that the Court seal a few select exhibits filed with its Opposition in their entirety (Unger Opp. Decl., Exs. 3, 25 – 28; Vaughn Opp. Decl. Ex. A-C, and R). And for the other few select exhibits that BetterHelp seeks to seal in part (Unger Opp. Decl. 1, 2 and 29; Zhao Decl.; Mizik Decl.), it redacted only those portions of the exhibits that contain proprietary, commercially sensitive, and/or confidential information about BetterHelp's business and marketing strategies and platform design.

*Second*, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and here, disclosure of BetterHelp's information would likely cause competitive harm to BetterHelp. *See* Brooks Decl. at ¶¶ 3–10. *See In re Google Location Hist. Litig.,* 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Grace v. Apple, Inc.*, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons."); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be

used to the company's competitive disadvantage"; *Fed. Trade Comm'n v. Microsoft Corp.*, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023) (finding compelling reasons to seal "[n]on-public sensitive financial information").

*Third*, confidential information regarding how BetterHelp configures and operates its online platform is proprietary and subject to sealing. *See Synchronoss Techs., Inc. v. Dropbox, Inc.*, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (sealing "sensitive proprietary business information about the architecture of Synchronoss's technology").

*Fourth*, significant portions of the deposition testimony that BetterHelp requests to be sealed were not cited by Plaintiffs, but nonetheless were included with Plaintiffs' submission. Those portions are thus only tangentially related to Plaintiffs' motion for class certification is subject to a lower "good cause" standard and should be sealed. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *Corns v. Laborers Int'l Union of N. Am.*, 62 F. Supp. 3d 1105, 1112 (N.D. Cal. 2014) (sealing information "which bears only a tangential relationship to the matters to be decided").

BetterHelp requests that the Court seal the following:

| Exhibit No. / Document | Portion to Seal | Basis for Sealing |
|---|---|---|
| Deposition excerpts and exhibits (Unger Opp. Decl., Exs. A, B) | Yellow highlighted portions | Testimony and relevant exhibits reflect confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, and BetterHelp's strategic relationships with third parties. Brooks Decl. at ¶ 5. |
| Communications with business partners (Unger Opp. Decl., Exs. Y–BB) | Entire document | Communications reflecting BetterHelp's business strategies and marketing strategies, and information about how BetterHelp's platform is designed and configured. Brooks Decl. at ¶ 6. |
| Internal emails and documents (Unger Opp. Decl., Ex. CC) | Yellow highlighted portions | Discloses confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, and BetterHelp's strategic relationships with third parties. Brooks Decl. at ¶ 7. |
| Google Analytics reports (Vaughn Opp. Decl., Exs. A–C) | Entire document | Discloses confidential information regarding how the BetterHelp platform is designed and configured. Brooks Decl. at ¶ 8. |
| Eighth Quarterly Report of the | Entire document | Confidential work product prepared for the FTC pursuant to the FTC Consent Order with BetterHelp. |

| | | |
|---|---|---|
| Independent Redress Administrator (Vaughn Opp. Decl., Ex. R) | | Brooks Decl. at ¶ 9. |
| Zhao Decl. | Yellow highlighted portions | Declaration discloses confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, and BetterHelp's strategic relationships with third parties. Brooks Decl. at ¶ 10. |
| Mizik Decl. | Yellow highlighted portions | Declaration discloses confidential information regarding BetterHelp's business and marketing strategies. Brooks Decl. at ¶ 10. |
| Vaughn Opp. Decl | Yellow highlighted portions | Declaration discloses confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, and BetterHelp's strategic relationships with third parties. |
| BetterHelp's Opposition to Plaintiffs' Motion for Class Certification | Maintain redactions | Redacted portions of motion disclose confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, BetterHelp's strategic relationships with third parties, and the information that Plaintiffs' designated as confidential. |

## III. CONCLUSION

For the foregoing reasons, BetterHelp requests that the Court order that (i) the exhibits to the Unger Opposition Declaration identified above remain under seal in their entirety and redacted versions of other exhibits be filed publicly; (ii) the exhibits to the Vaughn Opposition Declaration identified above remain under seal in their entirety; the redacted version of the Zhao Declaration attached be filed publicly; (iii) a redacted version of the Mizik Declaration be filed publicly; and (iv) a redacted version of the Vaughn Opposition Declaration be filed publicly; and (v) that the redacted version of BetterHelp's Opposition to Plaintiffs' Motion for Class Certification, which redacts the information that is the subject of this Motion (and the information that Plaintiffs designated as confidential), remain on the public docket.

Dated: September 15, 2025

**KING & SPALDING LLP**

By: /s/ Livia M. Kiser

LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*

Attorneys for Defendant
BETTERHELP, INC.