LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**<br><br>This Document Relates To:<br><br>All Cases/ | Case No. 3:23-cv-01033-RS<br><br>**ADMINSTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Courtroom: 3 – 17th Floor<br>Judge: Hon. Richard J. Seeborg |

In accordance with Civil Local Rules 7-11 and 79-5, Defendant BetterHelp, Inc. ("BetterHelp") respectfully requests the Court seal certain exhibits and portions of exhibits filed in support of its Motion to Exclude Testimony of Profess Zubair Shafiq ("Motion to Exclude"). For the reasons stated below and in the accompanying declaration of Sara Brooks, BetterHelp requests that the Court order (i) certain exhibits to the Declaration of James Unger in support of the Motion to Exclude (the "Unger Declaration") to remain under seal in their entirety and redacted versions of other exhibits be filed publicly; and (ii) that the redacted version of the Motion to Exclude, which redacts the information that is the subject of this Administrative Motion to File Under Seal (and the information that Plaintiffs' designated as confidential), remain on the public docket.

## I. Legal Standard

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Courts in the Ninth Circuit apply the compelling reasons standard to sealing requests related to a motion for class certification. *See King v. Nat'l Gen. Ins. Co.*, No. 15-cv-00313-DMR, 2024 WL 4455527, at *1 (N.D. Cal. Oct. 8, 2024).

## II. BetterHelp's Confidential Information Should Remain Sealed

BetterHelp requests that the Court seal documents and testimony that disclose BetterHelp's BetterHelp's business and marketing strategies; how BetterHelp designs and configures its website and app; and the manner in which BetterHelp partners with third parties to develop its business and market to potential users. This is highly confidential information that, if disclosed to competitors, would give them valuable insight into how BetterHelp operates its business and thus give them an advantage in the highly competitive and growing business of online counseling. Declaration of Sara Brooks ("Brooks Decl.") at ¶ 3.

Sealing is appropriate here for several reasons. *First*, BetterHelp's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). BetterHelp only requests that the Court seal a two select exhibits filed with its Motion to Exclude in their entirety (Unger Decl. Exs. R and S) And it only redacts portions of the Motion to Exclude that contain proprietary, commercially sensitive, and/or confidential information about BetterHelp's business and marketing strategies and platform design.

*Second*, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and here, disclosure of BetterHelp's information would likely cause competitive harm to BetterHelp. *See* Brooks Decl. at ¶ 3. *See In re Google Location Hist. Litig.,* 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Grace v. Apple, Inc.*, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons."); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"; *Fed. Trade Comm'n v. Microsoft Corp.*, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023) (finding compelling reasons to seal "[n]on-public sensitive financial information").

*Third*, confidential information regarding how BetterHelp configures and operates its online platform is proprietary and subject to sealing. *See Synchronoss Techs., Inc. v. Dropbox, Inc.*, 2017

WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (sealing "sensitive proprietary business information about the architecture of Synchronoss's technology").

BetterHelp requests that the Court seal the following:

| Exhibit No. / Document | Portion to Seal | Basis for Sealing |
|---|---|---|
| Google Analytics reports (Unger Decl. Exs. R and S) | Entire document | Discloses confidential information regarding how the BetterHelp platform is designed and configured. Brooks Decl. at ¶ 8. |
| BetterHelp's Motion to Exclude Testimony of Zubair Shafiq | Maintain redactions | Redacted portions of motion disclose confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, BetterHelp's strategic relationships with third parties, and the information that Plaintiffs' designated as confidential. |

## III. CONCLUSION

For the foregoing reasons, BetterHelp requests that the Court order that (i) certain exhibits to the Declaration of James Unger in support of the Motion to Exclude (the "Unger Declaration") to remain under seal in their entirety and redacted versions of other exhibits be filed publicly; and (ii) that the redacted version of the Motion to Exclude, which redacts the information that is the subject of this Administrative Motion to File Under Seal (and the information that Plaintiffs' designated as confidential), remain on the public docket.

Dated: September 15, 2025

**KING & SPALDING LLP**

By: /s/ Livia M. Kiser

LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*

Attorneys for Defendant
BETTERHELP, INC.