LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To:

All Cases/

Case No. 3:23-cv-01033-RS

**BETTERHELP, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

[Declaration of Craig Bessenger and [Proposed] Order filed concurrently herewith]

Courtroom: 3 – 17th Floor
Judge: Hon. Richard J. Seeborg

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Civil Local Rules 7-11 and 79-5(f), Defendant BetterHelp, Inc. ("BetterHelp") moves the Court to consider whether certain portions of BetterHelp's concurrently filed Motion to Exclude Testimony of Professor Zubair Shafiq ("Motion") and Exhibits E–I and T–X to the Declaration of James A. Unger filed in support of the Opposition (the "Unger Opposition Declaration") should be sealed. E–I and T–X to the Unger Declaration are:

1. Attached as **Exhibit E** is a true and correct copy of relevant excerpts of the transcript of the deposition of Plaintiff Jane Doe I, taken on April 4, 2025 in this matter.

2. Attached as **Exhibit F** is a true and correct copy of relevant excerpts of the transcript of the deposition of Plaintiff Jane Doe III, taken on March 28, 2025 in this matter.

3. Attached as **Exhibit G** is a true and correct copy of relevant excerpts of the transcript of the deposition of Plaintiff S.C., taken on April 2, 2025 in this matter.

4. Attached as **Exhibit H** is a true and correct copy of relevant excerpts of the transcript of the deposition of Plaintiff T.R., taken on March 26, 2025 in this matter.

5. Attached as **Exhibit I** is a true and correct copy of relevant excerpts of the transcript of the deposition of Plaintiff L.M., taken on April 1, 2025 in this matter.

6. Attached as **Exhibit T** is a true and correct copy of relevant excerpts of Plaintiff Jane Doe I's Responses to BetterHelp, Inc.'s Second Set of Interrogatories, verified on February 21, 2025.

7. Attached as **Exhibit U** is a true and correct copy of relevant excerpts of Plaintiff Jane Doe III's Responses to BetterHelp's Inc.'s Second Set of Interrogatories, verified on February 22, 2025.

8. Attached as **Exhibit V** is a true and correct copy of relevant excerpts of Plaintiff S.C.'s Responses to BetterHelp's Inc.'s Second Set of Interrogatories, verified on February 21, 2025.009

9. Attached as **Exhibit W** is a true and correct copy of relevant excerpts Plaintiff T.R.'s Responses to BetterHelp's Inc.'s Second Set of Interrogatories, verified on February 24, 2025.

10. Attached as **Exhibit X** is a true and correct copy of relevant excerpts Plaintiff L.M.'s Responses to BetterHelp's Inc.'s Second Set of Interrogatories, verified on February 21, 2025.

(The unredacted Motion and the foregoing Exhibits to the Unger Declaration are collectively referred to herein as the "Sealed Documents"). BetterHelp's Motion cites excerpts of Plaintiffs' deposition transcripts (attached as **Exhibits E–I** to the Unger Declaration) and excerpts of Plaintiffs' responses to BetterHelp's interrogatories (attached as **Exhibits T–X** to the Unger Declaration). Plaintiffs designated these materials as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under the Stipulated Protective Order, ECF No. 82, or have otherwise requested they be treated as confidential.[1] Accordingly, BetterHelp moves the Court to consider whether these Sealed Documents should be sealed.

BetterHelp takes no position as to whether these materials or information derived from these materials satisfy the requirements for sealing. BetterHelp reserves the right to challenge any confidentiality designations and oppose any statement by Plaintiffs in accordance with Civil Local Rule 79-5(f)(4).

For the reasons set forth above, BetterHelp respectfully requests that the Court permit the Sealed Documents to be conditionally filed under seal.

---

[1] The deposition transcript of Plaintiff R.S. does not include a confidentiality designation but BetterHelp assumes that Plaintiffs' counsel intended to mark the transcript as confidential, based on the confidentiality designations of the other Plaintiffs' transcripts. *See* Stipulated Protective Order, ECF No. 82 at 7 ¶ 5.3 ("[F]ailure to designate qualified information or items does not waive the Designating Party's right to secure protection.").

Dated: September 15, 2025

**KING & SPALDING LLP**

By: */s/ Livia M. Kiser*

LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*

Attorneys for Defendant
BETTERHELP, INC.