LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To:

All Cases/

Case No. 3:23-cv-01033-RS

**BETTERHELP, INC.'S STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE ECF NO. 224]**

Courtroom: 3 – 17th Floor
Judge: Hon. Richard J. Seeborg

Defendant BetterHelp, Inc. ("BetterHelp") submits this statement pursuant to Local Rule 79-5(f)(3) in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal (the "Administrative Motion") (ECF No. 224). For the reasons stated below and in the accompanying declaration of Sara Brooks, BetterHelp requests that Court order (i) certain exhibits to the Declaration of Christina Tusan ("Tusan Decl.") (ECF 224-4) to remain under seal in their entirety and redacted versions of other exhibits be filed publicly;[1] and (ii) that the redacted version of Plaintiffs' Reply in Support of Their Motion for Class Certification, which redacts the information that is the subject of this statement, remain on the public docket.[2]

## I. Legal Standard

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Courts in the Ninth Circuit apply the compelling reasons standard to sealing requests related to a motion for class certification. *See King v. Nat'l Gen. Ins. Co.*, No. 15-cv-00313-DMR, 2024 WL 4455527, at *1 (N.D. Cal. Oct. 8, 2024).

## II. BetterHelp's Confidential Information Should Remain Sealed

BetterHelp requests that the Court seal documents and testimony that disclose BetterHelp's financial performance; BetterHelp's business and marketing strategies; how BetterHelp designs and configures its website and app; and the manner in which BetterHelp partners with third parties

---

[1] BetterHelp takes no position as to whether Exhibits 3, 6, 7, 10, and 13–16 to Tusan's declaration remain under seal. Exhibit 5 is a document produced by Meta which Meta previously requested the Court to maintain under seal. ECF No. 175.

[2] In an attempt to efficiently present the Exhibits to the Court for its ruling, BetterHelp has grouped the Tusan Exhibits into two categories and attaches them, respectively, as Exhibits A and B to this Statement:

Exhibit A (public filing) attaches the Tusan Exhibits requiring redactions (with redactions applied); and Exhibit B (restricted filing) attaches the Tusan Exhibits requiring redactions (with highlights applied for the Court's review).

to develop its business and market to potential users. This is highly confidential information that, if disclosed to competitors, would give them valuable insight into how BetterHelp operates its business and thus give them an advantage in the highly competitive and growing business of online counseling. **Exhibit C**, Declaration of Sara Brooks ("Brooks Decl.") at ¶¶ 2-3. Indeed, some of the documents that are the subject of this Statement were provided to the FTC in connection with its 2020-21 confidential investigation into BetterHelp reflect sensitive company information. *Id.* at ¶ 5.

Sealing is appropriate here for several reasons. *First*, BetterHelp's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Here, BetterHelp only seeks to redact those portions of the documents that contain proprietary, commercially sensitive, and/or confidential information about BetterHelp's business and marketing strategies and platform design.

*Second*, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and here, disclosure of BetterHelp's information would likely cause competitive harm to BetterHelp. *See* Brooks Decl. at ¶¶ 3-7. *See In re Google Location Hist. Litig., No. 5:18-cv-05062-EJD*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons."); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard

where that information could be used to the company's competitive disadvantage"; *Fed. Trade Comm'n v. Microsoft Corp.*, No. 23-CV-02880-JSC, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023) (finding compelling reasons to seal "[n]on-public sensitive financial information").

*Third*, confidential information regarding how BetterHelp configures and operates its online platform is proprietary and subject to sealing. *See Synchronoss Techs., Inc. v. Dropbox, Inc.*, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (sealing "sensitive proprietary business information about the architecture of Synchronoss's technology").

BetterHelp requests that the Court seal the following:

| Exhibit No. / Document | Portion to Maintain Under Seal | Basis for Sealing |
|---|---|---|
| Expert Deposition Transcripts (Tusan Decl., Exs. 1 and 2) | Yellow Highlighted Portions | Testimony shows confidential information regarding BetterHelp's configuration of its website and use of certain tools that could cause competitive harm if disclosed. Brooks Decl. at ¶ 5. |
| Written responses to FTC (Tusan Decl., Exs. 4,12) | Yellow Highlighted Portions | Written responses reflect confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, customer usage information, and BetterHelp's strategic relationships with third parties. Brooks Decl. at ¶ 6. |
| Deposition Transcripts of BetterHelp Employees (Tusan Decl., Exs. 8 – 11) | Yellow Highlighted Portions | Testimony reflects confidential information regarding how the BetterHelp platform is designed and configured, BetterHelp's business and marketing strategies, and BetterHelp's strategic relationships with third parties. Brooks Decl. at ¶ 7. |
| Interrogatory Responses (Tusan Decl., Ex. 17) | Yellow Highlighted Portions | Responses show confidential registration numbers, categorized by year and state of registration. Public disclosure of this information could enable BetterHelp's competitors to gain strategic insights into its operations, resulting in competitive harm. Brooks Decl. at ¶ 8. |
| Reply in Support of Class Certification | Redacted Portions | The redacted portions of the brief refer to the information filed under seal, so for the reasons stated above, the redacted version of the brief should remain under seal as well. |

## III. CONCLUSION

For the foregoing reasons, BetterHelp requests that the Court order that (i) the exhibits to the Tusan Decl. identified above remain under seal in their entirety and redacted versions of other

exhibits be filed publicly, and (ii) that the redacted version of Plaintiffs' Reply In Support Of Their Motion for Class Certification, which redacts the information that is the subject of this statement, remain on the public docket.

Dated: November 7, 2025

**KING & SPALDING LLP**

By: /s/ *Livia M. Kiser*

LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*

Attorneys for Defendant
BETTERHELP, INC.