Gary. M. Klinger (*pro hac vice*)
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
Email: gklinger@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Maureen M. Brady (*pro hac vice*)
**McSHANE AND BRADY LLC**
1656 Washington Suite 140
Kansas City, MO 64108
Telephone: (816) 888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Christina Tusan (SBN 192203)
**TUSAN LAW, PC**
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Telephone: (626) 418-8203
Facsimile: (626) 619-8253
Email: ctusan@ctusanlaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

Alan M. Mansfield (SBN 125998)
**WHATLEY KALLAS LLP**
1 Sansome Street, 35th Floor, PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (619) 308-5034
Facsimile: (888) 341-5048
Email: amansfield@whatleykallas.com

*Plaintiffs' Liaison Counsel*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

IN RE BETTERHELP, INC. DATA DISCLOSURE CASES

This Document Relates To: All Actions

Case No. 3:23-cv-01033-RS

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION REGARDING PENAL CODE SECTION 632 CLAIM**

Date: May 7, 2026
Time: 1:30 p.m.
Courtroom: 3 - 17th Floor
Judge: Hon. Richard Seeborg

**PROVISIONALLY FILED UNDER SEAL: REDACTED VERSION**

## I. INTRODUCTION

In addition to seeking certification of the claims of the proposed Nationwide Class and California Subclass presently under submission, Plaintiffs respectfully submit this supplemental brief requesting certification of their Penal Code Section 632 claim under the California Invasion of Privacy Act ("CIPA") for the California Subclass.

The each of the elements of the Section 632 claim overlap with one or more of the elements of Plaintiffs' wiretapping claims under Section 631 and the federal Electronic Consumer Privacy Act ("ECPA"), and their common law invasion of privacy claim. Key common questions as to those claims include whether third parties like Meta, Google, and MixPanel eavesdropped on Plaintiffs' confidential communications with BetterHelp, and whether BetterHelp aided and abetted that conduct. The central common question under Section 632 will similarly be whether the Tracking Tools on BetterHelp's website and apps disclosed to third parties the protected health information of all Class Members who submitted a sign-up questionnaire. The Rule 23 analysis of the Section 632 claim thus turns on the same common evidence already in the class certification record, including Plaintiffs' expert Professor Zubair Shafiq's review of BetterHelp's website source code. Professor Shafiq's analysis shows that [redacted] of a user's privacy settings, browser, or device.

Any defenses BetterHelp might raise to Plaintiffs' Section 632 claim, such as consent and lack of a reasonable expectation of privacy, have already been addressed by the parties as part of the class certification briefing and do not raise predominantly individualized issues. The evidence BetterHelp presented in opposition to class certification shows that none of its Privacy Policies and website banners would have put a reasonable consumer on notice that the fact they were seeking mental health treatment would be shared with third parties. Courts have also repeatedly held that internet users have a reasonable expectation of privacy in their health-related communications, and the answer will be common to the entire subclass. Damages can also be readily determined on a classwide basis because CIPA mandates statutory damages for each violation of Section 632 without any additional showing of harm. And a class trial of the Section 632 claim is superior

because it can be efficiently tried along with Plaintiffs' other claims and a similar Section 632 claim was recently tried to a verdict in *Frasco v. Flo Health, Inc.*, No. 21-cv-00757-JD (N.D. Cal.).

The predominance and superiority requirements of Rule 23(b)(3) are met. The requirements of Rule 23(a) are satisfied for the reasons stated in Plaintiffs' Motion for Class Certification and reply. The Court should certify the Section 632 claim of the California Subclass.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Class certification has been fully briefed and argued save for the Section 632 claim. On May 8, 2025, Plaintiffs filed their Motion for Class Certification. Dkt. 170. BetterHelp filed its Opposition on September 15 and moved to strike the testimony of Plaintiffs' experts Professor Shafiq and Eric Krause. Dkts. 204-06. On October 31, Plaintiffs filed their reply in support of class certification and oppositions to the motions to strike. Dkts. 225, 227, 229. BetterHelp filed its replies in support of its motions to strike on November 24. Dkts. 242–43.

