LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 (213) 443-4355
Facsimile: +1 (213) 443-4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To: All Actions

Case No. 3:23-cv-01033-RS

**DEFENDANT BETTERHELP, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Judge: Hon. Richard Seeborg

## PRELIMINARY STATEMENT

Defendant Better Help, Inc. ("BetterHelp"), by and through its undersigned counsel, and in accordance with Rule 8 of the Federal Rules of Civil Procedure, hereby submits the following Answer and Affirmative Defenses to the Third Amended Consolidated Class Action Complaint ("Third Amended Complaint"), filed by Plaintiffs Jane Doe I, L.M., Jane Doe III, S.C., and T.R. (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated. Unless expressly admitted herein, Defendant denies the allegations in the Third Amended Complaint, denies that it is liable to Plaintiffs or anyone else, and expressly denies that Plaintiffs' claims are or could be amenable to class treatment.

## SUMMARY OF ALLEGATIONS

1. BetterHelp denies the allegations in Paragraph 1 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

2. BetterHelp affirmatively states it has never shared medical information of Plaintiffs or anyone else, and to the extent Paragraph 2 purports to allege otherwise, BetterHelp denies those allegations. BetterHelp further denies that mental health treatment is or should be a source of shame as Paragraph 2 suggests. BetterHelp lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 2 and, on that basis, denies the allegations.

3. BetterHelp admits that Teladoc Health Inc. has issued public Form 10-Ks, which speak for themselves. BetterHelp denies the allegations in Paragraph 3 and footnotes to the extent they mischaracterize or misstate Teladoc Health Inc.'s 10-Ks. Except as expressly admitted, BetterHelp denies the allegations contained in Paragraph 3 and footnotes 1 through 5.

4. BetterHelp admits it has been in operation since 2012 and that it offers services through various sites. Answering Paragraph 4, BetterHelp admits that: Faithful Counseling provided services to members of the Christian community and was in operation from July 2017 to February 2024; Pride Counseling offers services to the LGBTQ+ community and has been in operation from August 2017 through the present; Teen Counseling offers services, with parental consent, to persons between the ages of 13 and 20 and has been in operation from January 2017 through the present; Regain offers services to couples and has been in operation from May 2016

through the present; BetterHelp offered services through the iCounseling website and app from February 2017 through November 2020; BetterHelp offered services through the Terrapeuta website and app from March 2017 through March 2019; and BetterHelp offered services through the MyTherapist website and app from June 2017 to March 2019. Except as expressly admitted herein, BetterHelp denies the allegations contained in Paragraph 4.

5. BetterHelp admits that it maintains a website that speaks for itself. BetterHelp also admits that Teladoc Health Inc. has issued Form 10-Ks, which speak for themselves. BetterHelp denies any allegations in Paragraph 5 that mischaracterize its website or Teladoc Health Inc.'s Form 10-Ks. Except as expressly admitted herein, BetterHelp denies the allegations contained in Paragraph 5 and footnote 6.

6. BetterHelp admits that paying users complete a questionnaire and provide certain information, such as a nickname, email address, and payment information, before creating an account. Except as expressly admitted, BetterHelp denies the allegations contained in Paragraph 6.

7. BetterHelp admits that, since its inception, millions of people have created an account with BetterHelp. BetterHelp further admits that Teladoc Health Inc. has issued 10-Ks, which speak for themselves. BetterHelp denies any allegations in Paragraph 7 that mischaracterize or misstate Teladoc Health Inc.'s Form 10-Ks. The remaining allegations in Paragraph 7 contain legal conclusions and argument to which no response is required. To the extent the remaining allegations contain factual allegations to which a response is required, BetterHelp denies the allegations.

8. BetterHelp admits that it has had various privacy policies, which speak for themselves and are enforceable *vis-à-vis* the consumers who use or visit BetterHelp's websites. BetterHelp denies any allegations in Paragraph 8 that mischaracterize or misstate its privacy policies. Except as expressly admitted herein, BetterHelp denies the allegations in Paragraph 8.

9. BetterHelp admits Teladoc Health Inc. issued a Form 10-K for 2023, which speaks for itself. BetterHelp denies any allegations in Paragraph 9 that mischaracterize or misstate Teladoc Health Inc.'s Form 10-K. Except as expressly admitted, BetterHelp denies the allegations in Paragraph 9.

10. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in the first two sentences in Paragraph 10 concerning third party "Advertisers" and, on that basis, denies the allegations. BetterHelp denies the allegations in the third sentence and any and all remaining allegations in Paragraph 10.

11. BetterHelp denies the allegations in Paragraph 11.

12. BetterHelp denies the allegations in Paragraph 12.

13. BetterHelp admits that the Federal Trade Commission ("FTC") issued a Complaint against BetterHelp, which speaks for itself. BetterHelp affirmatively states the allegations in the Complaint were never admitted nor proven. Except as expressly admitted, BetterHelp denies the allegations in Paragraph 13.

14. BetterHelp admits that the FTC issued a press release announcing that it entered a Consent Order with BetterHelp, which speaks for itself and in which BetterHelp expressly denied any wrongdoing. Except as expressly admitted, BetterHelp denies the allegations in Paragraph 14 and footnotes 7 and 8.

15. The first three sentences of Paragraph 15 contain legal conclusions and argument to which no response is required. BetterHelp denies having violated HIPAA or any laws whatsoever. BetterHelp admits Teladoc Health Inc. issued a Form 10-K for 2023, which speaks for itself. BetterHelp denies any allegations that mischaracterize or misstate Teladoc Health Inc.'s 2023 Form 10-K or BetterHelp's legal obligations. Except as expressly admitted, BetterHelp denies the allegations in Paragraph 15.

