LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310

Attorneys for Defendant
BETTERHELP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**IN RE BETTERHELP, INC. DATA DISCLOSURE CASES**

This Document Relates To:

All Cases/

Case No. 3:23-cv-01033-RS

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT BETTERHELP, INC.S' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Courtroom: 12, 19th Floor
Judge: Hon. Richard Seeborg

Defendant BetterHelp, Inc. ("BetterHelp") hereby submits this Notice of Supplemental Authority to bring to the Court's attention a recent decision by Judge William M. Conley of the United States District Court for the Western District of Wisconsin in *Brahm, et al. v. Hospital Sisters Health System, et al.*, No. 22-cv-444-wmc, 2026 WL 1194751 (W.D. Wisc. May 1, 2026), a case involving claims under the Federal Wiretap Act, 18 U.S.C. § 2511, the state law equivalent, as well as a state-law invasion of privacy claim. A copy of the decision is attached as Exhibit A.

As in this case, the plaintiffs in *Brahm* retained Dr. Zubair Shafiq as their technical expert to try to establish that defendants' use of Google Analytics tracking technology on their healthcare patient portals resulted in the disclosure of patient identifiers and health-related information to third parties that could be linked to specific proposed class members. Judge Conley ruled in part that, even if certain user information was sent to third party Google, Dr. Shafiq "fail[ed] to present any evidence from which this court or a jury could reasonably conclude that Google actually took the next step of identifying the named plaintiffs, much less the thousands of putative class members." *Id.* at *7.

Likewise, in this case, Plaintiffs have not presented evidence, let alone class-wide evidence, that third parties such as Google "actually took the next step of identifying the named plaintiffs, much less the thousands of putative class members." *Id.* At most, Plaintiffs have presented evidence that Meta was in the possession of limited information as to only two named Plaintiffs who admitted they took no steps to protect their online privacy but (as in *Brahm*) failed to demonstrate through Dr. Shafiq or otherwise that there is class-wide evidence that any third party, including Meta, actually took "the next step" of identifying anyone, "much less the thousands of putative class members." *Id.*

Dated: May 27, 2026

**KING & SPALDING LLP**

By: */s/ Livia M. Kiser*

LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
JEFFREY HAMMER (SBN 264232)
*jhammer@kslaw.com*
CRAIG H. BESSENGER (SBN 245787)
*cbessenger@kslaw.com*
JAMES A. UNGER (SBN 325115)
*junger@kslaw.com*

Attorneys for Defendant
BETTERHELP, INC.