United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BETTERHELP, INC. DATA DISCLOSURE CASES<br>This Document Relates To:<br>All Cases/ | Case No. 23-cv-01033-RS<br><br>**ORDER GRANTING MOTION TO STAY** |

Defendant BetterHelp, Inc. seeks an order staying this action pending final resolution of an appeal in *Variety Media, LLC v. the Superior Court of Los Angeles Cnty*., Case No. B350578 (Cal. Ct. App.), currently before the California Court of Appeal, Second Appellate District. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1111 (9th Cir. 2005) (citation omitted). In deciding whether to issue a stay, the Court should consider: (1) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the possible damage which may result from the granting of

a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*).

It is an uncommon set of circumstances under which the pendency of some appellate case involving related, but not necessarily dispositive, issues will warrant a stay under *Landis*. Here, however, the uncertain and evolving state of the law is such that a limited stay is appropriate. Although a decision in *Variety Media* may not answer all of the outstanding legal questions, it likely will provide some guidance. *See Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1112 (N.D. Cal. 2025) ("The state of affairs with CIPA is untenable. Courts are issuing conflicting rulings, and companies have no way of telling whether their online business activities will subject them to liability.")

Accordingly, good cause appearing, this action is stayed pending issuance of a decision in *Variety Media*. Plaintiffs should file notice promptly upon issuance of any decision in *Variety Media*. By January 30, 2026, the parties shall file a joint status report setting out their understanding of the status of the *Variety Media* appeal, and their respective positions of whether the stay should remain in force or not.

Any and all currently outstanding discovery responses shall be produced notwithstanding this stay. Plaintiffs filed a motion today seeking to extend the fact discovery cutoff to September 21, 2026. It appears most, or all, of the discovery addressed in the motion was timely requested, and the issue now is what must be produced. Accordingly, the discovery cutoff likely is not relevant. Nevertheless, to the extent timeliness is material with respect to any present issues, the fact discovery cutoff is hereby extended to September 21, 2026. Any expert depositions presently scheduled shall go forward.

**IT IS SO ORDERED**.

Dated: August 4, 2026

RICHARD SEEBORG
Chief United States District Judge