On January 29, 2026, the Court heard argument on Plaintiffs' Motion for Class Certification and BetterHelp's motions to strike and took the motions under submission. Dkt. 245. In their reply in support of class certification and during the hearing, Plaintiffs raised filing a proposed Second Amended Complaint ("SAC") to add a Section 632 claim under the existing CIPA count. After receiving the Court's guidance, the parties stipulated on February 10 to the filing of the SAC and a briefing schedule for motions relating to the Section 632 claim. Dkt. 250. On February 13, 2026, the Court entered the parties' stipulation, granted Plaintiffs leave to amend to file the SAC, and set a briefing schedule for BetterHelp's response to the Section 632 claim and Plaintiffs' Supplemental Memorandum to the pending Class Certification motion. Dkt. 251. That same day, Plaintiffs filed the SAC amending the Third Cause of Action to include the Section 632 claim. Dkt. 252. On March 2, 2026, BetterHelp filed its Answer to the SAC. Dkt. 256. [1]

[1] By stipulation dated March 16, 2026 (Dkt. 258), Plaintiffs are filing a Third Amended Complaint ("TAC"). The references in this Memorandum to the SAC are the same in the TAC.

## III. ARGUMENT[2]

### A. Section 632 Prohibits Eavesdropping on Confidential Communications.

Penal Code Section 632 makes it unlawful to "intentionally and without the consent of all parties to a confidential communication, use[ ] an electronic amplifying or recording device to eavesdrop upon or record the confidential communication." Cal. Penal Code § 632(a). A "confidential communication" is "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering . . . or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." *Id.* § 632(c). "The California Supreme Court interpreted this language to mean 'that a conversation is confidential under section 632 if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded.'" *Taylor v. ConverseNow Techs., Inc.*, 2025 WL 2308483, at *7 (N.D. Cal. Aug. 11, 2025) (quoting *Flanagan v. Flanagan*, 27 Cal.4th 766 (2002)).

Sections 631 and 632 were enacted as part of CIPA to protect the privacy rights of Californians. *See R.C. v. Sussex Publishers, LLC*, 2026 WL 266450, at *3 (N.D. Cal. Feb. 2, 2026) (noting that the two sections "share the same purpose or object" of requiring all parties to consent to having their conversations recorded) (quotation marks and citation omitted). Section 631 prohibits wiretapping while "section 632 prohibits 'eavesdropping' . . . 'the interception of communications by the use of equipment which is not connected to any transmission line." *People v. Guzman*, 11 Cal. App. 5th 184, 192 n. 7 (2017), *aff'd*, 8 Cal. 5th 673 (2019) (quoting *People v. Ratekin*, 212 Cal. App. 3d 1165, 1168 (1989)). The two sections thus differ in two ways. First, Section 632 "does *not* require an unauthorized *connection* to a transmission line, whereas wiretapping [under Section 631] does." *Id.* (emphases in original). Second, "because wiretapping requires an unauthorized connection, the prohibition established by section 631 is not limited to 'confidential communications' as is the case for the prohibition against eavesdropping established

[2] Because the parties have already thoroughly briefed and argued Rule 23(a)'s adequacy, numerosity, and typicality requirements, Plaintiffs only address commonality and the predominance and superiority requirements of Rule 23(a) and (b)(3) in this brief as applied to Section 632. *See* Motion for Class Certification (Dkt. 170) at 15–17; Reply (Dkt. 225) at 16–18.

by section 632." *Id.* "In all other substantive respects the conduct prohibited by the two statutes is the same." *Id.*

**B. Common Issues Predominate for the Section 632 Claim.**

The answers needed to resolve the Section 632 claim are whether: (1) Google, Meta, and/or MixPanel intentionally used an electronic amplifying or recording device to eavesdrop on or record Plaintiffs' and California Subclass members' confidential communications; (2) these third parties acted without Plaintiffs' and California Subclass members' consent; (3) Plaintiffs and California Subclass members had an objectively reasonable expectation that their confidential communications on BetterHelp's website and apps would be private; and (4) BetterHelp aided and abetted Google, Meta and/or MixPanel's privacy violations. As with Plaintiffs' Section 631, ECPA, invasion of privacy, and California Consumer Privacy Act claims, each element will be answered through common evidence. *See Frasco v. Flo Health, Inc.* ("*Flo I*"), 349 F.R.D. 557, 586 (N.D. Cal. 2025) (certifying Section 632 claim).