16. The OCR Bulletin concerning the Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates speaks for itself, and BetterHelp denies any allegation that mischaracterizes or misstates the OCR Bulletin. BetterHelp denies having violated HIPAA or any laws whatsoever. Except as expressly admitted herein, BetterHelp denies the allegations contained in Paragraph 16 and footnotes 9 and 10.

17. The OCR Bulletin concerning the Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates speaks for itself, and BetterHelp denies any allegation that mischaracterizes or misstates the OCR Bulletin. BetterHelp denies having violated HIPAA or

any laws whatsoever. BetterHelp admits Teladoc Health Inc. issued a Form 10-K for 2023, which speaks for itself. BetterHelp denies any allegation that mischaracterizes or misstates Teladoc Health Inc.'s 2023 Form 10-K. Except as expressly admitted herein, BetterHelp denies the allegations in Paragraph 17 and footnote 11.

18. [Removed]

19. Paragraph 19 contains legal conclusions and argument to which no response is required. BetterHelp denies having violated the California Constitution or any laws whatsoever. To the extent Paragraph 19 contains factual allegations to which a response is required, BetterHelp denies the allegations.

20. BetterHelp affirmatively states it has never shared private information of Plaintiffs or anyone else, and to the extent Paragraph 20 purports to allege otherwise, BetterHelp denies those allegations. BetterHelp affirmatively states that it has "protected" and does "protect" the confidential information of its customers. BetterHelp lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 20 and footnotes 13 and 14 and, on that basis, denies the allegations.

21. BetterHelp affirmatively states it has never shared medical information of Plaintiffs or anyone else, and to the extent Paragraph 21 purports to allege otherwise, BetterHelp denies those allegations. BetterHelp expressly denies that it is participating in the "datafication" of "children." BetterHelp lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 21 and footnotes 15 and 16 and, on that basis, denies the allegations.

22. BetterHelp affirmatively states it has never shared medical information of Plaintiffs or anyone else, and to the extent Paragraph 22 purports to allege otherwise, BetterHelp denies those allegations. BetterHelp lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 22 and footnote 17 and, on that basis, denies them.

23. BetterHelp denies the allegations in Paragraph 23, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

24. BetterHelp denies the allegations in Paragraph 24, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

## PARTIES

### A. Plaintiffs

***Plaintiff S.C.***

25. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 25 as to S.C. personally and, on that basis, denies the allegations. BetterHelp denies any wrongdoing with respect to S.C. and all remaining allegations in Paragraph 25.

***Plaintiff Jane Doe I***

26. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 26 as to Jane Doe I personally and, on that basis, denies the allegations. BetterHelp denies any wrongdoing with respect to Jane Doe I and all remaining allegations in Paragraph 26.

***Plaintiff L.M.***

27. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 27 as to L.M. personally and, on that basis, denies the allegations. BetterHelp denies any wrongdoing with respect to L.M. and all remaining allegations in Paragraph 27.

***Plaintiff Jane Doe III***

28. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 28 as to Jane Doe II and, on that basis, denies the allegations. BetterHelp denies any wrongdoing with respect to Jane Doe II and all remaining allegations in Paragraph 28.

***Plaintiff T.R.***

29. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 29 as to T.R. and, on that basis, denies the allegations. BetterHelp denies any wrongdoing with respect to T. R. and all remaining allegations in Paragraph 29.

30. BetterHelp denies the allegations in Paragraph 30.

31. BetterHelp denies the allegations in Paragraph 31.

32. BetterHelp denies the allegations in Paragraph 32 and expressly denies that Plaintiffs' claims are or could be amenable to class treatment.

33. BetterHelp denies that Plaintiffs or anyone else are "unable to rely" on BetterHelp's representations, expressly denies that it has violated any state or federal "requirements," and affirmatively states Plaintiffs' claims have withdrawn their claims for injunctive relief after they were dismissed with prejudice (Dkt. 131). BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 33 regarding the "wishes" of Plaintiffs or anyone else and, on that basis, denies the allegations, as well as any remaining allegations in Paragraph 33.

**B. Defendants**

34. BetterHelp admits that is also does business as MyTherapist, Teen Counseling, iCounseling, and Regain. BetterHelp also admits that it is a Delaware corporation with its principal place of business located at 990 Villa St., Mountain View, CA 94041. Except as expressly admitted, BetterHelp denies all remaining allegations in Paragraph 34.

35. BetterHelp admits that it "operates" in California and elsewhere through various sites which speak for themselves. Except as expressly admitted, BetterHelp denies all remaining allegations in Paragraph 35.

36. BetterHelp expressly denies it has engaged in any wrongdoing whatsoever and denies all remaining allegations in Paragraph 36.

## JURISDICTION AND VENUE

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent Paragraph 37 contains factual allegations to which a response is required, BetterHelp denies Plaintiffs allegations have any merit whatsoever, expressly denies wrongdoing, and expressly denies that Plaintiffs' claims are amenable to class treatment. BetterHelp denies any and all remaining allegations in Paragraph 37.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent Paragraph 38 contains factual allegations to which a response is required, BetterHelp expressly denies Plaintiffs or others have "claims" against BetterHelp and expressly denies all remaining allegations in Paragraph 38.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent Paragraph 39 contains factual allegations to which a response is required, BetterHelp expressly denies Plaintiffs or others have "claims" against BetterHelp and expressly denies all remaining allegations in Paragraph 39.