First, whether Meta, Google, and MixPanel eavesdropped on or recorded Class members' protected information using an "electronic amplifying or recording device" will turn on common evidence—the same evidence to that will establish the interception of communications for Plaintiffs wiretapping claims. Courts have repeatedly held that Tracking Tools such as the Meta Pixel "can be a 'device' under" Section 632. *Smith v. Rack Room Shoes, Inc.*, 2025 WL 1085169, at *5 (N.D. Cal. Apr. 4, 2025) (citing *Gladstone v. Amazon Web Servs., Inc.*, 739 F. Supp. 3d 846, 856–57 (W.D. Wash. 2024)); *see Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1080 (N.D. Cal. 2023) ("agree[ing] that the Pixel software is a device under section 632(a)."); *Yockey v. Salesforce, Inc.*, 745 F. Supp. 3d 945, 955 (N.D. Cal. 2024) (same). The trier of fact can determine whether each Tracking Tool constitutes a "device" within the scope of Section 632 and the answer will be the same for every California Subclass member.

Professor Shafiq's analysis of the BetterHelp source code shows that [redacted]

[redacted] Supp. Shafiq Rpt. (Dkt. 200-3) ¶¶ 1–3 9–11, 14–16, 19–21. Regardless of a Class member's privacy settings, browser, device, or any other factor, the Tracking Tools captured at least two core pieces of data for each Class Member: (1) [redacted]; and (2) [redacted] *Id.* ¶¶ 3, 11, 21.

As it did in its opposition to Plaintiffs' Motion for Class Certification, BetterHelp is likely to argue that whether Plaintiffs and Class members consented to the disclosure of confidential information is an individualized issue. "The [consent] analysis under § 632 is identical to the analysis under § 631(a)." *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 943 (N.D. Cal. 2024). For the same reasons as the Section 631 and ECPA claims, the issues of express and implied consent can be resolved for the entire subclass. BetterHelp has not argued that it obtained express, signed authorizations for disclosure of HIPAA-protected information from any California Subclass member as required by 45 C.F.R. § 164.501. And under the applicable "reasonable person" standard, the evidence BetterHelp presented with its opposition to class certification shows that any "disclosures" it made were uniform and too vague to support an implied consent defense. *See Calhoun v. Google, LLC*, 113 F.4th 1141, 1147 (9th Cir. 2024); *Frasco v. Flo Health, Inc. ("Flo II")*, 2025 WL 2680068, at *21 (N.D. Cal. Sept. 17, 2025) (denying post-trial motion to decertify Section 632 claim in part because the disclosures the defendant and Meta made were all uniform). There is no evidence that BetterHelp "explicitly notif[ied]" Plaintiffs and Subclass members of the specific conduct at issue, *i.e.*, that third parties would learn that Plaintiffs and Subclass members had requested counseling and therapy services. *Flo I*, 349 F.R.D. at 574–76 (rejecting consent challenge at class certification); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 794 (N.D. Cal. 2022) (disclosures about general data collection practices insufficient); *Ades v. Omni Hotels Mgmt. Corp.*, 2014 WL 4627271, at *12 (C.D. Cal. Sept. 8, 2014) (rejecting consent challenge to class certification of CIPA claim where the defendant failed to support it with evidence).