**FACTUAL ALLEGATIONS**

**A. THE BETTERHELP PLATFORM**

40. BetterHelp admits that it was formed in 2013 and offers an online service that connects users to qualified mental health professionals who provide counseling services. BetterHelp also admits that it advertises and markets its services through various digital and traditional media platforms. Except as expressly admitted herein, BetterHelp denies the allegations contained in Paragraph 40.

41. BetterHelp admits that it markets its services and that the number of individuals signing up for its services has increased over time. Except as expressly admitted herein, BetterHelp denies the allegations contained in Paragraph 41.

42. BetterHelp admits that it maintains a website, the content of which speaks for itself. BetterHelp denies any allegations that mischaracterize or misstate the contents of its website and all remaining allegations in Paragraph 42 and footnote 18.

43. BetterHelp admits that, before using its service, an individual is required to fill out an intake questionnaire. By way of further response, BetterHelp affirmatively states the format and specific questions included in the intake questionnaire have varied over time. Because the allegations in Paragraph 43 are not limited to a specific BetterHelp website and specific date, BetterHelp lacks sufficient information to form a belief as to the remainder of the allegations in Paragraph 43 and, on that basis, denies the remainder of the allegations.

44. BetterHelp admits that, before using its service, an individual is required to fill out an intake questionnaire including because if the individual identifies as a danger to him or herself, BetterHelp will refer that individual to crisis services for immediate help. By way of further response, BetterHelp affirmatively states the format and specific questions included in the intake questionnaire have varied over time. Because the allegations in Paragraph 44 are not limited to a

specific BetterHelp website and specific date, BetterHelp lacks sufficient information to form a belief as to the remainder of the allegations in Paragraph 44 and, on that basis, denies them and all remaining allegations in Paragraph 44.

45. BetterHelp denies that the Intake Questionnaire exclusively consists of "intimate questions" and affirmatively states the questions speak for themselves. By way of further response, BetterHelp affirmatively states the format and specific questions included in the intake questionnaire have varied over time. Because the allegations in Paragraph 45 concerning the Intake Questionnaire are not limited to a specific BetterHelp website and specific date, BetterHelp lacks sufficient information to form a belief as to the remainder of the allegations in Paragraph 45 and, on that basis, denies them and all remaining allegations in Paragraph 45.

46. BetterHelp admits that, to create a paid account, a user is prompted to complete the intake questionnaire and to provide certain information, such as a nickname, email address, and payment information. Except as expressly admitted, BetterHelp denies the allegations contained in Paragraph 46.

47. BetterHelp denies the allegations in Paragraph 47, and expressly denies Plaintiffs' claims are amenable to class treatment.

48. BetterHelp denies the allegations in Paragraph 48, and expressly denies Plaintiffs' claims are amenable to class treatment.

**B. BETTERHELP PROMISED TO MAINTAIN CONFIDENTIALITY**

49. BetterHelp admits that it disclosed its privacy practices in its privacy policies and terms of conditions on its website and applications which changed over time, but which Plaintiffs agreed to as a condition of using the services. Except as expressly admitted herein, BetterHelp denies the allegations contained in Paragraph 49.

50. BetterHelp denies the allegations in Paragraph 50.

51. BetterHelp admits that its website included a hyperlink with a graphic that included the acronym "HIPAA" from August 1, 2017, to January 29, 2021 but denies Plaintiffs' characterization and significance thereof. BetterHelp lacks sufficient information to form a belief as to whether the HIPAA hyperlink appeared "from September 2013" and, on that basis, denies the

allegation. Except as expressly admitted, BetterHelp denies the allegations contained in Paragraph 51.

52. BetterHelp denies the allegations in Paragraph 52.

53. BetterHelp denies the allegations in Paragraph 53.

54. BetterHelp denies the allegations in Paragraph 54.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, BetterHelp denies the allegations in Paragraph 55.

56. BetterHelp states that any "banner" on its website speaks for itself, and to the extent the allegations in Paragraph 58 vary therewith, BetterHelp denies those allegations. BetterHelp denies all remaining allegations in Paragraph 56.

57. To the extent Paragraph 57 alleges BetterHelp made false "privacy assurances" to Plaintiffs or anyone else, BetterHelp denies those allegations. BetterHelp admits that it has always been transparent about its data sharing practices and has updated the disclosures and representations from time to time. Except as expressly admitted, BetterHelp denies all remaining allegations in Paragraph 57, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

58. BetterHelp denies having made "false promises" on its websites to Plaintiffs or anyone else. BetterHelp affirmatively states its websites speak for themselves and have varied over time, and to the extent the allegations in Paragraph 58 vary therewith, BetterHelp denies those allegations. BetterHelp denies all remaining allegations in Paragraph 58.

59. BetterHelp denies the allegations in Paragraph 59 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

60. BetterHelp admits that it has had various privacy policies, which speak for themselves, the terms of which bind Plaintiffs and other consumers. BetterHelp further admits it maintains a website, the contents of which speaks for itself. Except as expressly admitted, BetterHelp denies the allegations in Paragraph 60 and footnotes 19 and 20, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

61. BetterHelp admits that it has had various privacy policies, which speak for themselves, the terms of which bind Plaintiffs and other consumers. Except as expressly admitted, BetterHelp denies the allegations in Paragraph 61 and footnote 21.

62. BetterHelp admits that it has had various privacy policies, which speak for themselves, the terms of which bind Plaintiffs of other consumers. Except as expressly admitted, BetterHelp denies the allegations in Paragraph 62 and footnote 22.

63. BetterHelp admits that it has had various privacy policies, which speak for themselves, the terms of which bind Plaintiffs and other consumers. Except as expressly admitted, BetterHelp denies the allegations in Paragraph 63 and footnote 23.