In any event, the answer to the consent question will not vary between California Subclass members, so it does not undermine the predominance of common questions. *See Flo II*, 2025 WL 2680068, at *11 ("The disclosures are proof common to the class, and Meta did not present any evidence suggesting that absent class members would have expectations of confidentiality that differed from those of the named plaintiffs with respect to the type of information the onboarding survey collected in light of common privacy disclosures."). BetterHelp's website and Privacy Policies suggested to visitors that BetterHelp complied with HIPAA and would safeguard their personal data. *See, e.g.*, Tusan Decl. (Dkt. 224-4), Ex. 4 at BH0008652; Vaughan Decl. Ex. D (Dkt. 207-4) at 3 (BetterHelp's 2018 Privacy Policy stating information shared with third parties about users limited to "aggregated information that does not include any Personal Information,"); *id.* at 5 ("The security of your Personal Information is very important to us. Therefore, we employ measures to protect this information from unauthorized access, use, and disclosure."); *c.f.* Vaughan Decl. Exs. E–L (Dkts. 207-5–12) (subsequent versions of Privacy Policies making the same or similar representations). The reassurances BetterHelp made throughout the class period are common evidence, underscoring that it was reasonable for its users to expect that BetterHelp would keep their health-related information private. *See Flo II*, 2025 WL 2680068, at *21 (the defendant's own privacy policy reinforced the conclusion that the plaintiffs had a reasonable expectation of privacy because it "expressly assured its users that it would not communicate their personal information to Meta"); *Rack Room*, 2025 WL 1085169, at *5 (similar).

A reasonable expectation of privacy is required for both the Section 632 and the Invasion of Privacy claims, and the same common evidence will establish this element for both claims. BetterHelp may also argue that Plaintiffs and California Subclass members lacked a reasonable expectation of privacy in their communications because internet communications are supposedly presumptively not confidential under California law. *See In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 798 (N.D. Cal. 2022). Courts, however, have repeatedly held that online communications about sensitive personal information—including health or medical information—constitutes "confidential communications" for purposes of Section 632. *See id.* at 799 (internet "patient-status and medical-related communications" are confidential); *Doe I v. Google LLC*, 2025

WL 1616720, at *4 (N.D. Cal. June 6, 2025) (reasonable person would have expectation of privacy when searching online for medical diagnoses and upholding both Section 632 and invasion of privacy claims); *Doe v. GoodRx Holdings, Inc.*, 2025 WL 2052302, at *14 (N.D. Cal. July 22, 2025) ("Plaintiffs' interactions with the GoodRx platform—by seeking discounts on specific prescriptions, seeking treatment for specific conditions, and disclosing symptoms—constitute confidential communications."); *L.B. v. LinkedIn Corp.*, 2025 WL 2899514, at *18 (N.D. Cal. Oct. 10, 2025) (plaintiffs had reasonable expectation their communications would be confidential when "providing personal information in search of medical services").

The fourth question, whether BetterHelp aided and abetted third parties' eavesdropping, is another common question that will generate a single answer. *See Rack Room*, 2025 WL 1085169, at *5 (a defendant may have "derivative liability" for violating Section 632 by aiding and abetting under Penal Code section 31). Just as in the aiding and abetting element of the Section 631 claim, aiding and abetting will turn on whether BetterHelp (1) knew that Meta and other companies were eavesdropping on the communications of BetterHelp's members and (2) provided substantial assistance by deploying the Tracking Tools on its website and app. *See Bhatia v. Silvergate Bank*, 725 F. Supp. 3d 1079, 1120 (S.D. Cal. 2024) (substantial assistance for aiding and abetting liability requires that the defendant's conduct was a substantial factor in causing a plaintiff's injury). Common knowledge evidence includes the fact that [redacted] Supp. Shafiq Rpt. ¶¶ 3, 5, 7(a), 11–14, *see also* CT Dec. (Dkt. 226-4), Ex. 8 Matas Tr. at 69:4–70:4, 77:10–78:10; CT Dec., Ex. 9 Vaughan Tr. at 75:2–77:25; CT Dec., Ex. 10 Bragonier Tr. at 70:8–71:10; *and* CT Dec., Ex. 11 Honbarger Tr. at 22:7–24:15. Plaintiffs' expert Professor Shafiq's reports also demonstrates how [redacted]. *E.g.*, Supp. Shafiq Rpt. ¶¶ 11–14.

The same evidence will also show that BetterHelp's decision to deploy the Tracking Tools was a "substantial factor" in causing Plaintiffs' privacy injuries. BetterHelp [redacted], and Meta, Google, and MixPanel's eavesdropping on Plaintiffs' communications would not have occurred without [redacted]. Shafiq Rpt. (Dkt. 169-5)

¶¶ 42–47 (summarizing evidence that BetterHelp [redacted]); *id.* ¶ 49 (BetterHelp's sharing of class member data was [redacted]). *See Chang v. Wells Fargo Bank, N.A.*, 2020 WL 1694360, at *6 (N.D. Cal. Apr. 7, 2020) (substantial assistance element met where the defendant "played a role in assisting, enabling, and furthering" the underlying violation).