64. BetterHelp admits that it has had various privacy policies, which speak for themselves, the terms of which bind Plaintiffs and other consumers. Except as expressly admitted, BetterHelp denies the allegations in Paragraph 64 and footnote 24.

65. BetterHelp admits that it has had various privacy policies, which speak for themselves, the terms of which bind Plaintiffs and other consumers. Except as expressly admitted herein, BetterHelp denies the allegations in Paragraph 65, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

## C. BETTERHELP DISCLOSED THE PRIVATE INFORMATION OF PLAINTIFFS AND CLASS MEMBERS TO UNAUTHORIZED PARTIES

66. BetterHelp denies the allegations in Paragraph 66.

67. BetterHelp denies the allegations in Paragraph 67.

68. BetterHelp denies the allegations in Paragraph 68.

69. BetterHelp denies the allegations in Paragraph 69.

70. BetterHelp denies the allegations in Paragraph 70.

71. BetterHelp denies the allegations in Paragraph 71.

72. BetterHelp denies the allegations in Paragraph 72.

73. BetterHelp denies the allegations in Paragraph 73.

74. BetterHelp denies the allegations in Paragraph 74.

75. BetterHelp admits that the FTC issued a Complaint against BetterHelp, which speaks for itself, which allegations were never proven nor admitted by BetterHelp. Except as expressly admitted herein, BetterHelp denies the allegations in Paragraph 75.

76. BetterHelp denies the allegations in Paragraph 76.

**D. BETTERHELP'S TRACKING PIXELS TRANSMITTED CONFIDENTIAL INFORMATION TO FACEBOOK IN REAL TIME**

77. The allegations in Paragraph 77 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 77 regarding "Facebook/Meta" or "other online platforms" and, on that basis, denies the allegations. BetterHelp expressly denies ever having sold consumer data to anyone and denies all remaining allegations in Paragraph 77 and footnote 25.

78. The allegations in Paragraph 79 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 80 and footnote 26 concerning Facebook's website and its description of a pixel and, on that basis, denies the allegations. BetterHelp denies all remaining allegations in Paragraph 78.

79. The allegations in Paragraph 79 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 79 concerning "social media platforms" and, on that basis, denies the allegations.

80. The allegations in Paragraph 80 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 80 and footnote 27 and, on that basis, denies the allegations.

81. The allegations in Paragraph 81 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, denies the allegations.

82. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 82 as to "every website" and how they are hosted and how they function and, on that basis, denies the allegations.

83. The allegations in Paragraph 83 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 83 and footnote 28 and, on that basis, denies the allegations.

84. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 84 concerning every "website visitor" and, on that basis, denies the allegations, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

85. The allegations in Paragraph 85 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 85 as to "every website" and, on that basis, denies the allegations.

86. The allegations in Paragraph 86 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, denies the allegations.

87. The allegations in Paragraph 87 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, denies the allegations.

88. BetterHelp denies the allegations in paragraph 88.

89. BetterHelp denies the allegations in Paragraph 89 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

90. Paragraph 90 is not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 90 and footnote 29 concerning "Facebook/Meta" or its website and, on that basis, denies the allegations.

91. BetterHelp denies the allegations in Paragraph 91 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

92. BetterHelp denies the allegations in Paragraph 92 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

93. BetterHelp denies the allegations in Paragraph 93, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

94. BetterHelp denies the allegations in Paragraph 94, and expressly denies Plaintiffs' claims are or could be amenable to class treatment

95. BetterHelp denies the allegations in Paragraph 95.

96. BetterHelp denies the allegations in Paragraph 96.

97. BetterHelp denies the allegations in Paragraph 97.

98. BetterHelp denies the allegations in Paragraph 98.

99. BetterHelp denies the allegations in Paragraph 99,

and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

100. BetterHelp denies the allegations in Paragraph 100, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

101. BetterHelp denies that Plaintiffs or anyone else received advertising as a result of wrongdoing by BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations concerning Plaintiffs in Paragraph 101 and, on that basis, denies the allegations. BetterHelp denies the remaining allegations in Paragraph 101, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

102. BetterHelp denies the allegations in Paragraph 102.

## E. DEFENDANT HAD A DUTY TO PROTECT THE PRIVATE INFORMATION OF PLAINTIFFS AND CLASS MEMBERS FROM DISCLOSURE

103. Paragraph 103 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp expressly denies it violated any laws and denies the remaining allegations in Paragraph 103.

104. Paragraph 104 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 104.

105. Paragraph 105 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 105 and footnote 30.

106. Paragraph 106 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 106.

107. Paragraph 107 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 107.

108. Paragraph 108 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 108.

109. Paragraph 109 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 109.

110. Paragraph 110 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 110.

111. Paragraph 111 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 111 and footnote 31.

112. Paragraph 112 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 112.

113. Paragraph 113 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 113.

114. Paragraph 114 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 114.

115. Paragraph 115 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 115 and footnotes 32 and 33.

116. Paragraph 116 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 116 and footnote 34.

117. Paragraph 117 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 117.

118. Paragraph 118 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 118.

119. BetterHelp denies the allegations in Paragraph 119, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

120. Paragraph 120 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 120.

121. Paragraph 121 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 121.

122. Paragraph 122 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 122.

123. Paragraph 123 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 123.

124. Paragraph 124 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 124.

125. Paragraph 125 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp expressly denies it "violated" HIPAA or any other law, and denies the remaining allegations in Paragraph 127 and subsections a through j.

126. BetterHelp affirmatively states Plaintiffs withdrew their claims for injunctive relief after the Court dismissed Plaintiffs' claims for injunctive relief with prejudice (Dkt. 131), denies having violated any law whatsoever, and denies all remaining allegations in Paragraph 126.