As to damages, CIPA provides for statutory damages of $5,000 per violation under Section 637.2. *See Flo II*, 2025 WL 2680068, at *12–13. "Under Section 637.2, there is no requirement of an injury independent of the privacy injury caused by an unconsented recording" and the statute does not afford any discretion in awarding statutory damages. *Id.* at *13–14. In the event of a liability finding in Plaintiffs' favor, classwide damages can be calculated by multiplying the statutory damages amount by the number of CIPA violations for California Subclass members. *Id.*

The predominance requirement is therefore met.

### C. Along With Plaintiffs' Other Claims, A Class Trial on the Section 632 Claim is Both Manageable and Superior.

A class proceeding is also the superior means of resolving the Section 632 claim. As shown above and in the attached summary table, the elements of the Section 632 claim significantly overlap with Plaintiffs' other claims. *See* Exhibit 1 (summarizing elements of Plaintiffs' claims) attached hereto. Plaintiffs submitted a proposed verdict form with their class certification reply brief (Dkt. 225-2), and an updated version of the verdict form modified to include the Section 632 claim is attached hereto as Exhibit 2. Plaintiffs' proposed verdict form shows that the Section 632 can be readily managed at trial, and is based in part on the verdict form approved for use in the *Flo* action. *See Frasco v. Flo Health, Inc.*, No. 21-cv-00757-JD (N.D. Cal.), Dkt. 756 (verdict form for Section 632 claim). Questions common among the Section 632, Section 631, ECPA, and common law invasion of privacy claims include (a) whether Class Members had a reasonable expectation of privacy in their communications with BetterHelp, (b) whether BetterHelp aided or procured third parties to intercept Class Member communications and personal information, and (c) whether Class Members consented to the sharing of this information. Trying these issues in a single proceeding will avoid duplication and is the most efficient way of resolving these claims. *See Flo I*, 349 F.R.D.

at 587 ("Resolution of the common questions discussed in this order on a classwide basis will promote efficiency by (1) bypassing the need to relitigate identical questions and conduct nearly identical discovery in parallel litigations and (2) avoiding the strain on scarce judicial resources. . . .").

## IV. CONCLUSION

For these reasons and the reasons stated in their Motion for Class Certification and all supporting papers, Plaintiffs request that the Court certify the Section 632 claim of the California Subclass.

Dated: March 16, 2026

Respectfully submitted,

*/s/ William J. Edelman*
Gary. M. Klinger (*pro hac vice*)
William J. Edelman (SBN 285177)
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
Email: gklinger@milberg.com
Email: wedelman@milberg.com

*Plaintiffs' Co-Lead Interim Class Counsel*

*/s/ Christina Tusan*
Christina Tusan (SBN 192203)
**TUSAN LAW, PC**
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Telephone: (626) 418-8203
Facsimile: (626) 619-8253
Email: ctusan@ctusanlaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

*/s/ Maureen M. Brady*
Maureen M. Brady (*pro hac vice*)
**McSHANE AND BRADY LLC**
1656 Washington Suite 140
Kansas City, MO 64108
Telephone: (816) 888-8010
Email: mbrady@mcshanebradylaw.com

*Plaintiffs' Co-Lead Interim Class Counsel*

*/s/ Alan M. Mansfield*
Alan M. Mansfield (SBN 125998)
**WHATLEY KALLAS LLP**
1 Sansome Street, 35th Floor, PMB #131
San Francisco, CA 94104 /
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (619) 308-5034
Facsimile: (888) 341-5048
Email: amansfield@whatleykallas.com

*Plaintiffs' Liaison Counsel*

*/s/ Dena C. Sharp*
Dena C. Sharp (SBN 245869)
Trevor T. Tan (SBN 281045)
Nina Gliozzo (SBN 333569)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800
Email: dsharp@girardsharp.com
Email: ttan@girardsharp.com
Email: ngliozzo@girardsharp.com

*Plaintiffs' Trial Counsel*