127. BetterHelp expressly denies having violated the FTC Act or any other law and all remaining allegations in Paragraph 127.

128. BetterHelp denies it breached any duty to Plaintiffs or anyone else, and further denies all remaining allegations in Paragraph 128.

129. BetterHelp denies the allegations in Paragraph 129 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

**F. PRIVATE INFORMATION IS A VALUABLE PROPERTY RIGHT**

130. BetterHelp expressly denies that it has ever sold any consumer's information to anyone. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 130 directed to Facebook/Meta and "data" and, on that basis, denies the allegations. BetterHelp denies all remaining allegations in Paragraph 130 and footnotes 35 and 36, and it expressly denies that Plaintiffs' claims are or could be amenable to class treatment.

131. The allegations in Paragraph 131 are not directed to BetterHelp. BetterHelp expressly denies it has ever sold any consumer's information to anyone. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 131 concerning "Internet companies" and, on that basis, denies the allegations.

132. The allegations in Paragraph 132 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 132 and

footnotes 37, 38, 39, 40, and 41 and, on that basis, denies the allegations, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

133. The allegations in Paragraph 133 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 133 and footnote 42 and, on that basis, denies the allegations.

134. The allegations in Paragraph 134 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 134 and footnotes 43 and 44 and, on that basis, denies the allegation.

135. The allegations in Paragraph 135 are not directed to BetterHelp. BetterHelp lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 135 and footnote 45 and, on that basis, denies the allegation.

136. BetterHelp denies the allegations in Paragraph 136 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

**TOLLING, CONCEALMENT, AND ESTOPPEL**

137. Paragraph 137 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 137.

138. BetterHelp denies the allegations in Paragraph 138 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

139. BetterHelp denies the allegations in Paragraph 139 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

140. BetterHelp denies the allegations in Paragraph 140 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

141. Paragraph 141 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 141.

## CLASS ACTION ALLEGATIONS

142. BetterHelp denies that Plaintiffs' claims have any merit whatsoever or that this case is amenable to class treatment. BetterHelp denies all remaining allegations in Paragraph 142.

143. BetterHelp denies that Plaintiffs' claims have any merit whatsoever or that this case is amenable to class treatment. BetterHelp denies all remaining allegations in Paragraph 143.

144. BetterHelp denies that Plaintiffs' claims have any merit or that this case is amenable to class treatment. BetterHelp denies all remaining allegations in Paragraph 144.

145. BetterHelp denies that Plaintiffs' claims have any merit or that this case is amenable to class treatment. BetterHelp denies all remaining allegations in Paragraph 145.

146. BetterHelp denies that Plaintiffs' claims have any merit or that this case is amenable to class treatment. BetterHelp denies all remaining allegations in Paragraph 146 and bulleted subparts.

147. BetterHelp denies that Plaintiffs' claims have any merit or that this case is amenable to class treatment. BetterHelp denies all remaining allegations in Paragraph 147.

148. BetterHelp denies that Plaintiffs' claims have any merit or that this case is amenable to class treatment. BetterHelp denies all remaining allegations in Paragraph 148.

149. BetterHelp denies that Plaintiffs' claims have any merit or that this case amenable to class treatment. BetterHelp denies all remaining allegations in Paragraph 149.

150. BetterHelp denies that Plaintiffs' claims have any merit or that this case amenable to class treatment. BetterHelp denies all remaining allegations in Paragraph 150.

151. BetterHelp denies that Plaintiffs' claims have any merit or that this case is amenable to class treatment. Paragraph 151 otherwise alleges legal conclusions to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 151.

**COUNT I**

**Common Law Invasion of Privacy – Intrusion Upon Seclusion**

**(On Behalf of the California Plaintiffs and the California Subclass)**

152. BetterHelp incorporates all preceding answers to the Third Amended Complaint as if fully restated herein.

153. BetterHelp denies the allegations in Paragraph 153 and expressly denies Plaintiffs' claims are amenable to class treatment.

154. BetterHelp denies the allegations in Paragraph 154 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

155. Paragraph 155 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 155 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

156. BetterHelp denies the allegations in Paragraph 156 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

157. Paragraph 157 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 157 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

158. BetterHelp denies the allegations in Paragraph 158 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

159. BetterHelp denies that Plaintiffs or proposed class members are entitled to any relief whatsoever. BetterHelp denies having "injured" or "harmed" Plaintiffs or anyone else, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

160. BetterHelp denies that Plaintiffs or proposed class members are entitled to any relief whatsoever. BetterHelp denies the allegations in Paragraph 160 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

161. BetterHelp denies that Plaintiffs or proposed class members are entitled to any relief whatsoever. BetterHelp denies the allegations in Paragraph 161 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

162. BetterHelp denies that Plaintiffs or proposed class members are entitled to any relief whatsoever and further denies Plaintiffs' claims are or could be amenable to class treatment.

**COUNT II**

**Violation of the Electronic Communications Privacy Act (ECPA)**

**Wiretapping 18 U.S.C. § 2510 *et seq.***

**(On Behalf of Plaintiffs and the Nationwide Class)**

163. BetterHelp incorporates all preceding answers to the Third Amended Complaint with the same force and effect as if fully restated herein.

164. BetterHelp denies the allegations in Paragraph 164 and expressly denies Plaintiffs' claims are amenable to class treatment.

165. Paragraph 165 contains legal conclusions to which no response is required. To the extent that a response is required, BetterHelp expressly denies having violated the ECPA or any other law and denies all remaining allegations in Paragraph 165.

166. Paragraph 166 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 166.

167. Paragraph 167 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 167.

168. Paragraph 168 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 168.

169. Paragraph 169 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 169.

170. BetterHelp denies it violated the ECPA or any other law, denies the allegations in Paragraph 170, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

171. Paragraph 171 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 171.

172. BetterHelp denies it has violated the ECPA or any other law and expressly denies all remaining allegations in Paragraph 172.

173. BetterHelp denies the allegations in Paragraph 173 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

174. Paragraph 174 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 174.

175. BetterHelp denies the allegations in Paragraph 175 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

176. BetterHelp denies the allegations in Paragraph 176.

177. [Removed]

178. BetterHelp denies the allegations in Paragraph 178.

179. BetterHelp denies the allegations in Paragraph 179.

180. Paragraph 180 contains legal conclusions and argument to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 180.

181. BetterHelp denies the allegations in Paragraph 181 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

182. BetterHelp denies the allegations in Paragraph 182 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

183. BetterHelp denies the allegations in Paragraph 183 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

184. BetterHelp denies the allegations in Paragraph 184 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

185. BetterHelp denies the allegations in Paragraph 185 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

186. BetterHelp denies the allegations in Paragraph 186 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

187. Answering Paragraph 187, BetterHelp denies that Plaintiffs or proposed class members are entitled to any relief whatsoever, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

**COUNT III**

**Violations of the California Invasion of Privacy Act, Cal. Pen. Code § 630 *et seq.***

**(On Behalf of the California Plaintiffs and the California Subclass)**

188. BetterHelp incorporates all preceding answers to the Third Amended Complaint as if fully restated herein.

189. BetterHelp denies the allegations in Paragraph 189 and expressly denies Plaintiffs' claims are amenable to class treatment.

190. BetterHelp states that CIPA speaks for itself and denies any other interpretations or legal conclusions regarding CIPA. BetterHelp expressly denies having violated CIPA or any other law.

191. BetterHelp states that CIPA speaks for itself and denies any other interpretations or allegations.

192. BetterHelp states that CIPA speaks for itself and denies any other interpretations or allegations.

193. The allegations in Paragraph 193 are legal conclusions to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 193 and expressly denies having violated CIPA.194.BetterHelp denies the allegations in Paragraph 194 and expressly denies Plaintiffs' claims are amenable to class treatment.

195. BetterHelp denies the allegations in Paragraph 195 and expressly denies Plaintiffs' claims are amenable to class treatment.

196. BetterHelp denies the allegations in Paragraph 196 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

197. BetterHelp denies the allegations in Paragraph 197 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

198. BetterHelp denies the allegations in Paragraph 198 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

199. BetterHelp denies the allegations in Paragraph 199 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

200. BetterHelp denies the allegations in Paragraph 200 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

201. BetterHelp denies the allegations in Paragraph 201 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

202. BetterHelp denies the allegations in Paragraph 202 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

203. BetterHelp denies the allegations in Paragraph 203 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

204. BetterHelp expressly denies having improperly communicated "confidential" information of Plaintiffs or anyone else with anyone, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

205. [Removed]

206. Answering Paragraph 206, BetterHelp states that CIPA speaks for itself and denies any other interpretations or legal conclusion regarding CIPA. BetterHelp expressly denies having violated CIPA or any other law.

207. [Removed]

208. BetterHelp denies the allegations in Paragraph 208 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

209. BetterHelp denies that Plaintiffs or proposed class members are entitled to any relief whatsoever, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

**COUNT IV**

**Violation of the California Consumer Privacy Act**

**(On Behalf of California Plaintiffs and the California Subclass)**

210. Defendant incorporates all preceding answers to the Third Amended Complaint as if fully restated herein.

211. BetterHelp denies the allegations in Paragraph 211 and expressly denies Plaintiffs' claims are amenable to class treatment.

212. The allegations in Paragraph 212 are legal conclusions to which no response is required. To the extent that a response is required, BetterHelp denies the allegations in Paragraph 212 and expressly denies having violated CCPA or any other law.

213. BetterHelp denies the allegations in Paragraph 213 and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

214. Answering Paragraph 307, BetterHelp states that the CCPA speaks for itself and denies any other interpretations or legal conclusion regarding the CCPA. BetterHelp expressly denies having violated the CCPA or any other law.

215. BetterHelp denies the allegations in Paragraph 215.

216. BetterHelp denies the allegations in Paragraph 216.

217. BetterHelp expressly denies having violated the CCPA or any other law.

218. BetterHelp denies the allegations in Paragraph 218, denies Plaintiffs or anyone else is entitled to damages or any other remedy from BetterHelp, and expressly denies Plaintiffs' claims are or could be amenable to class treatment.

**PRAYER FOR RELIEF**

Answering Plaintiffs' "Prayer For Relief" BetterHelp denies that Plaintiffs or putative class members are entitled to any relief whatsoever, including but not limited to the relief requested in the Third Amended Complaint and "Prayer for Relief." BetterHelp does not respond to Plaintiffs' requests for injunctive and declaratory relief because the Court dismissed with prejudice Plaintiffs' requests for injunctive and declaratory relief (Dkt. 131), and expressly denies Plaintiffs' claims have any merit, or are or could be amenable to class treatment.

## AFFIRMATIVE DEFENSES

In further response to the Third Amended Complaint, subject to discovery, based on information and belief, and without assuming the burden of proof of any issue for which Plaintiffs bear the burden of proof, BetterHelp asserts the following affirmative defenses.

### First Affirmative Defense

***Failure to State a Claim***

The Third Amended Complaint and each purported cause of action therein fails to state a claim against BetterHelp upon which relief can be granted, including because no personal information was ever shared, Plaintiffs consented to the use of pixels and Plaintiffs (nor anyone else) suffered any cognizable harm.

### Second Affirmative Defense

***Implied Consent or Consent Not Required***

The Third Amended Complaint and each purported cause of action contained therein are barred because Plaintiffs and the purported class members were not required to provide (or impliedly did provide) BetterHelp with consent to engage in the marketing practices Plaintiffs allege to be wrongful; and/or the information relating to web browsing of Plaintiffs and members of the proposed class that BetterHelp allegedly shared with third parties did not identify anyone individually and/or was the pedestrian information that is not actionable as a matter of law, and, thus, BetterHelp did not require consent to share such information.

### Third Affirmative Defense

***Privacy Settings***

Plaintiffs' claims and those of some or all of the purported class members are barred to the extent that Plaintiffs and some or all of the purported class members caused information to be shared with third party media sites due to their own privacy settings on their computers and various websites and not due to any wrongful conduct or omissions by BetterHelp.

**<u>Fourth Affirmative Defense</u>**

***Provision of Information to Third Parties***

The claims of Plaintiffs and some or all of the purported class members are barred because they had no reasonable expectation of privacy concerning that information including because they themselves shared that information with the same third parties by other means.

**<u>Fifth Affirmative Defense</u>**

***Express Consent***

Plaintiffs' claims and some or all of the purported class members are barred to the extent Plaintiff and some or all of the purported class members expressly consented to the information being shared whether as to BetterHelp or as to any other party (*e.g.*, Google, Meta).

**<u>Sixth Affirmative Defense</u>**

***[removed as duplicative]***

**<u>Seventh Affirmative Defense</u>**

***Waiver***

Plaintiffs' claims and those of some or all of the putative class are barred to the extent they have taken actions, including acceptance of BetterHelp's Terms of Service and Privacy Policy, acceptance of terms of service or any other relevant third party, refused to or failed to take steps to protect their privacy online, or took other actions that cause them to have waived their claims.

**<u>Eighth Affirmative Defense</u>**

***Laches and Estoppel***

Plaintiffs' claims and those of some or all of the putative class are barred to the extent they have taken actions, including acceptance of BetterHelp's Terms of Service and Privacy Policy, acceptance of the terms of service for any other relevant third party, or failed to take actions (including protecting their privacy online) that estop them from asserting claims against BetterHelp, and/or are barred by the doctrine of laches, including because they should have had notice of their

claims before March 2023 but delayed pursuit of their claims for two to five years, depending on each Plaintiff.

**<u>Ninth Affirmative Defense</u>**

***Failure to Mitigate***

To the extent that Plaintiffs and the purported class members have suffered any damage due to the matters alleged in the Third Amended Complaint and have failed to mitigate those damages by publicly disclosing the facts they now contend are private and purportedly actionable, their claims are barred, in whole or in part.

**<u>Tenth Affirmative Defense</u>**

***Release***

The claims of Plaintiffs and members of the proposed class are barred in whole or in part to the extent they have released their claims and/or obtained compensation by participating in the Federal Trade Commission's settlement process.

**<u>Eleventh Affirmative Defense</u>**

***Lack of Standing***

Plaintiff and members of the proposed class have suffered no statutory injury, and as such do not have standing to assert claims against BetterHelp. They also lack Article III standing.

**<u>Twelfth Affirmative Defense</u>**

***Claims Barred by Other States' Laws***

Plaintiffs' claims and the claims of some or all putative class members, may be barred by the various laws of the 50 states, including statutes, regulations, and common laws related to the allegations of wrongdoing addressed by other states' laws, including to the extent that the basis for the alleged ECPA claim is based on an underlying violation of state law, and/or Plaintiffs attempt to apply the laws of the State of California (or any other state) to non-residents.

**<u>Thirteenth Affirmative Defense</u>**

***Substantial Compliance with Laws***

BetterHelp is not liable to Plaintiffs or members of any purported class because BetterHelp acted reasonably and with due care and substantially complied with all applicable statutes,

regulations, ordinances, and/or other laws as to Plaintiffs and members of the proposed classes.

**Fourteenth Affirmative Defense**

***Failure to Plead Basis for Class Certification***

Plaintiffs have not pleaded an adequate basis for class certification or that class relief or certification is appropriate because the required elements of adequacy, commonality, typicality, and preponderance are not (and cannot be) present in the instant case, and the granting of class certification would result in violation of the due process rights of BetterHelp and/or members of Plaintiffs' proposed classes, and Plaintiffs themselves are subject to unique defenses based on their idiosyncratic conduct.

**Fifteenth Affirmative Defense**

***Class Certification Elements Cannot be Met***

The pre-requisites for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure cannot be met because, among other reasons, joinder of all members of the putative class is impracticable; individual questions of fact and law predominate over common issues; Plaintiffs' claims are not typical of the claims and/or defenses of other putative class members; Plaintiffs are not adequate representatives for the putative class; and a class action is not superior to other available methods of fair and efficient adjudication of the controversy. In addition, the factual prerequisites for class certification cannot be met because the claims alleged, by their nature, raise individualized factual issues that cannot be addressed on a class basis.

**Sixteenth Affirmative Defense**

***Defenses Specific to Proposed Class Members***

BetterHelp may have additional unique affirmative defenses applicable to different putative members of Plaintiffs' proposed class. BetterHelp reserves the right to assert such additional affirmative defenses against absent proposed class members including to demonstrate that Plaintiffs' claims are not amenable to class treatment.

**Seventeenth Affirmative Defense**

***Unconstitutional Vagueness or Over-Breadth***

Interpretations of the laws upon which the Third Amended Complaint is based are unconstitutionally vague and overbroad and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provisions of the Fourteenth Amendment to the United States Constitution. For example, the Unfair Competition Law includes definitions that are unconstitutionally vague and do not provide notice of what conduct is prohibited. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 185 (Cal. 1999).

**Eighteenth Affirmative Defense**

***First Amendment***

Interpretations of one or more of the laws upon which the Third Amended Complaint is based unconstitutionally constrain speech and violate the First Amendment to the United States Constitution because commercial speech implicated by pixel advertising is protected speech, and there is no basis for Plaintiffs to claim that BetterHelp's use of the technology is or was unlawful. Plaintiffs seek to unreasonably constrain appropriate commercial speech.

**Nineteenth Affirmative Defense**

***Excessive Penalties***

The statutory penalties sought by Plaintiffs and members of the putative class are excessive and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provision of the Fourteenth Amendment to the United States Constitution.

**Twentieth Affirmative Defense**

***Statute of Limitations***

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, by the relevant statutes of limitations. For example, the statute of limitations for the California Invasion of Privacy Act is one year, and Plaintiff S.C. alleges actions that took place in 2019.

**Twenty-First Affirmative Defense**

***No Injury***

To the extent Plaintiff and/or members of the putative class shared the information in issue

as a result of their own privacy settings and/or data sharing practices, Plaintiff and/or members of the putative class suffered no statutory injury and thus have no claim against BetterHelp.

**<u>Twenty-Second Affirmative Defense</u>**

***Failure to Join Indispensable Parties***

Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, because they have failed to join necessary and/or indispensable parties such as Meta or Google to this action.

**<u>Twenty-Third Affirmative Defense</u>**

***Intervening Cause***

Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, to the extent their "injuries" were the result of a supervening and/or intervening causes attributable to parties other than BetterHelp, such as Meta's own data collection practices. BetterHelp has no ability to use "entropy" to identify people based on pedestrian and non-actionable data such as UUID or device ID; Plaintiffs claim that Meta or Google can use "entropy" to identify consumers based on pedestrian data that is necessary for the internet to function. There is no proof that those third parties either can or would so identify consumers, but to the extent that they can or would, that would not be the fault of BetterHelp. Moreover, to the extent that any third party engaged in conduct that was not properly disclosed to BetterHelp and that conduct were ultimately deemed to be improper, that would not be the fault of BetterHelp.

**<u>Twenty-Fourth Affirmative Defense</u>**

***Speculative Damages***

Plaintiff and the putative Class Members have suffered no injury or legally cognizable damages and/or their purported damages, if any, are speculative and/or uncertain and therefore not compensable. In addition, Plaintiffs and the proposed classes were fully compensated for any alleged "injury" they purport to have suffered by the FTC settlement, pursuant to which liability was expressly denied by BetterHelp.

**Twenty-Fifth Affirmative Defense**

***Implied Consent by Conduct***

Plaintiffs' and putative Class Members' use and agreement to the terms of use of websites, social media platforms, and other services is conduct that created an implied license for the information sharing alleged in the Third Amended Complaint.

**Twenty-Sixth Affirmative Defense**

***Set Off***

Plaintiffs' claims and those of the putative Class Members must be reduced, in whole or part, by an appropriate set off to the extent that Plaintiff or the putative Class Members owe or have due any amounts to BetterHelp. Specifically, to the extent Plaintiffs and proposed class members have unpaid amounts due and owing because of outstanding balances due, and/or never paid for therapy due to promotional offers, and/or received refunds based on complaints or otherwise and released their claims, and/or received compensation through the FTC settlement, they are not owed any money.

**Twenty-Seventh Affirmative Defense**

***Third Party Conduct***

To the extent Plaintiffs and/or members of the putative class were injured and damaged as alleged, the injuries and damages are due to the conduct and omissions of third parties that are not BetterHelp, including without limitation Meta, Google, and others.

**Twenty-Eighth Affirmative Defense**

***Assumption of Risk***

Plaintiffs and members of the proposed class assumed the risk of any information about their web browsing being shared with third parties by voluntarily browsing the internet and using certain internet-based services with settings over which they had control, and for refusing to use readily available tools that would further limit the amount of information shared with third parties.

**Twenty-Ninth Affirmative Defense**

***No Extraterritorial Application of California Law***

The non-California resident Plaintiffs' claims made under California law on behalf of non-

California resident proposed class members are barred, in whole or in part, to the extent they are non-extraterritorial.

**Thirtieth Affirmative Defense**

***Dormant Commerce Clause***

The claims of Plaintiffs and members of the proposed class are barred, in whole or in part, by the Dormant Commerce Clause of the United States Constitution because application of laws of California to conduct that took place outside of California would discriminate against and impermissibly burden out-of-state commerce.

**Thirty-First Affirmative Defense**

***Reservation of Rights***

BetterHelp reserves the right to raise additional affirmative defenses to which it may be entitled, or which may be developed in the course of discovery.

**PRAYER FOR RELIEF**

**WHEREFORE**, BetterHelp prays as follows:

- That the Third Amended Complaint be dismissed with prejudice;
- That Plaintiffs take nothing by way of the Third Amended Complaint;
- That Plaintiffs' prayer for relief is denied;
- That judgment be entered in favor of BetterHelp and against Plaintiffs;
- For costs of suit incurred herein, including attorney fees and expenses; and
- For such other and further relief as the Court deems just and proper.

Dated: March 30, 2026

**KING & SPALDING LLP**

By: */s/ Livia M. Kiser*
LIVIA M. KISER
JEFFREY HAMMER
CRAIG H. BESSENGER
JAMES A. UNGER

Attorneys for Defendant
BETTERHELP, INC.